United States District Court
Southern District of Texas
**ENTERED**
October 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-645 |
| **Professional Fee Matters Concerning the** § | |
| **Jackson Walker Law Firm** § | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION
TO THE UNITED STATES DISTRICT COURT
THAT THE UNITED STATES TRUSTEE'S
<u>MOTIONS TO WITHDRAW THE REFERENCE BE DENIED</u>**
*Concerning ECF No. 429, 430, 465, 479*

Mr. Kevin M. Epstein, United States Trustee, Region 7, Southern and Western Districts of Texas (the "*United States Trustee*") has filed "United States Trustee's Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (herein "*Jackson Walker*") (2) Sanctions, and (3) Related Relief" in fourteen (14) cases;[1] and "United States Trustee's Amended and Supplemental Motion For (1) Relief From Judgment Pursuant To Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving The Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief" in seventeen (17)[2] cases for a total of thirty-one (31) cases,

---

[1] *See* 18-30155 EXCO Resources, Inc., ECF No 2358; 19-32112 Jones Energy, Inc., ECF No. 282; 19-34508 Sanchez Energy Corporation, ECF No. 2930; 20-30336 McDermott International, Inc., ECF No. 1141; 20-31886 Sheridan Production Partners, I-A, LP., ECF No. 10; 20-32680 Energy Services Puerto Rico, LLC, ECF No. 13;;; 20-33812 Denbury Holdings, Inc., ECF No. 14; 20-33916 TMW Merchants LLC, ECF No. 255; 20-34500 IQor Holdings Inc., ECF No. 326; 20-50082 Volusion, LLC, ECF No. 337; 22-90002 Seadrill Member LLC, ECF No. 11; 22-90126 LaForta - Gestao E Investmentos, ECF No. 311; 22-90129 Altera Infrastructure Project Services LLC, ECF No. 96; 23-90055 Auto Plus Auto Sales, LLC, ECF No. 50.

[2] *See* 18-35672 Westmoreland Coal Company, ECF No. 3377; 20-20184 JC Penney Company Direct Marketing Services LLC, ECF No. 1351; 20-32021 Whiting Petroleum Corporation, ECF No. 1465; 20-32519 Neiman Marcus Group LTD LLC, ECF No. 3224; 20-32564 Stage Stores, Inc., ECF No. 1241; 20-33233 Chesapeake Energy Corporation, ECF No. 4514; 20-33295 Covia Holdings Corporation, ECF No. 1477; 20-34758 Tug Robert J. Bouchard Corporation, ECF No. 381; 20-35561 Mule Sky LLC, ECF No. 1089; 20-35740 Seadrill Partners LLC, ECF No. 877; 21-30427 Seadrill Limited, ECF No. 1621; 21-30936 Brilliant Energy, LLC, ECF No. 284; 21-31861 Katerra Inc., ECF No. 2093; 21-90002 Basic Energy Services Inc., ECF No. 1791; 21- 90054 Strike, LLC., ECF No. 1540; 22-50009 4E Brands Northamerica LLC., ECF No. 645; 22-90018 Sungard AS New Holdings, LLC. ECF No. 1043.

(together the "*Affected Cases*" or "*Rule 60 Motions*"). The United States Trustee also filed his "United States Trustee's Motion For Withdrawal Of The Reference And Referral Of Motion For Relief Under Rule 60(b)(6) And Related Matters" ("*Motion for Withdrawal of the Reference*").[3]

On December 9, 2023, this Court issued an "Order Commencing Miscellaneous Proceeding Regarding Employment Orders and Awarded Fees And Expenses To Jackson Walker, LLP In Affected Cases" (the *Miscellaneous Proceeding*").[4] The Miscellaneous Proceeding initially only dealt with consolidated discovery in all of the Affected Cases which closes on November 1, 2024.[5] On December 5, 2023, the Court held a hearing on the Motion for Withdrawal of the Reference and took the matter under advisement.[6] On December 10, 2023, this Court entered an Order wherein all Motions for Withdrawal of the Reference filed in similar proceedings would be consolidated into one hearing and the undersigned would issue one Report and Recommendation to the United States District Court (the "*Report and Recommendation*").[7]

