IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Professional Fee Matters Concerning | § | Civil Action No. 4:23-cv-04787 |
| the Jackson Walker Law Firm. | § | |
| | § | |

**JACKSON WALKER LLP'S OBJECTION TO THE UNITED STATES TRUSTEE'S NOTICE OF INTENT TO ADDUCE TESTIMONY FROM A REMOTE LOCATION BY TELEPHONE AND VIDEO TECHNOLOGY**

Jackson Walker LLP ("Jackson Walker") files this *Objection* (the "Objection") to the United States Trustee's *Notice of Intent to Adduce Testimony from a Remote Location by Telephone and Video Technology* (the "Notice"), and in support thereof, respectfully states as follows:[1]

**OBJECTION**

1. Remote testimony under Federal Rule 43(a) is the exception, not the rule. Rule 43(a) provides:

> At trial, the witnesses' testimony **must be taken in open court** unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. **For good cause in compelling circumstances** and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.[2]

---

[1] On April 9, 2025, this Court entered its *Memorandum Opinion and Order* [Dkt. No. 31] granting the United States Trustee's motion to withdraw the reference and withdrew each of the underlying bankruptcy cases that are subject to the pending Rule 60 motions. Notwithstanding that withdrawal, the United States Trustee filed his Notice in this Court on April 14, 2025. Thereafter, on April 16, 2025, Chief Judge Rodriguez issued an Order in the Miscellaneous Proceeding abating all deadlines in his prior issued Scheduling Order and cancelling the May trial.

While all dates and deadlines in the Miscellaneous Proceeding have been abated in light of this Court's withdrawal of the reference, Jackson Walker nonetheless submits this response to the United States Trustee's Notice to make its position clear. Indeed, Jackson Walker was in the process of responding to the United States Trustee's prior *Motion for a Hearing or Status Conference* [Dkt. No. 27] to correct certain incomplete and mischaracterized facts as to the underlying proceedings when the withdrawal order was entered that mooted the United States Trustee's Motion. Jackson Walker simply cannot let the United States Trustee's pleadings stand unanswered.

[2] FED. R. CIV. P. 43(a) (emphasis added).

Thus, Rule 43 makes clear that in order to present the testimony of a witness by way of videoconferencing from a remote location, a party must first establish "good cause in compelling circumstances."[3]

2.　　No such good cause or compelling circumstances exist here as to any witness, nor has the United States Trustee even tried to demonstrate as much.  Rather, the United States Trustee merely suggests that remote testimony should be allowed because such witnesses' testimony would be brief,[4] it would afford these witnesses maximum flexibility as to their schedules, and because such witnesses *may* be plagued by purely hypothetical travel and weather-related delays. Blanket assertions, without any reference to or evidence of any particular witness's compelling situation, do not comply with the Rule.  The United States Trustee's request is absurd, unconvincing, and prejudicial.

3.　　As the Advisory Committee Notes to Rule 43(a) explain: "The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. *[Contemporaneous t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial*."[5]  Chief Judge Rodriguez similarly recognized the importance of in-person testimony through his pre-trial scheduling order, which ordered that "***All parties and witnesses must appear in person***" absent a specific witness demonstrating that "good cause and compelling circumstances exist" at an evidentiary hearing prior to the commencement of trial.[6]

---

[3] *Id.*

[4] If such testimony is anticipated to be brief (and presumably inconsequential), Jackson Walker questions the necessity of calling these witnesses at trial.  This is the same wasteful approach the United States Trustee took in the discovery process, deposing numerous witnesses that had nothing to do with this matter (*e.g.*, Judge Jones's former housekeeper, whom he had not seen or spoken to since 2017, before Ms. Freeman joined Jackson Walker).

[5] Fed. R. Civ. P. 43(a) (emphasis added).

[6] *See* Misc. Proc. No. 23-645 at Dkt. No. 611.

4. Jackson Walker is entitled to its day in court, and it is likewise entitled to face *in person* its accusers (particularly those demanding money from or testifying in support of relief against Jackson Walker), as well as the United States Trustees' expert witnesses and other witnesses. Recognizing that in-person testimony is crucial to assessing witness credibility, Jackson Walker intends to present all of its witnesses—irrespective of whether or not those witnesses reside within the 100-mile subpoena range—in person at trial. Jackson Walker's witnesses face the same imaginary travel and weather-related delays that the United States Trustee's witnesses may face, and Jackson Walker's witnesses would undoubtedly also prefer "increased schedule flexibility." Nevertheless, these witnesses will testify in person as required by the Federal Rules.[7]

5. Simply stated, the trial—whenever held—should be conducted on a level playing field, which demands that all witnesses appear in person at trial in accordance with Federal Rule 43(a).[8]

## **CONCLUSION**

6. Jackson Walker and the United States Trustee have been in litigation since November 2023, when the United States Trustee filed his Rule 60 motions. The United States

---

[7] Notably, the United States Trustee has thus far refused to commit to provide Jackson Walker with an order of witnesses or even a "will call"/"may call" list. Both would help Jackson Walker and its witnesses plan ahead, alleviating many of the concerns the United States Trustee cites in his Notice.

