**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **Professional Fee Matters Concerning the** | § | **Civil Action No. 4:23-CV-4787-AM** |
| **Jackson Walker Law Firm** | § | |
| | § | |

### UNITED STATES TRUSTEE'S MOTION TO CONSOLIDATE PROFESSIONAL FEE MATTERS IN 33 BANKRUPTCY CASES[1]

Kevin M. Epstein, United States Trustee for Region 7 ("U.S. Trustee"), files this motion respectfully requesting the Court consolidate certain matters pending in 33 bankruptcy cases all related to Jackson Walker LLP's ("Jackson Walker") retention and compensation applications.

### A.    Procedural Background

1.    Beginning in November 2023 and over the course of several months, the U.S. Trustee filed motions (and, in two cases, objections to final fee applications) challenging the orders approving Jackson Walker's retention and compensation. In connection with those motions, the U.S. Trustee also filed *Motions for Withdrawal of the Reference and Referral of Motion for Relief Under Rule 60(b)(6) and Related Matters* (collectively, the "Reference Withdrawal Motions"). *See, e.g.*, ECF No. 2.

2.    After the U.S. Trustee filed his Reference Withdrawal Motions, Chief Bankruptcy Judge Rodriguez entered and later supplemented a Report and Recommendation. ECF Nos. 1, 26. The U.S. Trustee objected to both the original and supplemental Report and Recommendation. ECF Nos. 5, 27. In his objection to the bankruptcy court's supplemental Report and

---

[1] Southern District of Texas Local Rule 7.6 outlines certain procedural requirements related to consolidation. The U.S. Trustee utilizes the subject case caption because the matters for which the U.S. Trustee seeks consolidation do not yet have district court case numbers and are not assigned to other district court judges.

Recommendation, the U.S. Trustee stated, "If the Court withdraws the reference in all 33 cases, the U.S. Trustee intends to seek consolidation of all the Motions to Vacate and for Sanctions under Rule 42 to further promote uniformity, consistency, and efficiency." ECF No. 27 at 3.

3.      On April 9, 2025, this Court entered an Order granting the Reference Withdrawal Motions. ECF No. 31 (the "Reference Withdrawal Order"). The Reference Withdrawal Order withdrew the reference of 34 bankruptcy cases currently pending in the Southern District of Texas.[2]

4.      This motion under Fed. R. Civ. P. 42(a) seeks to consolidate the U.S. Trustee's: (a) motions to vacate the orders approving Jackson Walker's retention and compensation, (b) objections to Jackson Walker's final fee applications, and (c) requests for sanctions.

**B.      Legal Analysis**

*i.      The U.S. Trustee's Requests Involve Common Questions of Law.*

5.      Federal Rule of Civil Procedure 42(a) states, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The objective of Rule 42 is to provide "[t]he district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & Miller, 9A Fed. Prac. & Proc. § 2381 (3d ed.).

6.      The U.S. Trustee, in addition to seeking sanctions, filed either a motion to vacate the orders approving Jackson Walker's retention and compensation, a motion to vacate the orders

---

[2] The U.S. Trustee seeks relief against Jackson Walker in 33 bankruptcy cases. In the Court's Order, it appears one bankruptcy case was counted twice, Case Nos. 20-33295 (*In re Covia Holdings Corp.*) and 20-33302 (*In re Covia Finance Company, LLC*).

approving Jackson Walker's compensation, or an objection to Jackson Walker's final fee application in the following 33 bankruptcy cases (collectively, the "Rule 60 Motions"):

| | | |
|---|---|---|
| In re Westmoreland Coal Company, et al. (18-35672) | In re J. C. Penney Direct Marketing Services LLC (20-20184)[3] | In re Whiting Petroleum Corporation, et al. (20-32021) |
| In re Neiman Marcus Group LTD LLC, et al. (20-32519) | In re Stage Stores, Inc., et al. (20-32564)[4] | In re Chesapeake Exploration, LLC, et al. (20-33239) |
| In re Covia Finance Company, LLC, et al. (20-33295) | In re Tug Robert J. Bouchard, Corporation, et al. (20-34758)[5] | In re Mule Sky LLC, et al. (20-35561) |
| In re Seadrill Partners LLC, et al. (20-35740) | In re Seadrill Limited, et al. (21-30427) | In re Brilliant Energy, LLC (21-30936) |
| In re Katerra, Inc., et al. (21-31861) | In re Basic Energy Services, Inc., et al. (21-90002)[6] | In re Strike LLC, et al. (21-90054) |
| In re 4E Brands Northamerica LLC (22-50009)[7] | In re Sungard AS New Holdings, LLC, et al. (22-90018)[8] | In re La Forta – Gestao e Investmentos (22-90126) |
| In re McDermott International, Inc., et al. (20-30336) | In re Seadrill Member LLC, et al. (22-90002) | In re iQor Holdings Inc., et al. (20-34500) |

---

[3] The Old Copper Company, Inc. and Eric L. Moore filed joinders to the U.S. Trustee's motion. No. 20-20184, ECF Nos. 1353, 1644 (Bankr. S.D. Tex.).

