**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| **In Re Professional Fee Matters** | § | **Civil Action No. 4:23-CV-4787-AM** |
| **Concerning the Jackson Walker Law** | § | |
| **Firm** | § | |
| | § | |

**UNOPPOSED MOTION CONCERNING (I) HEARING ON THE PLAN AGENT'S
BANKRUPTCY RULE 9019 MOTION IN THE 4E BRANDS NORTHAMERICA LLC
CASE SCHEDULED FOR MAY 22, 2025, (II) HEARING ON THE BANKRUPTCY
RULE 9019 MOTION IN THE BASIC ENERGY CASE, AND
(III) OBJECTION DEADLINES**

NOW COMES, David Dunn, in his capacity as the Plan Agent (the "4E Plan Agent") and

sole manager, director, officer and representative of 4E Brands Northamerica LLC and in his

capacity as the Liquidation Trustee (the "Basic Energy Liquidation Trustee") of the Basic Energy

Liquidation Trust[1], and files this Unopposed Motion concerning the May 22, 2025 hearing at 9:00

a.m. on the 4E Plan Agent's Bankruptcy Rule 9019 Motion in the 4E Bankruptcy Case, as well

concerning a hearing date and related objection deadline for the Basic Energy Bankruptcy Rule

9019 Motion.

**SUMMARY OF RELIEF REQUESTED**

1.      On May 1, 2025, the Court entered the Order setting the 4E Plan Agent's Motion

for Order Approving Compromise and Settlement, Pursuant to Federal Rule of Bankruptcy

Procedure 9019 ("4E Settlement Motion") for a hearing on May 22, 2025, at 9:00 a.m. [Docket

No. 717 in the 4E Bankruptcy Case]. By this Motion, Mr. Dunn seeks an Order from the Court (i)

resetting the hearing on the 4E Settlement Motion to a date during the weeks of June 2, 2025

through June 13, 2025, (ii) setting on a hearing on the Basis Energy Settlement Motion on the same

---

[1] The 4E Plan Agent and Basic Energy Liquidation Trustee are collectively referred to as "Mr. Dunn".

date and time, and (iii) setting an objection deadline for the 4E Settlement Motion and Basic Energy Settlement Motion of seven (7) days prior to the scheduled hearing, for the U.S. Trustee and 4E Creditors Committee.[2] Mr. Dunn further requests that the hearing previously scheduled for May 22, 2025, be a status conference only with a final hearing during the weeks of June 2, 2025 and June 9, 2025. Mr. Dunn will be the primary witness at the hearings for both settlement motions and is available to appear in person during the weeks of June 2, 2025, and June 9, 2025. Mr. Dunn has conferred with counsel for the U.S. Trustee, Jackson Walker LLP ("JW") and the Creditors' Committee for 4E Bankruptcy Case about the relief sought in this Motion, and they are unopposed to this Motion.

## BACKGROUND

### A. The Basic Energy Bankruptcy Case

2.      On August 17, 2021, the Basic Energy Debtors[3] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") initiating Case No. 21-90002; *In re Basic Energy Services, Inc., et al.*; in the United States Bankruptcy Court for the Southern District of Texas (the "Basic Energy Bankruptcy Case"). The Basic Energy Bankruptcy Case was before former Bankruptcy Judge David R. Jones.

3.      When the Basic Energy Bankruptcy Case was filed, JW was not counsel for the estates of the Basic Energy Debtors. Prior to JW's retention, the Basic Energy Debtors and their estates engaged in an extensive marketing and sale process that resulted in the sales of three core

---

[2] Mr. Dunn previously agreed to extend the objection deadline for the U.S. Trustee for both motions and the 4E Creditors' Committee for the 4E Settlement Motion to a date after May 22, 2025.

[3] For purposes of this Motion, the term "Basic Energy Debtor" means each of the following and the term "Basic Energy Debtors" means all of the following: Basic Energy Services, L.P.; Basic Energy Services, Inc.; C&J Well Services, Inc.; KVS Transportation, Inc.; Indigo Injection #3, LLC; Basic Energy Services GP, LLC; Basic Energy Services LP, LLC; Taylor Industries, LLC; SCH Disposal, L.L.C.; Agua Libre Holdco LLC; Agua Libre Asset Co LLC; Agua Libre Midstream LLC; and Basic ESA, Inc.

lines of business of the Basic Energy Debtors.  The Basic Energy Debtors and their estates also negotiated and entered into a global settlement agreement that was approved by former Judge Jones in November 2021.  After the global settlement agreement was approved, JW was retained and substituted in as counsel for the Basic Energy Debtors and their estates.

