IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| **Professional Fee Matters Concerning the** § | No. 4:23-cv-04787 |
| **Jackson Walker Law Firm** § | |
| § | |

**UNITED STATES TRUSTEE'S PRE-STATUS CONFERENCE REPORT**

Kevin M. Epstein, United States Trustee for Region 7 ("U.S. Trustee"), files this Pre-Status Conference Report to summarize the background of the U.S. Trustee's litigation against Jackson Walker LLP ("Jackson Walker") and the pending pleadings.[1]

### A.     Pending Pleadings

1. *The U.S. Trustee's Affirmative Pleadings and Jackson Walker's Responses*

    1.     On November 2 and 3, 2023, the U.S. Trustee filed his *Motion for Relief from Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications for Compensation and Reimbursement of Expenses* in the following 17 bankruptcy cases:

- *In re Westmoreland Coal Company, et al.* (18-35672)[2]
- *In re Whiting Petroleum Corporation, et al.* (20-32021)
- *In re J. C. Penney Company, Inc., et al.* (20-20184)[3]
- *In re Neiman Marcus Group LTD LLC, et al.* (20-32519)

---

[1] On May 12, 2025, the U.S. Trustee filed his *Motion to Consolidate*, which seeks to consolidate for trial in one proceeding all the relief sought against Jackson Walker by the U.S. Trustee and the pleadings ancillary thereto. Case No. 4:23-cv-04787, ECF No. 54.

[2] On April 8, 2024, after obtaining leave of the bankruptcy court, the U.S. Trustee filed motions to reopen two related *Westmoreland Coal Company* cases, to which Jackson Walker objected. No. 18-35689, ECF Nos. 8, 12 (Bankr. S.D. Tex.); No. 18-35703, ECF Nos. 8, 12 (Bankr. S.D. Tex.).

[3] The Old Copper Company, Inc. and Eric L. Moore filed joinders to the U.S. Trustee's motion, as amended and supplemented. No. 20-20184, ECF Nos. 1353, 1644 (Bankr. S.D. Tex.).

1

- *In re Stage Stores, Inc., et al.* (20-32564)[4]

- *In re Covia Holdings Corporation, et al.* (20-33295)[5]

- *In re Gulfport Energy Corporation, et al.* (20-35562)

- *In re Seadrill Limited, et al.* (21-30427)

- *In re Katerra, Inc., et al.* (21-31861)

- *In re Strike LLC, et al.* (21-90054)

- *In re Sungard AS New Holdings, LLC, et al.* (22-90018)[9]

- *In re Chesapeake Energy Corporation, et al.* (20-33239)

- *In re Tug Robert J. Bouchard, Corporation, et al.* (20-34758)[6]

- *In re Seadrill Partners LLC, et al.* (20-35740)

- *In re Brilliant Energy, LLC* (21-30936)

- *In re Basic Energy Services, Inc., et al.* (21-90002)[7]

- *In re 4E Brands Northamerica LLC* (22-50009)[8]

On November 13, 2023, Jackson Walker filed identical preliminary responses to each of the 17 motions filed in the above-listed cases.

2.  On February 29, 2024, the U.S. Trustee filed his *Amended and Supplemental Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and*

---

[4] The Wind-Down Debtors filed a joinder to the U.S. Trustee's motion, as amended and supplemented. No. 20-32564, ECF No. 1280 (Bankr. S.D. Tex).

[5] Like *Westmoreland*, the U.S. Trustee also filed a motion to reopen a related *Covia* case, to which Jackson Walker objected. No. 20-33302, ECF Nos. 238, 242 (Bankr. S.D. Tex.).

[6] The Plan Administrator, Matthew Ray, filed a joinder to the U.S. Trustee's motion, as amended and supplemented. No. 20-34758, ECF No. 414 (Bankr. S.D. Tex.).

[7] The Liquidation Trustee, David Dunn, filed a joinder to the U.S. Trustee's motion, as amended and supplemented. No. 21-90002, ECF No. 1788 (Bankr. S.D. Tex.).

[8] The Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC, David Dunn, filed a joinder to the U.S. Trustee's motion. No. 22-50009, ECF No. 644 (Bankr. S.D. Tex.).

