IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**PROFESSIONAL FEE MATTERS CONCERNING THE JACKSON WALKER LAW FIRM** | Misc. No. 4:23-cv-04787 |

**EXCO RESOURCES, INC., ET AL.'S STATEMENT AND RESPONSE TO (I) UNITED STATES TRUSTEE'S MOTION TO CONSOLIDATE PROFESSIONAL FEE MATTERS IN 33 BANKRUPTCY CASES AND (II) JACKSON WALKER LLP'S NOTICE <u>REGARDING ISSUES RELATED TO THE PROFESSIONAL FEE MATTERS</u>**
**Related to Docket Nos. 53 and 54**

EXCO Resources, Inc., et al. ("<u>EXCO</u>"),[1] files this statement and response (the "<u>Statement and Response</u>") to *(I) United States Trustee's Motion to Consolidate Professional Fee Matters in 33 Bankruptcy Cases* [ECF No. 54] (the "<u>UST's Motion to Consolidate</u>") *and (II) Jackson Walker LLP's Notice Regarding Issues Related to the Professional Fee Matters* [ECF No. 53] ("<u>JW's Notice</u>") and would respectfully show the Court as follows:

### I.    BACKGROUND

1.    The United States Trustee ("<u>UST</u>") has filed its *Motion to Consolidate Professional Fee Matters in 33 Bankruptcy Cases* the pending Rule 60(b) motions [ECF No. 54] and Jackson Walker LLP filed its *Notice Regarding Issues Related to the Professional Fee Matters* [ECF No.

---

[1] The Reorganized Debtors, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: EXCO Resources, Inc. (2779); EXCO GP Partners Old, LP (1262); EXCO Holdings (PA), Inc. (1745); EXCO Holding MLP, Inc. (1972); EXCO Land Company, LLC (9981); EXCO Midcontinent MLP, LLC (0557); EXCO Operating Company, LP (1261); EXCO Partners GP, LLC (1258); EXCO Partners OLP GP, LLC (1252); EXCO Production Company (PA), LLC (7701); EXCO Production Company (WV), LLC (7851); EXCO Resources (XA), LLC (7775); EXCO Services, Inc. (2747); Raider Marketing GP, LLC (6366); and Raider Marketing, LP (4295). An order was entered directing joint administration of the EXCO chapter 11 cases, designating In re EXCO Resources, Inc., Case No. 18-30155, as the lead case. In re EXCO Resources Inc., Case No. 18-30155, Docket No. 18. All references in citations to the EXCO Bankruptcy shall hereinafter be cited as "Bankr. ECF No."

1

53]. EXCO does not object to the UST's Motion, and has no objections to the chart offered by Jackson Walker.

2. EXCO files this Statement and Response to bring forward certain procedural history for its case, and to reiterate its position that regardless of similarities or differences among the cases, there is, at a minimum a threshold or gating issue common to all the cases which should be addressed first. That threshold legal issue may determine and clarify future proceedings here, and EXCO respectfully suggests that it be dealt with first.

3. On January 12, 2024, EXCO filed the *Reorganized Debtors' Motion for Orders (I) Reopening the Lead Chapter 11 Case; (II) Vacating Certain Orders Approving Jackson Walker Applications for Compensation and Reimbursement of Expenses Pursuant to Federal Rule 60(b); (III) Disgorging Compensation and Expenses Awarded to Jackson Walker Relating Back to July 18, 2018; and (IV) Granting Other Appropriate Relief* [Bankr. ECF No. 2334] ("Reopen/Rule 60(b) Motion").

4. On January 30, 2024, EXCO filed its *Reorganized Debtors' Motion for Withdrawal of the Reference and Referral of Reorganized Debtors' Request for Orders (I) Vacating Certain Orders Pursuant to Federal Rule 60(B); (II) Disgorging Compensation and Expenses Awarded to Jackson Walker; and (III) Granting Other Appropriate Relief* [Bankr. ECF No. 2336] ("Motion for Withdrawal of Reference"), requesting the Court to refer the Reopen/Rule 60(b) Motion to Chief District Judge Moses of the Western District of Texas.

5. On February 2, 2024, the UST filed the *United States Trustee's Limited Objection to Reorganized Debtors' Motion to Reopen* [Bankr. Docket No. 2337], objecting to EXCO's request to waive of UST quarterly fees.

6. On February 16, 2024 and February 20, 2024, JW filed objections to both EXCO's Reopen/Rule 60(b) Motion and Motion for Withdrawal of Reference [Bankr. ECF Nos. 2338 & 2339].

