IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re Professional Fee Matters Concerning the Jackson Walker Law Firm | § § § § § § § | Civil Action No. 4:23-CV-4787-AM |

**REPLY BRIEF OF DAVID DUNN, 4E PLAN AGENT AND BASIC ENERGY LIQUIDATION TRUSTEE, IN SUPPORT OF RULE 9019 SETTLEMENT MOTIONS**

NOW COMES, David Dunn, in his capacity as the Plan Agent (the "4E Plan Agent") and sole manager, director, officer and representative of 4E Brands Northamerica LLC and in his capacity as the Liquidation Trustee (the "Basic Energy Liquidation Trustee") of the Basic Energy Liquidation Trust[1], and files this Reply Brief in support of the 4E Plan Agent's Bankruptcy Rule 9019 Motion and the Basic Energy Liquidation Trustee's Bankruptcy Rule 9019 Motion (collectively, the "Settlement Motions") and in response to the United States Trustee's Objections to the Settlement Motions filed at Docket No. 68 (Basic) and Docket No. 69 (4E).

1. The Settlement Motions seek the Court's approval of compromises and settlements of the two bankruptcy estates' claims for payment of a total of $1,400,000.00 ($617,000.00 for 4E and $783,000.00 for Basic Energy) and mutual releases, not a dismissal of the U.S. Trustee's Rule 60 Motions.

2. A Rule 60 Motion is not a claim but, rather, a procedural vehicle to seek relief from (i.e., set aside or vacate) a prior court order. In contrast, the claims held by Mr. Dunn, in his capacity as the 4E Plan Agent and Basic Energy Liquidation Trustee, are grounded in breach of fiduciary duty and are claims that were (a) retained by the 4E Plan Agent and revested under the

---

[1] The 4E Plan Agent and Basic Energy Liquidation Trustee are collectively referred to as "Mr. Dunn".

4E Confirmation Order and (b) retained and assigned to the Basic Energy Liquidation Trust under the Basic Energy Confirmation Order. As noted in the 4E Plan Agent's and Basic Energy Liquidating Trustee's respective joinders, vacatur of the Final Fee Order eliminates any res judicata or collateral estoppel effect of those orders with respect to the bankruptcy estates' claims and causes of action against Jackson Walker. Mr. Dunn seeks to settle the estates' claims and causes of action, not the U.S. Trustee's Rule 60 motion.

3. Multiple courts have recognized the applicability of Bankruptcy Rule 9019 to approve settlements entered into by a post-confirmation estate representative, so long as the settlement is not used as an impermissible plan modification. *See SCH Corp. v. CFI Class Action Claimants*, 597 Fed. Appx. 143 (3d Cir. 2015) (Third Circuit overturned approval of post-confirmation estate representative's motion under Rule 9019 due to settlement's impermissible modification of the confirmed plan, not due to whether Rule 9019 applies to post-confirmation estate representatives); *In re Lehman Bros. Holdings, Inc.,* 2017 Bankr. LEXIS 1872 (Bankr. S.D.N.Y. July 6, 2017) (Bankruptcy court approved Rule 9019 Motion brought by post-confirmation plan administrator); *In re Health Diagnostics Lab., Inc.*, 2016 Bankr. LEXIS 3724 (Bankr. E.D. Va. October 14, 2016) (Bankruptcy court approved Rule 9019 motion brought by post-confirmation liquidating trustee to approve settlement of estate claims against debtors' prepetition attorneys); *In re Alta Mesa Resources, Inc., et al.*, Case No. 19-35133, Docket. No. 3620 (Bankr. S.D. Tex., June 17, 2024)(J. Isgur)(unpublished) (Order granting post-confirmation litigation trustee's Rule 9019 settlement motion that settled estate claims and causes of action against debtors' former officers and directors).

4. Approval under Bankruptcy Rule 9019 provides transparency when an estate fiduciary seeks to comprise and settle an estate claim, provides notice to creditors and an

2

opportunity to object to the compromise, and provides for an evaluation by the reviewing court of whether the compromise is fair and equitable and in the best interests of the estate. The proposed settlements here do not seek to modify the confirmed plans but rather seek to settle estate claims, which if approved will then allow for distributions of the settlement funds pursuant to the confirmed plans.[2]

5.      Paragraph 6 of the settlement agreements do not seek dismissal of the U.S. Trustee's Rule 60 Motion. Paragraph 6 acknowledges that Jackson Walker may plead that the settlement agreement is a complete bar to any action or suit relating to any possible claim by Mr. Dunn, the Basic Energy and 4E Debtors and their estates against Jackson Walker.[3] This paragraph (i) provides that Jackson Walker may assert the settlement as a bar, it does not constitute a determination by this Court whether the settlement is a bar to any action or suit, (ii) is limited to any claim or cause of action owned by Mr. Dunn, the debtors or their bankruptcy estates, and (iii) does not dismiss the U.S. Trustee's Rule 60 motion.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, David Dunn, in his capacity as the 4E Plan Agent and Basic Energy Liquidation Trustee, requests that the Court enter orders granting the relief requested in the 4E Rule 9019 Motion and the Basic Energy Rule 9019 Motion.

---

[2] Notably, as a result of concerns previously expressed by the bankruptcy court and creditors regarding the 4E confirmed plan, the 4E Plan Agent filed a motion to modify the plan to provide that the holders of allowed general unsecured claims would receive the distribution of funds from any recovery on the estate's claims against Jackson Walker, which was approved on April 1, 2025. *See Order Granting Plan Agent's Motion to Modify Plan*, Docket No. 657 in Case No. 22-0009.

[3] Paragraph 6 of the Settlement Agreements provides:
    "Bar. The Parties agree that this Agreement may be pleaded as a complete bar to any action or suit before any court or administrative body, with respect to any claim or cause of action under federal, state or other law relating to any possible claim by the [Basic Energy Liquidation Trustee or the estates of Basic Energy Services Inc. and its affiliated debtors] [4E Plan Agent or 4E Brands Northamerica LLC and its estate] against JW or any other released parties, except that this Agreement may not be pleaded as a bar to any claims or causes of action that arise in connection with performance, non-performance and/or breach of this Agreement."

3

DATED: May 21, 2025               Respectfully submitted,

                                              **BONDS ELLIS EPPICH SCHAFER JONES LLP**

*/s/ Ken Green*
Ken Green (Texas State Bar No. 24036677)
Aaron M. Guerrero (Texas State Bar No. 24050698)
Bryan Prentice (Texas State Bar No. 24099787)
402 Heights Boulevard
Houston, Texas 77007
(713) 335-4990 telephone
(832) 740-1411 facsimile
ken.green@bondsellis.com
aaron.guerrero@bondsellis.com
bryan.prentice@bondsellis.com

**COUNSEL FOR DAVID DUNN,**
**THE 4E PLAN AGENT AND LIQUIDATION TRUSTEE OF THE BASIC ENERGY LIQUIDATION TRUST**

## CERTIFICATE OF SERVICE

    I hereby certify that on May 21, 2025 a true and correct copy of the foregoing reply brief was filed with the Court and served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case.

                                              */s/ Aaron M. Guerrero*
                                              Aaron M. Guerrero