IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 4:23-CV-4787-AM |
| | § | |
| PROFESSIONAL FEE MATERS | § | |
| CONCERNING THE JACKSON | § | |
| WALKER LAW FIRM. | § | |

**UNITED STATES TRUSTEE'S RESPONSE TO JACKSON WALKER LLP'S
JURY DEMAND PURSUANT TO FED. R. CIV. P. 38 FILED JULY 3, 2025**

Kevin M. Epstein, United States Trustee for the Southern District of Texas ("U.S. Trustee"), files this Response to Jackson Walker LLP's ("JW") Jury Demand Pursuant to Fed. R. Civ. P. 38 [ECF No. 85] ("Jury Demand") and states:

### I. Procedural Posture

1. Between November 2, 2023, and February 29, 2024, the U.S. Trustee filed Rule 60 motions for relief and amended and supplemental Rule 60 motions in 31 bankruptcy cases and objections to final fee applications in two bankruptcy cases ("Affected Cases"). [ECF[1] No. 64 at 1-5 (setting forth the procedural history of the U.S. Trustee's filings)].

2. Following limited consolidation in a miscellaneous proceeding of the relief the U.S. Trustee requested in the Affected Cases, the bankruptcy court entered a series of comprehensive scheduling orders. [*See, e.g.*, *In re Prof. Fee Matters Concerning the Jackson Walker Law Firm*, No. 4:23-mp-00645 (Bankr. S.D. Tex.) ("Miscellaneous Proceeding"), ECF Nos. 57, 76, 118, 249, 516, 520, 553, 604, 611]. Among other things, those orders set deadlines for the parties to file amended and additional motions, responses, replies and sur-replies, dispositive motions, pretrial

---

[1] Unless a different case number is specified, ECF references relate to this Court's docket in the above-captioned case number.

1

submissions, and scheduled and rescheduled a bench trial before the bankruptcy court on at least a portion of the merits. [*See id.*]. The deadlines for the parties to file amended and additional motions, responses, replies and sur-replies, and dispositive motions passed months prior to this Court withdrawing the reference.

3. JW at first agreed to the U.S. Trustee's motion to withdraw the reference to the bankruptcy court [*see* ECF No. 7 at 12, ¶ 12 n.9] but withdrew its support on January 17, 2024 [ECF No. 6], after the bankruptcy court issued a report and recommendation against withdrawal [ECF No. 1]. JW also filed a notice of its voluntary consent to entry of final orders by the bankruptcy court in the Miscellaneous Proceeding on April 29, 2024. [*Misc. Proc.*, ECF No. 116].

4. JW filed its Sur-Replies to the Rule 60 Motions in the Affected Cases on August 12, 2024. [*See, e.g.*, *J. C. Penney Direct Marketing Services, LLC*, No. 2:20-bk-20184 (Bankr. S.D. Tex.) ("JCP"), ECF No. 1534].

5. This Court withdrew its reference to the bankruptcy court on April 9, 2025 [ECF No. 31], and conducted a status hearing on May 22, 2025, which JW's attorneys attended [ECF No. 82].

6. On July 3, 2025, JW filed a Jury Demand for the first time. [ECF No. 85].

7. On July 7, 2025, the Court entered an Order acknowledging the filing of JW's Jury Demand [ECF No. 86 at 1] and stating, "[i]f a settlement is not reached by this deadline [July 15, 2025], the Court will set this case for trial." [*Id.* at 2].

## II. U.S. Trustee's Response[2] to JW's Jury Demand

### A. JW Has No Substantive Right to a Jury Trial Under the Seventh Amendment Because the Relief that the U.S. Trustee Seeks is Equitable, Not Legal.

8. The Seventh Amendment preserves "the right of trial by jury" in "[s]uits at common law." U.S. Const. amend. VII. It applies only to actions that are "legal in nature." *SEC v. Jarkesy*, 144 S. Ct. 2117, 2128 (2024) (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 53 (1989)). To determine whether a suit is legal in nature, a court must "consider the cause of action and the remedy it provides." *Id.* at 2129. Both factors compel the conclusion that the U.S. Trustee's Rule 60 motions and fee application objections are equitable, not legal, in nature.

