IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § | |
| § | |
| **Professional Fee Matters Concerning the** § | **Civil Action No. 4:23-cv-04787** |
| **Jackson Walker Law Firm.** § | |
| § | |
| § | |
| **Reorganized Debtors.** § | |

**MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

To the Honorable Alia Moses,
Chief United States District Judge:

The Seadrill Partners, LLC reorganized debtors ("***Seadrill Partners***" and prior to their respective plan's effective date, the "***Seadrill Partners Debtors***") and the Seadrill Limited reorganized debtors ("***Seadrill Limited***" and prior to their respective plan's effective date, the "***Seadrill Limited Debtors***") (collectively with Seadrill Partners, "***Seadrill***") file this *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "***Motion***"), and in support thereof, respectfully show the Court as follows:

**Relief Requested**

1. By this Motion, and in accordance with Bankruptcy Rule 9019(a), to the extent applicable, Seadrill requests that the Court enter an order approving the Settlement Agreement and Release (the "***Settlement***") between Jackson Walker LLP ("***JW***") and Seadrill that would resolve any and all claims and causes of action of any kind held by Seadrill against JW arising out of or related to the bankruptcy cases of Seadrill Partners, LLC, *et al.* (jointly administered under case number 20-35740) (the "***Seadrill Partners Bankruptcy Cases***"), the bankruptcy cases of Seadrill

-1-

Limited, *et al.* (jointly administered under case number 21-30427) (the "**Seadrill Limited Bankruptcy Case**") (collectively, the "**Bankruptcy Cases**"), and the miscellaneous proceeding captioned *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, now pending under case number 4:23cv4787 before the United States District Court for the Southern District of Texas (the "**Misc. Proceeding**").

2. A copy of the Settlement Agreement is attached as **Exhibit 1** to the proposed order attached to this Motion. In exchange for the mutual releases set forth in the Settlement Agreement, JW shall pay Seadrill $485,000.00 (the "**Settlement Amount**"), which shall vest in Seadrill pursuant to the terms of the confirmed plans in each of the respective Bankruptcy Cases.

## Jurisdiction and Venue

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Background

**The Seadrill Partners, LLC Bankruptcy Cases**

5. On December 1, 2020 (the "**Seadrill Partners Petition Date**"), the Seadrill Partners Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") thereby initiating the Seadrill Partners Bankruptcy Cases. The Seadrill Partners Bankruptcy Cases were assigned to Judge Jones.

6. On December 23, 2020, the Seadrill Partners Debtors filed their *Application to Retain Jackson Walker LLP as Co-Counsel and Local Counsel for the Debtors and Debtors-In-Possession* [Case No. 20-35740, Docket No. 110]. JW's employment application was approved without objection by former Judge Jones on January 15, 2021. [Case No. 20-35740, Docket No. 136].

7. On May 14, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Case No. 20-35740, Docket No. 570] (the "**Seadrill Partners Confirmation Order**"), confirming, as modified therein, the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 20-35740, Docket No. 562] (the "**Seadrill Partners' Plan**").

8. On May 24, 2021, the effective date of the Seadrill Partners' Plan occurred and the Seadrill Partners Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*. [Case No. 20-35740, Docket No. 586].

9. On July 8, 2021, JW filed its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from December 1, 2020 through May 14, 2021* (the "**Seadrill Partners Fee Application**") [Case No. 20-35740, Docket No. 643]. JW's Seadrill Partners Fee Application was approved without objection by order entered by former Judge Jones on August 10, 2021, awarding final allowance of compensation and reimbursement of expenses in the total amount of $288,502.25. [Case No. 20-35740, Docket No. 690].

10. On or about November 3, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "*U.S. Trustee*"), filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Partners Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Case No. 20-35740, Docket No. 835]. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Partners Bankruptcy Cases [Case No. 20-35740, Docket No. 877].

11. On January 10, 2024, Seadrill Partners filed its *Notice in Connection with the Jackson Walker LLP Fee Dispute* [Case No. 20-35740, Docket No. 857], acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Partners] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Partners]. All such Claims or interests were addressed in the confirmed Plan[,]" and that "the Reorganized [Seadrill Partners] Debtors have a direct pecuniary interest in the Fee Dispute."

12. For administrative purposes, on March 20, 2024, Seadrill Partners filed its *Emergency Motion for Entry of a Final Decree in the Seadrill Partners, LLC Case and to Reopen Seadrill Operating CP LLC Case for Administration of Fee Dispute* [Case No. 20-35740, Docket No. 881] ("*Administrative Motion*"). The Court granted the Administrative Motion on March 28, 2024, and entered a final decree in the Seadrill Partners' Bankruptcy Cases and opened the affiliate case for purposes of the JW fee dispute. [Case No. 20-35740, Docket No. 890].

