**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 4:23-cv-04787-AM** |
| | § | |
| **PROFESSIONAL FEE MATTERS** | § | |
| **CONCERNING THE JACKSON** | § | |
| **WALKER LAW FIRM.** | § | |

---

**THE U.S. TRUSTEE'S OMNIBUS OBJECTION TO APPROVAL OF**
**PRIVATE PARTY SETTLEMENTS THAT**
**PREEMPT ADJUDICATION OF THE U.S. TRUSTEE'S RULE 60(b) MOTIONS**

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), objects to the private party motions seeking orders approving compromise and settlement of their respective claims against Jackson Walker LLP ("JW") under Bankruptcy Rule 9019 (collectively, the "Settlement Motions").[1] The U.S. Trustee files this objection on an omnibus and ongoing basis because it is anticipated that additional Settlement Motions on similar terms will be filed before trial (the "Omnibus Objection"). In support of this Omnibus Objection, the U.S. Trustee states:

## I.     Argument

The U.S. Trustee seeks full adjudication of his pending Rule 60(b) Motions for the *benefit of all stakeholders* in the bankruptcy system.[2] But the Settlement Motions seek to prematurely and improperly short circuit the U.S. Trustee's prosecution of his Rule 60(b) Motions. For the reasons set forth below, in addition to the arguments and authorities set forth in

---

[1] *See* [ECF Nos. 57 (*Brilliant Energy*), 90 (*Seadrill*), 91 (*Sungard*)]; *see also* [ECF Nos. 68 (*Basic Energy*), 69 (*4E Brands*)].

[2] *See Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 212–13 (2024) (The U.S. Trustee is "charged with promoting the integrity of the bankruptcy system for all stakeholders…").

the U.S. Trustee's previous Settlement Motion objections,[3] the Court should not grant the Settlement Motions but instead set this matter for trial.

### A.    The Settlement Motions ignore that an employment order is a prerequisite to receive compensation from the bankruptcy estate.

Two orders are required for a professional to be paid from the bankruptcy estate: (1) an employment order and (2) an order allowing compensation. A professional **cannot** be paid or retain even $1 of fees without an employment order. *Lamie v. U.S. Trustee,* 540 U.S. 526, 538 (2004) (holding that "§ 330(a)(1) does not authorize compensation awards to debtors' attorneys from estate funds, unless they are employed as authorized by § 327").

In 26 of the 33 Affected Cases (including all cases with a pending Settlement Motion), the U.S. Trustee's Rule 60(b) Motions seek vacatur of JW's employment orders.[4] The Settlement Motions jump straight to the payment of fees and presume that the employment orders will be deemed valid. This presumption ignores the U.S. Trustee's position that the employment orders entered by Judge David R. Jones should be vacated, a result that would deny JW any compensation—whether under the Settlement Motions or otherwise—because the Bankruptcy

---

[3] In the interest of judicial economy, this Objection incorporates by reference the U.S. Trustee's arguments and legal authorities as set forth in his previous Settlement Motion objections. *See* [ECF Nos. 68-69, 71]. The U.S. Trustee argues: (1) third parties may not "settle" *the U.S. Trustee's* contested matters without the U.S. Trustee's consent under Civil Rule 41; (2) JW can neither orchestrate the use of Bankruptcy Rule 9019 to circumvent the law, nor abrogate this Court's independent obligations to review an estate professional's conduct and fee requests under 11 U.S.C. §§ 327-330; and (3) even when a settlement has been reached agreeing to vacatur of an order, Bankruptcy Rule 9019 and its lower standard for the approval of settlements cannot be used to avoid the finding of extraordinary circumstances necessary to obtain the vacatur of a court order.

[4] The U.S. Trustee will offer sufficient evidence at trial to establish that vacatur of the employment orders should be granted. For example, the U.S. Trustee will offer email correspondence from JW general counsel and partner William R. Jenkins ("Mr. Jenkins") to JW ethics counsel regarding disclosure of the Freeman Jones relationship in the *Sungard* employment application. In that email correspondence, Mr. Jenkins states to ethics counsel: "We are not going include the proposed disclosure at this time. We may amend once we have a game plan." (H&K_0002246). The evidence will further show that no amendments were ever made.

Code does not authorize it.

The Court should reject the Settlement Motions' efforts to ratify portions of JW's fees before the threshold issue of whether JW should have been employed in the first place can be adjudicated.

**B.    Consideration of the Settlement Motions is unnecessary.**

With perhaps the exception of the *Brilliant Energy* chapter 7 matter,[5] none of the private parties with confirmed chapter 11 plans require a Court order to settle their individual claims against JW.

For example, each of the *Seadrill* confirmed plans of reorganization fully empower the reorganized debtors to resolve their claims without Court approval, or even invoking the Bankruptcy Rules. The order confirming *Seadrill Partners LLC's* plan provides that with regard to the vesting of reorganized debtor assets:

> On and after the Effective Date, except as otherwise provided in the Plan or Definitive Documentation, **each Reorganized Debtor** may operate its businesses and **may** use, acquire, or dispose of property and **compromise or settle any Claims, Interests, or Causes of Action <u>without supervision or approval by the Court</u> and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.**

[*Seadrill Partners LLC* ECF No. 570 at p. 32, ¶ 77] (emphasis supplied). The *Seadrill Limited* confirmation order contains an identical provision. [*Seadrill Limited* ECF No.1158 at p. 29, ¶ 73].

