**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Professional Fee Matters Concerning the** | § | Civil Action No. 4:23-cv-04787 |
| **Jackson Walker Law Firm.** | § | |
| | § | |
| | § | |
| | § | |

**SEADRILL'S RESPONSE TO THE U.S. TRUSTEE'S OMNIBUS OBJECTION TO**
**APPROVAL OF PRIVATE PARTY SETTLEMENT THAT PREEMPT**
**ADJUDICATION OF THE U.S. TRUSTEE'S RULE 60(B) MOTIONS**
(Related to Docket Nos. 90 and 93)

To the Honorable Alia Moses,
Chief United States District Judge:

The Seadrill Partners, LLC reorganized debtors ("*Seadrill Partners*" and prior to their respective plan's effective date, the "*Seadrill Partners Debtors*") and the Seadrill Limited reorganized debtors ("*Seadrill Limited*" and prior to their respective plan's effective date, the "*Seadrill Limited Debtors*") (collectively with Seadrill Partners, "*Seadrill*") file this *Response to the U.S. Trustee's Omnibus Objection to Approval of Private Party Settlement that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions* (the "*Response*"), and in support thereof, respectfully show the Court as follows:

**Objection**

1.     The U.S. Trustee's objection to Seadrill's *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "*9019 Motion*") and Seadrill's proposed settlement (the "*Settlement*") with Jackson Walker LLP ("*JW*") is misplaced and should be overruled for the following reasons:

> (i)     The U.S. Trustee asserts that Seadrill's confirmed chapter 11 plan authorizes Seadrill to settle its claims with JW without either supervision or

approval by the Court. If the U.S. Trustee is correct and the 9019 Motion is unnecessary, then the U.S. Trustee lacks standing to object to it.

(ii)    The 9019 Motion was filed with the Court to provide full transparency and to avoid further allegations of gamesmanship.

(iii)    Seadrill's Settlement with JW is limited to claims between Seadrill and JW and does not settle the U.S. Trustee's Rule 60(b) Motion claims.

## I.    The U.S. Trustee lacks standing to object to the Settlement

2.    In its Response, the U.S. Trustee asserts that consideration of the Settlement by this Court is unnecessary because Seadrill's confirmed plan authorizes it to settle any claims or causes of action it may have "without supervision or approval by the Court . . . ." The U.S. Trustee acknowledges that Seadrill is settling its claims against JW. The U.S. Trustee lacks any interest in Seadrill's claims. If the U.S. Trustee is correct, then on what grounds may the U.S. Trustee object to such settlement? If the U.S. Trustee has no interest in Seadrill's claims or their settlement, then the U.S. Trustee lacks standing to object to them.

3.    Seadrill requested that the U.S. Trustee provide language to insert in the 9019 Motion's proposed order to preserve whatever claims and/or rights the U.S. Trustee may have related to its Rule 60 Motion. Such language should alleviate the U.S. Trustee's concern regarding the proposed Settlement. To date, the U.S. Trustee has not provided any such proposed language.

## II.    Full Transparency

4.    The U.S. Trustee complains that the various settlement motions are unnecessary, but then argues the settlements are gamesmanship and should be denied. At the May 22, 2025 hearing, this Court expressly stated it was tired of what it viewed as gamesmanship. The Court also instructed the parties that there would be one hearing on all of the settlements. [Hr'g Tr. 102:21–103:19, May 22, 2025]. The 9019 Motion was filed to address these articulated concerns by the Court.

5.      First, it avoids any inference of gamesmanship by providing the Court, the U.S. Trustee and any other interested parties with transparency.  It was also filed for this Court's determination so as to avoid any suggestion that the Settlement attempts to avoid this Court's jurisdiction.

6.      Second, it complies with the Court's direction that all of the settlements be filed in this Court in order to provide a single forum for a single settlement hearing.  A single hearing on all of the settlements will provide an efficient use of the parties' time and the Court's resources. Additionally, approval of these settlement will narrow the issues in the ongoing litigation as the various private parties (trustees, plan agents and reorganized debtors) will no longer need to participate and argue their respective cases, thus saving significant ongoing costs associated with this litigation to the detriment of the ultimate stakeholders in the various settled matters.

