UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **PROFESSIONAL FEE MATTERS** | § | Civil Action No. 4:23-cv-04787 |
| **CONCERNING THE JACKSON** | § | |
| **WALKER LAW FIRM** | § | |
| | § | |

**MOTION FOR ENTRY OF ORDER APPROVING COMPROMISE OF
CONTROVERSY UNDER BANKRUPTCY RULE 9019**

**TO THE HONORABLE ALIA MOSES, CHIEF UNITED STATES DISTRICT JUDGE:**

Patrick Bartels, as Trustee for the Strike Liquidating Trust (the "**Trustee**"), files this

Motion for Entry of Order Approving Compromise of Controversy under Bankruptcy Procedure

9019 (the "**Motion**") and respectfully states as follows:

**Summary of Relief Requested**

1.      The Trustee seeks entry of an order approving the Settlement Agreement and

Release (the "**Settlement Agreement**") between the Trustee and Jackson Walker, LLP ("**JW**").

Pursuant to the terms of the Settlement Agreement, JW will pay the Trustee the total amount of

$440,000.00 (the "**Settlement Amount**") and the parties will exchange mutual releases.

2.      A copy of the Settlement Agreement is attached as **Exhibit A** to the proposed order

attached to this Motion.

**Jurisdiction and Venue**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a

core proceeding under 28 U.S.C. § 157.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The basis for the relief requested herein is Rule 9019[1] of the Federal Rules of Bankruptcy Procedure.

## Background

### A. The Strike Bankruptcy Cases.

6.    On December 6, 2021 (the "**Petition Date**"), Strike, LLC and certain of its affiliates (the "**Debtors**")[2] filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, commencing the chapter 11 cases jointly administered under Bankruptcy Case No. 21-90054 (the "**Strike Bankruptcy Cases**").[3]

7.    On January 6, 2022, the Debtors filed their Application to Retain Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession [Docket No. 363].

8.    On February 4, 2022, the Bankruptcy Court entered an Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel for the Debtors and Debtors in Possession [Docket No. 661] without an objection filed by any party-in-interest.

9.    On May 17, 2022, the Bankruptcy Court entered its Order (I) Approving the Disclosure Statement, (II) Confirming the Debtors' Joint Chapter 11 Plan of Liquidation, and (III) Granting Related Relief [Docket No. 1111] (the "**Confirmation Order**") confirming the Second

---

[1] Article XI.B. of the Plan (defined below) provides that the Trustee may compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules. Nonetheless, the Trustee files this Motion under Bankruptcy Rule 9019 and seeks approval from this Court to provide transparency to the Court and parties-in-interest with regard to their settlement with JW.

[2] The Debtors in the Strike Bankruptcy Cases are Strike, LLC; STH ShellCo LLC (f/k/a Strike HoldCo, LLC); Delta Directional Drilling, LLC; SGH ShellCo LLC (f/k/a Strike Global Holdings, LLC); CIS ShellCo LLC (f/k/a Capstone Infrastructure Services, LLC); and Crossfire, LLC.

[3] Unless otherwise noted, the docket entries referenced in the Motion refer to the docket in Bankruptcy Case No. 21-90054.

Modified Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation of Strike, LLC and Its Affiliated Debtors [Docket No. 1094] (the "**Plan**"). The Effective Date of the Plan occurred on June 6, 2022.

10.    On June 6, 2022, the Debtors filed their Notice of (I) Entry of Confirmation Order (II) Occurrence of the Effective Date, and (III) Related Bar Dates [Docket No. 1151].

11.    On July 12, 2022, JW filed its First Interim Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 6, 2021 Through March 31, 2022 [Docket No. 1204]. There were no objections filed to JW's first interim fee application.

12.    On July 21, 2022, JW filed its Second and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 6, 2021 Through May 17, 2022. [Docket No. 1220].  There were no objections filed to JW's final fee application.

13.    On August 18, 2022, the Bankruptcy Court entered a Final Order Allowing Compensation and Reimbursement of Expenses filed by JW [Docket No. 1248].

**B. The Miscellaneous Proceeding.**

14.    On or about November 3, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "**UST**"), filed his Motion for Relief From Judgment or Order Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving Any Jackson Walker Applications For Compensation and Reimbursement of Expenses (the "**Rule 60(b) Motion**") [Docket No. 1471].

