IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 4:23-cv-04787-AM |
| | § | |
| PROFESSIONAL FEE MATTERS | § | |
| CONCERNING THE JACKSON | § | |
| WALKER LAW FIRM. | § | |

### THE U.S. TRUSTEE'S RESPONSE TO J.C. PENNEY'S BANKRUPTCY RULE 9019 SETTLEMENT MOTION

Kevin M. Epstein, United States Trustee for the Southern District of Texas (the "U.S. Trustee"), previously objected to several motions[1] seeking this Court's approval for settlements of individual private party claims against Jackson Walker LLP ("JW") through Bankruptcy Rule 9019 ("Rule 9019").[2] The J.C. Penney[3] Plan Administrators have now filed a settlement motion and also seek a Court order under Rule 9019. [ECF No. 96].

Although JW and J.C. Penney may settle their disputes, neither J.C. Penney's confirmed plan of reorganization,[4] the Bankruptcy Code, nor the Bankruptcy Rules authorize or require a Court order to approve that settlement.[5]

---

[1] The U.S. Trustee incorporates by reference the arguments and legal authorities set forth in his previously filed objections as applicable. *See* [ECF Nos. 68-69, 71, 93].

[2] *See* [ECF Nos. 57 (*Brilliant Energy*), 90 (*Seadrill*), 91 (*Sungard*)]; *see also* [ECF Nos. 68 (*Basic Energy*), 69 (*4E Brands*)].

[3] "J.C. Penney" refers to Old Copper Company Inc., f/k/a J. C. Penney Company Inc. and Copper Sub Corporation, Inc., f/k/a J. C. Penney Corporation, Inc., as Wind Down Debtors in J. C. Penney Direct Marketing Services LLC.

[4] *See*, *e.g.*, Case No. 20-20182 at ECF No. 2190, ¶ 84.

[5] J.C. Penney can settle its disputes with JW and file a stipulation dismissing its adversary proceeding. *See* Fed. R Civ. P. 41(a)(1)(A)(2) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7041). That is all J.C. Penney needs to do. Furthermore, Rule 9019 motions may only be filed by a "trustee"—specifically, a chapter 7 or 11 trustee or pre-confirmation chapter 11 debtor-in-possession. *See* Fed. R. Bankr. P. 9019(a) (referring only to the "trustee's motion"); *see also, e.g.*, 11 U.S.C. §§ 704(a) (listing chapter 7 trustee duties), 1106(a) (listing chapter 11

The Court should therefore not enter an order approving the settlement motion.

Date: September 30, 2025                    Respectfully Submitted,

                                        KEVIN M. EPSTEIN
                                        UNITED STATES TRUSTEE
                                        REGION 7, SOUTHERN AND WESTERN
                                        DISTRICTS OF TEXAS

                                        By: */s/ Laura D. Steele*
                                            Millie Aponte Sall, Assistant U.S. Trustee
                                            Tex. Bar No. 01278050/Fed. ID No. 11271
                                            Vianey Garza, Trial Attorney
                                            Tex. Bar No. 24083057/Fed. ID No. 1812278
                                            Laura D. Steele, Trial Attorney
                                            Wis. Bar No. 1065702/Fed. ID No. 3878215
                                            515 Rusk, Suite 3516
                                            Houston, Texas 77002
                                            (713) 718-4650 – Telephone
                                            (713) 718-4670 – Fax
                                            Email: millie.sall@usdoj.gov
                                                               vianey.garza@usdoj.gov
                                                               laura.steele@usdoj.gov

**CERTIFICATE OF SERVICE**

    I certify that on September 30, 2025, a copy of the foregoing Response was served on all parties entitled to electronic notice through the Clerk of Court's CM/ECF system.

                                          */s/ Laura D. Steele*
                                          Laura D. Steele

---

trustee duties); 1107(a) (granting chapter 11 debtors-in-possession most rights of a chapter 11 trustee). Because J.C. Penney is a post-confirmation entity, Rule 9019 does not apply here.