United States District Court
Southern District of Texas
**ENTERED**
November 13, 2025
Nathan Ochsner, Clerk

FILED
NOV 12 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re Professional Fee Matters Concerning the Jackson Walker Law Firm | § § § § § § § Civil Action No. 4:23-CV-4787-AM |

## ORDER

Before the Court is the United States Trustee for Region 7 ("U.S. Trustee")'s Motion to Consolidate Professional Fee Matters ("Vacatur Motions")[1] in 34 Bankruptcy Cases [ECF No. 54] ("Affected Bankruptcy Cases"); Jackson Walker, LLP ("Jackson Walker")'s Demand for a Jury Trial [ECF No. 85]; multiple Motions for Settlement Approval [ECF Nos. 57, 90, 91, 96, 97, 98, 100, 108]; [*In re Basic Energy Servs., Inc.*, No. 21-90002 (Bankr. S.D. Tex.), ECF No. 1884]; [*In re 4E Brands Northamerica, LLC*, No. 22-50009 (Bankr. S.D. Tex.), ECF No. 715] ("Settlement Motions"); as well as various other motions (collectively, the "Miscellaneous Motions") which remain pending in the Affected Bankruptcy Cases, as well.[2] Additionally, and although not part of the U.S. Trustee's Vacatur Motions, similar allegations have been raised in Adversary Proceeding No. 25-2002 (*Old Copper Company Inc. f/k/a JC Penney Company Inc. v. Jackson Walker L.L.P*) ("Adversary Proceeding No. 25-2002"). After due consideration, the U.S. Trustee's Motion to Consolidate is **GRANTED**. Jackson Walker's Demand for a Jury Trial is **DENIED**. The Court **REFERS** the merits of the U.S. Trustee's Vacatur Motions along with all the Miscellaneous

---

[1] The term Vacatur Motions includes related briefings on the motions.

[2] The U.S. Trustee provided a list of ancillary pleadings to be consolidated with the Vacatur Motions. (ECF No. 54-2.) The Court considers most but not necessarily all the ancillary pleadings within the term Miscellaneous Motions. Miscellaneous Motions refers to: motions for joinder; motions of the U.S. Trustee to reopen; motions on the U.S. Trustee's standing to seek vacatur; motions on parties-in-interest and indispensable parties; and all associated briefing. These motions referred to Chief Judge Rodriguez.

Motions in the Affected Bankruptcy Cases and Adversary Proceeding No. 25-2002 to the Honorable Eduardo V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas, for a report and further recommendations. All Settlement Motions are **HELD IN ABEYANCE** pending Chief Judge Rodriguez's report and further recommendations to this Court.

## I. BACKGROUND

These motions arise from former U.S. Bankruptcy Judge David Jones's ("Jones")[3] alleged unethical manipulation and abuse of judicial authority. Jones engaged in a secret intimate relationship with his former-law clerk turned Jackson Walker-partner, Elizabeth Freeman. *See, e.g.*, *In re Westmoreland Coal Co.*, No. 18-35672 (Bankr. S.D. Tex.) (ECF No. 3360 at 2.) This relationship raised questions and may have tainted matters in the Affected Bankruptcy Cases underlying the various motions before this Court. In all cases, Jones either presided over the bankruptcy matters or served as a judicial mediator. *See, e.g.*, *In re Energy Servs. P.R., LLC, et al.*, No. 20-32680 (Bankr. S.D. Tex.) (ECF No. 27 at 5.) Jackson Walker is debtors' counsel, and Freeman—while allegedly living with Jones—worked on the bankruptcy matters as a Jackson Walker partner or, later, as debtors' co-counsel and represented parties in cases mediated by Jones. Freeman was the supposed backdoor connection between Jones and Jackson Walker. Jackson Walker and Freeman brought complex Chapter 11 bankruptcies to Jones, who in turn awarded millions of dollars in attorneys' fees to the law firms associated with Freeman.

Once this alleged scheme was uncovered, the U.S. Trustee filed motions in the Affected Bankruptcy Cases. The U.S. Trustee challenges the orders approving Jackson Walker's retention and compensation, and, in two cases, objects to Jackson Walker's final fee applications, and requests sanctions. (ECF No. 54.) Related to the Vacatur Motions, the U.S. Trustee also filed

---

[3] For part of his time on the bench, Jones was the Chief United States Bankruptcy Judge for the Southern District of Texas.

