IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:23-CV-4787-AM |

**JACKSON WALKER LLP'S NOTICE REGARDING MATTERS
TO BE DISCUSSED DURING STATUS CONFERENCE
SCHEDULED FOR DECEMBER 9, 2025 AT 8:30 A.M.**
[Relates to Misc. Proc. No. 23-645, Dkt. No. 628]

On November 14, 2025, this Court issued an *Order for an In-Person Non-Evidentiary Status Conference* (the "Order") [Misc. Proc. No. 23-645, Dkt. No. 628], which, among other things, set a non-evidentiary in-person status conference for December 9, 2025 (the "Status Conference"). The Court also invited parties to file a notice identifying any matters to be addressed at the Status Conference that are not listed in Section II of the Order.

Pursuant to the Order, Jackson Walker LLP ("Jackson Walker") submits this notice identifying the following additional matters for discussion at the Status Conference:

1. The United States Trustee's (the "U.S. Trustee") briefs, and Jackson Walker's oppositions thereto, regarding the U.S. Trustee's constitutional, statutory, and prudential standing which were taken under advisement by the Bankruptcy Court prior to the District Court's withdrawal of the reference.[1] Jackson Walker submits that consideration of the standing issues must occur prior to any trial on the merits.

2. The settlement motions, which were all entered into in accordance with this Court's prior scheduling order and which were filed by various plan agents, plan administrators, reorganized debtors, and trustees seeking approval of settlement agreements reached with Jackson Walker, as detailed in **Exhibit A**. To this point, Jackson Walker seeks clarification regarding whether this Court will take up the settlement motions, and if so, whether such consideration should be made as part of an initial report and recommendation prior to any trial. While the settlement

---

[1] *See In re La Forta – Gestao e Investmentos*, Case No. 22-90126, Dkt, Nos. 351 and 355; *In re Altera Infrastructure Project Services LLC, et al.,* Case No. 22-90129, Dkt. Nos. 142 and 150.

1

motions were abated in the District Court, the District Court included "Settlement Motions" in the definition of "Miscellaneous Motions" and then referred the Miscellaneous Motions to this Court for a report and further recommendation, therefore Jackson Walker requests clarification on the status of the Settlement Motions.[2] Jackson Walker submits that consideration of the settlement motions as part of an initial report and recommendation from this Court prior to any trial is necessary as they, among other things, are relevant to (a) the issues tied to Jackson Walker's challenge to the U.S. Trustee's standing, referenced above, (b) the J.C. Penney adversary proceeding (which asserts entirely different claims that would otherwise be settled and which both parties have a jury trial right that has not been waived), and (c) the various settling counterparties' interests. Continuing with litigation is prejudicial to those parties with a financial stake in these proceedings as such parties would be forced to expend time and substantial costs litigating matters that have been settled.

3. The issues that will be set for trial, including: (i) whether the trial will concern only "whether the final order allowing compensation and reimbursement of expenses for Jackson Walker LLP should be vacated in each of the cases cited in the instant Miscellaneous Proceeding;"[3] (ii) whether the trial will concern return of any fees or expenses,[4] and (iii) whether the trial will include the U.S. Trustee's allegations regarding disqualification under 28 U.S.C. § 455.[5]

4. The order in which evidence will be presented, including whether witnesses will testify for all purposes when called to the stand, or testify first regarding evidence bearing on all cases then testify later regarding evidence bearing on a particular case or cases, if necessary.

5. Standing issues related to the bankruptcy cases of *Tug Robert J. Bouchard Corporation, et al.*, Case No. 20-34758, and *In re GWG Holdings, Inc.*, Case No. 22-90032, which may affect a trial setting.

*[Remainder of Page Intentionally Left Blank]*

---

[2] *See* Dkt. No. 109.

[3] *See Order*, Misc. Proc. No. 23-645, Dkt. No. 618.

[4] *See Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order*, Misc. Proc. No. 23-645, Dkt. Nos. 516 and 520 (abating the return of all fees and expenses pending further order).

[5] *See Third Amended Comprehensive Scheduling, Pre-Trial & Trial Order*, Misc. Proc. No. 23-645, Dkt. 516 (abating the matter of disqualification under 28 U.S.C. 455 pending further order).

