IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PROFESSIONAL FEE MATTERS<br>CONCERNING THE JACKSON WALKER<br>LAW FIRM | Civil Action No. 4:23-CV-4787-AM |

**THE J.C. PENNEY WIND DOWN DEBTORS' NOTICE OF ADDITIONAL PROPOSED MATTERS TO BE ADRESSED AT THE DECEMBER 9, 2025, STATUS CONFERENCE**

Old Copper Company, Inc. f/k/a J. C. Penney Company, Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc. as Wind Down Debtors in *In re J. C. Penney Direct Marketing Services, LLC*, Case No. 20-20184 (Jointly Administered) pending in the United States Bankruptcy Court for the Southern District of Texas (collectively, "Wind-Down Debtors") hereby file this notice of additional proposed matters to be addressed at the December 9, 2025 status conference (the "Status Conference") and respectfully submit as follows:

1.  On November 12, 2025, the Honorable Alia Moses, Chief United States District Judge (the "District Court"), entered an Order [Docket No. 109] (the "Referral Order") that, among other things, granted the United States Trustee for the Southern District of Texas (the "UST") motion to consolidate, denied Jackson Walker LLP's ("JW") demand for a jury trial, and referred the "Vacatur Motions" and the "Miscellaneous Motions" (as defined therein) to the Honorable Eduardo V. Rodriguez, Chief United States Bankruptcy Judge (the "Bankruptcy Court").

2.  On November 14, 2025, the Bankruptcy Court, entered the *Order for an In-Person Non-Evidentiary Status Conference* [Docket No. 111] (the "Scheduling Order").

3.  The Scheduling Order set a status conference for December 9, 2025 at 8:30 a.m. (Central Standard Time) (the "Status Conference") to discuss certain matters listed in the

Scheduling Order and "other matters raised by any party-in-interest" in accordance with the terms of the Scheduling Order.

4. The Scheduling Order requires "[p]rimary counsel for . . . Old Copper Company Inc. f/k/a JC Penney Company Inc. and Copper Sub Corporation Inc. f/k/a JC Penney Corporation Inc., a Wind Down Debtor in JC Penney Direct Marketing Services LLC" to appear in person at the Status Conference. While Streusand, Landon, Ozborn & Lemmon LLP represents the Wind-Down Debtor plaintiffs in their adversary proceeding against JW, Haynes and Boone, LLP ("HB") is lead bankruptcy counsel for the Wind-Down Debtors. Accordingly, HB will appear in person for the Status Conference in accordance with the Scheduling Order.

5. The Scheduling Order invited interested parties "to file a Notice with the Clerk of Court regarding any matters not cited in Section II of this Order that the parties believe need to be brought to this Court's attention for determination." Scheduling Order, ¶ 15. The "Matters to be Discussed" listed in Section II of the Scheduling Order does not include the Settlement Motions (as defined in the Referral Order, the "Settlement Motions"). The Wind-Down Debtors file this pleading to request that the Settlement Motions be included in the matters addressed at the Status Conference.

6. The Wind-Down Debtors read the Referral Order to refer the merits of the Settlement Motions (which are included within the definition of Miscellaneous Motions)[1] to the Bankruptcy Court for a report and further recommendations. *See* Referral Order at p.1–2 ("The Court **REFERS** the merits of . . . all Miscellaneous Motions . . . to the Honorable Eduardo V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas, for a report

---

[1] Referral Order, p. 1. Although the first paragraph of the Referral Order includes the Settlement Motions in the definition of the Miscellaneous Motions, footnote 2 of the Referral Order does not reference the Settlement Motions specifically. This pleading is filed on the assumption that the Settlement Motions are included in the Miscellaneous Motions which the District Court referred to the Bankruptcy Court for a report and further recommendations.

2

and further recommendations. All Settlement Motions are **HELD IN ABEYANCE** pending Chief Judge Rodriguez's report and further recommendations to this Court.") (alterations in original).

7. The parties to the Settlement Motions should have the opportunity to present further briefing and/or evidence to the Bankruptcy Court on the merits of the Settlement Motions for the Bankruptcy Court's consideration in making its report and further recommendations to the District Court. The ultimate determination of the merits of the Settlement Motions impacts the administration of various bankruptcy estates, and there are facts and circumstances related to the merits of the Settlement Agreements that should be considered in making any report or recommendations with respect thereto. For example, with respect to the J.C. Penney case: (i) the proposed settlement proceeds are the last anticipated recovery for the estate; (ii) the proposed settlement proceeds actually exceed the amount of monetary relief that the UST seeks from JW in connection with the J.C. Penney case; and (iii) the proposed settlement expressly preserves the UST's right to all non-monetary relief against JW. To the extent the settlement is approved, it would facilitate the completion of the protracted administration of the J.C. Penney estate without further delay and without the need for the J. C Penney estate to take on the unnecessary risks or costs of further litigation.

8. Parties to the Settlement Motions should have an opportunity to present briefing, argument, and evidence in support of the merits of the Settlement Motions, including evidence and arguments to support why settlements are fair and equitable. Scheduling such briefing and hearings on the merits of the Settlement Motions will provide the parties an opportunity to give the Bankruptcy Court a full record to make an appropriate report and further recommendations with respect to the Settlement Motions to the District Court.

9. Accordingly, the Wind-Down Debtors respectfully request that the Settlement Motions be included in the matters to be addressed at the Status Conference.

*[Remainder of page intentionally left blank]*

Dated: November 24, 2025

Respectfully Submitted,

By: */s/ Eli O. Columbus*
Ian T. Peck, State Bar No. 24013306
Eli O. Columbus, State Bar No. 24028062
Jordan E. Chavez, State Bar No. 24109883
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: jordan.chavez@haynesboone.com

- and -

David Trausch, State Bar No. 24113513
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, TX 77010
Telephone: 713-547-2000
Email: david.trausch@haynesboone.com

**COUNSEL FOR THE WIND-DOWN DEBTORS**

### Certificate of Service

I certify that on November 24, 2025 a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

/s/ *Eli O. Columbus*