IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm. | Civil Action No. 4:23-cv-04787 |

**PLAINTIFFS' RESPONSE TO JACKSON WALKER LLP'S NOTICE REGARDING MATTERS TO BE DISCUSSED DURING STATUS CONFERENCE SCHEDULED FOR DECEMBER 9, 2025 AT 8:30 A.M. AND TO STATUS CONFERENCE AGENDA**

Come now Gary Peterson, Chris Nakashima, John English, Jaquetta English, LT-1 Exchange Trust, LT-2 Exchange Trust, LT-3 Exchange Trust, LT-4 Exchange Trust, LT-5 Exchange Trust, LT-6 Exchange Trust, LT-7 Exchange Trust, LT-8 Exchange Trust, LT-9 Exchange Trust, LT-12 Exchange Trust, LT-14 Exchange Trust, LT-15 Exchange Trust, LT-17 Exchange Trust, LT-18 Exchange Trust, LT-19 Exchange Trust, LT-20 Exchange Trust, on their own behalf and on behalf of all others similarly situated, Plaintiffs in Civil Action No. 4:25-cv-2761, and file this their Response to Jackson Walker LLP's Notice Regarding Matters to be Discussed During Status Conference Scheduled for December 9, 2025 at 8:30 a.m. and to Status Conference Agenda and in support thereof would show as follows:

**I. Introduction**

1.     Jackson Walker is attempting to use this Court's status hearing as an opportunity to take away matters from Judge Moses that she expressly reserved for her determination. In particular, Jackson Walker seeks to discuss "[s]tanding issues related to the bankruptcy cases of *Tug Robert J. Bouchard Corporation, et al.*, Case No. 20-34758, and *In re GWG Holdings, Inc.*, Case No. 22-

90032[.]" *Professional Fee Matters Concerning the Jackson Walker Law Firm*, No. 23-4787, ECF No. 126. Jackson Walker specifically wishes to discuss standing issues in *Tug Robert J. Bouchard Corporation,* relating to ECF No. 453, which is a motion for derivative standing filed by a Plaintiff in a lawsuit against Jones, Freeman, Jackson Walker, and Kirkland & Ellis. *See Bouchard v. Jones, et al.*, No. 24-693. Jackson Walker also wishes to discuss "related objections, briefs and replies." *Id*.

2.     As Jackson Walker knows, Judge Moses withdrew the reference on this very point on April 9, 2025. *See Bouchard*, No. 24-693, ECF No. 78. In a subsequent order, while noting that the Court may assign matters to the Bankruptcy Court, Judge Moses indicated that issues that are "part of the Jackson/Walker fee dispute" or "claims against former Bankruptcy Judge Jones" are before Judge Moses. *See Tug Robert J. Bouchard,* ECF No. 474.

3.     Thus, it is also an encroachment upon Judge Moses' jurisdiction, and a violation of her orders, for Jackson Walker to discuss the standing issues before this Court pertaining to both *Tug Roubert J. Bouchard Corporation* and "*Peterson v. Jones*, District Court Case No. 4:25-cv-02761 (GWG), Dkt. No. 1 and related motions, responses, and replies." *Professional Fee Matters*, ECF No. 130 at 2.

4.     Jackson Walker is attempting an end run around Judge Moses' instructions that standing issues in litigation brought by stakeholders against Jones, Freeman, Jackson Walker, and others are reserved for her consideration. Jackson Walker is also attempting to go beyond Judge Moses' referral by attempting to discuss its attempted settlement of Plaintiffs' claims. Unlike other issues referred, Judge Moses did *not* request a report and recommendation on Jackson Walker's "concerning" motions for settlement approval. Judge Moses held the motions in abeyance pending the Court's report and recommendations on the assigned issues.

## II. Background

5. Pursuant to General Order No. 2023-21, the Southern District of Texas assigned all lawsuits involving resigned Judge David Jones to Chief Judge Moses.

6. On February 26, 2024, Morton Bouchard, Individually and as Trustee for the Morton S. Bouchard III 2017 Family Trust, filed suit against Jones, Elizabeth Freeman, Jackson Walker, and Kirkland & Ellis in connection with their scheme to collect professional attorneys' fees while concealing the Jones-Freeman intimate relationship, all at the expense of those interested in the Bouchard bankruptcy. *See Bouchard*, No. 24-693, ECF No. 1. On March 6, 2025, Judge Moses referred *Bouchard v. Jones, et al.*, to Judge Christopher Lopez for the limited purpose of whether the Plaintiff has standing. No. 24-693, ECF No. 71.

7. However, an attempt was made to avoid the effect of this order when the Plan Administrator selected by Jackson Walker, Freeman, and Jones filed an emergency motion to appoint an independent special administrator to take away those claims just two days after Bouchard filed the motion for derivative standing in accordance with Judge Moses' order. *Bouchard*, No. 20-34758, ECF No. 457. Bouchard filed a notice of the filing in the case before Judge Moses on March 28, 2025 (*Bouchard*, No. 24-693, ECF No. 77) and filed a response to the Plan Administrator's unauthorized motion on April 8, 2025, in *In re Tug Robert J. Bouchard, Corp.*, No. 20-34758, ECF No. 459.

8. On April 9, 2025, Judge Moses withdrew the reference and clarified that Judge Moses would determine whether Plaintiff should be granted derivative standing in the first instance. *See Bouchard*, No. 24-693, ECF No. 78. Additionally, Judge Moses issued an order withdrawing the reference in the 34 bankruptcy cases involving Jackson Walker, Freeman, and Jones,

3

including *GWG* and *Bouchard*. *Tug Robert J. Bouchard*, No. 20-34758, ECF No. 473. On May 6, 2025, in the *Tug Robert J. Bouchard* case, Judge Moses indicated the Court may reassign various matters to the Bankruptcy Court "that are neither (i) part of the Jackson/Walker fee dispute; nor (ii) claims against former Bankruptcy Judge Jones." No. 20-34758, ECF No. 474.

9. On June 12, 2025, Plaintiffs filed their complaint against Jackson Walker, Jones, Freeman, The Law Office of Liz Freeman, and Porter Hedges in *Peterson, et al. v. Jones, et al.*, before Judge Moses. No. 25-2761, ECF No.1. Plaintiffs' complaint noted their intent to move for appointment of a special limited trustee or administrator to pursue the derivative claims and/or move for derivative standing on behalf of the Plaintiffs. Plaintiffs intend to file said motion by December 5, 2025.

10. Additionally, Plaintiffs advised Judge Moses on October 29, 2025, in *Peterson, et al. v. Jones, et al.*, that Jackson Walker was attempting to bury Plaintiffs' claims through a collusive settlement. No. 25-2761, ECF No. 35. The Litigation Trustee (who was obligated to confer with Freeman as Wind Down Trustee under the plan) and Jackson Walker agreed to a broad release purporting to settle all claims (including against Freeman) relating to the Jones-Freeman relationship, including claims encompassed in Plaintiffs' complaint, for a net payout to Jackson Walker. *Id*. Plaintiffs also objected to the putative settlement in the *Professional Fee Matters* matter. No. 23-4787, ECF No. 105.

11. On November 12, 2025, Judge Moses entered an order in the *Professional Fee Matters* case, No. 23-4787, and among other things, held the motions for settlement approval in abeyance. No. 23-4787, ECF No. 109. Judge Moses noted the Court "has dedicated significant time to explaining the severity of the judicial misconduct allegations permeating the underlying bankruptcies." Id. at 7. Judge Moses refused to "overlook these allegations and approve the

settlements at this time." *Id*. "Even more concerning" to Judge Moses was "Jackson Walker's attempt to settle claims with individual private parties." Judge Moses recognized that "[t]his can be seen only as an attempt to circumvent the process and this Court's authority, as well as that of the Bankruptcy Court, and stymie the U.S. Trustee's case before it gets off the ground." *Id*.

### III. Argument

This Court should not take up Jackson Walker's latest attempt to circumvent Judge Moses' authority or orders. The issue of whether Plaintiffs in *Bouchard v. Jones, et al*. or *Peterson, et al. v. Jones, et al*. have standing is before Judge Moses and should not be addressed by this Court. Likewise, Judge Moses did not refer the settlement motions to this Court for a report and recommendation. To the contrary, Judge Moses held them in abeyance pending this Court's report and recommendation on other matters.

### Conclusion

Accordingly, this Court should refuse to address the standing and settlement issues raised on Jackson Walker's agenda.

**Dated December 4, 2025**

Respectfully submitted,

By:   */s/ Mikell A. West*
     Mikell A. West
     Texas State Bar No. 24070832
     S.D. Tex. Bar No. 1563058
     Robert W. Clore
     Texas State Bar No. 24012426
     S.D. Tex. Bar No. 2032287
     BANDAS LAW FIRM, P.C.
     555 N. Carancahua Street, Suite 1200
     Corpus Christi, Texas 78401
     Telephone: (361) 698-5200
     Facsimile: (361) 698-5222
     rclore@bandaslawfirm.com
     mwest@bandaslawfirm.com

     Shelby A. Jordan
     Texas State Bar No 11016700
     Jordan & Ortiz, P.C.
     500 N. Shoreline Blvd. Suite 804
     Corpus Christi, Texas 78401
     sjordan@jhwclaw.com
     cc: cmadden@jhwclaw.com

*Attorneys for Plaintiffs*

### Certificate of Service

I hereby certify that on December 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

            */s/ Mikell A. West*