IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> **Professional Fee Matters Concerning the** § <br> **Jackson Walker Law Firm** § <br> § <br> § <br> § | Civil Action No. 4:23-CV-4787-AM |

**U.S. TRUSTEE'S RESPONSE REGARDING THE GWG RULE 9019 MOTION**

TO THE HONORABLE JUDGE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The U.S. Trustee, as directed at the status hearing held on December 9, 2025, responds to the Bankruptcy Court's question regarding whether, if it were to consider the various pending Settlement Motions, it should consider the GWG Holdings Litigation Trustee's settlement motion at the same time.[1] ECF No. 100 (concerning *In re GWG Holdings, et al.,* Case No. 22-90032 ("GWG")). The short answer is no. The Settlement Motions are not before the Bankruptcy Court and are abated[2] and Rule 9019 may not be used to circumvent the requirements of section 330 of the Bankruptcy Code.

As a threshold matter, the order issued by Chief Judge Moses on November 12, 2025 (ECF No. 109) (the "Order"), only referred the Vacatur Motions, the Miscellaneous Motions, and

---

[1] Unless expressly stated otherwise, defined terms in this response have the meanings given to them in ECF No. 109.

[2] Due to the Department of Justice's lapse of appropriations, the U.S. Trustee filed an unopposed motion to stay pending settlement motions, including the GWG settlement, on October 8, 2025. ECF No. 102. The Court granted the U.S. Trustee's Motion the same day. ECF No. 103. On November 12, 2025, the Court ordered that the Settlement Motions were to be held in abeyance. ECF No. 109. Accordingly, the U.S. Trustee has not filed individual objections to various of the Settlement Motions. The U.S. Trustee reserves all rights to object to those Settlement Motions, including the GWG settlement, when they are unabated.

Adversary Proceeding No. 25-2002 to the Bankruptcy Court. The Order is unambiguous. The Settlement Motions are not referred because they are to be "**HELD IN ABEYANCE** until the [District] Court receives and reviews Chief Judge Rodriguez's report and further recommendations." ECF No. 109 at 7–8 (emphasis in original). Neither Jackson Walker LLP ("Jackson Walker") nor any settling party timely sought reconsideration of the Order from the District Court.

Additionally, the Court should not consider the *GWG* Settlement Motion for at least three reasons.

First, Jackson Walker bears the burden of demonstrating that its fee application should be granted under 11 U.S.C. § 330. Rule 9019 is never an appropriate mechanism to resolve a fee application dispute because it would improperly lower the section 330 standard for approving a fee application.[3] Moreover, even if the Court were to grant the application, it would also need to consider appropriate reductions under 11 U.S.C. § 328(c).

Second, because Jackson Walker's final fee application in *GWG* has been consolidated for trial with the Rule 60 Motions, the hearing to consider the *GWG* fee application should be held first and in conjunction with the U.S. Trustee's Rule 60 motions. *See* ECF No. 109 at fn 6.

Third, if Jackson Walker's final fee application is denied, the settlement is moot. *See* ECF No. 100-1 at p. 3, ¶ 2(b) ("The Settlement Motion and Approval Order shall also make clear that this [settlement] Agreement fully and finally resolves JW's final fee application currently pending in the Bankruptcy Case . . .").

---

[3] As with any fee application, a professional may resolve one party's objection by agreeing to voluntarily reduce the request to an amount that would satisfy the objecting party. But any such reduction would not resolve any remaining objections or the Court's independent duty to review the fees under section 330.

Accordingly, any consideration of a settlement prior to entry of a final fee order would be contrary to the Order and a waste of judicial resources.

Dated: December 16, 2025

                                        Respectfully submitted,

                                        **KEVIN M. EPSTEIN**
                                        **UNITED STATES TRUSTEE**
                                        **REGION 7, SOUTHERN AND WESTERN DISTRICTS OF TEXAS**

                                        By: */s/ Vianey Garza*
                                        MILLIE APONTE SALL
                                        Assistant U.S. Trustee
                                        Tex. Bar No. 01278050/Fed. ID No. 11271
                                        VIANEY GARZA
                                        Trial Attorney
                                        Tex. Bar No. 24083057/Fed. ID No. 1812278
                                        LAURA D. STEELE
                                        Trial Attorney
                                        Wis. Bar No. 1065702/Fed ID No. 3878215
                                        515 Rusk, Suite 3516
                                        Houston, Texas 77002
                                        (713) 718-4650 – Telephone
                                        (713) 718-4670 – Fax
                                        Email: millie.sall@usdoj.gov
                                                 vianey.garza@usdoj.gov
                                                 laura.steele@usdoj.gov

## CERTIFICATE OF CONFERENCE

On December 15, 2025, counsel for Jackson Walker and the U.S. Trustee conferred via telephone with respect to this Court's request for a submission from the parties following the December 9, 2025 status conference. Counsel for Jackson Walker and the U.S. Trustee agreed that a joint submission would be impractical given their respective positions, and that they would each submit a separate statement in response to this Court's request.

                                        */s/ Laura D. Steele*
                                        LAURA D. STEELE, Trial Attorney

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 16, 2025, I caused a copy of this Response to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

                                              */s/ Vianey Garza*
                                              VIANEY GARZA, Trial Attorney