IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>Professional Fee Matters Concerning the<br>Jackson Walker Law Firm | §<br>§<br>§   Civil Action No. 4:23-CV-4787-AM<br>§<br>§<br>§ |

**JACKSON WALKER, LLP'S STATEMENT IN RESPONSE
TO DECEMBER 9, 2025 STATUS CONFERENCE**

TO CHIEF UNITED STATES BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:

While Jackson Walker LLP ("Jackson Walker") recognizes that the settlement motions are currently abated pursuant to the November 12, 2025 *Order* [Dkt. No. 109] entered by Chief District Judge Moses, Jackson Walker files this Statement at the Court's request and in response to the Court's inquiries at the December 9, 2025 status conference (the "Status Conference").

The first section below addresses all of the pending settlement motions other than GWG, and the second section below addresses the pending GWG settlement motion. In support of this Statement, Jackson Walker respectfully states as follows:

**All of the Settlement Motions (Other than GWG)
Should be Considered in Advance of Trial**

1. At the Status Conference, the Court welcomed a further statement on the 10 pending settlement motions, which Jackson Walker provides below. *See* Hr'g Tr. 135:12-136:8.

2. Jackson Walker's settlements to date are with the entities that have standing to seek disgorgement of the award of fees to Jackson Walker in their respective cases. In those settlements,

1

the parties agreed that the respective settlement amounts would be the most the estate representatives would receive from Jackson Walker.

3. The bankruptcy plans[1] do not require the settlements to be approved by the Court as the U.S. Trustee has acknowledged,[2] but the settling parties insisted on it to promote transparency.[3]

4. It is in the best interest of the bankruptcy estates and ultimate beneficiaries for this Court to recommend to Chief Judge Moses that this Court should hear the settlement motions as soon as possible and in advance of trial.

5. This Court's consideration of the pending settlement motions in advance of trial on the merits would:

- not impact the U.S. Trustee's ability to present evidence or witnesses on any particular case at trial with respect to its pending Rule 60 motions and fee application objections;

- not impact the U.S. Trustee's ability to seek non-monetary relief, subject to Jackson Walker's rights and objections thereto;

- not impact the U.S. Trustee's ability to argue that a monetary sanction equal to the disgorgement of fees beyond the amounts settled is appropriate, subject to Jackson Walker's rights and objections thereto (including Jackson Walker's objections based on standing and settlement releases);

- not impact the Court's inherent ability to impose sanctions (if it determined any sanctions were indeed appropriate);[4]

---

[1] The *Brilliant Energy* case is a chapter 7 case without a confirmed plan.

[2] *See e.g.*, *The U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions* [Dkt. No. 93].

[3] *See* Hr'g Tr. 58:1-10 ("The Court: Given the complexity and uniqueness of this case, I can understand why that has to be done. I agree. I think there has to be complete transparency. . . . But given where we are and the kind of case we have, . . . they have to be reviewed and approved.")

[4] Jackson Walker reserves all rights to argue that the settlement motions (if approved) would impact a settling estate's ability to receive amounts in excess of the settled amount in light of the release provisions set forth in each settlement agreement.

- prevent the unnecessary incurrence of fees and expenses by various estate representatives who would otherwise be forced to attend a multi-week trial;

- allow some of the cases to close,[5] thereby eliminating U.S. Trustee fees and related administrative burdens and costs; and

- allow for the expeditious payment to various estate beneficiaries under the pending settlement motions.

For the foregoing reasons, Jackson Walker respectfully requests that the Court recommend that the settlement motions be heard prior to any trial on the merits.

**The GWG Settlement Motion Can and Should be Considered Concurrently at Trial**

6. At the Status Conference, the Court also requested that Jackson Walker and the U.S. Trustee file a statement addressing these issues: if the Court determines to go forward and hear the above-referenced settlement motions, how should the settlement motion filed in *In re GWG Holdings, Inc.*, Case No. 22-90032 ("GWG") be treated? Can this Court hold a hearing on that settlement motion in conjunction with the other settlement motions? *See* Dec. 9 Hr'g Tr. at 136:12-137:15; 182-185, 191-192.

7. Jackson Walker agrees with the Court that the pending GWG settlement motion is different from the other pending settlement motions because of its unique procedural posture (*i.e.*, a pending objection to a final fee application as opposed to a Rule 60 motion seeking to vacate orders). Given this distinction, Jackson Walker requests that the Court consider the *Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement with Jackson Walker LLP* [Dkt. No. 100] (the "GWG Settlement Motion") concurrently with the consolidated trial on the U.S. Trustee's Rule 60 Motions in the affected cases, which includes (i) *Jackson Walker's Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-*

---

[5] *See* Hr'g Tr. 19:3-7 (*J.C. Penney* settlement is the last asset to administer before closing the case); 56:11-14 (*4E Brands* is ready to close); 56:15-23 (*Basic Energy* is very close to the end of the case); 41:18-23 (*Brilliant Energy* settlement motion is the only item pending before closing the case).

3

*Counsel to the Debtors for the Period from April 20, 2022 through June 20, 2023* [Case No. 22-90032, Dkt. No. 2158] (the "GWG Fee Application") and (ii) *United States Trustee's Opposition to Jackson Walker's Final Fee Application as Co-Counsel to the Debtors and Motion for Sanctions and Related Relief* [Case No. 22-90032, Dkt. No. 2415] (the "GWG Fee Objection").

8. The GWG Fee Objection requests two forms of relief: (1) denial of the GWG Fee Application and return of amounts previously paid; and (2) sanctions against Jackson Walker.

9. Jackson Walker acknowledges that the U.S. Trustee has standing to object to the GWG Fee Application and that the GWG Fee Objection cannot be fully settled in light of the U.S. Trustee's pending objection which remains the only outstanding objection.

10. By taking up the GWG Settlement Motion in conjunction with the trial, the Court can (and Jackson Walker argues that it should) consider the GWG Settlement Motion and related settlement agreement in determining the appropriateness of the U.S. Trustee's requested relief in the GWG case. In doing so, Jackson Walker submits that the Court could set aside a specific time for the GWG Litigation Trustee to appear and be heard on (i) the GWG Settlement Motion and the reasonableness of the settlement agreement, rather than requiring the GWG Litigation Trustee's attendance at the full trial, and (ii) any remaining factual issues regarding section 330 and the *Johnson*[6] factors, which are unique to the GWG Fee Application.

11. Jackson Walker submits that this procedure would alleviate both the U.S. Trustee's concerns about its pending GWG Fee Objection and this Court's concerns about the unique procedural posture of the GWG cases as compared to the other cases with pending settlement motions.

---

[6] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Dated: December 16, 2025

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
*Attorney-in-Charge*
Federal I.D. No. 37238
William Greendyke (SBT 08390450)
Federal I.D. No. 576573
Julie Harrison (SBT 24092434)
Federal I.D. No. 3017799
Maria Mokrzycka (SBT 24119994)
Federal I.D. No. 3610759
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Federal I.D. No. 563869
Emily Wolf (SBT 24106595)
Federal I.D. No. 3892373
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

- and -

**RUSTY HARDIN & ASSOCIATES, LLP**
Russell Hardin, Jr. (SBT 08972800)
*Attorney-in-Charge*
Federal I.D. No. 19424
Leah M. Graham (SBT 24073454)
Federal I.D. No. 2192848
Jennifer E. Brevorka (SBT 24082727)
Federal I.D. No. 1725400
Emily Smith (SBT 24083876)
Federal I.D. No. 1890677
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010

>Telephone: (713) 652-9000
>rhardin@rustyhardin.com
>lgraham@rustyhardin.com
>jbrevorka@rustyhardin.com
>esmith@rustyhardin.com
>
>*Counsel for Jackson Walker LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I caused a copy of this Statement to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

>*/s/ Jason L. Boland*
>Jason L. Boland

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 15, 2025, counsel for Jackson Walker and the U.S. Trustee conferred via telephone with respect to this Court's request for a submission from the parties following the Status Conference. Counsel for Jackson Walker and the U.S. Trustee agreed that a joint submission would be impractical given their respective positions, and that they would each submit a separate statement in response to this Court's request.

>*/s/ Jason L. Boland*
>Jason L. Boland