IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § <br> § <br> Professional Fee Matters Concerning the § <br> Jackson Walker Law Firm § <br> § <br> § | Civil Action No. 4:23-CV-4787-AM |

## U.S. TRUSTEE'S NOTICE OF PROPOSED AGENDA

TO CHIEF UNITED STATES BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:

The U.S. Trustee's meet and confers with the Settling Parties[1] and Jackson Walker LLP ("Jackson Walker") held January 7 and 9, 2026, revealed that the parties disagree about the scope of the Court's *Order for Non-Evidentiary Electronic Status Conference* [ECF No. 141] (the "Order"). Although the Settlement Motions "remain abated" by the District Court, Order at 1; *see also* ECF No. 140, "Chief Judge Moses referred two related issues to the instant [Bankruptcy] Court for an evidentiary hearing and a report and further recommendations to the United States District Court." [ECF No. 141]. The two issues are as follows:

---

[1] The Settling Parties include: (1) Old Copper Company Inc. F/K/A J. C. Penney Company Inc. and Copper Sub Corporation, Inc. F/K/A J. C. Penney Corporation, Inc., As Wind Down Debtors In J. C. Penney Direct Marketing Services LLC, by and through its Plan Administrators; (2) Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc.; (3) Seadrill Partners, LLC Reorganized Debtors and the Seadrill Limited Reorganized Debtors; (4) Randy W. Williams, Chapter 7 trustee for Brilliant Energy, LLC; (5) David Dunn, Liquidation Trustee for the Basic Energy Liquidation Trust; (6) David Dunn, Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC; (7) Patrick Bartels, as Trustee for the Strike Liquidating Trust; (8) Patrick Bartels, as Plan Agent for the Wind-Down Debtor In re Auto Plus Auto Sales LLC (formerly In re IEH Auto Parts Holding, LLC, et al.); (9) Sungard AS New Holdings, LLC, the wind-down debtor, by and through Drivetrain LLC, the Plan Administrator; and (10) Michael I. Goldberg, in his capacity as the Trustee of the GWG Litigation.

(i) whether the Settlement Motions should be approved before adjudicating the merits of the U.S. Trustee's Vacatur Motions; or

(ii) whether an alternative exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions.

[ECF No. 140].

The District Court further ordered that the "*limited issues*…on whether the Settlement Motions should be approved or an alternative to approval exists are **REFERRED** to Chief Judge Rodriguez for an evidentiary hearing." [ECF No. 140] (emphasis supplied).

As a result, the U.S. Trustee submits the following proposed agenda in accordance with paragraph 2 of the Order.

## Agenda Item 1

*Judge Moses Issue (ii)*

The District Court requested an evidentiary hearing and report and recommendation from the Bankruptcy Court on "whether an alternative exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions." [ECF No. 140 at 2]. The U.S. Trustee requests that the Bankruptcy Court allow the U.S. Trustee, without waiving his objections to the Settlement Motions,[2] to submit evidence regarding proposed alternatives. The U.S. Trustee estimates that the time required for an evidentiary hearing on this matter is two hours. Simply put, the Settlement Motions could easily be approved without a U.S. Trustee objection if the orders approving the settlement provided the following terms:

---

[2] Due to the District Court's abatement of the Settlement Motions the U.S. Trustee has not filed all objections to the pending Settlement Motions including *Auto Plus* (*fka IEH*) [ECF No. 97], *Strike* [ECF No. 98], *GWG* [ECF No. 100], and *Stage Stores* [ECF No. 108].

Notwithstanding any contrary provision in this Order or the Settlement Agreement:

(1) The Settlement Agreement's approval shall not in any way affect any Vacatur Motion[3] or the [Settling Party's] ability to accept or distribute funds the Court may order Jackson Walker LLP to pay as a result of a Vacatur Motion; and

(2) No final fee order shall be entered until the Vacatur Motion is resolved.[4]

## Agenda Item 2

*Judge Moses Issue (i)*

The Bankruptcy Court should only take limited evidence and draft a report and recommendation on whether the Settlement Motions may be approved without prejudicing the relief sought by U.S. Trustee's Vacatur Motions. The U.S. Trustee estimates that an evidentiary hearing can be completed within a half day on all matters except for GWG Holdings, which the GWG Litigation Trustee, Jackson Walker, and the U.S. Trustee agree should be heard concurrently with the trial on the U.S. Trustee's Rule 60 Motions.

## Additional Issues

The U.S. Trustee reserves the right to discovery on any contested matter, including the Settlement Motions, prior to any evidentiary hearing that may be noticed. Fed. R. Bankr. P. 9014.

[*Signature page follows*]

---

[3] As defined in ECF No. 109.
[4] Because some of the Settlement Agreements do not provide for a final fee order, this language in subsection (2) may not apply to all Settlement Agreements.

Dated: January 12, 2026           Respectfully submitted,

**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN AND WESTERN**
**DISTRICTS OF TEXAS**

By: */s/ Laura D. Steele*
MILLIE APONTE SALL
Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
VIANEY GARZA
Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
LAURA D. STEELE
Trial Attorney
Wis. Bar No. 1065702/Fed. ID No. 3878215
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
       vianey.garza@usdoj.gov
       laura.steele@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on January 12, 2026, I caused a copy of this Agenda to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

          */s/ Laura D. Steele*
          U.S. Trustee Trial Attorney