United States District Court
Southern District of Texas

**ENTERED**

January 22, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 4:23-CV-4787** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

### REPORT AND RECOMMENDATION
### TO THE UNITED STATES DISTRICT COURT
#### *Regarding ECF No. 100*

This matter is pending before the United States District Court for the Southern District of Texas, the Honorable Chief Judge Alia Moses presiding.[1] Chief Judge Moses previously referred to this Court two discrete questions. First, whether the pending Settlement Motions[2] should be approved before adjudicating the merits of the U.S. Trustee's Vacatur Motions;[3] and, second, whether an alternative to approval exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions.[4]

---

[1] Case No. 4:23-CV-4787, ECF No. 31.

[2] **(i)** Bankr. No. 20-20184; Bankr. Adv. No. 25-2002; Civ. Case No. 4:23-CV-4787, ECF No. 96, Old Copper Company Inc. F/K/A J. C. Penney Company Inc. and Copper Sub Corporation, Inc. F/K/A J. C. Penney Corporation, Inc., As Wind Down Debtors In J. C. Penney Direct Marketing Services LLC; **(ii)** Bankr. No. 20-32564; Case No. 4:23-CV-4787, ECF No. 108, Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc.; **(iii)** Bankr. Nos. 20-35740 & 21-30427; Civ. Case No. 4:23-CV-4787, ECF No. 90, Seadrill Partners, LLC reorganized debtors and the Seadrill Limited Reorganized Debtors; **(iv)** Bankr. No. 21-30936; Civ. Case No. 4:23-CV-4787, ECF No. 57, Randy W. Williams, Chapter 7 trustee for Brilliant Energy, LLC; **(v)** Bankr. No. 21-90002, ECF No. 1884, David Dunn, Liquidation Trustee for the Basic Energy Liquidation Trust; **(vi)** Bankr. No. 21-90054; Case No. 4:23-CV-4787, ECF No. 98, by Patrick Bartels, as Trustee for the Strike Liquidating Trust; **(vii)** Bankr. No. 22-50009, ECF No. 715, David Dunn, Plan Agent and sole manager, sole director sole officer and sole representative of 4E Brands Northamerica LLC; **(viii)** Bankr. No. 22-90018; Civ. Case No. 4:23-CV-4787, ECF No. 91, Sundard AS New Holdings, LLC, the wind-down debtor, by and through Drivetrain LLC, the Plan Administrator; **(ix)** Bankr. No. 22-90032; Civ. Case No. 4:23-CV-4787, ECF No. 100, Michael I. Goldberg, in his capacity as the Trustee of the GWG Litigation Trust Litigation; and **(x)** Bankr. No. 23-90055; Civ. Case No. 4:23-CV-4787, ECF No. 97, Patrick Bartels, as Plan Agent for the Wind-Down Debtor In re Auto Plus Auto Sales LLC (formerly In re IEH Auto Parts Holding, LLC, et al.), (together the "*Settlement Motions*").

[3] "Vacatur Motions" are defined in Case No. 4:23-CV-4787, ECF No. 109.

[4] Case No. 4:23-CV-4787, ECF No. 140.

For the reasons stated *infra,* this Court recommends that the "Motion for Entry Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on October 3, 2025 by Michael I. Goldberg, in his capacity as the Trustee of the GWG Litigation[5] be heard concurrently with the consolidated trial on the U.S. Trustee's Vacatur Motions in the affected cases, which includes (i) "Jackson Walker's Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses as Co- Counsel to the Debtors for the Period from April 20, 2022 through June 20, 2023"[6] and (ii) "United States Trustee's Opposition  to Jackson Walker's Final Fee Application as Co-Counsel to the Debtors and Motion for Sanctions and Related Relief." [7]

## I.    REPORT

On August 21, 2023, Jackson Walker LLP ("*Jackson Walker*") filed "Jackson Walker LLP's Fourth And Final Fee Application For Allowance And Payment of Fees And Expenses As Co-Counsel To The Debtors For The Period From April 20, 2022 Through June 20, 2023" (the "*Final Fee Application*").[8]   On March 29, 2024, the United States Trustee (the "*U.S. Trustee*") filed "United States Trustee's Opposition To Jackson Walker's Final Fee Application As Co-Counsel To The Debtors And Motion For Sanctions And Related Relief" (the "*Fee Objection*").[9] On October 3, 2025, Michael I. Goldberg, in his capacity as the Trustee of the GWG Litigation Trust (the "*Litigation Trustee*") filed "Litigation Trustee's Motion For Entry of An Order Approving Settlement Agreement With Jackson Walker LLP" (the "*GWG Settlement Motion*").[10] The GWG Settlement Motion seeks entry of an order approving a settlement agreement between

---

[5] Case No. 4:23-CV-4787, ECF No. 100.
[6] Bankr. 22-90032, ECF No. 2158.
[7] Bankr. 22-90032, ECF No. 2415.
[8] Bankr. 22-90032, ECF No. 2158.
[9] Bankr. 22-90032, ECF No. 2415.
[10] Case No. 4:23-CV-4787, ECF No. 100.

the Litigation Trustee and Jackson Walker (the "*Proposed Settlement*").[11] The Proposed Settlement calls for a $405,000.00 payment by Jackson Walker in exchange for release of all claims the GWG Litigation Trustee has or may have against Jackson Walker.[12] The Proposed Settlement also contemplates resolution and approval of the Final Fee Application:

> The Settlement Motion and Approval Order shall also make clear that this *Agreement fully and finally resolves JW's final fee application* currently pending in the Bankruptcy Case, and such Settlement Motion and Approval Order shall provide for *final approval* of the same as part of this Agreement.[13]

At the December 9, 2025 in-person status conference,[14] the Court entertained arguments by parties and ordered Jackson Walker and the U.S. Trustee to file statements addressing the issue of whether the GWG Settlement Motion should be heard in conjunction with the other Settlement Motions or separately.[15] In response, Jackson Walker filed a notice requesting the Court to consider the GWG Settlement Motion concurrently with the consolidated trial on the Vacatur Motions.[16] And the U.S. Trustee filed a notice objecting to consideration of any of the Settlement Motions before a consolidated trial on the Vacatur Motions is completed.[17]

A bankruptcy court must ensure that the standards of 11 U.S.C. §§ 327–330 are met before approval of a bankruptcy professional's retention and compensation.[18] Section 327(a) requires a debtor to obtain bankruptcy court approval before retaining counsel, and § 330(a)(1)(A) permits counsel retained under § 327(a) to seek reasonable compensation for actual and necessary services.[19] Section 327(a) provides that only professionals that do "not hold or represent an interest

---

[11] Case No. 4:23-CV-4787, ECF No. 100 at 1.
[12] Case No. 4:23-CV-4787, ECF No. 100-1 at 4.
[13] Case No. 4:23-CV-4787, ECF No. 100-1 at 4 (emphasis added).
[14] Case No. 4:23-CV-4787, ECF No. 111.
[15] Dec. 9, 2025 Courtroom Hr'g.
[16] Case No. 4:23-CV-4787, ECF No. 138.
[17] Case No. 4:23-CV-4787, ECF No. 137.
[18] 11 U.S.C. § 330(a).
[19] *Barron & Newburger, P.C. v. Tex. Skyline, Ltd.* (*In re Woerner*), 783 F.3d 266, 272 (5th Cir. 2015).

adverse to the estate, and that are disinterested persons," may be employed as a bankruptcy professional. Further, § 328(c) provides that "the court may deny allowance of compensation for services and reimbursement of expenses . . . if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person . . . ."

The U.S. Trustee's Fee Objection centers around an undisclosed personal relationship between one of Jackson Walker's former attorneys, Elizabeth Freeman ("*Ms. Freeman*"), and former bankruptcy Judge David Jones ("*Jones*"), who served as a mediator in the GWG Bankruptcy Case. In the Fee Objection, the U.S. Trustee asserts that Ms. Freeman's relationship with Jones rendered her and Jackson Walker ineligible to be employed as counsel under § 327[20] once Jones was proposed as a mediator, and therefore, the Court should deny Jackson Walker's Final Fee Application.[21]

For the Court to consider the GWG Settlement Motion, it would have to consider whether it can approve the Final Fee Application, as contemplated by the Proposed Settlement, since the Final Fee Application is still pending.[22] The Proposed Settlement is conditioned upon a court order that resolves and approves the Final Fee Application,[23] while the U.S. Trustee, in his Fee Objection, requests that the Court deny the Final Fee Application.[24] Thus, granting the GWG Settlement Motion before hearing the Final Fee Application and Fee Objection would moot the Final Fee Application and Fee Objection. Contrariwise, sustaining the Fee Objection would prevent review and possible approval of the GWG Settlement Motion. As such, the Court finds it

---

[20] 11 U.S.C. § 327.
[21] Bankr. 22-90032, ECF No. 2415 at 35, 46.
[22] Bankr. 22-90032, ECF No. 2158.
[23] Case No. 4:23-CV-4787, ECF No. 100-1 at 3, 4.
[24] Bankr. 22-90032, ECF No. 2415 at 35, 46.

appropriate that the GWG Settlement Motion be heard concurrently with the consolidated trial on the U.S. Trustee's Vacatur Motions in the affected cases, which includes the Final Fee Application and Fee Objection.

## II.   RECOMMENDATION

For the reasons stated *supra,* this Court recommends that the "Motion for Entry Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on October 3, 2025 by Michael I. Goldberg, in his capacity as the Trustee of the GWG Litigation[25] be heard concurrently with the consolidated trial on the U.S. Trustee's Vacatur Motions in the affected cases, which includes (i) "Jackson Walker's Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses as Co- Counsel to the Debtors for the Period from April 20, 2022 through June 20, 2023"[26] and (ii) "United States Trustee's Opposition to Jackson Walker's Final Fee Application as Co-Counsel to the Debtors and Motion for Sanctions and Related Relief." [27]

**SIGNED January 22, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**

---

[25] Case No. 4:23-CV-4787, ECF No. 100.
[26] Bankr. 22-90032, ECF No. 2158.
[27] Bankr. 22-90032, ECF No. 2415.