FILED
United States District Court
Southern District of Texas

ENTERED
February 05, 2026
Nathan Ochsner, Clerk

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
February 05, 2026
BY: _____ JM
        Nathan Ochsner, Clerk
                                    DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| **In re Professional Fee Matters Concerning the Jackson Walker Law Firm** | § § § § § § § | **Civil Action No. 4:23-CV-4787-AM** |

## ORDER

Before the Court is the Report and Recommendation of the Honorable Eduardo V. Rodriguez, Chief United States Bankruptcy Judge for the Southern District of Texas. (ECF No. 169.) This Court referred two related issues on the abated Settlement Motions[1] to Chief Judge Rodriguez for a report and further recommendations. (ECF No. 140.) On January 22, 2026, Chief Judge Rodriguez issued his first Report and Recommendation [ECF No. 169] related to the abated Settlement Motions. After review, the Court **APPROVES** and **ADOPTS** the Report and Recommendation. (ECF No. 169.)

The Report and Recommendation concerns only the GWG Bankruptcy Case. *See In re GWG Holdings, Inc., et al.*, No. 22-90032 (Bankr. S.D. Tex). On August 31, 2023, Jackson Walker LLP ("Jackson Walker") filed its fourth and final fee application ("Final Fee Application") in the GWG Bankruptcy Case as the Debtors' co-counsel. (Bankr. 22-90032, ECF No. 2158.) On March 29, 2024, the U.S. Trustee opposed the Final Fee Application and moved for sanctions (the "Final Fee Objection") due to the facts underlying this case. (Bankr. 22-90032, ECF No. 2415.) The Final Fee Application and the U.S. Trustee's objection remain pending before the Bankruptcy Court.

---

[1] Settlement Motions is defined in the Referral Order [ECF No. 109].

On October 3, 2025, Michael I. Goldberg, as the GWG Litigation Trustee, filed a motion (the "GWG Settlement Motion") asking this Court to approve a settlement agreement between the GWG Litigation Trust and Jackson Walker. (ECF No. 100.)  Under the settlement agreement, Jackson Walker agreed to pay $405,000.00 to "resolve[] all issues and claims between the GWG Litigation Trust, for and on behalf of itself and the Debtors, and J[ackson] W[alker], including all claims and causes of action related to the allegations contained in the U.S. Trustee Filings"; this payment would also "fully and finally resolve" the still-pending Final Fee Application. (ECF No. 100-1 at 4.)  As a result, the settlement agreement intertwines with Jackson Walker's still-pending Final Fee Application, making the GWG settlement agreement different than other settlements in the Affected Bankruptcy Cases.[2]

For reasons explained in previous orders, all Settlement Motions in the Affected Bankruptcy Cases, including the GWG Settlement Motion, are abated.  (ECF No. 109.)  Related to the abatement, this Court referred to Chief Judge Rodriguez two issues on the Settlement Motions for report and further recommendations.  (ECF No. 140.)  Because the GWG Settlement Motion differs, Chief Judge Rodriguez issued this Report and Recommendation separately, recommending the Court consider the GWG Settlement Motion during the trial on the consolidated Vacatur Motions.[3]

Chief Judge Rodriguez finds that "granting the GWG Settlement Motion before hearing the Final Fee Application and [the Final] Fee Objection would moot the Final Fee Application and [the Final] Fee Objection." (ECF No. 169 at 4.)  Since the Final Fee Application and the Final Fee Objection are at issue in the consolidated trial on the U.S. Trustee's Vacatur Motions, Chief Judge

---

[2] Affected Bankruptcy Cases is defined in the Referral Order [ECF No. 109].

[3] Vacatur Motions is defined in the Referral Order [ECF No. 109].

Rodriguez recommends that the GWG Settlement Motion be heard concurrently with the consolidated trial. (*Id.* at 4–5.) The Objectors do not disagree with this reasoning.[4] (ECF No. 176 at 4.) Instead, the Objectors ask the Court to delay ruling on the GWG Settlement Motion until this Court adjudicates the Objectors' motion[5] in a related civil case, claiming "a ruling on that motion may moot the proposed settlement in its entirety." (*Id.* at 4.) But a ruling on the Objectors' motion goes to their standing in the related civil case, so any eventual effect it may have on the GWG Settlement Motion is tenuous at best. The Court therefore finds the objection without merit.

Accordingly, the Report and Recommendation on the GWG Settlement Motion [ECF No. 169] is **APPROVED** and **ADOPTED**. The GWG Settlement Motion will be heard at the consolidated trial on the Vacatur Motions and will **REMAIN ABATED** until this Court reviews Chief Judge Rodriguez's forthcoming report and further recommendations on the consolidated trial.

SIGNED and ENTERED on this 5th day of February 2026.

_____
ALIA MOSES
Chief United States District Judge

---

[4] The objection period was limited to seven days, as explained in the Order referring the two issues on the Settlement Motions to Chief Judge Rodriguez. (ECF No. 140.) The objection was timely filed.

[5] *See* Motion for Limited Special Appointment and/or Derivative Standing, *Peterson v. Jones*, No. 25-CV-2761 (S.D. Tex.), (ECF No. 37.)