# Holland & Knight

601 SW Second Avenue, Suite 1800 | Portland, OR 97204 | T 503.243.2300 | F 503.241.8014
Holland & Knight LLP | www.hklaw.com

Peter R. Jarvis
+1 503-243-5877
Peter.Jarvis@hklaw.com

September 22, 2021

*Via E-mail (pcowlishaw@jw.com)*

Patrick R. Cowlishaw
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201

Re:     Judicial Disqualification Question

Dear Pat:

## Summary and Introduction

Based upon my work as a lawyer for lawyers,[1] you have asked for my opinion regarding the subject discussed in your September 1, 2021 letter to me. For purposes of this letter, I will assume as true the facts as stated in your letter and will not fully repeat them here.

I understand your core question to be whether the steps outlined in your letter regarding your partner, Elizabeth Freeman, and the practice that your firm and she have before U.S. Bankruptcy Court Judge David R. Jones are sufficient to meet public disclosure obligations that Ms. Freeman and your firm may have and to allow Judge Jones not to have to make further disclosures or disqualify your firm or himself from cases on which Ms. Freeman and your firm may work on a going-forward basis.[2] Although there is a lack of what I would consider "all fours" authority and thus the ultimate resolution of this issue cannot be said to be free from doubt, it is my opinion that the steps that your firm has taken and plans to take should be regarded as sufficient to meet any such obligations and avoid such disqualification.

## Legal Analysis

28 USC §455(a) through (c), which applies to Bankruptcy Court judges, provides that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

---

[1] A copy of my "website bio" is enclosed herewith as Exhibit A.

[2] Although Judge Jones is not my client, I include a discussion of his potential obligations since they are pertinent to the assessment of the obligations of Ms. Freeman and your firm.

USTP (Common) Ex. 3
Page 1 of 14

Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland
San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

Patrick R. Cowlishaw
September 22, 2021
Page 2

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

(c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

Given, *inter alia*, that Ms. Freeman and Judge Jones have never been married or lived together and that they do not appear to have any other common economic interests or investments, the sole portion of 28 USC §455 that it is necessary to consider at length is the language in 28 USC §455(a) which would require Judge Jones to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."

As is explained in your letter, there has been no romantic relationship between Ms. Freeman and Judge Jones since at least March 2020, and Ms. Freeman, and Judge Jones have not and do not live together. Although Ms. Freeman and Judge Jones are and can be expected to remain close personal friends, both of them recognize and agree that this must remain the extent of their relationship. In addition, and as explained in your letter, Ms. Freeman's work at your firm has for some time excluded and continues to exclude any appearances before or the signing of any pleadings in cases pending before Judge Jones. Additionally, since March 2021, when your firm management first learned of the prior romantic relationship, Ms. Freeman has not participated in any way in in cases pending before Judge Jones, and her 2021 compensation has not included and will not include any portion of firm net income earned from cases that have been or are pending before Judge Jones.

USTP (Common) Ex. 3
Page 2 of 14

    H&K_0000848

Patrick R. Cowlishaw
September 22, 2021
Page 3

Your letter states, however, that your firm is considering changing the work that Ms. Freeman may do beginning in April 2022.[3]  This will be at least two years since Ms. Freeman and Judge Jones had a romantic relationship.  Even then, however, Ms. Freeman will continue not appearing before or signing pleadings submitted to Judge Jones for another four years.  It follows that Judge Jones is only likely even to see Ms. Freeman's name on any documents submitted to the court when it appears along with others on attorney fee requests.

There is no question but that a too-close personal connection between a judge and a lawyer can require judicial disqualification.  *See, e.g., Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980), noting that:

> Because 28 U.S.C. s 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street.

For purposes of this kind of analysis, however, it is neither necessary nor appropriate to indulge in suspicions or speculations beyond those which a reasonable person would consider.  *See, e.g., Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, Civil Action No. 4:18-CV-483, 2019 WL 452756 (E.D. Tex. Feb. 5, 2019) at *1:

> Under § 455, Plaintiff, as the party moving to recuse, bears "a heavy burden of proof" in showing the Court should recuse. *E.g., United States v. Reggie*, No. 13-111-SDD-SCR, 2014 WL 1664256, at *2 (M.D. La. Apr. 25, 2014). The statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g., Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws* Co., 690 F.2d 1157, 1166 (5th Cir. 1982) ). The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), cert. denied, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases

---

[3] You also have stated that the adjustment to her year-end 2021 compensation, to exclude any portion of fees earned by the firm in cases before Judge Jones, will not be repeated at year-end 2022.

USTP (Common) Ex. 3
Page 3 of 14

Patrick R. Cowlishaw
September 22, 2021
Page 4

where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation based on incomplete information implies concealment and impropriety. See H.R. REP. NO. 93-1453, at 6355 (1974).

*See also Womack v. Wright*, Civil Action No. 4:18-CV-567, 2019 WL 442254 (E.D. Tex. Feb. 4, 2019) at *1 ("Under § 455, Defendant, as the party moving to recuse, bears a heavy burden of proof in showing the Court should recuse") (internal quotation omitted); *Fields v. Texas Department of State Health Services*, Civil Action No. 4:16-CV-607, 2018 WL 2933962 E.D. Tex. June 12, 2018) at *1 ("The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse"); *In re Prince*, Adv. Proc. No. 15–4010, 2016 WL 1398480 (Bkr. E.D. Tex. Apr. 6, 2016) at *3 ("This objective standard cannot be satisfied by mere speculation about a judge's state of mind"); Charles Gardner Geyh & Kris Markarian, Judicial Disqualification:  An Analysis of Federal Law 21 (Third Ed. 2020).[4]

By the time that six or more years will have passed since any romantic relationship existed between Ms. Freeman and Judge Jones, it would seem most unlikely that Judge Jones' partiality could reasonably be questioned if Ms. Freeman personally appears before him or personally signs pleadings submitted to him.  Even before then, however, it would seem most unlikely that Judge Jones would be consciously or unconsciously biased because Ms. Freeman had worked outside of court on aspects of a bankruptcy matter that ultimately came before him or because Judge Jones may be called upon to pass upon the reasonableness of a fee request that includes some of Ms. Freeman's time.[5]  But even if these risks to impartiality could be said to be more than most unlikely, they seem to me to fall within the range of what Judge Jones is entitled to consider as not requiring recusal.  In other words, it is my opinion that a reasonable observer aware of all

---

[4] As this monograph notes:

> In *Sensley v. Albritton*, [385 F.3d 591(5th Cir. 2004)] the trial judge's wife was employed as an assistant district attorney in the office representing the defendants, though she herself was in no way involved in the case. The plaintiffs moved to disqualify. Relying on §455(b)(5)(iii), they alleged that the outcome of the case might have an indirect effect on the judge's wife's ongoing employment in the office, in the event that the district attorney lost political popularity by losing the case. The Fifth Circuit found the plaintiffs' allegations unconvincing because "they are only able to make this argument by layering several speculative premises on top of one another to reach a speculative conclusion." [385 F.3d at 600.]

Geyh & Markarian, *supra*, at 70-71.  In *Sensley*, the risk of changed compensation was to the judge's spouse and not to someone with whom the judge was never married and had never lived with.

[5] In reaching this conclusion, I am assuming that until at least six years have passed, Judge Jones will not be called upon to assess the propriety of actions taken by Ms. Freeman as a lawyer.

USTP (Common) Ex. 3
Page 4 of 14

Patrick R. Cowlishaw
September 22, 2021
Page 5

surrounding facts and circumstances would conclude that there presently is and will continue to be an insufficient basis to question Judge Jones' impartiality.

I hope this letter is sufficient to address your questions and concerns in full. If not, or if I can provide you with additional information or input on any other issues, please let me know.

Sincerely yours,

HOLLAND & KNIGHT LLP

Peter R. Jarvis

PRJ:kfk

Enclosure

USTP (Common) Ex. 3
Page 5 of 14

H&K_0000851

# Holland & Knight



## Peter R. Jarvis

**PARTNER**

Peter.Jarvis@hklaw.com

Portland
503.243.5877

**PRACTICES**
Lawyer Ethics, Risk Management and Regulation |
Litigation and Dispute Resolution

**INDUSTRY**
Legal Profession

**Peter Jarvis** is a partner in Holland & Knight's Portland office, where he practices primarily in the area of attorney professional responsibility and risk management. Mr. Jarvis advises lawyers, law firms, corporate legal departments and government legal departments about all aspects of the law governing lawyers. This includes, but is not limited to, matters relating to conflicts of interest, duties of confidentiality, other legal or professional ethics issues, advice on the avoidance of civil or criminal liability, law firm breakups, and questions relating to law firm or legal department structure and operation. Mr. Jarvis also serves as an expert witness and is an avid lecturer for public and private/in-house continuing legal education seminars. He has written numerous publications and is a co-author of The Law of Lawyering (4th Ed. 2015), one of the country's leading professional responsibility treatises.

Mr. Jarvis has decades of experience as a trusted adviser to lawyers and also draws on his substantial background as a civil litigation attorney in matters involving antitrust, appellate, business tort, general contract, insurance, product liability, tax and Uniform Commercial Code (UCC) concerns. He is a past president of the national Association of Professional Responsibility Lawyers (APRL) and is a regular speaker both at APRL events and at the American Bar Association's (ABA) National Conference on Professional Responsibility.

In 2019, the ABA Center for Professional Responsibility honored Mr. Jarvis with its prestigious Michael Franck Professional Responsibility Award. This award is given annually to one individual whose career commitment in areas such as legal ethics, disciplinary enforcement and lawyer professionalism demonstrates the best accomplishment of lawyers. It is Peter's second award from the ABA.

Prior to joining Holland & Knight, Mr. Jarvis was the partner-in-charge of the Portland office of a multistate law firm and was co-leader of that firm's national professional responsibility/risk management practice group. He also served for many years as the in-house ethics counsel for a multistate law firm. Mr. Jarvis was honored to contribute an article, "Geoff Hazard: My Views as a Law Student, Mentee and Coauthor," in the *Hastings Law Journal* tribute to former Yale Law School Professor Geoff Hazard.

## Credentials

**Education**
USTP (Common) Ex. 3
Page 6 of 14

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

H&K_0000852

# Holland & Knight

- Yale University, M.A., Economics
- Harvard University, B.A., *magna cum laude*

## Bar Admissions/Licenses

- Alaska
- California
- New York
- Oregon
- Washington

## Court Admissions

- U.S. Court of Federal Claims
- U.S. Court of Appeals for the Ninth Circuit
- U.S. District Court for the District of Oregon
- U.S. District Court for the Eastern District of Washington
- U.S. District Court for the Western District of Washington
- U.S. District Court for the Northern District of California
- U.S. District Court for the District of Alaska
- U.S. Tax Court

## Memberships

- Multnomah Bar Association Equity, Diversity & Inclusion Committee
- American Bar Association, Ethics and Professional Responsibility Committee for the Solo, Small Firm and General Practice Division
- Association of Professional Responsibility Lawyers, former Board Member and President
- Committee on the Future of the Profession, Washington State Bar Association
- Committee on Professional Ethics, Washington State Bar Association
- Committee to Define the Practice of Law, Washington State Bar Association
- Rules of Professional Conduct Committee, Washington State Bar Association
- Legal Ethics Committee, Oregon State Bar
- Ad Hoc Committee on Attorney Advertising, Oregon State Bar
- Rights of the Handicapped Committee, Oregon State Bar
- American Law Institute
- DRI Lawyers' Professionalism and Ethics Committee, Professionalism Chair

## Honors & Awards

- *The Best Lawyers in America* guide, Ethics and Professional Responsibility Law, 2010-2022
- USTP (Common) Ex. 3
  Page 7 of 14 magazine, 2011-2021
- Michael Franck Professional Responsibility Award, American Bar Association Center for Professional Responsibility,

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

# Holland & Knight

2019

- *The Best Lawyers in America* guide, Portland Ethics and Professional Responsibility Law Lawyer of the Year, 2019
- 2012 Distinguished Legal Writing Award, Burton Award for Legal Achievements
- ALI-ABA Harrison Tweed Special Merit Award, 1993
- President's Membership Services Award, Oregon Bar Association, 1991
- Martindale-Hubbell AV Preeminent Peer Review Rated
- Phi Beta Kappa, Harvard University

## Publications

- The Litigation Funding Case That Keeps On Giving, *Holland & Knight Alert*, May 27, 2021
- Time To Consider Percentage Rental Agreements For Lawyers, *Law360*, July 2, 2020
- Court Bars Defendant's Direct Communications with Law Firm Customers, Other Class Action Members, *Holland & Knight Alert*, June 17, 2020
- Oregon Supreme Court Provides Common Sense Guidance for Lawyers Moving from One State to Another, *Holland & Knight Alert*, June 3, 2020
- Fifth Circuit Reaffirms That Client Identity Is Privileged Only in Narrow Circumstances, *Holland & Knight Alert*, May 19, 2020
- Restatement to the Rescue: 20-Year-Old Treatise May Help Ease Work-at-Home Privilege Problems, *Holland & Knight Alert*, April 3, 2020
- 7 Ethics Considerations for Lawyers Using Lead Generators, Co-Author, *Law360*, March 13, 2020
- Marijuana Legal Ethics 101: Asking the Right Questions, *DRI Professionalism Perspectives Volume 20, Issue 1*, May 20, 2019
- Risk Management Lawyers Rejoice as Clear Scope of Representation Defeats Malpractice Claim, *Holland & Knight Alert*, February 22, 2019
- The Case For Lawyer-Directed Litigation Funding In NY: Part 2, Co-Author, *Law360*, January 11, 2019
- The Case For Lawyer-Directed Litigation Funding In NY: Part 1, Co-Author, *Law360*, January 10, 2019
- 2 Clients Seeking Damages from 1 Pool of Money Equals 1 Disqualified Attorney, *Holland & Knight Alert*, October 16, 2018
- Calif. Supreme Court Breaks New Ground on Arbitrability, Future Waivers and *Quantum Meruit*, *Holland & Knight Alert*, September 7, 2018
- New York City Bar Opinion on Commercial Litigation Funding Raises Concerns, *Holland & Knight Alert*, August 20, 2018
- ABA Explains When a Lawyer Must Tell a Client About a Mistake by the Lawyer, *Holland & Knight Alert*, April 19, 2018
- The New ABA Opinion on the "Generally Known" Exception to Former-Client Confidentiality and Disqualification: An Attempt to Put a Pin in a Moving Target?, *Holland & Knight Alert*, December 28, 2017
- Ruling Elevates Conflicts Considerations in Insurance/Tripartite Relationship Cases, *Holland & Knight Alert*,

USTP (Common) Ex. 3
Page 8 of 14

- Eastern District of California Adopts Broad Approach to Screening, *Holland & Knight Alert*, June 27, 2017

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

# Holland & Knight

- Employers May Wish to Update Electronic Access Policies to Assure Access to Employee's Emails with Counsel, *Holland & Knight Alert*, June 22, 2017

- Washington Supreme Court Creates Bright-Line Rule, *Holland & Knight Alert*, October 26, 2016

- New York Appellate Division Strongly Supports In-House Law Firm Privilege Claim, *Holland & Knight Alert*, July 14, 2016

- New York City Bar Addresses Local Counsel Ethics and Risk Management Issues, *Holland & Knight Alert*, January 20, 2016

- Defining Aggregate Settlements: The Road *Not* to Take, *The Professional Lawyer*, 2015

- D.C. Adopts Screening of Laterals, But Adds Delayed or No Notice Exception, *Holland & Knight Alert*, October 21, 2015

- Entire In-House Legal Department Disqualified Following Lateral Hire, *Holland & Knight Alert*, April 21, 2015

- California Is Latest State To Tackle Lawyer Blogs, *Law360*, April 9, 2015

- *Birbrower* Was Right: Foreign Attorneys Are Entitled to Appear in International Commercial Arbitrations Held in California, *Dispute Resolution Journal*, March 2015

- Proposed California Bar Opinion Seeks to Clarify Advertising Rules for Lawyer Blogs, *Holland & Knight Alert*, March 31, 2015

- Attorney Withdrawal: Protect the Client, Obey the Court or Go to Jail?, *Holland & Knight Alert*, February 19, 2015

- The Law of Unintended Consequences: Whether and When Mandatory Disclosure Under Model Rule 4.1(b) Trumps Discretionary Disclosure Under Model Rule 1.6(b), *Hofstra Law Review*, Volume 44, No. 2, Winter 2015

- How Not to Hire Experts, *Paragon International Insurance Brokers Newsletter*, January 19, 2015

- The Law of Lawyering, Co-Author, *Hazard, Hodes and Jarvis*, Updated Annually

- Clearly Enforceable Future Conflicts Waivers, *ABA/BNA Lawyers' Manual on Professional Conduct*, October 23, 2014

- Moving Smarter: Avoiding Common Ethical Concerns in Lateral Attorney Transitions, *CBA Record*, September 28, 2014

- Following Orders… Sometimes, but Not Always, Straight to Discipline? *DRI for the Defense*, September 2014

- The Role of General Counsel in Law Firm Risk Management, Chapter Author, *Law Firm Practice Management*, 2014

- Massachusetts Court Awards Attorneys' Fees for In-House Counsel's Work, *Holland & Knight Alert*, August 26, 2014

- Oregon Supreme Court: Law Firm In-House Privilege Is Alive and Well, *Holland & Knight Alert*, June 11, 2014

- Curiouser and Curiouser, *DRI Today*, May 28, 2014

- The Practical Case for Civility, Chapter Co-Author, *Essential Qualities of the Professional Lawyer*, ABA 2013

- A 'Safe Harbor' for Future Conflicts Waivers, Co-Author, *ABA/BNA Lawyers' Manual on Professional Conduct*, June 19, 2013

- Pros or Cons: Thoughts for the Modern Sports Attorney — Part I, Co-Author, *Sports Law Blog*, April 20, 2013

- Instructor's Manual: Essential Qualities of The Professional Lawyer, Chapter Author, *American Bar Association*, 2013

- ...ival Tools for Law Firms, Co-Author, American Bar Association, 2007

- The Ends Don't Justify Illegal or Unethical Means, *Los Angeles Daily Journal*, June 16, 2006

USTP (Common) Ex. 3
Page 9 of 14

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

H&K_0000855

# Holland & Knight

- Patent Opinion Firm's Inadvertent Conflict of Interest Bars Evidence of Patent, *The Business Suit*, Defense Research Institute's Commercial Litigation Committee, June 2006
- Zeal in Client Representation - FAQ's, *The Professional Lawyer*, 2005
- The Ethical Oregon Lawyer, Co-Editor and Author of Multiple Chapters , Oregon State Bar CLE, 2003, 2006
- Washington Legal Ethics Deskbook, Co-Editor and Author of Multiple Chapters, Washington State Bar Association, 2003
- Oregon Rules of Professional Responsibility Annotated, Oregon Law Institute, 2003
- Small World After All or Ball of Confusion? Some Thoughts on National Multijurisdictional Practice, *Vanderbilt Journal of Transnational Law, Vol. 34*, 2001
- Aspiring to Be a Lawyer-Mensch, *Oregon State Bar Bulletin*, 2001
- Aspiring to Be a Lawyer-Mensch, *Washington State Bar News*, Summer 2000
- Aspiring to Be a Lawyer-Mensch, *Professional Lawyer*, Summer 2000
- Inside an In-House Legal Ethics Practice, Co-Author, *Notre Dame Journal of Law, Ethics & Public Policy*, 2000
- Zealousness in Contract Drafting: Where to Draw the Line, *Professional Lawyer*, 1999
- Sixteen Years On Screen: Oregon's Lateral Hire Screening Rules, *Professional Lawyer*, 1999
- Eight Privilege-Related Aspects of Corporate Investigations, *Oregon Litigation Journal*, October 1998
- When Waiver Should Not Be Good Enough: An Analysis of Current Client Conflicts Law, Co-Author, *Willamette Law Review*, 1997
- Competence and Confidentiality in the Context of Cellular Telephone, Cordless Telephone and Email Communications, Co-Author, *Willamette Law Review*, 1997
- Professionalism in the Late 1990s: The Four Components of the Professional Lawyer, Co-Author, *Oregon State Bar Bulletin*, 1996
- Professionalism in the Late 1990s: The Four Components of the Professional Lawyer, *New Jersey Law Journal*, 1996

## Speaking Engagements

- Examining the Rules of Professional Responsibility: Rules 1.10, 1.11, and 1.12, Holland & Knight Program, March 31, 2021
- Examining the Rules of Professional Responsibility: Rule 1.9, Holland & Knight Program, October 5, 2020
- Examining the Rules of Professional Responsibility: Rule 1.8, Holland & Knight Program , September 25, 2020
- Examining the Rules of Professional Responsibility: Rule 1.7 Part II, Holland & Knight Program, September 8, 2020
- Examining the Rules of Professional Responsibility: Rule 1.7 Part I, Holland & Knight Program, August 19, 2020
- Examining the Rules of Professional Responsibility: Rule 1.6, Holland & Knight Program, July 29, 2020
- Examining the Rules of Professional Responsibility: Rule 1.5, Holland & Knight Program, July 17, 2020
- Examining the Rules of Professional Responsibility: Model Rules 1.3 and 1.4, Holland & Knight Program, July 1, 2020
- Examining the Rules of Professional Responsibility: Model Rule 1.2, Holland & Knight Program, June 18, 2020
- Examining the Rules of Professional Responsibility: Preamble, Scope, and Rule 1.1, Holland & Knight Program,

USTP (Common) Ex. 3
Page 10 of 14

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

# Holland & Knight

June 5, 2020

- Ethical Issues in Closely-Held Business Disputes, Oregon State Bar Business Litigation Section, November 20, 2019
- Attorney Discipline for Discrimination: Present Law and Future Possibilities, Holland & Knight Program, November 12, 2019
- Firm General Counsel Summit, September 25-27, 2019
- ORCP 17: Limitations and Applicability, Multnomah Bar Association (MBA), June 12, 2019
- 45th ABA National Conference on Professional Responsibility, Rule 8.4(a) and Attempted Rule Violations, American Bar Association, May 29-31, 2019
- 2019 Ethical Reception, Holland & Knight Program, May 22, 2019
- Professionals Can Get Smoked Advising the Marijuana Industry, DRI, November 29, 2018
- Firm General Counsel Summit, Holland & Knight, October 31 – November 2, 2018
- Predicting and Avoiding Conflicts of Interest, Oregon State Bar Elder Law Section, October 5, 2018
- No Three Strikes, but the Lawyer is Still Out Panel: Discipline for Attempted Ethics Violations under RPC 8.4(a), Panelist, Association of Professional Responsibility Lawyers (APRL) Annual Meeting, August 2-4, 2018
- 44th ABA National Conference on Professional Responsibility, Alternative Funding Models and Other Hot Topics in Attorneys Fees, May 30-June 1, 2018
- 2018 Ethical Reception, Holland & Knight Program, May 24, 2018
- Hot Topics in Real Estate Development - Ethical Considerations, The Seminar Group, May 10, 2018
- Labor & Employment Law Conference - Ethical Considerations, The Seminar Group, May 8, 2018
- Ethical & Effective: Enforceable Future Conflict Waiver, ABA Webinar, April 18, 2018
- For the Love of Money: Risk Management and Ethical Considerations in Collecting Attorneys' Fees, ALI CLE Webcast, April 12, 2018
- Ethics Issues in Using Social Media as Evidence, Practising Law Institute, March 16, 2018
- Mistakes: Coping Ethically and Wisely with the Inevitable, ABA Webinar, October 24, 2017
- Firm General Counsel Summit, Speaker, Holland & Knight Program, October 11-13, 2017
- 19th Annual Ethics, Professionalism and Civility Workshop, ABA Webinar, September 2017
- IP Ethical Issues, WSBA, September 22, 2017
- Mistakes: Coping Ethically and Wisely with the Inevitable, ABA 43rd National Conference on Professional Responsibility, June 2, 2017
- 2017 Ethical Reception, Holland & Knight Program, May 24, 2017
- Pushing the Envelope Without Tearing it Open, American Law Institute, May 21, 2017
- The Unauthorized Practice of Law ("UPL"), Alaska Bar Association, April 19, 2017
- Ethics in Social Media 2017, Practicing Law Institute, March 17, 2017
- Ethics Law Issues for Multistate Tax Practitioners, OSB Taxation, Business Law & Estate Planning Section, March 14, 2017
- USTP (Common) Ex. 3 Page 11 of 14 al Publicity: What Can We Learn From Bundy?, Oregon Criminal Defense Lawyers Association, December 3, 2016

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

CONFIDENTIAL

# Holland & Knight

- Joint Representation, Differences in Washington and Oregon Law Re: Conflict Waivers, In-Firm Lawyer-Client Privilege, and Withdrawal Matters, OSB, November 9, 2016
- Firm General Counsel Summit, Holland & Knight Program, November 2-4, 2016
- CLE on Advisory Opinion 201501, Washington Judiciary Committee, October 25, 2016
- Who is the Client? Attorney-Client Privilege in the Growing Complexity of the ANC Corporate Family, Alaska Bar Association, October 14, 2016
- Conflicts of Interest and Confidentiality and Privilege, Oregon State Bar, October 6, 2016
- Joint Representations, American Law Journal, September 28, 2016
- 18th Annual Ethics, Professionalism, and Civility CLE, Washington State Bar Association, September 15, 2016
- Ethical and Effective: Enforceable Future Conflicts Waiver, ABA Webinar, September 13, 2016
- Marijuana Law: Ethical & Risk Management Updates and Implications, Washington State Office of Administrative Hearings and the Tacoma/Pierce County Bar Association, August 19, 2016
- Legal Ethics and Risk Management in IP Licensing, WSBA IP Licensing Seminar, August 16, 2016
- Ethics of Legal Practice in the Marijuana Industry, University of Washington School of Law, Marijuana Policy in Washington State: Moving Forward Conference, June 14, 2016
- Judicial Disqualification Boot Camp, 42nd ABA National Conference on Professional Responsibility, June 1-3, 2016
- Holland & Knight 2016 Ethical Reception, Holland & Knight Program, May 18, 2016
- Pushing the Envelope Without Tearing It Open, Equipment Leasing & Finance Association (ELFA) Legal Forum, San Francisco, May 2-3, 2016
- Counseling Clients in a Changing Securities Landscape, Northwest Securities Institute, Washington State Bar, April 29-30, 2016
- Social Media and Law Firm Marketing: A Review of Ethics Guidance Opinions, American Bar Association Webinar, April 13, 2016
- Ethical Considerations in Running a Cannabis Law Practice: Client Intake, Advice, and Internal Risk Management, WSBA, April 12, 2016
- Marijuana Law, Washington State Bar Association, April 12, 2016
- Atticus Finch: Role Model, Racist or Realist?, Multnomah Bar Association, March 29, 2016
- Ethics in Social Media - Keeping your Ticket in the Age of Social Media, Practicing Law Institute, March 18, 2016
- Four Risk Management Hypotheticals Relevant to Firm's Practice, Holland & Knight CLE Program, March 15, 2016
- Yours, Mine, and Ours: Ethical Considerations for Co-Counsel Relationships, American Law Institute CLE Program, March 2, 2016
- Cybersecurity/Social Media/ Internet - Ethics and Risk Management, Washington State Bar Association's 13th Annual Law of Lawyering, December 10, 2015
- Legal Ethics in the Era of Law Firm Mergers and Vereins: Navigating Fee-Splitting, Referral, Conflicts and Other Ethical Issues, Strafford Legal Ethics CLE Webinar, December 3, 2015
- Ethical Considerations for Business Lawyers, Oregon State Bar, November 5, 2015
- The Ethics of Working with the Marijuana Industry, Oregon Society of Certified Public Accountants, November 2,

USTP (Common) Ex. 3
Page 12 of 14

- Hot Topics in Legal Ethics - Ripped from the Headlines: Notable Ethics Breaches, Oregon Law Institute, October 30,

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

# Holland & Knight

2015

- Fun with Former Client Conflicts, ABA Center for Professional Development Webinar, August 6, 2015
- Conflicts, Confidentiality, and Exceptions to the Internal Law Firm Privilege, American Law Institute CLE Program, June 19, 2015
- Ethics for Tax Practitioners, Oregon State Bar Program, June 11, 2015
- Holland & Knight 2015 Ethical Reception, Holland & Knight Program, June 4, 2015
- Riding the Aggregate Settlement Bronco, 41st ABA National Conference on Professional Responsibility, May 28, 2015
- Ethics Program - Covering All the Bases, ABA Public Contract Law Section's Federal Procurement Institute Program, May 13, 2015
- The Law of Unintended Consequences: Whether and When Mandatory Disclosure Under Model Rule 4.1(b) Trumps Discretionary Disclosure Under Model Rule 1.6(b), Hofstra Law Institute for the Study of Legal Ethics, Conference on Lawyers as Targets: Suing, Prosecuting and Defending Lawyers, April 1, 2015
- Stayin' Alive: Managing Risk in the Practice of Law, Holland & Knight CLE Program, March 27, 2015
- Dual Representation issues for Business Immigration Attorneys CLE, Washington State Bar Association, March 20, 2015
- Ethics of Settlement Agreements, Clear Law Institute Webinar, February 11, 2015
- Enforceable Future Conflicts Waivers, ABA Center for Professional Responsibility, January 8, 2015
- Stayin' Alive: Managing and Overcoming Risk in the First Seven Years of Practice, Complimentary Ethics and Risk Management CLE Program, December 17, 2014
- Ethical Issues Involving Damaged, Altered or Stolen Evidence, OLI's Evidence Program: How to Get it and How to Use It, November 21, 2014
- For the Love of Money: Risk Management and Ethical Considerations in Collecting Attorneys' Fees, ALI CLE Telephone Seminar, October 22, 2014
- The Year's Hottest Legal Ethics Issues, Holland & Knight Program, Chicago, Ill., May 15, 2014
- Ethics and Risk Management Issues for Lawyers and Law Firms, Holland & Knight Program, May 7, 2014
- Pushing the Envelope Without Ripping it Open: The Ethics of Counseling Clients in Legal Gray Areas, 34th Annual Northwest Securities Institute, May 3, 2014
- Breaking Up Is Hard to Do: Ethically Terminating the Attorney-Client Relationship, ALI CLE Program, March 20, 2014
- 13th Annual Legal Malpractice & Risk Management Conference, The Tactical, and Practical, Case for Professionalism, Chicago, Ill, March 5-7, 2014
- Ethics: Knowing and Protecting Your Client, DRI Sexual Torts Seminar, November 2013
- Essential Qualities of the Professional Lawyer, American Bar Association, July 2013
- Stump the Panel, Legal Malpractice and Risk Management Conference, Chicago, Ill., March 2013
- Litigation Funding, Legal Malpractice and Risk Management Conference, Chicago, Ill., March 2013
- Squealing vs. Squeaking By: The Duty to Report (or Not) One's Colleagues, Legal Management Resources General ⬚⬚⬚⬚ctober 2012
- Special Ethical Considerations for Lawyers Involved with Taking Cases, Law Seminars International (LSI) Seminar,

USTP (Common) Ex. 3
Page 13 of 14

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

CONFIDENTIAL

# Holland & Knight

October 2012

- Ethics, Professionalism and Responsibility: The Hard Questions, Moderator, Washington State Bar's 14th Annual Ethics, Professionalism and Civility Seminar, September 2012
- Conflicts of Interest and Confidentiality in Multi-Generational Estate Planning and Administration, Oregon State Bar's Advanced Estate Administration Seminar, June 2012
- Adding Potholes: An Advanced Course, Portland Roundtable Event, June 2012
- Unauthorized Practice of Law and Conflict of Interest Issues, Jones Lang LaSalle, June 2012
- Modern Legal Ethics vs. Justice Holmes' Tax Court Case Comment, Oregon State Bar CLE Seminar, June 2012
- Current Issue in Conflicts, 38th ABA National Conference on Professional Responsibility, May 2012
- What You Really Need to Know About Conflicts and Why You Really Need to Know It, Wells Fargo Advisor Group, April 2012
- Ethical Duties and Liability Risks for Law Firm Supervisors, Roundtable Event, Portland, Ore., March 2012
- Caution! Ethical Considerations When Developing Business, DRI Seminar, March 2012
- Screening and Future Conflicts Waivers: The Advanced Course, Moderator, Legal Malpractice and Risk Management Conference, March 2012
- Litigation Funding, Federal Bar Council's Winter Bench and Bar Conference, Hawaii, February 2012
- Stump the Panel, Moderator, Legal Malpractice and Risk Management Conference, February 2012

USTP (Common) Ex. 3
Page 14 of 14

Attorney Advertising. Copyright © 1996–2021 Holland & Knight LLP. All rights reserved.

CONFIDENTIAL