**From:** Harvey, Jacqueline (POR - X52939)[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=USERB8CE9C8C]
**Sent:** Thur 6/2/2022 7:28:25 PM Coordinated Universal Time
**To:** Jenkins, William[wjenkins@jw.com]; Cowlishaw, Pat[pcowlishaw@jw.com]
**Cc:** Jarvis, Peter R (POR - X55877)[Peter.Jarvis@hklaw.com]
**Subject:** Jackson Walker - Attorney's Duties with Knowledge of Judicial Misconduct
**Attachment:** 2022.06.02 Memorandum Re Attorney Duties with Knowledge of Judicial Misconduct.pdf

Dear William and Pat,

Attached please find a copy of a memo that Peter Jarvis and I have prepared which assesses the disciplinary risk to lawyers in your firm's bankruptcy practice who assist in the representation of clients with cases pending before Judge Jones. This risk described in this memo is in addition to whatever risk partners and supervising lawyers at the firm may have under Texas RPC 5.01(a), which provides that a partner or supervising lawyer is subject to discipline for another lawyer's RPC violations if the partner or supervising lawyer "orders, encourages, or knowingly permits the conduct involved," or under Texas RPC 5.01(b) which provides for discipline of a lawyer with "direct supervisory authority" over another lawyer if the supervisory lawyer "knowingly fails to take reasonable remedial action to avoid or mitigate the consequences of the other lawyer's violation."

Weighing the risk to your firm, its lawyers, and its bankruptcy clients as a whole, Peter and I do not presently believe that there is a reasonably safe way forward as long as Elizabeth Freeman remains a part of your firm and her relationship with Judge Jones remains undisclosed. For example, we do not believe that the situation can be cured by having Ms. Freeman assume a non-partnership role at the firm such as associate, independent counsel, or "of counsel." We also do not believe that the situation can be cured by waiting to see which cases are assigned to Judge Jones and only informing clients if and when a case is assigned to him. Since the risk is already known to exist, it would have to be disclosed to prospective firm clients with cases that could come before Judge Jones.

In other words, and although we remain ready, willing, and able to consider any and all potential options, our present view is that the best and clearest way forward is likely to be for Ms. Freeman to leave your firm and either set up her own separate firm or join another firm. In cases that are not assigned to Judge Jones, your firm and she could then agree to work as co-counsel if your clients so desire and if you and she thought it appropriate to do so. Co-counsel arrangements would, however, have to be made on a case-by-case basis with the clients' best interests in mind and not on the basis of any *quid pro quo* or other mandatory cross-referral requirements. *See* Texas RPC 7.03(e)(2).

As we have explained, Peter and I believe based on our last conversation with him that Tom Kirkendall, who represents Ms. Freeman, either agrees already or is coming around to the view that Ms. Freeman cannot remain at your firm absent, at a minimum, disclosure on the record by Judge Jones.

There are other issues that will have to be addressed as a part of an overall approach or solution. For example, an assessment of what, if anything, to do with each of the cases that have been pending before Judge Jones during the present status of his relationship with Ms. Freeman seems appropriate, and the economic terms of Ms. Freeman's separation from your firm will need attention. If your colleagues and you agree, we would propose to address these matters with Tom as well as to assess whether or how his, or his client's, views may have evolved since we last spoke with him.

Best regards,

**Peter Jarvis | Holland & Knight**
Partner and Co-Leader, Legal Profession
Team
Holland & Knight LLP
601 Southwest 2nd Avenue #1800 | Portland,
Oregon 97204
Phone 503.243.5877 | Fax 503.241.8014
peter.jarvis@hklaw.com | www.hklaw.com

Add to address book | View professional biography

**Jacqueline Harvey | Holland & Knight**
Associate
Holland & Knight LLP
601 Southwest 2nd Avenue #1800 | Portland,
Oregon 97204
Phone 503.517.2939 | Fax 503.241.8014
jacqueline.harvey@hklaw.com |
www.hklaw.com

Add to address book | View professional biography

USTP (Common) Ex. 6
Page 1 of 5

H&K_0002810

# Holland & Knight

601 SW Second Avenue, Suite 1800 | Portland, OR 97204 | T 503.243.2300 | F 503.241.8014
Holland & Knight LLP | www.hklaw.com

Peter R. Jarvis
+1 503-243-5877
Peter.Jarvis@hklaw.com

**Memorandum**

Date:     June 2, 2022

**Contents Covered by Attorney-Client Privilege and Work Product Doctrine**
**Privileged and Confidential:  Attorney-Client Communication**

To:       Jackson Walker LLP

From:     Peter R. Jarvis & Jacqueline N. Harvey

Re:       Duties of Attorney Knowing of Judicial Misconduct

---

## I.      INTRODUCTION AND SUMMARY

This memorandum addresses the duties of a lawyer at a firm who knows that the judge presiding over a case in which the lawyer and the firm represents a party has a conflict of interest that the judge was and is required to disclose under 28 U.S.C. § 455 but has not disclosed.  For purposes of this memorandum, we assume that the judge's conflict is a result of the lawyer's firm's involvement in the case in light of the lawyers who are a part of the firm but is also a conflict that could be waived by the parties.

Although we cannot say that the matter is entirely free from doubt, it is our opinion that the lawyer has a duty to disclose the judicial conflict to the lawyer's client and seek to obtain the client's agreement to make disclosure. If the client directs the lawyer to make disclosure, the lawyer must either see to it that the judicial conflict is disclosed or withdraw.  If the client directs the lawyer not to make any disclosure, the lawyer must withdraw.

## II.     LEGAL AUTHORITY AND ANALYSIS

Under 28 U.S.C. § 455(a), a judge must "disqualify himself in any proceeding in which his impartiality might be reasonably be questioned."  "Because 28 U.S.C. § 455(a) focuses on the appearance of impartiality, as opposed to the existence in fact of any bias or prejudice, a judge faced with a potential ground for disqualification ought to consider how his participation in a given case looks to the average person on the street." *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980).[1]  But, a conflict under § 455(a) may be waived by the parties after

---

[1] *See also Ayati-Ghaffari v. JPMorgan Chase Bank, N.A.*, Civil Action No. 4:18-CV-483, 2019 WL 452756 (E.D. Tex. Feb. 5, 2019) at *1 ("The United States Supreme Court has made clear '[t]he recusal inquiry must be made from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances.'") (citing *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004)). "The Fifth Circuit has interpreted this [standard to] [courts] ask how things appear to the well-informed, thoughtful and objective observer, rather

USTP (Common) Ex. 6
Page 2 of 5

| Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Fort Worth | Houston
Jacksonville | Los Angeles | Miami | New York | Orange County | Orlando | Philadelphia | Portland
Richmond | San Francisco | Stamford | Tallahassee | Tampa | Tysons | Washington, D.C. | West Palm Beach

June 2, 2022
Page 2

"full disclosure on the record of the basis for disqualification." *Id.* at § 455(e).   The question here is therefore what a lawyer must do in a situation in which the lawyer is unwilling simply to withdraw from the case and the judge has not made any disclosure even though, to the lawyer's knowledge, the judge is aware of the underlying facts, which would appear to give rise to need for disclosure or recusal.

A.    **Texas RPC 1.03**

Rule 1.03 of the Texas Disciplinary Rules of Professional Conduct (the "RPCs") provides that:

> (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
> (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Or as stated in Comment [1] to RPC 1.03, "The client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued to the extent the client is willing and able to do so."

On the facts assumed here, RPC 1.03 requires communication by the lawyer to the client of the judicial disclosure or recusal issue.  In fact, RPC 1.03 would require communication with the client even if the lawyer was not personally certain that the judge had failed to make a necessary disclosure but just believed that there was a material risk that this was so. This follows not only because of the risk of the case taking a turn unfavorable to the lawyer's client as a result of the future rulings by the judge but also because a subsequent revelation of the conflict may require that the client's matter be re-litigated from the beginning.  *Harris v. Bd. of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll. ex rel. LSU Health Sci. Ctr. Shreveport*, 409 F. App'x 725, 726–27 (5th Cir. 2010) ("'Although § 455 does not speak to vacating a judgment, Rule 60(b)(6), in conjunction with § 455, does provide "a procedure whereby, in appropriate cases, a  party may be relieved of a final judgment." ' ") (citing *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988))); *Hill v. Thaler*, 401 Fed. Appx. 974, 975 (5th Cir. 2010) (absent disclosure and waiver, the judgment had to be vacated and remanded to a different judge).  *See also, In re Cleveland*, 420 Fed. Appx. 435, 437 (5th Cir. 2011) (because the judge was disqualified under § 455, the judge's the order must be vacated); *Hill v. Thaler*, 401 Fed. Appx. 974, 975 (5th Cir. 2010) (concluding where no disclosure and waiver occurred the judgment had to be vacated and remanded to a different judge).  If nothing else, communicating this risk to the client allows the client to decide whether the client wishes to change counsel in order to address and hopefully eliminated the judicial disqualification issue.

---

than the hypersensitive, cynical, and suspicious person,' while remaining 'mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary' would be. *Ayati-Ghaffari,* 2019 WL 452756 at *1 (citing *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995)).

USTP (Common) Ex. 6
Page 3 of 5

June 2, 2022
Page 3

**B.      RPC 8.04(a)(6)**

If the client directs the lawyer to make disclosure, then the lawyer must either do so or withdraw. *See*, *e.g.*, RPC 1.02(a). That does not mean, however, that the lawyer is free to proceed without disclosure if the client directs the lawyer to do so. Under RPC 8.04(a)(6), a lawyer cannot "knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law." RPC 8.04(a)(6). The questions thus become what is meant by "knowingly" and what is meant by "assist."[2]

**1.      Defining "Knowingly"**

The Terminology section of the RPCs provides that "'knowingly' … denotes actual knowledge of the facts in question. A person's knowledge may be inferred from circumstances." Actual knowledge requires proof beyond what is required to establish what a reasonably prudent (and therefore non-negligent) person should have known. In the present situation, however, it appears that the lawyer with the case before the judge has actual knowledge of all of the facts which appear to give rise to the judicial conflict. Consequently, the most that that lawyer could say is that the lawyer does not "know" that the law requires judicial disclosure or recusal on these facts--perhaps on the ground that since the judge also knows the facts, the judge must have reached a reasoned decision that disclosure or recusal is not required.

We are not aware of any Texas authority directly on point. Nonetheless, it is our opinion that the likelihood of the lawyer prevailing on such a defense is low. At least at present, we do not see a strong argument to the effect that judicial disclosure or recusal is not required. And even if the lawyer is able to identify a plausible and non-frivolous argument as to why disclosure or recusal is not necessary, we are not certain that that would protect the lawyer from discipline. Although we have found no Texas authority on point, disciplinary decisions in several other jurisdictions use language that, at least if taken literally, would move the "actual knowledge/must have known" standard under ABA Model Rule 8.3 (the counterpart to RPC 8.03) very close to a "should have known" standard. *See* Geoffrey C. Hazard, Jr., W. William Hodes & Peter R. Jarvis, The Law of Lawyering §68.04 (last updated 12/21).

**2.      Defining "Assist"**

Texas Ethics Opinion 692 (2021) addresses whether a lawyer who merely remains silent and says nothing can be held to have failed to disclose a material fact when doing so was otherwise "necessary to avoid assisting a criminal or fraudulent act" under RPC 3.03(a)(2). The opinion provides that:

> This Committee agrees with the latter view that "assisting" a client's criminal or
> fraudulent act—at least in these circumstances—requires more than mere silence

---

[2] For the sake of completeness, we note that in addition to RPC 8.04(a)(6), RPC 8.03(b) provides that "Except as permitted in paragraphs (c) or (d), a lawyer having knowledge that a judge has committed a violation of applicable rules of judicial conduct that raises a substantial question as to the judge's fitness for office shall inform the appropriate authority" and that RPC 8.04(a)(3) prohibits a lawyer from engaging "in conduct involving dishonesty, fraud, deceit or misrepresentation." In light of our analysis of RPC 8.04(a)(6), we do not believe it is necessary to explore these USTP (Common) Ex. 6
Page 4 of 5 at this time.

CONFIDENTIAL                                                                      H&K_0002813

June 2, 2022
Page 4

or inaction. Although the term "assisting" is not defined in the Rules, the ordinary legal meaning of that term implies some kind of affirmative and knowing participation in the client's lie. By way of example, "assisting" crimes generally require proof that the defendant solicited, encouraged, directed, aided, or attempted to aid another person in the commission of the offense. *See* Tex. Penal Code § 7.02(a)(2); *see also Rodriguez v. MumboJumbo, L.L.C.*, 347 S.W.3d 924 (Tex. App.—Dallas 2011, no pet.). Rodriguez involved allegations that a lawyer had suborned perjury by failing "to clarify or pull back" allegedly false testimony. 347 S.W.3d at 926-27. But, the court noted, "[f]or subornation of perjury to occur, the suborner must act with the intent to promote or assist the witness in providing false testimony." *Id.* at 927. "One does not suborn perjury merely because one knows it has occurred and fails to disclose it." *Id.* In other words, a lawyer's failure to "clarify or pull back" a client's false testimony is not the same as promoting or assisting a client in providing false testimony as required for the crime of suborning perjury. In the same way, this Committee concludes that a lawyer does not "assist" in the client's false testimony under Rule 3.03(a)(2) by passively witnessing that testimony on cross-examination and remaining silent.

In the present circumstances, however, it would appear difficult to conclude that the lawyer's participation in a case before a judge who is required either to disclose a conflict or implement recusal is equivalent to mere silence which does not constitute impermissible assistance. In other words, it is our opinion that conducting a case before and seeking favorable rulings from a judge who is required to make disclosure or implement recusal would therefore constitute impermissible assistance to a judge under RPC 8.04(a)(6).

If we are correct in our opinion that the lawyer must either do or say something about the conflict or withdraw, the next question is how best to raise the issue with opposing counsel and the court if the lawyer chooses not to withdraw. At least at present, we cannot say that a particular approach must be followed. For example, it may be best to begin by speaking with opposing counsel about the matter and then addressing the matter jointly with the court rather than by simply making a filing with the court before communicating with other counsel.

### III.    CONCLUSION AND RECOMMENDATION

In our opinion, disclosure by the lawyer to firm clients about the judicial conflict is necessary. If the client decides to change lawyers and firms, no duty to take any further action may exist. If the client wishes to stay with the present lawyer and firm, however, then the firm lawyers who participate in the case with knowledge of the facts giving rise to the need for judicial disclosure or recusal are running a material risk of lawyer discipline.

USTP (Common) Ex. 6
Page 5 of 5