UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS (HOUSTON)

| | |
|---|---|
| IN RE: | . Case No. 23-00645 |
| | . |
| PROFESSIONAL FEE MATTERS | . 515 Rusk Avenue |
| CONCERNING THE JACKSON WALKER | . Houston, TX 77002 |
| LAW FIRM | . |
| | . Tuesday, December 9, 2025 |
| . . . . . . . . . . . . . . . . . | . 8:40 a.m. |

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

| | |
|---|---|
| For the United States Trustee: | Department of Justice - U.S. Trustee<br>By:  VIANEY GARZA, ESQ.<br>       MILLI APONTE SALL, ESQ.<br>       KEVIN EPSTEIN, ESQ.<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>(713) 718-4661 |
| | Department of Justice - U.S. Trustee<br>By:  LAURA STEELE, ESQ.<br>517 East Wisconsin Avenue, Suite 430<br>Milwaukee, WI 53202<br>(414) 297-4499 |
| Audio Operator: | Ana Castro, ECR |
| Transcription Company: | Access Transcripts, LLC<br>10110 Youngwood Lane<br>Fishers, IN 46048<br>(855) 873-2223<br>www.accesstranscripts.com |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

USTP (Common) Ex. 15
Page 1 of 8

4

APPEARANCES (Continued):

| | |
|---|---|
| Chapter 7 Trustee in Brilliant Energy: | RANDY W. WILLIAMS, ESQ.<br>7924 Broadway, Suite 1044<br>Pearland, TX 77581 |
| For Michael Goldberg, Litigation Trustee of the GWG Litigation Trust: | Reid Collins & Tsai LLP<br>By:  NATHANIEL JOHN PALMER, ESQ.<br>     BILL REID, ESQ.<br>1301 South Capital of Texas Highway<br>Suite C-300<br>Austin, TX 78746<br>(512) 647-6107 |
| For Patrick Bartels, as liquidating trustee of Strike, LLC and Auto Plus: | Law Firm<br>By:  THOMAS ANDREW WOOLLEY III, ESQ.<br>190 T.C. Jester, Suite 400<br>Houston, TX 77007<br>(713) 337-3900 |
| For Matthew Ray, liquidating trustee of Strike, LLC and Auto Plus: | White & Case LLP<br>By:  SEAN GORMAN, ESQ.<br>609 Main Street, Suite 2900<br>Houston, TX 77002<br>(713) 496-9700 |
| For EXCO Resources, Inc.: | Foley & Lardner LLP<br>By:  JOHN MELKO, ESQ.<br>1000 Louisiana Street, Suite 2000<br>Houston, TX 77002-2099<br>(7130 276-5727 |
| For Dan Williams, the plan administrator for Katerra, Inc.: | Fox Rothschild LLP<br>By:  TREY MONSOUR, ESQ.<br>Saint Ann Court<br>2501 N. Harwood Street, Suite 1800<br>Dallas, TX 75201<br>(214) 231-5796 |
| For David R. Jones: | Quinn Emanuel Urquhart & Sullivan LLP<br>By:  BEN FINESTONE, ESQ.<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000 |
| Also Present: | WILLIAM JENKINS, ESQ.<br><br>W. ROSS FORBES, ESQ. |

USTP (Common) Ex. 15
Page 2 of 8

ACCESS TRANSCRIPTS, LLC                1-855-USE-ACCESS (873-2223)

MR. BOLAND:  Your Honor, I might have a slightly different take, just because we have not ever -- allocations never come up in the conversations.  But from our perspective, Your Honor, we've settled with the estates.  If we offer to pay $50 back, that's the amount that would -- they would be owed, and they would release the ability to recover $51 back.  The U.S. Trustee, Your Honor, if they're seeking non-monetary sanctions, we have an argument about whether that's appropriately teed up or not.

That's -- they could pursue non-monetary relief, but from a monetary standpoint, Your Honor, we believe we've settled with the party in interest that has standing, that owns the client, that owns the right to receive the monies.  And so from our -- from Jackson Walker's perspective, that issue would be settled on the monetary perspective.

THE COURT:  So then the U.S. Trustee's Real 60 disgorgement would go away in your -- at least from your position, your client's position?

MR. BOLAND:  Your Honor, our position would be that their disgorgement action, which we don't think they have standing to even seek anyway, would be settled by these settlement agreements.  That's our position, Judge.

THE COURT:  And is that clear in the settlement agreement?

MR. BOLAND:  It's clear --

USTP (Common) Ex. 15
Page 3 of 8

31

THE COURT:  That's agreements, there's ten of them, right?

MR. BOLAND:  Yeah, it's fair, Judge.  It's clear that the estates are providing a release, and they're releasing the ability to recover additional monies.  And so to the extent, you know, an extra dollar was awarded, but I have a release saying they're not going to take that dollar, that's the perspective we have, Judge.

THE COURT:  Well, okay.  I've read a couple of these settlement agreements.  I don't read that in the settlement agreements.  But if that's what the parties are asserting, I mean -- and again, we're not hearing the merits.

MR. BOLAND:  Sure.

THE COURT:  I'm just asking these questions because I need to understand how this could or should be structured if it does go forward.  And so the -- Jackson Walker's position is that should I approve a settlement agreement, the monies disgorged would end essentially the U.S. Trustee's Rule 60 disgorgement.

MR. BOLAND:  We believe --

THE COURT:  And how does that affect the vacatur of the retention order?

MR. BOLAND:  Well, Your Honor, I think, you know, if -- one, I do -- I think it resolves the monetary relief e seeking, which, again, we don't think they have

USTP (Common) Ex. 15
Page 4 of 8

standing to seek.  And I know that's an issue we'll talk about as far as teeing that up with Your Honor as well.

But it also goes to mitigation factors.  If Your Honor ends up vacating and/or having a sanctions proceeding, that's the purpose of sanctions, right, to deter future inappropriate conduct by the least coercive means.  Those are facts and evidence that Your Honor would consider in connection with that sort of proceeding that the U.S. Trustee could continue to pursue as far as a nominal.

THE COURT:  Okay.  But why should I approve a settlement agreement if we don't allow the U.S. Trustee to bring to trial the vacatur of the retention order to begin with because the vacatur of the retention order would disgorge the entirety of the fees.

MR. BOLAND:  I --

THE COURT:  And so why should I award a portion of that up front and terminate that proceeding essentially?

MR. BOLAND:  I --

THE COURT:  One moment.  Does the ERO need a break? Are you okay?  Okay.  Thank you.

Go ahead.

MR. BOLAND:  Your Honor, I actually disagree, Your Honor, respectfully, with your premise that the vacatur of an employment order is a de facto 100 percent disgorgement of

USTP (Common) Ex. 15
Page 5 of 8
We're happy to brief that, Your Honor, if that becomes

33

an issue.

THE COURT:  We're not going to get into the merits of that.

MR. BOLAND:  I understand.

THE COURT:  I'm just -- we're --

MR. BOLAND:  Understood, Judge.

THE COURT:  I need to understand the structure here and how we're going to proceed.

MR. BOLAND:  Understood.  I just wanted to state on the -- I disagree with that.  But I understand Your Honor's position.  You have to remind me of the question of the Court.

THE COURT:  Okay.  So if -- why should I allow a partial disgorgement of the employment or the fee order?  Essentially, given your client's position, it terminates the merits of the U.S. Trustee's Rule 60 vacatur of the retention order to begin with.  And if vacatur of that is granted, then the entirety of the fees, and at least in the U.S. Trustee's position, should be disgorged, not a portion of it.

So if I grant a settlement essentially awarding a partial disgorgement without vacatur of the retention order, then essentially the trustee's case is over, at least that portion of it.

MR. BOLAND:  I don't --

THE COURT:  Now, I mean, I think that's the U.S.

USTP (Common) Ex. 15
Page 6 of 8
e's position.  We can clarify --

MR. BOLAND: That portion of it, I think, Your Honor, from a monetary standpoint, our argument would be it would be over. There would be other non-monetary components. And Your Honor, I direct -- don't know if you'll recall, but almost two years ago, the very first hearing we had was I think in the connection with the Brilliant Energy case. And Ms. Eitel stood before you and said, you know, we're not here to advocate on behalf of private parties. We're here to bring transparency to the process, and we're here to bring parties to the table.

And that's the whole purpose of this indispensable party standing motions that we did, was to bring people to the table who have the standing, who have the stake in this case, who have the monetary relief and the ability to seek monetary relief. That was the entire purpose of us doing that, Your Honor. So we did that process. We went through the settlement process. We went through the mediation process. And we reached monetary settlements with these folks. And so we've complied by the book.

THE COURT: Well, that's a portion of it. I think the basis of the U.S. Trustee's Rule 60 motion is to get down to the point of whether or not Jackson Walker should have amended his disclosure statement or should have been not allowed to proceed in that proceeding in early in the case, or maybe shouldn't have even been allowed to be retained to begin

USTP (Common) Ex. 15
Page 7 of 8

193

how am I going to deal with this particular one --

MR. BOLAND:  Understood.  We appreciate you.

THE COURT:  -- without prejudicing anybody's rights?  Okay.  And I believe that's it.  Is there anything else that you think we need to deal with?

MS. STEELE:  No.  Thank you very much, Your Honor.

THE COURT:  Mr. Boland?

MR. BOLAND:  Nothing further, Judge.  We appreciate Your Honor's time.

THE COURT:  Anybody else in the courtroom?  All right.  Thank you.  And we're adjourned.

(Proceedings concluded at 1:03 p.m.)

* * * * *


C E R T I F I C A T I O N


I, Heidi Jolliff, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.


_____

HEIDI JOLLIFF, AAERT NO. 2850    DATE: December 11, 2025

USTP (Common) Ex. 15
Page 8 of 8    TRANSCRIPTS, LLC