**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 22-90018 (DRJ) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**APPLICATION TO RETAIN**
**JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS**
**COUNSEL FOR THE FOR THE DEBTORS AND DEBTORS IN POSSESSION**

---

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this application (this "Application") for entry of an order (the "Order"), substantially in the form attached hereto, authorizing the Debtors to retain and employ Jackson Walker LLP ("JW" or the "Firm") as their co-counsel and conflicts counsel and respectfully state as follows:

---

[1] The last four digits of the Debtors' tax identification numbers are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuite des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711). The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E. Swedesford Road, Suite 320, Wayne, PA 19087.

USTP (Sungard) Ex. 1
Page 1 of 41

## I.  JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## II.  BACKGROUND

4.      On April 3, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  The U.S. Trustee's Office appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee") on April 25, 2022 [Docket No. 137].

5.      A detailed description of the Debtors' businesses, capital structure, and the events leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Michael K. Robinson, Chief Executive Officer and President of the Debtors, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 7] (the "First Day Declaration"),[2] incorporated herein by reference.

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration and/or the Engagement Letter, as applicable.

### III.  RELIEF REQUESTED

6.      The Debtors' desire to employ the Firm, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, (713) 752-4200 (telephone), (713) 752-4221 (facsimile), to serve as their co-counsel and conflicts counsel in these chapter 11 cases, in accordance with the conditions set forth in that certain Engagement Letter between the Debtors and the Firm, as of March 24, 2022 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit A**, and incorporated herein by reference.

7.      In support of the Application, the Debtors submit the Declaration of Matthew D. Cavenaugh (the "Cavenaugh Declaration"), a partner of the Firm, which is attached hereto as **Exhibit B**.

### A.     Necessity for Retention of Co-Counsel and Conflicts Counsel and Scope of Services

8.      The Debtors have determined that the retention of co-counsel and conflicts counsel is necessary to the successful administration of these chapter 11 cases given their size and complexity, and that the Firm's employment would be in the best interest of the estates.  The Firm's complex chapter 11 experience, as well as its extensive practice before this Court, and knowledge of the Bankruptcy Local Rules and practices, make it substantively and geographically ideal to efficiently serve the needs of the Debtors.  The Firm regularly represents chapter 11 debtors in the Southern District of Texas and throughout Texas, and thus is well qualified by its experience to serve as co-counsel to the Debtors in these proceedings.

9.      By separate application, the Debtors have also asked the Court to approve the retention of Akin Gump Straus Hauer & Feld LLP ("Akin") as lead counsel for the Debtors. The Firm has discussed the division of responsibilities with Akin and will avoid duplication of efforts.  To specifically disclose the division of labor, and to avoid unnecessary duplication of

USTP (Sungard) Ex. 1
Page 3 of 41

32300207v.1

services, the Firm is proposed to primarily provide the following services for its engagement in these chapter 11 cases as local and conflicts counsel to the Debtors:

- provide legal advice and services regarding local rules, practices, and procedures, including Fifth Circuit law;

- provide certain services in connection with administration of the chapter 11 cases, including, without limitation, preparing agendas, hearing notices, witness and exhibit lists, and hearing binders of documents and pleadings;

- review and comment on proposed drafts of pleadings to be filed with the Court;

- at the request of the Debtors, appear in Court and at any meeting with the United States Trustee, and any meeting of creditors at any given time on behalf of the Debtors as their local and conflicts bankruptcy co-counsel;

- perform all other services assigned by the Debtors to the Firm as local and conflicts bankruptcy co-counsel; and

- provide legal advice and services on any matter on which Akin may have a conflict or as needed based on specialization.

**B.    The Firm's Qualifications**

10.     The Debtors seek to retain the Firm as set forth herein because of the Firm's recognized and extensive experience and knowledge of chapter 11 business reorganization as well as its experience practicing in Texas and in this District.

11.     The Firm has been actively involved in many major chapter 11 cases and has represented many debtors in districts throughout Texas, including recently in the Southern District of Texas, for example: *In re 4E Brands Northamerica LLC,* Case No. 22-50009 (DRJ) (Bankr. S.D. Tex. May 2, 2022); *In re Strike, LLC,* Case No. 21-90054 (DRJ) (Bankr. S.D. Tex. Feb. 4, 2022); *In re Washington Prime Group Inc.,* Case No. 21-31948 (MI) (Bankr. S.D. Tex. July 27, 2021); *In re Katerra, Inc.,* Case No. 20-31861 (DRJ) (Bankr. S.D. Tex. Aug. 4, 2021).

12.     In preparing for its representation of the Debtors in these chapter 11 cases, JW has become familiar with the Debtors' businesses and many of the potential legal issues that may arise

USTP (Sungard) Ex. 1
Page 4 of 41

4

in the context of these chapter 11 cases. The Debtors believe that JW is both well-qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and timely manner.

**C.    Compensation**

13.    The proposed arrangement for compensation is set forth in the Engagement Letter. *See* **Exhibit A**. The Firm's fees are determined on the basis of time billed at hourly rates. The Firm's hourly rates vary with the experience and seniority of its attorneys and legal assistants, and are adjusted on October 1 of each year. Work is assigned among attorneys and other professionals so as to meet the Debtors' needs, including timing requirements, in an economically efficient manner, typically resulting in blended rates of approximately $644 per hour or less. The Firm did not vary from, or agree to any alternatives to, its standard or customary billing arrangements for this engagement.

14.    Expenses related to the Firm's services will be included in the Firm's applications for compensation, which may include third-party disbursements, such as travel expenses, messenger charges, filing and recording fees, and other costs. It is the Firm's intent to bill such expenses at the Firm's cost. Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with the Firm's standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, the Firm may ask that the Debtors be responsible for paying them directly, rather than through the Firm.

15.    The Firm's customary fees and expenses incurred in connection with this representation are to be paid out of the Debtors' estates. The Firm will apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Bankruptcy Local Rules, and any other

orders of the Court.  The Debtors will be jointly and severally liable for all fees and expenses incurred by the Firm for services rendered to the Debtors pursuant to the Engagement Letter.

16.     In connection with the Engagement Letter, the Debtors provided a retainer to the Firm in the amount of $270,856.00 for services performed and to be performed in connection with, and in contemplation of, the filing of these chapter 11 cases (the "Retainer").  Prior to the filing of these cases, the Firm received a payment in the aggregate amount of $187,751.55, which was the total amount due to the Firm for all prepetition services and reimbursement of filing fee expenses.

17.     Matthew D. Cavenaugh's hourly rate is $950.00.  The rates of other restructuring attorneys in the Firm range from $435.00 to 985.00 an hour, and the paraprofessional rates range from $195.00 to $205.00 per hour.  These rates are consistent with rates that the Firm charges in other comparable chapter 11 cases, with no variation based upon the geographical location of a case.

**D.     The Firm is Disinterested**

18.     To the best of the Debtors' knowledge, the JW attorneys have no interest adverse to the Debtors, or to the Debtors' bankruptcy estates, and are disinterested.  The Firm has no connections with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, except as disclosed in the Cavenaugh Declaration.  The Cavenaugh Declaration demonstrates that although the Firm represents and has represented several of the Debtors' creditors or affiliates of the Debtors' creditors, (i) those matters are not substantially related to these chapter 11 cases; (ii) the representations are concluded; (iii) the representation is of an affiliate; or (iv) the representations and the claims of those creditors are immaterial and *de minimis*.

USTP (Sungard) Ex. 1
Page 6 of 41

6

E.      **Supporting Authority**

19.     The Debtors seek approval to retain the Firm pursuant to section 327(a) of the

Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

20.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

21.     For all the reasons stated herein, the retention and employment of the Firm is warranted. Furthermore, as stated in the Cavenaugh Declaration, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors, and has no connection to the Debtors, their creditors, or other parties in interest except as set forth in the Cavenaugh Declaration. Accordingly, the Debtors request that the Court approve the Application.

USTP (Sungard) Ex. 1
Page 7 of 41

32300207v.1

WHEREFORE, the Debtors request that the Court enter the Order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  May 10, 2022
Houston, Texas

*/s/ Michael K. Robinson*
Michael K. Robinson
Sungard AS New Holdings, LLC
Chief Executive Officer, President

**<u>Certificate of Service</u>**

I certify that on May 10, 2022, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jennifer F. Wertz* _____

Jennifer F. Wertz

32300207v.1

## Exhibit A

## Engagement Letter

USTP (Sungard) Ex. 1
Page 10 of 41

DocuSign Envelope ID: A6411337-8D89-4610-A5AA-CE61E8291298



Mathew D. Cavenaugh
(713) 752-4284
mcavenaugh@jw.com

March 24, 2022

Bill Price
Chief Administrative Officer and General Counsel
Sungard
565 E. Swedesford Road, Suite 320
Wayne, PA 19087

      Re:    Retention of Local Counsel and Conflicts Counsel

Dear Mr. Price:

    **_GENERAL_**.  We are very pleased that you have asked us to represent Sungard and its affiliated entities (collectively, "Client") in connection with its consideration of strategic alternatives, including a potential restructuring.  Please note, the Firm's representation is only of the Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of the Client or of any other entity.

    This retention letter (this "Agreement") sets forth the terms of the Client's retention of Jackson Walker LLP to provide legal services and constitutes an agreement between the Firm and the Client (collectively, the "Parties," and each a "Party").  This Agreement sets forth the Parties' entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where the Parties otherwise agree in writing.

    **_FEES_**.  Our fees are determined principally on the basis of our time at hourly rates.  Our hourly rates vary with the experience and seniority of our attorneys and legal assistants, and are adjusted by us from time to time.  Naturally, we try to assign work among our attorneys and other professionals so as to meet the client's needs, including timing requirements, in an economically efficient manner.  I currently expect that I will be the principal lawyer involved in this matter.  Our individual hourly rates fall in the range set forth in the below table, which also shows the ranges applicable to the Firm's other lawyers and paraprofessionals.

| Billing Category | Fee Range (USD) |
| --- | --- |
| Partners | $695-985 |
| Associates | $435-685 |
| Paraprofessionals | $195-205 |

DocuSign Envelope ID: A6411337-8D89-4610-A5AA-CE61E829129B

Bill Price
March 24, 2022
Page 2

_____

Although the Firm will attempt to estimate fees to assist the Client in its planning if requested, such estimates are subject to change and are not binding unless otherwise expressly and unequivocally stated in writing.

**EXPENSES**.  Reasonable expenses related to our services will be included in our statements.  They may include third-party disbursements, such as travel expenses, messenger charges, and filing and recording fees, and other costs, such as certain overtime assistance and special postage.  It is our intent to bill such expenses to the client at our cost.  Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with our standard schedule of charges.  To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, at our option, we may ask that the client be responsible for paying them directly, rather than through us, provided that the client will only be responsible for such advance payment if it so agrees in advance in writing.  The client may request supporting documentation for any expense included on any statement and will not be required to reimburse such expense until reasonably satisfactory supporting documentation is provided.

**STATEMENTS**.  Our statements are rendered monthly and are due upon receipt (subject to bankruptcy court approval, if and as required).  If there is any question concerning a bill, we ask that it be raised within thirty (30) days.  In the event that our statements are not timely paid, we reserve the right to suspend our services until satisfactory payment arrangements are made, or if necessary, to terminate such services.

**RETAINER**.  Considering the nature and scope of the matters for which the Client has engaged us, we are requesting a $250,000 retainer at this time in addition to $20,856.00 to cover filing fees, which is earned upon receipt.  We anticipate applying this retainer to all outstanding fees and work in process immediately prior to a filing of any restructuring proceeding, and holding the balance until the completion of the representation.  When our representation is completed, we will apply the balance of the retainer against our final statement and refund any excess to you.

**CLIENT**.  In this engagement, our principal representation is of the Client as local and conflicts counsel to assist your primary reorganization counsel Akin Gump Strauss Hauer & Feld LLP ("Akin").  Unless specifically agreed to by us in a letter like this one, we will not be representing other persons or entities, including any directors, shareholders, officers or related entities, or their subsidiaries, affiliates, or shareholders in connection with a restructuring proceeding.  The Client is free to terminate this engagement at any time, as are we.  If the engagement is terminated, the Client will remain responsible for the payment of fees and expenses incurred until termination in accordance with this agreement, and, if court approval is required, both of us will cooperate seeking it.

DocuSign Envelope ID: A6411337-8D89-4510-A5AA-CE61E829129B

Bill Price
March 24, 2022
Page 3

_____

    **_CONFLICTS_**.  Based on information provided to us, the Firm currently represents the following entities or affiliates of the following entities that may have direct or indirect claims against the Client:

        State of Texas (and all related entities)
        Exelon Entities
        ACE Insurance
        Chubb Insurance
        Bank of America
        Goldman Sachs
        Wells Fargo
        JPMorgan Chase Bank, NA
        US Bank
        BMO Harris Bank
        Regions Bank
        Hancock Bank
        BBVA (and its successors)
        Capital One, N.A.

    Your agreement to this retention agreement constitutes your acknowledgement of the Firm's ongoing relationship with these entities, and your waiver of any actual or potential conflict with the Firm's continuing representation of these entities.  In addition, you acknowledge that the Firm's representation of the Client will carve out any matters or issues directly adverse to these existing Firm clients, or to other existing Firm clients that may be identified as the representation progresses, and that any such issues will be handled by other conflicts counsel as the case may be, except as set forth in a separate written agreement amongst you, the Firm and these entities.

    You acknowledge and agree that the Firm The Firm and you understand and agree that this is not an exclusive agreement, and you are free to retain any other counsel of your choosing. We recognize that we shall be disqualified from representing any other client with interest materially and directly adverse to yours (i) in any matter which is substantially related to our representation of you and (ii) with respect to any matter where there is a reasonable probability that confidential information you furnished to us could be used to your disadvantage. You understand and agree that, with those exceptions, we are free to represent other clients, including clients whose interests may conflict with yours in litigation, business transactions, or other legal matters. You agree that our representing you in this matter will not prevent or disqualify us from representing clients adverse to you in other matters and that you consent in advance to our undertaking such adverse representations.

    **_CELL PHONE AND E-MAIL COMMUNICATION._**  The Firm hereby informs the Client and the Client hereby acknowledges that the Firm's attorneys sometimes communicate with

DocuSign Envelope ID: A6411337-8D89-4510-A5AA-CE61E829129B

Bill Price
March 24, 2022
Page 4

_____

their clients and their clients' professionals and agents by cellular telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that the Client must inform the Firm if the Client does not wish the Firm to discuss privileged matters on cellular telephones with the Client or the Client's professionals or agents.

The Firm hereby informs the Client and the Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that the Client must inform the Firm if the Client wishes to institute a system to encode all e-mail between the Firm and the Client or the Client's professionals or agents.

**_RESTRUCTURING CASES_**.  If it becomes necessary for the Client to commence a restructuring case under chapter 11 of the U.S. Bankruptcy Code (a "Restructuring Case"), the Firm's ongoing employment by the Client will be subject to the approval of the bankruptcy court with jurisdiction over the petition.  If necessary, the Firm will take steps necessary to prepare the disclosure materials required in connection with the Firm's retention as lead restructuring counsel. In the near term, the Firm will begin conflicts checks on potentially interested parties as provided by the Client.

If necessary, the Firm will prepare a preliminary draft of a schedule describing the Firm's relationships with certain interested parties (the "Disclosure Schedule").  The Firm will give the Client a draft of the Disclosure Schedule once it is available.  Although the Firm believes that these relationships do not constitute actual conflicts of interest, these relationships must be described and disclosed in the Client's application to the court to retain the Firm.

If in the Firm's determination a conflict of interest arises in the Client's Restructuring Case requiring separate conflicts counsel, then Client will be required to use separate conflicts counsel in those matters.

**_NO GUARANTEE OF SUCCESS._**  It is impossible to provide any promise or guarantee about the outcome of Client's matters.  Nothing in this Agreement or any statement by Firm staff or attorneys constitutes a promise or guarantee.  Any comments about the outcome of the Client's matter are simply expressions of judgment and are not binding on the Firm.

**_CONSENT TO USE OF INFORMATION._**  In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, the Client agrees that, if those materials avoid disclosing the Client's confidences and secrets as defined by applicable ethical rules, they may identify the Client

USTP (Sungard) Ex. 1
Page 14 of 41

DocuSign Envelope ID: A6411337-8D89-4610-A5AA-CE61E829129B

Bill Price
March 24, 2022
Page 5

as a client, may contain factual synopses of the Client's matters, and may indicate generally the results achieved.

**_CONTACT PERSON_**.  Unless you otherwise direct, I will be your principal contact at this Firm.  However, if at any time you wish to address concerns regarding this engagement with someone other than me, please feel free to contact Wade Cooper, our Managing Partner.

**_GOVERNING LAW_**.  This engagement will be governed by Texas law.  In addition, there may be times when we hold or transfer money on the Client's behalf.  In those situations, our relationship will also be subject to a variety of Texas and U.S. government requirements, including reporting requirements.

**_MISCELLANEOUS._**   This Agreement sets forth the Parties' entire agreement for rendering professional services.  It can be amended or modified only in writing and not orally or by course of conduct.  Each Party signing below is jointly and severally responsible for all obligations due to the Firm and represents that each has full authority to execute this Agreement so that it is binding.  This Agreement may be signed in one or more counterparts and binds each Party countersigning below, whether or not any other proposed signatory ever executes it.  If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable.  Any agreement or waiver contained herein by the Client extends to any assignee or successor in interest to the Client, including without limitation the reorganized Client upon and after the effective date of a plan of reorganization in a Restructuring Case

We will do our best to provide the Client with the legal services reasonably necessary to achieve a result satisfactory to the client.  However, the outcome of any transaction or lawsuit is subject to uncertainties and risks, and we make no promises or guarantees concerning the outcome.  Once again, we are very pleased to have the opportunity to represent the Client.  Please confirm acceptance of the terms of our engagement by signing a copy of this letter in the space provided below, and return a copy to me.

If you have any questions concerning this letter or the engagement, please do not hesitate to call.

Bill Price
March 24, 2022
Page 6

_____

Sincerely,

Matthew D. Cavenaugh

USTP (Sungard) Ex. 1
Page 16 of 41

DocuSign Envelope ID: A6411337-8D80-4510-A5AA-CE61E829129B

Bill Price
March 24, 2022
Page 7

_____

Agreed to and accepted this ____<sup>29th</sup>___ day of ___<sup>March</sup>_____, 2022.

SUNGARD, on behalf of its direct and indirect parent and affiliates:

By: _____*Mike Robinson*_____

Name: ___MIKE ROBINSON_____

Title: ___CEO_____

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS.   ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT.   PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*,[1] | ) | Case No. 22-90018 (DRJ) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**DECLARATION OF MATTHEW D. CAVENAUGH**
**IN SUPPORT OF THE APPLICATION TO RETAIN**
**JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS COUNSEL**
**FOR THE FOR THE DEBTORS AND DEBTORS IN POSSESSION**

The undersigned proposed attorney for the above-captioned debtors and debtors-in-possession hereby submits this verified statement of disinterestedness pursuant to Bankruptcy Rule 2014(a).

1.      My name is Matthew D. Cavenaugh.  I am over the age of 18 years, I am competent to make this declaration, and I have personal knowledge of the facts stated herein.  Each and every statement contained herein is true and correct.

2.      I am an attorney duly admitted to practice in the State of Texas and in this Court.

3.      I am a partner in the law firm of Jackson Walker LLP (the "Firm").  The Firm maintains offices for the practice of law in seven Texas cities including one at 1401 McKinney

---

[1]    The last four digits of the Debtors' tax identification numbers are: InFlow LLC (9489); Sungard AS New Holdings, LLC (5907); Sungard AS New Holdings II, LLC (9169); Sungard AS New Holdings III, LLC (3503); Sungard Availability Network Solutions Inc. (1034); Sungard Availability Services (Canada) Ltd./Sungard, Services de Continuité des Affaires (Canada) Ltee (3886); Sungard Availability Services Holdings (Canada), Inc. (2679); Sungard Availability Services Holdings (Europe), Inc. (2190); Sungard Availability Services Holdings, LLC (6403); Sungard Availability Services Technology, LLC (9118); Sungard Availability Services, LP (6195); and Sungard Availability Services, Ltd. (4711).  The location of the Debtors' service address for purposes of these chapter 11 cases is: 565 E. Swedesford Road, Suite 320, Wayne, PA 19087.

USTP (Sungard) Ex. 1
Page 18 of 41

Street, Suite 1900, Houston, Texas 77010. The Firm's main telephone number is (713) 752-4200 and the Firm's main facsimile number is (713) 752-4221.

4.      In conjunction with the Debtors' retention of the Firm, I directed a search of the Firm's conflicts system for each of the Debtors' creditors and insiders (the "Potential Parties in Interest").

5.      The Firm may represent other affiliates whose identities and affiliation did not show up on the conflicts system. It is possible that there are creditors whom the Debtors did not identify in their records that are clients of the Firm. The following summarizes the findings gleaned from my review of the information available on the Firm's conflicts system divided into current clients of the Firm that are also creditors of the Debtors, former clients, and affiliates of current clients of the Firm that are also creditors of the Debtors, and my and the Firm's connections with the Debtors and their current and former officers, directors, and professionals.

**A.      The Firm's Prior Relationship to the Debtors**

6.      The Firm and the Debtors' entered into the Engagement Letter on March 24, 2022. In connection with the Engagement Letter, the Debtors provided a retainer to the Firm in the amount of $270,856.00 (the "Retainer"). The Firm assisted the Debtors with the preparation necessary for the filing of their voluntary petitions and transitioning their operations into chapter 11. Prior to the filing of these cases, the Firm received a payment in the aggregate amount of $187,751.55, which was the total amount due to the Firm for all prepetition services and reimbursement of filing fee expenses.

**B.      Current Clients of the Firm that are Creditors of the Debtors**

7.      The Firm currently represents or has represented entities or affiliates of entities that may have direct or indirect claims or interests against one or more of the Debtors that are listed on

USTP (Sungard) Ex. 1
Page 19 of 41

32300207v.1

the attached Schedule 2.  The Firm's ongoing representation of the Schedule 2 entities do not involve or relate to the Debtors or these cases.  The determination of whether a client is a "former client" is based on the date of last activity in the Firm's billing software system being five (5) years or more prior to the Petition Date herein.  The designation of a former client may not foreclose a continuing attorney-client privilege.

8.      In addition, the Firm currently represents entities or affiliates of such entities that may have direct or indirect claims against or interests in one or more of the Debtors on matters unrelated to the Debtors or these cases, which are also set forth in the attached Schedule 2.

9.      In the event that any matters or issues arise that are directly adverse to these current clients of the Firm, these matters or issues will be handled by Akin Gump Straus Hauer & Feld LLP, or other conflicts counsel as appropriate.

10.     None of the preceding current clients individually represents more than 2% of the Firm's annual revenues.

11.     The Firm previously represented, but does not currently represent other potential creditors or affiliates of potential creditors of the Debtors as reflected on Schedule 2.

**C.      Creditors of the Debtors that are Adverse to the Firm's Clients**

12.     The Firm represents, or has represented in the past, clients that are adverse or potentially adverse to numerous creditors (or affiliates of creditors) of the Debtors.

**D.      The Firm's Connections with the Debtors, Officers, and Professionals**

13.     Lucy Johnson-Davis, with the United States Trustee's Office in Houston, was previously employed by the Firm.

USTP (Sungard) Ex. 1
Page 20 of 41

32300207v.1

14.    The Firm has in the past, and is likely in the future, to have common clients and connections with the Debtors' prepetition and post-petition attorneys, accountants, and other professionals.  None of those connections are material or present any conflict of interest.

15.    Except as set forth herein, neither I nor the Firm have had any connection with the above-named Debtors, or insiders or affiliates of  the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the Office of the United States Trustee, and are disinterested persons within the meaning of 11 U.S.C. § 101(14), to the best of my knowledge.

**E.    Statement Regarding United States Trustee Guidelines**

16.    The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with §§ 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.  The Firm also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "U.S. Trustee Fee Guidelines"), both in connection with this Application as well as any interim and final fee applications that may be filed by the Firm in connection with these chapter 11 cases.

**F.    Attorney Statement Pursuant to the U.S. Trustee Fee Guidelines**

17.    The following is provided in response to the request for additional information set forth in Paragraph D.1 of the U.S. Trustee Fee Guidelines.

4

USTP (Sungard) Ex. 1
Page 21 of 41

**Question**: Did the Firm agree to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement?

**Answer**: No. The Firm and the Debtors have not agreed to any variations from, or alternatives to, the Firm's standard billing arrangements for this engagement. The rate structure provided by the Firm is appropriate and is not significantly different from (a) the rates that the Debtors charge for other non-bankruptcy representatives or (b) the rates of other comparably skilled professionals.

**Question**: Do any of the Firm professionals in this engagement vary their rate based on the geographical location of the Debtors' chapter 11 cases?

**Answer**: No. The hourly rates used by the Firm in representing the Debtors are consistent with the rates that the Firm charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

**Question**: If the Firm has represented the Debtors in the 12 months prepetition, disclose the Firm's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If the Firm's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**: My hourly rate is $950.00. The rates of other restructuring attorneys in the Firm range from $435.00 to $985.00 an hour and the paraprofessional rates range from $195.00 to $205.00 per hour. The Firm represented the Debtors during the weeks immediately before the Petition Date, using the foregoing hourly rates.

**Question**: Have the Debtors approved the Firm's budget and staffing plan, and if so, for what budget period?

**Answer**: The Firm has not prepared a budget and staffing plan.

18.    The Firm will periodically review both the changes in identifiable parties in interest of the Debtors and clients of the Firm as such information becomes available or relevant, and will update this disclosure as appropriate.

5

USTP (Sungard) Ex. 1
Page 22 of 41

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 10th day of May 2022.

/s/ *Matthew D. Cavenaugh*

Matthew D. Cavenaugh

USTP (Sungard) Ex. 1
Page 23 of 41

<u>**Schedule 1**</u>

**Schedule of Searched Parties**

**Debtors**

InFlow LLC
Sungard AS New Holdings II, LLC
Sungard AS New Holdings III, LLC
Sungard AS New Holdings, LLC
Sungard Availability Network Solutions Inc.
Sungard Availability Services (Canada) Ltd.
Sungard Availability Services Holdings (Canada), Inc.

Sungard Availability Services Holdings (Europe), Inc.
Sungard Availability Services Holdings, LLC
Sungard Availability Services Technology, LLC
Sungard Availability Services, LP
Sungard Availability Services, Ltd.

**Debtors' Trade Name and Aliases**

SunGard Availability Services LP
SunGard Availability Services Ltd.
SunGard NetWork Solutions Inc.

SunGard SAS Canada Holdings Inc.
SunGard SAS Holdings Inc.
SunGard Technology Services LLC

**Non Debtor Affiliates & Subsidiaries (including JV Partners)**

Guardian IT
Sungard Availability Network Solutions, Inc.
Sungard Availability Services (Belgium) NV
Sungard Availability Services (India) Private Limited
Sungard Availability Services (Ireland) Limited
Sungard Availability Services (Luxembourg) SA
Sungard Availability Services (Poland) Sp z o. o.
Sungard Availability Services (UK) Limited

Sungard Availability Services Holdings (Canada), Inc.
Sungard Availability Services Holdings (Canada), Ltd
Sungard Availability Services Holdings (Europe), Inc.
Sungard Availability Services Holdings (France) SAS
Sungard Availability Services Holdings (UK) Limited
Sungard Availability Services, Ltd
Woodstrick Investment Sp z o. o. (Sungard AS Poland (2021)

**Banks**

Bank of Montreal
Citibank India
Fortis Bank
HSBC
HSBC India

PNC Bank, National Association

USTP (Sungard) Ex. 1
Page 24 of 41

**Lenders, Noteholders, Administrative Agents and Indenture Trustees**

ABRY Partners, LLC
Alter Domus Products Corp. (f/k/a Cortland
    Products Corp.)
Arbour Lane Capital Management, L.P.
Arrowmark Colorado Holdings LLC
Bank of America
Bank of America Merrill Lynch
Bank of America, N.A.
Benefit Street Partners
Blair Funding LLC
BNP Paribas
Carlyle Investment Management LLC
Cetus Capital
Cetus Capital, LLC
Continental Casualty Company-Fund
Credit Suisse (USA) Inc.

Ellington Management Group, L.L.C.
FS Investments
FS KKR Capital Group
FS KKR Advisor, LLC
GSO Capital Partners
J.H. Lane Partners Master Fund, L.P.
JPMorgan Chase & Co.
Longfellow Investment Management Co.,
    LLC
Medalist Partners Corporate Finance LLC
Metlife Investment Management, LLC
Midocean Credit Fund Management LP
MJX Asset Management LLC
PNC Bank, National Association
Suntrust
Tall Tree

**Directors & Officers (Current)**

Anderson, Terrence J.
Appleby, Jarrett
Athas, William
Bartels, Patrick
Boccardi, Michael
Bocchino, Genevieve
Boujoukos, Patricia
Bowman, Scott
Bryson, Christopher
Bugge, Vincent
Demetor, Colleen
Flickstein, Lori
Glickman, Haim
Grafje, Karen
Guth, Robert

Kavalsky, Mitchell
Khanolkar, Shashank
Kula, David
Lama, Brad A.
McGreevey, Maureen
Millay, Jennifer
Mora, James
Paterson, James
Perkins, Thomas
Price, William
Price, William T.
Ray, Kaushik
Robinson, Michael
Tobin, Michael
Wilkens III, John

**Directors & Officers (Former)**

Abrahamson, Darren
Andres, Kent
Bakshi, Lisa
Binford, Alfred
Blackey, Jeffrey
Broederdorf, Douglas

Burke, Shawn
Caria, Jennifer
Coleman, Scott
Collins, Craig
Croom, Michael
Crotty, Brian

USTP (Sungard) Ex. 1
Page 25 of 41

3

Crowe, Joshua
Curtice, Corre
Desch, Michael
Dottley, Kevin
Dzerovych, Andrew
Edwards, Kathleen
George, Joseph
Gibson, Scott
Gladstone, Jacob
Graziano, Glori
Green, Jorge
Gutierrez, Ivan
Haney, David
Hare, Thomas
Harwood, Timothy
Hasapoulos, Costa
Hendricks, Randy
Hirsch, Susan
Hlebasko, Gregory
Hogan, Mark
Jin, Kenichiro
Johnson, James
Lama, Brad
LeVan, Michelle
Lynch, Susan
Lynch, Susan
Mansfield, Michael

Mansor, George
Marra, Keith
Mathern, Michael
McDonald, Christopher
McHugh, Richard
Nixon, David
Park, John
Paul, Dominick
Peterson, Fred
Plumley, Leighton
Ramsey, Megan
Robbins, Andrea
Rusek, Christopher
Rush, Bryan
Sandorfi, Miklos
Schmidt, Karen
Schoenstein, George
Selden, Benjamin
Stern, Andrew
Stern, Andrew
Taczala, Stephen
Treadwell, David
Wellman, Thomas
Wentworth, Karen
Whittemore, Ian
Wilcox, Richard

**Significant Shareholders (more than 5% equity)**

Angelo, Gordon & Co., L.P.
Arbour Lane Capital Management LP
Blackstone Alternative Credit Advisors LP
Blair Funding LLC
Carlyle Group Inc.

Credit Suisse Securities (USA) LLC
FS Investments
FS KKR Capital Corp
GSO Churchill Associates LLC
GSO Credit Alpha Associates LLC

**Landlords & Parties to Leases**

1500 Net-Works Associates
401 North Broad Lessee, LLC
410 Commerce LLC
760 Washington Avenue, LLC
Allegheny DC Assets LLC
AX Gardsun LP

Center Pointe, Ltd.
Commercenter #21 Limited Liability
    Company
Digital Commerce Blvd
Digital Greenspoint, L.P.
Digital Piscataway, New Jersey

USTP (Sungard) Ex. 1
Page 26 of 41

Digital Realty
Digital Toronto Nominee, Inc
Employbridge, LLC dba RemX
GTF 1052, LLC
Landmark Digital Infrastructure Operating Company LLC
Landmark Dividend
Landmark Infrastructure Operating Company, LLC
LaSalle Investment Management
LMRK DI PropCo

LMRK Di Propco Can-Bo LLC
LMRK Di Can-ro Holdings Ltd Canadian Agent
North Valley Property, LLC
Orlando Corporation
Parking Facilities, Inc
Primera Towers (FL) Joint Venture LLC
QAB #1 Investments Limited
Rainier DC Assets, LLC
Russo Family Limited Partnership
Whipcord Ltd

**Capital Lease**

Cisco Systems Capital Corp.
First American Equipment Finance
Hewlett-Packard Financial Svcs Co.

IBM Credit Corporation
Liberty Commercial Finance
Netapp Capital Solutions

**Litigation Counterparties**

FCS Software Solutions Limited

**Ordinary Course Professionals**

AKA Enterprise
ATF Consulting
BDO
Behunin & Associates
Blake, Cassels & Graydon LLP
Blank Rome LLP
BSR & Associates
CFGI, LLC
CT Corporation System
Dechert LLP
DLA Piper LLP (US)
Dun & Bradstreet
Ecovadis Compte
Global Tax Management
Grant Thornton LLP
HCC Global
Hennessy Law, P.C.
Iron Mountain Records Mgmt, Inc.
KPMG LLP

Kurin And Partners
Lamb Mcerlane PC
Landau Hess Simon and Choi
Lee Hecht Harrison LLC
Littler Mendelson, PC
Lyons Beneson & Company Inc.
Moody's Investors Services Inc.
Norton Rose Fulbright
Presidio Network Solutions Inc.
Pricewaterhouse Coopers, LLP
Ropes & Gray LLP
Russ August & Kabat
S&P Global Ratings
Shutts & Bowen LLP
Solomon Edwards Group LLC
The Vanguard Group Inc.
Verrill Dana, LLP
VLP Law Group LLP

USTP (Sungard) Ex. 1
Page 27 of 41

**Customers (Top 50)**

Aecon Construction Group Inc.
Allstream Business Inc.
Ann & Robert H. Lurie Children's Hospital
    of Chicago
Aramark Services, Inc.
Ascension Health-IS, Inc. D/B/A Ascension
    Information Services
Astrazeneca UK Limited
Atos IT Outsourcing Services, LLC
AXA Group Operations
Backblaze, Inc.
Blue Cross and Blue Shield of South Carolina
Cerner Corporation
CGI Technologies and Solutions Inc.
Cognizant Technology Solutions US
    Corporation
Credit Agricole Corporate and Investment
    Bank, London Branch
Credit Suisse International
CSRA LLC
CVS Pharmacy, Inc.
Docusign, Inc.
Export Development Canada
First Republic Bank
FIS Capital Markets UK Limited
FIS Capital Markets US LLC
Fiserv Solutions, LLC
Franchise World Headquarters, LLC

Global Atlantic Financial Company
HCL America Inc.
HCL Technologies UK Limited
Home Office
IQVIA Inc.
JS Information Systems Limited
Markit North America Inc.
Menzies Aviation Holdings Limited
NCL (Bahamas) Ltd.
New York City Health and Hospitals
    Corporation
NJR Service Corporation
NYU Langone Hospitals
Oracle America, Inc.
Paul Weiss Rifkind Wharton & Garrison
Ross Stores, Inc.
Samsung SDS America, Inc.
Thames Water Utilities Limited
The TJX Companies, Inc.
Transics International BVBA
U.S. Bank National Association
UNFI
Vision Service Plan
WorldPay (UK) Limited
Wyndham Vacation Ownership
Xerox Limited
Yardi Systems, Inc.

**Letters of Credit**

410 Commerce, LLC
Chubb Limited
Swiss Re Life & Health America

The Travelers Indemnity Co.
Wells Fargo Bank, N.A.

**Utility Providers and Brokers**

Alectra Utilities (fka Enersource/ Hydro
    Mississauga)
Arizona Public Service
AT&T
Atmos Energy of TX (Mid-Texas)
Bell Canada
Centerpoint Energy of TX

City of Atlanta
City of Aurora
City of Grand Prairie
City of Richardson
Cobb County Water System
Comcast
Commonwealth Edison

USTP (Sungard) Ex. 1
Page 28 of 41

Crown Castle Fiber LLC
EDF Energy Services, LLC
EDF Industrial Power Services (CA), LLC
Enbridge (ON)
Energy Harbor LLC
ENGIE Resources LLC
EverSource (NSTAR Gas Company)
Excel Energy
Georgia Natural Gas
Georgia Power
Golden State Water
Granite Telecommunications LLC
Lumen
Mass Electric
MTS Allstream Inc.
National Grid
Nicor Gas

Oncor
Public Service Electric & Gas
Region of Peel
Sacramento County Utilities
Sacramento Municipal Utility District (SMUD)
Smyrna, Georgia
Southern California Edison
Southern California Gas Company
Sprint
Suez Water New Jersey
Unitas Global LLC
Verizon
Videotron Telecom Ltd.
Village of Northbrook
Whipcord Ltd
Xcel Energy of CO (PSC of Colorado)

**Benefits Providers**

Aetna
Carebridge
Delta Dental Group
Express Scripts
HTA Financial Services

Lincoln Financial Group
MetLife
PayFlex Group
Teladoc
VSP Group

**Insurers**

ACE American Insurance Company
AIG Insurance Company of Canada
AIG Specialty
Alliant Insurance Services, Inc.
Allianz Global Risks US Insurance Company
American Casualty Company of Reading, Pa
Beazley Insurance Company
Berkley Insurance Company
Certain Underwriters at Lloyd's
Continental Casualty Company
Everest National Insurance Company
Hiscox Insurance Company, Inc.

Marsh Insurance Services
National Fire Insurance Company Of Hartford
Starr Indemnity & Liability Company
Steers Inc.
The Continental Insurance Company
Tokio Marine HCC
Valley Forge Insurance Company
XL Insurance America Inc.
XL Specialty Insurance Company Canadian Branch

**Network Services Providers**

Arin (American Registry for Internet Numbers, Ltd.)
Beanfield Metroconnect

Bellsouth Telecommunications Inc.
Cablevision Lightpath LLC
Centurylink

USTP (Sungard) Ex. 1
Page 29 of 41

Cogent Communications Inc.
Coresite, L.P.
Cyrusone LLC
De-Cix North America Inc.
Equinix, Inc.
Fiberlight, LLC

Global Crossing Telecommunications
Grainger, Inc.
Light Tower Fiber LLC
MCI
NFLO
Zayo Fiber Solutions, LLC

**Top 50 Vendors**

Abacus Solutions, LLC.
Alert Logic, Inc.
Allied Universal Security Services
Amazon Web Services
AT&T
Behunin & Associates, P.C.
CDW Direct, LLC
Continental Resources Inc.
Dell Marketing L.P.
Eaton Corporation
EMC Corporation
Ensono LP
FIS Capital Markets US LLC
FIS Computer Services LLC
Foley, Inc.
Gregory FCA Communications, LLC
Hatzel & Buehler, Inc.
Haynes Mechanical Systems Inc.
Hexaware Technologies, Inc.
Ingram Micro, Inc.
Level 3 Communications, LLC
LHC Services
LJS Electrical Contractor, Inc.
M.F. Malone, Inc.
Menard Electric Ltd Company LLC

Microland Limited
Microsoft Corporation
Net2Vault, LLC
Netapp Inc.
NSC Global, LLC
O3 World, LLC
Odyssey Technical Inc.
Oracle America, Inc.
PNC Bank National Association
Presidio Network Solutions Inc.
Republic Services, Inc.
Riley Electric, Inc.
Schellman & Company Inc.
SHI International, Corp
Software One, Inc.
Sykes Enterprises Inc.
The Veron Company
Threewill, LLC
Top Gun Technology, Inc.
Tyten Technologies Inc.
Unitas Global LLC
US Net
Vertiv Corporation
Volt Consulting Group Ltd
W Kramer Assoc Inc.

**Top 30 Unsecured Creditors**

1500 Net-Work Associates LP (c/o Amerimar Enterprises, Inc.)
401 North Broad Lessee, LLC
410 Commerce LLC
760 Washington Avenue LLC (c/o Russo Development, LLC)
Amazon Web Services
Avant Communications
Bridgepointe Technologies, Inc.

Datacenters.com
DI Dropco LLC (c/o Landmark Dividend LLC)
Element Critical
EMC Corporation
EMCOR Services (Fluidics)
Ensono LP
Hatzel & Buehler, Inc.
Landmark Infrastructure Partners LP LLC

USTP (Sungard) Ex. 1
Page 30 of 41

8

LJS Electrical Contractor, Inc
M.F. Malone, Inc.
Micro Focus LLC
Microland Limited
Microsoft Corporation
Net2Vault, LLC
NSC Global, LLC
Presidio Network Solutions Inc.

PSE&G Co.
Redwood DC Assets LLC
Russo Family Limited Partnership (c/o Russo Development, LC)
Software One, Inc.
Sykes Enterprises Inc.
Veritas Technologies LLC
Vertiv Corporation

**Taxing Authorities**

Adams County Treasurer
Adams County Treasurer
Alabama Department Of Revenue
Alabama Department Of Revenue
Aldine ISD - Tax Office
Arapahoe County Treasurer
Arapahoe County Treasurer
Authur E. Ferdinand
Borough of Carlstadt
Carlstadt Fire Department
City of Alpharetta
City of Alpharetta
City of Bellevue
City of Cypress
City of Cypress
City of Farmington Hills
City of Frankfort, License Fee Division
City of Henderson
City of Lake Mary
City of Louisville
City of Marlborough
City of Maryland Heights
City of Montgomery
City of Philadelphia
City of San Ramon
City of Smyrna Tax Department
City of Somerville
City of St Paul
City of Wilmington
Cobb County Tax Commissioner
Commissioner of Revenue Services
Commonwealth of Massachusetts
Commonwealth of Pennsylvania
Comptroller of Maryland
Contra Costa County Tax Collector

Cook County Treasurer
Copley-Akron
County of Orange
Dallas County
Dallas County Tax Assessor
Delaware Employment Training Fund
Department of Environmental Protection
Department of Revenue-State of Mississippi
Durham County Tax Collector
Ecollect
Franchise Tax Board
Fulton County Tax Commissioner
GA Environmental Protection Division
Georgia Department of Revenue
Gregory F.X. Daly
Harris County Tax Assessor (Anne Harris Bennett)
Idaho State Tax Commission
Jedds
John R. Ames, CTA
Kenneth L Maun
Kentucky State Treasurer
Keystone Collections Group
King County Treasury
Maricopa County Treasurer
Marion County
Marion County Treasurer
Mecklenburg County Tax Collector
Metropolitan Trustee
Montana Department of Revenue
Multnomah County
New Jersey Div. of Taxation
New Mexico Taxation and Revenue Dept.
North Carolina Department of Revenue
NYC Department of Finance

USTP (Sungard) Ex. 1
Page 31 of 41

9

Oakland County Treasurer
Office of Finance, City Of Los Angeles
Ohio Department of Taxation
Oklahoma Tax Commission
Oklahoma Tax Commission
Orange County Tax Collector
Oregon Department of Revenue
R.I. Division of Taxation
Ramsey County
Ramsey County/City of St. Paul
Ray Valdes, Tax Collector
Rhode Island Division of Taxation
Richardson Independent School District
Richardson ISD Tax Office
Sacramento County
Sacramento County Utilities
SC Department Of Revenue
SCC DTAC
Seminole County Tax Collector

Shelby County Trustee
Spring Branch Independent School District
State of Maryland
State of New Hampshire
State of New Jersey
Tarrant County
Tax Collector, City Of Norwalk CT
Tax Collector, Multnomah County
Texas Comptroller
Texas Comptroller of Public Accounts
Texas Department of Licensing and Regulation
The Treasurer, State of New Jersey
Town of Castle Rock
Travis County Tax Office
Treasurer, City of Memphis
United States Treasury
Utah State Tax Commission
Wendy Burgess

**Significant Competitors**

iland
Microsoft
IBM
Bluelock
C&W Business
Expedient
CloudHPT
TierPoint
RecoveryPoint
Intervision

**Notice of Appearance Parties, as of April 22, 2022**

Acquiom Agency Services LLC, as agent of
    the Term Loan DIP Facility
Allen ISD
City of Allen, TX

Collin County Tax Assessor/ Collector
Harris County, TX
Irving ISD

USTP (Sungard) Ex. 1
Page 32 of 41

**The Official Committee of Unsecured Creditors**

401 North Broad Lessee, LLC                LJS Electric, Inc.
Bridgepoint Technologies, LLC              Vertiv Corporation
Fluidics Inc. (Emcor Services)

**Schedule 2**

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| ACE American Insurance Company | ACE American Insurance Company | Insurance provider | Client |
| Allianz Capital Partners | Allianz Global Risks US Insurance Company | Insurer | Client |
| Allianz Global Corporate & Specialty | Allianz Global Risks US Insurance Company | Insurer | Client |
| Allianz Life Insurance Company | Allianz Global Risks US Insurance Company | Insurer | Client |
| Angelo Gordon | Angelo, Gordon & Co., L.P. | Significant Shareholder | Client |
| Ascension Texas | Ascension Health-IS, Inc. | Customer | Client |
| AstraZeneca Pharmaceuticals LP | Astrazeneca UK Limited | Customer | Client |
| AT&T Corporation | AT&T | Utility provider | Client |
| AT&T Knowledge Ventures, LP | AT&T | Utility provider | Client |
| AT&T Mobility LLC | AT&T | Utility provider | Client |
| ATMOS Energy Corporation | Atmos Energy of TX (Mid-Texas) | Utility provider | Client |
| AXA Real Estate Investment Managers US LLC | AXA Group Operations | Customer | Client |
| AXA XL | AXA Group Operations | Customer | Client |
| Bank of America | Bank of America | Lender | Client |
| BDO Canada Limited | BDO | Ordinary Course Professional | Previous client |
| Benefit Street Partners | Benefit Street Partners | Lender | Client |
| Blue Cross Blue Shield Association | Blue Cross and Blue Shield of South Carolina | Customer | Client |
| Blue Cross Blue Shield of Mississippi, a Mutual Insurance Company | Blue Cross and Blue Shield of South Carolina | Customer | Client |
| BNP Paribas | BNP Paribas | Lender | Client |
| Carlyle Realty VI, L.L.C. | Carlyle Investment Management LLC | Lender | Previous client |

USTP (Sungard) Ex. 1
Page 34 of 41

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| Carlyle/Cypress West 7th, LP | Carlyle Investment Management LLC | Lender | Client |
| CenterPoint Hospitality, LLC | Centerpoint Energy of TX | Utility provider | Client |
| Centerpoint Integrated Solutions | Centerpoint Energy of TX | Utility provider | Client |
| CGI Technologies and Solutions Inc. | CGI Technologies and Solutions Inc. | Customer | Client |
| Chubb & Son | Chubb Limited | Letters of Credit | Client |
| Chubb Executive Risk | Chubb Limited | Letters of Credit | Client |
| Chubb Insurance of Europe SE | Chubb Limited | Letters of Credit | Previous client |
| Cisco Systems, Inc. | Cisco Systems Capital Corp. | Lease | Client |
| Citibank, N.A. | Citibank India | Bank | Client |
| Continental Resources, Inc. | Continental Resources, Inc. | Vendor | Client |
| Credit Agricole Corporate and Investment Bank | Credit Agricole Corporate and Investment Bank, London Branch | Customer | Previous client |
| Credit Suisse | Credit Suisse (USA) Inc. | Lender | Client |
| Credit Suisse Real Estate Fund International | Credit Suisse (USA) Inc. | Lender | Client |
| Credit Suisse Securities (USA) LLC | Credit Suisse (USA) Inc. | Lender | Client |
| Crown Castle International Corp. | Crown Castle Fiber LLC | Utility provider | Client |
| CVS Pharmacy, Inc. | CVS Pharmacy, Inc. | Customer | Client |
| CyrusOne LLC | Cyrusone LLC | Network service provider | Client |
| Dell Inc. | Dell Marketing | Vendor | Client |
| Dell Technologies | Dell Marketing | Vendor | Client |
| Digital Realty | Digital Realty | Landlord | Client |
| DLA Piper | DLA Piper LLP US | Ordinary Course Professional | Previous client |
| DLA Piper LLP (US) | DLA Piper LLP US | Ordinary Course Professional | Client |
| Eaton | Eaton Corporation | Vendor | Client |
| Eaton Corporation | Eaton Corporation | Vendor | Client |

32300207v.1

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| Eaton Vance Management | Eaton Corporation | Vendor | Client |
| Eaton Vance Real Estate Investment Group | Eaton Corporation | Vendor | Client |
| EDF Trading North America, LLC | EDF Energy Services, LLC | Utility provider | Client |
| Ellington Management Group, LLC | Ellington Management Group, L.L.C | Lender | Client |
| Enbridge Employee Services, Inc. | Enbridge (ON) | Utility provider | Previous client |
| Enbridge Inc. | Enbridge (ON) | Utility provider | Client |
| Enbridge Midcoast Energy, Inc. | Enbridge (ON) | Utility provider | Client |
| ENGIE | ENGIE Resources LLC | Utility provider | Previous client |
| Everest Group | Everest National Insurance Company | Insurer | Client |
| FIS, Inc. | FIS Capital Markets US LLC | Vendor | Client |
| Fiserv, Inc. | Fiserv Solutions, LLC | Customer | Client |
| HCC Global Financial Products | HCC Global | Ordinary Course Professional | Client |
| HCC Global Financial Products | HCC Global | Ordinary Course Professional | Client |
| Hewlett Packard | Hewlett-Packard Financial Services Co. | Lease | Previous client |
| Home Box Office, Inc. | Home Office | Customer | Client |
| HP Inc. | Hewlett-Packard Financial Services Co. | Lease | Client |
| HSBC USA, Inc. | HSBC | Lender | Client |
| IBM Real Estate Services | IBM Credit Corporation | Lease | Previous client |
| International Business Machines Corp. | IBM Credit Corporation | Lease | Client |
| JPMorgan Chase & Co. | JPMorgan Chase & Co. | Lender | Client |
| Leal, on behalf of FIS, Roland | FIS Capital Markets US LLC | Vendor | Client |
| LHC Group, Inc. | LHC Services | Vendor | Client |
| Lumen Holdings, LLC | Lumen | Utility provider | Client |
| Metropolitan Life Insurance Company | Metropolitan Trustee | Taxing Authorities | Previous client |

USTP (Sungard) Ex. 1
Page 36 of 41

3

32300207v.1

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| Metropolitan Life Insurance Company | Metropolitan Trustee | Taxing authority | Client |
| Microsoft Corporation | Microsoft Corporation | Vendor | Client |
| Milam Houston Real Estate Holding Inc. c/o Credit Suisse | Credit Suisse (USA) Inc. | Lender | Client |
| Norton Rose Fulbright US LLP | Norton Rose Fulbright US LLP | Ordinary Course Professional | Client |
| Parker Drilling | Parker Drilling Company | Officer affiliation | Client |
| Paul, Weiss, Rifkind, Wharton | Paul, Weiss, Rifkind, Wharton & Garrison | Customer | Previous client |
| PNC Bank | PNC Bank, National Association | Bank | Client |
| PNC Realty Investors, Inc. | PNC Bank, National Association | Bank | Client |
| Primera Towers (FL) Joint Venture LLC | Primera Towers (FL) Joint Venture LLC | Landlord | Client |
| PSC, LLC | PSC of Colorado | Utility provider | Client |
| Republic Services, Inc. | Republic Services | Vendor | Previous client |
| Samsung Austin Semiconductor | Samsung DSD America, Inc. | Customer | Client |
| Samsung Biologics | Samsung DSD America, Inc. | Customer | Client |
| Samsung Engineering America | Samsung DSD America, Inc. | Customer | Client |
| SHI International Corp. | SHI International Corp. | Vendor | Client |
| Smyrna Ready Mix Concrete, LLC | Smyrna Georgia | Utility provider | Client |
| Southwestern Bell Telephone Company dba AT&T | AT&T | Utility provider | Client |
| Sprint | Sprint | Utility provider | Previous client |
| Sprint Spectrum L.P. | Sprint | Utility provider | Previous client |
| SunTrust Bank, Atlanta | Suntrust | Lender | Client |
| SunTrust Bank, Florida | Suntrust | Lender | Previous client |
| Swiss Reinsurance America Holding Corp. | Swiss Re Life & Health America | Letters of Credit | Client |
| Sykes Chiropractic, LLC | Sykes Enterprises Inc. | Vendor | Client |

| JW Client Name | Name Checked Against Database | Relation to Debtors | Status |
|---|---|---|---|
| Teladoc Health, Inc. | Teladoc | Benefit provider | Client |
| The Blackstone Group | The Blackstone Group | Current director | Client |
| The Department of the Treasury of the State of New Jersey | The Treasurer, State of New Jersey | Taxing Authorities | Client |
| Travelers | The Travelers Indemnity Co. | Letters of Credit | Client |
| Travelers Bond and Financial Products Claim | The Travelers Indemnity Co. | Letters of Credit | Client |
| U.S. Bank National Association | U.S. Bank National Association | Customer | Client |
| Wells Fargo | Wells Fargo | Lender | Client |
| Wyndham Hotel Group, LLC | Wyndham Vacation Ownership | Customer | Client |
| Xerox Corporation | Xerox Limited | Customer | Client |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*, | ) | Case No. 22-90018 (DRJ) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. ___** |

**ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF JACKSON WALKER LLP AS CO-COUNSEL**
**AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

The Court, having considered the Application to Retain Jackson Walker LLP (the "Firm")

as Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession (the

"Application") pursuant to 11 U.S.C. §§ 327(a) and 330 filed by the above-captioned debtors and

debtors-in-possession (collectively, the "Debtors"), is of the opinion that the requested relief is in

the best interest of the estates and their creditors; that the Firm represents no interest adverse to

the estates in the matters upon which it is to be engaged and are disinterested persons within the

definition of 11 U.S.C. § 101(14); and that the Application should be approved. It is therefore

ORDERED THAT:

1.      The Debtors are authorized to retain and employ the Firm as co-counsel and

conflicts counsel upon the terms and conditions set forth in the Application as modified herein.

2.      The Firm shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the

Court.

USTP (Sungard) Ex. 1
Page 39 of 41

32300207v.1

3.      The Firm will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

4.      The Firm shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by the Firm to provide services to the Debtors, and shall ensure that any such Contractors who are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5.      To the extent the Application or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern.

6.      Notwithstanding anything to the contrary in the Application, the Firm shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of the Court.

7.      The Firm shall file a notice with the Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Official Committee of Unsecured Creditors prior to any increases in the rates set forth in the Application.  The notice shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Houston, Texas
Dated: _____, 2022

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE