United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 07, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| SUNGARD AS NEW HOLDINGS, LLC, *et al.*, | Case No. 22-90018 (DRJ) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 211** |

**ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF JACKSON WALKER LLP AS CO-COUNSEL
AND CONFLICTS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

The Court, having considered the Application to Retain Jackson Walker LLP (the "Firm") as Co-Counsel and Conflicts Counsel for the Debtors and Debtors-in-Possession (the "Application") pursuant to 11 U.S.C. §§ 327(a) and 330 filed by the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), is of the opinion that the requested relief is in the best interest of the estates and their creditors; that the Firm represents no interest adverse to the estates in the matters upon which it is to be engaged and are disinterested persons within the definition of 11 U.S.C. § 101(14); and that the Application should be approved. It is therefore ORDERED THAT:

1. The Debtors are authorized to retain and employ the Firm as co-counsel and conflicts counsel upon the terms and conditions set forth in the Application as modified herein.

2. The Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Bankruptcy Local Rules, and any other applicable procedures and orders of the Court. For billing purposes, the Firm shall keep its time in one tenth (1/10) hour increments. The

USTP (Sungard) Ex. 2
Page 1 of 3

Firm will use its best effort to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these chapter 11 cases.

3. The Firm will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

4. The Firm shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by the Firm to provide services to the Debtors, and shall ensure that any such Contractors who are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. To the extent the Application or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern.

6. Notwithstanding anything to the contrary in the Application, the Firm shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of the Court.

7. The Firm shall file a notice with the Court and give not less than ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Official Committee of Unsecured Creditors prior to any increases in the rates set forth in the Application. The notice shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard

set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.  The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Signed: June 06, 2022.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE