

Matthew D. Cavenaugh
(713) 752-4284
mcavenaugh@jw.com

As of November 9, 2022

Drivetrain, LLC as Plan Administrator of Sungard AS New Holdings, LLC and its affiliated Wind Down Debtors
Attn: Tim Daileader, as Partner of Drivetrain, LLC
410 Park Avenue, Suite 900
New York, NY 1002
tdaileader@drivetrainllc.com

Re:  Retention Agreement

Dear Mr. Daileader:

**GENERAL**.  We are very pleased that you have asked us to represent Drivetrain, LLC as Plan Administrator of Sungard AS New Holdings, LLC, and the affiliated Wind-Down Debtors ("Client").  Please note that the Firm's representation is only of Client; the Firm does not and will not represent any direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of Client or of any other entity.

This retention letter (this "Agreement") sets forth the terms of Client's retention of Jackson Walker LLP to provide legal services and constitutes an agreement between the Firm and Client (collectively, the "Parties," and each a "Party").  This Agreement sets forth the Parties' entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where the Parties otherwise agree in writing.

**FEES**.  Our fees are determined principally on the basis of our time at hourly rates. Our hourly rates vary with the experience and seniority of our attorneys and legal assistants, and are adjusted by us from time to time.  Naturally, we try to assign work among our attorneys and other professionals so as to meet the client's needs, including timing requirements, in an economically efficient manner.  I currently expect that I will be the principal lawyer involved in this matter.  Our individual hourly rates fall in the range set forth in the below table, which also shows the ranges applicable to the Firm's other lawyers and paraprofessionals.

Drivetrain, LLC
November 9, 2022
Page 2

| Billing Category | Fee Range (USD) |
|---|---|
| Partners | $750-1,075 |
| Associates | $565-750 |
| Paraprofessional | $230-250 |

**EXPENSES**. Reasonable and documented expenses related to our services will be included in our statements. They may include third-party disbursements, such as travel expenses, messenger charges, and filing and recording fees, and other costs, such as certain overtime assistance and special postage. It is our intent to bill such expenses to the client at our cost. Certain other expenses, such as photocopying, computerized research and long distance tolls, will be billed in accordance with our standard schedule of charges. To the extent there may be large third-party disbursements, such as expert fees and expenses, mediation and arbitration fees, deposition costs, and substantial travel expenses, at our option, we may ask that the client be responsible for paying them directly, rather than through us, provided that the client will only be responsible for such advance payment if it so agrees in advance in writing. The client may request supporting documentation for any expense included on any statement and will not be required to reimburse such expense until reasonably satisfactory supporting documentation is provided.

**STATEMENTS**. Our statements are rendered monthly and are due upon receipt. If there is any question concerning a bill, we ask that it be raised within thirty (30) days. In the event that our statements are not timely paid, we reserve the right to suspend our services until satisfactory payment arrangements are made, or if necessary, to terminate such services.

**RETAINER**. Considering the nature and scope of the matters for which Client has engaged us, we are not requesting a retainer at this time.

**CLIENT**. In this engagement, our principal representation is of Client. Unless specifically agreed to by us in a letter like this one, we will not be representing other persons or entities, including any directors, shareholders, officers or related entities, or their subsidiaries, affiliates, or shareholders in connection with a restructuring proceeding. Client is free to terminate this engagement at any time, as are we. If the engagement is terminated, Client will remain responsible for the payment of fees and expenses incurred until termination in accordance with this agreement, and, if court approval is required, both of us will cooperate seeking it.

**CONFLICTS**. As you are aware, we have represented and continue to represent Sungard AS New Holdings, LLC, and certain of its direct and indirect affiliates, but do not believe that any have an interest materially and directly adverse to yours. Based on information provided to us, the Firm currently represents the following entities or affiliates of the following entities that may have direct or indirect claims against the Client:

USTP (Sungard) Ex. 6
Page 2 of 5

Drivetrain, LLC
November 9, 2022
Page 3

---

      State of Texas (and all related entities)
      Exelon Entities
      ACE Insurance
      Chubb Insurance
      Bank of America
      Goldman Sachs
      Wells Fargo
      JPMorgan Chase Bank, NA
      US Bank
      BMO Harris Bank
      Regions Bank
      Hancock Bank
      BBVA (and its successors)
      Capital One, N.A.

Your agreement to this retention agreement constitutes your acknowledgement of the Firm's ongoing relationship with these entities, and your waiver of any actual or potential conflict with the Firm's continuing representation of these entities. In addition, you acknowledge that the Firm's representation of the Client will carve out any matters or issues directly adverse to these existing Firm clients, or to other existing Firm clients that may be identified as the representation progresses, and that any such issues will be handled by other conflicts counsel as the case may be, except as set forth in a separate written agreement amongst you, the Firm and these entities.

You acknowledge and agree that The Firm and you understand and agree that this is not an exclusive agreement, and you are free to retain any other counsel of your choosing. We recognize that we shall be disqualified from representing any other client with interest materially and directly adverse to yours (i) in any matter which is substantially related to our representation of you and (ii) with respect to any matter where there is a reasonable probability that confidential information you furnished to us could be used to your disadvantage. You understand and agree that, with those exceptions, we are free to represent other clients, including clients whose interests may conflict with yours in litigation, business transactions, or other legal matters. You agree that our representing you in this matter will not prevent or disqualify us from representing clients adverse to you in other matters and that you consent in advance to our undertaking such adverse representations.

**CELL PHONE AND E-MAIL COMMUNICATION.** The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by cellular telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client does not wish the Firm to discuss privileged matters on cellular telephones with Client or Client's professionals or agents.

Drivetrain, LLC
November 9, 2022
Page 4

_____

The Firm hereby informs Client and Client hereby acknowledges that the Firm's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted e-mail, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client must inform the Firm if Client wishes to institute a system to encode all e-mail between the Firm and Client or Client's professionals or agents.

**_NO GUARANTEE OF SUCCESS._** It is impossible to provide any promise or guarantee about the outcome of Client's matters. Nothing in this Agreement or any statement by Firm staff or attorneys constitutes a promise or guarantee. Any comments about the outcome of Client's matter are simply expressions of judgment and are not binding on the Firm.

**_CONSENT TO USE OF INFORMATION._** In connection with future materials that, for marketing purposes, describe facets of the Firm's law practice and recite examples of matters the Firm handles on behalf of clients, Client agrees that, if those materials avoid disclosing Client's confidences and secrets as defined by applicable ethical rules, they may identify Client as a client, may contain factual synopses of Client's matters, and may indicate generally the results achieved.

**_CONTACT PERSON_**. Unless you otherwise direct, I will be your principal contact at this Firm. However, if at any time you wish to address concerns regarding this engagement with someone other than me, please feel free to contact Wade Cooper, our Managing Partner.

**_GOVERNING LAW_**. This engagement will be governed by Texas law. In addition, there may be times when we hold or transfer money on the client's behalf. In those situations, our relationship will also be subject to a variety of Texas and U.S. government requirements, including reporting requirements.

**_MISCELLANEOUS._** This Agreement sets forth the Parties' entire agreement for rendering professional services. It can be amended or modified only in writing and not orally or by course of conduct. Each Party signing below is jointly and severally responsible for all obligations due to the Firm and represents that each has full authority to execute this Agreement so that it is binding. This Agreement may be signed in one or more counterparts and binds each Party countersigning below, whether or not any other proposed signatory ever executes it. If any provision of this Agreement or the application thereof is held invalid or unenforceable, the invalidity or unenforceability shall not affect other provisions or applications of this Agreement which can be given effect without such provisions or application, and to this end the provisions of this Agreement are declared to be severable. Any agreement or waiver contained herein by Client extends to any assignee or successor in interest to Client, including without limitation the reorganized Client upon and after the effective date of a plan of reorganization in a Restructuring Case.

Drivetrain, LLC
November 9, 2022
Page 5

_____

      We will do our best to provide Client with the legal services reasonably necessary to achieve a result satisfactory to the client. However, the outcome of any transaction or lawsuit is subject to uncertainties and risks, and we make no promises or guarantees concerning the outcome. Once again, we are very pleased to have the opportunity to represent Client. Please confirm acceptance of the terms of our engagement by signing a copy of this letter in the space provided below, and return a copy to me.

      If you have any questions concerning this letter or the engagement, please do not hesitate to call.

                                      Sincerely,

                                      Matthew D. Cavenaugh

Agreed to and accepted this __9th__ day of ____November____, 2022.

Drivetrain, LLC as Plan Administrator of Sungard AS New Holdings, LLC and its affiliated Wind Down Debtors

By: _____
Name: __Timothy Daileader__
Title: __Partner__

THE STATE BAR OF TEXAS INVESTIGATES AND PROSECUTES PROFESSIONAL MISCONDUCT COMMITTED BY TEXAS ATTORNEYS. ALTHOUGH NOT EVERY COMPLAINT AGAINST OR DISPUTE WITH A LAWYER INVOLVES PROFESSIONAL MISCONDUCT, THE STATE BAR'S OFFICE OF GENERAL COUNSEL WILL PROVIDE YOU WITH INFORMATION ABOUT HOW TO FILE A COMPLAINT. PLEASE CALL 1-800-932-1900 TOLL-FREE FOR MORE INFORMATION.

USTP (Sungard) Ex. 6
Page 5 of 5