UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | Civil Action No. 4:23-CV-04787-AM |
| In re: <br><br> Professional Fee Matters Concerning the Jackson Walker Law Firm | Case No. 23-00645 (EVR) <br><br> (Bankruptcy Miscellaneous Proceeding) |

**WIND-DOWN DEBTOR'S OBJECTIONS AND
RESPONSES TO UNITED STATES TRUSTEE'S FIRST SET
OF INTERROGATORIES TO SUNGARD AS NEW HOLDINGS, LLC**

TO:   Laura D. Steele, Esq.
      Counsel for Kevin M. Epstein
      the United States Trustee, Region 7
      Southern and Western Districts of Texas

PLEASE TAKE NOTICE that Sungard AS New Holdings, LLC, the Wind-Down Debtor in the remaining chapter 11 case of Sungard AS New Holdings, LLC (Case No. 22-90018-CML) (the "**Wind-Down Debtor**"), by and through Drivetrain LLC (the "**Plan Administrator**"), as the Plan Administrator appointed pursuant to the confirmed *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Sungard AS New Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 763] (the "**Plan**"), by and through its undersigned counsel, hereby serves its objections and responses (collectively, the "**Responses**") to the *United States Trustee's First Set of Interrogatories to Sungard AS New Holding, LLC* dated January 22, 2026 (the "**Interrogatories**").

Dated: February 5, 2026 **COLE SCHOTZ P.C.**
*Counsel for the Wind-Down Debtor and Plan Administrator*

*/s/ Daniel F.X. Geoghan*
Daniel F.X. Geoghan (Texas Bar No. 24126280)
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: (469) 557-9390
Facsimile: (469) 533-1587
Email: dgeoghan@coleschotz.com

*- and -*

Mark Tsukerman
1325 Avenue of the Americas, 19th Floor
New York, NY 10019
Telephone: (212) 752-8000
Facsimile: (212) 752-8393
Email: mtsukerman@coleschotz.com

USTP (Sungard) Ex. 12
Page 2 of 7

## GENERAL STATEMENT

1. These Responses have been prepared based upon the information currently available to the Wind-Down Debtor, its agents and employees, and are provided after a reasonable investigation and inquiry. The Wind-Down Debtor reserves the right to modify and supplement its responses and objections and to present in any proceeding and at trial any further information and documents obtained during discovery and preparation for trial.

2. These Responses are not intended to be, and shall not be deemed to be, an admission of the matters stated, implied or assumed by or in any of the specific Interrogatories. These Responses are made without in any way waiving or intending to waive: (i) any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of information or documents produced in response to these Interrogatories; (ii) the right to object on any ground to the use of the information or documents produced in response to the Interrogatories at any hearings or at trial; (iii) the right to object on any ground at any time to a request for further responses to the Interrogatories; or (iv) the right at any time to revise, correct, add to, supplement, or clarify any of the responses contained herein.

3. These Responses are for use in this litigation and for no other purpose.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:** Provide a breakdown of the settlement amount attributable to:

    a. recovery of the pre-confirmation attorneys' fees and expenses paid to Jackson Walker LLP ("**Jackson Walker**") for representation in or in connection with the case(s) to which your settlement agreement relates (the "**Case**").

    b. recovery of the post-confirmation attorneys' fees and expenses paid to Jackson Walker for representation in or in connection with the Case;

USTP (Sungard) Ex. 12
Page 3 of 7

67271/0001-52296995v1

      c.      resolution of any other claims or causes of action; and

      d.      the attorneys' fees and expenses that you have incurred in connection with the matters giving rise to the settlement agreement.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. The Wind-Down Debtor further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this contested proceeding or reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, the Wind-Down Debtor sought recovery of pre-confirmation attorneys' fees and expenses paid to Jackson Walker, and the settlement payment represents more 93% of that amount. The Wind-Down Debtor further refers the U.S. Trustee to the terms of the settlement agreement (the "Settlement Agreement") attached to the** *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019* **[Docket No. 91] ("Settlement Motion"), which speak for themselves. As set forth therein, the Settlement Agreement contemplates that Jackson Walker will make a "lump sum" settlement payment in resolution of all the Sungard Wind-Down Debtor's claims against Jackson Walker.**

**INTERROGATORY NO. 2:** State in detail any other monetary remedies or sanctions the Court may award you if the order approving Jackson Walker's employment in the Case is vacated or the final fee order approving Jackson Walker's fees and expenses in the Case is vacated.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory as vague and ambiguous because it is not clear what the phrase "any other monetary remedies or sanctions" is referring to. Further, the Wind-Down Debtor objects to this Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this contested proceeding or reasonably calculated to lead to the discovery of admissible evidence. Further, the Wind-Down Debtor objects because this Interrogatory improperly requires it to draw legal conclusions regarding the effect and scope of a hypothetical, future court order and speculate as to what monetary remedies or sanctions the Court may award in such order. It likewise improperly requires the Wind-Down Debtor to draw advisory legal conclusions regarding the legal effect or consequences resulting from vacating the order approving Jackson Walker's employment and/or the final fee order approving Jackson Walker's fees and expenses. Accordingly, no response will be provided.**

**INTERROGATORY NO. 3:** State who will receive a distribution if the settlement is approved and how much you anticipate distributing to them. In responding, you may describe who will receive a distribution from the settlement amount by the class(es) set forth in the chapter 11 plan confirmed in the Case.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this contested proceeding or reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving the foregoing objections, the Wind-Down Debtor refers to the terms of the**

USTP (Sungard) Ex. 12
Page 4 of 7

4

67271/0001-52296995v1

**Plan. If the Settlement Agreement is approved, the settlement proceeds will be distributed in accordance with the terms of the Plan. As more particularly set forth and described therein, the settlement payment will be distributed to holders of "Term Loan DIP Facility Claims" and "First Lien Credit Agreement Claims" (Class 3) net of Plan administration expenses.**

**INTERROGATORY NO. 4:** With respect to any mediation for which you produced a mediation agreement (in response to the request for production issued to you contemporaneous with these interrogatories), state the date such mediation commenced and the date such mediation terminated.

**RESPONSE:  This interrogatory is inapplicable given that the Wind-Down Debtor did not participate in the mediation and did not produce any mediation agreement.**

**INTERROGATORY NO. 5:** What is the probability of success in the litigation against Jackson Walker that you used in deciding to enter into the settlement agreement?

**RESPONSE:  The Wind-Down Debtor objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.  Subject to, and without waiving the foregoing objections, the Wind-Down Debtor refers to the Settlement Motion, which discusses and describes the Wind-Down Debtor's and Plan Administrator's consideration of various factors that informed and guided their decision to enter into the Settlement Agreement, including, among others, the litigation's possibility of success.  As more particularly discussed therein, the Wind-Down Debtor and Plan Administrator believe the litigation against Jackson Walker has a high probability of success.**

**INTERROGATORY NO. 6:** After the filing of the Case, describe the connections between you and Jackson Walker and when such connections terminated.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory as vague and ambiguous because (a) the Wind-Down Debtor did not file "the Case" and only came into existence, in such capacity, after confirmation of the Plan; (b) it is unclear whether the term "Case" in the context of this Interrogatory refers to the Debtors' pre-confirmation chapter 11 cases, the Wind-Down Debtors' post-confirmation cases, or the Wind-Down Debtor's case or litigation against Jackson Walker; and (c) the term "connections" is undefined and requires speculation as to its meaning.  The Wind-Down Debtor further objects to this Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this contested proceeding or reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objections, following the effective date of the Plan, the Wind-Down Debtor responds as follows:  Jackson Walker initially served as counsel for the Wind-Down Debtor and Plan Administrator in the chapter 11 cases.  On or about January 24, 2024, the Plan Administrative engaged Cole Schotz to represent the Wind-Down Debtors and Plan Administrator in connection with all matters for which Jackson Walker was conflicted, including any challenges to Jackson Walker's retention and/or fees in the chapter 11 cases.  As of February 15, 2025, the Plan Administrator directed Jackson Walker to transition all matters in the chapter 11 cases to**

USTP (Sungard) Ex. 12
Page 5 of 7

5

67271/0001-52296995v1

**Cole Schotz, with the exception of a single transactional matter Jackson Walker was assisting with and finalizing. As of May 2024, the latter transactional matter (which was still pending) was also transitioned to Cole Schotz and Jackson Walker was fully transitioned out of the case. On June 19, 2024, Jackson Walker filed its notice of withdrawal as counsel.**

**INTERROGATORY NO. 7:** If the settlement agreement is approved and a court, in connection with the U.S. Trustee's litigation against Jackson Walker related to the Case, subsequently orders Jackson Walker to pay funds to you in addition to the Settlement Amount, state whether you would accept and distribute such funds.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of this contested proceeding or reasonably calculated to lead to the discovery of admissible evidence. Further, the Wind-Down Debtor objects to the extent this Interrogatory seeks a legal conclusion and requires the Wind-Down Debtor to speculate as to the scope and effect of a hypothetical, future court order. Subject to, and without waiving the foregoing objections, the Wind-Down Debtor responds that it would comply with any order issued by the Court and take any action consistent with its obligations under the Plan and not inconsistent with the terms of the Settlement Agreement, including by accepting and distributing funds paid to it by Jackson Walker by order of the Court.**

**INTERROGATORY NO. 8:** If your answer to question no. 6 is no, please state the facts which support your answer.

**RESPONSE: The Wind-Down Debtor objects to this Interrogatory as it purports to refer to Interrogatory No. 6, which cannot be construed as calling for a "yes" or "no" response. To the extent this Interrogatory is intended to refer to Interrogatory No. 7, the Wind-Down Debtor provided a response other than "no." Accordingly, no response is required.**

USTP (Sungard) Ex. 12
Page 6 of 7

67271/0001-52296995v1

## **VERIFICATION**

I, Timothy Daileader, am a Partner of Drivetrain LLC, and declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing *Sungard Wind-Down Debtor's Objections and Responses to United States Trustee's First Set of Interrogatories to Sungard AS New Holdings, LLC* and know the contents thereof. I hereby certify and verify that the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated this 5th day of February, 2026.

*/s/ Timothy Daileader*
Timothy Daileader

USTP (Sungard) Ex. 12
Page 7 of 7

67271/0001-52296995v1