

# Jackson Walker Case No. 22-90018

*In re Sunguard AS New Holdings, LLC*

9019 Motion & Agreement

Document 91-1

USTP (Sungard) Ex. 14
Page 1 of 6

H. On April 9, 2025, Chief District Court Judge Alia Moses entered a *Memorandum Opinion and Order* withdrawing the Rule 60(b) motions, including the motion filed in the Bankruptcy Cases, to the District Court under Civil Action No. 4:23-CV-4787-AM (the "District Court" or "District Court Proceeding", as applicable).

I. As a result thereof, and in order to avoid the further time, substantial expense, and uncertainties of continued litigation and to avoid the substantial stress and distraction of continued litigation, the Parties desire to fully and completely settle the disputes between them on the terms and conditions set forth herein.

**AGREEMENT**

NOW, THEREFORE, in consideration of the mutual terms and covenants set forth in this Agreement, the receipt and sufficiency of which is respectively hereby acknowledged, and intending to be legal bound hereby, the Parties, as applicable, hereby agree as follows:

1. Recitals. The above recitals are incorporated herein by reference.

2. Effective Date.

    (a) The effective date of this Agreement (the "Effective Date") is the first day as of which all of the following conditions have been satisfied or, to the extent permitted herein, are waived: (i) all Parties have executed and exchanged each Party's signature pages to this Agreement; and (ii) the Bankruptcy Court or District Court, as applicable, has entered an order (the "Approval Order") approving all terms of this Agreement and overruling any objections to approval of this Agreement and such order has become a Final Order (as hereafter defined). For purposes of this Agreement, the Approval Order will become a "Final Order" when: (x) fourteen (14) days (as computed in accordance with Fed. R. Bankr. P. 9006) shall have passed from the date of the entry of the Approval Order, and (y) either (i) the time to file a timely appeal under Fed. R. Bankr. P. 8002 from the Approval Order passes and no such timely appeal is filed, or (ii) if a timely appeal is filed, then all timely filed appeals have been dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further timely appellate review. If the Effective Date does not occur: (a) the Parties shall revert, without prejudice to or waiver of any right, to their respective positions immediately prior to the execution of this Agreement; and (b) neither this Agreement nor evidence of its terms shall be admissible for any purpose in the Bankruptcy Case or any other action or proceeding.

    (b) With respect to the forgoing paragraph, the Parties will in good faith exercise all reasonable efforts required of such Party to obtain the entry of the Approval Order, including executing and delivering any motions, declarations, testimony, or other items of support reasonably required in connection therewith, and attending any related hearings related to approval of the Settlement Motion (defined below). Consistent with the preceding sentences, the Wind-Down Debtors and/or the Plan Administrator, as applicable will promptly prepare a motion to

67271/0001-50473230v2

2

---

Annotations:

(a) The effective date of this Agreement (the "Effective Date") is **the first day as of which all of the following conditions have been satisfied** or, to the extent permitted herein, are waived

(ii) the Bankruptcy Court has entered an order (the "Approval Order") **approving all terms of this Agreement and overruling any objections to approval of this Agreement** and such order has become a Final Order (as hereafter defined).

the Approval Order will become a "Final Order " when: (x) **fourteen (14) days** (as computed in accordance with Fed. R. Bankr. P. 9006) **shall have passed from the date of the entry of the Approval Order**, and (y) either (i) the time to file a timely appeal under Fed. R. Bankr. P. 8002 from the Approval Order passes and no such timely appeal is filed, or (ii) if a timely appeal is filed, then all timely filed appeals have been dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further timely appellate review.

approve compromise of controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 or such other applicable rule(s) as may be applicable (the "Settlement Motion"). Before the Settlement Motion is filed, JW will be given an opportunity to review and comment on the Settlement Motion. The Settlement Motion and related Approval Order shall be in form and substance acceptable to both Parties. For the avoidance of doubt, the Settlement Motion, Approval Order and any related arguments or testimony provided in support of the same shall make clear that this Agreement resolves all issues and claims between the Wind-Down Debtors, the Plan Administrator, and JW, including all claims and causes of action related to the allegations contained in the U.S. Trustee Filings as to the Bankruptcy Cases, and that this Agreement meets the standards required for approval under Rule 9019 of the Bankruptcy Rules. The Settlement Motion will be filed in the District Court under case number 4:23-CV-4787 AM. For the further avoidance of doubt, the Wind-Down Debtors and the Plan Administrator have agreed to file a Settlement Motion seeking approval of their entry into this Agreement out of an abundance of caution and without prejudice to the express terms of the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan or Sungard AS New Holdings, LLC and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Dkt. No. 751] (the "Confirmed Plan"), which specifically waives the requirement that the Wind-Down Debtors and the Plan Administrator seek approval of any compromise or settlement of Claims (as that term is defined in the Confirmed Plan) or Causes of Action (as that term is defined in the Confirmed Plan) pursuant to Bankruptcy Rule 9019.

3. **Settlement Payment.** Within five (5) business days after the Effective Date, JW shall pay or cause to be paid to the Wind-Down Debtors (receipt of which shall be promptly confirmed by the Plan Administrator) the sum of $385,000.00 (the "Settlement Payment"). Payment shall be made payable to the Wind-Down Debtors' account by wire transfer using wire transfer instructions separately provided to JW. The Settlement Payment shall be paid to the Wind-Down Debtors and distributed pursuant to the terms of the Confirmed Plan in the Bankruptcy Case.

4. **Vacatur of Final Fee Order.** Subject to the approval of the Bankruptcy Court or District Court, as applicable, the Parties agree that the December 30, 2022 *Order* [Dkt. No. 899] shall be vacated and the Approval Order shall approve, on a final basis, JW's compensation and reimbursement of expenses in the amount of $35,461.46, which represents reimbursement of expenses in the amount of $5,966.46 and reduced fees in the amount of $29,495.00.

5. **Mutual Releases.**

    (a) *Release in Favor of JW.* Upon receipt of the entire Settlement Payment, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, the Plan Administrator on behalf of itself and the Wind-Down Debtors hereby releases, acquits, and forever discharges JW and its respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, reinsurers, attorneys, partners, associates, staff members, and assigns from any and all actions, suits, debts, covenants,

67271/0001-50473230v2

3

contracts, controversies, agreements, promises, duties, obligations, claims, sanctions, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims and causes of action that relate to or arise from the Bankruptcy Cases, the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones, which for the avoidance of doubt includes all such claims, causes of action and allegations that may be held by the Wind-Down Debtors or the Plan Administrator against JW related to any breach of fiduciary duty, negligence, gross negligence, malpractice, fraud (or similar fraud based claims), and/or requests for sanctions.

(b) *Release in Favor of the Wind-Down Debtors and the Plan Administrator.* On the Effective Date, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, JW hereby releases, acquits, and forever discharges the Wind-Down Debtors and the Plan Administrator and their respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, reinsurers, attorneys, partners, associates, staff members, and assigns from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, sanctions, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims, causes of action and allegations that relate to or arise from the Bankruptcy Case, the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones.

6. <u>Waiver of Future and Unknown Claims</u>. Each of the Parties acknowledges that it has been advised by its attorney(s) concerning, and is familiar with, the provisions of California Civil Code Section 1542, which provides:

67271/0001-50473230v2

4

> or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, **including but not limited to any and all claims and causes of action that relate to or arise from the Bankruptcy Cases, the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones**, which for the avoidance of doubt includes all such claims, causes of action and allegations that may be held by the Wind-Down Debtors or the Plan Administrator against JW **related to** any breach of fiduciary duty, negligence, gross negligence, malpractice, fraud (or similar fraud based claims), **and/or requests for sanctions**.

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each of the Parties acknowledges that it may have sustained damages, losses, fees, costs or expenses that are presently unknown and unsuspected, and that such damages, losses, fees, costs or expenses as the Party may have sustained might give rise to additional damages, losses, fees, costs or expenses in the future. Nevertheless, each of the Parties who/which have provided releases herein acknowledges that the releases herein have been negotiated and agreed upon in light of such possible damages, losses, fees, costs or expenses, and each expressly waives any and all rights under California Civil Code Section 1542 and under any other federal or state statute or law of similar effect concerning any potential presently-unknown claims.

7. **Bar.** The Parties agree that this Agreement may be pleaded as a complete bar to any action or suit before any court or administrative body, with respect to any claim or cause of action under federal, state or other law relating to any possible claim by the Wind-Down Debtors or the Plan Administrator against JW or any other released parties, except that this Agreement may not be pleaded as a bar to any claims or causes of action that arise in connection with performance, non-performance and/or breach of this Agreement.

> The Parties agree that **this Agreement may be pleaded as a complete bar** to **any action or suit** before **any court or administrative body**, with respect to any claim or cause of action under federal, state or other law **relating to** any possible claim by the Wind-Down Debtors or the Plan Administrator against JW or any other released parties

8. *Express Waiver of Fraudulent Inducement Claims.*

THE PARTIES EXPRESSLY WAIVE ANY FRAUDULENT INDUCEMENT CLAIMS RELATED TO THIS AGREEMENT. THE PARTIES EXPRESSLY DISCLAIM RELIANCE UPON ANY FACTS, PROMISES, UNDERTAKINGS, REPRESENTATIONS OR OMISSIONS OF ANY KIND MADE BY ANY OTHER PARTY OR ITS AGENTS, REPRESENTATIVES, OR ATTORNEYS PRIOR TO THE DATE OF EXECUTION OF THIS AGREEMENT WHICH ARE NOT EXPRESSLY SET FORTH OR REFERENCED HEREIN. THE PARTIES ARE RELYING EXCLUSIVELY ON THEIR OWN JUDGMENT IN ENTERING INTO THIS AGREEMENT.

MOREOVER, THE PARTIES ALL AGREE, REPRESENT, AND WARRANT THAT: (1) THE TERMS OF THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO THE PARTIES' WAIVER OF RELIANCE, WERE NEGOTIATED AND ARE NOT MERE BOILER PLATE; (2) THE PARTIES HAVE SPECIFICALLY DISCUSSED THE ISSUES WHICH ARE THE TOPIC OF THE LAWSUIT AND THIS AGREEMENT; (3) ALL PARTIES ARE REPRESENTED BY COMPETENT COUNSEL; (4) THIS AGREEMENT AND ANY AGREEMENTS RELATING TO THE UNDERLYING LAWSUIT AMOUNT TO AN ARM'S LENGTH TRANSACTION; AND (5) THE

67271/0001-50473230v2

5

13. **Retention of Jurisdiction.** The Bankruptcy Court or District Court, as applicable, shall retain exclusive jurisdiction over this Agreement and the Approval Order and any disputes or claims related to or arising from the foregoing.

14. **Return of Documents / Prohibition on Further Disclosure of Discovery Materials.** Within 30 days of the Effective Date, the Wind-Down Debtors, the Plan Administrator and their counsel, and any employee of any of the foregoing persons or entities shall (a) destroy or return to JW all material in their possession produced by JW in this case designated as "Confidential Information" in accordance with the Protective Order in the Miscellaneous Proceeding or Bankruptcy Case, if any, including Confidential documents and data produced in discovery, deposition transcripts and exhibits, and designated trial exhibits and (b) be prohibited from sharing, producing, or displaying any materials produced by JW in discovery in connection with the Miscellaneous Proceeding or Bankruptcy Case to any third party.

15. **Governing Law.** This Agreement shall be governed and construed in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that requires reference to the laws of some other jurisdiction must be disregarded.

16. **Dispute Resolution.** Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court or District Court, as applicable.

17. **Successors and Assigns.** This Agreement accrues to the benefit of and is binding on the Parties and their respective successors, successors in interest, and assigns.

18. **Headings and Construction.** Headings in this Agreement are for convenience and are not to be used in construing this Agreement. This Agreement shall not be construed or interpreted against any Party, either by having drafted this Agreement or otherwise, but shall be construed and interpreted as to give the fullest effect to the releases and undertakings set forth herein.

19. **Entire Agreement / No Oral Agreements.** The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties in respect of settling the matters and claims as provided herein, and that there are no other oral or written representations not fully expressed in the Agreement in respect of such matters. The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement. No waiver, amendment or modification of this Agreement shall be binding unless made in writing and signed by all Parties.

20. **Expenses, Fees, and Costs.** The Parties shall pay their own costs, expenses, and attorneys' fees incurred in the prosecution, defense, and settlement of this matter, except to the extent such monies are included in amounts paid pursuant to this Agreement.

21. **Severability.** Should any clause, paragraph, or part of this Agreement be held or declared by a court of competent jurisdiction to be void or illegal for any reason, all other clauses, paragraphs, or parts of this Agreement which can be performed or effective without such illegal clause, paragraph, or part, shall nevertheless remain in full force and effect.

67271/0001-50473230v2

8