# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Professional Fee Matters Concerning the** | § | **Civil Action No. 4:23-cv-04787** |
| **Jackson Walker Law Firm.** | § | |
| | § | |
| **Reorganized Debtors.** | § | |

## MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

To the Honorable Alia Moses,
Chief United States District Judge:

The Seadrill Partners, LLC reorganized debtors ("*Seadrill Partners*" and prior to their respective plan's effective date, the "*Seadrill Partners Debtors*") and the Seadrill Limited reorganized debtors ("*Seadrill Limited*" and prior to their respective plan's effective date, the "*Seadrill Limited Debtors*") (collectively with Seadrill Partners, "*Seadrill*") file this *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "*Motion*"), and in support thereof, respectfully show the Court as follows:

### Relief Requested

1.    By this Motion, and in accordance with Bankruptcy Rule 9019(a), to the extent applicable, Seadrill requests that the Court enter an order approving the Settlement Agreement and Release (the "*Settlement*") between Jackson Walker LLP ("*JW*") and Seadrill that would resolve any and all claims and causes of action of any kind held by Seadrill against JW arising out of or related to the bankruptcy cases of Seadrill Partners, LLC, *et al.* (jointly administered under case number 20-35740) (the "*Seadrill Partners Bankruptcy Cases*"), the bankruptcy cases of Seadrill

USTP (Seadrill) Ex. 17
Page 1 of 25

-1-

Limited, *et al.* (jointly administered under case number 21-30427) (the "***Seadrill Limited Bankruptcy Case***") (collectively, the "***Bankruptcy Cases***"), and the miscellaneous proceeding captioned *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, now pending under case number 4:23cv4787 before the United States District Court for the Southern District of Texas (the "***Misc. Proceeding***").

2.      A copy of the Settlement Agreement is attached as **Exhibit 1** to the proposed order attached to this Motion.  In exchange for the mutual releases set forth in the Settlement Agreement, JW shall pay Seadrill $485,000.00 (the "***Settlement Amount***"), which shall vest in Seadrill pursuant to the terms of the confirmed plans in each of the respective Bankruptcy Cases.

## Jurisdiction and Venue

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Background

**The Seadrill Partners, LLC Bankruptcy Cases**

5.      On December 1, 2020 (the "***Seadrill Partners Petition Date***"), the Seadrill Partners Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") thereby initiating the Seadrill Partners Bankruptcy Cases.  The Seadrill Partners Bankruptcy Cases were assigned to Judge Jones.

6.      On December 23, 2020, the Seadrill Partners Debtors filed their *Application to Retain Jackson Walker LLP as Co-Counsel and Local Counsel for the Debtors and Debtors-In-Possession* [Case No. 20-35740, Docket No. 110].  JW's employment application was approved without objection by former Judge Jones on January 15, 2021.  [Case No. 20-35740, Docket No. 136].

7.      On May 14, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Case No. 20-35740, Docket No. 570] (the "***Seadrill Partners Confirmation Order***"), confirming, as modified therein, the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 20-35740, Docket No. 562] (the "***Seadrill Partners' Plan***").

8.      On May 24, 2021, the effective date of the Seadrill Partners' Plan occurred and the Seadrill Partners Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*.  [Case No. 20-35740, Docket No. 586].

9.      On July 8, 2021, JW filed its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from December 1, 2020 through May 14, 2021* (the "***Seadrill Partners Fee Application***") [Case No. 20-35740, Docket No. 643].  JW's Seadrill Partners Fee Application was approved without objection by order entered by former Judge Jones on August 10, 2021, awarding final allowance of compensation and reimbursement of expenses in the total amount of $288,502.25.  [Case No. 20-35740, Docket No. 690].

10.     On or about November 3, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "***U.S. Trustee***"), filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Partners Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Case No. 20-35740, Docket No. 835].  On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Partners Bankruptcy Cases [Case No. 20-35740, Docket No. 877].

11.     On January 10, 2024, Seadrill Partners filed its *Notice in Connection with the Jackson Walker LLP Fee Dispute* [Case No. 20-35740, Docket No. 857], acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Partners] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Partners].  All such Claims or interests were addressed in the confirmed Plan[,]" and that "the Reorganized [Seadrill Partners] Debtors have a direct pecuniary interest in the Fee Dispute."

12.     For administrative purposes, on March 20, 2024, Seadrill Partners filed its *Emergency Motion for Entry of a Final Decree in the Seadrill Partners, LLC Case and to Reopen Seadrill Operating CP LLC Case for Administration of Fee Dispute* [Case No. 20-35740, Docket No. 881] ("***Administrative Motion***").  The Court granted the Administrative Motion on March 28, 2024, and entered a final decree in the Seadrill Partners' Bankruptcy Cases and opened the affiliate case for purposes of the JW fee dispute.  [Case No. 20-35740, Docket No. 890].

13.     On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 20-35760, Docket No. 14].

14.     On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply.  [Case No. 20-35760, Docket Nos. 16 & 18].

**The Seadrill Limited Bankruptcy Case**

15.     On February 10, 2021 (the "*Seadrill Limited Petition Date*"), the Seadrill Limited Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court thereby initiating the Seadrill Limited Bankruptcy Cases.  The Seadrill Limited Bankruptcy Cases were also assigned to former Judge Jones.

16.     On March 8, 2021, the Seadrill Limited Debtors filed their *Application for Entry of an Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel* [Case No. 21-30427, Docket No. 250].  JW's employment application was approved without objection by former Judge Jones on April 5, 2021.  [Case No. 21-30427, Docket No. 302].

17.     On October 26, 2021, the Bankruptcy Court entered the *Order Confirming the Second Amended Joint Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1158] (the "*Seadrill Limited Confirmation Order*"), confirming, as modified therein, the *Second Amended Joint Chapter 11 Plan  of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1109] (the "*Seadrill Limited Plan*").

18.     On February 22, 2022, the effective date of the Seadrill Limited Plan occurred and the Seadrill Limited Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*.  [Case No. 21-30427, Docket No. 1399].

19.     On July 8, 2021, JW filed its *Third Interim and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from February 10, 2021 through October 26, 2021* (the "*Seadrill Limited Fee Application*") [Case No.

21-30427, Docket No. 1281] seeking final allowance of compensation and reimbursement of expenses in the total amount of $503,365.05. JW's Seadrill Limited Fee Application was approved without objection by order entered by former Judge Jones on January 7, 2022. [Case No. 21-30427, Docket No. 1340].

20.     On November 3, 2023, the U.S. Trustee filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Limited Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Case No. 21-30427, Docket No. 1588. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Limited Bankruptcy Cases [Case No. 21-30427, Docket No. 1621].

21.     On April 15, 2024, Seadrill Limited filed its *Notice In Connection with the Jackson Walker LLP Fee Dispute* [Case No. 21-30427, Docket No. 1634], again acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Limited] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Limited][,]" and that "the Reorganized [Seadrill Limited] Debtors have a direct pecuniary interest in the Fee Dispute" and "are the sole parties with an interest in the returned funds."

22.     On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 21-30427, Docket No. 1649].

23.     On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply. [Case No. 21-30427, Docket Nos. 1659 & 1667].

24.     JW disputes the merits of the U.S. Trustee's Rule 60 motions. JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Cases

USTP (Seadrill) Ex. 17
Page 6 of 25

or JW's acts or omissions in relation to the Bankruptcy Cases, and asserts, among other things, that the release and exculpation provisions of each of the confirmed Plans bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Cases.

25.     Seadrill has participated in the Misc. Proceeding since its inception, including its counsel attending in excess of 10 fact witness and expert depositions, as well as propounded written discovery to JW, reviewed thousands of documents produced, and attended numerous hearings.  Seadrill, though counsel, has attended multiple meetings and participated in regular calls with the U.S. Trustee and other trustees, debtors, plan administrators and plan agents in other bankruptcy cases. The parties to Misc. Proceeding engaged in discovery from May 2024 through December 2024, and a trial on the issue of vacatur of JW's final fee applications as raised in the U.S. Trustee's Rule 60 motions was set before the Honorable Chief Judge Eduardo V. Rodriguez for May 2025.

26.     On April 9, 2025, the Honorable Chief United States District Judge Alia Moses entered a *Memorandum Opinion and Order* withdrawing the reference of these Bankruptcy Cases, among others.  [*See* Civil Action No. 4:23-CV-4787-AM at Docket No. 31; *see also* Misc. Proc. No. 23-00645, at Docket No. 623].

27.     On March 6, 2025, JW and Seadrill participated in a mediation regarding the allegations in the U.S. Trustee motions with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

28.     While the mediation was unsuccessful, continued discussions between the parties in the months afterwards resulted in JW and Seadrill reaching a settlement that fully and completely settles and resolves the disputes between them on the terms and conditions set forth in the Settlement Agreement.

-7-

## Summary of Settlement Agreement

29.     The Settlement Agreement is straightforward.  Within five business days of entry of an Order granting this Motion and such Order becoming a Final Order (as defined therein), JW will pay to Seadrill $485,000.00, and such amount shall vest in Seadrill pursuant to the terms of the confirmed plans in the Bankruptcy Cases.  Within three business days of the Effective Date (as defined in the Settlement Agreement), Seadrill shall withdraw any related joinder, separate pleading or proceeding related to the JW matter, if any.

30.     In exchange for this settlement payment, JW and Seadrill are providing mutual releases.

## Argument and Authorities

31.     Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." FED. R. BANKR. P. 9019(a).  "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992)).

32.     "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*…" *Id.* at 462.  Those factors are:

    (i)     The balance between the litigation's possibility of success and the settlement's future benefits;

    (ii)    The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

USTP (Seadrill) Ex. 17
Page 8 of 25

-8-

(iii)   The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

(iv)   Whether other parties in interest support the settlement;

(v)    The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

(vi)   The nature and breadth of releases to be obtained by [the settling party]; and

(vii)  The extent to which the settlement is the product of arm's length bargaining.

*See Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

33.    Seadrill contends that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Iridium*.  The Settlement Agreement gives Seadrill and the Seadrill bankruptcy estates the full benefit of the Settlement Amount without the time, expense and uncertainty of continued and protracted litigation.

### A.    The balance between the litigation's possibility of success and the settlement's future benefits

34.    Seadrill contends that while the probability of success in the litigation against JW is high, there are a substantial questions remaining, including: (a) the amount of time it will take to litigate and/or recover against JW (including any applicable appeals); and (b) the amount of recovery Seadrill will realize through litigation when balanced against the cost of continuing that litigation.  The Settlement Amount provides a significant recovery for Seadrill, eliminates the litigation risk associated with continuing to litigate the claims, and eliminates the need for

continued attorney fees and costs (including U.S. Trustee quarterly fees) associated with the litigation.

35.     Seadrill submits there is a significant likelihood that the orders approving JW's fee applications will be vacated, thus opening up the possibility that fees paid to JW will be clawed back to the Seadrill estates.  However, Seadrill acknowledges that case law does not necessarily mandate full disgorgement; thus, there is some litigation risk.  And in any event, appeals would likely follow further extending the litigation timeline and increasing costs, which is significant in the Bankruptcy Cases given the relatively small amount of fees and expenses paid to JW.

36.     The Settlement Agreement and Settlement Amount provides Seadrill with more than half of the fees awarded to JW.

**B.     The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment**

37.     The litigation is complex, and it has been and will continue to be protracted (litigation commenced over twenty (20) months ago in November 2023).  Indeed, while trial was set to commence in May 2025, that trial date has now been abated in light of the withdrawal of the reference.  Now it appears that the trial will likely go forward in the District Court.  However, as of this filing no trial date has been set, thus requiring continued monitoring which comes with its own accruing costs.  Additionally, absent settlement, Seadrill will be forced to attend any future trial which would result in substantially more costs and fees being incurred by the Seadrill estates.  More significantly, there are no other assets or matters to be dealt with in the Bankruptcy Cases, the only reason they have not been closed is the fee dispute litigation being settled herein, which is resulting in continued U.S. Trustee fees accruing.

USTP (Seadrill) Ex. 17
Page 10 of 25

38.     A settlement now brings finality and eliminates any meaningful litigation and collection risk and attendant costs and expenses.  However, that risk could (and cost would) increase with the passage of time and continued litigation.

**C.     The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

39.     This factor is not directly applicable to these Bankruptcy Cases.  The unsecured creditors in these Bankruptcy Cases were allocated specific reserve amounts for their respective distribution and have already received those distributions.  Pursuant to the terms of the respective Plans, the Settlement Amount will vest in Seadrill.  Seadrill believes the Settlement Agreement removes any uncertainty of litigation, stops Seadrill from incurring further attorney's fees and expenses in connection with these disputes, and provides a substantial recovery for Seadrill.  This is also a substantial step in bringing the administration of the Bankruptcy Cases to an end. Moreover, the settlement permits Seadrill to focus its time, energy and efforts on growing its core business and away from the Bankruptcy Cases.

**D.     Whether other parties in interest support the settlement**

40.      At this time, it is unclear whether other parties in interest support the settlement, but Seadrill will work with parties in interest to discuss the benefits of the settlement to parties in interests' concerns, if any.

**E.     The nature and breadth of releases to be obtained by JW and Seadrill**

41.     The Settlement Agreement contains customary broad mutual releases among JW and Seadrill.  This is to bring finality to the claims and disputes between Seadrill and JW.

USTP (Seadrill) Ex. 17
Page 11 of 25

-11-

**F.** **The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations**

42.     Counsel for Seadrill and JW are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates.  The Settlement Agreement was reached after twenty (20) months of litigation, over seven (7) months of discovery, after the parties exchanged settlement proposals both prior to, at and after mediation.  The settlement was reached following extensive arms-length negotiations conducted during mediation with two experienced mediators and retired Federal Judges and afterwards between two experienced bankruptcy counsel.

43.     Seadrill recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation.  Seadrill believes that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses.  Seadrill has attempted to achieve a resolution that maximizes value for Seadrill and its estates.  Consequently, Seadrill urges that the Settlement Agreement is fair, equitable, and in the best interest of the estates and all concerned parties.

WHEREFORE, Seadrill respectfully requests that the Court enter an order approving the Settlement Agreement and grant Seadrill other legal or equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/* Philip G. Eisenberg
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: peisenberg@troutman.com
        simon.mayer@troutman.com

*Attorneys for the Seadrill Partners, LLC*
*Reorganized Debtors and the*
*Seadrill Limited Reorganized Debtors*

## Certificate of Service

I certify that on July 25th, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service in this case.

*/s/* Philip G. Eisenberg
Philip G. Eisenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: § | |
| § | |
| **Professional Fee Matters Concerning the** § | **Civil Action No. 4:23-cv-04787** |
| **Jackson Walker Law Firm.** § | |
| § | |
| **Reorganized Debtors.** § | |

ORDER GRANTING MOTION FOR ORDER APPROVING
COMPROMISE AND SETTLEMENT PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

Upon the hearing on the *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Rule 9019* (the "*Motion*")[1] filed by the Seadrill Partners, LLC reorganized debtors (the "*Seadrill Partners*") and the Seadrill Limited reorganized debtors (the "*Seadrill Limited*") (collectively with Seadrill Partners, "*Seadrill*"), the Court having considered the Motion, all responses or objections thereto, the evidence presented at the hearing, the arguments of counsel, and the law, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding under 28 U.S.C. § 157; that notice of the Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances; that no other or further notice need be provided; that the terms of the Settlement Agreement are fair, equitable, and in the best interest of Seadrill, Seadrill's estates, the creditors, and all other parties-in-interests; and after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED** that the Settlement as described in the Motion and Settlement Agreement (attached hereto as **Exhibit 1**) is approved. The Settlement Agreement and the terms and

---

[1] Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

conditions thereof, including, without limitation, the mutual releases contained therein, are incorporated by reference herein and approved in their entirety as if set forth herein. It is further

**ORDERED** that all objections, statements, or reservations of rights regarding, or other responses to the Motion or the relief granted herein that have not been withdrawn with prejudice, waived, or settled, are overruled and denied on the merits with prejudice. It is further

**ORDERED** that Seadrill is authorized to enter into the Settlement Agreement, execute all other documents, and take any and all actions necessary to effectuate the Settlement Agreement. It is further

**ORDERED** that this Order is binding in all respects upon all parties in interest in this case, creditors of the Debtor or the estate, and the successors and assigns of each of the foregoing. It is further

**ORDERED** that this Order shall be effective immediately upon its entry. And it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


_____
Alia Moses,
Chief United States District Judge

USTP (Seadrill) Ex. 17
Page 15 of 25

2

# EXHIBIT 1

USTP (Seadrill) Ex. 17
Page 16 of 25

*(Execution Version)*

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement (the "Agreement") dated July 16, 2025 is made and entered into by and between Jackson Walker LLP ("JW") and the Seadrill Partners, LLC Reorganized Debtors ("Seadrill Partners"), and the Seadrill Limited Reorganized Debtors ("Seadrill Limited", and collectively with Seadrill Partners, the "Reorganized Debtors", and the Reorganized Debtors collectively with JW, the "Parties"), with respect to the bankruptcy case of Seadrill Partners, LLC, et al. (jointly administered under case number 20-35740), the bankruptcy case of Seadrill Limited, et al. (jointly administered under case number 21-30427) and the bankruptcy case of Seadrill New Finance Limited, et al. (jointly administered under case number 22-90001) (collectively, the "Bankruptcy Case"), filed in the United States Bankruptcy Court for the Southern District of Texas.

## RECITALS

A.    On or about November 2, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), filed motions that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in various bankruptcy proceedings where (a) former Judge Jones served as the presiding judge or court-appointed mediator, and (b) JW served as estate-retained counsel. The U.S. Trustee also filed related motions seeking to withdraw the reference of the Rule 60(b) motions.

B.    On February 29, 2024 and March 29, 2024, the U.S. Trustee filed (a) amended Rule 60(b)(6) motions in certain of the above-referenced cases, (b) initial Rule 60(b)(6) motions in certain other cases, and (c) objections to JW's then pending final fee applications in the remaining cases (collectively, the "Relevant Cases"). All such motions and objections filed by the U.S. Trustee are collectively referred to herein as the "U.S. Trustee Filings".

C.    On May 22, 2024, JW filed its response in opposition to the U.S. Trustee Filings in each of the Relevant Cases.

D.    On July 1, 2024, the U.S. Trustee filed his reply in further support of the U.S. Trustee Filings and, and August 12, 2024, JW filed its sur-reply in further opposition to the U.S. Trustee Filings.

E.    The Parties dispute whether there is merit to the U.S. Trustee Filings or any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Case or JW's acts or omissions in relation to the Bankruptcy Case, including, without limitation, whether the release and exculpation provisions of the confirmed plan bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Case (collectively, the "Bankruptcy Disputes").

F.    The Parties engaged in discovery from May 2024 through December 2024.

G.    On March 6, 2025, the Parties participated in a mediation regarding the U.S. Trustee Filings with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

USTP (Seadrill) Ex. 17
Page 17 of 25

*(Execution Version)*

H.    On April 9, 2025, the United States District Court for the Western District of Texas under case number 4:23-CV-4787-AM (the "District Court") withdrew the reference of the Bankruptcy Case to the District Court.

I.    As a result thereof, and in order to avoid the further time, substantial expense, and uncertainties of continued litigation and to avoid the substantial stress and distraction of continued litigation, the Parties desire to fully and completely settle the disputes between them on the terms and conditions set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual terms and covenants set forth in this Agreement, the receipt and sufficiency of which is respectively hereby acknowledged, and intending to be legal bound hereby, the Parties, as applicable, hereby agree as follows:

1.    Recitals. The above recitals are incorporated herein by reference.

2.    Effective Date.

(a)    The effective date of this Agreement (the "Effective Date") is the first day as of which all of the following conditions have been satisfied or, to the extent permitted herein, are waived: (i) all Parties have executed and exchanged each Party's signature pages to this Agreement; (ii) the Bankruptcy Court or the District Court, as applicable, has entered an order (the "Approval Order") approving all terms of this Agreement and overruling any objections to approval of this Agreement and such order has become a Final Order (as hereafter defined); and (iii) the Settlement Payment (defined below) has been received pursuant to paragraph 3 below. For purposes of this Agreement, the Approval Order will become a "Final Order" when: (x) fourteen (14) days (as computed in accordance with Fed. R. Bankr. P. 9006) shall have passed from the date of the entry of the Approval Order, and (y) either (i) the time to file a timely appeal under Fed. R. Bankr. P. 8002 from the Approval Order passes and no such timely appeal is filed, or (ii) if a timely appeal is filed, then all timely filed appeals have been dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further timely appellate review. If the Effective Date does not occur: (a) the Parties shall revert, without prejudice to or waiver of any right, to their respective positions immediately prior to the execution of this Agreement; and (b) neither this Agreement nor evidence of its terms shall be admissible for any purpose in the Bankruptcy Case or any other action or proceeding.

(b)    With respect to the forgoing paragraph, the Parties will in good faith exercise all reasonable efforts required of such Party to obtain the entry of the Approval Order, including executing and delivering any motions, declarations, testimony, or other items of support reasonably required in connection therewith, and attending any related hearings. Consistent with the preceding sentences, Reorganized Debtors will promptly prepare a motion to approve compromise of controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 or such other

USTP (Seadrill) Ex. 17
Page 18 of 25

*(Execution Version)*

applicable rule(s) as may be applicable (the "Settlement Motion"). Before the Settlement Motion is filed, JW will be given an opportunity to review and comment on the Settlement Motion. The Settlement Motion and related Approval Order shall be in form and substance acceptable to both Parties. For the avoidance of doubt, the Settlement Motion, Approval Order and any related arguments or testimony provided in support of the same shall make clear that this Agreement resolves all issues and claims between the Reorganized Debtors and JW, including all claims and causes of action related to the allegations contained in the U.S. Trustee Filings as to the Seadrill Partners, LLC, et al. bankruptcy case and the Seadrill Limited, et al. bankruptcy case, and that this Agreement adequately sanctions JW for any alleged violations of any law, rule, procedure, or statute. The Settlement Motion will be filed in the District Court under case number 4:23-CV-4787-AM.

3.    Settlement Payment.    Within five (5) business days after the Approval Order becoming a Final Order, JW shall pay or cause to be paid to Seadrill Limited (receipt of which shall be promptly confirmed by Seadrill Limited) the sum of $485,000.00 USD (the "Settlement Payment"). Payment shall be made payable to Seadrill Limited's account by wire transfer using the following instructions:

> Account Name: Seadrill Limited
> Bank Name: DNB Bank ASA
> SWIFT: DNBANOKK
> IBAN: NO26 12510579 907
> Account Number: 12510579907

The Settlement Payment shall be paid to Seadrill Limited and shall vest in the Reorganized Debtors pursuant to the terms of the confirmed plans in the Bankruptcy Case.

4.    Mutual Releases.

(a)    *Release in Favor of JW.*    On the Effective Date, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, Reorganized Debtors hereby releases, acquits, and forever discharges JW and its respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, reinsurers, attorneys, partners, associates, staff members, and assigns from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, sanctions, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims and causes of action that

USTP (Seadrill) Ex. 17
Page 19 of 25

*(Execution Version)*

relate to or arise from the Bankruptcy Case, the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones, which for the avoidance of doubt includes all such claims, causes of action and allegations that may be held by the Reorganized Debtors against JW related to any breach of fiduciary duty, negligence, gross negligence, malpractice, fraud (or similar fraud based claims), and/or requests for sanctions.

(b)    *Release in Favor of the Reorganized Debtors.*  On the Effective Date, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, JW hereby releases, acquits, and forever discharges the Reorganized Debtors and their respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, reinsurers, attorneys, partners, associates, staff members, and assigns from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, sanctions, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims, causes of action and allegations that relate to or arise from the Bankruptcy Case, the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones.

5.    **Waiver of Future and Unknown Claims**.  Each of the Parties acknowledges that he or it has been advised by his or its attorney(s) concerning, and is familiar with, the provisions of California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each of the Parties acknowledges that he or it may have sustained damages, losses, fees, costs or expenses that are presently unknown and unsuspected, and that such damages, losses, fees, costs or expenses as the Party may have sustained might give rise to additional damages, losses, fees, costs or expenses in the future. Nevertheless, each of the Parties who/which have provided releases herein acknowledges that the releases herein have been negotiated and agreed upon in light of such possible damages, losses, fees, costs or expenses, and each expressly waives any and all rights

USTP (Seadrill) Ex. 17
Page 20 of 25

*(Execution Version)*

under California Civil Code Section 1542 and under any other federal or state statute or law of similar effect concerning any potential presently-unknown claims.

6.　<u>Bar</u>. The Parties agree that this Agreement may be pleaded as a complete bar to any action or suit before any court or administrative body, with respect to any claim or cause of action under federal, state or other law relating to any possible claim by the Reorganized Debtors against JW or any other released parties as well as any possible claim by JW against the Reorganized Debtors or any other released parties, except that this Agreement may not be pleaded as a bar to any claims or causes of action that arise in connection with performance, non-performance and/or breach of this Agreement.

7.　**<u>Express Waiver of Fraudulent Inducement Claims</u>**.

**THE PARTIES EXPRESSLY WAIVE ANY FRAUDULENT INDUCEMENT CLAIMS RELATED TO THIS AGREEMENT. THE PARTIES EXPRESSLY DISCLAIM RELIANCE UPON ANY FACTS, PROMISES, UNDERTAKINGS, REPRESENTATIONS OR OMISSIONS OF ANY KIND MADE BY ANY OTHER PARTY OR ITS AGENTS, REPRESENTATIVES, OR ATTORNEYS PRIOR TO THE DATE OF EXECUTION OF THIS AGREEMENT WHICH ARE NOT EXPRESSLY SET FORTH OR REFERENCED HEREIN. THE PARTIES ARE RELYING EXCLUSIVELY ON THEIR OWN JUDGMENT IN ENTERING INTO THIS AGREEMENT.**

**MOREOVER, THE PARTIES ALL AGREE, REPRESENT, AND WARRANT THAT: (1) THE TERMS OF THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO THE PARTIES' WAIVER OF RELIANCE, WERE NEGOTIATED AND ARE NOT MERE BOILER PLATE; (2) THE PARTIES HAVE SPECIFICALLY DISCUSSED THE ISSUES WHICH ARE THE TOPIC OF THE LAWSUIT AND THIS AGREEMENT; (3) ALL PARTIES ARE REPRESENTED BY COMPETENT COUNSEL; (4) THIS AGREEMENT AND ANY AGREEMENTS RELATING TO THE UNDERLYING LAWSUIT AMOUNT TO AN ARM'S LENGTH TRANSACTION; AND (5) THE PARTIES ARE SOPHISTICATED AND KNOWLEDGEABLE IN BUSINESS MATTERS.**

8.　<u>No Admission / Liability Denied</u>.　This settlement is made to avoid the uncertainties, annoyance, and expense of further litigation. The payment of the consideration by or on behalf of JW and/or the execution of the Settlement Agreement is not, and is not to be construed, as an admission of liability, which is expressly denied. This Agreement and/or its terms shall not be admissible in any proceeding against any Party, except in any proceeding to approve, construe, interpret or enforce the settlement or any of its terms.

9.　<u>Representations and Warranties</u>. The following representations and warranties in this Agreement shall survive its execution and performance.

USTP (Seadrill) Ex. 17
Page 21 of 25

*(Execution Version)*

(a)    *Representations and Warranties by the Reorganized Debtors.*

    (i)    The Reorganized Debtors have all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary corporate and/or partnership action on the part of the Reorganized Debtors;

    (ii)    The execution, delivery and performance by the Reorganized Debtors of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval, authorization, exemption or waiver, violate any provision of any law, rule, regulation or any order, judgment or decree to which the Reorganized Debtors may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which the Reorganized Debtors are a party to which the Reorganized Debtors may be bound;

    (iii)    The Reorganized Debtors are the only persons or entities who, to the Reorganized Debtors' knowledge, have any interest in any claims, causes of action, costs or demands herein released and none of such claims, causes of action, costs or demands, nor any part thereof, have been assigned, granted or transferred in any way to any person, persons, entity or entities; and

    (iv)    The Reorganized Debtors has freely and voluntarily entered into this Agreement and has been fully advised by the Reorganized Debtors' attorneys concerning the Reorganized Debtors' rights and have further been advised by the Reorganized Debtors' attorneys as to the terms and effects of this Agreement.

(b)    *Representations and Warranties by JW.*

    (i)    JW has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary corporate and/or partnership action on the part of JW;

    (ii)    The execution, delivery and performance by JW of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval, authorization, exemption or waiver,

USTP (Seadrill) Ex. 17
Page 22 of 25

*(Execution Version)*

violate any provision of any law, rule, regulation or any order, judgment or decree to which JW may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which JW is a party to which JW may be bound;

(iii)    JW has freely and voluntarily entered into this Agreement and has been fully advised by its attorneys concerning JW's rights and have further been advised by its attorneys as to the terms and effects of this Agreement.

10.    Cooperation and Dismissal or Withdrawal with Prejudice. The Parties will cooperate with each other to give effect to the Agreement, including, without limitation, and the Reorganized Debtors shall, within three (3) business days after the Effective Date, withdraw any related joinder or separate pleading or proceeding with prejudice, if any.

11.    Retention of Jurisdiction.  The District Court or the Bankruptcy Court, as applicable, shall retain exclusive jurisdiction over this Agreement and the Approval Order and any disputes or claims related to or arising from the foregoing.

12.    Return of Documents / Prohibition on Further Disclosure of Discovery Materials. Within 30 days of the Effective Date, the Reorganized Debtors and its counsel, any testifying and consulting experts, any other third-party vendor or consultant engaged by the Reorganized Debtors or its counsel, and any employee of any of the foregoing persons or entities shall (a) destroy or return to JW all material in their possession produced by JW in this case designated as "Confidential Information" in accordance with the Protective Order in the Miscellaneous Proceeding or Bankruptcy Case, if any, including Confidential documents and data produced in discovery, deposition transcripts and exhibits, and designated trial exhibits and (b) be prohibited from sharing, producing, or displaying any materials produced by JW in discovery in connection with the Miscellaneous Proceeding or Bankruptcy Case to any third party.

13.    Governing Law. This Agreement shall be governed and construed in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that requires reference to the laws of some other jurisdiction must be disregarded.

14.    Dispute Resolution. Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court or the District Court, as applicable.

15.    Successors and Assigns. This Agreement accrues to the benefit of and is binding on the Parties and their respective successors, successors in interest, and assigns.

16.    Headings and Construction. Headings in this Agreement are for convenience and are not to be used in construing this Agreement. This Agreement shall not be construed or interpreted against any Party, either by having drafted this Agreement or otherwise, but shall be construed and interpreted as to give the fullest effect to the releases and undertakings set forth herein.

*(Execution Version)*

17.    Entire Agreement / No Oral Agreements.  The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties in respect of settling the matters and claims as provided herein, and that there are no other oral or written representations not fully expressed in the Agreement in respect of such matters.  The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement.  No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.  No waiver, amendment or modification of this Agreement shall be binding unless made in writing and signed by all Parties.

18.    Expenses, Fees, and Costs.  The Parties shall pay their own costs, expenses, and attorneys' fees incurred in the prosecution, defense, and settlement of this matter, except to the extent such monies are included in amounts paid pursuant to this Agreement.

19.    Severability.  Should any clause, paragraph, or part of this Agreement be held or declared by a court of competent jurisdiction to be void or illegal for any reason, all other clauses, paragraphs, or parts of this Agreement which can be performed or effective without such illegal clause, paragraph, or part, shall nevertheless remain in full force and effect.

20.    Waiver.  The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.  No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

21.    Counterparts.  This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original.  All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

IN WITNESS WHEREOF, the Parties have entered into this Agreement intending to be bound by their obligations as set forth in this Agreement.

**EXECUTED** in multiple originals on the dates set forth below.

*[Signature blocks on next page]*

USTP (Seadrill) Ex. 17
Page 24 of 25

*(Execution Version)*

TODD STRICKLER _____, as Authorized
Signatory on behalf of the Seadrill Partners, LLC
Reorganized Debtors and the Seadrill Limited
Reorganized Debtors, and not in his individual
capacity

DATED: July 22, 2025

Jackson Walker LLP

Name: William R. Jenkins, Jr.
Title: Partner + General Counsel

DATED: July 16, 2025

USTP (Seadrill) Ex. 17
Page 25 of 25