UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 4:23-CV-4787 |

**SEADRILL PARTNERS LLC AND
SEADRILL LIMITED REORGANIZED DEBTORS'
ANSWERS TO UNITED STATES TRUSTEE'S
<u>FIRST SET OF INTERROGATORIES</u>**

To:   Kevin Epstein, United States Trustee for Region 7 ("United States Trustee"), by and through his attorney of record, Laura D. Steele, United States Department of Justice, 515 Rusk, Suite 3516, Houston, Texas 77002.

Pursuant to the Federal Rules of Civil Procedure, as well as the instructions and definitions set forth herein, Seadrill Partners LLC and Seadrill Limited Reorganized Debtors (collectively, "*Seadrill*") serves these Answers to United States Trustee's First Set of Written Interrogatories to Seadrill. Seadrill reserves the right to supplement and amend these objections and responses in accordance with the Federal Rules of Civil Procedure and as may otherwise be permitted by the Court.

## I.  GENERAL OBJECTIONS AND RESERVATIONS

1. Seadrill objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, confidentiality agreements, common interest, or any other applicable protections or privileges. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege or protection, in whole or in part.

2. Seadrill objects to the Discovery Requests to the extent that they seek information not in Seadrill's possession, custody, or control on the grounds that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure. Seadrill objects to the Discovery Requests to the extent that they purport to require Seadrill to conduct anything other than a reasonable search for responsive documents. Seadrill will search for documents only in reasonably accessible locations where responsive, non-privileged documents would reasonably be expected to be found.

3. Seadrill objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Texas.

4. Seadrill objects to the Discovery Requests to the extent that they would require Seadrill to produce the same electronically stored information in more than one form. *See* Fed. R. Civ. P. 34(b)(2)(E). Seadrill objects to providing exact duplicates.

5. In providing responses to the Discovery Requests, Seadrill does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

6. Any response that indicates that information or documents will be provided in response to the Discovery Requests is not intended to constitute a representation that such information or documents exists and should not be so interpreted. Rather, such a statement is only intended to indicate that Seadrill will provide information or documents within its possession, custody, or control, to the extent they exist and can be located upon a reasonable search.

7. Nothing in this Response shall be construed as an admission by Seadrill with respect to the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Seadrill reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) as Seadrill completes its review and analysis in response to the Discovery Requests.

9. Seadrill objects to producing documents at the time and place requested by the Arena Parties. Seadrill will produce documents at mutually agreeable times and places on a rolling basis. Seadrill will produce certain electronically stored information after agreeing on search terms. Seadrill

USTP (Seadrill) Ex. 19
Page 2 of 19

further objects to producing a privilege log at the time requested. Seadrill will produce a privilege log at a reasonable time. Seadrill objects to logging documents that fall within the work product privilege.

10. Seadrill incorporates by reference every general objection set forth above into each specific response set forth below.

## II. INSTRUCTIONS

If you or your lawyers find any of these responses vague, confusing, hard to understand, or if you just want to talk through some issues relating to these requests, please call Philip Eisenberg at (713) 226-1304. Please do not wait, instead, attempt to resolve the issue with a telephone call. Thank you.

## INTERROGATORIES

INTERROGATORY NO. 1.

Provide a breakdown of the settlement amount[1] attributable to:

    a.    recovery of the pre-confirmation attorneys' fees and expenses paid to Jackson Walker LLP ("Jackson Walker") for representation in or in connection with the case(s) to which your settlement agreement relates (the "Case");

    b.    recovery of the post-confirmation attorneys' fees and expenses paid to Jackson Walker for representation in or in connection with the Case;

    c.    resolution of any other claims or causes of action; and

    d.    the attorneys' fees and expenses that you have incurred in connection with the matters giving rise to the settlement agreement.

**RESPONSE**:

The settlement was a lump sum amount. There was no breakdown or allocation of the settlement amount.

USTP (Seadrill) Ex. 19
Page 3 of 19

ettlement motion filed.

- 3 -

INTERROGATORY NO. 2.

State in detail any other monetary remedies or sanctions the Court may award you if the order approving Jackson Walker's employment in the Case is vacated or the final fee order approving Jackson Walker's fees and expenses in the Case is vacated.

**RESPONSE**:

Seadrill objects to the extent this Interrogatory No. 2 calls for a legal conclusion. Seadrill further objects in so far as this Interrogatory No. 2 seeks Seadrill to speculate with regard to an Order that has not been entered. Seadrill declines to speculate.

INTERROGATORY NO. 3.

State who will receive a distribution if the settlement is approved and how much you anticipate distributing to them. In responding, you may describe who will receive a distribution from the settlement amount by the class(es) set forth in the chapter 11 plan confirmed in the Case.

**RESPONSE**:

Seadrill is the reorganized debtor and will receive all amounts.

INTERROGATORY NO. 4.

With respect to any mediation for which you produced a mediation agreement (in response to the request for production issued to you contemporaneous with these interrogatories), state the date such mediation commenced and the date such mediation terminated.

**RESPONSE**:

There is no written mediation agreement. The Bankruptcy Court authorized mediation. The mediation took place on March 6, 2025, before retired Judges Feess and Ferguson.

INTERROGATORY NO. 5.

What is the probability of success in the litigation against Jackson Walker that you used in deciding to enter into the settlement agreement.

**RESPONSE**:

Seadrill objects to the extent the interrogatory is vague and ambiguous in its reference to "the litigation against Jackson Walker." A lump sum amount was negotiated taking into account the

USTP (Seadrill) Ex. 19
Page 4 of 19

- 4 -

general risks of litigation and the uncertainties of the remedies in the vacatur motions. In addition, Judge Moses mentioned 50% as a reasonable number during a hearing. Any specific percentage of probability of success for the various individual matters covered by the settlement agreement was analyzed by counsel. Further, Seadrill objects to the extent this interrogatory calls for attorney-client communications or the advice of counsel, which Seadrill relied on in determining to settle for a lump sum.

INTERROGATORY NO. 6.

After the filing of the Case, describe the connections between you and Jackson Walker and when such connections terminated.

**RESPONSE**:

Jackson Walker was counsel for the Seadrill Partners debtors. The representation terminated on the effective date of such Plan.

Jackson Walker was counsel for Seadrill Ltd. Debtors. Thereafter, Jackson Walker was counsel for reorganized Seadrill Ltd after the effective date for such Plan. Jackson Walker was terminated on or about February 20, 2024.

INTERROGATORY NO. 7.

If the settlement agreement is approved and a court, in connection with the U.S. Trustee's litigation against Jackson Walker related to the Case, subsequently orders Jackson Walker to pay funds to you in addition to the Settlement Amount, state whether you would accept and distribute such funds.

**RESPONSE**:

See Response to Interrogatory No. 2 and Interrogatory No. 3.

INTERROGATORY NO. 8.

If your answer to question no. 6 is no, please state the facts which support your answer.

**RESPONSE**:

Interrogatory No. 8 may contain a typographical error. *See* Response to Interrogatory No. 7.

USTP (Seadrill) Ex. 19
Page 5 of 19

Date: February 5, 2026

                                  Respectfully submitted,

                                  By:  /s/ Philip G. Eisenberg
                                       Philip G. Eisenberg
                                       TBN: 24033923
                                       phil.eisenberg@troutman.com
                                       TROUTMAN PEPPER LOCKE LLP
                                       600 Travis Street, Suite 2800
                                       Houston, Texas 77002
                                       Phone: (713) 226-1200
                                       Fax: (713) 223-3717

                                ATTORNEY FOR SEADRILL PARTNERS LLC and
                                SEADRILL LIMITED REORGANIZED DEBTORS

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via email on February 5, 2026.

Laura Steele
Laura.steele@usdoj.gov
U.S. Dept. of Justice
515 Rusk, Suite 3516
Houston, TX  77002
FX: 713 718-4670

                                      By:  /s/ Philip G. Eisenberg
                                              Philip G. Eisenberg

USTP (Seadrill) Ex. 19
Page 6 of 19

## VERIFICATION

I, _Grant Russel Creed_, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing *Answer of Seadrill Partners, LLC Reorganized Debtors and the Seadrill Limited Reorganized Debtors to the United States Trustee's Interrogatories* and the foregoing responses are true and correct to the best of my knowledge, information, and belief.

Dated: _February 5_, 2026

_____

Name: _GRANT RUSSEL CREED_

Title: _CHIEF FINANCIAL OFFICER_

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | Case No. 4:23-CV-4787 |

## SEADRILL PARTNERS LLC AND SEADRILL LIMITED REORGANIZED DEBTORS' ANSWERS TO UNITED STATES TRUSTEE'S FIRST SET OF INTERROGATORIES

To: Kevin Epstein, United States Trustee for Region 7 ("United States Trustee"), by and through his attorney of record, Laura D. Steele, United States Department of Justice, 515 Rusk, Suite 3516, Houston, Texas 77002.

Pursuant to the Federal Rules of Civil Procedure, as well as the instructions and definitions set forth herein, Seadrill Partners LLC and Seadrill Limited Reorganized Debtors (collectively, "*Seadrill*") serves these Answers to United States Trustee's First Set of Written Interrogatories to Seadrill. Seadrill reserves the right to supplement and amend these objections and responses in accordance with the Federal Rules of Civil Procedure and as may otherwise be permitted by the Court.

## I.  GENERAL OBJECTIONS AND RESERVATIONS

1. Seadrill objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, confidentiality agreements, common interest, or any other applicable protections or privileges. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege or protection, in whole or in part.

2. Seadrill objects to the Discovery Requests to the extent that they seek information not in Seadrill's possession, custody, or control on the grounds that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure. Seadrill objects to the Discovery Requests to the extent that they purport to require Seadrill to conduct anything other than a reasonable search for responsive documents. Seadrill will search for documents only in reasonably accessible locations where responsive, non-privileged documents would reasonably be expected to be found.

3. Seadrill objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Texas.

4. Seadrill objects to the Discovery Requests to the extent that they would require Seadrill to produce the same electronically stored information in more than one form. *See* Fed. R. Civ. P. 34(b)(2)(E). Seadrill objects to providing exact duplicates.

5. In providing responses to the Discovery Requests, Seadrill does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

6. Any response that indicates that information or documents will be provided in response to the Discovery Requests is not intended to constitute a representation that such information or documents exists and should not be so interpreted. Rather, such a statement is only intended to indicate that Seadrill will provide information or documents within its possession, custody, or control, to the extent they exist and can be located upon a reasonable search.

7. Nothing in this Response shall be construed as an admission by Seadrill with respect to the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Seadrill reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) as Seadrill completes its review and analysis in response to the Discovery Requests.

9. Seadrill objects to producing documents at the time and place requested by the Arena Parties. Seadrill will produce documents at mutually agreeable times and places on a rolling basis. Seadrill will produce certain electronically stored information after agreeing on search terms. Seadrill

further objects to producing a privilege log at the time requested. Seadrill will produce a privilege log at a reasonable time. Seadrill objects to logging documents that fall within the work product privilege.

10.     Seadrill incorporates by reference every general objection set forth above into each specific response set forth below.

## II. INSTRUCTIONS

If you or your lawyers find any of these responses vague, confusing, hard to understand, or if you just want to talk through some issues relating to these requests, please call Philip Eisenberg at (713) 226-1304. Please do not wait, instead, attempt to resolve the issue with a telephone call. Thank you.

## INTERROGATORIES

INTERROGATORY NO. 1.

Provide a breakdown of the settlement amount[1] attributable to:

a. recovery of the pre-confirmation attorneys' fees and expenses paid to Jackson Walker LLP ("Jackson Walker") for representation in or in connection with the case(s) to which your settlement agreement relates (the "Case");

b. recovery of the post-confirmation attorneys' fees and expenses paid to Jackson Walker for representation in or in connection with the Case;

c. resolution of any other claims or causes of action; and

d. the attorneys' fees and expenses that you have incurred in connection with the matters giving rise to the settlement agreement.

**RESPONSE**:

The settlement was a lump sum amount. There was no breakdown or allocation of the settlement amount.

---

[1] As defined in the settlement motion filed.

## INTERROGATORY NO. 2.

State in detail any other monetary remedies or sanctions the Court may award you if the order approving Jackson Walker's employment in the Case is vacated or the final fee order approving Jackson Walker's fees and expenses in the Case is vacated.

### RESPONSE:

Seadrill objects to the extent this Interrogatory No. 2 calls for a legal conclusion. Seadrill further objects in so far as this Interrogatory No. 2 seeks Seadrill to speculate with regard to an Order that has not been entered. Seadrill declines to speculate.

## INTERROGATORY NO. 3.

State who will receive a distribution if the settlement is approved and how much you anticipate distributing to them. In responding, you may describe who will receive a distribution from the settlement amount by the class(es) set forth in the chapter 11 plan confirmed in the Case.

### RESPONSE:

Seadrill is the reorganized debtor and will receive all amounts.

## INTERROGATORY NO. 4.

With respect to any mediation for which you produced a mediation agreement (in response to the request for production issued to you contemporaneous with these interrogatories), state the date such mediation commenced and the date such mediation terminated.

### RESPONSE:

There is no written mediation agreement. The Bankruptcy Court authorized mediation. The mediation took place on March 6, 2025, before retired Judges Feess and Ferguson.

## INTERROGATORY NO. 5.

What is the probability of success in the litigation against Jackson Walker that you used in deciding to enter into the settlement agreement.

### RESPONSE:

Seadrill objects to the extent the interrogatory is vague and ambiguous in its reference to "the litigation against Jackson Walker." A lump sum amount was negotiated taking into account the

general risks of litigation and the uncertainties of the remedies in the vacatur motions. In addition, Judge Moses mentioned 50% as a reasonable number during a hearing. Any specific percentage of probability of success for the various individual matters covered by the settlement agreement was analyzed by counsel. Further, Seadrill objects to the extent this interrogatory calls for attorney-client communications or the advice of counsel, which Seadrill relied on in determining to settle for a lump sum.

### INTERROGATORY NO. 6.

After the filing of the Case, describe the connections between you and Jackson Walker and when such connections terminated.

**RESPONSE**:

Jackson Walker was counsel for the Seadrill Partners debtors. The representation terminated on the effective date of such Plan.

Jackson Walker was counsel for Seadrill Ltd. Debtors. Thereafter, Jackson Walker was counsel for reorganized Seadrill Ltd after the effective date for such Plan. Jackson Walker was terminated on or about February 20, 2024.

### INTERROGATORY NO. 7.

If the settlement agreement is approved and a court, in connection with the U.S. Trustee's litigation against Jackson Walker related to the Case, subsequently orders Jackson Walker to pay funds to you in addition to the Settlement Amount, state whether you would accept and distribute such funds.

**RESPONSE**:

See Response to Interrogatory No. 2 and Interrogatory No. 3.

### INTERROGATORY NO. 8.

If your answer to question no. 6 is no, please state the facts which support your answer.

**RESPONSE**:

Interrogatory No. 8 may contain a typographical error. *See* Response to Interrogatory No. 7.

Date: February 5, 2026

                                    Respectfully submitted,

                                    By: /s/ Philip G. Eisenberg
                                          Philip G. Eisenberg
                                          TBN: 24033923
                                          phil.eisenberg@troutman.com
                                          TROUTMAN PEPPER LOCKE LLP
                                          600 Travis Street, Suite 2800
                                          Houston, Texas 77002
                                          Phone: (713) 226-1200
                                          Fax: (713) 223-3717

                                    ATTORNEY FOR SEADRILL PARTNERS LLC and
                                    SEADRILL LIMITED REORGANIZED DEBTORS

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via email on February 5, 2026.

Laura Steele
Laura.steele@usdoj.gov
U.S. Dept. of Justice
515 Rusk, Suite 3516
Houston, TX 77002
FX: 713 718-4670

                                          By: /s/ Philip G. Eisenberg
                                              Philip G. Eisenberg

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | **Case No. 4:23-CV-4787** |

## SEADRILL PARTNERS LLC AND SEADRILL LIMITED REORGANIZED DEBTORS' RESPONSES TO UNITED STATES TRUSTEE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

To: Kevin Epstein, United States Trustee for Region 7 ("United States Trustee"), by and through his attorney of record, Laura D. Steele, United States Department of Justice, 515 Rusk, Suite 3516, Houston, Texas 77002.

Pursuant to the Federal Rules of Civil Procedure, as well as the instructions and definitions set forth herein, Seadrill Partners LLC and Seadrill Limited Reorganized Debtors (collectively, "*Seadrill*") serves these Responses to United States Trustee's First Set of Requests for Production and First Set of Written Interrogatories to Seadrill. Seadrill reserves the right to supplement and amend these objections and responses in accordance with the Federal Rules of Civil Procedure and as may otherwise be permitted by the Court.

## I. GENERAL OBJECTIONS AND RESERVATIONS

1. Seadrill objects to the Discovery Requests to the extent that they seek to obtain information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, confidentiality agreements, common interest, or any other applicable protections or privileges. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege or protection, in whole or in part.

2. Seadrill objects to the Discovery Requests to the extent that they seek information not in Seadrill's possession, custody, or control on the grounds that any such request exceeds the obligations imposed by the Federal Rules of Civil Procedure. Seadrill objects to the Discovery Requests to the extent that they purport to require Seadrill to conduct anything other than a reasonable search for responsive documents. Seadrill will search for documents only in reasonably accessible locations where responsive, non-privileged documents would reasonably be expected to be found.

3. Seadrill objects to the Discovery Requests to the extent that they seek to impose requirements not otherwise required by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of Texas.

4. Seadrill objects to the Discovery Requests to the extent that they would require Seadrill to produce the same electronically stored information in more than one form. *See* Fed. R. Civ. P. 34(b)(2)(E). Seadrill objects to providing exact duplicates.

5. In providing responses to the Discovery Requests, Seadrill does not waive, and expressly reserves, all objections as to competency, relevancy, materiality and admissibility thereof, as well as all objections to any other discovery request.

6. Any response that indicates that information or documents will be provided in response to the Discovery Requests is not intended to constitute a representation that such information or documents exists and should not be so interpreted. Rather, such a statement is only intended to indicate that Seadrill will provide information or documents within its possession, custody, or control, to the extent they exist and can be located upon a reasonable search.

7. Nothing in this Response shall be construed as an admission by Seadrill with respect to the admissibility or relevance of any fact or document, or as an admission of the truth or accuracy of any characterization or document of any kind.

8. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure, Seadrill reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) as Seadrill completes its review and analysis in response to the Discovery Requests.

9.   Seadrill objects to producing documents at the time and place requested by the Arena Parties. Seadrill will produce documents at mutually agreeable times and places on a rolling basis. Seadrill will produce certain electronically stored information after agreeing on search terms. Seadrill further objects to producing a privilege log at the time requested. Seadrill will produce a privilege log at a reasonable time. Seadrill objects to logging documents that fall within the work product privilege.

10.   Seadrill incorporates by reference every general objection set forth above into each specific response set forth below.

## II. INSTRUCTIONS

If you or your lawyers find any of these responses vague, confusing, hard to understand, or if you just want to talk through some issues relating to these requests, please call Philip Eisenberg at (713) 226-1304. Please do not wait, instead, attempt to resolve the issue with a telephone call. Thank you.

## DOCUMENTS TO BE PRODUCED

1.   Documents evidencing post-confirmation fee and expense statements received from Jackson Walker LLP ("**Jackson Walker**").

### Response:

Jackson Walker did not represent Seadrill Partners post confirmation. The total post confirmation fees received from Seadrill Ltd. post confirmation were $552,245.00.

2.   Documents evidencing engagement agreements with any professional retained to represent or advise you regarding your claims against Jackson Walker in the pending bankruptcy case (the "**Case**").

### Response:

There is not a specific engagement agreement with regard to the Seadrill claims against Jackson Walker. Locke Lord LLP had been retained generally on post-confirmation matters for Seadrill Partners.

When the Jackson Walker matters arose, Locke Lord LLP (now Troutman Pepper Locke LLP) was instructed to address same for Seadrill.

3.  Documents evidencing fee and expense statements received from any professional retained to represent or advise you regarding the Case including, but not limited to, your settlement agreement.

**Response**:

Seadrill objects to this request as premature; seeking to violate Seadrill's attorney-client privilege of questionable relevance in connection with a lump-sum settlement. Subject to the foregoing, Seadrill has incurred fees and expenses with Troutman Pepper Locke LLP pursuing the Jackson Walker claims and the settlement and to the extent same may become an issue in the future, reserves the right to address same at that time. In the interim, the U.S. Trustee can review the record in the *Seadrill* cases and this proceeding and formulate a general estimate of the fees and expenses outside counsel incurred by Seadrill. Further Seadrill continues to incur fees and expenses due to the objections by the U.S. Trustee.

4.  Documents you relied upon when determining the probability for success you used in reaching the proposed settlement with Jackson Walker. In responding, you do not need to produce: (1) documents bearing Bates stamps JW_00000001 through and including JW_00019621; (2) documents bearing Bates stamps JW_00020316 through and including JW_00030999; (3) documents bearing Bates stamps H&K_0000001 through and including H&K_0003058 (and the associated certification of records); (4) documents provided to you by the U.S. Trustee; (4) transcripts of depositions taken in this case as well as the partial transcript of interview of Elizabeth C. Freeman conducted by the U.S. Trustee; and (5) documents you assert in good faith are covered by your attorney-client privilege or the work product doctrine (you also do not need to produce a privilege log for such documents).

**Response**:

In addition to the foregoing above, Seadrill refers the U.S. Trustee to the pleadings filed in the *Seadrill* cases, this proceeding and other filings against Jackson Walker in Judge Moses' court.

5. Copies of documents terminating Jackson Walker's representation of you.

**Response**: None.

6. Copies of all demand letters issued from you to Jackson Walker relating to the Case.

**Response**: None.

7. To the extent any mediation privilege is asserted in response to these Interrogatories or the contemporaneously issued Requests for Production, produce the mediation agreement you entered into relating to the Case.

**Response**:

No mediation agreement was entered. Further, *see* Response to Interrogatory No. 4.

Date: February 6, 2026

        Respectfully submitted,

        By: /s/ Philip G. Eisenberg
           Philip G. Eisenberg
           TBN: 24033923
           phil.eisenberg@troutman.com
           TROUTMAN PEPPER LOCKE LLP
           600 Travis Street, Suite 2800
           Houston, Texas 77002
           Phone: (713) 226-1200
           Fax: (713) 223-3717

        ATTORNEY FOR
        SEADRILL LIMITED REORGANIZED DEBTORS
        AND SEADRILL PARTNERS LLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via email on February 5, 2026.

Laura Steele
Laura.steele@usdoj.gov
U.S. Dept. of Justice
515 Rusk, Suite 3516
Houston, TX 77002
FX: 713 718-4670

Jennifer R. Toth
Jennifer.R.Toth@usdoj.gov
U.S. Dept. of Justice
515 Rusk, Suite 3516
Houston, TX 77002
FX: 713 718-4670

        By: /s/ Philip G. Eisenberg
           Philip G. Eisenberg