After this Court issued its December 21, 2023, Report and Recommendation recommending against withdrawal of the reference, the United States Trustee filed sixteen additional Motions for Withdrawal of the Reference on October 7, 2024.[8] By and through case management orders issued by Judges Lopez and Perez, on October 8, 2024, this Court received the question of "[w]hether the final order allowing compensation and reimbursement of expenses

---

[3] *See* ECF No. 1.
[4] ECF No. 1.
[5] ECF No. 1.
[6] December 5, 2023 Min. Entry.
[7] ECF No. 2.
[8] *See* 18-30155 EXCO Resources, Inc., ECF 2377; 19-32112 Jones Energy, Inc., ECF No 294; 19-34508 Sanchez Energy Corporation, ECF No. 2980; 20-30336 McDermott International, Inc., ECF No. 1168; 20-31886 Sheridan Production Partners, I-A, LP., ECF No. 30; 20-32680 Energy Services Puerto Rico, LLC, ECF No. 27; 20-33812 Denbury Holdings, Inc., ECF No. 26; 20-33916 TMW Merchants LLC, ECF No. 272; 20-34500 IQor Holdings Inc., ECF No. 338; 20-50082 Volusion, LLC, ECF No. 357; 22-90002 Seadrill Member LLC, ECF No. 31; 22-90126 LaForta - Gestao E Investmentos, ECF No. 350; 22-90032 GWG Holdings, Inc., ECF No. 2479; 22-90035 HONX, Inc., ECF No. 1476; 22-90129 Altera Infrastructure Project Services LLC, ECF No. 141; 23-90055 Auto Plus Auto Sales, LLC, ECF No. 217.

for Jackson Walker LLP should be vacated"[9] (the "*Vacatur Matter*"), as it relates to the Rule 60 Motions in thirty cases combined with one filed in 21-30936 Brilliant Energy, LLC, ECF No. 284 for a total of thirty-one (31) contested matters, (the "*Vacatur Matters*"), expanding the scope of the Miscellaneous Proceeding.[10] On October 10, and October 11, 2024, Judges Lopez and Perez issued case management orders transferring twenty-nine (29) Motions for Withdrawal of the Reference to this Court so that the undersigned may submit a supplemental report and recommendation.[11]  Of these twenty-nine, this Court's previous Report and Recommendation addressed fifteen of them.[12]

The Court provides this Supplemental Report and Recommendation to address the transfer of fourteen substantially similar Motions for Withdrawal of the Reference subsequently filed by the United States Trustee,[13] and notes that two Motions for Withdrawal of the Reference were not transferred to the instant court,[14] but nevertheless should be considered in line with the United States Trustee and Jackson Walker, LLP's stipulation that the parties would be bound by the District Court's determination on the present Motion to Withdrawal the Reference.[15] On October 16, 2024, EXCO Resources, Inc. filed its "Reorganized Debtors' Response in Support of the

---

[9] *See e.g.*, ECF No. 419.
[10] *See* ECF No. 388-417, 419.
[11] ECF No. 429, 430, 465.
[12] *See* ECF No. 44 n. 6; Case Nos. 18-35672 Westmoreland Coal Company, 20-20184 J.C. Penny Company Direct Marketing Services LLC, 20-32021 Whiting Petroleum Corporation, 20-32564 Stage Stores, Inc., 20-33233 Chesapeake Energy Corporation, 20-33295 Covia Holdings Corporation, 20-33302 Covia Finance Company LLC, 20-34758 Tug Robert J. Bouchard Corporation, 20-35561 Mule Sky LLC, 20-35740 Seadrill Partners LLC, 21-30427 Seadrill Limited, 21-31861 Katerra, Inc., 21-90002 Basic Energy Services, Inc., 22-50009 4E Brands Northamerica LLC, 22-90018 Sungard AS New Holdings, LLC.
[13] *See* 18-30155 EXCO Resources, Inc., ECF 2377; 19-32112 Jones Energy, Inc., ECF No 294; 19-34508 Sanchez Energy Corporation, ECF No. 2980; 20-30336 McDermott International, Inc., ECF No. 1168; 20-31886 Sheridan Production Partners, I-A, LP., ECF No. 30; 20-32680 Energy Services Puerto Rico, LLC, ECF No. 27; 20-33812 Denbury Holdings, Inc., ECF No. 26; 20-33916 TMW Merchants LLC, ECF No. 272; 20-34500 IQor Holdings Inc., ECF No. 338; 20-50082 Volusion, LLC, ECF No. 357; 22-90002 Seadrill Member LLC, ECF No. 31; 22-90126 LaForta - Gestao E Investimentos, ECF No. 350; 22-90129 Altera Infrastructure Project Services LLC, ECF No. 141; 23-90055 Auto Plus Auto Sales, LLC, ECF No. 217.
[14] 22-90032 GWG Holdings, Inc., ECF No. 2479; 22-90035 HONX, Inc., ECF No. 1476.
[15] ECF No. 44 at 16.

United States Trustee's Motion for Withdrawal of the Reference and Referral of Motion for Relief under Rule 60(B)(6) and Related Matters."[16]

As a preliminary matter, the Court adopts by reference in full its original Report and Recommendation (the "*Original Report*") issued on December 21, 2023.[17] As expressly stated in the Original Report, "the United States Trustee and Jackson Walker, LLP have jointly agreed that any further [Rule 60 Motions] filed in additional cases against Jackson Walker, LLP will be bound by the District Court's determination on the present Motion for Withdrawal of the Reference."[18]

The transfer of the Vacatur Matters, further support denying the United States Trustee's motions to withdraw the reference in all of the Affected Cases, because the consolidated Miscellaneous Proceeding promotes judicial efficiency by having the core question of all of the Vacatur Matters heard and determined by the undersigned Chief United States Bankruptcy Judge. As such, and as required by Federal Rule of Bankruptcy 5011 and Bankruptcy Local Rule 5011-1, this Court recommends that the reference remain with this Court to continue presiding over the instant Miscellaneous Proceeding to a final resolution on the merits of the Vacatur Matters with the presiding Bankruptcy Judges retaining all remaining matters in their respective main bankruptcy cases.

Should the Honorable United States District Court nonetheless decide to withdraw the reference, the undersigned recommends that the Southern District of Texas District Court instead retain the Miscellaneous Proceeding, withdraw the reference as to the Vacatur Matters, but then immediately refer the Vacatur Matters to the undersigned Chief United States Bankruptcy Judge

---

[16] ECF No. 479.
[17] ECF No. 44.
[18] ECF No. 44 at 16.

for the Southern District of Texas[19] to preside over the Miscellaneous Proceeding, issuing Findings of Facts and Conclusions of Law to the Honorable United States District Court on all final orders and judgments in the manner contemplated in 28 U.S.C. § 157(c)(1),[20] with the determination of all other matters, such as how disgorged funds, if any, may be distributed amongst each of the particular bankruptcy estates, if applicable, left to the sound discretion of each of the presiding bankruptcy judges after the District Court enters its final judgment on the merits.

SIGNED October 23, 2024

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[19] "Referring cases back to the bankruptcy court will comport with the view that technical experts, not the undersigned, should handle technical bankruptcy cases." *McKinstry v. Genser* (*In re Black Diamond Mining Co., LLC*), 2014 U.S. Dist. LEXIS 116732, at *5 (E.D. Ky. 2014).

[20] "A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."