[8] Several of the witnesses in the United States Trustee's Notice were never identified on either his initial or supplemental disclosures. Disclosures were initially due over a year ago on March 1, 2024, and should have been supplemented prior to the close of the discovery period in November 2024. Instead, the United States Trustee chose to reveal certain witnesses for the first time on his initial trial witness list provided on March 13, 2025, with even more previously undisclosed witnesses identified for the very first time on April 7, 2025, when the United States Trustee first raised calling certain witnesses remotely. Jackson Walker promptly informed the United States Trustee that the inclusion of these previously undisclosed witnesses was inappropriate, in violation of prior disclosure deadlines, was prejudicial to Jackson Walker, and that Jackson Walker would oppose any such late supplementation. Rather than provide any explanation for this untimely and prejudicial late disclosure, the United States hurriedly issued supplemental initial disclosures on April 10, 2025. This untimely supplementation does not remedy the prejudice, and Jackson Walker will move to strike or otherwise object, at the appropriate time and pursuant to any Order issued by this Court, to any witnesses not previously identified by the United States Trustee by the applicable rules and long-expired Court deadlines.

Trustee choose to file Rule 60 motions and similar relief across 34 cases involving former Judge Jones, irrespective of the individual facts and circumstances of such cases, based on a "kitchen sink" approach alleging a number of inapplicable and inapposite legal theories. Regardless, at every stage and at multiple hearings, Jackson Walker has expressed its desire for a prompt resolution, whether consensually[9] or at trial.

7. Now, 17 months later and after Jackson Walker has spent millions of dollars defending itself, the United States Trustee seeks to diminish the importance of many of its witnesses and to hamper Jackson Walker's ability to cross-examine them in person.

8. Consistent with Federal Rule 43(a), Jackson Walker should be entitled to cross-examine each witness in person, and this Court should be entitled to observe the demeanors and assess the credibility of each witness in person. Fairness demands this result.

Respectfully submitted,

RUSTY HARDIN & ASSOCIATES, LLP

*/s/ Russell Hardin, Jr.*
Russell Hardin, Jr.
State Bar No. 08972800
Federal I.D. No. 19424
*Attorney-in-Charge*
Leah M. Graham
State Bar No. 24073454
Federal I.D. No. 2192848
Jennifer E. Brevorka
State Bar No. 24082727
Federal I.D. No. 1725400
Emily Smith
State Bar No. 24083876
Federal I.D. No. 1890677

---

[9] Progress has been made on this front, as Jackson Walker has reached settlements with multiple plan agents, plan administrators, and reorganized debtors in connection with a mediation process, wherein the Honorable Judge Royal Ferguson (Ret.) and the Honorable Judge Gary Feess (Ret.) served as mediators. Two settlement motions were filed and pending before Judge Lopez prior to this Court's withdrawal of the reference. Jackson Walker expects more settlement motions to be forthcoming.

1401 McKinney Street, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Facsimile: (713) 652-9800
Email: rhardin@rustyhardin.com
Email: lgraham@rustyhardin.com
Email: jbrevorka@rustyhardin.com
Email: esmith@rustyhardin.com

-and-

NORTON ROSE FULBRIGHT US LLP

Jason L. Boland
State Bar No. 24040542
Federal I.D. No. 37238
William Greendyke
State Bar No. 08390450
Federal I.D. No. 576573
Julie Harrison
State Bar No. 24092434
Federal I.D. No. 3017799
Maria Mokrzycka
State Bar No. 24119994
Federal I.D. No. 3610759
1550 Lamar Street, Suite 2000
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: william.greendyke@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

Paul Trahan
State Bar No. 24003075
Federal I.D. No. 563869
Emily Wolf
State Bar No. 24106595
Federal I.D. No. 3892373
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
Email: paul.trahan@nortonrosefulbright.com
Email: emily.wolf@nortonrosefulbright.com

***Counsel for Jackson Walker LLP***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2025, a true and correct copy of the foregoing was filed via the CM/ECF system which served the document on all counsel of record.

                                          */s/ Emily Smith*
                                          Emily Smith