[4] The Wind-Down Debtors filed a joinder to the U.S. Trustee's motion. No. 20-32564, ECF No. 1280 (Bankr. S.D. Tex).

[5] The Plan Administrator, Matthew Ray, filed a joinder to the U.S. Trustee's motion. No. 20-34758, ECF No. 414 (Bankr. S.D. Tex.).

[6] The Liquidation Trustee, David Dunn, filed a joinder to the U.S. Trustee's motion. No. 21-90002, ECF No. 1788 (Bankr. S.D. Tex.).

[7] The Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC, David Dunn, filed a joinder to the U.S. Trustee's motion. No. 22-50009, ECF No. 644 (Bankr. S.D. Tex.).

[8] The Wind-Down Debtors filed a joinder to the U.S. Trustee's motion. No. 22-90018, ECF No. 1075 (Bankr S.D. Tex.).

| | | |
|---|---|---|
| In re Denbury Holdings, Inc., et al. (20-33812) | In re Energy Services Puerto Rico, LLC, et al. (20-32680)[9] | In re Sheridan Production Partners I-A, L.P., et al. (20-31886) |
| In re Jones Energy, Inc., et al. (19-32112) | In re Volusion, LLC (20-50082) | In re Sanchez Energy Corporation, et al. (19-34508) |
| In re Altera Infrastructure Project Services LLC, et al. (22-90129) | In re Auto Plus Auto Sales LLC (23-90055)[10] | In re EXCO Resources, Inc., et al. (18-30155)[11] |
| In re TMW Merchants LLC, et al. (20-33916) | In re HONX, Inc. (22-90035) | In re GWG Holdings, Inc., et al. (22-90032) |

All the relief sought by the U.S. Trustee against Jackson Walker in the above listed cases involves common questions of law and fact.[12]

    *ii.*    *The Court Should Exercise its Broad Discretion to Consolidate These Matters.*

    7.    Courts are permitted broad discretion to determine whether to consolidate actions. *See Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 716 (S.D. Tex. 2021). Federal Rule of Civil Procedure 42(a) is designed and intended to encourage the consolidation of actions. *Attala Hydratane Gas, Inc. v. Lowry Tims Co.*, 41 F.R.D. 164, 165 (N.D. Miss. 1966) (citation omitted).

---

[9] Hornbeck Offshore Services, Inc. filed a response to the U.S. Trustee's motion. No. 20-32680, ECF No. 18 (Bankr. S.D. Tex.).

[10] On January 29, 2024, the U.S. Trustee objected to the final compensation application of the Law Office of Liz Freeman, for which Elizabeth Freeman is the sole practitioner and served as co-counsel and conflicts counsel in the *IEH* case. No. 23-90054, ECF No. 1049 (Bankr. S.D. Tex.). The facts and issues alleged in the U.S. Trustee's objection are substantially similar to those alleged against Jackson Walker to also merit consolidation.

[11] Exco Resources, Inc. filed a joinder to the U.S. Trustee's motion. No. 18-30155, ECF No. 2383 (Bankr. S.D. Tex.).

[12] The U.S. Trustee and Jackson Walker have also filed several procedural motions, and objections thereto, that are ancillary to the Rule 60 Motions. The U.S. Trustee filed motions to reopen closed cases in 13 of the 33 bankruptcy cases identified herein. Jackson Walker filed motions requiring interested parties to assert standing or indispensable party status in 31 bankruptcy cases (no such motion was filed in *GWG* or *HONX*), and, to date, 13 of those motions remain unresolved.

> In weighing whether to consolidate actions, courts generally consider factors such as (1) whether the actions are pending before the same court; (2) whether the actions involve a common party; (3) any risk of prejudice or confusion from consolidation; (4) the risk of inconsistent adjudications of common factual or legal questions if the matters are tried separately; (5) whether consolidation will reduce the time and cost of trying the cases separately; and (6) whether the cases are at the same stage of preparation for trial.

*RTIC Drinkware, LLC v. YETI Coolers, LLC*, No. 1:16-CV-907-RP, 2017 WL 5244173, at *2 (W.D. Tex. Jan. 18, 2017).

8.      Here, the factors all favor consolidation. The matters have all been withdrawn and are now pending before this Court. Discovery was consolidated before one bankruptcy judge, and this procedure has streamlined the cases thus far. This demonstrates that continued consolidation at trial would be beneficial. These proceedings are principally between the U.S. Trustee and Jackson Walker. Although other parties in interest are participating, they have taken a secondary role to the U.S. Trustee. Judicial economy favors trying all the relief sought by the U.S. Trustee against Jackson Walker in the same forum and at the same time. *See Stancu v. Hyatt Corp./Hyatt Regency Dall.*, 791 F. App'x 446, 452 (5th Cir. 2019) (confirming consolidation is appropriate when it avoids unnecessary costs or delays) (quotation and citation omitted).

9.      Consolidation will not prejudice any party or cause confusion. *See Hall v. Hall*, 584 U.S. 59, 70 (2018) ("[C]onsolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.") (internal citation omitted). On the contrary, consolidation allows the Court to consider common issues of fact and law and avoid inconsistent results. All these cases arise from the same facts, namely the failure to disclose an intimate, financial, romantic, and cohabiting relationship between former Judge Jones and Elizabeth Freeman, a former Jackson Walker partner. When these 33 cases are tried, the facts

regarding the timeline of the romantic relationship and Jackson Walker's actions will be identical among the cases. These proceedings also seek substantially similar relief: the vacatur of Jackson Walker's compensation and retention orders, as well as the imposition of sanctions because of Jackson Walker's violation of its various disclosure obligations. Accordingly, consolidation would best position these cases for efficient, expeditious, and consistent adjudication.

### C.    Conclusion

10.    The Court should consolidate the Rule 60 Motions. Likewise, because the ancillary pleadings involve the same issues of fact and law, they, too, should be consolidated in the same proceeding.

11.    For the Court's convenience, a proposed order is attached to this motion that identifies the specific pleadings from each of the 33 bankruptcy cases that should be consolidated.[13]

WHEREFORE, the U.S. Trustee respectfully requests that the Court consolidate for trial his motions and objections to Jackson Walker's misconduct in 33 bankruptcy cases, preside over the consolidated case, and enter the proposed order attached to this motion in each of the 33 bankruptcy cases, and for such other and further relief as the Court deems just and necessary.

*[Signature Page Follows]*

---

[13] Attached as **<u>Appendix A</u>** is a list of each pleading referenced in the proposed order.

Date: May 12, 2025

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
*Region 7, Southern and Western*
*Districts of Texas*

NAN ROBERTS EITEL
*Associate General Counsel*
DANIELLE A. PHAM
*Trial Attorney*
Department of Justice
Executive Office for
United States Trustees
Washington, D.C. 20530
(202) 307-1399 – Telephone

/s/ Alicia L. Barcomb
Millie Aponte Sall, Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
Alicia L. Barcomb, Trial Attorney
Tex. Bar No. 24106276/Fed. ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email:millie.sall@usdoj.gov
      vianey.garza@usdoj.gov
      alicia.barcomb@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 12, 2025, a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Court's CM/ECF system.

/s/ Alicia L. Barcomb
Alicia L. Barcomb

## CERTIFICATE OF CONFERENCE

I certify that on April 30, 2025, I conferred via email with counsel to the following parties, whose responses to the Motion are summarized below:

| Party | Response |
|---|---|
| **Jackson Walker LLP** | Counsel further conferred via video conference on May 8, 2025. Jackson Walker's counsel advised that it believes the Motion is premature but would reconsider after the Status Conference scheduled for May 22, 2025. |

| The Old Copper Company, Inc. | Counsel further conferred via video conference on May 8, 2025. As of the date of filing this Motion, The Old Copper Company, Inc.'s counsel has not responded with its support or opposition. |
|---|---|
| Eric L. Moore | As of the date of filing this Motion, Mr. Moore has not responded with his support or opposition. |
| The Wind-Down Debtors for *Stage Stores* | Counsel further conferred via video conference on May 8, 2025. As of the date of filing this Motion, The Wind-Down Debtors' counsel has not responded with its support or opposition. |
| The *Bouchard* Plan Administrator, Matthew Ray | On May 5, 2025, Mr. Ray's counsel provided substantive comments to the proposed order that were incorporated in the attached proposed order. Mr. Ray's counsel did not oppose the Motion. |
| The *Basic Energy* Liquidation Trustee, David Dunn | Counsel further conferred via video conference on May 7 and 8, 2025. Mr. Dunn's counsel stated that he does not oppose the Motion. |
| The Plan Agent and sole manager, sole director, sole officer and sole representative of *4E Brands Northamerica LLC*, David Dunn | On April 30, 2025, Mr. Dunn's counsel provided non-substantive comments to the Motion that were incorporated herein. Counsel further conferred via video conference on May 7 and 8, 2025. Mr. Dunn's counsel stated that he does not oppose the Motion. |
| The *Sungard* Wind-Down Debtors | Counsel further conferred via video conference on May 8, 2025. The Wind-Down Debtors' counsel advised they had no objection to the Motion. |
| Hornbeck Offshore Services, Inc. | Hornbeck Offshore Services, Inc.'s counsel advised that it does not oppose the Motion. |
| Elizabeth Freeman | Counsel further conferred via video conference on May 8, 2025. As of the date of filing this Motion, Ms. Freeman's counsel has not responded with her support or opposition. |
| Exco Resources, Inc. | Counsel further conferred via video conference on May 8, 2025. Exco Resources, Inc.'s counsel advised that it does not oppose the Motion. |

*/s/ Alicia L. Barcomb*
Alicia L. Barcomb