4.      Former Judge Jones approved JW's employment applications and fee applications for the legal services and expenses provided to the Basic Energy Debtors from approximately December 2021 through August 26, 2022, the effective date of the confirmed joint plan of liquidation.

5.      Pursuant to the confirmed joint plan of liquidation, Mr. Dunn was appointed as the Basic Energy Liquidation Trustee.

**B.  The 4E Bankruptcy Case**

6.      4E Brands Northamerica LLC ("4E Debtor") filed a voluntary petition for relief under Bankruptcy Code in the Bankruptcy Court on February 22, 2022 initiating Case No. 22-50009; *In re 4E Brands Northamerica LLC* (the "4E Bankruptcy Case"). The 4E Bankruptcy Case was also before former Bankruptcy Judge David R. Jones.

7.      JW was counsel for the 4E Debtor and the estate on the 4E Bankruptcy Case's petition date.

8.      Former Judge Jones approved JW's employment applications and fee applications for the legal services and expenses provided to the 4E Debtor from approximately February 22, 2022 through November 1, 2022, the effective date of the confirmed joint plan of liquidation.

9.      Pursuant to the confirmed joint plan of liquidation, Mr. Dunn was appointed as the 4E Plan Agent.

**C.  The Miscellaneous Proceeding**

3

10. On or about November 2, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the 4E and Basic Energy Bankruptcy Case. The basis of the U.S. Trustee's motions was the undisclosed relationship between former Judge Jones and JW's former partner, Elizabeth Freeman.

11. On December 9, 2023, an Order was entered commencing Civil Action No. 23-00645; *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*; in the United States Bankruptcy Court for the Southern District of Texas (the "Miscellaneous Proceeding").

12. On February 27, 2024, the 4E Plan Agent filed his *Joinder in United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expenses* [Docket No. 644 in the 4E Bankruptcy Case].

13. On February 28, 2024, the Basic Energy Liquidation Trustee filed his *Joinder in United States Trustee's Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expenses* [Docket No. 1788 in the Basic Energy Bankruptcy Case].

**D. The Pending Settlement Motions**

14. On March 5, 2025, JW and Mr. Dunn participated in a mediation regarding the claims set forth in the U.S. Trustee's motions, as joined by the 4E Plan Agent and Basic Energy

Liquidation Trustee, and the 4E Plan Agent and Basic Energy Liquidation Trustee's claims against JW with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators. The result of the mediation was that JW and 4E Plan Agent reached a settlement that fully and completely settles and resolves the disputes between them, pending this Court's approval pursuant to Bankruptcy Rule 9019, and JW and the Basic Energy Liquidation Trustee reached a settlement that fully and completely settles and resolves the disputes between them, pending this Court's approval pursuant to Bankruptcy Rule 9019.

15.    On April 4, 2025, the Basic Energy Liquidation Trustee filed his *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* in the Basic Energy Bankruptcy Case [Doc. No. 1884 in the Basic Energy Bankruptcy Case] (the "Basic Energy Settlement Motion").

16.    On April 7, 2025, the 4E Plan Agent filed his *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* in the 4E Bankruptcy Case [Docket No. 715 in the 4E Bankruptcy Case] (the "4E Settlement Motion" and, collectively with the Basic Energy Settlement Motion, the "Settlement Motions").

17.    Initially, the hearings on the Settlement Motions were scheduled before Bankruptcy Judge Christopher Lopez for May 8, 2025.

18.    On April 9, 2025, the Court entered Memorandum Opinion and Order in the Miscellaneous Proceeding withdrawing the reference to the Bankruptcy Court of 34 bankruptcy proceedings, including the Basic Energy Bankruptcy Case and 4E Bankruptcy Case, and the U.S. Trustee's Rule 60 Motions [Docket No. 31 in the Miscellaneous Proceeding].

19.    On April 22, 2025, Mr. Dunn's counsel was informed by Judge Lopez's case manager that Judge Lopez would not preside over the Settlement Motions or conduct any hearings

in light of this Court's withdrawal of the reference.

20.     Mr. Dunn's counsel was informed that a status conference for the Miscellaneous Proceeding was scheduled for May 22, 2025. Based on on-going discussions with the U.S. Trustee, Mr. Dunn agreed to extend the U.S. Trustee's objection deadline for the Settlement Motions (which was previously April 25, 2025 for Basic Energy and April 28, 2025 for 4E) to a date after the May 22, 2025 status conference. *See* Stipulation between US Trustee and Plan Agent at Docket No. 716 in the 4E Bankruptcy Case and Docket No. 1889 in the Basic Energy Bankruptcy Case. In addition, the 4E Plan Agent agreed to extend the objection deadline for 4E Creditors' Committee to a date after the May 22, 2025 status conference.

21.     On May 1, 2025, the Court entered the Order setting a status conference for May 22, 2025 at 9:00 a.m. [Docket No. 46].  Also on May 1, 2025, the Court entered an Order setting the 4E Settlement Motion for hearing on May 22, 2025 at 9:00 a.m. [Docket No. 717 in 4E Bankruptcy Case]. No similar order has been entered to date in the Basic Energy Bankruptcy Case setting the Basic Energy Settlement Motion for hearing.

## BASIS FOR RELIEF REQUESTED

22.     Mr. Dunn requests that the hearing on May 22, 2025 on the 4E Settlement Motion be reset to a date during the weeks of June 2, 2025 through June 13, 2025, and that the Court set a hearing on the Basis Energy Settlement Motion on the same date and time. Mr. Dunn also requests that the Court set an objection deadline for the 4E Settlement Motion and Basic Energy Settlement Motion of seven (7) days prior to the scheduled hearing, for the U.S. Trustee and 4E Creditors' Committee.

23.     Mr. Dunn will be the primary witness for each Settlement Motion and intends to appear in person to testify. Mr. Dunn resides in Connecticut and requests that these hearings be on

the same day to reduce the expenses for travel for the Basic Energy Liquidation Trust and 4E Brands Northamerica LLC. Mr. Dunn is available the weeks of June 2, 2025 and June 9, 2025 for these hearings.

24.      The litigants for the Settlement Motions are largely the same.  Mr. Dunn, the U.S. Trustee and JW will be participants at the hearings on both Settlement Motions and the parties prefer to have these Settlement Motions heard on the same day.

25.      Prior to the 4E Settlement Motion being set for hearing on May 22, 2025, Mr. Dunn and the U.S. Trustee had agreed that the U.S. Trustee's deadlines to object to the Settlement Motions would occur after the May 22 status hearing.  The Plan Agent had also agreed with the 4E Creditors' Committee to extend their objection deadline to after the May 22 status hearing.[4] The additional time will permit Mr. Dunn, JW and these parties an opportunity to further discuss the Settlement Motions and attempt to resolve or narrow the scope of disputed issues for the hearings.

26.      Mr. Dunn has conferred with the U.S. Trustee and JW and they do not oppose the relief sought by Mr. Dunn in this Motion.[5]

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, David Dunn, in his capacity as the Plan 4E Agent and Basic Energy Liquidation Trustee, requests that the Court enter an Order granting the relief requested herein.

---

[4] No other party filed an objection or requested an extension of the objection deadline for the Settlement Motions.
[5] The US Trustee does not oppose Mr. Dunn's requests with respect to the hearing date on the settlement motions and objection deadline. However, the U.S. Trustee asserts that Fed. R. Bankr. P. 9019 is not the applicable standard, but rather Fed. R. Civ. P. 41 applies (made applicable by Fed. R. Bankr. P. 9014(c)). The US Trustee also asserts that parties' procedural disagreement is an issue the Court can determine as a threshold matter when the matter is heard by the Court.

DATED: May 14, 2025                    Respectfully submitted,

                                       **BONDS ELLIS EPPICH SCHAFER JONES LLP**

                                       */s/ Aaron M. Guerrero*
                                       Ken Green (Texas State Bar No. 24036677)
                                       Aaron M. Guerrero (Texas State Bar No. 24050698)
                                       Bryan Prentice (Texas State Bar No. 24099787)
                                       402 Heights Boulevard
                                       Houston, Texas 77007
                                       (713) 335-4990 telephone
                                       (832) 740-1411 facsimile
                                       ken.green@bondsellis.com
                                       aaron.guerrero@bondsellis.com
                                       bryan.prentice@bondsellis.com

                                       **COUNSEL FOR DAVID DUNN,**
                                       **THE 4E PLAN AGENT AND PLAN AGENT OF THE**
                                       **BASIC ENERGY LIQUIDATION TRUST**


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 14, 2025 a true and correct copy of the foregoing Notice of Appearance was filed with the Court and served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case.

                                       */s/ Aaron M. Guerrero*
                                       Aaron M. Guerrero