[9] The Wind-Down Debtors filed a joinder to the U.S. Trustee's motion, as amended and supplemented. No. 22-90018, ECF No. 1075 (Bankr S.D. Tex.).

*Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* in each of the 17 bankruptcy cases listed above,[10] and his *Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* in the following nine additional bankruptcy cases:

- *In re La Forta – Gestao e Investmentos* (22-90126)
- *In re Seadrill Member LLC, et al.* (22-90002)
- *In re Denbury Holdings, Inc., et al.* (20-33812)
- *In re Sheridan Production Partners I-A, L.P., et al.* (20-31886)
- *In re Volusion, LLC* (20-50082)
- *In re McDermott International, Inc., et al.* (20-30336)
- *In re iQor Holdings Inc., et al.* (20-34500)
- *In re Energy Services Puerto Rico, LLC, et al.* (20-32680)
- *In re Jones Energy, Inc., et al.* (19-32112)

In each of the nine additional bankruptcy cases in which the U.S. Trustee filed a motion seeking relief against Jackson Walker, the U.S. Trustee also filed a *Motion of the United States Trustee to Reopen Case*. Jackson Walker filed responses opposing these nine motions to reopen the bankruptcy cases.

3. On March 29, 2024, the U.S. Trustee filed his *Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure*

---

[10] Often, complex bankruptcy cases involve multiple debtor-entities that are jointly administered in one proceeding for procedural purposes. *See* Fed. R. Bank. P. 1015(b). An order jointly administering the bankruptcy cases may designate one debtor entity as the lead case, with the remaining debtor entity affiliates linked to that lead case. Here, the U.S. Trustee filed his amended and supplemental motion in a related bankruptcy case where the lead case had been closed, but the related case remained open for continued administration.

*9024 Approving the Compensation Application of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief* in the following six additional bankruptcy cases:[11]

- *In re Sanchez Energy Corporation, et al.* (19-34508)
- *In re Auto Plus Auto Sales LLC* (23-90055)[12]
- *In re TMW Merchants LLC, et al.* (20-33916)
- *In re Altera Infrastructure Project Services LLC, et al.* (22-90129)
- *In re EXCO Resources, Inc., et al.* (18-30155)[13]
- *In re HONX, Inc.* (22-90035)[14]

The Motion filed in *HONX* differed in that it seeks to vacate the orders approving Jackson Walker's interim compensation applications. On April 22, 2024, Jackson Walker filed its final compensation application in *HONX*, to which, on May 13, 2024, the U.S. Trustee timely objected.

4.  Lastly, on March 29, 2024, the U.S. Trustee filed an objection to Jackson Walker's final application for compensation in one bankruptcy case:

- *In re GWG Holdings, Inc., et al.* (22-90032)

---

[11] *EXCO Resources* and *TMW Merchants* are closed cases in which, on February 28, 2024, the U.S. Trustee filed motions to reopen. No. 18-30155, ECF No. 2342 (Bankr. S.D. Tex.); No. 20-33916, ECF No. 253 (Bankr. S.D. Tex.). Jackson Walker filed responses opposing these motions to reopen. No. 18-30155, ECF No. 2347 (Bankr. S.D. Tex.); No. 20-33916, ECF No. 254 (Bankr. S.D. Tex.).

[12] *In re Auto Plus Auto Sales*, *LLC* was jointly administered with lead case *In re IEH Auto Parts Holdings LLC* ("*IEH*") until the bankruptcy court closed the *IEH* case on January 16, 2024. In the order closing the *IEH* case, all pending fee applications were "moved" to the remaining case—*Auto Plus*. *See* No. 23-90054, ECF No. 1043 (Bankr. S.D. Tex.). In *IEH*, the U.S. Trustee filed an objection to the Law Office of Liz Freeman's final compensation application. *Id.* ECF Nos. 991, 1049. The Law Office of Liz Freeman served as co-counsel and conflicts counsel to the debtors. The application and objection remain pending.

[13] *Exco Resources, Inc*. filed a joinder to the U.S. Trustee's motion. No. 18-30155, ECF No. 2383 (Bankr. S.D. Tex.).

[14] The Motion filed in *HONX* differed in that it seeks to vacate the orders approving Jackson Walker's interim compensation applications. On April 22, 2024, Jackson Walker filed its final compensation application in *HONX*, to which, on May 13, 2024, the U.S. Trustee timely objected.

4

The U.S. Trustee will collectively refer to the motions seeking vacatur of the orders approving Jackson Walker's retention (in 26 bankruptcy cases) and compensation, and the two objections to Jackson Walker's final compensation applications as the "Rule 60 Motions."

5.      Pursuant to a scheduling order entered in *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, discussed below in more detail, on May 22, 2024, Jackson Walker filed identical responses opposing the Rule 60 Motions. On July 1, 2024, the U.S. Trustee filed, in all 33 bankruptcy cases, his replies. The U.S. Trustee's replies differ slightly only to reflect the procedural posture of the cases and the provisions included in any confirmed plans but are otherwise identical. On August 12, 2024, Jackson Walker filed identical sur-replies in each of the 33 bankruptcy cases. The Rule 60 Motions are fully briefed and ready for adjudication at trial in their entirety.

6.      In total, the U.S. Trustee filed 14 motions to reopen closed bankruptcy cases. By agreement between the U.S. Trustee and Jackson Walker, the bankruptcy court abated consideration of the motions to reopen. Those bankruptcy cases remain closed, and the motions to reopen remain pending.

### 2. *Jackson Walker's Affirmative Pleadings and the U.S. Trustee's Responses*

7.      In 31 of the bankruptcy cases in which the U.S. Trustee filed the Rule 60 Motions, Jackson Walker filed its *Motion for Entry of an Order Requiring any Party-in-Interest who Asserts Standing or Indispensable Party Status to File a Notice Stating a Basis for Indispensable Party Status or Standing in Connection with Jackson Walker LLP Fee Matters* (the "Indispensable Party Motions").[15] The U.S. Trustee objected to the Indispensable Party Motions, and, in all but 12 of

---

[15] Jackson Walker did not file an Indispensable Party Motion in *GWG* or *HONX*, because Jackson Walker's final compensation applications, to which the U.S. Trustee objected, are not yet approved

the 31 bankruptcy cases, the Indispensable Party Motions were adjudicated by the bankruptcy court. As a result, certain third parties are participating in the U.S. Trustee's litigation against Jackson Walker, either formally, as described *supra*, or informally.

8.  The U.S. Trustee's deadline to respond to and consideration of the 12 unadjudicated Indispensable Party Motions was abated, and the motions remain pending.

### 3. Third Party Pleadings

9.  On April 4, 2025, David Dunn, as Liquidation Trustee for the Basic Energy Liquidation Trust, filed a *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019*. No. 21-90002, ECF No. 1884 (Bankr. S.D. Tex.). Then, on April 7, 2025, David Dunn, as Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC, filed a *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019*. No. 22-50009, ECF No. 715 (Bankr. S.D. Tex.). And on May 13, 2025, Randy W. Williams, Chapter 7 trustee for Brilliant Energy, LLC filed a *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* in Case No. 23-cv-04787, ECF No. 57 (together with the *Basic* and *4E Brands* motions, the "9019 Motions"). Attached to the 9019 Motions are settlement agreements with Jackson Walker that resulted from mediations in which the U.S. Trustee did not participate. By agreement among the U.S. Trustee and the *Basic* and *4E Brands* movants, the U.S. Trustee was not immediately required to file a response to their respective 9019 Motions. No. 21-90002, ECF No. 1889 (Bankr. S.D. Tex.); No. 22-50009, ECF No. 716 (Bankr. S.D. Tex.). However, the Court has now set the pending 9019 Motions for hearing on May 22, 2025, at 9:00 a.m., and the U.S. Trustee intends to file his responses to the 9019 Motions in advance of the hearing.

### B. Litigation Background

10. On December 9, 2023, Chief Bankruptcy Judge Eduardo V. Rodriguez entered an order commencing a miscellaneous proceeding in the bankruptcy court, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, No. 23-00645, ECF No. 1 (Bankr. S.D. Tex.) ("Miscellaneous Proceeding"). The Miscellaneous Proceeding consolidated for discovery and pretrial matters the first 17 Rule 60 Motions filed by the U.S. Trustee. Subsequently, additional orders were entered by the bankruptcy judges that transferred the remaining 16 Rule 60 Motions for discovery and pretrial matters to the Miscellaneous Proceeding. At the time, the presiding bankruptcy judges retained for adjudication all substantive issues raised by the Rule 60 Motions. Pursuant to these transfers, Chief Judge Rodriguez entered scheduling orders that outlined discovery and certain briefing deadlines. Formal discovery related to the Rule 60 Motions commenced on May 15, 2024. *Id.*, Miscellaneous Proceeding ECF No. 57.

11. Thereafter, in 31 of the bankruptcy cases, the bankruptcy judges entered orders that transferred a substantive issue to the Miscellaneous Proceeding—whether the Final Order Allowing Compensation and Reimbursement of Expenses for Jackson Walker LLP should be vacated.[16] *See, e.g.*, *id.*, Miscellaneous Proceeding ECF No. 388. The transferring bankruptcy judges retained all other substantive matters raised in the Rule 60 Motions.

12. Then, on October 29, 2024, Chief Bankruptcy Judge Rodriguez entered a *Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order*, which set for trial, commencing on April 21, 2025, "all contested matters . . . other than disqualification under 28 U.S.C. § 455[] and return of all fees and expenses." *Id.*, Miscellaneous Proceeding ECF No. 516.

---

[16] No similar orders were entered in *GWG* or *HONX*.

13. Discovery in the Miscellaneous Proceeding concluded on December 11, 2024. The trial set to commence on April 21st was rescheduled and ultimately canceled after this Court entered its order withdrawing the reference of the 33 bankruptcy cases under 28 U.S.C. § 157(d). *See id.*, Miscellaneous Proceeding ECF No. 625.

14. To date, the U.S. Trustee and Jackson Walker have met multiple times to attempt to resolve the Rule 60 Motions, but a mutually agreeable resolution has not yet been reached. Likewise, the parties have not yet submitted either a pretrial report or order (which, under the Miscellaneous Proceeding scheduling order, was due April 25, 2025) and have not attended a pretrial conference. Certain pretrial issues have been resolved in the Miscellaneous Proceeding, including determinations related to testimony from former judicial personnel and expert witnesses.

15. Prior to entry of the Miscellaneous Proceeding order cancelling trial, both the U.S. Trustee and Jackson Walker issued subpoenas for witness testimony. The parties agree that such subpoenas are abated pending a new trial date. Additionally, the U.S. Trustee and Jackson Walker exchanged initial deposition testimony designations, proposed witness and exhibit lists, and proposed stipulated facts. Although the U.S. Trustee continues to seek Jackson Walker's cooperation in resolving anticipated pretrial matters, Jackson Walker has paused its engagement with the U.S. Trustee (except for settlement discussions) pending further direction from this Court.

### C. Conclusion

16. Pending for almost 18 months, the Rule 60 Motions are ready for full adjudication at trial by this Court. All that remains to resolve the Rule 60 Motions is a new scheduling order, which sets deadlines for a pretrial report or order and sets dates for a pretrial conference and a

trial.[17] The U.S. Trustee is prepared to discuss such deadlines at the May 22 status conference and submits that a shorter schedule is workable and preferred. To facilitate an expeditious resolution of the Rule 60 Motions, and for the Court's consideration, the U.S. Trustee filed in this proceeding a motion to consolidate under Fed. R. Civ. P. 42. ECF No. 54. The U.S. Trustee is likewise prepared to address the Court's questions about his motion to consolidate.

Date: May 16, 2025

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
*Region 7, Southern and Western Districts of Texas*

*/s/ Alicia L. Barcomb*
Millie Aponte Sall, Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
Alicia L. Barcomb, Trial Attorney
Tex. Bar No. 24106276/Fed. ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
vianey.garza@usdoj.gov
alicia.barcomb@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on May 16, 2025, a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Court's CM/ECF system.

*/s/ Alicia L. Barcomb*
Alicia L. Barcomb

---

[17] With regard to the abated Indispensable Party Motions and motions to reopen closed bankruptcy cases, the U.S. Trustee's position is that these matters should remain abated pending resolution of the Rule 60 Motions.