7. On February 28, 2024 the UST filed its separate Motion to Reopen Chapter 11 Case to Allow Action by the United States Trustee [Bankr. ECF No. 2342].

8. Judge Isgur conducted a status conference commencing on March 11, 2024 followed by a hearing and status conference on March 26 and 28, 2024. *See* Court Room Minutes on Mar. 28, 2024 [Bankr. ECF No. 2356]. Based on the UST's Motion to Reopen, and the UST's intent to file its own Rule 60(b) Motion (subsequently filed on March 29, 2024, [Bankr. ECF No. 2358]), EXCO withdrew its 60(b) Motion without prejudice, and with consent of the UST and Jackson Walker. In order to conserve expenses, Judge Isgur, and with consent of all parties, granted the oral motion on the record. EXCO's reasons for withdrawing its Reopen/Rule 60(b) Motion were twofold: (i) satisfaction with the work the UST and its colleagues at the Justice Department were doing independently with respect to the UST's Rule 60(b) Motion; and (ii) a desire to avoid the painstaking and expensive discovery commenced in the Miscellaneous Proceeding, No. 23-00645, In re Professional Fee Matters Concerning (the "Miscellaneous Proceeding").

9. On October 7, 2024, the UST filed its Motion for Withdrawal of the Reference and Referral of Motion for Relief Under Rule 60(b)(6) and Related Matters (the "UST Withdrawal Motion") [Bankr. ECF No. 2377].

10. On April 9, 2025, the Court ordered the withdrawal of the reference of each of the 34 bankruptcy cases and granted the UST's Motion for Withdrawal of the Reference [ECF No. 31].

11. The Court has scheduled a status conference for May 22, 2025, to discuss the UST's withdrawal motions as well as procedural avenues for these cases moving forward.

## II.     RESPONSE TO UST'S MOTION TO CONSOLIDATE

12. EXCO supports the UST's Motion to Consolidate, but submits this response to clarify the procedural chronology and its position within the group of related matters.

13. Bankruptcy Rule 7016 adopts Federal Rule of Civil Procedure 16. Among Rule 16's various provisions it enables the court to establish a template for adjudicating a case efficiently and expeditiously. Among the tools available to the court, Rule 7016(3)(a) enables the Court to set deadlines to ". . . file motions." EXCO believes that these cases may be disposed of through such dispositive motions as discussed above in paragraph 2. Accordingly, EXCO requests that any scheduling order in this case include deadlines for dispositive motions and responses thereto.

## III.     RESPONSE TO JW'S NOTICE

14. The JW Notice states 6 specific issues for the Court to discuss at the upcoming status conference: (1) the closed bankruptcy cases where the US Trustee has filed motions to reopen closed bankruptcy cases, Jackson Walker's objections to such motions to reopen, Jackson Walker's motions for orders regarding standing and indispensable party status in these closed cases, and other related documents; (2) The US Trustee's Rule 60 motions and related documents filed in each of the 33 bankruptcy cases; (3) the US Trustee's objections to Jackson Walker's still-pending final fee applications in two of the 33 bankruptcy cases; (4) settlement motions filed by various plan agents/trustees for approval of settlement agreements reached with Jackson Walker; (5) miscellaneous matters regarding standing; and (6) adversary proceeding filed by Old Copper Company Inc. and Copper Sub Corporation Inc. against Jackson Walker.

15.     Jackson Walker's list describes the various matters pending before the Court. While the parameters of this status conference are broad, to the extent the Court directs the parties to produce a pretrial order, EXCO reiterates its request for dispositive motion deadlines.

### IV.     CONCLUSION

WHEREFORE, EXCO respectfully requests that this Court enter an order that grants the UST's Motion to Consolidate and grant such other relief that this Court deems just and proper.

| | |
|---|---|
| Dated: May 20, 2025<br>Houston, Texas | Respectfully submitted,<br><br>**FOLEY & LARDNER LLP**<br><br>*/s/ John P. Melko*<br>John P. Melko<br>State Bar No. 13919600<br>Email: jmelko@foley.com<br>Nora J. McGuffey<br>State Bar No. 24121000<br>Email: nora.mcguffey@foley.com<br>1000 Louisiana Street, Suite 2000<br>Houston, TX 77002<br>Telephone: 713.276.5500<br>Facsimile: 713.276-5555<br><br>*Counsel for EXCO Resources, Inc. and affiliate Reorganized Debtors* |

## **CERTIFICATE OF SERVICE**

    I do hereby certify that on May 20, 2025, a true and correct copy of the foregoing pleading was served via CM/ECF to all parties authorized to receive electronic notice in this case.

                                                */s/ John P. Melko*
                                                John P. Melko