9. First, the cause of action here—motions to vacate bankruptcy court orders approving professional employment applications under section 327 and fee applications under section 330—are equitable in nature because they can only arise in a bankruptcy case and because they invoke only substantive rights provided by the Bankruptcy Code ("Code").[3] *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1147 (9th Cir. 2007) (stating that examination of debtor's attorney fees under section 329 "is not analogous to a common-law cause of action ordinarily decided in English law courts in the late 18th century").

10. Second, the remedy here is also equitable. An action to compel the return of fees under section 328 and to impose civil sanctions for a professional's violation of the Bankruptcy Code's employment and compensation standards as well as the professionals' failure to disclose

---

[2] To the extent the Court could treat JW's Jury Demand as a motion to permit a jury trial in this case, Local Rule 7 requires responses to motions to be filed before submission to the Court and no later than 21 days from filing. To the extent a motion is necessary to determine that JW has no federal right to a jury trial in this case, *see, e.g.*, Fed. R. Civ. P. 39(a)(2), the U.S. Trustee respectfully requests the Court to treat this filing as such a motion.

[3] The same is true of the U.S. Trustee's objections to final fee applications in two cases; JW's applications invoke only substantive rights provided by the Code.

3

connections under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule(s)") 2014 derives from a court's residual equitable power to "issue any order . . . that is necessary or appropriate to carry out" a provision of the Code. 11 U.S.C. § 105(a).

> While monetary penalties generally indicate that a claim is "legal," remedies that merely "order a defendant to return unjustly obtained funds" are equitable. [citation omitted]. So where a violation calls for a monetary remedy designed "solely to 'restore the status quo,' " it does not trigger the Seventh Amendment jury-trial right. [citation omitted].

*In re Aquilino*, 135 F.4th 119, 131 (3d Cir. 2025) (ordering debtor's counsel to return all compensation paid by the debtor in a chapter 7 case and imposing sanctions for counsel's failure to disclose all compensation agreements as required by section 329 of the Bankruptcy Code and Bankruptcy Rule 2016).

11. The Rule 60 motions seek to restore the status quo ante before JW was improperly employed and awarded and paid fees from the estates in the Affected Cases by having the relevant employment and compensation orders vacated and requiring JW to return all of its compensation. By requiring the return of fees and canceling any entitlement to remaining fees (in the two cases with pending fee application objections), the U.S. Trustee's Rule 60 motions and application objections "are designed to restore the status quo and thus are quintessentially equitable." *Id.*

12. Because "the Bankruptcy Code provides both the right and remedy," JW has no Seventh Amendment right to a jury trial. *See id.* at 131-32.

### B. JW Waived any Claim to a Jury Trial Through Both Its Representations and Its Delay.

*1. By Affirmatively Representing to the Court that there would be no Jury Trial, JW Waived any Potential Claim to a Jury.*

13. JW objected to the U.S. Trustee's motion to compel the production of third-party discovery in the Miscellaneous Proceeding from JW's former ethics counsel [*see Misc. Proc.*, ECF No. 279], which forced the U.S. Trustee to initiate a contested discovery matter in the District of

Oregon. [*In re: Prof. Fee Matters Concerning the Jackson Walker Law Firm*, No. 3:24-MC-894 (D. Or.) ("Oregon Proceeding")].

14. During oral argument in the Oregon Proceeding, counsel for JW represented to the Oregon District Court that this litigation would not be tried by a jury:

> So we think one of the main protections within the case law and the rule are to prevent confusion by the factfinder. And in this case, **I want the Court aware that these cases will be tried to the court. These will not be jury trials**. So it's not going to – we will have a sophisticated factfinder who will make determinations as to what comes into evidence and what doesn't come into evidence.

[*Oregon Case*, ECF No. 32 at 47-48; Ex. A] (emphasis supplied).

15. Open-court waivers of jury trial claims are binding. *Country (Soc.) Club of Savannah, Inc. v. Sutherland*, 411 F.2d 599, 600 (5th Cir. 1969).

16. Even if JW had not waived any theoretical right it may have to a jury trial when it consented to the bankruptcy court's entry of final orders in this matter, JW affirmatively and unequivocally waived in open court any theoretical right it may have to a jury trial.

> 2. *JW Waived Any Potential Claim to a Jury Because Its Jury Demand is Not Timely.*

17. Even after withdrawal of a bankruptcy case's reference to the bankruptcy court, the Bankruptcy Rules still apply to that case. *Rosenberg v. DVI Receivables XIV, LLC*, 818 F.3d 1283, 1287 (11th Cir. 2016) (quoting Fed. R. Civ. P. 81(a)(2)); *In re Lac-Megantic Train Derailment Litig.*, 999 F.3d 72, 82 (1st Cir. 2021) (same). And withdrawal of the reference to the bankruptcy court cannot create a substantive right that the litigant did not previously possess under the Bankruptcy Rules. *See, e.g.*, *In re Farmers' Co-op of Arkansas & Oklahoma, Inc.*, 43 B.R. 619, 620 (Bankr. W.D. Ark. 1984) (denying judgment on the pleadings relief when Rule 12 was otherwise unavailable).

18. The Bankruptcy Rules, however, incorporate many Federal Rules of Civil Procedure ("Civil Rule(s)"), including Rule 38 ("Rule 38"), for a "bankruptcy case or proceeding." Fed. R. Bankr. P. 9015(a).[4]

19. Rule 38 requires a party demanding a jury "on any issue triable of right by a jury" to serve its demand "no later than 14 days after the last *pleading* directed to the issue is served." Fed. R. Civ. P. 38(b)(1) (emphasis added). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

20. Because JW has no "issue triable of right by a jury" under the Seventh Amendment, Rule 38 does not apply.[5]

21. Moreover, another reason Rule 38 does not apply is because the procedure for demanding a jury trial is predicated on the filing of a pleading, and motions or replies to motions are not pleadings. Fed. R. Civ. P. 7.[6] *See also In re John Q. Hammons Fall 2006, LLC*, 600 B.R. 436, 440 (Bankr. D. Kan. 2019) (confirming "a motion is not a 'pleading' as that term is used in the federal rules") (citations omitted).

---

[4] Bankruptcy Rule 9014 is the default rule governing "contested matters," such as the U.S. Trustee's Rule 60 motions: "In a contested matter not otherwise governed by these rules, relief must be requested by motion." Bankruptcy Rule 9014(c) specifies which Civil Rules apply in contested matters, but it also authorizes the Court to apply other Civil Rules (via Part VII of the Bankruptcy Rules) "at any stage of a contested matter."

[5] If these contested matters were still pending before the bankruptcy court and even if the U.S. Trustee consented to a jury trial there, JW would still have to establish that a "right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge . . . ." 28 U.S.C. § 157(e).

[6] Although Bankruptcy Rule 9014(c) does not automatically incorporate Civil Rule 7 for contested matters, because Bankruptcy Rule 9014(c) authorizes the Court to apply other Civil Rules, the Court may apply Bankruptcy Rule 7007 which incorporates Civil Rule 7 defining pleadings. Given that Rule 38 predicates timing and waiver on the filing of a "pleading," it would be logical to also apply Civil Rule 7.

22. But even if the Court were to treat the motion and replies as pleadings for purposes of Rule 38, JW's demand is untimely. JW filed its Sur-Replies in the Affected Cases on August 12, 2024, meaning any request for a jury trial was due within 14 days or no later than August 26, 2024.

23. JW's Jury Demand—assuming the Court were to apply Rule 38—is thus nearly a year delinquent and waived as a result.

### III.    Relief Requested

24. The U.S. Trustee respectfully requests that JW's Jury Demand be stricken or denied.

25. In the alternative, the U.S. Trustee respectfully requests a hearing or further opportunity to be heard on JW's claimed entitlement to a jury trial for any issue in this case.

Date: July 16, 2025

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Vianey Garza*
Millie Aponte Sall, Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
Alicia L. Barcomb, Trial Attorney
Tex. Bar No. 24106276/Fed. ID No. 3456397
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
vianey.garza@usdoj.gov
alicia.barcomb@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 16, 2025 a copy of the foregoing *United States Trustee's Response to Jackson Walker LLP's Jury Demand Pursuant to Fed. R. Civ. P. 38 Filed July 3, 2025*, was served via ECF transmission to all Pacer System participants in the above-captioned case.

                                            */s/ Vianey Garza*
                                            Vianey Garza