13. On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 20-35760, Docket No. 14].

14. On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply. [Case No. 20-35760, Docket Nos. 16 & 18].

**The Seadrill Limited Bankruptcy Case**

15. On February 10, 2021 (the "***Seadrill Limited Petition Date***"), the Seadrill Limited Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court thereby initiating the Seadrill Limited Bankruptcy Cases. The Seadrill Limited Bankruptcy Cases were also assigned to former Judge Jones.

16. On March 8, 2021, the Seadrill Limited Debtors filed their *Application for Entry of an Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel* [Case No. 21-30427, Docket No. 250]. JW's employment application was approved without objection by former Judge Jones on April 5, 2021. [Case No. 21-30427, Docket No. 302].

17. On October 26, 2021, the Bankruptcy Court entered the *Order Confirming the Second Amended Joint Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1158] (the "***Seadrill Limited Confirmation Order***"), confirming, as modified therein, the *Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1109] (the "***Seadrill Limited Plan***").

18. On February 22, 2022, the effective date of the Seadrill Limited Plan occurred and the Seadrill Limited Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*. [Case No. 21-30427, Docket No. 1399].

19. On July 8, 2021, JW filed its *Third Interim and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from February 10, 2021 through October 26, 2021* (the "***Seadrill Limited Fee Application***") [Case No.

21-30427, Docket No. 1281] seeking final allowance of compensation and reimbursement of expenses in the total amount of $503,365.05. JW's Seadrill Limited Fee Application was approved without objection by order entered by former Judge Jones on January 7, 2022. [Case No. 21-30427, Docket No. 1340].

20. On November 3, 2023, the U.S. Trustee filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Limited Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Case No. 21-30427, Docket No. 1588]. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Limited Bankruptcy Cases [Case No. 21-30427, Docket No. 1621].

21. On April 15, 2024, Seadrill Limited filed its *Notice In Connection with the Jackson Walker LLP Fee Dispute* [Case No. 21-30427, Docket No. 1634], again acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Limited] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Limited][,]" and that "the Reorganized [Seadrill Limited] Debtors have a direct pecuniary interest in the Fee Dispute" and "are the sole parties with an interest in the returned funds."

22. On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 21-30427, Docket No. 1649].

23. On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply. [Case No. 21-30427, Docket Nos. 1659 & 1667].

24. JW disputes the merits of the U.S. Trustee's Rule 60 motions. JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Cases

or JW's acts or omissions in relation to the Bankruptcy Cases, and asserts, among other things, that the release and exculpation provisions of each of the confirmed Plans bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Cases.

25. Seadrill has participated in the Misc. Proceeding since its inception, including its counsel attending in excess of 10 fact witness and expert depositions, as well as propounded written discovery to JW, reviewed thousands of documents produced, and attended numerous hearings. Seadrill, though counsel, has attended multiple meetings and participated in regular calls with the U.S. Trustee and other trustees, debtors, plan administrators and plan agents in other bankruptcy cases. The parties to Misc. Proceeding engaged in discovery from May 2024 through December 2024, and a trial on the issue of vacatur of JW's final fee applications as raised in the U.S. Trustee's Rule 60 motions was set before the Honorable Chief Judge Eduardo V. Rodriguez for May 2025.

26. On April 9, 2025, the Honorable Chief United States District Judge Alia Moses entered a *Memorandum Opinion and Order* withdrawing the reference of these Bankruptcy Cases, among others. [*See* Civil Action No. 4:23-CV-4787-AM at Docket No. 31; *see also* Misc. Proc. No. 23-00645, at Docket No. 623].

27. On March 6, 2025, JW and Seadrill participated in a mediation regarding the allegations in the U.S. Trustee motions with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

28. While the mediation was unsuccessful, continued discussions between the parties in the months afterwards resulted in JW and Seadrill reaching a settlement that fully and completely settles and resolves the disputes between them on the terms and conditions set forth in the Settlement Agreement.

**Summary of Settlement Agreement**

29. The Settlement Agreement is straightforward. Within five business days of entry of an Order granting this Motion and such Order becoming a Final Order (as defined therein), JW will pay to Seadrill $485,000.00, and such amount shall vest in Seadrill pursuant to the terms of the confirmed plans in the Bankruptcy Cases. Within three business days of the Effective Date (as defined in the Settlement Agreement), Seadrill shall withdraw any related joinder, separate pleading or proceeding related to the JW matter, if any.

30. In exchange for this settlement payment, JW and Seadrill are providing mutual releases.

**Argument and Authorities**

31. Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." FED. R. BANKR. P. 9019(a). "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992)).

32. "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*…" *Id*. at 462. Those factors are:

> (i) The balance between the litigation's possibility of success and the settlement's future benefits;
>
> (ii) The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

(iii) The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(iv) Whether other parties in interest support the settlement;

(v) The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

(vi) The nature and breadth of releases to be obtained by [the settling party]; and

(vii) The extent to which the settlement is the product of arm's length bargaining.

See *Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

33. Seadrill contends that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Iridium*. The Settlement Agreement gives Seadrill and the Seadrill bankruptcy estates the full benefit of the Settlement Amount without the time, expense and uncertainty of continued and protracted litigation.

**A.   The balance between the litigation's possibility of success and the settlement's future benefits**

34. Seadrill contends that while the probability of success in the litigation against JW is high, there are a substantial questions remaining, including: (a) the amount of time it will take to litigate and/or recover against JW (including any applicable appeals); and (b) the amount of recovery Seadrill will realize through litigation when balanced against the cost of continuing that litigation. The Settlement Amount provides a significant recovery for Seadrill, eliminates the litigation risk associated with continuing to litigate the claims, and eliminates the need for

continued attorney fees and costs (including U.S. Trustee quarterly fees) associated with the litigation.

35. Seadrill submits there is a significant likelihood that the orders approving JW's fee applications will be vacated, thus opening up the possibility that fees paid to JW will be clawed back to the Seadrill estates. However, Seadrill acknowledges that case law does not necessarily mandate full disgorgement; thus, there is some litigation risk. And in any event, appeals would likely follow further extending the litigation timeline and increasing costs, which is significant in the Bankruptcy Cases given the relatively small amount of fees and expenses paid to JW.

36. The Settlement Agreement and Settlement Amount provides Seadrill with more than half of the fees awarded to JW.

**B.  The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment**

37. The litigation is complex, and it has been and will continue to be protracted (litigation commenced over twenty (20) months ago in November 2023). Indeed, while trial was set to commence in May 2025, that trial date has now been abated in light of the withdrawal of the reference. Now it appears that the trial will likely go forward in the District Court. However, as of this filing no trial date has been set, thus requiring continued monitoring which comes with its own accruing costs. Additionally, absent settlement, Seadrill will be forced to attend any future trial which would result in substantially more costs and fees being incurred by the Seadrill estates. More significantly, there are no other assets or matters to be dealt with in the Bankruptcy Cases, the only reason they have not been closed is the fee dispute litigation being settled herein, which is resulting in continued U.S. Trustee fees accruing.

38. A settlement now brings finality and eliminates any meaningful litigation and collection risk and attendant costs and expenses. However, that risk could (and cost would) increase with the passage of time and continued litigation.

C. **The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

39. This factor is not directly applicable to these Bankruptcy Cases. The unsecured creditors in these Bankruptcy Cases were allocated specific reserve amounts for their respective distribution and have already received those distributions. Pursuant to the terms of the respective Plans, the Settlement Amount will vest in Seadrill. Seadrill believes the Settlement Agreement removes any uncertainty of litigation, stops Seadrill from incurring further attorney's fees and expenses in connection with these disputes, and provides a substantial recovery for Seadrill. This is also a substantial step in bringing the administration of the Bankruptcy Cases to an end. Moreover, the settlement permits Seadrill to focus its time, energy and efforts on growing its core business and away from the Bankruptcy Cases.

D. **Whether other parties in interest support the settlement**

40. At this time, it is unclear whether other parties in interest support the settlement, but Seadrill will work with parties in interest to discuss the benefits of the settlement to parties in interests' concerns, if any.

E. **The nature and breadth of releases to be obtained by JW and Seadrill**

41. The Settlement Agreement contains customary broad mutual releases among JW and Seadrill. This is to bring finality to the claims and disputes between Seadrill and JW.

> **F.  The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations**

42. Counsel for Seadrill and JW are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates. The Settlement Agreement was reached after twenty (20) months of litigation, over seven (7) months of discovery, after the parties exchanged settlement proposals both prior to, at and after mediation. The settlement was reached following extensive arms-length negotiations conducted during mediation with two experienced mediators and retired Federal Judges and afterwards between two experienced bankruptcy counsel.

43. Seadrill recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation. Seadrill believes that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses. Seadrill has attempted to achieve a resolution that maximizes value for Seadrill and its estates. Consequently, Seadrill urges that the Settlement Agreement is fair, equitable, and in the best interest of the estates and all concerned parties.

WHEREFORE, Seadrill respectfully requests that the Court enter an order approving the Settlement Agreement and grant Seadrill other legal or equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/* Philip G. Eisenberg
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: peisenberg@troutman.com
simon.mayer@troutman.com

*Attorneys for the Seadrill Partners, LLC*
*Reorganized Debtors and the*
*Seadrill Limited Reorganized Debtors*

### Certificate of Service

I certify that on July 25th, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service in this case.

*/s/* Philip G. Eisenberg
Philip G. Eisenberg