*Sungard's* confirmed plan likewise empowers it to resolve its claims without Court approval:

> In accordance with the provisions of the Plan, pursuant to Bankruptcy Rule 9019, **<u>without any</u>** further notice to or action, **<u>order, or approval of the Bankruptcy Court</u>**, after the Effective Date, the Debtors or **the Plan Administrator**, as applicable, **may compromise and settle** Claims against the Debtors and their Estates and **Causes of Action against other Entities.**

[*Sungard AS New Holdings* ECF No. 763 at 83, Art. XII.A] (emphasis supplied).

---

[5] *In re Brilliant Energy, LLC*, Case No. 21-90636.

3

Notwithstanding these terms, the Settlement Motions offer no explanation for why Court orders are necessary to resolve the private parties' claims and potentially require 33 separate evidentiary hearings. As the Court observed previously, the request for needless orders demonstrates JW's gamesmanship targeted at evading the relief requested by the U.S. Trustee, before the U.S. Trustee can even present his case at trial.[6] The Court should reject the Settlement Motions, not only because they attempt to fulfill an impermissible purpose but also because they are an inefficient and unnecessary use of judicial resources.

### C.    The Settlement Motions should be heard at trial on the U.S. Trustee's Rule 60(b) Motions.

A trial on the U.S. Trustee's Rule 60(b) Motions, as opposed to unnecessary piecemeal litigation, is the most efficient and best means to resolve the matters for all stakeholders. The relief sought through the Rule 60(b) Motions may not only moot the Settlement Motions, but also assure integrity within the U.S. Bankruptcy Court for the Southern District of Texas. *Cf. Van Deelen v. Jones*, No. 4:23-CV-03729-AM, 2024 WL 3852349, at *18 (S.D. Tex. Aug. 16, 2024) (Moses, C.J.) ("[T]his case requires us to focus on the responsibilities that Article III courts must shoulder to ensure the integrity of the Bankruptcy Court and its processes.") (quoted source omitted).

To restore that integrity, the U.S. Trustee seeks:

        a.  Vacatur of the orders approving JW's employment and granting JW's interim and final fee applications;

---

[6] The Court observed at the status hearing on May 22, 2025:

> THE COURT: Because I'm seeing this as an end around this particular case, all these individual settlements. It's people trying to get around the fact that this case is pending before this Court. That's the way I see it, and those are the kind of games that I've been talking about all morning since I took the bench, is I'm kind of tired of this game-playing by the attorneys.

(May 22, 2025, Hr'g Tr. 29:8-14).

      b.  Sanctions against JW for its violations of the Bankruptcy Code, Bankruptcy Rules, their fiduciary duties, the Local Rules, and the Disciplinary Rules by ordering the return of any paid fees and expenses; ***and***

      c.  Such other and further relief as this Court deems just and appropriate.

*See, e.g.*, [*Seadrill Limited* ECF No. 1621 at 54].

The "such other and further relief" may, in the Court's discretion, include:

      a.  admonishment of JW and/or one or more JW attorneys;

      b.  suspension of the ability of JW and/or one or more JW attorneys to practice before this Court;

      c.  completion of continuing legal education in ethics by one or more JW attorneys;

      d.  requirement that one or more JW attorneys report this Court's judgment to their clients, parties, including, but not limited to, creditors and the court in other bankruptcy cases in this district in which it seeks retention or compensation as an estate professional, and the state bar; supplemental referrals for disciplinary proceedings under Local Rule 6 of one or more JW attorneys;

      e.  injunction requiring JW to develop, obtain court-approval, implement in cases before this Court, comprehensive and effective procedures for identifying and reporting conflicts of interest;

      f.  fines;

      g.  attorney's fees; and

      h.  that pursuant to its inherent authority under 11 U.S.C. § 105(a), the Court may impose any other remedies it believes is warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991).

The above remedies are broader, and more curative than a partial disgorgement of fees to a private party alone. A full trial is necessary to ensure the Court can consider all evidence and remedies within a single proceeding. At that time, the Court may also consider the private parties' views as to the value of their individual claims. The U.S. Trustee stands ready to proceed to trial.

## II.    CONCLUSION

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court deny the Settlement Motions, alternatively, postpone their consideration until trial, and grant such other relief as is just and proper. The U.S. Trustee reserves the right to supplement this Omnibus Objection as may be appropriate.

Date: August 15, 2025                                   Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE
REGION 7, SOUTHERN AND WESTERN
DISTRICTS OF TEXAS

By: */s/ Laura D. Steele*
    Millie Aponte Sall, Assistant U.S. Trustee
    Tex. Bar No. 01278050/Fed. ID No. 11271
    Vianey Garza, Trial Attorney
    Tex. Bar No. 24083057/Fed. ID No. 1812278
    Laura D. Steele, Trial Attorney
    Wis. Bar No. 1065702/Fed. ID No. 3878215
    515 Rusk, Suite 3516
    Houston, Texas 77002
    (713) 718-4650 – Telephone
    (713) 718-4670 – Fax
    Email: millie.sall@usdoj.gov
           vianey.garza@usdoj.gov
           laura.steele@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on August 15, 2025, a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Clerk of Court's CM/ECF system.

*/s/ Laura D. Steele*
Laura D. Steele