**III.    The Settlement is limited to claims between Seadrill and JW**

7.      The U.S. Trustee's objection to Seadrill's 9019 Motion fundamentally misstates Seadrill's Settlement with JW.  The Settlement does not seek to settle the U.S. Trustee's claims brought in the Rule 60(b) Motion.  The Settlement does not seek to circumvent or abrogate this Court's ability to review an estate professional's conduct.  The Settlement seeks to settle Seadrill's claims against JW.

8.      By its terms, the Settlement is limited to claims between Seadrill and JW.  As set forth in the Settlement and explained in the 9019 Motion, the Settlement seeks to resolve claims held by "Seadrill against JW arising out of or related to the bankruptcy cases of Seadrill Partners, LLC, *et al.* (jointly administered under case number 20-35740) (the "*Seadrill Partners Bankruptcy Cases*"), the bankruptcy cases of Seadrill Limited, *et al.* (jointly administered under case number 21-30427) (the "*Seadrill Limited Bankruptcy Case*") (collectively, the "*Bankruptcy*

3

*Cases*"), and the miscellaneous proceeding captioned *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, now pending under case number 4:23cv4787 before the United States District Court for the Southern District of Texas (the "***Misc. Proceeding***")." [Docket No. 90, p1–2]. As noted at the May 22, 2025 hearing, Seadrill's claims against JW include prepetition claims, post-petition claims and claims incurred during the Bankruptcy Cases. [Hr'g Tr. 79:25–80:7, May 22, 2025].

9.    Seadrill's claims are independent of the U.S. Trustee's Rule 60 Motion claims. [*Id.*]. Seadrill's settlement of its claims does not settle the U.S. Trustee's claims. It does not prohibit the U.S. Trustee from continuing to pursue its vacatur of either the order authorizing JW's employment or the order granting JW's final fee application. Nor does it prohibit the U.S. Trustee from seeking to have sanctions (monetary or otherwise) imposed against JW.

10.    The Settlement resolves Seadrill's independent claims it has against JW. If the U.S. Trustee wants to continue to prosecute its own claims, Seadrill does not seek to limit it.[1]

### Conclusion

11.    There is nothing in the Settlement prohibiting the U.S. Trustee from continuing to pursue its relief against JW. The U.S. Trustee's efforts to assure integrity to the U.S. Bankruptcy Court may proceed and ultimately go to trial. The fact that the U.S. Trustee continues to prosecute its claims against JW, does not and should not affect Seadrill's ability to settle its own independent claims with JW. Seadrill, and the other settling parties, should be allowed to make their own decisions regarding resolution of their claims against JW.

---

[1]  From discussions with the U.S. Trustee's counsel, counsel for Seadrill understands that to the extent any portion of the Seadrill Settlement is allocable to reduce fee disgorgement sought by the U.S. Trustee, the U.S. Trustee does not seek to have JW disgorge the same fees twice. Whether any portion of the Seadrill Settlement should be allocated to reduce any fee disgorgement that JW may be called to do, is simply not an issue for the 9019 Motion as no such allocation has been made.

12.     Moreover, one of the very reasons to settle is to avoid the risk, costs and fees associated with a trial and any future appeals.

13.     The U.S. Trustee may go to trial and seek whatever relief it asserts is appropriate. Seadrill made a business judgment regarding the resolution of its claims against JW.  That Settlement does not prohibit the U.S. Trustee from continuing to pursue its claims against JW.  For the above reasons, the U.S. Trustee's objection to the Motion should be overruled and the 9019 Motion should be granted.

Seadrill respectfully requests that the Court enter an order approving the Settlement and grant Seadrill any other legal or equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: phil.eisenberg@troutman.com
         simon.mayer@troutman.com

***Attorneys for the Seadrill Partners, LLC***
***Reorganized Debtors and the***
***Seadrill Limited Reorganized Debtors***

## Certificate of Service

I certify that on September 5, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service in this case.


*/s/ Philip G. Eisenberg*
Philip G. Eisenberg