15.    On December 8, 2023, a Case Management Order was entered noting that Chief Bankruptcy Judge Eduardo Rodriguez ("**Chief Judge Rodriguez**") had commenced and would

preside over Miscellaneous Proceeding No. 23-00645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* (the "**JW Proceeding**") in the Bankruptcy Court.

16.     On January 12, 2024, the Trustee, on behalf of the Strike Liquidating Trust, filed a Notice in Connection with the Jackson Walker, LLP Fee Dispute asserting standing and/or indispensable party status [Docket No. 1528].

17.     On February 29, 2024, the U.S. Trustee filed his Amended Motion for (1) Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief (the "**Amended Rule 60(b) Motion**"). The Rule 60(b) and the Amended Rule 60(b) Motions are referred to as the "**UST Motions**."

18.     On May 22, 2024, JW filed its Response in Opposition to the UST's Motions [Docket No. 1603].

19.     On July 1, 2024, the UST filed his Reply to JW Response in Opposition [Docket No. 1695].

20.     On August 12, 2024, JW filed its Sur-Reply to the UST's Reply [Docket No. 1750].

21.     JW disputes the merits of the UST's Motion. JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Chapter 11 case or JW's acts or omissions in relation to the Chapter 11 case and asserts, among other things, that the release and exculpation provisions of the confirmed Plan bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Chapter 11 case. The Trustee disagrees with JW's alleged defenses and believes that the release and exculpation provisions of the Plan will provide no defense for JW in a trial of the UST Motions.

22.    The Trustee has participated in this proceeding since its inception by remotely attending depositions, reviewing documents filed in the case, and regularly conferring with the UST.  The Trustee also participated in the mediation that occurred between JW and various parties in March 2025 which resulted in the execution of the Settlement Agreement.  The Honorable (Ret.) District Judge Gary Fees and the Honorable (Ret.) District Judge Royal Ferguson served as co-mediators.

## Proposed Settlement and Compromise

23.    As more fully set forth in the Settlement Agreement, JW and the Trustee have agreed to the following:

- Within three (3) business days after the Effective Date in the Settlement Agreement, JW will pay the sum of $440,000 (the "Settlement Payment") to the Trustee; and

- The Trustee and JW will provide each other broad mutual releases, including any claims related to the relationship between Elizabeth Freeman and former Judge Jones.

## Merits of Compromise

24.    The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968).  *TMT Trailer* requires that a compromise must be "fair and equitable."  *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the settlement is reasonable in relation to the likely rewards of litigation.  *In re*

*Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

25.     In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

(i)      the probabilities of ultimate success should the claim be litigated;

(ii)     the complexity, expense, and likely duration of litigating the claim;

(iii)    the difficulties of collecting a judgment rendered from such litigation;

(iv)     the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(v)      whether other parties in interest support the settlement;

(vi)     the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the nature and breadth of releases to be obtained by [the settling party]; and

(vii)    the extent to which the settlement is the product of arm's length bargaining.

*TMT Trailer*, 390 U.S. at 424.  The Trustee believes that the proposed settlement satisfies the requirements established by the Supreme Court in *TMT Trailer*.

## Analysis of Proposed Compromise

### A.  Probabilities of Ultimate Success.

26.     The Trustee believes that if the matter was fully litigated, there is a significant likelihood that the order approving JW's Final Fee Application will be vacated, thus opening up the possibility that JW would have to disgorge some of its fees from the Strike Bankruptcy Cases. However, JW has alleged numerous defenses to the claim and has expressed its commitment to fully defending through trial and appeal, if necessary.  Accordingly, there are substantial questions concerning: (i) the amount of time it will take to litigate and/or recover against JW (including any

applicable appeals); and (ii) the amount of recovery the Trustee will realize through litigation when balanced against the cost of continued litigation.

27.    The Settlement Amount provides a significant recovery for the Strike Liquidating Trust for payment to its beneficiaries in accordance with the confirmed Plan and eliminates the risk and cost of continued litigation with JW.

28.    Both parties acknowledge that a certain degree of uncertainty always exists with respect to litigation.  The Trustee believes that the proposed settlement and compromise fairly recognizes his anticipated recovery on the claims without litigation. The parties have attempted to achieve a resolution that minimizes the potential damage and risk to all parties.

29.    The Trustee believes that the proposed compromise is in the best interest of the Strike Liquidating Trust. The compromise provides for a payment by JW of $440,000.00.  Given the inherent risk in litigation, the Trustee believes this is a reasonable compromise. For these reasons, the Trustee believes this factor weighs in favor of the proposed compromise.

**B. Complexity, Expense and Likely Duration.**

30.    The litigation is quite factually and legally complex, and it will undoubtedly be hotly contested at any trial and beyond.  The litigation has already spanned almost two (2) years. As of this filing, no trial date has been set, thus requiring continued monitoring, which comes with its own accruing costs. Additionally, absent settlement, the Trustee will be forced to attend any future trial which would result in substantially more costs and fees being incurred by the Strike Liquidating Trust.

31.    More significantly, there are less than a handful of remaining unresolved matters in the Strike Bankruptcy Case and all but the JW Fee Dispute are expected to be resolved within the next 90 days.  Approval of this Settlement Agreement will allow for a quicker distribution to the

beneficiaries of the Strike Liquidating Trust and end the continued expenses that have been accruing, including but not limited to the UST's fees.

32.    The Trustee believes this factor strongly weighs in favor of the proposed compromise.

**C.  Difficulties in Collection.**

33.    If a judgment were rendered in an amount sought by the Trustee, the Trustee believes he would be able to recover from JW.  This factor is neutral with respect to the proposed compromise.

**D.  Paramount Interests of Creditors.**

34.    This factor is not directly applicable to the Strike Bankruptcy Cases. The unsecured creditors are beneficiaries of the Strike Liquidating Trust based on their respective allowed claims. Under the terms of the Settlement Agreement, the Settlement Amount will be paid to the Strike Liquidating Trust and distributed to all beneficiaries in accordance with the terms of the Plan. Moreover, the settlement removes any uncertainty of litigation, stops the Trustee from incurring further attorney's fees and expenses in connection with these disputes, and provides a substantial recovery. As noted above, this is also a substantial step in bringing the administration of the Strike bankruptcy cases to an end.

**E.  Other Parties Support of the Settlement.**

35.    At this time, the Trustee is unaware of whether other parties in interest support the settlement, but the Trustee has disclosed the terms of the settlement to various parties in interest and no parties in interest have provided any opposition to the proposed settlement.

**F.  Nature and Breadth of Releases.**

36.     The aim of the Settlement Agreement was to bring finality to the disputes between the Trustee and JW.  Accordingly, the Settlement Agreement contains broad mutual releases between the Trustee and JW. Accordingly, the Trustee believes this factor supports the proposed settlement.

**G.  Competency, Experience, Knowledge, and Arms-Length Nature of Settlement.**

37.     Counsel for the Trustee and JW are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates. The Settlement Agreement was reached after twenty (20) months of litigation, over seven (7) months of discovery, and following extensive arms-length negotiations conducted during mediation with two experienced mediators and retired Federal Judges.

38.     While uncertainty always exists with continued litigation, the Trustee believes that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses. The Trustee has attempted to achieve a resolution that maximizes value for the Strike Liquidating Trust and its beneficiaries. The Trustee believes that the Settlement Agreement is fair, equitable, and in the best interest of the estates.

Accordingly, the Trustee requests that this Court approve the proposed settlement and compromise set forth above and grant such other relief as is just.

**Dated: September 24, 2025.**

Respectfully submitted,

**McCLOSKEY ROBERSON WOOLLEY, PLLC**

By:_/s/ Thomas A. Woolley, III_____
    Thomas A. Woolley, III
    SBOT: 24042193
    Timothy M. McCloskey
    SBOT: 13417650
    Carissa N. Brewster
    SBOT: 24122933
    190 TC Jester Blvd., Suite 400
    Houston, TX 77007
    713-337-3900
    713-337-3915 (fax)
    rwoolley@mrwpllc.com
    tmccloskey@mrwpllc.com
    cbrewster@mrwpllc.com
    ***Counsel for Patrick Bartels, Liquidating Trustee***

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served via ECF on parties receiving ECF service in the above-referenced case on September 24, 2025.

    _/s/ Thomas A. Woolley, III_____
    Thomas A. Woolley, III