2

Motions for Withdrawal of the Reference and Referral of Motions for Relief Under Rule 60(b)(6) and Related Matters ("Motions for Withdrawal"). (*Id.*) This Court granted the Motions for Withdrawal and withdrew the reference in the Affected Bankruptcy Cases.[4] (ECF No. 31.)

After the reference was withdrawn, several motions were filed. The U.S. Trustee moved to consolidate the Vacatur Motions and the Miscellaneous Motions. (ECF No. 54.) Jackson Walker filed a Jury Trial Demand [ECF No. 85], which the U.S. Trustee opposes [ECF No. 88]. Several parties to the Affected Bankruptcy Cases also moved for the Court to approve their settlements with Jackson Walker. The U.S. Trustee filed an omnibus objection to these motions, arguing such motions are attempts "to prematurely and improperly short circuit" its case against Jackson Walker. (ECF No. 93 at 1); (*see* ECF No. 68, 69.) Various Miscellaneous Motions remain pending in the Affected Bankruptcy Cases, as well as Adversary Proceeding No. 25-2002. This Order addresses all matters mentioned, starting with the U.S. Trustee's Motion to Consolidate.

---

[4] The U.S. Trustee seeks relief against Jackson Walker in 34 bankruptcies. (ECF No. 54 at 2 n.2.) The full listing of Affected Bankruptcy Cases plus jointly administered cases is as follows: *In re Westmoreland Coal Co., et al.* (18-35672); *In re Westmoreland Coal Co. Asset Corp., et al.* (18-35689); *In re Westmoreland Res. GP, LLC, et al.* (18-35703); *In re J.C. Penney Direct Mktg. Servs., LLC* (20-20184); *In re Whiting Petroleum Corp., et al.* (20-32021); *In re Neiman Marcus Grp. LTD LLC, et al.* (20-32519); *In re Stage Stores, Inc., et al.* (20-32564); *In re Chesapeake Energy Corp., et al.* (20-33233); *In re Chesapeake Expl., LLC, et al.* (20-33239); *In re Covia Holdings Corp., et al.* (20-33295); *In re Covia Fin. Co. LLC, et al.*, (20-33302); *In re Tug Robert J. Bouchard, Corp., et al.* (20-34758); *In re Mule Sky LLC, et al.* (20-35561); *In re Seadrill Partners LLC, et al.* (20-35740); *In re Seadrill Operating GP, LLC* (20-35760); *In re Seadrill Ltd., et al.* (21-30427); *In re Brilliant Energy, LLC* (21-30936); *In re Katerra, Inc., et al.* (21-31861); *In re Basic Energy Servs., Inc. et al.* (21-90002); *In re Strike LLC, et al.* (21-90054); *In re 4E Brands Northamerica LLC* (22-50009); *In re Sungard AS New Holdings LLC, et al.* (22-90018); *In re La Forta-Gestao e Investmentos* (22-90126); *In re McDermott Int'l Inc., et al.* (20-30336); *In re Seadrill Member LLC, et al.* (22-90002); *In re iQor Holdings, Inc., et al.* (20-34500); *In re Denbury Holdings, Inc., et al.* (20-33812); *In re Energy Servs. P.R., LLC, et al.* (20-32680); *In re Sheridan Prod. Partners I-A, L.P., et al.* (20-31886); *In re Jones Energy, Inc. et al.* (19-32112); *In re Volusion, LLC* (20-50082); *In re Sanchez Energy Corp., et al.* (19-34508); *In re Altera Infrastructure Project Servs. LLC, et al.* (22-90129); *In re IEH Auto Parts Holding LLC, et al.* (23-90054); *In re Auto Plus Auto Sales LLC* (23-90055); *In re EXCO Res., Inc. et al.* (18-30155); *In re TMW Merchs. LLC, et al.* (20-33916); *In re HONX, Inc.* (22-90035); *In re GWG Holdings, Inc. et al.* (22-90032).

## II. ANALYSIS

### A. The U.S. Trustee's Motion to Consolidate is Granted.

The Court starts with the U.S. Trustee's Motion to Consolidate. (ECF No. 54.) Federal Rule of Civil Procedure 42 allows a court to consolidate actions before it that involve a common question of law or fact. A district court's "managerial power is especially strong and flexible in matters of consolidation." *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977). When deciding whether consolidation is appropriate, courts consider if:

> (1) the actions are pending before the same court; (2) there are common parties; (3) there are common questions of law or fact; (4) there is risk of prejudice or confusion if the cases are consolidated, and, if so, whether the risk of inconsistent adjudications of factual and legal issues, if the cases are handled separately, outweighs the risk of prejudice or confusion; (5) consolidation will conserve judicial resources and reduce the time and cost of handling the cases separately; and (6) the cases are at different stages of preparation."

*Lee v. Samsung Elecs. Am., Inc.*, No. 21-CV-1321, 2023 WL 2328442, at *3 (S.D. Tex. Feb. 3, 2023). All factors favor consolidation here.

The Vacatur Motions and the Miscellaneous Motions are all pending before the same court. While the parties in each bankruptcy case vary, all the cases share a common factual nexus—the undisclosed relationship between Jones and Freeman and the millions in attorneys' fees awarded to a law firm affiliated with Freeman. Adjudicating each motion separately, despite the factual nexus, creates a substantial risk of inconsistent results. Consolidation, on the other hand, will conserve judicial resources and will reduce time and costs not only for the Court but also for the parties. Finally, the Vacatur Motions and the Miscellaneous Motions are all at similar stages of litigation. The Court therefore **GRANTS** the U.S. Trustee's Motion [ECF No. 54] and consolidates the Vacatur Motions and the Miscellaneous Motions.[5]

---

[5] On January 29, 2024, the U.S. Trustee objected to the final compensation application of the Law Office of Liz Freeman in *IEH Auto Parts*. *In re IEH Auto Parts Holding, LLC*, No. 23-90054 (Bankr. S.D. Tex.), (ECF No. 1049.);

4

**B. Jackson Walker's Demand for a Jury Trial is Denied.**

With the Vacatur Motions and the Miscellaneous Motions consolidated, the Court turns to Jackson Walker's demand for a jury trial. (ECF No. 85.) Under Federal Rule of Civil Procedure 38, a party may demand a jury trial on "any issue triable of right by a jury." FED. R. CIV. P. 38(b). Jackson Walker moves to preserve its right to a jury trial on the U.S. Trustee's attempts to vacate bankruptcy orders that approved Jackson Walker's retention and compensation. Thus, at this threshold, the Court must determine whether the right to a jury trial attaches to the Vacatur Motions. It does not.

Procedural posture is determinative here. The Seventh Amendment preserves the right to a jury trial in "[s]uits at common law." U.S. CONST. AMEND. VII. "Suits at common law" means cases involving legal rights; it does not reach cases involving equitable rights. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). Bankruptcy courts are courts of equity. *Katchen v. Landy*, 382 U.S. 323, 327 (1966). Jackson Walker filed the professional employment and fee applications with the Bankruptcy court for the firm's representation in the bankruptcy cases. The U.S. Trustee now objects to those professional employment and fee applications, filing the Vacatur Motions with the Bankruptcy court. The Vacatur Motions seek to restore the status quo in the bankruptcy cases before the Bankruptcy court awarded Jackson Walker fees in each of the Affected Bankruptcy Cases.[6] (*See* ECF No. 2.) Put simply, both the cause of action and the remedy arise in equity; thus, the Seventh Amendment is not implicated.

---

(ECF No. 54 at 4 n.10.) The *IEH* case is jointly administered with *In re Auto Plus Auto Sales, LLC* (23-90055). The Court therefore includes the U.S. Trustee's final fee objection in *IEH Auto Parts* within the consolidation.

[6] The same logic applies to the final fee objections the U.S. Trustee filed. *See In re GWG Holdings, Inc., et al.*, No. 22-90032 (Bankr. S.D. Tex.) (ECF No. 2415); *see also In re IEH Auto Parts Holding, LLC, et al.*, No. 23-90054 (Bankr. S.D. Tex.) (ECF No. 1049.)

Even so, assuming the Seventh Amendment was implicated, Jackson Walker's demand is untimely, and thus any right to a jury trial is waived. "A party waives a jury trial unless its demand is properly served and filed." FED. R. CIV. P. 38(d). A written demand for a jury trial must be served "no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). The last pleading generally means an answer or reply to a counterclaim. *Matter of Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). As this is not the typical case, no party has filed a pleading, so the Court looks to the next best thing—the briefing on the Vacatur Motions. Jackson Walker filed its Sur-Replies in opposition to the Vacatur Motions on August 12, 2024. This means Jackson Walker's deadline to demand a jury trial was August 26, 2024. The Demand was filed nearly a year after the Federal Rule 38 deadline, on July 3, 2025. (ECF No. 85.) Jackson Walker's demand is untimely.

Taken together, the Vacatur Motions do not implicate the Seventh Amendment, but even if implicated, Jackson Walker's demand was nearly a year late and untimely. The Court, therefore, **DENIES** the Jury Trial Demand. (ECF No. 85.)

### C. The Vacatur Motions, the Miscellaneous Motions, and Adversary Proceeding No. 25-2002 are Referred to the Bankruptcy Court for a Report and Further Recommendations.

The Vacatur Motions, the Miscellaneous Motions, and Adversary Proceeding No. 25-2002 are further referred to Chief Judge Rodriguez for a report and further recommendations. 28 U.S.C. § 157(c)(1); *cf. Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 37–38 (2014) (supporting the referral of core and non-core matters).

At the heart of this dispute is Jones's judicial misconduct and failure to recuse and/or disqualify himself under 28 U.S.C. § 455 (a) or (b) due to his intimate and financial relationship with Freeman. It is alleged that Jackson Walker knew Jones and Freeman were intimately involved

and failed to disclose any conflicts of interest, violating ethical and professional obligations. The claim is that these failures cast shadows over the Affected Bankruptcy Cases and, ultimately, give rise to the motions at issue. Though deeply intertwined with bankruptcy matters, the overarching violation is one of judicial misconduct under § 455 (a) and/or (b). Referral allows the affected parties to benefit from the knowledge and proficiency of the Bankruptcy court, while acknowledging these motions only exist because Jones and Freeman may have violated the trust the bankruptcy parties placed in them. For these reasons, the Vacatur Motions, the Miscellaneous Motions, and Adversary Proceeding No. 25-2002 are **REFERED** to Chief Judge Rodriguez for a report and further recommendations to this Court.

### D. The Settlement Motions are Held in Abeyance.

Finally, the Court turns to the Settlement Motions. As noted above, several private parties in the Affected Bankruptcy Cases ask this Court to approve their bankruptcy settlements. Such approval requires a determination that the bankruptcy settlements are "fair and equitable."[7] *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). This Court has dedicated significant time to explaining the severity of the judicial misconduct allegations permeating the underlying bankruptcies. *See Van Deleen v. Jones*, No. 23-CV-03729, 2024 WL 3852349, (S.D. Tex. Aug. 16, 2024). The Court will not now—for only a few parties—overlook these allegations and approve the settlements at this time. Even more concerning is Jackson Walker's attempts to settle claims with individual private parties. This can be seen only as an attempt to circumvent the process and this Court's authority, as well as that of the Bankruptcy court, and stymie the U.S. Trustee's case before it gets off the ground. As such,

---

[7] In the Fifth Circuit, courts assess the fairness of a settlement by evaluating "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay; and (3) all other factors bearing on the wisdom of the compromise." *In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015).

the Settlement Motions are **HELD IN ABEYANCE** until the Court receives and reviews Chief Judge Rodriguez's report and further recommendations on the pending motions.

### III. CONCLUSION

IT IS THEREFORE **ORDERED** that the U.S. Trustee's Motion to Consolidate is **GRANTED**. (ECF No. 54.) The Vacatur Motions and the Miscellaneous Motions are **CONSOLIDATED**.

IT IS FURTHER **ORDERED** that Jackson Walker's Demand for a Jury Trial is **DENIED**. (ECF No. 85.)

IT IS FURTHER **ORDERED** that the Vacatur Motions, the Miscellaneous Motions, and Adversary Proceeding No. 25-2002 are **REFERRED** to Chief Judge Rodriguez for a report and further recommendations.

IT IS FINALLY **ORDERED** that the Settlement Motions are **HELD IN ABEYANCE** until this Court reviews the forthcoming report and recommendation. (ECF Nos. 57, 90, 91, 96, 97, 98, 100, 108); (*In re Basic Energy Servs.*, No. 21-90002, ECF No. 1884); (*In re 4E Brands Northamerica*, No. 22-50009, ECF No. 715.)

SIGNED and ENTERED on this 12th day of November 2025.

_____
ALIA MOSES
Chief United States District Judge