Dated: November 24, 2025

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
*Attorney-in-Charge*
Federal I.D. No. 37238
William Greendyke (SBT 08390450)
Federal I.D. No. 576573
Julie Harrison (SBT 24092434)
Federal I.D. No. 3017799
Maria Mokrzycka (SBT 24119994)
Federal I.D. No. 3610759
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Federal I.D. No. 563869
Emily Wolf (SBT 24106595)
Federal I.D. No. 3892373
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

Respectfully submitted,

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
*Attorney-in-Charge*
Federal I.D. No. 19424
Leah M. Graham (SBT 24073454)
Federal I.D. No. 2192848
Jennifer E. Brevorka (SBT 24082727)
Federal I.D. No. 1725400
Emily Smith (SBT 24083876)
Federal I.D. No. 1890677
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
rhardin@rustyhardin.com
lgraham@rustyhardin.com
jbrevorka@rustyhardin.com
esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I caused a copy of this Notice to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Jason L. Boland*
Jason L. Boland

**Exhibit A**

**Pending Settlement Motions / Related Responses & Objections**

| **Bankruptcy Case** | **Related Pleadings** |
|---|---|
| *In re Basic Energy Services, Inc., et al.,* Case No. 21-90002 (Presiding judge case)[6] | **Dkt. No. 1884**: Liquidation Trustee's Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019<br><br>**Dkt. No. 1889**: Stipulation Extending U.S. Trustee's Deadline to Respond to Motion<br><br>**Dkt. No. 68:** The United States Trustee's Objection to the Liquidating Trustee David Dunn's Settlement Motion<br><br>**Dkt. No. 70**: Reply Brief of David Dunn, 4E Plan Agent and Basic Energy Liquidation Trustee, in Support of Rule 9019 Settlement Motions |
| *In re 4E Brands Northamerica LLC,* Case No. 22-50009 (Presiding judge case)[7] | **Dkt. No. 715**: Plan Agent's Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019<br><br>**Dkt. No. 716:** Stipulation Extending U.S. Trustee's Deadline to Respond to Motion<br><br>**Dkt. No. 717**: Order Setting Hearing<br><br>**Dkt. No. 69**: The United States Trustee's Objection to the Plan Agent David Dunn's Settlement Motion<br><br>**Dkt. No. 70**: Reply Brief of David Dunn, 4E Plan Agent and Basic Energy Liquidation Trustee, in Support of Rule 9019 Settlement Motions |

---

[6] The settlement motion was filed in the underlying bankruptcy case prior to the District Court's withdrawal of the reference.

[7] The settlement motion was filed in the underlying bankruptcy case prior to the District Court's withdrawal of the reference.

| | |
|---|---|
| *In re Brilliant Energy, LLC,*<br>Case No. 21-30936 (Presiding judge case) | **Dkt. No. 57**: Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019<br><br>**Dkt. No. 71**: United States Trustee's Objection to the Chapter 7 Trustee's Settlement Motion |
| *In re Seadrill Partners LLC, et al.,*<br>Case No. 20-35740 (Presiding judge case)<br><br>-and-<br><br>*In re Seadrill Limited, et al.,*<br>Case No. 21-30427 (Presiding judge case) | **Dkt. No. 90:** Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions<br><br>**Dkt. No. 94:** Seadrill's Response to the U.S. Trustee's Omnibus Objection to Approval of Private Party Settlement that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions |
| *In re Sungard AS New Holdings, LLC, et al.,*<br>Case No. 22-90018 (Presiding judge case) | **Dkt. No. 91**: Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions<br><br>**Dkt. No. 95**: The Sungard Wind-Down Debtors' Response to the U.S. Trustee's Objection to Its Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 |
| *In re J.C. Penney Direct Marketing Services LLC, et al.,*<br>Case No. 20-20184 (Presiding judge case) | **Dkt. No. 96**: Motion for Order Approving Compromise and Settlement Pursuant to the Bankruptcy Rule 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions |

| | |
|---|---|
| *In re Auto Plus Auto Sales LLC, et al.,*<br>Case No. 23-90055 (Mediation case) | **Dkt. No. 97**: Motion for Entry of Order Approving Compromise of Controversy under Bankruptcy Rule 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions |
| *In re Strike LLC, et al.,*<br>Case No. 21-90054 (Presiding judge case) | **Dkt. No. 98**: Motion for Entry of Order Approving Compromise of Controversy under Bankruptcy Procedure 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions |
| *In re GWG Holdings, et al.,*<br>Case No. 22-90032 (Mediation case) | **Dkt. No. 100**: Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement with Jackson Walker LLP<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions<br><br>**Dkt. No. 105**: Objection to Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement with Jackson Walker LLP |
| *In re Stage Stores, Inc., et al.,*<br>Case No. 20-32564 (Presiding judge case) | **Dkt. No. 108**: Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019<br><br>**Dkt. No. 93**: U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions |