In the Matter of:

**Professional Fee Matters Concerning the Jackson Walker Law Firm**

**Case No. 4:23-cv-04787**

---

**Witness:**

**Nicole Anderson**

*February 12, 2026*

---



2201 Old Court Road
Baltimore, Maryland 21208

410-821-4888
www.crcsalomon.com
crc-ustp@crcsalomon.com

USTP (Seadrill) Ex. 20
Page 1 of 212

```
1                  IN THE UNITED STATES DISTRICT COURT

2                 FOR THE SOUTHERN DISTRICT OF TEXAS

3                         HOUSTON DIVISION

4

5    - - - - - - - - - - - - - - - -

6    IN RE:                      )   CASE NO. 4:23-cv-04787

7    PROFESSIONAL FEE MATTERS    )   CHIEF U.S. DISTRICT JUDGE

8    CONCERNING THE JACKSON WALKER )  ALIA MOSES

9    LAW FIRM                     )   U.S. DISTRICT JUDGE

10   - - - - - - - - - - - - - - - -

11

12

13

14                     REMOTE DEPOSITION OF

15                        NICOLE ANDERSON

16                  THURSDAY, FEBRUARY 12, 2026

17

18

19

20

21

22        CRC SALOMON

23        BY:  ELIZABETH CANTANDO, CER

24        2201 OLD COURT ROAD, BALTIMORE, MARYLAND 21208

25        410-821-4888
```

USTP (Seadrill) Ex. 20
Page 2 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 2

```
 1
 2
 3
 4
 5
 6
 7
 8            Remote deposition of NICOLE ANDERSON, taken on behalf
 9   of the United States Trustee via videoconference, commencing at
10   2:00 p.m. Central Standard Time, Thursday, February 12, 2026,
11   before Elizabeth Cantando, CER.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

USTP (Seadrill) Ex. 20
Page 3 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889      2201 Old Court Road, Baltimore MD 21208      www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 3

```
 1    APPEARANCES OF COUNSEL (VIA VIDEOCONFERENCE)

 2    FOR THE UNITED STATES TRUSTEE:

 3         OFFICE OF THE UNITED STATES TRUSTEE

 4         JOEL CHARBONEAU, TRIAL ATTORNEY

 5         VIANEY GARZA, TRIAL ATTORNEY

 6         ELVINA ROFAEL, TRIAL ATTORNEY

 7         LAURA STEELE, TRIAL ATTORNEY

 8         SPENCER EZELL, TRIAL ATTORNEY

 9         MILLIE APONTE SALL, ASSISTANT UNITED STATES TRUSTEE

10         Joel.Charboneau@usdoj.gov

11         Vianey.Garza@usdoj.gov

12         Elvina.Rofael@usdoj.gov

13         Laura.Steele@usdoj.gov

14         Spencer.Ezell@usdoj.gov

15         Millie.Sall@usdoj.gov

16

17    FOR THE WITNESS; SEADRILL PARTNERS, REORGANIZED DEBTORS; AND

18    SEADRILL LIMITED, REORGANIZED DEBTORS:

19         TROUTMAN PEPPER LOCKE LLP

20         SIMON MAYER, ATTORNEY AT LAW

21         PHIL EISENBERG, ATTORNEY AT LAW

22         Simon.Mayer@troutman.com

23         Philip.Eisenberg@troutman.com

24

25
```

USTP (Seadrill) Ex. 20
Page 4 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

```
 1   APPEARANCES OF COUNSEL (CONT'D)

 2   FOR PATRICK BARTELS, TRUSTEE FOR THE STRIKE LIQUIDATING TRUST;

 3   AND PATRICK BARTELS, PLAN AGENT FOR THE WIND-DOWN DEBTORS IN

 4   JOINTLY ADMINISTERED CASES OF IN RE AUTO PLUS AUTO SALES LLC:

 5        MCCLOSKEY ROBERSON WOOLLEY, PLLC

 6        CARISSA BREWSTER, ATTORNEY AT LAW

 7        CBrewster@mrwpllc.com

 8

 9   FOR JACKSON WALKER LLP:

10        NORTON ROSE FULBRIGHT US LLP

11        JASON BOLAND, ATTORNEY AT LAW

12        JULIE HARRISON, ATTORNEY AT LAW

13        Jason.Boland@nortonrosefulbright.com

14        Julie.Harrison@nortonrosefulbright.com

15

16        RUSTY HARDIN & ASSOCIATES, LLP

17        EMILY SMITH, ATTORNEY AT LAW

18        ESmith@rustyhardin.com

19

20   ALSO PRESENT:

21        William Jenkins, Jackson Walker General Counsel

22

23

24

25
```

USTP (Seadrill) Ex. 20
Page 5 of 212

```
1                              INDEX

2    WITNESS                                             PAGE

3    NICOLE ANDERSON

4         Examination by MR. CHARBONEAU                   9

5

6

7

8

9                          ---oOo---

10

11        QUESTIONS WITNESS INSTRUCTED NOT TO ANSWER:

12                      PAGE    LINE

13                      (None)

14

15

16

17

18                          ---oOo---

19

20

21

22

23

24

25
```

USTP (Seadrill) Ex. 20
Page 6 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                          Page 6

```
 1                            EXHIBITS

 2    NUMBER                 DESCRIPTION                    PAGE

 3    Exhibit 1      Seadrill001-025 - 25 pages            15

 4    Exhibit 2      Seadrill026-031 - 6 pages             32

 5    Exhibit 3      Seadrill337-344 - 8 pages             46

 6    Exhibit 4      Seadrill370-375 - 6 pages             50

 7    Exhibit 5      Seadrill376-379 - 4 pages             56

 8    Exhibit 6      Seadrill224 - 1 page                  73

 9    Exhibit 7      Seadrill225 - 1 page                  74

10    Exhibit 8      Seadrill294 - 1 page                  74

11    Exhibit 9      Seadrill380-408 - 29 pages            76

12    Exhibit 10     Seadrill207-209 - 3 pages             97

13    Exhibit 11     Seadrill295-298 - 4 pages            100

14    Exhibit 12     Seadrill299 - 1 page                 100

15

16

17

18

19

20

21

22

23

24

25
```

USTP (Seadrill) Ex. 20
Page 7 of 212

Office: (410) 821-4888        CRC Salomon        crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 7

```
 1              THURSDAY, FEBRUARY 12, 2026; 2:00 P.M.

 2                          ---oOo---

 3              COURT REPORTER:  Good afternoon.  We are going on the

 4    record.  The time is 2:00 p.m. Central Standard Time, and today

 5    is February 12, 2026.  My name is Elizabeth Cantando.  I am the

 6    digital reporter scheduled by CRC Salomon to cover this remote

 7    proceeding.  I request that all parties stipulate and agree

 8    that by videoconference technology this will be the remote

 9    deposition of Nicole Anderson in the matter of In Re

10    Professional Fee Matters Concerning the Jackson Walker Law

11    Firm, Case Number 4:23-cv-04787.

12              This deposition is being taken using a video

13    connection before a court reporter who is not in the same

14    location as the witness.  I therefore request that the parties

15    stipulate that the deposition may be taken remotely before this

16    court reporter pursuant to Federal Rules of Bankruptcy

17    Procedure 7029 and 9014.

18              Before going on the record, the witness positively

19    identified themselves to me as Nicole Anderson by their

20    driver's license issued by the Texas Department of Motor

21    Vehicles, and the witness is presently located in Houston,

22    Texas.

23              Counsel, will you please state your appearance for

24    the record, your firm, who you represent, and that you agree to

25    stipulate that I may place this witness under oath and report
```

USTP (Seadrill) Ex. 20
Page 8 of 212

1  this proceeding remotely?

2          MR. CHARBONEAU:  Joel Charboneau of the United States

3  Department of Justice.  I represent the United States Trustee.

4  With me today are Laura Steele, Vianey Garza, Spencer Ezell,

5  Millie Sall, and Elvina Rofael.  The U.S. Trustee stipulates to

6  the remote nature of the deposition and what you've asked for.

7          Also, for the record, just want to put on the

8  reservation of rights we made in prior depositions, that the

9  U.S. Trustee does not waive and expressly reserves all

10 arguments that the proceeding exceeds the District Court's

11 abatement order and limited referral to the Bankruptcy Court.

12 So then I will turn it over to Mr. Mayer.

13         MR. MAYER:  Simon Mayer, M-A-Y-E-R, on behalf of

14 Troutman Pepper Locke on behalf of Seadrill Partners,

15 Reorganized Debtors, and Seadrill Limited, Reorganized Debtors.

16 I'm also joined today by Mr. Philip Eisenberg.  And I'm here

17 with the witness, Nicole Anderson.  And I also consent to the

18 remote deposition being taken today.

19         MR. BOLAND:  Good afternoon.  Jason Boland of Norton

20 Rose Fulbright for Jackson Walker.  I'm joined with my partner,

21 Julie Harrison.  Also joining is Emily Smith at the Rusty

22 Hardin & Associates firm, and William Jenkins, general counsel

23 of Jackson Walker.

24         COURT REPORTER:  Are there any other appearances?

25         MS. BREWSTER:  Carissa Brewster for Patrick Bartels,

USTP (Seadrill) Ex. 20
Page 9 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 9

1  as Liquidating Trustee for the Strike Liquidating Trust and as

2  Plan Agent in the Auto Plus cases.

3            COURT REPORTER:  Thank you.  And I will now swear in

4  the witness.  Will you please raise your right hand?

5      Whereupon,

6                      NICOLE ANDERSON,

7      having been duly sworn, was examined and testified as

8      follows:

9            COURT REPORTER:  Thank you.  Counsel, you may

10 proceed.

11           MR. CHARBONEAU:  Thank you.

12                      EXAMINATION

13 BY MR. CHARBONEAU:

14     Q.   Ms. Anderson, will you please state your full legal

15 name and spell your last name?

16     **A.   Nicole Sara (phonetic) Anderson.  A-N-D-E-R-S-O-N.**

17     Q.   Sorry.  I'm just trying to turn the volume up on my

18 side.

19     **A.   No worries.**

20           MR. MAYER:  And Mr. Charboneau, just so we're all

21 clear, objections are to form like we've done in the prior ones

22 you've conducted in this matter, correct?

23           MR. CHARBONEAU:  Are you talking about any objections

24 --

25           MR. MAYER:  I mean, (cross talk) --

USTP (Seadrill) Ex. 20
Page 10 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 10

| | |
|---|---|
| 1 | MR. CHARBONEAU:  -- that would be waived if you |
| 2 | didn't make them to form? |
| 3 | MR. MAYER:  Yes.  Yes. |
| 4 | MR. CHARBONEAU:  Yes, that's right. |
| 5 | BY MR. CHARBONEAU: |
| 6 | Q.   Okay.  Ms. Anderson, if I ask you a question today |
| 7 | that you do not understand, will you ask me or let me know? |
| 8 | A.   **Mm-hmm.** |
| 9 | Q.   Okay.  And while we're conducting the deposition, if |
| 10 | you would say "yes" or "no."  Things like "mm-hmm" or shaking |
| 11 | your head might be misinterpreted by me or the court reporter |
| 12 | or another attorney.  So please do answer "yes" or "no" when |
| 13 | possible.  Is that okay? |
| 14 | A.   **Understood.** |
| 15 | Q.   Now, do you hold any professional licenses? |
| 16 | A.   **No.** |
| 17 | Q.   Okay.  So you're not an attorney? |
| 18 | A.   **No.** |
| 19 | Q.   Okay.  And what is your role with Seadrill Limited? |
| 20 | A.   **Legal counsel.** |
| 21 | Q.   I'm sorry.  You said legal counsel? |
| 22 | A.   **Yes.** |
| 23 | COURT REPORTER:  Yeah.  Excuse me.  I need the |
| 24 | witness to speak up and clearly, and closer to the microphone, |
| 25 | if possible.  I can't hear her. |

USTP (Seadrill) Ex. 20
Page 11 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 11

```
 1            THE WITNESS:  I work for Seadrill Americas, Inc. as
 2     senior legal counsel.
 3     BY MR. CHARBONEAU:
 4        Q.   And are you a licensed barrister in the U.K.?
 5        A.   Pardon?
 6        Q.   Are you an attorney in the United Kingdom, then, a
 7     solicitor?
 8        A.   No.  I studied law in the United Kingdom, but I don't
 9     have a certificate at the moment.
10        Q.   Okay.  But you are currently officed in the Houston
11     area?
12        A.   I am, yes.
13        Q.   And that's where Seadrill Limited's headquarters are
14     currently located?
15        A.   That's correct.
16        Q.   Now, just to make sure I understand where we're at in
17     the terms of who Seadrill is.  I guess before we get there,
18     have you been with Seadrill since approximately 2020?
19        A.   I have, yes.
20        Q.   Okay.  At that time, were you with Seadrill Partners
21     or Seadrill Limited?
22        A.   I worked -- I was employed by Seadrill Management
23     U.K. Limited at that time.
24        Q.   Okay.  And Seadrill Partners, is it accurate that
25     when it exited bankruptcy, it began operating as Aquadrill?
```

USTP (Seadrill) Ex. 20
Page 12 of 212

1       A.    Aquadrill LLC.

2       Q.    Okay.  And then Seadrill Limited merged with, and is

3   the surviving entity of, the Seadrill Limited Aquadrill LLC

4   merger?

5       A.    That's correct.

6       Q.    Okay.  I guess before I get down the road too far,

7   maybe it's that time of day, or maybe I'm having a senior

8   moment.  Did the court reporter swear you in?

9       A.    Yes.

10      Q.    Okay.  I -- I'm having a senior moment, so I

11  apologize.  Hopefully, we'll move quicker going forward.  Okay.

12  So with Seadrill Limited, you said your job description is

13  senior legal counsel?

14      A.    That's correct.

15      Q.    Okay.

16      A.    Seadrill Americas Inc.

17      Q.    I'm sorry?

18      A.    Seadrill Americas Inc. is my employer entity.

19      Q.    Is that what we're going to call today Seadrill

20  Limited, or is that some other company?

21      A.    It's part of the Seadrill Group.

22      Q.    Do you have some role in the management of Seadrill

23  Limited?

24      A.    I work as senior legal counsel at Seadrill.

25      Q.    And when you say Seadrill, you mean Seadrill Limited?

USTP (Seadrill) Ex. 20
Page 13 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Page 13

```
 1        A.    Can you rephrase?  I'm not sure, but I work for

 2   Seadrill Americas Inc.  That's my employer entity.  That's part

 3   of the Seadrill Group, so I advise the Seadrill Group.

 4        Q.    Well, and today, can we just call that current

 5   operating entity Seadrill Limited?

 6        A.    When you're referring to the group?

 7        Q.    Yeah.

 8        A.    Yeah.

 9        Q.    Okay.  All right.  Because I'm going to do that.

10   I'll call the operating group today Seadrill Limited.  If I

11   need to be specific as to the prior entity of Seadrill Partners

12   as something separate, I'll say Partners.  Is that clear for

13   you?

14        A.    That's clear.

15        Q.    Okay.  And were you also familiar with an entity

16   called Seadrill New Finance, LLC?

17        A.    Yes.

18        Q.    And if I need to talk about that, I'll just call it

19   Seadrill New Finance.  Are you okay with that?

20        A.    Yes.

21        Q.    Now, you're here today -- let me back up.  In the

22   hierarchy of Seadrill, where do you stand relative to Todd

23   Strickler?

24        A.    Todd is the general counsel.  I report in to him.

25        Q.    Okay.  And you are knowledgeable regarding the
```

USTP (Seadrill) Ex. 20
Page 14 of 212

1   settlement being proposed to the bankruptcy court between

2   Seadrill, whether it's Seadrill Limited or Seadrill Partners,

3   and Jackson Walker LLC?

4        **A.   Pardon?**

5        Q.   I said, and as you sit here today, you're

6   knowledgeable regarding the settlement that has been entered

7   into between Seadrill Limited and Seadrill Partners and Jackson

8   Walker LLP?

9        **A.   Yes.**

10       Q.   And you're here today as Seadrill's representative.

11       **A.   Yes.**

12       Q.   Now, are you -- we'll back up just to make sure we're

13  on the same terminology as we move through today to cut down on

14  any form of objections or misunderstandings.  So just to

15  telegraph where we're going, the general counsel, Mr.

16  Strickler, signed a settlement agreement.  Are you familiar

17  with that particular agreement?

18       **A.   Yes.**

19       Q.   And if I say settlement agreement today, you'll

20  understand that I mean the settlement agreement between

21  Seadrill Limited, Seadrill Partners, and Jackson Walker,

22  correct?

23       **A.   Correct.**

24       Q.   And that settlement agreement related specifically to

25  claims against Jackson Walker relating to its representation of

USTP (Seadrill) Ex. 20
Page 15 of 212

```
 1    Seadrill Limited and Seadrill Partners and their bankruptcy

 2    cases; is that fair to say?

 3              MR. MAYER:  Objection.  Form.

 4              MR. BOLAND:  Same objection.

 5    BY MR. CHARBONEAU:

 6       Q.   Okay.  I'll rephrase it.  Do you know what litigation

 7    the settlement agreement is settling?

 8       A.   We created the settlement to settle mutual points

 9    between us and Jackson Walker up to the date of assessment.

10       Q.   And what are the claims against Jackson Walker?

11       A.   Our specific claims were in relation to their fees.

12       Q.   Okay.  So if I say the litigation today, will you

13    understand that I'm talking about that litigation concerning

14    Jackson Walker's fees allowed in the Seadrill Limited and

15    Seadrill Partners cases?

16       A.   I understand.

17       Q.   And if I say the Seadrill cases, are you comfortable

18    with that meaning the bankruptcy cases of Seadrill Partners and

19    the bankruptcy case of Seadrill Limited?

20       A.   Yes.

21       Q.   Now, I'm just going to ask the court reporter to mark

22    for identification as Exhibit 1 the documents bearing Bates

23    stamp Seadrill001 through and including 025.

24                        (Whereupon, Exhibit 1 was marked for

25                         identification.)
```

USTP (Seadrill) Ex. 20
Page 16 of 212

```
 1    BY MR. CHARBONEAU:

 2         Q.   I'm going to share screen, I hope.  Can you see this

 3    motion on your screen?

 4         A.   Could you enlarge it slightly?

 5         Q.   Do you need it to be larger, or is that okay?

 6         A.   That's okay.

 7         Q.   Okay.  And just so you can see, it has the Bates

 8    stamp in the lower left in red, Seadrill001.  I can go through

 9    it page by page, but I'll just represent to you that this is

10    the settlement motion with attachments that were filed in the

11    bankruptcy court.  Do you have any reason to dispute that?

12         A.   No.

13              MR. MAYER:  Objection.  Form.

14    BY MR. CHARBONEAU:

15         Q.   Do you recognize the document marked for

16    identification as Exhibit 1 as the settlement motion filed on

17    behalf of Seadrill Partners and Seadrill Limited?

18         A.   It looks to be.

19         Q.   And Mr. Eisenberg represents Seadrill Limited and

20    Seadrill Partners?

21         A.   I didn't catch your question.

22         Q.   Sure.  I was just looking at the last page of the

23    motion before the exhibits to the motion at Seadrill013.  And

24    you said that this document appears to be the settlement

25    motion, and my question was, you know, you recognize that Mr.
```

USTP (Seadrill) Ex. 20
Page 17 of 212

Nicole Anderson
Proceedings on 02/12/2026                                            Page 17

```
 1   Eisenberg is Seadrill's counsel in the bankruptcy cases?
 2        A.   That's correct.
 3        Q.   Okay.  And going down to the attachments.  There was
 4   the proposed order.  And then below the proposed order was a
 5   settlement agreement.  The settlement agreement begins at
 6   Seadrill017, still in the document marked for identification as
 7   Exhibit 1.
 8             Ms. Anderson, are you familiar with Todd Strickler's
 9   signature, what it looks like?
10        A.   I've seen it before, yes.
11        Q.   I'm showing you the last page of Exhibit Number 1,
12   which is Bates-stamped Seadrill025.  Do you recognize Mr.
13   Strickler's signature?
14        A.   Yes.
15        Q.   And the document that we're looking at, the
16   settlement agreement, which runs from Bates-stamped 017 through
17   and including 025, do you recognize this as the settlement
18   agreement?
19        A.   It appears to be.
20        Q.   Now, were you involved in the negotiation of this
21   settlement agreement?
22        A.   Yes, with counsel.
23        Q.   And you were involved in your role as legal counsel?
24        A.   Yes.
25        Q.   Now, just so I'm clear, in the room with you, is
```

USTP (Seadrill) Ex. 20
Page 18 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889      2201 Old Court Road, Baltimore MD 21208      www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                        Page 18

1  there anyone other than your counsel?

2      **A.    No.**

3      Q.    Sorry.  Did you say no?

4      **A.    I said no.  There's just Simon and I here.**

5      Q.    Right.  You know, I think the court reporter might be

6  getting you okay.  Perhaps it's my fault; maybe I'm hard of

7  hearing, but I would ask your counsel, is there any way to get

8  the microphone closer to your witness?

9          MR. MAYER:  Can we take a five-minute break and let

10  me see if I can get somebody in here to see -- resolve it, the

11  technical issue?

12          MR. CHARBONEAU:  Yeah.  I really would appreciate.

13  You sure you don't want to make it -- well, we'll come back in

14  five, and if we need more time, that's fine.  Court Reporter,

15  let's go ahead and go off the record.

16          COURT REPORTER:  The time is 2:18 p.m. Central

17  Standard Time, and we are off the record.

18              (Whereupon, a recess occurred.)

19          COURT REPORTER:  The time is 2:23 p.m. Central

20  Standard Time, and we are back on the record.

21          MR. CHARBONEAU:  All right.  Well, thank you to the

22  witness and her counsel for changing out those microphones.  I

23  can hear the witness much better.  But if it turns out during

24  the course of this that anyone is having difficulty, just

25  please let me know and maybe we'll see if there's another

USTP (Seadrill) Ex. 20
Page 19 of 212

 1    solution.  But I think we're ready to go now.

 2                        EXAMINATION (CONT'D)

 3    BY MR. CHARBONEAU:

 4        Q.   Okay.  So where we left off, I think we looked at Mr.

 5    Strickler's signature.  We had identified the settlement

 6    agreement.  I want to stay focused on that agreement for a

 7    minute, Ms. Anderson.  Was there any specific corporate action

 8    required for Seadrill to enter into the settlement agreement?

 9        **A.   Can you explain?  Sorry, I'm not sure what you mean**

10    **by that.**

11        Q.   Yeah.  Did there need to be a board meeting to

12    approve the settlement?

13        **A.   We had management approve the settlement and the**

14    **relevant boards.  Yes.**

15        Q.   And when you say "the relevant boards," was there

16    more than one board?

17        **A.   I can't recall now.**

18        Q.   Okay.  Go ahead.

19        **A.   There may have been, given the involvement of**

20    **Aquadrill LLC and Limited, but I can't recall.**

21        Q.   Now, in terms of the management board that would have

22    approved the settlement, who are the members of that?

23        **A.   The management team at Seadrill would consist of our**

24    **general counsel, our chief financial officer, our chief**

25    **executive officer, our chief operational officer, and our chief**

USTP (Seadrill) Ex. 20
Page 20 of 212

1    commercial officer.  The board members vary from time to time,

2    but that tends to be directors appointed internally at

3    Seadrill, so generally members of the finance team and other

4    internal appointments.

5        Q.    All right.  Now the meeting where the settlement was

6    approved, were you in attendance at that meeting?

7            MR. MAYER:  Objection, form.

8    BY MR. CHARBONEAU:

9        Q.    You can answer.

10       A.    I can't recall.  I assume it would have been over

11   Teams.

12       Q.    Okay.  But whether it was virtual or in person, is it

13   your belief that you were at the meeting where the settlement

14   agreement was discussed and ultimately approved?

15           MR. MAYER:  Objection, form.

16           THE WITNESS:  So I would have prepared materials

17   regardless.  I can't recall if I was present at the meeting.

18   BY MR. CHARBONEAU:

19       Q.    And the materials that you would have prepared would

20   have been what, exactly?

21       A.    A summary of the terms and potentially the risk.

22       Q.    When you say "risk," do you mean risk of continuing

23   to litigation?

24       A.    That included.

25       Q.    What else would be included?

USTP (Seadrill) Ex. 20
Page 21 of 212

1      A.    Advice from counsel.

2      Q.    Is that -- which counsel?

3      A.    Simon and Philip.

4      Q.    Now, as we go forward today, just so we're clear.

5  I'm not going to be asking you what Mr. Mayer or Mr. Eisenberg

6  advised the company, so I don't want to know that, okay, just

7  so we're clear.  But I may ask you about whether advice was

8  given or advice sought.  And when I'm asking you that type of

9  question, that's simply all I'm asking.  I don't want you to

10  then say yes or no, and if you say yes, proceed to tell me what

11  the advice was.  Are we clear on that front?

12      A.    Understood.

13      Q.    Okay.  And hopefully that'll give your counsel some

14  comfort as well, but I truly do not want you to tell me, you

15  know, legal counsel that you received from Mr. Mayer or Mr.

16  Eisenberg.  Okay.  So prior to approving the settlement, did

17  Seadrill management consider whether there's a public interest

18  in the award of fees in the Seadrill cases?

19            MR. BOLAND:  Objection to form.

20            MR. MAYER:  Objection to form.

21  BY MR. CHARBONEAU:

22      Q.    Go ahead and answer.

23      A.    I'm not clear on, on what you mean by that.

24      Q.    Okay.  Now, before we go too far, Seadrill is

25  represented by which firm today?

USTP (Seadrill) Ex. 20
Page 22 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 22

1        **A.    Troutman Pepper Locke.**

2        Q.    And does Norton Rose Fulbright represent Seadrill

3   with respect to the litigation?

4        **A.    No.**

5        Q.    They, in fact, represent Jackson Walker, correct?

6        **A.    Yes.**

7        Q.    And Jackson Walker is the adversary of Seadrill in

8   the litigation, correct?

9             MR. MAYER:  Objection to form.

10            MR. BOLAND:  Objection, form.

11   BY MR. CHARBONEAU:

12       Q.    Well, let me rephrase it this way.  The settlement

13   agreement settles claims, correct?

14       **A.    Correct.**

15       Q.    And it settles claims against Jackson Walker,

16   correct?

17            MR. MAYER:  Objection, form.

18            MR. BOLAND:  Same objection.

19   BY MR. CHARBONEAU:

20       Q.    Does it not?  You have to answer out loud, ma'am.

21       **A.    The settlement agreement is a mutual settlement**

22   **between Seadrill and Jackson Walker.  Yes.**

23       Q.    Okay.  And it's a settlement of litigation, which

24   we've talked about earlier being the litigation, correct?

25            MR. BOLAND:  Objection to form.

USTP (Seadrill) Ex. 20
Page 23 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

```
 1          THE WITNESS:  Can you remind me what you're referring
 2   to when you refer to the litigation?
 3   BY MR. CHARBONEAU:
 4       Q.   Well, you defined it earlier as the -- as I recall,
 5   as being the claims against Jackson Walker relating to its fees
 6   in the bankruptcy cases of Seadrill Partner and Seadrill
 7   Limited.  Do you recall that?
 8       A.   The claims within our settlement agreement, or are
 9   you referring to the litigation by the U.S. Trustee?  That's
10   what I'm trying to clarify.
11       Q.   Okay.  Well, right now I'm asking you about
12   Seadrill's claims, but you mentioned some potential divergence
13   between two types of claims.  So I'm going to ask you some
14   questions about that.  Before I get there, where I was going
15   with this is the U.S. Trustee moves to strike and on a
16   continuing basis, any objections made by Mr. Boland or any
17   representative of Jackson Walker and believes that such
18   objections are improper, considering that Jackson Walker does
19   not represent you or Seadrill here today.  So having stated
20   that, tell me --
21          MR. BOLAND:  Mr. Charboneau, before you -- let me
22   just respond.  We've had this back and forth now on almost
23   every deposition.  And we've stated our position.  We
24   incorporate our position herein.  We're a settling party to
25   this contested matter.  And we believe it's appropriate for us
```

USTP (Seadrill) Ex. 20
Page 24 of 212

```
 1   to continue to object, and we will lodge objections as we deem

 2   appropriate.  Thank you.

 3   BY MR. CHARBONEAU:

 4        Q.   Okay.  So Ms. Anderson, you mentioned litigation of

 5   the U.S. Trustee versus litigation of Seadrill.  So tell me,

 6   what is the litigation of the U.S. Trustee?

 7        A.   The U.S. Trustee, as far as I'm aware, is seeking

 8   disgorgement of Jackson Walker's fees.

 9        Q.   What is the litigation of Seadrill?

10        A.   Oh, we're not seeking to litigate.  We want to

11   settle.

12        Q.   And what you want -- when I say "you," what Seadrill

13   wants to settle are the claims arising from the allowed

14   attorneys' fees to Jackson Walker in the Seadrill Limited and

15   Seadrill Partners case, correct?

16             MR. MAYER:  Objection, form.

17             MR. BOLAND:  Objection, form.

18             THE WITNESS:  Could you repeat that, please?

19   BY MR. CHARBONEAU:

20        Q.   What you're -- what Seadrill is seeking to settle are

21   the claims arising out of Jackson Walker's representation of

22   Seadrill Limited and Seadrill Partners in their bankruptcy

23   cases; is that not true?

24             MR. MAYER:  Objection, form.

25             MR. BOLAND:  Same objection.
```

USTP (Seadrill) Ex. 20
Page 25 of 212

```
 1              MR. CHARBONEAU:  All right.  Before we get any --
 2    what's the form objection to that question just so I can cure
 3    it?
 4              MR. MAYER:  Misstatement of the facts of what the
 5    claims -- the claims that are being settled, and it's clearly
 6    stated in the settlement agreement what claims are being
 7    settled and what time periods.
 8    BY MR. CHARBONEAU:
 9         Q.   Okay.  All right.  Ms. Anderson, do you understand
10    which claims are being settled in the settlement agreement?
11         A.   I do.
12         Q.   All right.  What are they?
13         A.   We're settling our claims between ourselves and
14    Jackson Walker up to the date of the settlement agreement.
15         Q.   And what are those claims?
16         A.   They're set out within the settlement agreement.
17         Q.   All right.  And what are they?
18         A.   I think they're quite clearly set out in settlement
19    agreement.
20         Q.   They may be, but I want to understand what Seadrill's
21    understanding of the claims are.  So please answer the question
22    as to what Seadrill's understanding of its claims are.
23         A.   Our understanding of the claim are any and all things
24    that we may have had against Jackson Walker up to the date of
25    the settlement.
```

USTP (Seadrill) Ex. 20
Page 26 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                          Page 26

1         Q.    And do those claims include claims arising out of

2    Jackson Walker's representation of Seadrill Limited and

3    Seadrill Partners and their bankruptcy cases?

4         **A.    They do.**

5         Q.    Okay.  Now, prior to approving the settlement, did

6    Seadrill's management consider whether there's a public

7    interest in the enforcement of the Bankruptcy Code provisions

8    relating to the employment of counsel in the Seadrill cases?

9              MR. MAYER:  Objection, form.

10             MR. BOLAND:  Same objection.

11             **THE WITNESS:  Could you repeat the question, please?**

12   BY MR. CHARBONEAU:

13        Q.    Prior to approving the settlement, did Seadrill

14   management consider whether there's a public interest in the

15   enforcement of the Bankruptcy Code provisions relating to the

16   employment of counsel in the Seadrill cases?

17             MR. BOLAND:  Objection to form.

18             **THE WITNESS:  Could you rephrase your question?**

19   BY MR. CHARBONEAU:

20        Q.    Do you have an understanding -- okay, let me strike

21   that.  Let me start over.

22             Isn't it true that a Chapter 11 Debtor, such as

23   Seadrill Partners, has to obtain court approval of the counsel

24   representing it in the bankruptcy case?

25             MR. MAYER:  Objection, form.

USTP (Seadrill) Ex. 20
Page 27 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 27

```
 1            THE WITNESS:  But that's something that we would rely
 2    on our bankruptcy counsel.
 3    BY MR. CHARBONEAU:
 4        Q.   Well, I mean, do you have any reason to dispute that
 5    Seadrill Partners filed an application -- let me strike that
 6    and restart.
 7            Do you have any reason to dispute that an application
 8    to employ Jackson Walker was filed in the Seadrill Partners
 9    case?
10        A.   No.
11        Q.   Do you have any reason to dispute that an application
12    to employ Jackson Walker was filed in Seadrill Limited's case?
13        A.   No.
14        Q.   All right.  Why were those applications filed in
15    those bankruptcy cases?
16        A.   To have Jackson Walker represent both Seadrill
17    parties in their bankruptcy.
18        Q.   And absent court approval, is it fair to say Jackson
19    Walker couldn't be allowed fees in those Seadrill cases?
20            MR. MAYER:  Objection to form.
21            MR. BOLAND:  Same objection.
22            THE WITNESS:  Could you repeat your question?
23    BY MR. CHARBONEAU:
24        Q.   Why did they go through the trouble of filing an
25    application to employ Jackson Walker in the Seadrill cases?
```

USTP (Seadrill) Ex. 20
Page 28 of 212

Nicole Anderson
Proceedings on 02/12/2026                                               Page 28

```
 1              MR. BOLAND:  Objection, form.

 2              MR. MAYER:  Objection, form.

 3              THE WITNESS:  Could you rephrase your question,

 4    please?

 5    BY MR. CHARBONEAU:

 6        Q.    Sure.  To what end did anyone file an application to

 7    employ Jackson Walker in the Seadrill cases?

 8              MR. MAYER:  Objection to form.

 9              MR. BOLAND:  Same objection.

10              THE WITNESS:  Could you repeat the question?

11    BY MR. CHARBONEAU:

12        Q.    Do you have -- we'll just move on past that question.

13    Do you know whether Seadrill -- let me start that over.  Do you

14    know whether Jackson Walker could have been paid post petition

15    and pre-confirmation in the Seadrill Partners case had it not

16    had an order entered approving its employment in the case?

17              MR. BOLAND:  Objection to form.

18              MR. MAYER:  Objection to form.

19              THE WITNESS:  Sorry.  Could you repeat the question,

20    please?

21              MR. CHARBONEAU:  Court Reporter, can you read back my

22    question, please?

23              COURT REPORTER:  This is the court reporter.  "Do you

24    know whether Jackson Walker could have been paid post petition

25    and pre confirmation in the Seadrill Partners case had it not
```

Office: (410) 821-4888        CRC Salomon         crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

 1  had an order entered approving its employment in the case?"

 2          MR. BOLAND:  Objection.

 3          **THE WITNESS:  Could you rephrase the question?**

 4  BY MR. CHARBONEAU:

 5      Q.    No.  I really need you to answer that question as

 6  best you can, and "I don't know" is an acceptable answer if you

 7  truly don't know.

 8      **A.    We would just be following the process to the best of**

 9  **our advice, based on our advisors' advice.**

10      Q.    And is it -- okay.  Did Seadrill's management, in

11  considering the settlement agreement, consider whether Jackson

12  Walker's employment orders might be vacated should the matter

13  go to trial?

14          MR. BOLAND:  Objection, form.

15          MR. MAYER:  Objection, form.

16          **THE WITNESS:  I'm not sure at that point whether**

17  **Jackson Walker were still employed, and whether that would be**

18  **relevant.**

19  BY MR. CHARBONEAU:

20      Q.    Okay.  You told me that you prepared a memo for

21  Seadrill's management, correct?

22      **A.    Correct.**

23      Q.    All right.  Tell me as best you can recall what was

24  in that memo.

25          MR. MAYER:  Objection.  To the extent that the memo

USTP (Seadrill) Ex. 20
Page 30 of 212

1    contained legal advice -- and if it didn't, it didn't.  But to

2    the extent it did, don't disclose legal advice.

3            THE WITNESS:  Of course.  The key considerations that

4    we can discuss would be the time it would take to litigate, the

5    cost it would take to litigate, and they really were -- are the

6    main things that we could mention just now.  Those were the

7    factors that we presented to the board versus what the

8    settlement contained and what would management agree in terms

9    of settlement with Jackson Walker.

10   BY MR. CHARBONEAU:

11       Q.   All right.  Was Seadrill's management given advice

12   regarding whether the settlement would affect the ability of a

13   court to order Jackson Walker to return all fees allowed in the

14   Seadrill cases?

15           MR. BOLAND:  Objection form.

16           MR. MAYER:  Objection, form.

17           THE WITNESS:  Could you repeat the question?

18           MR. CHARBONEAU:  Court Reporter, could you please

19   read that back?

20           COURT REPORTER:  "Was Seadrill's management given

21   advice regarding whether the settlement would affect the

22   ability of a court to order Jackson Walker to return all fees

23   allowed in the Seadrill cases?"

24           THE WITNESS:  Yes.

25   BY MR. CHARBONEAU:

USTP (Seadrill) Ex. 20
Page 31 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Page 31

```
 1        Q.   Now, Seadrill has filed a reply to the objection of

 2   the U.S. Trustee, stating that the settlement -- and I'm

 3   paraphrasing here -- would not affect the Rule 60 motion filed

 4   by the U.S. Trustee.  That's me paraphrasing.  Do you disagree

 5   with that?

 6        A.   No.

 7        Q.   In approving the settlement, is it your understanding

 8   that Seadrill intended to settle only its private claims

 9   against Jackson Walker?

10             MR. MAYER:  Objection to form.

11             MR. BOLAND:  Objection to form.

12             THE WITNESS:  Could you repeat that, please?

13             MR. CHARBONEAU:  Can you read it back, Madam Court

14   Reporter?

15             COURT REPORTER:  "In approving the settlement, is it

16   your understanding that Seadrill intended to settle only its

17   private claims against Jackson Walker?"

18             MR. BOLAND:  Same objection.

19             THE WITNESS:  That's correct.  Seadrill and Jackson

20   Walker's mutual claims.

21   BY MR. CHARBONEAU:

22        Q.   We mentioned the reply to the U.S. Trustee's

23   objection.  So I'm going to go ahead and share screen again.

24   And I'm going to ask the court reporter to mark for

25   identification as Exhibit 2 documents Bates-stamped Seadrill026
```

USTP (Seadrill) Ex. 20
Page 32 of 212

Office: (410) 821-4888            CRC Salomon            crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                     Page 32

```
 1    through and including 031.

 2                          (Whereupon, Exhibit 2 was marked for

 3                          identification.)

 4    BY MR. CHARBONEAU:

 5         Q.   Can you -- I'm going to just scroll down so you can

 6    see the Bates stamp in the lower left, Seadrill 026.  Can you

 7    see the document being displayed with the caption reads

 8    "Seadrill's Response to the U.S. Trustee's Omnibus Objection to

 9    Approval of Private Party Settlement that Preempts Adjudication

10    of the U.S. Trustee's Rule 60(b) Motions"?

11         A.   I can see it.

12         Q.   Do you recognize this as a pleading filed on behalf

13    of Seadrill?

14         A.   It appears to be.

15         Q.   And I just moved down to paragraph one, and I

16    highlight, just to bring your attention to some language, Roman

17    numeral III, which reads "Seadrill's Settlement with JW limited

18    to claims between Seadrill and JW and does not settle the U.S.

19    Trustee's Rule 60(b) motions." Do you see that?

20         A.   I do.

21         Q.   Do you have an understanding as to what the basis of

22    that statement is?

23              MR. MAYER:  Objection to form.

24              MR. BOLAND:  Same objection.

25              THE WITNESS:  I do.
```

USTP (Seadrill) Ex. 20
Page 33 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                          Page 33

```
 1    BY MR. CHARBONEAU:

 2         Q.   All right.  And what is your understanding?

 3         A.   We didn't intend to settle the U.S. Trustee's claims.

 4         Q.   I'm going to just scroll down to paragraph 7.  We're

 5    here on Seadrill 028.  And the second sentence in paragraph 7

 6    reads: "The settlement does not seek to settle the U.S.

 7    Trustee's claims brought in the Rule 60(b) motion."  And it

 8    goes on to say, "The settlement does not seek to circumvent or

 9    abrogate this Court's ability to review an estate

10    professional's conduct."  Did I read those two sentences

11    correctly?

12         A.   Is that a question?  Yes.

13         Q.   It is.

14         A.   Yes, you read them correctly.

15         Q.   Do you have an understanding as to the basis for that

16    statement or those two statements?

17              MR. MAYER:  Objection to form.

18              MR. BOLAND:  Same objection.

19              THE WITNESS:  They are as they read.

20    BY MR. CHARBONEAU:

21         Q.   I didn't catch your response.

22         A.   These statements are as they read.  I don't have a

23    separate understanding from how they read.

24         Q.   Was the potential impact on the Court's ability

25    discussed in that management meeting where the settlement
```

USTP (Seadrill) Ex. 20
Page 34 of 212

1   agreement was approved?

2        **A.     Pardon?**

3             MR. BOLAND:  Objection to form.

4   BY MR. CHARBONEAU:

5        Q.    All right.  When management had its meeting, was

6   management given advice as to whether the settlement would

7   impact the Court's ability to review an estate professional's

8   conduct?

9        **A.    I can't recall.**

10       Q.    I want to move down to paragraph 9, which is on

11  Seadrill 029.  The first -- we'll just look at the first couple

12  sentences.  It says "Seadrill's claims are independent of the

13  U.S. Trustee's Rule 60 motion claims.  Seadrill's settlement of

14  its claims does not settle the U.S. Trustee's claims."  Do you

15  see those assertions?

16       **A.    I see them.**

17       Q.    And what is the basis for them?

18            MR. MAYER:  Objection to form.

19            **THE WITNESS:  We agreed to include them just as they**

20  **are written.**

21  BY MR. CHARBONEAU:

22       Q.    You say you agreed to include them as they are

23  written.  Who wrote this then?

24       A.    We negotiated it with Jackson Walker, the (cross

25  talk), and the motion, I think, was written between our -- both

USTP (Seadrill) Ex. 20
Page 35 of 212

1    our counsels' input, our counsel.

2         Q.    I want to look down at paragraph 11.

3         **A.    Sorry.  This is our counsel's motion.**

4         Q.    Yes, correct.  And the first sentence of paragraph

5    11, I want to hone in on that for a moment.  It states,

6    "There's nothing in the settlement prohibiting the U.S. Trustee

7    from continuing to pursue its relief against JW."  Did I read

8    that correctly?

9         **A.    You did.**

10        Q.    What relief is the U.S. Trustee seeking that is

11   separate and apart from what Seadrill Limited is settling in

12   the settlement agreement?

13             MR. MAYER:  Objection, form.

14             MR. BOLAND:  Same objection.

15             **THE WITNESS:  We're seeking settlement.  Yes.**

16   BY MR. CHARBONEAU:

17        Q.    Okay.  But were you involved in authorizing

18   Seadrill's counsel to file this reply, which has been marked

19   for identification as Exhibit 2?

20        **A.    Yes.**

21        Q.    And it talks about here relief being sought by the

22   U.S. Trustee.  Do you see that?

23        **A.    Yes.**

24        Q.    And have you had the opportunity at some point prior

25   to today to review the motion and amended motions filed in the

USTP (Seadrill) Ex. 20
Page 36 of 212

1   Seadrill Partners, Seadrill Limited, and Seadrill New Finance

2   cases?

3            MR. MAYER:  Objection, form.

4            MR. BOLAND:  Objection to form.

5   BY MR. CHARBONEAU:

6       Q.   Okay.  Prior to today, have you reviewed the amended

7   motion, amended Rule 60 motion filed in the Seadrill Partners

8   case?

9       A.   I have.

10      Q.   Have you reviewed the amended motion filed in the

11  Seadrill Limited case?

12      A.   I have.

13      Q.   And do you have a basic understanding of the relief

14  the U.S. Trustee is seeking in those motions filed in the

15  Seadrill cases?

16      A.   Basic enough to word.  I'm not an expert.

17      Q.   That's fine.  I'm not looking for expert testimony

18  today, just so we're clear on that fact.  What is your basic

19  understanding of the relief being sought by the U.S. Trustee?

20      A.   As I understand it, the ultimate goal would be

21  disgorgement of Jackson Walker's fees.

22      Q.   Are you aware that the U.S. Trustee has specifically

23  asked by the Court to sanction Jackson Walker?

24      A.   Yeah.

25      Q.   Now I want to turn back to the document we marked for

USTP (Seadrill) Ex. 20
Page 37 of 212

```
 1   identification as Exhibit 1 and just take a moment to look at

 2   that proposed order that we talked about just very briefly

 3   earlier.  You'll see here Seadrill 014 and 015, and it says at

 4   the top, "Order Granting Motion for Order Approving Compromise

 5   and Settlement Pursuant to Federal Rule of Bankruptcy Procedure

 6   9019."  Do you see that?

 7        A.   I can see it, yep.

 8        Q.   And are you familiar with this order?

 9        A.   I can see it, yes.

10        Q.   Yeah, well, I mean, have you reviewed this order

11   prior to today?

12        A.   Yes.

13        Q.   Is it fair to say that the management of Seadrill

14   reviewed this order prior to today?

15             MR. MAYER:  Objection to form.

16             THE WITNESS:  I think, to the extent necessary, they

17   would.

18   BY MR. CHARBONEAU:

19        Q.   And I didn't quite 100 percent catch that.  Did you

20   say to the extent necessary they did?

21        A.   Yeah, I don't think it would be necessary for each of

22   the management team to have reviewed this order.

23        Q.   So, in connection with approving the settlement

24   agreement, which, just to be clear, starts at Seadrill 017 --

25   let me back up.
```

Office: (410) 821-4888           CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

```
 1              Did Seadrill management review this version of the

 2   settlement agreement and release signed by Mr. Strickler?

 3        A.   Yes.

 4        Q.   And the proposed order approving that agreement,

 5   which is Seadrill 014 and 015, you don't know whether

 6   Seadrill's management reviewed this order?

 7              MR. MAYER:  Objection.  Form.

 8              THE WITNESS:  I'm not sure.

 9   BY MR. CHARBONEAU:

10        Q.   Okay.  Now, we talked about the motions filed by the

11   U.S. Trustee, the Rule 60(b) motions, and it's fair to say that

12   the motions were withdrawn to the district court at some point

13   in time.  Are you familiar with that?

14        A.   Pardon?

15        Q.   The motions filed by the U.S. Trustee were brought

16   into the district court at some point in time.  Are you

17   familiar with that?

18        A.   Yes.

19        Q.   And right now, those motions, which are in Seadrill

20   Limited, Seadrill Partners, Seadrill New Finance, and roughly,

21   you know, 27 or more other entities, those cases or motions

22   have all been consolidated into Case Number 23-04787.  Isn't

23   that true?

24              MR. MAYER:  Objection to form.

25              MR. BOLAND:  Objection to form.
```

USTP (Seadrill) Ex. 20
Page 39 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 39

```
 1              THE WITNESS:  I'm not aware of the case number.

 2   BY MR. CHARBONEAU:

 3        Q.   Okay.  Well, if I represent to you today that the

 4   U.S. Trustee's motion is currently consolidated and pending in

 5   Case Number 23-04787 pending in the United States District

 6   Court for the Southern District of Texas, do you have any

 7   reason to dispute that?

 8        A.   No.

 9        Q.   And the proposed order here, which has been marked

10   for identification as Exhibit 1 and bears Bates stamp

11   Seadrill014, it's for entry in Case Number 23-04787, is it not?

12        A.   Could you repeat that?

13        Q.   This proposed motion is for entry in the same case

14   that the U.S. Trustee's motion is pending, then, correct?

15              MR. MAYER:  Objection to form.

16              MR. BOLAND:  Same objection.

17              MR. CHARBONEAU:  Okay, before you answer, what's the

18   form objection so I can correct it?

19              MR. MAYER:  Assumes facts not in evidence.  You

20   haven't said that the motion is pending in the District Court.

21   You're trying to tie it to it.  I know where you're going, but

22   you're confusing her, and she's a little nervous.  So that's

23   all.  Okay?

24              MR. CHARBONEAU:  Okay.  Well, I thought we had

25   covered that.  But maybe I didn't cover it.
```

USTP (Seadrill) Ex. 20
Page 40 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                Page 40

```
1    BY MR. CHARBONEAU:

2         Q.   Ms. Anderson, the U.S. Trustee's motions are

3    currently pending in the United States District Court for the

4    Southern District of Texas, are they not?

5         A.   Correct.

6         Q.   And do you have any reason to dispute that they are

7    pending in Case Number 23-04787?

8              MR. MAYER:  Objection to form.

9              THE WITNESS:  I don't.

10   BY MR. CHARBONEAU:

11        Q.   And this proposed order is for entry in case number

12   23-04787, right?

13        A.   Correct.

14        Q.   And do you -- let me back up.  Does Seadrill dispute

15   that the U.S. Trustee is a party in interest in Case Number 23-

16   04787?

17             MR. MAYER:  Objection, form.

18             MR. BOLAND:  Objection, form.

19             THE WITNESS:  We have no reason to.

20   BY MR. CHARBONEAU:

21        Q.   I -- you would agree that the U.S. Trustee is a

22   litigant in Case Number 23-04787, correct?

23        A.   I'm not clear.

24        Q.   So you're unclear that the U.S. Trustee has sued

25   Jackson Walker, which is now currently pending as 23-04787?
```

USTP (Seadrill) Ex. 20
Page 41 of 212

1      A.    I'm aware that the U.S. Trustee has a case pending

2  against Jackson Walker.  As I said before, I'm not clear on the

3  numerical reference to that case.

4      Q.    Okay.  So I'll represent to you again that the

5  settlement motion is filed in the same case number as the U.S.

6  Trustee's motions are pending there.  Do you have any reason to

7  dispute that?

8      A.    No.

9      Q.    And if the U.S. Trustee has sued Jackson Walker will

10  Seadrill take the position that the U.S. Trustee is not a party

11  in interest in that litigation?

12          MR. BOLAND:  Objection, form.

13          THE WITNESS:  Could you repeat the question?

14  BY MR. CHARBONEAU:

15      Q.    Okay.  I -- I'll take it a different direction.  Is

16  Seadrill Limited -- is Seadrill Limited a party in interest in

17  Case Number 23-04787.

18          MR. BOLAND:  Objection to form.

19          MR. MAYER:  Objection to form.

20          THE WITNESS:  Only to the extent that we would like

21  our settlement to be agreed to and approved.

22  BY MR. CHARBONEAU:

23      Q.    Now, that case number is the one where the U.S.

24  Trustee is suing Jackson Walker, right?

25          MR. MAYER:  Objection to form.

USTP (Seadrill) Ex. 20
Page 42 of 212

```
 1              MR. BOLAND:  Objection to form.

 2    BY MR. CHARBONEAU:

 3        Q.   Well, I'll just withdraw that.  And let's take a look

 4    at what the order says.  Here, the proposed language provides

 5    that it's ordered that "The settlement agreement and the terms

 6    and conditions thereof, including, without limitation, the

 7    mutual releases contained therein, are incorporated by

 8    reference herein and approved in their entirety, as set forth

 9    herein."  Do you see that?

10        A.   I can see it.

11        Q.   And the proposed order goes on to say that it is

12    ordered -- that this order is binding in all respects upon

13    parties in interest in this case.  Do you see that?

14        A.   I see that.

15        Q.   Now, turning back to the document we marked for

16    identification as Exhibit 1, and I'm just going to turn here to

17    Bates stamp Seadrill019, and I'll make it a little bit bigger.

18    Can you see paragraph 3 on your screen?

19        A.   I can.

20        Q.   All right.  Would you agree with me that paragraph 3

21    of the settlement agreement would be one of the provisions

22    incorporated into the order?

23              MR. MAYER:  Objection to form.

24              MR. BOLAND:  Objection to form.

25              THE WITNESS:  The terms?  Yes.
```

USTP (Seadrill) Ex. 20
Page 43 of 212

Nicole Anderson
Proceedings on 02/12/2026                                           Page 43

1   BY MR. CHARBONEAU:

2       Q.   I mean, at the end of the day, Seadrill wants to be

3   paid $485,000, right?

4       **A.   That's the settlement payment, yes.**

5       Q.   So, Seadrill would definitely want this paragraph 3

6   to be incorporated into that order, right?

7            MR. MAYER:  Objection to form.

8            MR. BOLAND:  Objection.

9            **THE WITNESS:  Yes.**

10  BY MR. CHARBONEAU:

11      Q.   Paragraph 4 provides for mutual releases, does it

12  not?

13      **A.   Yes.**

14      Q.   And paragraph 4(b), in particular, provides for

15  releases in favor of the Seadrill entities, right?

16      **A.   That's correct.**

17      Q.   Is paragraph 4 incorporated into that final order?

18           MR. BOLAND:  Objection to form.

19  BY MR. CHARBONEAU:

20      Q.   I'm sorry.  Do you have any reason to dispute that

21  paragraph 4 would be incorporated into the proposed order by

22  its language?

23           MR. MAYER:  Objection to form.

24           MR. BOLAND:  Same objection.

25           **THE WITNESS:  No.  If all the terms are incorporated,**

USTP (Seadrill) Ex. 20
Page 44 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

1   then each clause will be.

2   BY MR. CHARBONEAU:

3       Q.    And it sounds like you would also agree, then, that

4   paragraph 2 would be incorporated, correct?

5             MR. MAYER:  Objection, form.

6             MR. BOLAND:  Same objection.

7             HE WITNESS:  If it states that all the terms of the

8   settlement agreement are incorporated, then all the terms would

9   be incorporated.  I would agree.

10  BY MR. CHARBONEAU:

11      Q.    When we looked at that on Seadrill014 carrying over

12  to 015, where it says that the terms and conditions of the

13  settlement agreement are incorporated by reference into the

14  order, isn't that where we looked at that?

15      A.    Yes.

16      Q.    And we also looked at the provision where it said

17  that the order is binding in all respects upon all parties in

18  interest in this case, correct?

19      A.    Correct.  Does Seadrill then dispute that if the

20  settlement is approved and that settlement, that proposed order

21  is entered, that the approval order makes clear that this

22  agreement adequately sanctions JW for any alleged violations of

23  any law, rule, procedure, or statute?

24            MR. MAYER:  Objection to form.

25            MR. BOLAND:  Same objection.

USTP (Seadrill) Ex. 20
Page 45 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 45

```
 1              THE WITNESS:  Are you asking does Seadrill feel that

 2    way?

 3    BY MR. CHARBONEAU:

 4        Q.    Let's start there.

 5        A.    Yeah.  Seadrill agreed to this on a negotiated basis.

 6    Yes.

 7              COURT REPORTER:  Could the witness please repeat her

 8    answer.

 9              MR. CHARBONEAU:  I think she said Seadrill agreed to

10    this on a negotiated basis, yes.

11    BY MR. CHARBONEAU:

12        Q.    Ms. Anderson, is that what you said?

13        A.    Yes.  That's correct.

14        Q.    Did Jackson Walker's representatives make

15    representations to Seadrill regarding the effect that the

16    settlement would have on the Rule 60 motions in the Seadrill

17    cases?

18              MR. BOLAND:  Objection to form.

19              MR. MAYER:  Objection to form.

20              MR. CHARBONEAU:  All right, before you answer, Mr.

21    Mayer, what's the objection?

22              MR. MAYER:  I don't know if that would have covered

23    anything that was discussed during mediation, and so,

24    therefore, there might be a mediation privilege.

25              MR. CHARBONEAU:  Okay.  So the simple question, which
```

USTP (Seadrill) Ex. 20
Page 46 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                          Page 46

1    I'm going to ask the court reporter to read back, I don't think

2    could possibly touch upon mediation privilege.  Court Reporter,

3    if you could please read back my question.

4              COURT REPORTER:  "Did Jackson Walker's

5    representatives make representations to Seadrill regarding the

6    effect that the settlement would have on the Rule 60 motions

7    and the Seadrill cases?"

8              MR. BOLAND:  Same objection.

9              MR. MAYER:  (Indiscernible) need to make it.

10             **THE WITNESS:  I can't recall.**

11   BY MR. CHARBONEAU:

12        Q.   Were you aware that Seadrill's counsel attended a

13   hearing on December 9, 2025, before Judge Rodriguez?  I should

14   say, I'm sorry, Chief Judge Rodriguez.

15        **A.   Yes.  Yes.**

16             MR. CHARBONEAU:  Okay.  Thank you.  I'm going to ask

17   the court reporter to mark for identification as Exhibit 3,

18   Seadrill337 through and including 344.

19                            (Whereupon, Exhibit 3 was marked for

20                             identification.)

21   BY MR. CHARBONEAU:

22        Q.   I'm showing you, Ms. Anderson, a partial transcript

23   of that hearing.  You'll see here, it says it was held December

24   9, 2025.  Do you see that?

25        **A.   I can.**

USTP (Seadrill) Ex. 20
Page 47 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889      2201 Old Court Road, Baltimore MD 21208      www.crcsalomon.com

1      Q.   Okay.  And I'm just going to ask you about a couple

2   things.  Here it says, it identifies who's speaking -- Mr.

3   Boland.  Do you know who Jason Boland is, Ms. Anderson?

4      **A.   I can see his name on the screen.**

5      Q.   Okay.  Do you understand Mr. Boland represents

6   Jackson Walker in the litigation?

7      **A.   I do.**

8      Q.   And Mr. Boland at the hearing, picking up at Line 3

9   through 15 here, Mr. Boland said, "But from our perspective,

10  Your Honor, we've settled with the estates.  If we offer to pay

11  50 back, that's the amount that would -- they would be owed,

12  and they would release the ability to recover 51 back.  The

13  U.S. Trustee, Your Honor, if they're seeking nonmonetary

14  sanctions, we have an argument about whether that's

15  appropriately teed up or not.  That's -- they could pursue

16  nonmonetary relief.  But from a monetary standpoint, Your

17  Honor, we believe we've settled with the party in interest that

18  has standing, that owns the client, that owns the right to

19  receive the monies.  And so from our -- from Jackson Walker's

20  perspective, that issue would be settled on the monetary

21  perspective."  Do you see that testimony, Ms. Anderson?

22              MR. MAYER:  Objection.

23              MR. BOLAND:  Objection, form.

24  BY MR. CHARBONEAU:

25      Q.   Okay.  Did I read that portion of the transcript

USTP (Seadrill) Ex. 20
Page 48 of 212

1    correctly, Ms. Anderson?

**2**         **A.   You did.**

3         Q.   And were you aware that Mr. Boland made these

4    statements on December 9th?

**5**         **A.   I was not.**

6         Q.   Carrying on, picking up here at Line 16, the Court,

7    so Chief Judge Rodriguez said, "So then the U.S. Trustee's Real

8    60 disgorgement would go away, and your -- at least from your

9    position, your client's position."  Did I read that correctly

10   so far?

**11**        **A.   Yes.**

12        Q.   And Mr. Boland responded, "Your Honor, our position

13   would be that their disgorgement action, which we don't think

14   they have standing to even seek anyway, would be settled by

15   these settlement agreements.  That's our position, Judge."  Do

16   you see that?

**17**        **A.   I can see that.**

18        Q.   Now, at any point in time prior to today, has a

19   representative of Jackson Walker expressed a different position

20   on this issue to Seadrill?

21             MR. MAYER:  Objection to form.

22             MR. BOLAND:  Same objection.

**23**             **THE WITNESS:  Not that I recall.**

24   BY MR. CHARBONEAU:

25        Q.   To the best of your knowledge, had Jackson Walker

USTP (Seadrill) Ex. 20
Page 49 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                Page 49

```
 1   communicated a different intention, would that have been

 2   something you would have alerted management to it in your memo,

 3   which preceded the approval of the settlement?

 4              MR. MAYER:  Objection, form.

 5              MR. BOLAND:  Same objection.

 6              THE WITNESS:  Could you rephrase, please?

 7   BY MR. CHARBONEAU:

 8       Q.   If you had known that Jackson Walker's position was

 9   as stated by Mr. Boland in this transcript, which we've looked

10   at, would you have included that in your memo to Seadrill's

11   management, which they reviewed to approve the settlement

12   agreement?

13              MR. MAYER:  Objection, form.

14              MR. BOLAND:  Same objection.

15              THE WITNESS:  Could you repeat the question?

16              MR. CHARBONEAU:  Madam Court Reporter, could you read

17   it back?

18              COURT REPORTER:  This is the court reporter speaking.

19   "If you had known that Jackson Walker's position was as stated

20   by Mr. Boland in this transcript, which we've looked at, would

21   you have included that in your memo to Seadrill's management,

22   which they reviewed to approve the settlement agreement?"

23              MR. MAYER:  Renew objection.

24              MR. BOLAND:  Same objection.

25              THE WITNESS:  No.
```

USTP (Seadrill) Ex. 20
Page 50 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                   Page 50

```
 1   BY MR. CHARBONEAU:

 2        Q.    Why wouldn't you have advised management of such

 3   position?

 4        A.    It's not relevant to Seadrill's position.

 5        Q.    But Seadrill is taking and advocating the position

 6   before the Bankruptcy Court that the settlement will not affect

 7   the U.S. Trustee's litigation.  Isn't that true?

 8             MR. MAYER:  Objection, form.

 9             MR. BOLAND:  Objection, form.

10             THE WITNESS:  That's true, yes.

11             MR. CHARBONEAU:  Let me ask the court reporter to

12   mark for identification as Exhibit 4 Seadrill370 through and

13   including 375.

14                          (Whereupon, Exhibit 4 was marked for

15                           identification.)

16   BY MR. CHARBONEAU:

17        Q.    I'm showing you a document filed on behalf of Jackson

18   Walker.  You'll see Seadrill370 on the first page, 375 on the

19   last page.  You can see it's signed by Mr. Boland, dated

20   December 16, 2025.  Do you see that so far, Ms. Anderson?

21        A.    I can see it.

22        Q.    Did you review this document before today?

23        A.    Yeah.  At some point.

24        Q.    And when you reviewed it, did you review footnote

25   four where it states, "Jackson Walker reserves all rights to
```

USTP (Seadrill) Ex. 20
Page 51 of 212

1  argue that the settlement motions, if approved, would impact a

2  settling estate's ability to receive amounts in excess of the

3  settled amount in light of the release provision set forth in

4  each settlement agreement"?

5      **A.   I can't recall if I had read footnote four in**

6  **December 2025.**

7      Q.   If the Court were ultimately to order Jackson Walker

8  to return more than $485,000 in allowed fees back to Seadrill,

9  would Seadrill take the position it could accept the fees?

10         MR. MAYER:  Objection, form.

11         MR. BOLAND:  Objection to form.

12         **THE WITNESS:  Sorry.  Could you repeat that?**

13  BY MR. CHARBONEAU:

14      Q.   Well, let's take a look back at the document marked

15  for identification as Exhibit 3, and turning down to

16  Seadrill334, looking at Lines 3 through 6, which I've

17  highlighted.  If you'll take a moment, Ms. Anderson, and just

18  read that again, that highlighted portion, which starts with

19  "but from our perspective" and ends with "the ability to

20  recover 51 back," and just let me know when you've had a chance

21  to digest that.

22      **A.   Yes, I've read that.  Thank you.**

23      Q.   Okay.  Do you understand Mr. Boland's hypothetical?

24      **A.   I do.**

25         MR. BOLAND:  Objection to form.

USTP (Seadrill) Ex. 20
Page 52 of 212

```
 1              MR. CHARBONEAU:  All right.  So I'm going to move to

 2   strike that objection.  It was after the witness's answer.

 3              MR. BOLAND:  Same objection.

 4   BY MR. CHARBONEAU:

 5       Q.   Okay.  The hypothetical there, is that Seadrill's

 6   understanding of this settlement agreement?

 7              MR. MAYER:  Objection, form.

 8              MR. BOLAND:  Same objection.

 9              THE WITNESS:  If you could rephrase your question.

10   BY MR. CHARBONEAU:

11       Q.   Sure.  Does Seadrill have the same understanding of

12   the impact of the settlement agreement as set forth by Mr.

13   Boland in his hypothetical to the Court?

14              MR. MAYER:  Objection, form.

15              MR. BOLAND:  Same objection.

16              THE WITNESS:  Could you rephrase, please?

17   BY MR. CHARBONEAU:

18       Q.   What does Seadrill think will happen if the Court

19   orders Jackson Walker to pay back more than $485,000 that

20   Jackson Walker was paid in the Seadrill cases?

21              MR. MAYER:  Objection to form.

22              MR. BOLAND:  Objection to form.

23              THE WITNESS:  If the settlement is approved?

24   BY MR. CHARBONEAU:

25       Q.   Correct.
```

USTP (Seadrill) Ex. 20
Page 53 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 53

1        A.    Nothing.

2        Q.    All right.  Nothing.  What do you mean by nothing?

3        A.    So, you could -- if you could rephrase your question,

4    please.

5        Q.    What did you mean when you said nothing?

6        A.    I was -- so your question is -- your complete

7    question was what do we think would happen if our settlement

8    was approved and Jackson Walker had paid the 485,000 to

9    Seadrill?

10       Q.    Okay.  Let's start there.  Yes, let's assume that

11   that has happened, and then the Court orders Jackson Walker to

12   pay an additional $200,000.  What happens?

13            MR. MAYER:  Objection form.

14            MR. BOLAND:  Objection, form.

15            THE WITNESS:  If the Court ordered Jackson Walker to

16   pay to Seadrill?

17   BY MR. CHARBONEAU:

18       Q.    Yeah.

19            MR. MAYER:  Objection, form.

20            MR. BOLAND:  Same objection.

21            THE WITNESS:  Is that the question?

22   BY MR. CHARBONEAU:

23       Q.    Yes.

24       A.    Your question is -- sorry, I didn't understand the

25   full question.  Or is there a full question?

USTP (Seadrill) Ex. 20
Page 54 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 54

1      Q.    All right.  We'll start all over again.  I just want

2  to talk about a hypothetical situation here.  We're going to

3  start with the Court approves the settlement agreement and

4  enters the proposed order as they are both currently drafted.

5  Do you understand the hypothetical setup so far?

6      **A.    Understood.**

7      Q.    Okay.  The U.S. Trustee goes to trial on the Rule 60

8  motions after the approval of the settlement motion.  We still

9  on the same page with the hypothetical?

10     **A.    We are now, yeah.**

11     Q.    Seadrill has been paid $485,000 under the settlement

12  agreement.  Still -- we still on the same page?

13     **A.    Yep.**

14     Q.    And the Court, as a result of the Rule 60 litigation,

15  sanctions Jackson Walker by ordering it to pay Seadrill another

16  $200,000.  We still on the same page with the hypothetical?

17     **A.    Yep.**

18     Q.    Now, before I ask you the $64,000 question, Mr.

19  Boland tells the Court that Seadrill is not getting a penny

20  more.  Do you disagree?

21         MR. BOLAND:  Objection to form.

22         MR. MAYER:  Objection to form.

23         **THE WITNESS:  If the Court ordered Seadrill, and**

24  **Seadrill was to receive money, Seadrill would accept money, if**

25  **that is your question.**

USTP (Seadrill) Ex. 20
Page 55 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889      2201 Old Court Road, Baltimore MD 21208      www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 55

```
 1   BY MR. CHARBONEAU:

 2       Q.   So Seadrill's position is that if the Court orders

 3   money --

 4       A.   And it's (cross talk) --

 5       Q.   -- in addition to $485,000, that Seadrill would

 6   accept the money?

 7            MR. BOLAND:  Objection to form.

 8            MR. MAYER:  Objection to form.

 9   BY MR. CHARBONEAU:

10       Q.   Did you hear my question, Ms. Anderson?

11       A.   No.  Could you repeat the question, please?

12       Q.   Yeah, I was afraid they had spoken over me.  So

13   Seadrill's position is if the Court orders, as a sanction, for

14   Jackson Walker to pay money above and beyond the 485,000 in the

15   settlement agreement, that Seadrill would accept the money?

16            MR. MAYER:  Objection to form.

17            MR. BOLAND:  Objection.

18            THE WITNESS:  In the hypothetical situation that you

19   explained, yeah, if -- Seadrill would accept money, yes.

20   BY MR. CHARBONEAU:

21       Q.   I want to turn back to the document we marked for

22   identification as Exhibit 2.  Oops, went a little too far.  So

23   we're back on the document marked for identification as Exhibit

24   2, which started at Seadrill026.  Give me one second.  I lost

25   my place.
```

USTP (Seadrill) Ex. 20
Page 56 of 212

1          All right.  So I want to turn your attention to

2    paragraph 3, which is on Seadrill027.  Paragraph 3 states

3    "Seadrill requested that the U.S. Trustee provide language to

4    insert in the 9019 motion's proposed order to preserve whatever

5    claims and/or rights the U.S. Trustee may have related to its

6    Rule 60 motion."  Did I read that correctly?

7          **A.   Yes.**

8          Q.   And is that your understanding that Seadrill had

9    requested language from the U.S. Trustee?

10         **A.   Yes.**

11         Q.   Are you aware that the U.S. Trustee has filed with

12   the Court a document which sets forth language that would

13   resolve the U.S. Trustee's objection?

14              MR. MAYER:  Objection form.

15              THE WITNESS:  **I'd have to defer to counsel on court**

16   **filings.**

17              MR. CHARBONEAU:  I'm going to ask the Court Reporter

18   to mark for identification as Exhibit 5, Seadrill376 through

19   and including 379.

20                          (Whereupon, Exhibit 5 was marked for

21                           identification.)

22   BY MR. CHARBONEAU:

23         Q.   I'm showing you a document we've marked for

24   identification as Exhibit 5, you see Seadrill376?  And it

25   states that "U.S. Trustee's Notice of Proposed Agenda."  I'm

USTP (Seadrill) Ex. 20
Page 57 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 57

 1   going to move to the third page.  And at the top of the third

 2   page I've highlighted language which says, "notwithstanding any

 3   contrary provision to this order or settlement agreement," and

 4   then it has number one and number two.  Do you see that

 5   language?

 6          **A.   I can.**

 7          Q.   Have you reviewed this prior to today?

 8          **A.   Not that I'm aware of.  I'm sure counsel have.**

 9          Q.   Do you know whether Seadrill has opposition to the

10   inclusion of this language in an order approving the

11   settlement?

12               MR. MAYER:  Objection to form.

13               MR. BOLAND:  Same objection.

14          **THE WITNESS:  We would have to consider with counsel.**

15   BY MR. CHARBONEAU:

16          Q.   Do you know if it has been considered with counsel?

17          **A.   Certainly not before the settlement was signed.  This**

18   **looks like it was dated when?  January this year?**

19          Q.   Right.  And do you know if Seadrill has had any

20   communication with representatives of Jackson Walker regarding

21   this language that we're looking at?

22          **A.   I'm not aware.**

23          Q.   Do you know if Seadrill has had any communications

24   with representatives of Jackson Walker regarding potential

25   modifications of the settlement agreement?

USTP (Seadrill) Ex. 20
Page 58 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                     Page 58

1        A.    I believe, counsel to counsel.  Yes.

2        Q.    And what are those discussions about?

3        A.    That's between counsel.  That's between counsel.

4        Q.    That's correct.  Between other counsel, not Seadrill

5   and its counsel.  So tell me, what has been discussed regarding

6   modification of the settlement agreement?

7        A.    Yeah, but my discussion would be with my counsel, so

8   --

9        Q.    I'm asking you about your counsel's discussion with

10  Jackson Walker's counsel.

11       A.    I'm not privy.  I'm not conferred in the

12  communications.  We've discussed that there was language

13  proposed.  It was in discussion.  That's where we're at.

14       Q.    Do you know if Seadrill has had any communications

15  with representatives of Jackson Walker regarding proposed

16  modifications to that proposed order approving the settlement?

17            MR. MAYER:  Objection to form.

18            THE WITNESS:  Not that I'm aware, no.

19  BY MR. CHARBONEAU:

20       Q.    Are you aware that one of the issues before the Court

21  next month is whether an alternative exists that would best

22  serve the interests of the affected parties while preserving

23  the merits of the vacatur motion?

24       A.    Sorry.  Could you repeat that?

25       Q.    Are you aware that one of the issues before the Court

USTP (Seadrill) Ex. 20
Page 59 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889    2201 Old Court Road, Baltimore MD 21208    www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 59

```
 1   when the settlement motion will be heard -- at that time, are

 2   you aware that one of the issues the Court is to consider is

 3   whether an alternative exists --

 4        A.   Yeah.

 5        Q.   -- that would best serve the interests of the

 6   affected parties while preserving the merits of the vacatur

 7   motions?

 8        A.   Yes.

 9        Q.   Has Seadrill proposed any alternative to Jackson

10   Walker?

11        A.   No.

12        Q.   Has Seadrill's management, prior to today, discussed

13   any possible alternatives to propose to the U.S. Trustee?

14        A.   No.

15        Q.   The language that the U.S. Trustee has proposed,

16   which is at Seadrill378, do you recognize that as an

17   alternative proposed by the U.S. Trustee?

18             MR. MAYER:  Objection to form.

19             MR. BOLAND:  Objection.

20             THE WITNESS:  You've presented it to me as one, yes.

21   BY MR. CHARBONEAU:

22        Q.   Now, I want to turn back to the settlement agreement

23   again.  We've marked it for identification as Exhibit 1, so I

24   have a couple quick questions for you -- at least I hope

25   they're quick.  The paragraph 6 to the motion, if you'll just
```

USTP (Seadrill) Ex. 20
Page 60 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 60

```
 1   take a second and refresh your recollection regarding that

 2   provision and let me know when you've had a second to look at

 3   it.

 4            MR. MAYER:  Can you increase the size of that, Mr.

 5   Charboneau?

 6            MR. CHARBONEAU:  Yes, sir.

 7            MR. MAYER:  My eyes are not what they used to be.

 8   Thank you.

 9            MR. CHARBONEAU:  I understand completely.

10   BY MR. CHARBONEAU:

11      Q.   Do you know who proposed the inclusion of this

12   language?

13            MR. MAYER:  Objection, form.

14            MR. BOLAND:  Same objection.

15            THE WITNESS:  Can you rephrase the question?

16   BY MR. CHARBONEAU:

17      Q.   Did Jackson Walker require the language in paragraph

18   6 be included in the settlement agreement?

19            MR. MAYER:  Objection, form.

20            MR. BOLAND:  Objection, form.

21            THE WITNESS:  Can you rephrase, please?

22   BY MR. CHARBONEAU:

23      Q.   When's the first time you saw paragraph 6?

24      A.   I can't recall exactly.  Exactly as it's written, I'm

25   not sure.
```

USTP (Seadrill) Ex. 20
Page 61 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 61

1        Q.    Now, earlier, you had indicated that Jackson Walker

2    had a hand in drafting the settlement agreement, did you not?

3        **A.    As did Seadrill.**

4        Q.    Correct.  Who did the first draft of the agreement?

5              MR. MAYER:  Objection to form.

6              MR. BOLAND:  Same objection.

7              **THE WITNESS:  I can't recall.**

8    BY MR. CHARBONEAU:

9        Q.    Do you have any recollection whether Jackson Walker's

10   attorney drafted paragraph 6 or Seadrill's attorneys?

11             MR. BOLAND:  Objection.  Form.

12             MR. MAYER:  Objection.  Form.

13             **THE WITNESS:  I don't remember for this particular**

14   **paragraph.**

15   BY MR. CHARBONEAU:

16       Q.    I'm going to flip back to the document we've marked

17   for identification as Exhibit 5.  Again, it picks up at

18   Seadrill376.  I'm going to move back to that third page,

19   Seadrill378.  And we're looking again at the alternative

20   language proposed by the U.S. Trustee.  Can you see it on your

21   screen?

22       **A.    We can see it.**

23       Q.    Okay.  Now, if the bankruptcy court recommends not

24   approving the settlement unless the order makes clear that the

25   Court may order Jackson Walker to return all fees and expenses

USTP (Seadrill) Ex. 20
Page 62 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Page 62

1   paid, as allowed by the final fee orders entered in the

2   Seadrill cases -- are you with me so far on the hypothetical?

3            MR. MAYER:  Objection to form.

4            MR. BOLAND:  Same objection.

5   BY MR. CHARBONEAU:

6       Q.   Are we on the same page, or do I need to start the

7   hypothetical over again?

8       A.   **If you could start again.**

9       Q.   Okay.

10      A.   **Rephrase.**

11      Q.   Do you understand that the bankruptcy court is going

12  to conduct the trial of the Rule 60 motion that the U.S.

13  Trustee filed?

14      A.   **Yes.**

15      Q.   And the bankruptcy court is going to write a report

16  and recommendation to the district court.  Do you understand

17  that?

18      A.   **Yes.**

19      Q.   So if the bankruptcy court recommends to the district

20  court that the settlement not be approved unless the order

21  makes clear that Jackson Walker can be ordered to return all

22  the fees and expenses it was paid pursuant to fee orders

23  entered in the Seadrill cases -- all right, so now, are you

24  still with me in the hypothetical?

25      A.   **Yep.**

USTP (Seadrill) Ex. 20
Page 63 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 63

```
1        Q.   Okay.  All right, so in that situation, do you have

2    an understanding as to whether Seadrill would object to that

3    report and recommendation?

4            MR. MAYER:  Objection to form.

5            MR. BOLAND:  Same objection.

6            THE WITNESS:  So if I check -- you're asking whether

7    Seadrill would submit an objection to the Court?

8    BY MR. CHARBONEAU:

9        Q.   Correct.  Would Seadrill -- is it - do you have an

10   understanding whether Seadrill would take the position that it

11   would object if Judge Rodriguez recommended to the district

12   court, do not approve the settlement unless the settlement made

13   clear that Jackson Walker could be ordered to return all fees

14   and expenses?

15           MR. MAYER:  Objection to form.

16           MR. BOLAND:  Same objection.

17           THE WITNESS:  Could you rephrase?

18           MR. CHARBONEAU:  Court Reporter, could you please

19   read it back?

20           COURT REPORTER:  "Do you have an understanding

21   whether Seadrill would take the position that it would object

22   if Judge Rodriguez recommended to the district court, do not

23   approve the settlement unless the settlement made clear that

24   Jackson Walker could be ordered to return all fees and

25   expenses?"
```

USTP (Seadrill) Ex. 20
Page 64 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

1              MR. MAYER:  Same objection.

2              MR. BOLAND:  Same objection.

3              **THE WITNESS:  Are you able to rephrase?**

4    BY MR. CHARBONEAU:

5        Q.    Is Seadrill opposed to receiving more money than

6    $475,000?

7              MR. BOLAND:  Objection, form.

8              MR. MAYER:  Objection, form.

9              **THE WITNESS:  The settlement is for 485,000.**

10   BY MR. CHARBONEAU:

11       Q.    I agree with you.  And if Judge Rodriguez recommends

12   to Judge Moses to deny approval of the settlement unless the

13   district court order makes clear that Jackson Walker can be

14   ordered to pay more than $485,000, do you have an understanding

15   as to whether Seadrill would be opposed to that?

16             MR. MAYER:  Objection form.

17             MR. BOLAND:  Same objection.

18             **THE WITNESS:  That's something we would consider at**

19   **the time.**

20   BY MR. CHARBONEAU:

21       Q.    When Seadrill entered into the settlement agreement,

22   management was aware that the agreement contained a

23   severability provision, correct?

24             MR. MAYER:  Objection, form.

25             **THE WITNESS:  Management read the settlement**

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

1    agreement.

2    BY MR. CHARBONEAU:

3         Q.   Management then knew there was a severability

4    provision, correct?

5              MR. MAYER:  Objection, form.

6              MR. CHARBONEAU:  What's the form objection, just so I

7    can address it?

8              MR. MAYER:  This document speaks for herself.  She

9    said they read it.

10             MR. CHARBONEAU:  Right.  Well that (cross talk) --

11             MR. MAYER:  -- presented it (cross talk).

12   BY MR. CHARBONEAU:

13        Q.   Okay.  So your understanding is that management was

14   aware of the severability provision, correct?

15        A.   They read the entire agreement.  Yes.

16        Q.   All right.  If the bankruptcy court recommends

17   denying approval of the settlement unless the order approving

18   the settlement provides that any terms and conditions in the

19   settlement agreement that might limit the Court's authority to

20   grant the relief sought in the Rule 60 motions are void, would

21   Seadrill demand Jackson Walker make payment under the

22   agreement?

23             MR. MAYER:  Objection form.

24             MR. BOLAND:  Same objection.

25             THE WITNESS:  We would consider our options at the

USTP (Seadrill) Ex. 20
Page 66 of 212

1    time.  I can't consider Seadrill's decision on a hypothetical.

2    It would go to management.

3    BY MR. CHARBONEAU:

4        Q.   Based on your participation in discussions with

5    management, is management opposed to receipt of more than

6    $485,000 from Jackson Walker?

7            MR. MAYER:  Objection form.

8            MR. BOLAND:  Same objection.

9            THE WITNESS:  No.

10   BY MR. CHARBONEAU:

11       Q.   I want to move back to the document marked for

12   identification as Exhibit 1.  I just want to take a look at

13   that severability provision.  I'm going to focus on paragraph

14   19 at Seadrill024.  And the provision states, "Should any

15   clause, paragraph, or part of this Agreement be held or

16   declared by a court of competent jurisdiction to be void or

17   illegal for any cause, all other clauses, paragraphs, or parts

18   of this Agreement, which can be performed or effective without

19   such illegal clause, paragraph, or part shall nevertheless

20   remain in full force and effect."  Did I read that correctly?

21           MR. MAYER:  Objection form.

22           MR. BOLAND:  Same objection.

23   BY MR. CHARBONEAU:

24       Q.   Do you see the language I point your attention to?

25       A.   I do.

USTP (Seadrill) Ex. 20
Page 67 of 212

1      Q.    And if the Court determines that there are clauses in

2    this settlement agreement that are void because they limit the

3    court's authority to grant relief, would Seadrill still expect

4    Jackson Walker to perform under the agreement and pay it at

5    485,000?

6            MR. MAYER:  Objection form.

7            MR. BOLAND:  Same objection.

8            **THE WITNESS:  Can you rephrase, please?**

9    BY MR. CHARBONEAU:

10     Q.    The Court says the provisions in the agreement which

11   prevent me from ordering Jackson Walker from paying more than

12   $485,000 are void.  I have full authority to order Jackson

13   Walker to repay all allowed fees in the Seadrill cases, and

14   anything that says otherwise is void.  Is it Seadrill's

15   position in that hypothetical that, hey, Jackson Walker, you

16   owe me $485,000 because the agreement can still be performed,

17   and you got to pay me right now?

18           MR. MAYER:  Objection.  Form.

19           MR. BOLAND:  Same objection.

20           **THE WITNESS:  Could you rephrase, please?**

21   BY MR. CHARBONEAU:

22     Q.    Does Jackson Walker get to skate out on this

23   agreement if the Court says that the provisions that would

24   limit its authority to require Jackson Walker to return more

25   than $485,000 are void?

USTP (Seadrill) Ex. 20
Page 68 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 68

```
 1              MR. MAYER:  Objection, form.

 2              MR. BOLAND:  Same objection.

 3          THE WITNESS:  I'm still not clear.  Could you

 4   rephrase?

 5   BY MR. CHARBONEAU:

 6      Q.   Can Jackson Walker walk away from this settlement

 7   agreement if the Court determines that any provisions in the

 8   agreement which restrict its ability to require Jackson Walker

 9   to return more than $485,000, that those provisions are void?

10              MR. MAYER:  Objection, form.

11              MR. BOLAND:  Same objection.

12          THE WITNESS:  Sorry.  Can you rephrase?

13              MR. CHARBONEAU:  Can you please read back that last

14   question, Ms. Cantando?

15              COURT REPORTER:  "Can Jackson Walker walk away from

16   this settlement agreement if the Court determines that any

17   provisions in the agreement which restrict its ability to

18   require Jackson Walker to return more than $485,000, that those

19   provisions are void?"

20              MR. BOLAND:  Same objection.

21              MR. MAYER:  Same objection.

22          THE WITNESS:  Are you able to rephrase the question?

23   BY MR. CHARBONEAU:

24      Q.   What part of the question do you need help

25   understanding so that I can rephrase it?  So if you'll tell me
```

USTP (Seadrill) Ex. 20
Page 69 of 212

1    what you're having trouble understanding.

2        **A.    When you're saying walk the -- "walk out" or "walk**

3    **away" or the Court might, what are you getting at if I'm to**

4    **decide?  Can you make it clear what I should --**

5        Q.    Sure.  I -- thank you for that.  Will you agree that,

6    subject to the Court, you know, approving this because the

7    Court may or may not, okay?  So let me just start again.

8            This agreement is a contract between Seadrill and

9    Jackson Walker, is it not?

10           MR. MAYER:  Objection, form.

11           MR. BOLAND:  Same objection.

12           **THE WITNESS:  It is, yes.**

13   BY MR. CHARBONEAU:

14       Q.    Okay.  It's a document that gives Seadrill the right

15   to $485,000, is it not?

16           MR. MAYER:  Objection, form.

17           MR. BOLAND:  Same objection.

18   BY MR. CHARBONEAU:

19       Q.    Yes or no?

20       **A.    Sorry.  What was the question?**

21           MR. CHARBONEAU:  Can you read it back, please, Ms.

22   Court Reporter?

23           COURT REPORTER:  "That gives Seadrill the right to

24   $485,000, is it not?"

25           MR. MAYER:  Renew objection.

USTP (Seadrill) Ex. 20
Page 70 of 212

```
 1              MR. BOLAND:  Same objection.

 2              THE WITNESS:  Your question's unclear.

 3  BY MR. CHARBONEAU:

 4       Q.    Okay.  Do you have an understanding as to whether

 5  this document is giving Seadrill a right to $485,000?

 6              MR. MAYER:  Objection to form.

 7              MR. BOLAND:  Same objection.

 8  BY MR. CHARBONEAU:

 9       Q.    Let me start over again.  This document, the

10  settlement agreement, does Seadrill have rights under it?

11       A.    Once it's approved.

12       Q.    Okay.  And does Seadrill have rights to require

13  Jackson Walker to perform under this agreement if it's

14  approved?

15       A.    Yes.

16       Q.    And if it's approved, but the Court says, pursuant to

17  paragraph 19 that the provision in the agreement which limit

18  its authority to order Jackson Walker to repay more than

19  $485,000, that those provisions are void, does Seadrill not

20  expect to still be paid?

21              MR. MAYER:  Objection.  Form.

22              MR. BOLAND:  Objection.  Form.

23              THE WITNESS:  Could you rephrase, please.

24  BY MR. CHARBONEAU:

25       Q.    I can't.  Just please do your best to answer the
```

USTP (Seadrill) Ex. 20
Page 71 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 71

1    question as you understood it, and if there's parts that you

2    think need clarification, tell me what you want to clarify

3    about it.

4        **A.    My answer would be potentially.  It's an if.**

5            MR. CHARBONEAU:  All right.  We've been going for

6    about two hours.  Let's take a 10-minute break and get

7    ourselves something to drink and a restroom break, and let's

8    reconvene at 5:12.

9            MR. MAYER:  Can we do 5:15?

10           MR. CHARBONEAU:  Yes.  5:15 is fine.  Court Reporter,

11   if you would please take us off the record.  I'm going to close

12   this video and audio for a moment.

13           COURT REPORTER:  Yes.  The time is 4:02 p.m. Central

14   Standard Time, and we are off the record.

15           (Whereupon, a recess occurred.)

16           COURT REPORTER:  I'll take us back on the record.

17   The time is 4:14 p.m. Central Standard Time, and we are back on

18   the record.

19                    EXAMINATION (CONT'D)

20   BY MR. CHARBONEAU:

21       Q.   Hi, Ms. Anderson.  You realize you are still under

22   oath?

23       **A.    I do.**

24       Q.   I'm hoping to short-circuit some of the areas of

25   inquiry I have.  I hate to ask you to repeat testimony you gave

USTP (Seadrill) Ex. 20
Page 72 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 72

```
 1  previously, but I just can't remember it at this point.  Can
 2  you tell me again what the memo that you drafted to management
 3  regarding the settlement agreement, what that memo advised the
 4  management of again?
 5       A.   Other --
 6            MR. MAYER:  Objection to form.  And then again, to
 7  the extent it contained legal recommendations, don't include
 8  the legal recommendations.
 9            THE WITNESS:  So, other than the advice of our
10  counsel and other than legal recommendations, we discussed the
11  length of time litigation would take and the cost, the terms of
12  the settlement, and the amount of the settlement.
13  BY MR. CHARBONEAU:
14       Q.   Okay.  Now, when you said there was discussion of the
15  amount of the settlement, did that memo compare the settlement
16  amount to the potential trial recovery?
17            MR. MAYER:  Objection, form.
18            THE WITNESS:  It set out the settlement amount versus
19  the full amount paid to Jackson Walker, yes.
20  BY MR. CHARBONEAU:
21       Q.   Okay.  And the full amount paid would be roughly
22  $890,000.  Is that your understanding?
23            MR. MAYER:  Objection, form.
24            THE WITNESS:  I don't know the exact amount, but it's
25  thereabouts.  Yes.
```

USTP (Seadrill) Ex. 20
Page 73 of 212

 1  BY MR. CHARBONEAU:

 2      Q.   Okay.  And when we talk about that amount, I've got

 3  written down that the allowed fees in Seadrill Partners' case

 4  was $288,502.05.  So that was allowed fees and expenses.  Do

 5  you have any reason to dispute that?

 6      **A.   No.**

 7      Q.   And I've got written down that the allowed fees and

 8  expenses in Seadrill Limited's case were $603,365.05.  Do you

 9  have any reason to dispute that?

10          MR. MAYER:  Objection, form.

11  BY MR. CHARBONEAU:

12      Q.   All right.  I'll withdraw that.  We'll just walk

13  through the orders.  I've had the court reporter mark for

14  identification as Exhibit 6, Seadrill224.

15                          (Whereupon, Exhibit 6 was marked for

16                          identification.)

17  BY MR. CHARBONEAU:

18      Q.   All right.  Ms. Anderson, have you seen this document

19  before?

20          MR. MAYER:  There's nothing being displayed, Mr.

21  Charboneau.

22  BY MR. CHARBONEAU:

23      Q.   Ah, well, then you have not seen this document

24  before.  All right.  Take two.  You'll see Seadrill224 on the

25  bottom left.  Have you seen this document before, Ms. Anderson?

USTP (Seadrill) Ex. 20
Page 74 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                Page 74

1        **A.   I can't recall.**

2        Q.   Do you have any reason to dispute this is an order

3    entered by the bankruptcy court allowing interim compensation

4    in the amount of 294,000 dollars 891 -- I'm sorry, $294,891.60?

5        **A.   I don't.**

6        Q.   We have marked for identification as Exhibit 7,

7    Seadrill225.

8                              (Whereupon, Exhibit 7 was marked for

9                              identification.)

10   BY MR. CHARBONEAU:

11       Q.   You'll see Seadrill225 on the bottom left.  Do --

12   have you seen this order before, Ms. Anderson?

13       **A.   I can't recall.**

14       Q.   Do you have any reason to dispute it is an order

15   allowing interim compensation and reimbursement of expenses in

16   the amount of $103,241.50?

17       **A.   I don't.**

18       Q.   We're going to mark for identification as Exhibit 8,

19   Seadrill294.

20                              (Whereupon, Exhibit 8 was marked for

21                              identification.)

22   BY MR. CHARBONEAU:

23       Q.   You'll see in the lower left corner, Seadrill294.  It

24   says at the top here, final order allowing compensation and

25   reimbursement of expenses.  Do you see that?

USTP (Seadrill) Ex. 20
Page 75 of 212

1        A.    I can see it.

2        Q.    And it allows $105,231.95 and provides that

3    compensation and reimbursement of expenses allowed in this

4    order, and all previous interim allowances of compensation

5    reimbursement, are approved on a final basis.  Do you see that?

6        A.    I see it.

7        Q.    Do you have reason to dispute, if we added the

8    numbers up of Exhibits 6, 7, and 8, that it would total

9    $603,365.05?

10            MR. MAYER:  Objection, form.

11            MR. CHARBONEAU:  What's the objection so I can

12   address it?

13            MR. MAYER:  I don't think that's right.  I think your

14   math is wrong, Mr. Charboneau.

15            MR. CHARBONEAU:  Okay.  Might be.  Let's check.  We

16   got $105,231.95 plus --

17            MR. MAYER:  Or my math is wrong, but it seems like

18   it's off a little bit.

19   BY MR. CHARBONEAU:

20       Q.    It could be.  And 224.  Counsel is right.  It's

21   $503,365.05.  All right.  Now, can we agree that that's how

22   much Jackson Walker had allowed fees in Seadrill Limited's

23   case?

24       A.    I agree.  Yeah.

25       Q.    All right.  Post petition, Jackson Walker was paid an

USTP (Seadrill) Ex. 20
Page 76 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 76

```
 1   additional $552,245 for services rendered in Seadrill Limited's

 2   case.  Correct?

 3       A.   The exact amount is in our response to you, in the

 4   interrogatories you sent.  Yes.

 5       Q.   Okay.  And in that same response, I think that

 6   Seadrill indicated that Jackson Walker had not represented

 7   Seadrill Partners post confirmation.  Do you recall that?

 8       A.   That's correct.

 9       Q.   I did have some questions about that, though.  I'm

10   going to ask the court reporter to mark for identification as

11   Exhibit 9 Seadrill 8 -- I'm sorry, 380 through and including

12   408.

13                          (Whereupon, Exhibit 9 was marked for

14                          identification.)

15   BY MR. CHARBONEAU:

16       Q.   And I'm just going to look at the last page of that

17   exhibit, 408.  And then I'm going to take you back to the first

18   page of that exhibit.  What this is is part of a docket for

19   Seadrill Partners, Case Number 20-35740.  Do you see that?

20       A.   I can see it.

21       Q.   And Seadrill Partners' plan was confirmed.  Let me

22   get the date.  I've got written down that the date the plan was

23   confirmed was May 14, 2021.  Does that sound right to you?

24       A.   Sounds right.

25       Q.   Here, if we look at Docket Number 804, which is over
```

USTP (Seadrill) Ex. 20
Page 77 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 77

1   a year after the plan was confirmed, Veronica Polnick is filing

2   post-confirmation reports for Seadrill Partners.  Do you see

3   that?

4        A.   I do.

5        Q.   So are you confident that Seadrill Partners did not

6   compensate Jackson Walker for services post confirmation?

7        A.   We don't have any records of any payments being made

8   from Seadrill Partners' bank account to Jackson Walker post

9   confirmation.

10       Q.   In terms of Seadrill Limited, has Jackson Walker been

11  paid for all of its invoices for post-confirmation work?

12       A.   To the best of my knowledge.

13       Q.   Now, you mentioned that part of the memo dealt with

14  the cost of the litigation.  Can you tell me, as we sit here

15  today, how much Seadrill has incurred with respect to this

16  litigation?

17            MR. MAYER:  Objection to form.

18            THE WITNESS:  I cannot tell you off the top of my

19  head, no.

20  BY MR. CHARBONEAU:

21       Q.   Put me in the ballpark.

22       A.   More than we would like to.  I would have to check

23  and confirm.  I'd have to do work on that.  I sit on the legal

24  team.  I don't look at invoices.

25       Q.   Do you think it's more than $50,000?

USTP (Seadrill) Ex. 20
Page 78 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 78

```
 1        A.    Yes.

 2        Q.    Do you think it's more than $100,000?

 3        A.    I would expect so.

 4        Q.    At the time that Seadrill considered entering into

 5   the settlement agreement, were the fees and expenses incurred

 6   in the litigation probably more than $50,000?

 7        A.    Sorry.  Could you rephrase that?

 8        Q.    Yeah.  So going back to when Seadrill entered into

 9   the settlement agreement, do you know approximately how much

10   the fees were at that time?

11        A.    I don't know off the top of my head, no.  But I think

12   20 months' worth of fees by that point.

13        Q.    So do you think that was more than 50,000 at that

14   time?

15        A.    Most likely.

16        Q.    Now, at the time Seadrill was considering the

17   settlement agreement, did Seadrill's management have an

18   understanding regarding the Court's ability to sanction Jackson

19   Walker and require Jackson Walker to pay the fees and expenses

20   that had been incurred in this litigation by Seadrill?

21              MR. MAYER:  Objection.  Form.

22              MR. BOLAND:  Same objection.

23              THE WITNESS:  Could you rephrase the question,

24   please?

25   BY MR. CHARBONEAU:
```

USTP (Seadrill) Ex. 20
Page 79 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

```
 1        Q.   A moment ago you said that the fees probably exceeded

 2   $50,000 at the time management was considering the settlement

 3   agreement, right?

 4        A.   Correct.

 5        Q.   Did the memo advise management whether the bankruptcy

 6   court or district court could require Jackson Walker to pay

 7   those fees incurred?

 8             MR. MAYER:  Objection.  Form.

 9             THE WITNESS:  Yes.

10   BY MR. CHARBONEAU:

11        Q.   And what did the memo advise management?

12             MR. MAYER:  Objection, form.  To the extent that that

13   involves legal recommendations or advice, do not answer that

14   part.  But you can answer anything else as long as it doesn't

15   involve that.

16             THE WITNESS:  That that was a potential.

17   BY MR. CHARBONEAU:

18        Q.   Now, when management compared the proposed settlement

19   amount, was it comparing that amount, which is $485,000, to the

20   total of the allowed fees or to the total of the allowed fees

21   plus Seadrill's fees and expenses incurred in the litigation?

22             MR. MAYER:  Objection.  Form.

23             THE WITNESS:  I think in reality, management would

24   have looked at a much wider range of circumstances rather than

25   just two figures.
```

USTP (Seadrill) Ex. 20
Page 80 of 212

```
 1    BY MR. CHARBONEAU:

 2         Q.   Well, what was in the memo?

 3         A.   Just as we discussed earlier, which -- points which

 4    we can't discuss, but also mainly the length of time it would

 5    take to litigate, which obviously puts a strain on our

 6    business, and the cost to the business.

 7         Q.   Seadrill is a company operating across the globe, is

 8    it not?

 9         A.   It is.

10         Q.   Its revenues are approximately how much a year?

11              MR. MAYER:  Objection, form.

12              THE WITNESS:  Revenue is fair.

13    BY MR. CHARBONEAU:

14         Q.   I mean, do you have a general understanding of how

15    much its revenues were in 2025?

16              MR. MAYER:  Objection to form.

17              THE WITNESS:  Our revenues are publicly reported.

18    BY MR. CHARBONEAU:

19         Q.   Are they in the billions?

20         A.   They are.

21         Q.   And you just told me that the litigation cost here is

22    putting a strain on Seadrill's operations; is that your

23    testimony?

24              MR. MAYER:  Objection to form.

25              MR. BOLAND:  Same objection.
```

USTP (Seadrill) Ex. 20
Page 81 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 81

```
 1            THE WITNESS:  Our operations are not litigation, so

 2   anything that takes away from our operations puts a strain on

 3   them.

 4   BY MR. CHARBONEAU:

 5        Q.   What probability of success did management -- let me

 6   back up and restate that.  Did the memo provide management with

 7   probability of success for recovering the fees and expenses

 8   paid to Jackson Walker in the Seadrill cases?

 9        A.   That would be advice from counsel.

10        Q.   It really wouldn't be.  It's a yes or no question.

11        A.   Likelihood?  Yes, it did.

12        Q.   Because you'll agree that Seadrill has made

13   representations in pleadings regarding what it deems the

14   probability of success to be, would you not?

15            MR. MAYER:  Objection, form.

16            THE WITNESS:  Pardon?

17   BY MR. CHARBONEAU:

18        Q.   You'll agree, Seadrill has told the Court it believes

19   the probability of success to be high, would you not?

20        A.   You're referring to our motion?

21        Q.   Sure.

22        A.   Did you have a question?  Sorry.

23        Q.   Yes, I did.  You will agree with me, will you not,

24   that Seadrill has represented that the probability of success

25   in this case is high?
```

USTP (Seadrill) Ex. 20
Page 82 of 212

1        A.    I can't recall the exact words, but I think we said -

2    - I think the wording in the motion speaks for itself.  It's

3    that the likelihood is high, but we consider the timing to be -

4    - we considered it would take a long time.  And it would be

5    costly.  Obviously, I'm paraphrasing.

6        Q.    Okay.  And when you say the probability that was

7    considered was high, was that the probability of being awarded

8    all the fees and expenses paid to Jackson Walker, plus

9    Seadrill's attorneys' fees incurred in the litigation?

10            MR. MAYER:  Objection to form.

11            THE WITNESS:  Could you rephrase that, please?

12            MR. CHARBONEAU:  Could you please read it back,

13   Court Reporter -- Madam Court Reporter?

14            COURT REPORTER:  "And when you say the probability

15   that was considered was high, was that the probability of being

16   awarded all the fees and expenses paid to Jackson Walker, plus

17   Seadrill's attorneys' fees incurred in the litigation?"

18            MR. MAYER:  Same objection.

19            MR. BOLAND:  Same -- objection, form.

20            THE WITNESS:  Are you able to rephrase the question?

21   BY MR. CHARBONEAU:

22       Q.    Sure.  I believe you indicated that there was a range

23   of outcomes considered by management.  Is that accurate so far?

24       A.    That's accurate.

25       Q.    Were different probabilities of success given to

USTP (Seadrill) Ex. 20
Page 83 of 212

1    those differing outcomes considered by management?

2        **A.    Yes.**

3        Q.    Now walk me through each of the alternatives and tell

4    me what the probability of success was, please.

5            MR. MAYER:  Objection, form.

6            **THE WITNESS:  I don't think we can go through each**

7    **one.**

8    BY MR. CHARBONEAU:

9        Q.    Well, let's start with Jackson Walker is required to

10   repay all fees and expenses allowed in the Seadrill cases plus

11   reimburse Seadrill for the fees it has incurred in this

12   litigation.  That's situation number one.  Was a probability of

13   success given to that scenario?

14       **A.    Yeah, I guess our probability -- we thought we had a**

15   **good chance in the case, but litigation always comes with a**

16   **risk.  So that's what the balance is, and that's where the**

17   **balance was struck.**

18       Q.    But my question -- could you answer the question I

19   asked?  Was the probability of success, was it given a high

20   probability for that situation number one?

21           MR. MAYER:  Object to form.

22           **THE WITNESS:  We didn't rate within the memo, high,**

23   **low, medium.  That's not how we present.**

24   BY MR. CHARBONEAU:

25       Q.    How was it presented?

USTP (Seadrill) Ex. 20
Page 84 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 84

```
 1        A.   It was presented as, as I mentioned, with we might
 2    have a high likelihood of success, but risk is there, so we
 3    wouldn't -- there's not a straightforward risk rating.  There
 4    would be an explanation alongside something.
 5        Q.   You said a high likelihood, subject to risk.  Was
 6    that how it was presented to management, that the Court might
 7    order Jackson Walker to return all fees and reimburse
 8    Seadrill's expenses?
 9        A.   Management were made aware of every possibility so
10    they could base their decision accordingly.
11             MR. CHARBONEAU:  Madam Court Reporter, would you read
12    back my question?
13             COURT REPORTER:  You said a high likelihood, subject
14    to risk.  Was that how it was presented to management, that the
15    Court might order Jackson Walker to return all fees and
16    reimburse Seadrill's expenses?
17    BY MR. CHARBONEAU:
18        Q.   If you would, please, Ms. Anderson, answer that
19    question.
20        A.   I'm not clear on your question, so there seems to be
21    two parts to that.  If you could rephrase it, that might help.
22        Q.   Which part are you unclear on?
23        A.   We didn't present -- as I said, we didn't present it
24    as purely a high likelihood.  We did present it as there's a
25    possibility that everything -- so the second part, yes, we
```

USTP (Seadrill) Ex. 20
Page 85 of 212

1    presented every possibility.  I'm confirming that, but I'm not

2    confirming that we presented there was a high possibility.  I

3    can't confirm both parts of your question.

4        Q.   Now, with respect to the different possibilities, I

5    just want you to tell me, was one rated very likely, another

6    possibility rated less likely, another possibility rated high

7    but less likely?  Was there some gradient in there?  Does that

8    make sense to you now, like what I'm trying to understand?

9        A.   Yeah, it makes sense but that's not how it was

10   presented.  No.

11       Q.   Okay.  You've talked about the duration of the

12   litigation sort of being part of that memo.  Were financial

13   projections created that addressed the cost of expected -- let

14   me start over.

15            Were financial projections created assessing the

16   potential litigation cost to go to trial?

17       A.   Yeah.  We considered a budgetary estimate.

18       Q.   Tell me, what was the budget to go to trial?

19            MR. MAYER:  Objection.  Form.

20            THE WITNESS:  I can't recall.

21   BY MR. CHARBONEAU:

22       Q.   Give me a ballpark.

23       A.   Between half a million and a million.

24       Q.   Now, at the time management was considering the

25   settlement agreement, discovery was already closed in the case,

USTP (Seadrill) Ex. 20
Page 86 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                        Page 86

1   was it not?

2              MR. MAYER:  Objection.  Form.

3              **THE WITNESS:  I don't know.**

4   BY MR. CHARBONEAU:

5      Q.   The memo that we've been discussing, did it analyze

6   the potential likelihood that the settlement, if approved, that

7   that order would be appealed?

8      **A.   I can't recall.**

9      Q.   Do you recall if there were any budgetary estimates

10  created comparing the cost to go to trial versus any appeals

11  that might be filed in this case?

12             MR. MAYER:  Objection.  Form.

13             **THE WITNESS:  I thought it was likely that appeals --**

14  **there would be appeals at trial, if that's your question.**

15  BY MR. CHARBONEAU:

16     Q.   But you can't recall if that was considered with

17  respect to approval of the settlement.

18     **A.   No.  We didn't consider that the settlement would be**

19  **objected to.**

20     Q.   Now I want to talk about the payment of the

21  settlement, so we can move in a different direction for just a

22  minute.  As part of the memo regarding the settlement, was

23  there discussion of the collectibility of a judgment against

24  Jackson Walker?

25             MR. MAYER:  Objection.  Form.

USTP (Seadrill) Ex. 20
Page 87 of 212

1          THE WITNESS:  Sorry, could you repeat that?

2   BY MR. CHARBONEAU:

3       Q.   Did Seadrill's management consider the collectibility

4   of a judgment against Jackson Walker?

5       A.   Yes, we discussed that.

6       Q.   What were the nature of those discussions?

7          MR. MAYER:  Objection to form, to the extent it

8   includes attorney-client.

9   BY MR. CHARBONEAU:

10      Q.   I'm just asking about management's discussion.  So

11  tell me, what were the nature of those discussions?

12      A.   We mainly came back to our commercial considerations.

13      Q.   Did management ask for any representations from

14  Jackson Walker regarding its financial condition?

15      A.   I'm not clear what you mean.

16      Q.   Did Seadrill undertake any investigation regarding

17  the potential impact and collectibility of a judgment against

18  Jackson Walker?

19          MR. BOLAND:  Objection to form.

20          MR. MAYER:  Objection to form.

21          THE WITNESS:  In terms of the settlement?

22  BY MR. CHARBONEAU:

23      Q.   No, no.  Let's say that in that settlement memo,

24  which you said addressed a wide range of potential outcomes,

25  one of which, I think we've agreed, was the return of all fees

USTP (Seadrill) Ex. 20
Page 88 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                Page 88

```
 1   plus reimbursement of expenses.  Right?

 2           MR. MAYER:  Objection to form.

 3           THE WITNESS:  Mm-hmm.

 4   BY MR. CHARBONEAU:

 5       Q.   Okay.  Did Seadrill management have any reason to

 6   think that that outcome, should the Court have ordered it,

 7   would be uncollectible from Jackson Walker?

 8       A.   I don't know.

 9       Q.   Do you have any knowledge of representations made by

10   Jackson Walker regarding an inability to pay above a set amount

11   to Seadrill?

12           MR. MAYER:  Objection, form.

13           MR. BOLAND:  Same objection.

14   BY MR. CHARBONEAU:

15       Q.   I'll restate.  At any point, to your knowledge, has

16   Jackson Walker represented that it is on slippery financial

17   footing?

18           MR. BOLAND:  Objection, form.

19           MR. MAYER:  Objection, form.

20           THE WITNESS:  Can you rephrase the question, please?

21   BY MR. CHARBONEAU:

22       Q.   Has Jackson Walker said, "If we get hit with a

23   million-dollar judgment, we might go under"?

24       A.   Not to me.

25           MR. BOLAND:  Objection, form.
```

USTP (Seadrill) Ex. 20
Page 89 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

```
 1              MR. CHARBONEAU:  I move to strike that as it was

 2    after the witness answered.

 3    BY MR. CHARBONEAU:

 4       Q.   Now, what representations has Jackson Walker made

 5    regarding the ability to pay the settlement amount, other than

 6    what might be in the settlement agreement, okay?

 7              MR. MAYER:  Objection, form.

 8              MR. BOLAND:  Same objection.

 9    BY MR. CHARBONEAU:

10       Q.   I'll rephrase.  Has Jackson Walker made any

11    representations to Seadrill regarding its ability to pay the

12    settlement amount which are not set forth in the settlement

13    agreement?

14       A.   None that I'm aware of.

15       Q.   Has Jackson Walker provided any proof to Seadrill

16    regarding ability to satisfy the settlement amount?

17       A.   No.  I said no.

18       Q.   Okay.  I didn't hear you.  The discovery responses

19    indicated that the settlement funds will be received by

20    Seadrill Limited.  Is that your understanding, Ms. Anderson?

21       A.   Yes.

22       Q.   And do those funds then have to be distributed to

23    anyone else under a plan of reorganization?

24              MR. MAYER:  Objection, form.

25              MR. BOLAND:  Objection, form.
```

USTP (Seadrill) Ex. 20
Page 90 of 212

 1              THE WITNESS:  My understanding is they don't.

 2    BY MR. CHARBONEAU:

 3        Q.    So to the extent that there were any payments that

 4    were required to be made under the confirmed plans of Seadrill

 5    Partners, have those amounts been satisfied?

 6              MR. MAYER:  Objection, form.

 7              MR. BOLAND:  Same objection.

 8              THE WITNESS:  Sorry, can you repeat that, please?

 9    BY MR. CHARBONEAU:

10        Q.    Yeah, I just want to make sure that the money,

11    whether it's $1 or $1 million, that Seadrill receives from

12    Jackson Walker, does that just go into operating, or is there

13    some part of a confirmed plan where the money still has to be

14    distributed to some third party?

15              MR. MAYER:  Objection.  Form.

16              MR. BOLAND:  Objection.  Form.

17              THE WITNESS:  So I'd have to defer to counsel.  But

18    as far as I understand it, the plan would allow it to be

19    distributed to the Reorganized Debtors.  That would be Seadrill

20    Limited and Seadrill Partners a/k/a Aquadrill LLC.

21    BY MR. CHARBONEAU:

22        Q.    Seadrill New Finance.  Okay, we talked about that

23    entity just very briefly at the beginning of this deposition.

24    Is it impacted by the settlement between Seadrill Partners and

25    Seadrill Limited and Jackson Walker?

USTP (Seadrill) Ex. 20
Page 91 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 91

1        **A.    It's not --**

2              MR. MAYER:  Objection.  Form.

3              MR. BOLAND:  Objection.  Form.

4    BY MR. CHARBONEAU:

5        Q.    I'm sorry.  Your counsel was speaking over you.  You

6    said it's not?

7        **A.    It's not impacted.  It's not adversely impacted.**

8        Q.    Okay.  Is Jackson Walker representing any Seadrill

9    entity currently?

10       **A.    No.**

11       Q.    So, to your knowledge, there's no litigation, whether

12   it's some commercial-based litigation or tort litigation,

13   there's nothing that Jackson Walker is representing a Seadrill

14   entity in?

15       **A.    No.**

16       Q.    I want to talk about the probability of success that

17   was considered by management.  And as you sit here today, do

18   you have an understanding who has the burden of production at

19   the settlement motion on the probability of success?

20             MR. MAYER:  Objection.  Form.

21             MR. BOLAND:  Objection.  Form.

22             **THE WITNESS:  I would defer to my counsel.**

23   BY MR. CHARBONEAU:

24       Q.    It's really a question for you, though.  I ask what -

25   - do you have an understanding -- you, personally.  Do you have

USTP (Seadrill) Ex. 20
Page 92 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                      Page 92

```
1   an understanding who's got the burden to come forward and put

2   evidence before the Court on probability of success at the

3   hearing on March 17th or 18th?

4        A.   No.

5             MR. MAYER:  Objection.  Form.

6   BY MR. CHARBONEAU:

7        Q.   Would you have any reason to dispute if I told you

8   that Seadrill has the burden of production at that hearing?

9             MR. BOLAND:  Object to form.

10            MR. MAYER:  Objection to form.

11            THE WITNESS:  Sorry, can you repeat that?

12  BY MR. CHARBONEAU:

13       Q.   Yeah.  Do you have any reason to dispute that, at the

14  hearing on the settlement, Seadrill is going to have to present

15  some evidence to the Court on the probability of success on the

16  merits?

17       A.   Yeah, we have a -- yes, representing.

18       Q.   Okay.  Do you have an understanding as to who will be

19  testifying procedural at the hearing?

20            MR. MAYER:  Objection to form.

21            THE WITNESS:  I will be.

22  BY MR. CHARBONEAU:

23       Q.   And so we're clear, I'm not asking you to rattle off

24  a narrative.  But I do want you to just tell me a fact that you

25  expect to tell the Court about how Seadrill believes it has a
```

USTP (Seadrill) Ex. 20
Page 93 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

1   high probability of success in the litigation.

2            MR. MAYER:  Objection, form.

3            MR. BOLAND:  Same objection.

4            **THE WITNESS:  Could you rephrase the question,**

5   **please?**

6   BY MR. CHARBONEAU:

7       Q.   Let's assume at the hearing, counsel asked you what

8   probability of success Seadrill believed it had.  That --

9   that's the first part of the hypothetical.  And the second part

10  of the hypothetical, your testimony is, 'We believe we had a

11  high probability of success."  That's the second part of the

12  hypothetical.  And the third part is, then someone says, "Well,

13  tell me why you think you had a high probability of success."

14  And my question to you is, in that hypothetical situation,

15  what's one fact you can tell me that you considered -- or when

16  I say "you," that when you're testifying on behalf of Seadrill

17  -- that Seadrill is going to say, "This is a fact I relied on

18  in thinking we had a high probability of success"?

19           MR. MAYER:  Objection, form.

20           MR. BOLAND:  Same objection.

21           **THE WITNESS:  We relied on our counsel's advice.**

22  BY MR. CHARBONEAU:

23      Q.   Well, if you're going to say you're relying on the

24  advice of counsel, I think that you're pretty much waiving the

25  attorney-client privilege there.  I'll let you confer with your

USTP (Seadrill) Ex. 20
Page 94 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 94

 1    counsel on that.  So we can go down that road, or you can tell

 2    me, what did you consider in recommending to management that

 3    there was a high likelihood of success on the merits?

 4         A.   When we said there was a high likelihood of success,

 5    so we did provide counsel's advice to our management.  I'm not

 6    going to repeat that.  But we did provide our counsel's advice

 7    to our management.  And then explained also the risks.

 8         Q.   What were the risks?

 9         A.   The risk is lengthy litigation and high cost.

10         Q.   And what's a good fact that makes the likelihood of

11    success high?

12              MR. BOLAND:  Object to form.

13              MR. MAYER:  Objection, form.

14              THE WITNESS:  I don't know how much I can -- I don't

15    think I can answer today.  If you can maybe rephrase?

16    BY MR. CHARBONEAU:

17         Q.   I cannot.  I need you to answer my question.

18         A.   I guess the strength of our case, as we understood

19    it, was good.  But we also understood that there's litigation

20    risk and that there's case law that, you know, provides that

21    full disgorgement isn't always provided; that was a risk.  We

22    also knew that the judge who had presented before had said it's

23    a 50/50 in her view.  These are what we discussed with

24    management, and I think those were the main factors, other than

25    lengthy litigation and high cost.

USTP (Seadrill) Ex. 20
Page 95 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                      Page 95

 1      Q.    What is one fact that made it good, which you just
 2   said it was good?  What is one fact?
 3            MR. MAYER:  Objection.  Form.
 4   BY MR. CHARBONEAU:
 5      Q.    A second ago, you said it was good, right?  Did you
 6   not use that word?
 7      **A.    The strength of our case --**
 8      Q.    Was good.  That's what you said.  Correct?
 9      **A.    (Cross talk) advice, the strength of our case was**
10   **potentially good, yes.**
11      Q.    Okay.  Now tell me one fact that made the strength of
12   your case good.
13      **A.    I would defer to my counsel on that.  That was our**
14   **discussions with counsel, and I was taking advice from them.  I**
15   **was repeating, as counsel had advised me, and that's what I put**
16   **in the memo to management.**
17      Q.    Did you put in the memo to management that, at the
18   time Jackson Walker was representing the Seadrill entities,
19   that Elizabeth Freeman, a partner at Jackson Walker, was in a
20   romantic relationship with Judge Jones?
21            MR. BOLAND:  Object to form.
22            MR. MAYER:  Objection.  Form.
23            **THE WITNESS:  I'm not sure if we went into that great**
24   **a detail.**
25   BY MR. CHARBONEAU:

USTP (Seadrill) Ex. 20
Page 96 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                Page 96

```
1         Q.   Well, what detail did you put in that memo?

2         A.   We would have referred to the matter between the

3    Trustee and Jackson Walker, but I'm not sure we would have gone

4    into the nitty-gritty of it.

5         Q.   So management did not then consider that at the time

6    of the Seadrill cases that Ms. Freeman and Judge Jones co-owned

7    a house?

8              MR. BOLAND:  Object to form.

9              MR. MAYER:  Object to form.

10             THE WITNESS:  I think they were aware of the fact.

11   BY MR. CHARBONEAU:

12        Q.   Well, do you know or think?

13        A.   It wasn't in the memo that I wrote to them, so I

14   can't say for sure.

15        Q.   Was management made aware that Elizabeth Freeman and

16   Judge Jones were living together at the time of the Seadrill

17   cases?

18             MR. BOLAND:  Object to form.

19             THE WITNESS:  Can you rephrase your question?

20             MR. CHARBONEAU:  Madam Court Reporter, could you read

21   back my question?

22             COURT REPORTER:  "Was management made aware that

23   Elizabeth Freeman and Judge Jones were living together at the

24   time of the Seadrill cases?"

25             MR. BOLAND:  Same objection.
```

USTP (Seadrill) Ex. 20
Page 97 of 212

Nicole Anderson
Proceedings on 02/12/2026                                              Page 97

```
 1              MR. MAYER:  Same objection.
 2              THE WITNESS:  Are you asking if I made them aware?
 3   BY MR. CHARBONEAU:
 4       Q.   Let's start there.  Did you make them aware?
 5       A.   No.
 6       Q.   Do you have an understanding as to what other
 7   management was aware at all?
 8              MR. MAYER:  Objection, form.
 9              MR. BOLAND:  Same objection.
10              THE WITNESS:  I don't know.
11              MR. CHARBONEAU:  Ask the court reporter to mark for
12   identification as Exhibit 10, I believe we're up to, document
13   bearing Bates stamp Seadrill207 through and including 209.
14                          (Whereupon, Exhibit 10 was marked for
15                           identification.)
16   BY MR. CHARBONEAU:
17       Q.   I'm showing you an order granting Seadrill Limited --
18   it says the Debtors, and that's Seadrill Limited application
19   for entry of an order authorizing the retention and employment
20   of Jackson Walker as co-counsel and conflicts counsel.  Do you
21   see this order?
22       A.   I can see it.
23       Q.   Have you seen it before today?
24       A.   I don't recall.
25       Q.   Do you recall when Seadrill first learned of
```

USTP (Seadrill) Ex. 20
Page 98 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                      Page 98

1  allegations that there had been a relationship between Ms.

2  Freeman and former Judge Jones?

3       **A.   I don't know the exact date.  It was in the news.**

4       Q.   If I tell you that a story broke on or about October

5  6th, 2023, and then the next day, I think it was, an article

6  came out in the Wall Street Journal, is that the news articles

7  that you're referring to?

8       **A.   That sounds right.**

9       Q.   At any time prior to October 6th of 2023, did Jackson

10 Walker disclose to Seadrill Limited that there had been a

11 judicial conflict during the pendency of Seadrill's bankruptcy

12 case?

13          MR. BOLAND:  Object to form.

14          MR. MAYER:  Objection to form.

15          **THE WITNESS:  No.**

16 BY MR. CHARBONEAU:

17      Q.   At any time prior to October 6th, 2023, did Jackson

18 Walker disclose to Seadrill Partners that there had been a

19 judicial conflict during the pendency of its representation of

20 Seadrill Partners?

21          MR. BOLAND:  Object to form.

22          **THE WITNESS:  No.**

23 BY MR. CHARBONEAU:

24      Q.   Were you aware that Jackson Walker received an ethics

25 opinion from Holland & Knight regarding the relationship

USTP (Seadrill) Ex. 20
Page 99 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                      Page 99

1   between Ms. Freeman and former Judge Jones?

2             MR. BOLAND:  Object to form.

3             MR. MAYER:  Objection, form.

4             MR. CHARBONEAU:  Well, let me stop there.  Mr. Mayer,

5   what's your form objection?

6             MR. MAYER:  Timing, Mr. Charboneau.

7             MR. BOLAND:  Lack of foundation as well.

8             MR. CHARBONEAU:  I'm not asking you, Mr. Boland.

9             MR. BOLAND:  Well, I objected to form as well so

10  (cross talk) --

11            MR. CHARBONEAU:  I don't think your form objections

12  have any merit, so I'll ask Mr. Mayer what his objections are.

13  Now, you said a timing, Mr. Mayer?

14            MR. MAYER:  Working on discovery versus -- your

15  question was vague.

16            MR. CHARBONEAU:  Okay.  I just want to address your

17  objection.  Okay.

18  BY MR. CHARBONEAU:

19     Q.   So at the time management considered approval of the

20  settlement agreement, Ms. Anderson, so at that time, were you

21  aware that Jackson Walker had previously obtained an ethics

22  opinion from Holland & Knight regarding the relationship

23  between Ms. Freeman and former Judge Jones and the existence of

24  a judicial conflict?

25            MR. BOLAND:  Object to form.

USTP (Seadrill) Ex. 20
Page 100 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Page 100

```
 1              MR. MAYER:  Objection, form.
 2              THE WITNESS:  No.
 3    BY MR. CHARBONEAU:
 4        Q.   In Seadrill Limited's particular case, Jackson Walker
 5    continued to represent it until March 5th of 2024; isn't that
 6    true?
 7              MR. MAYER:  Objection, form.
 8              THE WITNESS:  I don't remember the exact date.
 9              MR. CHARBONEAU:  Let's go ahead and mark for
10    identification as Exhibit 11 the documents marked Seadrill295
11    through and including 298.
12                        (Whereupon, Exhibit 11 was marked for
13                         identification.)
14    BY MR. CHARBONEAU:
15        Q.   You'll see Seadrill295 on that first page.  The
16    document says it's a motion to substitute counsel and
17    withdrawal.  It's filed by Jackson Walker.  Do you see that,
18    Ms. Anderson?
19        A.   I do.
20        Q.   And it's got ECF stamps at the top, which says this
21    was filed March 1st, 2024.  Do you see that?
22        A.   I do.
23              MR. CHARBONEAU:  Now, I'm gonna ask the court
24    reporter to mark for identification as Exhibit 12, Seadrill299.
25                        (Whereupon, Exhibit 12 was marked for
```

USTP (Seadrill) Ex. 20
Page 101 of 212

```
 1                         identification.)
 2   BY MR. CHARBONEAU:
 3       Q.   Can you see an Order Granting the Motion to
 4   Substitute Counsel and Withdrawal, Ms. Anderson?
 5       A.   Yes.
 6       Q.   And the date of that order is March 5th, 2024.
 7       A.   Yes.
 8       Q.   So is it fair to say that Jackson Walker represented
 9   Seadrill Limited until March of 2024?
10       A.   Yes.
11       Q.   After the news broke, which we discussed a few
12   minutes ago as being in October of 2023, did -- to your
13   knowledge, did Jackson Walker make any representations to
14   Seadrill regarding the accuracy of that news reporting?
15       A.   I don't know.
16       Q.   Do you know if Jackson Walker sought to get a
17   conflict waiver to continue with representation of Seadrill
18   Limited?
19            MR. BOLAND:  Object to form.
20            MR. MAYER:  Objection, form.
21   BY MR. CHARBONEAU:
22       Q.   At any point in time -- I'll rephrase.  At any point
23   in time, Ms. Anderson, to your knowledge, did Jackson Walker
24   provide Seadrill Limited with a conflict waiver?
25       A.   I don't know.
```

USTP (Seadrill) Ex. 20
Page 102 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                  Page 102

1        MR. CHARBONEAU:  Okay.  Let's take about a five-

2   minute break.  I'm just going to check my notes, and that will

3   hopefully speed us out of here.  I think that we're done.  I

4   just need to check, and it'll be quicker if we take a five-

5   minute break.  Is that okay with everyone?

6        MR. MAYER:  We just got a -- my clock says 5:13

7   Central.  Can we just go to 5:20?

8        MR. CHARBONEAU:  Yeah, let's do that.  That makes

9   better sense.  I appreciate the suggestion.  I'm going to stop

10  sharing screen, and I'll see everybody back at 5:20.

11       COURT REPORTER:  The time is 5:13 p.m. Central

12  Standard Time, and we are off the record.

13            (Whereupon, a recess occurred.)

14       MR. CHARBONEAU:  I appreciate the courtesy, giving me

15  that short break to look at my notes and I do think that has

16  sped things along.  I'm going to go ahead and pass the witness.

17       MR. MAYER:  All right.  We'll reserve questions for

18  trial.

19       MR. BOLAND:  We reserve as well.

20       MR. CHARBONEAU:  All right, Ms. Anderson.  I'm sure

21  you -- well, maybe I'm taking that for granted.  You have the

22  right to read and review the transcript or waive endorsement.

23  If you want to take a second and confer with your counsel and

24  let the court reporter know which of those you choose.

25       MR. MAYER:  Yeah.  Ms. Cantando, we will read and

USTP (Seadrill) Ex. 20
Page 103 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889     2201 Old Court Road, Baltimore MD 21208     www.crcsalomon.com

```
 1    review.  We will, please.

 2              COURT REPORTER:  Understood.

 3              MR. CHARBONEAU:  I think that takes us to the finish

 4    line.  All right.  Thank you, guys.

 5              COURT REPORTER:  The time is 5:21 p.m. Central

 6    Standard Time, and we are off the record.

 7              (Whereupon, the proceeding concluded at 5:21 p.m.)

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

USTP (Seadrill) Ex. 20
Page 104 of 212

```
  1                        J U R A T

  2          I declare under penalty of perjury that the

  3    foregoing is true and correct:

  4                    (  ) without corrections, or

  5                    (  ) with the attached corrections.

  6

  7    Subscribed at _____ (City),

  8    _____ (State), this _____ day of

  9    _____, 20_____.

 10

 11                    _____

 12                         Nicole Anderson

 13

 14

 15

 16

 17

 18

 19

 20

 21

 22

 23

 24

 25
```

USTP (Seadrill) Ex. 20
Page 105 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Page 105

```
1                    E R R A T A   S H E E T

2      PAGE_____ LINE_____ CHANGE_____

3      _____

4      REASON_____

5      PAGE_____ LINE_____ CHANGE_____

6      _____

7      REASON_____

8      PAGE_____ LINE_____ CHANGE_____

9      _____

10     REASON_____

11     PAGE_____ LINE_____ CHANGE_____

12     _____

13     REASON_____

14     PAGE_____ LINE_____ CHANGE_____

15     _____

16     REASON_____

17     PAGE_____ LINE_____ CHANGE_____

18     _____

19     REASON_____

20

21

22          _____   _____

23               NICOLE ANDERSON                   DATE

24

25
```

USTP (Seadrill) Ex. 20
Page 106 of 212

Nicole Anderson
Proceedings on 02/12/2026                                                    Page 106

```
 1 │ STATE OF VIRGINIA      )
   │
 2 │ COUNTY OF MONTGOMERY  ) ss.
   │
 3 │
   │
 4 │           I hereby certify that I have duly sworn the
   │
 5 │ witness(es) in the foregoing deposition, to testify to the
   │
 6 │ truth, the whole truth, and nothing but the truth, in the
   │
 7 │ within-entitled cause; that said deposition was taken at the
   │
 8 │ time and place herein named; and that the deposition is a true
   │
 9 │ record of the testimony of the witness(es) as reported by me,
   │
10 │ and was thereafter transcribed into typewriting by computer.
   │
11 │           I further certify that I am not interested in the
   │
12 │ outcome of the said action, not connected with nor related to
   │
13 │ any of the parties in said action, nor to their respective
   │
14 │ counsel.
   │
15 │           IN WITNESS WHEREOF, I have hereunto set my hand this
   │
16 │ 12th day of February, 2026.
   │
17 │
   │
18 │ Reading and signing was:
   │
19 │ ( x ) requested (  ) waived (  ) not requested
   │
20 │
   │
21 │ Elizabeth Cantando
   │
22 │ _____
   │
23 │ ELIZABETH CANTANDO, CER
   │
24 │ Notary Public
   │
25 │ My Commission Expires:  11/30/2029
```

USTP (Seadrill) Ex. 20
Page 107 of 212

Office: (410) 821-4888          CRC Salomon          crc-ustp@crcsalomon.com
Fax: (410) 821-4889      2201 Old Court Road, Baltimore MD 21208      www.crcsalomon.com

Nicole Anderson
Proceedings on 02/12/2026                                      Index: $1..4

**Exhibits**

**Exhibit 1 - 001-025 90 -
Seadrill's 9019 Motion** 6:3
15:22,24 16:16 17:7,11 37:1
39:10 42:16 59:23 66:12

**Exhibit 2 - 026-031 94 -
Seadrill 9019 Response** 6:4
31:25 32:2 35:19 55:22,23,24

**Exhibit 3 - 337-
344 Dec 9 partial tr** 6:5 46:17,
19 51:15

**Exhibit 4 - 370-375 138 -
JW Response Re GWG** 6:6
50:12,14

**Exhibit 5 - 376-
379 152 UST agenda** 6:7
56:18,20,24 61:17

**Exhibit 6 -
224 1273 Limited 1st Interim**
6:8 73:14,15

**Exhibit 7 -
225 1274 Limited 2d interim
order** 6:9 74:6,8

**Exhibit 8 -
294 1340 Limited Final Fee O
rder** 6:10 74:18,20

**Exhibit 9 - 380-
408 Seadrill Partial Dkt** 6:11
76:11,13

**Exhibit 10 - 207-
209 302 Ltdd employ order**
6:12 97:12,14

**Exhibit 11 - 295-
298 1622 Withdraw in Limited**
6:13 100:10,12

**Exhibit 12 -
299 1624 withdraw order**
6:14 100:24,25

**$**

**$1** 90:11
**$100,000** 78:2
**$103,241.50** 74:16
**$1** 2,16

**$200,000** 53:12 54:16
**$288,502.05** 73:4
**$294,891.60** 74:4
**$475,000** 64:6
**$485,000** 43:3 51:8 52:19 54:11
55:5 64:14 66:6 67:12,16,25 68:9,
18 69:15,24 70:5,19 79:19
**$50,000** 77:25 78:6 79:2
**$503,365.05** 75:21
**$552,245** 76:1
**$603,365.05** 73:8 75:9
**$64,000** 54:18
**$890,000** 72:22

**-**

**---ooo---** 7:2

**0**

**014** 37:3 38:5
**015** 37:3 38:5 44:12
**017** 17:16 37:24
**025** 15:23 17:17
**026** 32:6
**028** 33:5
**029** 34:11
**031** 32:1
**04787** 40:16

**1**

**1** 15:22,24 16:16 17:7,11 37:1
39:10 42:16 59:23 66:12
**10** 97:12,14
**10-minute** 71:6
**100** 37:19
**11** 26:22 35:2,5 100:10,12
**12** 7:1,5 100:24,25
**14** 76:23
**15** 47:9

**16** 48:6 50:20
**17th** 92:3
**18th** 92:3
**19** 66:14 70:17
**1st** 100:21

**2**

**2** 31:25 32:2 35:19 44:4 55:22,24
**20** 78:12
**20-35740** 76:19
**2020** 11:18
**2021** 76:23
**2023** 98:5,9,17 101:12
**2024** 100:5,21 101:6,9
**2025** 46:13,24 50:20 51:6 80:15
**2026** 7:1,5
**209** 97:13
**224** 75:20
**23-** 40:15
**23-04787** 38:22 39:5,11 40:7,12,
22,25 41:17
**27** 38:21
**294,000** 74:4
**298** 100:11
**2:00** 7:1,4
**2:18** 18:16
**2:23** 18:19

**3**

**3** 42:18,20 43:5 46:17,19 47:8
51:15,16 56:2
**344** 46:18
**375** 50:13,18
**379** 56:19
**380** 76:11

**4**

**4** 43:11,17,21 50:12,14

USTP (Seadrill) Ex. 20
Page 108 of 212

Nicole Anderson
Proceedings on 02/12/2026                                    Index: 4(b)..and/or

**4(b)** 43:14

**408** 76:12,17

**485,000** 53:8 55:14 64:9 67:5

**4:02** 71:13

**4:14** 71:17

**4:23-cv-04787** 7:11

---

**5**

**5** 56:18,20,24 61:17

**50** 47:11

**50,000** 78:13

**50/50** 94:23

**51** 47:12 51:20

**5:12** 71:8

**5:13** 102:6,11

**5:15** 71:9,10

**5:20** 102:7,10

**5:21** 103:5,7

**5th** 100:5 101:6

---

**6**

**6** 51:16 59:25 60:18,23 61:10 73:14,15 75:8

**60** 31:3 34:13 36:7 45:16 46:6 48:8 54:7,14 56:6 62:12 65:20

**60(b)** 32:10,19 33:7 38:11

**6th** 98:5,9,17

---

**7**

**7** 33:4,5 74:6,8 75:8

**7029** 7:17

---

**8**

**8** 74:18,20 75:8 76:11

**804** 76:25

**891** 74:4

USTP (Seadrill) Ex. 20
Page 109 of 212

---

**9**

**9** 34:10 46:13,24 76:11,13

**9014** 7:17

**9019** 37:6 56:4

**9th** 48:4

---

**A**

**A-N-D-E-R-S-O-N** 9:16

**a/k/a** 90:20

**abatement** 8:11

**ability** 30:12,22 33:9,24 34:7 47:12 51:2,19 68:8,17 78:18 89:5, 11,16

**abrogate** 33:9

**absent** 27:18

**accept** 51:9 54:24 55:6,15,19

**acceptable** 29:6

**account** 77:8

**accuracy** 101:14

**accurate** 11:24 82:23,24

**action** 19:7 48:13

**added** 75:7

**addition** 55:5

**additional** 53:12 76:1

**address** 65:7 75:12 99:16

**addressed** 85:13 87:24

**adequately** 44:22

**Adjudication** 32:9

**adversary** 22:7

**adversely** 91:7

**advice** 21:1,7,8,11 29:9 30:1,2, 11,21 34:6 72:9 79:13 81:9 93:21, 24 94:5,6 95:9,14

**advise** 13:3 79:5,11

**advised** 21:6 50:2 72:3 95:15

**advisors'** 29:9

**advocating** 50:5

**affect** 30:12,21 31:3 50:6

---

**affected** 58:22 59:6

**afraid** 55:12

**afternoon** 7:3 8:19

**Agenda** 56:25

**Agent** 9:2

**agree** 7:7,24 30:8 40:21 42:20 44:3,9 64:11 69:5 75:21,24 81:12, 18,23

**agreed** 34:19,22 41:21 45:5,9 87:25

**agreement** 14:16,17,19,20,24 15:7 17:5,16,18,21 19:6,8 20:14 22:13,21 23:8 25:6,10,14,16,19 29:11 34:1 35:12 37:24 38:2,4 42:5,21 44:8,13,22 49:12,22 51:4 52:6,12 54:3,12 55:15 57:3,25 58:6 59:22 60:18 61:2,4 64:21,22 65:1,15,19,22 66:15,18 67:2,4,10, 16,23 68:7,8,16,17 69:8 70:10,13, 17 72:3 78:5,9,17 79:3 85:25 89:6,13 99:20

**agreements** 48:15

**ahead** 18:15 19:18 21:22 31:23 100:9 102:16

**alerted** 49:2

**allegations** 98:1

**alleged** 44:22

**allowances** 75:4

**allowed** 15:14 24:13 27:19 30:13,23 51:8 62:1 67:13 73:3,4,7 75:3,22 79:20 83:10

**allowing** 74:3,15,24

**alongside** 84:4

**alternative** 58:21 59:3,9,17 61:19

**alternatives** 59:13 83:3

**amended** 35:25 36:6,7,10

**Americas** 11:1 12:16,18 13:2

**amount** 47:11 51:3 72:12,15,16, 18,19,21,24 73:2 74:4,16 76:3 79:19 88:10 89:5,12,16

**amounts** 51:2 90:5

**analyze** 86:5

**and/or** 56:5

Nicole Anderson
Proceedings on 02/12/2026

Index: Anderson..bottom

**Anderson** 7:9,19 8:17 9:6,14,16 10:6 17:8 19:7 24:4 25:9 40:2 45:12 46:22 47:3,21 48:1 50:20 51:17 55:10 71:21 73:18,25 74:12 84:18 89:20 99:20 100:18 101:4, 23 102:20

**apologize** 12:11

**appealed** 86:7

**appeals** 86:10,13,14

**appearance** 7:23

**appearances** 8:24

**appears** 16:24 17:19 32:14

**application** 27:5,7,11,25 28:6 97:18

**applications** 27:14

**appointed** 20:2

**appointments** 20:4

**appropriately** 47:15

**approval** 26:23 27:18 32:9 44:21 49:3 54:8 64:12 65:17 86:17 99:19

**approve** 19:12,13 49:11,22 63:12,23

**approved** 19:22 20:6,14 34:1 41:21 42:8 44:20 51:1 52:23 53:8 62:20 70:11,14,16 75:5 86:6

**approves** 54:3

**approving** 21:16 26:5,13 28:16 29:1 31:7,15 37:4,23 38:4 57:10 58:16 61:24 65:17 69:6

**approximately** 11:18 78:9 80:10

**Aquadrill** 11:25 12:1,3 19:20 90:20

**area** 11:11

**areas** 71:24

**argue** 51:1

**argument** 47:14

**arguments** 8:10

**arising** 24:13,21 26:1

**article** 98:5

**articles** 98:6

**assessing** 85:15

**assessment** 15:9

**Associates** 8:22

**assume** 20:10 53:10 93:7

**Assumes** 39:19

**attachments** 16:10 17:3

**attendance** 20:6

**attended** 46:12

**attention** 32:16 56:1 66:24

**attorney** 10:12,17 11:6 61:10

**attorney-client** 87:8

**attorneys** 61:10

**attorneys'** 24:14 82:9,17

**attorney–client** 93:25

**audio** 71:12

**authority** 65:19 67:3,12,24 70:18

**authorizing** 35:17 97:19

**Auto** 9:2

**award** 21:18

**awarded** 82:7,16

**aware** 24:7 36:22 39:1 41:1 46:12 48:3 56:11 57:8,22 58:18,20,25 59:2 64:22 65:14 84:9 89:14 96:10,15,22 97:2,4,7 98:24 99:21

---

**B**

**back** 13:21 14:12 18:13,20 23:22 28:21 30:19 31:13 36:25 37:25 40:14 42:15 46:1,3 47:11,12 49:17 51:8,14,20 52:19 55:21,23 59:22 61:16,18 63:19 66:11 68:13 69:21 71:16,17 76:17 78:8 81:6 82:12 84:12 87:12 96:21 102:10

**balance** 83:16,17

**ballpark** 77:21 85:22

**bank** 77:8

**bankruptcy** 7:16 8:11 11:25 14:1 15:1,18,19 16:11 17:1 23:6 24:22 26:3,7,15,24 27:2,15,17 37:5 50:6 61:23 62:11,15,19 65:16 74:3 79:5 98:11

**barrister** 11:4

**Bartels** 8:25

**base** 84:10

**based** 29:9 66:4

**basic** 36:13,16,18

**basis** 23:16 32:21 33:15 34:17 45:5,10 75:5

**Bates** 15:22 16:7 32:6 39:10 42:17 97:13

**Bates-stamped** 17:12,16 31:25

**bearing** 15:22 97:13

**bears** 39:10

**began** 11:25

**beginning** 90:23

**begins** 17:5

**behalf** 8:13,14 16:17 32:12 50:17 93:16

**belief** 20:13

**believed** 93:8

**believes** 23:17 81:18 92:25

**bigger** 42:17

**billions** 80:19

**binding** 42:12 44:17

**bit** 42:17 75:18

**board** 19:11,16,21 20:1 30:7

**boards** 19:14,15

**Boland** 8:19 15:4 21:19 22:10, 18,25 23:16,21 24:17,25 26:10,17 27:21 28:1,9,17 29:2,14 30:15 31:11,18 32:24 33:18 34:3 35:14 36:4 38:25 39:16 40:18 41:12,18 42:1,24 43:8,18,24 44:6,25 45:18 46:8 47:3,5,8,9,23 48:3,12,22 49:5,9,14,20,24 50:9,19 51:11,25 52:3,8,13,15,22 53:14,20 54:19, 21 55:7,17 57:13 59:19 60:14,20 61:6,11 62:4 63:5,16 64:2,7,17 65:24 66:8,22 67:7,19 68:2,11,20 69:11,17 70:1,7,22 78:22 80:25 82:19 87:19 88:13,18,25 89:8,25 90:7,16 91:3,21 92:9 93:3,20 94:12 95:21 96:8,18,25 97:9 98:13,21 99:2,7,8,9,25 101:19 102:19

**Boland's** 51:23

**bottom** 73:25 74:11

USTP (Seadrill) Ex. 20
Page 110 of 212

Nicole Anderson
Proceedings on 02/12/2026                          Index: break..connection

**break** 18:9 71:6,7 102:2,5,15

**Brewster** 8:25

**briefly** 37:2 90:23

**bring** 32:16

**broke** 98:4 101:11

**brought** 33:7 38:15

**budget** 85:18

**budgetary** 85:17 86:9

**burden** 91:18 92:1,8

**business** 80:6

---

**C**

**call** 12:19 13:4,10,18

**called** 13:16

**Cantando** 7:5 68:14 102:25

**caption** 32:7

**Carissa** 8:25

**carrying** 44:11 48:6

**case** 7:11 15:19 24:15 26:24 27:9,12 28:15,16,25 29:1 36:8,11 38:22 39:1,5,11,13 40:7,11,15,22 41:1,3,5,17,23 42:13 44:18 73:3,8 75:23 76:2,19 81:25 83:15 85:25 86:11 94:18,20 95:7,9,12 98:12 100:4

**cases** 9:2 15:2,15,17,18 17:1 21:18 23:6 24:23 26:3,8,16 27:15, 19,25 28:7 30:14,23 36:2,15 38:21 45:17 46:7 52:20 62:2,23 67:13 81:8 83:10 96:6,17,24

**catch** 16:21 33:21 37:19

**Central** 7:4 18:16,19 71:13,17 102:7,11 103:5

**certificate** 11:9

**chance** 51:20 83:15

**changing** 18:22

**Chapter** 26:22

**Charboneau** 8:2 9:11,13,20,23 10:1,4,5 11:3 15:5 16:1,14 18:12, 21 19:3 20:8,18 21:21 22:11,19 23:3,21 24:3,19 25:1,8 26:12,19 [illegible] 29:4,19 30:10, [illegible] 33:1,20 34:4, 21 35:16 36:5 37:18 38:9 39:2,17,

24 40:1,10,20 41:14,22 42:2 43:1, 10,19 44:2,10 45:3,9,11,20,25 46:11,16,21 47:24 48:24 49:7,16 50:1,11,16 51:13 52:1,4,10,17,24 53:17,22 55:1,9,20 56:17,22 57:15 58:19 59:21 60:5,6,9,10,16, 22 61:8,15 62:5 63:8,18 64:4,10, 20 65:2,6,10,12 66:3,10,23 67:9, 21 68:5,13,23 69:13,18,21 70:3,8, 24 71:5,10,20 72:13,20 73:1,11, 17,21,22 74:10,22 75:11,14,15,19 76:15 77:20 78:25 79:10,17 80:1, 13,18 81:4,17 82:12,21 83:8,24 84:11,17 85:21 86:4,15 87:2,9,22 88:4,14,21 89:1,3,9 90:2,9,21 91:4,23 92:6,12,22 93:6,22 94:16 95:4,25 96:11,20 97:3,11,16 98:16,23 99:4,6,8,11,16,18 100:3, 9,14,23 101:2,21 102:1,8,14,20 103:3

**check** 63:6 75:15 77:22 102:2,4

**chief** 19:24,25 46:14 48:7

**choose** 102:24

**circumstances** 79:24

**circumvent** 33:8

**claim** 25:23

**claims** 14:25 15:10,11 22:13,15 23:5,8,12,13 24:13,21 25:5,6,10, 13,15,21,22 26:1 31:8,17,20 32:18 33:3,7 34:12,13,14 56:5

**clarification** 71:2

**clarify** 23:10 71:2

**clause** 44:1 66:15,19

**clauses** 66:17 67:1

**clear** 9:21 13:12,14 17:25 21:4,7, 11,23 36:18 37:24 40:23 41:2 44:21 61:24 62:21 63:13,23 64:13 68:3 69:4 84:20 87:15 92:23

**client** 47:18

**client's** 48:9

**clock** 102:6

**close** 71:11

**closed** 85:25

**closer** 10:24 18:8

**co-counsel** 97:20

**co-owned** 96:6

**Code** 26:7,15

**collectibility** 86:23 87:3,17

**comfort** 21:14

**comfortable** 15:17

**commercial** 20:1 87:12

**commercial-based** 91:12

**communicated** 49:1

**communication** 57:20

**communications** 57:23 58:12, 14

**company** 12:20 21:6 80:7

**compare** 72:15

**compared** 79:18

**comparing** 79:19 86:10

**compensate** 77:6

**compensation** 74:3,15,24 75:3, 4

**competent** 66:16

**complete** 53:6

**completely** 60:9

**Compromise** 37:4

**concluded** 103:7

**condition** 87:14

**conditions** 42:6 44:12 65:18

**conduct** 33:10 34:8 62:12

**conducted** 9:22

**conducting** 10:9

**confer** 93:25 102:23

**conferred** 58:11

**confident** 77:5

**confirm** 77:23 85:3

**confirmation** 28:25 76:7 77:6,9

**confirmed** 76:21,23 77:1 90:4,13

**confirming** 85:1,2

**conflict** 98:11,19 99:24 101:17, 24

**conflicts** 97:20

**confusing** 39:22

**connection** 7:13 37:23

USTP (Seadrill) Ex. 20
Page 111 of 212

consent 8:17

considerations 30:3 87:12

considered 57:16 78:4 82:4,7, 15,23 83:1 85:17 86:16 91:17 93:15 99:19

consist 19:23

consolidated 38:22 39:4

CONT'D 19:2 71:19

contained 30:1,8 42:7 64:22 72:7

contested 23:25

continue 24:1 101:17

continued 100:5

continuing 20:22 23:16 35:7

contract 69:8

contrary 57:3

corner 74:23

corporate 19:7

correct 9:22 11:15 12:5,14 14:22,23 17:2 22:5,8,13,14,16,24 24:15 29:21,22 31:19 35:4 39:14, 18 40:5,13,22 43:16 44:4,18,19 45:13 52:25 58:4 61:4 63:9 64:23 65:4,14 76:2,8 79:4 95:8

correctly 33:11,14 35:8 48:1,9 56:6 66:20

cost 30:5 72:11 77:14 80:6,21 85:13,16 86:10 94:9,25

costly 82:5

counsel 7:23 8:22 9:9 10:20,21 11:2 12:13,24 13:24 14:15 17:1, 22,23 18:1,7,22 19:24 21:1,2,13, 15 26:8,16,23 27:2 35:1,18 46:12 56:15 57:8,14,16 58:1,3,4,5,7,10 72:10 75:20 81:9 90:17 91:5,22 93:7,24 94:1 95:13,14,15 97:20 100:16 101:4 102:23

counsel's 35:3 58:9 93:21 94:5,6

counsels' 35:1

couple 34:11 47:1 59:24

court 7:3,13,16 8:11,24 9:3,9 10:11,23 12:8 14:1 15:21 16:11 15:5,14,16,19 26:23 27:18 28:21, ... 31:13,15,24 ...6,20 40:3 45:7 46:1,2,4,17 48:6 49:16,18 50:6,11

51:7 52:13,18 53:11,15 54:3,14, 19,23 55:2,13 56:12,15,17 58:20, 25 59:2 61:23,25 62:11,15,16,19, 20 63:7,12,18,20,22 64:13 65:16 66:16 67:1,10,23 68:7,15,16 69:3, 6,7,22,23 70:16 71:10,13,16 73:13 74:3 76:10 79:6 81:18 82:13,14 84:6,11,13,15 88:6 92:2, 15,25 96:20,22 97:11 100:23 102:11,24 103:2,5

court's 8:10 33:9,24 34:7 65:19 67:3 78:18

courtesy 102:14

cover 7:6 39:25

covered 39:25 45:22

CRC 7:6

created 15:8 85:13,15 86:10

cross 9:25 34:24 55:4 65:10,11 95:9 99:10

cure 25:2

current 13:4

cut 14:13

## D

date 15:9 25:14,24 76:22 98:3 100:8 101:6

dated 50:19 57:18

day 12:7 43:2 98:5

dealt 77:13

Debtor 26:22

Debtors 8:15 90:19 97:18

December 46:13,23 48:4 50:20 51:6

decide 69:4

decision 66:1 84:10

declared 66:16

deem 24:1

deems 81:13

defer 56:15 90:17 91:22 95:13

defined 23:4

demand 65:21

deny 64:12

denying 65:17

Department 7:20 8:3

deposition 7:9,12,15 8:6,18 10:9 23:23 90:23

depositions 8:8

description 12:12

detail 95:24 96:1

determines 67:1 68:7,16

differing 83:1

difficulty 18:24

digest 51:21

digital 7:6

direction 41:15 86:21

directors 20:2

disagree 31:4 54:20

disclose 30:2 98:10,18

discovery 85:25 89:18 99:14

discuss 30:4 80:4

discussed 20:14 33:25 45:23 58:5,12 59:12 72:10 80:3 87:5 94:23 101:11

discussing 86:5

discussion 58:7,9,13 72:14 86:23 87:10

discussions 58:2 66:4 87:6,11 95:14

disgorgement 24:8 36:21 48:8, 13 94:21

displayed 32:7 73:20

dispute 16:11 27:4,7,11 39:7 40:6,14 41:7 43:20 44:19 73:5,9 74:2,14 75:7 92:7,13

distributed 89:22 90:14,19

district 8:10 38:12,16 39:5,6,20 40:3,4 62:16,19 63:11,22 64:13 79:6

divergence 23:12

docket 76:18,25

document 16:15,24 17:6,15 32:7 36:25 42:15 50:17,22 51:14 55:21,23 56:12,23 61:16 65:8 66:11 69:14 70:5,9 73:18,23,25 97:12 100:16

USTP (Seadrill) Ex. 20
Page 112 of 212

**documents** 15:22 31:25 100:10

**dollars** 74:4

**draft** 61:4

**drafted** 54:4 61:10 72:2

**drafting** 61:2

**drink** 71:7

**driver's** 7:20

**duly** 9:7

**duration** 85:11

---

**E**

**earlier** 22:24 23:4 37:3 61:1 80:3

**ECF** 100:20

**effect** 45:15 46:6 66:20

**effective** 66:18

**Eisenberg** 8:16 16:19 17:1 21:5, 16

**Elizabeth** 7:5 95:19 96:15,23

**Elvina** 8:5

**Emily** 8:21

**employ** 27:8,12,25 28:7

**employed** 11:22 29:17

**employer** 12:18 13:2

**employment** 26:8,16 28:16 29:1,12 97:19

**end** 28:6 43:2

**endorsement** 102:22

**ends** 51:19

**enforcement** 26:7,15

**enlarge** 16:4

**enter** 19:8

**entered** 14:6 28:16 29:1 44:21 62:1,23 64:21 74:3 78:8

**entering** 78:4

**enters** 54:4

**entire** 65:15

**entirety** 42:8

**entity** 12:3,18 13:2,5,11,15 90:23

91:9,14

**entry** 39:11,13 40:11 97:19

**estate** 33:9 34:7

**estate's** 51:2

**estates** 47:10

**estimate** 85:17

**estimates** 86:9

**ethics** 98:24 99:21

**evidence** 39:19 92:2,15

**exact** 72:24 76:3 82:1 98:3 100:8

**EXAMINATION** 9:12 19:2 71:19

**examined** 9:7

**exceeded** 79:1

**exceeds** 8:10

**excess** 51:2

**Excuse** 10:23

**executive** 19:25

**exhibit** 15:22,24 16:16 17:7,11 31:25 32:2 35:19 37:1 39:10 42:16 46:17,19 50:12,14 51:15 55:22,23 56:18,20,24 59:23 61:17 66:12 73:14,15 74:6,8,18,20 76:11,13,17,18 97:12,14 100:10, 12,24,25

**exhibits** 16:23 75:8

**existence** 99:23

**exists** 58:21 59:3

**exited** 11:25

**expect** 67:3 70:20 78:3 92:25

**expected** 85:13

**expenses** 61:25 62:22 63:14,25 73:4,8 74:15,25 75:3 78:5,19 79:21 81:7 82:8,16 83:10 84:8,16 88:1

**expert** 36:16,17

**explain** 19:9

**explained** 55:19 94:7

**explanation** 84:4

**expressed** 48:19

**expressly** 8:9

**extent** 29:25 30:2 37:16,20 41:20

72:7 79:12 87:7 90:3

**eyes** 60:7

**Ezell** 8:4

---

**F**

**fact** 22:5 36:18 92:24 93:15,17 94:10 95:1,2,11 96:10

**factors** 30:7 94:24

**facts** 25:4 39:19

**fair** 15:2 27:18 37:13 38:11 80:12 101:8

**familiar** 13:15 14:16 17:8 37:8 38:13,17

**fault** 18:6

**favor** 43:15

**February** 7:1,5

**Federal** 7:16 37:5

**fee** 7:10 62:1,22

**feel** 45:1

**fees** 15:11,14 21:18 23:5 24:8,14 27:19 30:13,22 36:21 51:8,9 61:25 62:22 63:13,24 67:13 73:3, 4,7 75:22 78:5,10,12,19 79:1,7, 20,21 81:7 82:8,9,16,17 83:10,11 84:7,15 87:25

**figures** 79:25

**file** 28:6 35:18

**filed** 16:10,16 27:5,8,12,14 31:1,3 32:12 35:25 36:7,10,14 38:10,15 41:5 50:17 56:11 62:13 86:11 100:17,21

**filing** 27:24 77:1

**filings** 56:16

**final** 43:17 62:1 74:24 75:5

**finance** 13:16,19 20:3 36:1 38:20 90:22

**financial** 19:24 85:12,15 87:14 88:16

**fine** 18:14 36:17 71:10

**finish** 103:3

**firm** 7:11,24 8:22 21:25

**five-** 102:1,4

USTP (Seadrill) Ex. 20
Page 113 of 212

Nicole Anderson
Proceedings on 02/12/2026                    Index: five-minute..incorporated

**five-minute** 18:9

**flip** 61:16

**focus** 66:13

**focused** 19:6

**footing** 88:17

**footnote** 50:24 51:5

**force** 66:20

**form** 9:21 10:2 14:14 15:3 16:13
  20:7,15 21:19,20 22:9,10,17,25
  24:16,17,24 25:2 26:9,17,25
  27:20 28:1,2,8,17,18 29:14,15
  30:15,16 31:10,11 32:23 33:17
  34:3,18 35:13 36:3,4 37:15 38:7,
  24,25 39:15,18 40:8,17,18 41:12,
  18,19,25 42:1,23,24 43:7,18,23
  44:5,24 45:18,19 47:23 48:21
  49:4,13 50:8,9 51:10,11,25 52:7,
  14,21,22 53:13,14,19 54:21,22
  55:7,8,16 56:14 57:12 58:17
  59:18 60:13,19,20 61:5,11,12
  62:3 63:4,15 64:7,8,16,24 65:5,6,
  23 66:7,21 67:6,18 68:1,10 69:10,
  16 70:6,21,22 72:6,17,23 73:10
  75:10 77:17 78:21 79:8,12,22
  80:11,16,24 81:15 82:10,19 83:5,
  21 85:19 86:2,12,25 87:7,19,20
  88:2,12,18,19,25 89:7,24,25 90:6,
  15,16 91:2,3,20,21 92:5,9,10,20
  93:2,19 94:12,13 95:3,21,22 96:8,
  9,18 97:8 98:13,14,21 99:2,3,5,9,
  11,25 100:1,7 101:19,20

**forward** 12:11 21:4 92:1

**foundation** 99:7

**Freeman** 95:19 96:6,15,23 98:2
  99:1,23

**front** 21:11

**Fulbright** 8:20 22:2

**full** 9:14 53:25 66:20 67:12 72:19,
  21 94:21

**funds** 89:19,22

───────────

                  G

**Garza** 8:4

**gave** 71:25

**general** 8:22 13:24 14:15 19:24

**generally** 20:3

**give** 21:13 55:24 85:22

**giving** 70:5 102:14

**globe** 80:7

**goal** 36:20

**good** 7:3 8:19 83:15 94:10,19
  95:1,2,5,8,10,12

**gradient** 85:7

**grant** 65:20 67:3

**granted** 102:21

**granting** 37:4 97:17 101:3

**great** 95:23

**group** 12:21 13:3,6,10

**guess** 11:17 12:6 83:14 94:18

**guys** 103:4

───────────

                  H

**half** 85:23

**hand** 9:4 61:2

**happen** 52:18 53:7

**happened** 53:11

**hard** 18:6

**Hardin** 8:22

**Harrison** 8:21

**hate** 71:25

**head** 10:11 77:19 78:11

**headquarters** 11:13

**hear** 10:25 18:23 55:10 89:18

**heard** 59:1

**hearing** 18:7 46:13,23 47:8 92:3,
  8,14,19 93:7

**held** 46:23 66:15

**hey** 67:15

**hierarchy** 13:22

**high** 81:19,25 82:3,7,15 83:19,22
  84:2,5,13,24 85:2,6 93:1,11,13,18
  94:3,4,9,11,25

**highlight** 32:16

**highlighted** 51:17,18 57:2

**hit** 88:22

**hold** 10:15

**Holland** 98:25 99:22

**hone** 35:5

**Honor** 47:10,13,17 48:12

**hope** 16:2 59:24

**hoping** 71:24

**hours** 71:6

**house** 96:7

**Houston** 7:21 11:10

**hypothetical** 51:23 52:5,13
  54:2,5,9,16 55:18 62:2,7,24 66:1
  67:15 93:9,10,12,14

───────────

                  I

**identification** 15:22,25 16:16
  17:6 31:25 32:3 35:19 37:1 39:10
  42:16 46:17,20 50:12,15 51:15
  55:22,23 56:18,21,24 59:23 61:17
  66:12 73:14,16 74:6,9,18,21
  76:10,14 97:12,15 100:10,13,24
  101:1

**identified** 7:19 19:5

**identifies** 47:2

**III** 32:17

**illegal** 66:17,19

**impact** 33:24 34:7 51:1 52:12
  87:17

**impacted** 90:24 91:7

**improper** 23:18

**inability** 88:10

**include** 26:1 34:19,22 72:7

**included** 20:24,25 49:10,21
  60:18

**includes** 87:8

**including** 15:23 17:17 32:1 42:6
  46:18 50:13 56:19 76:11 97:13
  100:11

**inclusion** 57:10 60:11

**incorporate** 23:24

**incorporated** 42:7,22 43:6,17,
  21,25 44:4,8,9,13

USTP (Seadrill) Ex. 20
Page 114 of 212

Nicole Anderson
Proceedings on 02/12/2026

**increase** 60:4

**incurred** 77:15 78:5,20 79:7,21 82:9,17 83:11

**independent** 34:12

**Indiscernible** 46:9

**input** 35:1

**inquiry** 71:25

**insert** 56:4

**intend** 33:3

**intended** 31:8,16

**intention** 49:1

**interest** 21:17 26:7,14 40:15 41:11,16 42:13 44:18 47:17

**interests** 58:22 59:5

**interim** 74:3,15 75:4

**internal** 20:4

**internally** 20:2

**interrogatories** 76:4

**investigation** 87:16

**invoices** 77:11,24

**involve** 79:15

**involved** 17:20,23 35:17

**involvement** 19:19

**involves** 79:13

**issue** 18:11 47:20 48:20

**issued** 7:20

**issues** 58:20,25 59:2

---

**J**

**Jackson** 7:10 8:20,23 14:3,7,21, 25 15:9,10,14 22:5,7,15,22 23:5, 17,18 24:8,14,21 25:14,24 26:2 27:8,12,16,18,25 28:7,14,24 29:11,17 30:9,13,22 31:9,17,19 34:24 36:21,23 40:25 41:2,9,24 45:14 46:4 47:6,19 48:19,25 49:8, 19 50:17,25 51:7 52:19,20 53:8, 11,15 54:15 55:14 57:20,24 58:10,15 59:9 60:17 61:1,9,25 62:21 63:13,24 64:13 65:21 66:6 67:4,11,12,15,22,24 68:6,8,15,18 [Indiscernible] 19 75:22,25 76:5,14,23,18 78:18,19 79:6 81:8

82:8,16 83:9 84:7,15 86:24 87:4, 14,18 88:7,10,16,22 89:4,10,15 90:12,25 91:8,13 95:18,19 96:3 97:20 98:9,17,24 99:21 100:4,17 101:8,13,16,23

**January** 57:18

**Jason** 8:19 47:3

**Jenkins** 8:22

**job** 12:12

**Joel** 8:2

**joined** 8:16,20

**joining** 8:21

**Jones** 95:20 96:6,16,23 98:2 99:1,23

**Journal** 98:6

**judge** 46:13,14 48:7,15 63:11,22 64:11,12 94:22 95:20 96:6,16,23 98:2 99:1,23

**judgment** 86:23 87:4,17 88:23

**judicial** 98:11,19 99:24

**Julie** 8:21

**jurisdiction** 66:16

**Justice** 8:3

**JW** 32:17,18 35:7 44:22

---

**K**

**key** 30:3

**Kingdom** 11:6,8

**knew** 65:3 94:22

**Knight** 98:25 99:22

**knowledge** 48:25 77:12 88:9,15 91:11 101:13,23

**knowledgeable** 13:25 14:6

---

**L**

**Lack** 99:7

**language** 32:16 42:4 43:22 56:3, 9,12 57:2,5,10,21 58:12 59:15 60:12,17 61:20 66:24

**larger** 16:5

**Laura** 8:4

**law** 7:10 11:8 44:23 94:20

**learned** 97:25

**left** 16:8 19:4 32:6 73:25 74:11,23

**legal** 9:14 10:20,21 11:2 12:13,24 17:23 21:15 30:1,2 72:7,8,10 77:23 79:13

**length** 72:11 80:4

**lengthy** 94:9,25

**license** 7:20

**licensed** 11:4

**licenses** 10:15

**light** 51:3

**likelihood** 81:11 82:3 84:2,5,13, 24 86:6 94:3,4,10

**limit** 65:19 67:2,24 70:17

**limitation** 42:6

**limited** 8:11,15 10:19 11:21,23 12:2,3,12,20,23,25 13:5,10 14:2, 7,21 15:1,14,19 16:17,19 19:20 23:7 24:14,22 26:2 32:17 35:11 36:1,11 38:20 41:16 77:10 89:20 90:20,25 97:17,18 98:10 101:9, 18,24

**Limited's** 11:13 27:12 73:8 75:22 76:1 100:4

**Lines** 51:16

**Liquidating** 9:1

**litigant** 40:22

**litigate** 24:10 30:4,5 80:5

**litigation** 15:6,12,13 20:23 22:3, 8,23,24 23:2,9 24:4,5,6,9 41:11 47:6 50:7 54:14 72:11 77:14,16 78:6,20 79:21 80:21 81:1 82:9,17 83:12,15 85:12,16 91:11,12 93:1 94:9,19,25

**living** 96:16,23

**LLC** 12:1,3 13:16 14:3 19:20 90:20

**LLP** 14:8

**located** 7:21 11:14

**location** 7:14

**Locke** 8:14 22:1

**lodge** 24:1

USTP (Seadrill) Ex. 20
Page 115 of 212

Nicole Anderson
Proceedings on 02/12/2026

Index: long..nonmonetary

**long** 79:14 82:4

**looked** 19:4 44:11,14,16 49:9,20 79:24

**lost** 55:24

**loud** 22:20

**low** 83:23

**lower** 16:8 32:6 74:23

---

**M**

**M-A-Y-E-R** 8:13

**Madam** 31:13 49:16 82:13 84:11 96:20

**made** 8:8 23:16 48:3 63:12,23 77:7 81:12 84:9 88:9 89:4,10 90:4 95:1,11 96:15,22 97:2

**main** 30:6 94:24

**make** 10:2 11:16 14:12 18:13 42:17 45:14 46:5,9 65:21 69:4 85:8 90:10 97:4 101:13

**makes** 44:21 61:24 62:21 64:13 85:9 94:10 102:8

**management** 11:22 12:22 19:13,21,23 21:17 26:6,14 29:10, 21 30:8,11,20 33:25 34:5,6 37:13, 22 38:1,6 49:2,11,21 50:2 59:12 64:22,25 65:3,13 66:2,5 72:2,4 78:17 79:2,5,11,18,23 81:5,6 82:23 83:1 84:6,9,14 85:24 87:3, 13 88:5 91:17 94:2,5,7,24 95:16, 17 96:5,15,22 97:7 99:19

**management's** 87:10

**March** 92:3 100:5,21 101:6,9

**mark** 15:21 31:24 46:17 50:12 56:18 73:13 74:18 76:10 97:11 100:9,24

**marked** 15:24 16:15 17:6 32:2 35:18 36:25 39:9 42:15 46:19 50:14 51:14 55:21,23 56:20,23 59:23 61:16 66:11 73:15 74:6,8, 20 76:13 97:14 100:10,12,25

**materials** 20:16,19

**math** 75:14,17

**matter** 7:9 9:22 23:25 29:12 96:2

**Mayer** 8:3,4,6 9:20,25 10:3 15:3

16:13 18:9 20:7,15 21:5,15,20 22:9,17 24:16,24 25:4 26:9,25 27:20 28:2,8,18 29:15,25 30:16 31:10 32:23 33:17 34:18 35:13 36:3 37:15 38:7,24 39:15,19 40:8, 17 41:19,25 42:23 43:7,23 44:5, 24 45:19,21,22 46:9 47:22 48:21 49:4,13,23 50:8 51:10 52:7,14,21 53:13,19 54:22 55:8,16 56:14 57:12 58:17 59:18 60:4,7,13,19 61:5,12 62:3 63:4,15 64:1,8,16,24 65:5,8,11,23 66:7,21 67:6,18 68:1,10,21 69:10,16,25 70:6,21 71:9 72:6,17,23 73:10,20 75:10, 13,17 77:17 78:21 79:8,12,22 80:11,16,24 81:15 82:10,18 83:5, 21 85:19 86:2,12,25 87:7,20 88:2, 12,19 89:7,24 90:6,15 91:2,20 92:5,10,20 93:2,19 94:13 95:3,22 96:9 97:1,8 98:14 99:3,4,6,12,13, 14 100:1,7 101:20 102:6,17,25

**meaning** 15:18

**mediation** 45:23,24 46:2

**medium** 83:23

**meeting** 19:11 20:5,6,13,17 33:25 34:5

**members** 19:22 20:1,3

**memo** 29:20,24,25 49:2,10,21 72:2,3,15 77:13 79:5,11 80:2 81:6 83:22 85:12 86:5,22 87:23 95:16, 17 96:1,13

**mention** 30:6

**mentioned** 23:12 24:4 31:22 77:13 84:1

**merged** 12:2

**merger** 12:4

**merit** 99:12

**merits** 58:23 59:6 92:16 94:3

**microphone** 10:24 18:8

**microphones** 18:22

**Millie** 8:5

**million** 85:23 90:11

**million-dollar** 88:23

**minute** 19:7 86:22 102:2,5

**minutes** 101:12

**misinterpreted** 10:11

**Misstatement** 25:4

**misunderstandings** 14:14

**mm-hmm** 10:8,10 88:3

**modification** 58:6

**modifications** 57:25 58:16

**moment** 11:9 12:8,10 35:5 37:1 51:17 71:12 79:1

**monetary** 47:16,20

**money** 54:24 55:3,6,14,15,19 64:5 90:10,13

**monies** 47:19

**month** 58:21

**months'** 78:12

**Moses** 64:12

**motion** 16:3,10,16,23,25 31:3 33:7 34:13,25 35:3,25 36:7,10 37:4 39:4,13,14,20 41:5 54:8 56:6 58:23 59:1,25 62:12 81:20 82:2 91:19 100:16 101:3

**motion's** 56:4

**motions** 32:10,19 35:25 36:14 38:10,11,12,15,19,21 40:2 41:6 45:16 46:6 51:1 54:8 59:7 65:20

**Motor** 7:20

**move** 12:11 14:13 28:12 34:10 52:1 57:1 61:18 66:11 86:21 89:1

**moved** 32:15

**moves** 23:15

**mutual** 15:8 22:21 31:20 42:7 43:11

---

**N**

**narrative** 92:24

**nature** 8:6 87:6,11

**negotiated** 34:24 45:5,10

**negotiation** 17:20

**nervous** 39:22

**news** 98:3,6 101:11,14

**Nicole** 7:9,19 8:17 9:6,16

**nitty-gritty** 96:4

**nonmonetary** 47:13,16

**Norton** 8:19 22:2

**notes** 102:2,15

**Notice** 56:25

**notwithstanding** 57:2

**number** 7:11 17:11 38:22 39:1,5, 11 40:7,11,15,22 41:5,17,23 57:4 76:19,25 83:12,20

**numbers** 75:8

**numeral** 32:17

**numerical** 41:3

---

**O**

**oath** 7:25 71:22

**object** 24:1 63:2,11,21 83:21 92:9 94:12 95:21 96:8,9,18 98:13, 21 99:2,25 101:19

**objected** 86:19 99:9

**objection** 15:3,4 16:13 20:7,15 21:19,20 22:9,10,17,18,25 24:16, 17,24,25 25:2 26:9,10,17,25 27:20,21 28:1,2,8,9,17,18 29:2, 14,15,25 30:15,16 31:1,10,11,18, 23 32:8,23,24 33:17,18 34:3,18 35:13,14 36:3,4 37:15 38:7,24,25 39:15,16,18 40:8,17,18 41:12,18, 19,25 42:1,23,24 43:7,8,18,23,24 44:5,6,24,25 45:18,19,21 46:8 47:22,23 48:21,22 49:4,5,13,14, 23,24 50:8,9 51:10,11,25 52:2,3, 7,8,14,15,21,22 53:13,14,19,20 54:21,22 55:7,8,16,17 56:13,14 57:12,13 58:17 59:18,19 60:13, 14,19,20 61:5,6,11,12 62:3,4 63:4,5,7,15,16 64:1,2,7,8,16,17, 24 65:5,6,23,24 66:7,8,21,22 67:6,7,18,19 68:1,2,10,11,20,21 69:10,11,16,17,25 70:1,6,7,21,22 72:6,17,23 73:10 75:10,11 77:17 78:21,22 79:8,12,22 80:11,16,24, 25 81:15 82:10,18,19 83:5 85:19 86:2,12,25 87:7,19,20 88:2,12,13, 18,19,25 89:7,8,24,25 90:6,7,15, 16 91:2,3,20,21 92:5,10,20 93:2, 3,19,20 94:13 95:3,22 96:25 97:1, 8,9 98:14 99:3,5,17 100:1,7 101:20

**objections** 9:21,23 14:14 23:16, 18,24 14:00 11,12

**obtained** 99:21

**occurred** 18:18 71:15 102:13

**October** 98:4,9,17 101:12

**offer** 47:10

**officed** 11:10

**officer** 19:24,25 20:1

**Omnibus** 32:8

**Oops** 55:22

**operating** 11:25 13:5,10 80:7 90:12

**operational** 19:25

**operations** 80:22 81:1,2

**opinion** 98:25 99:22

**opportunity** 35:24

**opposed** 64:5,15 66:5

**opposition** 57:9

**options** 65:25

**order** 8:11 17:4 28:16 29:1 30:13, 22 37:2,4,8,10,14,22 38:4,6 39:9 40:11 42:4,11,12,22 43:6,17,21 44:14,17,20,21 51:7 54:4 56:4 57:3,10 58:16 61:24,25 62:20 64:13 65:17 67:12 70:18 74:2,12, 14,24 75:4 84:7,15 86:7 97:17,19, 21 101:3,6

**ordered** 42:5,12 53:15 54:23 62:21 63:13,24 64:14 88:6

**ordering** 54:15 67:11

**orders** 29:12 52:19 53:11 55:2,13 62:1,22 73:13

**outcome** 88:6

**outcomes** 82:23 83:1 87:24

**owe** 67:16

**owed** 47:11

**owns** 47:18

---

**P**

**p.m.** 7:1,4 18:16,19 71:13,17 102:11 103:5,7

**paid** 28:14,24 43:3 52:20 53:8 54:11 62:1,22 70:20 72:19,21 75:25 77:11 81:8 82:8,16

**paragraph** 32:15 33:4,5 34:10 35:2,4 42:18,20 43:5,11,14,17,21 44:4 56:2 59:25 60:17,23 61:10, 14 66:13,15,19 70:17

**paragraphs** 66:17

**paraphrasing** 31:3,4 82:5

**Pardon** 11:5 14:4 34:2 38:14 81:16

**part** 12:21 13:2 66:15,19 68:24 76:18 77:13 79:14 84:22,25 85:12 86:22 90:13 93:9,11,12

**partial** 46:22

**participation** 66:4

**parties** 7:7,14 27:17 42:13 44:17 58:22 59:6

**partner** 8:20 23:6 95:19

**Partners** 8:14 11:20,24 13:11,12 14:2,7,21 15:1,15,18 16:17,20 24:15,22 26:3,23 27:5,8 28:15,25 36:1,7 38:20 76:7,19 77:2,5 90:5, 20,24 98:18,20

**Partners'** 73:3 76:21 77:8

**parts** 66:17 71:1 84:21 85:3

**party** 23:24 32:9 40:15 41:10,16 47:17 90:14

**pass** 102:16

**past** 28:12

**Patrick** 8:25

**pay** 47:10 52:19 53:12,16 54:15 55:14 64:14 67:4,17 78:19 79:6 88:10 89:5,11

**paying** 67:11

**payment** 43:4 65:21 86:20

**payments** 77:7 90:3

**pendency** 98:11,19

**pending** 39:4,5,14,20 40:3,7,25 41:1,6

**penny** 54:19

**Pepper** 8:14 22:1

**percent** 37:19

**perform** 67:4 70:13

**performed** 66:18 67:16

**periods** 25:7

USTP (Seadrill) Ex. 20
Page 117 of 212

Nicole Anderson
Proceedings on 02/12/2026                                          Index: person..reason

**person** 20:12

**personally** 91:25

**perspective** 47:9,20,21 51:19

**petition** 28:14,24 75:25

**Philip** 8:16 21:3

**phonetic** 9:16

**picking** 47:8 48:6

**picks** 61:17

**place** 7:25 55:25

**plan** 9:2 76:21,22 77:1 89:23
  90:13,18

**plans** 90:4

**pleading** 32:12

**pleadings** 81:13

**point** 29:16 35:24 38:12,16 48:18
  50:23 66:24 72:1 78:12 88:15
  101:22

**points** 15:8 80:3

**Polnick** 77:1

**portion** 47:25 51:18

**position** 23:23,24 41:10 48:9,12,
  15,19 49:8,19 50:3,4,5 51:9 55:2,
  13 63:10,21 67:15

**positively** 7:18

**possibilities** 85:4

**possibility** 84:9,25 85:1,2,6

**possibly** 46:2

**post** 28:14,24 75:25 76:7 77:6,8

**post-confirmation** 77:2,11

**potential** 23:12 33:24 57:24
  72:16 79:16 85:16 86:6 87:17,24

**potentially** 20:21 71:4 95:10

**pre** 28:25

**pre-confirmation** 28:15

**preceded** 49:3

**Preempts** 32:9

**prepared** 20:16,19 29:20

**present** 20:17 83:23 84:23,24
  92:14
  [...]59:20 65:11
  83:25 84:1,6,14 85:1,2,10 94:22

**presently** 7:21

**preserve** 56:4

**preserving** 58:22 59:6

**pretty** 93:24

**prevent** 67:11

**previous** 75:4

**previously** 72:1 99:21

**prior** 8:8 9:21 13:11 21:16 26:5,
  13 35:24 36:6 37:11,14 48:18
  57:7 59:12 98:9,17

**private** 31:8,17 32:9

**privilege** 45:24 46:2 93:25

**privy** 58:11

**probabilities** 82:25

**probability** 81:5,7,14,19,24 82:6,
  7,14,15 83:4,12,14,19,20 91:16,
  19 92:2,15 93:1,8,11,13,18

**procedural** 92:19

**procedure** 7:17 37:5 44:23

**proceed** 9:10 21:10

**proceeding** 7:7 8:1,10 103:7

**process** 29:8

**production** 91:18 92:8

**professional** 7:10 10:15

**professional's** 33:10 34:7

**prohibiting** 35:6

**projections** 85:13,15

**proof** 89:15

**propose** 59:13

**proposed** 14:1 17:4 37:2 38:4
  39:9,13 40:11 42:4,11 43:21
  44:20 54:4 56:4,25 58:13,15,16
  59:9,15,17 60:11 61:20 79:18

**provide** 56:3 81:6 94:5,6 101:24

**provided** 89:15 94:21

**provision** 44:16 51:3 57:3 60:2
  64:23 65:4,14 66:13,14 70:17

**provisions** 26:7,15 42:21 67:10,
  23 68:7,9,17,19 70:19

**public** 21:17 26:6,14

**publicly** 80:17

**purely** 84:24

**pursuant** 7:16 37:5 62:22 70:16

**pursue** 35:7 47:15

**put** 8:7 77:21 92:1 95:15,17 96:1

**puts** 80:5 81:2

**putting** 80:22

---

**Q**

**question** 10:6 16:21,25 21:9
  25:2,21 26:11,18 27:22 28:3,10,
  12,19,22 29:3,5 30:17 33:12
  41:13 45:25 46:3 49:15 52:9 53:3,
  6,7,21,24,25 54:18,25 55:10,11
  60:15 68:14,22,24 69:20 71:1
  78:23 81:10,22 82:20 83:18
  84:12,19,20 85:3 86:14 88:20
  91:24 93:4,14 94:17 96:19,21
  99:15

**question's** 70:2

**questions** 23:14 59:24 76:9
  102:17

**quick** 59:24,25

**quicker** 12:11 102:4

---

**R**

**raise** 9:4

**range** 79:24 82:22 87:24

**rate** 83:22

**rated** 85:5,6

**rating** 84:3

**rattle** 92:23

**read** 28:21 30:19 31:13 33:10,14,
  19,22,23 35:7 46:1,3 47:25 48:9
  49:16 51:5,18,22 56:6 63:19
  64:25 65:9,15 66:20 68:13 69:21
  82:12 84:11 96:20 102:22,25

**reads** 32:7,17 33:6

**ready** 19:1

**Real** 48:7

**reality** 79:23

**realize** 71:21

**reason** 16:11 27:4,7,11 39:7
  40:6,19 41:6 43:20 73:5,9 74:2,14

USTP (Seadrill) Ex. 20
Page 118 of 212

75:7 88:5 92:7,13

**recall** 19:17,20 20:10,17 23:4,7
29:23 34:9 46:10 48:23 51:5
60:24 61:7 74:1,13 76:7 82:1
85:20 86:8,9,16 97:24,25

**receipt** 66:5

**receive** 47:19 51:2 54:24

**received** 21:15 89:19 98:24

**receives** 90:11

**receiving** 64:5

**recess** 18:18 71:15 102:13

**recognize** 16:15,25 17:12,17
32:12 59:16

**recollection** 60:1 61:9

**recommendation** 62:16 63:3

**recommendations** 72:7,8,10
79:13

**recommended** 63:11,22

**recommending** 94:2

**recommends** 61:23 62:19 64:11
65:16

**reconvene** 71:8

**record** 7:4,18,24 8:7 18:15,17,20
71:11,14,16,18 102:12 103:6

**records** 77:7

**recover** 47:12 51:20

**recovering** 81:7

**recovery** 72:16

**red** 16:8

**refer** 23:2

**reference** 41:3 42:8 44:13

**referral** 8:11

**referred** 96:2

**referring** 13:6 23:1,9 81:20 98:7

**refresh** 60:1

**reimburse** 83:11 84:7,16

**reimbursement** 74:15,25 75:3,5
88:1

**related** 14:24 56:5

**relation** 15:11

**relationship** 95:20 98:1,25
99:22

**relative** 13:22

**release** 38:2 47:12 51:3

**releases** 42:7 43:11,15

**relevant** 19:14,15 29:18 50:4

**relied** 93:17,21

**relief** 35:7,10,21 36:13,19 47:16
65:20 67:3

**rely** 27:1

**relying** 93:23

**remain** 66:20

**remember** 61:13 72:1 100:8

**remind** 23:1

**remote** 7:6,8 8:6,18

**remotely** 7:15 8:1

**rendered** 76:1

**Renew** 49:23 69:25

**reorganization** 89:23

**Reorganized** 8:15 90:19

**repay** 67:13 70:18 83:10

**repeat** 24:18 26:11 27:22 28:10,
19 30:17 31:12 39:12 41:13 45:7
49:15 51:12 55:11 58:24 71:25
87:1 90:8 92:11 94:6

**repeating** 95:15

**rephrase** 13:1 15:6 22:12 26:18
28:3 29:3 49:6 52:9,16 53:3
60:15,21 62:10 63:17 64:3 67:8,
20 68:4,12,22,25 70:23 78:7,23
82:11,20 84:21 88:20 89:10 93:4
94:15 96:19 101:22

**reply** 31:1,22 35:18

**report** 7:25 13:24 62:15 63:3

**reported** 80:17

**reporter** 7:3,6,13,16 8:24 9:3,9
10:11,23 12:8 15:21 18:5,14,16,
19 28:21,23 30:18,20 31:14,15,24
45:7 46:1,2,4,17 49:16,18 50:11
56:17 63:18,20 68:15 69:22,23
71:10,13,16 73:13 76:10 82:13,14
84:11,13 96:20,22 97:11 100:24
102:11,24 103:2,5

**reporting** 101:14

**reports** 77:2

**represent** 7:24 8:3 16:9 22:2,5
23:19 27:16 39:3 41:4 100:5

**representation** 14:25 24:21
26:2 98:19 101:17

**representations** 45:15 46:5
81:13 87:13 88:9 89:4,11 101:13

**representative** 14:10 23:17
48:19

**representatives** 45:14 46:5
57:20,24 58:15

**represented** 21:25 76:6 81:24
88:16 101:8

**representing** 26:24 91:8,13
92:17 95:18

**represents** 16:19 47:5

**request** 7:7,14

**requested** 56:3,9

**require** 60:17 67:24 68:8,18
70:12 78:19 79:6

**required** 19:8 83:9 90:4

**reservation** 8:8

**reserve** 102:17,19

**reserves** 8:9 50:25

**resolve** 18:10 56:13

**respect** 22:3 77:15 85:4 86:17

**respects** 42:12 44:17

**respond** 23:22

**responded** 48:12

**response** 32:8 33:21 76:3,5

**responses** 89:18

**restart** 27:6

**restate** 81:6 88:15

**restrict** 68:8,17

**restroom** 71:7

**result** 54:14

**retention** 97:19

**return** 30:13,22 51:8 61:25 62:21
63:13,24 67:24 68:9,18 84:7,15
87:25

USTP (Seadrill) Ex. 20
Page 119 of 212

Nicole Anderson
Proceedings on 02/12/2026

Index: Revenue..shaking

**Revenue** 80:12

**revenues** 80:10,15,17

**review** 33:9 34:7 35:25 38:1
50:22,24 102:22 103:1

**reviewed** 36:6,10 37:10,14,22
38:6 49:11,22 50:24 57:7

**rights** 8:8 50:25 56:5 70:10,12

**risk** 20:21,22 83:16 84:2,3,5,14
94:9,20,21

**risks** 94:7,8

**road** 12:6 94:1

**Rodriguez** 46:13,14 48:7 63:11,
22 64:11

**Rofael** 8:5

**role** 10:19 12:22 17:23

**Roman** 32:16

**romantic** 95:20

**room** 17:25

**Rose** 8:20 22:2

**roughly** 38:20 72:21

**rule** 31:3 32:10,19 33:7 34:13
36:7 37:5 38:11 44:23 45:16 46:6
54:7,14 56:6 62:12 65:20

**Rules** 7:16

**runs** 17:16

**Rusty** 8:21

**S**

**Sall** 8:5

**Salomon** 7:6

**sanction** 36:23 55:13 78:18

**sanctions** 44:22 47:14 54:15

**Sara** 9:16

**satisfied** 90:5

**satisfy** 89:16

**scenario** 83:13

**scheduled** 7:6

**screen** 16:2,3 31:23 42:18 47:4
61:21 102:10

**Seadrill** 8:14,15 10:19 11:1,13,
17,18,20,21,22,24 12:2,3,12,16,
18,19,21,22,24,25 13:2,3,5,10,11,
16,19,22 14:2,7,21 15:1,14,15,17,
18,19 16:17,19,20 19:8,23 20:3
21:17,18,24 22:2,7,22 23:6,19
24:5,9,12,14,15,20,22 26:2,3,8,
13,16,23 27:5,8,12,16,19,25 28:7,
13,15,25 30:14,23 31:1,8,16,19
32:6,13,18 33:5 34:11 35:11 36:1,
7,11,15 37:3,13,24 38:1,5,19,20
40:14 41:10,16 43:2,5,15 44:19
45:1,5,9,15,16 46:5,7 48:20 50:5
51:8,9 52:11,18,20 53:9,16 54:11,
15,19,23,24 55:5,15,19 56:3,8
57:9,19,23 58:4,14 59:9 61:3
62:2,23 63:2,7,9,10,21 64:5,15,21
65:21 67:3,13 69:8,14,23 70:5,10,
12,19 73:3,8 75:22 76:1,6,7,11,
19,21 77:2,5,8,10,15 78:4,8,16,20
80:7 81:8,12,18,24 83:10,11
87:16 88:5,11 89:11,15,20 90:4,
11,19,20,22,24,25 91:8,13 92:8,
14,25 93:8,16,17 95:18 96:6,16,
24 97:17,18,25 98:10,18,20 100:4
101:9,14,17,24

**Seadrill's** 14:10 17:1 23:12
25:20,22 26:6 29:10,21 30:11,20
32:8,17 34:12,13 35:18 38:6
46:12 49:10,21 50:4 52:5 55:2,13
59:12 61:10 66:1 67:14 78:17
79:21 80:22 82:9,17 84:8,16 87:3
98:11

**Seadrill001** 15:23 16:8

**Seadrill013** 16:23

**Seadrill014** 39:11 44:11

**Seadrill017** 17:6

**Seadrill019** 42:17

**Seadrill024** 66:14

**Seadrill025** 17:12

**Seadrill026** 31:25 55:24

**Seadrill027** 56:2

**Seadrill207** 97:13

**Seadrill224** 73:14,24

**Seadrill225** 74:7,11

**Seadrill294** 74:19,23

**Seadrill295** 100:10,15

**Seadrill299** 100:24

**Seadrill334** 51:16

**Seadrill337** 46:18

**Seadrill370** 50:12,18

**Seadrill376** 56:18,24 61:18

**Seadrill378** 59:16 61:19

**seek** 33:6,8 48:14

**seeking** 24:7,10,20 35:10,15
36:14 47:13

**senior** 11:2 12:7,10,13,24

**sense** 85:8,9 102:9

**sentence** 33:5 35:4

**sentences** 33:10 34:12

**separate** 13:12 33:23 35:11

**serve** 58:22 59:5

**services** 76:1 77:6

**set** 25:16,18 42:8 51:3 52:12
72:18 88:10 89:12

**sets** 56:12

**settle** 15:8 24:11,13,20 31:8,16
32:18 33:3,6 34:14

**settled** 25:5,7,10 47:10,17,20
48:14 51:3

**settlement** 14:1,6,16,19,20,24
15:7,8 16:10,16,24 17:5,16,17,21
19:5,8,12,13,22 20:5,13 21:16
22:12,21,23 23:8 25:6,10,14,16,
18,25 26:5,13 29:11 30:8,9,12,21
31:2,7,15 32:9,17 33:6,8,25 34:6,
13 35:6,12,15 37:5,23 38:2 41:5,
21 42:5,21 43:4 44:8,13,20 45:16
46:6 48:15 49:3,11,22 50:6 51:1,4
52:6,12,23 53:7 54:3,8,11 55:15
57:3,11,17,25 58:6,16 59:1,22
60:18 61:2,24 62:20 63:12,23
64:9,12,21,25 65:17,18,19 67:2
68:6,16 70:10 72:3,12,15,18 78:5,
9,17 79:2,18 85:25 86:6,17,18,21,
22 87:21,23 89:5,6,12,16,19
90:24 91:19 92:14 99:20

**settles** 22:13,15

**settling** 15:7 23:24 25:13 35:11
51:2

**setup** 54:5

**severability** 64:23 65:3,14 66:13

**shaking** 10:10

USTP (Seadrill) Ex. 20
Page 120 of 212

Nicole Anderson
Proceedings on 02/12/2026                          Index: share..thereof

**share** 16:2 31:23

**sharing** 102:10

**short** 102:15

**short-circuit** 71:24

**showing** 17:11 46:22 50:17
  56:23 97:17

**side** 9:18

**signature** 17:9,13 19:5

**signed** 14:16 38:2 50:19 57:17

**Simon** 8:13 18:4 21:3

**simple** 45:25

**simply** 21:9

**sir** 60:6

**sit** 14:5 77:14,23 91:17

**situation** 54:2 55:18 63:1 83:12,
  20 93:14

**size** 60:4

**skate** 67:22

**slightly** 16:4

**slippery** 88:16

**Smith** 8:21

**solicitor** 11:7

**solution** 19:1

**sort** 85:12

**sought** 21:8 35:21 36:19 65:20
  101:16

**sound** 76:23

**sounds** 44:3 76:24 98:8

**Southern** 39:6 40:4

**speak** 10:24

**speaking** 47:2 49:18 91:5

**speaks** 65:8 82:2

**specific** 13:11 15:11 19:7

**specifically** 14:24 36:22

**sped** 102:16

**speed** 102:3

**spell** 9:15

**stamp** 15:23 16:8 32:6 39:10
  42:17 97:13

**stamps** 100:20

**stand** 13:22

**Standard** 7:4 18:17,20 71:14,17
  102:12 103:6

**standing** 47:18 48:14

**standpoint** 47:16

**start** 26:21 28:13 45:4 53:10
  54:1,3 62:6,8 69:7 70:9 83:9
  85:14 97:4

**started** 55:24

**starts** 37:24 51:18

**state** 7:23 9:14

**stated** 23:19,23 25:6 49:9,19

**statement** 32:22 33:16

**statements** 33:16,22 48:4

**states** 8:2,3 35:5 39:5 40:3 44:7
  50:25 56:2,25 66:14

**stating** 31:2

**statute** 44:23

**stay** 19:6

**Steele** 8:4

**stipulate** 7:7,15,25

**stipulates** 8:5

**stop** 99:4 102:9

**story** 98:4

**straightforward** 84:3

**strain** 80:5,22 81:2

**Street** 98:6

**strength** 94:18 95:7,9,11

**Strickler** 13:23 14:16 38:2

**Strickler's** 17:8,13 19:5

**strike** 9:1 23:15 26:20 27:5 52:2
  89:1

**struck** 83:17

**studied** 11:8

**subject** 69:6 84:5,13

**submit** 63:7

**substitute** 100:16 101:4

**success** 81:5,7,14,19,24 82:25
  83:4,13,19 84:2 91:16,19 92:2,15
  93:1,8,11,13,18 94:3,4,11

**sued** 40:24 41:9

**suggestion** 102:9

**suing** 41:24

**summary** 20:21

**surviving** 12:3

**swear** 9:3 12:8

**sworn** 9:7

---

**T**

---

**takes** 81:2 103:3

**taking** 50:5 95:14 102:21

**talk** 9:25 13:18 34:25 54:2 55:4
  65:10,11 73:2 86:20 91:16 95:9
  99:10

**talked** 22:24 37:2 38:10 85:11
  90:22

**talking** 9:23 15:13

**talks** 35:21

**team** 19:23 20:3 37:22 77:24

**Teams** 20:11

**technical** 18:11

**technology** 7:8

**teed** 47:15

**telegraph** 14:15

**tells** 54:19

**terminology** 14:13

**terms** 11:17 19:21 20:21 30:8
  42:5,25 43:25 44:7,8,12 65:18
  72:11 77:10 87:21

**testified** 9:7

**testifying** 92:19 93:16

**testimony** 36:17 47:21 71:25
  80:23 93:10

**Texas** 7:20,22 39:6 40:4

**that'll** 21:13

**thereabouts** 72:25

**thereof** 42:6

USTP (Seadrill) Ex. 20
Page 121 of 212

**spoken** 60:12

Nicole Anderson
Proceedings on 02/12/2026                                    Index: things..withdrawn

**things** 10:10 25:23 30:6 47:2
102:16

**thinking** 93:18

**thought** 39:24 83:14 86:13

**THURSDAY** 7:1

**tie** 39:21

**time** 7:4 11:20,23 12:7 18:14,16,
17,19,20 20:1 25:7 30:4 38:13,16
48:18 59:1 60:23 64:19 66:1
71:13,14,17 72:11 78:4,10,14,16
79:2 80:4 82:4 85:24 95:18 96:5,
16,24 98:9,17 99:19,20 101:22,23
102:11,12 103:5,6

**timing** 82:3 99:6,13

**today** 7:4 8:4,16,18 10:6 12:19
13:4,10,21 14:5,10,13,19 15:12
21:4,25 23:19 35:25 36:6,18
37:11,14 39:3 48:18 50:22 57:7
59:12 77:15 91:17 94:15 97:23

**Todd** 13:22,24 17:8

**told** 29:20 80:21 81:18 92:7

**top** 37:4 57:1 74:24 77:18 78:11
100:20

**tort** 91:12

**total** 75:8 79:20

**touch** 46:2

**transcript** 46:22 47:25 49:9,20
102:22

**trial** 29:13 54:7 62:12 72:16
85:16,18 86:10,14 102:18

**trouble** 27:24 69:1

**Troutman** 8:14 22:1

**true** 24:23 26:22 38:23 50:7,10
100:6

**Trust** 9:1

**Trustee** 8:3,5,9 9:1 23:9,15 24:5,
6,7 31:2,4 35:6,10,22 36:14,19,22
38:11,15 40:15,21,24 41:1,9,10,
24 47:13 54:7 56:3,5,9,11 59:13,
15,17 61:20 62:13 96:3

**Trustee's** 31:22 32:8,10,19 33:3,
7 34:13,14 39:4,14 40:2 41:6 48:7
50:7 56:13,25

**turn** 9:12 9:17 36:25 42:16 55:21

**turning** 42:15 51:15

**turns** 18:23

**type** 21:8

**types** 23:13

---

## U

**U.K.** 11:4,23

**U.S.** 8:5,9 23:9,15 24:5,6,7 31:2,
4,22 32:8,10,18 33:3,6 34:13,14
35:6,10,22 36:14,19,22 38:11,15
39:4,14 40:2,15,21,24 41:1,5,9,
10,23 47:13 48:7 50:7 54:7 56:3,
5,9,11,13,25 59:13,15,17 61:20
62:12

**ultimate** 36:20

**ultimately** 20:14 51:7

**unclear** 40:24 70:2 84:22

**uncollectible** 88:7

**understand** 10:7 11:16 14:20
15:13,16 25:9,20 36:20 47:5
51:23 53:24 54:5 60:9 62:11,16
85:8 90:18

**understanding** 25:21,22,23
26:20 31:7,16 32:21 33:2,15,23
36:13,19 52:6,11 56:8 63:2,10,20
64:14 65:13 68:25 69:1 70:4
72:22 78:18 80:14 89:20 90:1
91:18,25 92:1,18 97:6

**understood** 10:14 21:12 54:6
71:1 94:18,19 103:2

**undertake** 87:16

**United** 8:2,3 11:6,8 39:5 40:3

---

## V

**vacated** 29:12

**vacatur** 58:23 59:6

**vague** 99:15

**vary** 20:1

**Vehicles** 7:21

**Veronica** 77:1

**version** 38:1

**versus** 24:5 30:7 72:18 86:10
99:14

**Vianey** 8:4

**video** 7:12 71:12

**videoconference** 7:8

**view** 94:23

**violations** 44:22

**virtual** 20:12

**void** 65:20 66:16 67:2,12,14,25
68:9,19 70:19

**volume** 9:17

---

## W

**waive** 8:9 102:22

**waived** 10:1

**waiver** 101:17,24

**waiving** 93:24

**walk** 68:6,15 69:2 73:12 83:3

**Walker** 7:10 8:20,23 14:3,8,21,25
15:9,10 22:5,7,15,22 23:5,17,18
24:14 25:14,24 27:8,12,16,19,25
28:7,14,24 29:17 30:9,13,22 31:9,
17 34:24 36:23 40:25 41:2,9,24
47:6 48:19,25 50:18,25 51:7
52:19,20 53:8,11,15 54:15 55:14
57:20,24 58:15 59:10 60:17 61:1,
25 62:21 63:13,24 64:13 65:21
66:6 67:4,11,13,15,22,24 68:6,8,
15,18 69:9 70:13,18 72:19 75:22,
25 76:6 77:6,8,10 78:19 79:6 81:8
82:8,16 83:9 84:7,15 86:24 87:4,
14,18 88:7,10,16,22 89:4,10,15
90:12,25 91:8,13 95:18,19 96:3
97:20 98:10,18,24 99:21 100:4,17
101:8,13,16,23

**Walker's** 15:14 24:8,21 26:2
29:12 31:20 36:21 45:14 46:4
47:19 49:8,19 58:10 61:9

**Wall** 98:6

**When's** 60:23

**wide** 87:24

**wider** 79:24

**William** 8:22

**withdraw** 42:3 73:12

**withdrawal** 100:17 101:4

**withdrawn** 38:12

USTP (Seadrill) Ex. 20
Page 122 of 212

Nicole Anderson
Proceedings on 02/12/2026

**witness's** 52:2

**word** 36:16 95:6

**wording** 82:2

**words** 82:1

**work** 11:1 12:24 13:1 77:11,23

**worked** 11:22

**Working** 99:14

**worries** 9:19

**worth** 78:12

**write** 62:15

**written** 34:20,23,25 60:24 73:3,7 76:22

**wrong** 75:14,17

**wrote** 34:23 96:13

---

### Y

**year** 57:18 77:1 80:10

USTP (Seadrill) Ex. 20
Page 123 of 212

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **Professional Fee Matters Concerning the Jackson Walker Law Firm.** | § | Civil Action No. 4:23-cv-04787 |
| | § | |
| | § | |
| **Reorganized Debtors.** | § | |

## MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

To the Honorable Alia Moses,
Chief United States District Judge:

The Seadrill Partners, LLC reorganized debtors ("***Seadrill Partners***" and prior to their respective plan's effective date, the "***Seadrill Partners Debtors***") and the Seadrill Limited reorganized debtors ("***Seadrill Limited***" and prior to their respective plan's effective date, the "***Seadrill Limited Debtors***") (collectively with Seadrill Partners, "***Seadrill***") file this *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "***Motion***"), and in support thereof, respectfully show the Court as follows:

### Relief Requested

1.      By this Motion, and in accordance with Bankruptcy Rule 9019(a), to the extent applicable, Seadrill requests that the Court enter an order approving the Settlement Agreement and Release (the "***Settlement***") between Jackson Walker LLP ("***JW***") and Seadrill that would resolve any and all claims and causes of action of any kind held by Seadrill against JW arising out of or related to the bankruptcy cases of Seadrill Partners, LLC, *et al.* (jointly administered under case

)) (the "***Seadrill Partners Bankruptcy Cases***"), the bankruptcy cases of Seadrill

-1-

UST Exhibit 1

Limited, *et al.* (jointly administered under case number 21-30427) (the "***Seadrill Limited Bankruptcy Case***") (collectively, the "***Bankruptcy Cases***"), and the miscellaneous proceeding captioned *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, now pending under case number 4:23cv4787 before the United States District Court for the Southern District of Texas (the "***Misc. Proceeding***").

2.      A copy of the Settlement Agreement is attached as **Exhibit 1** to the proposed order attached to this Motion.  In exchange for the mutual releases set forth in the Settlement Agreement, JW shall pay Seadrill $485,000.00 (the "***Settlement Amount***"), which shall vest in Seadrill pursuant to the terms of the confirmed plans in each of the respective Bankruptcy Cases.

<u>**Jurisdiction and Venue**</u>

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The basis for the relief requested herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

<u>**Background**</u>

**The Seadrill Partners, LLC Bankruptcy Cases**

5.      On December 1, 2020 (the "***Seadrill Partners Petition Date***"), the Seadrill Partners Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") thereby initiating the Seadrill Partners Bankruptcy Cases.  The Seadrill Partners Bankruptcy Cases were assigned to Judge Jones.

USTP (Seadrill) Ex. 20
Page 125 of 212

-2-

6.      On December 23, 2020, the Seadrill Partners Debtors filed their *Application to Retain Jackson Walker LLP as Co-Counsel and Local Counsel for the Debtors and Debtors-In-Possession* [Case No. 20-35740, Docket No. 110].  JW's employment application was approved without objection by former Judge Jones on January 15, 2021.  [Case No. 20-35740, Docket No. 136].

7.      On May 14, 2021, the Bankruptcy Court entered the *Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief* [Case No. 20-35740, Docket No. 570] (the "**Seadrill Partners Confirmation Order**"), confirming, as modified therein, the *Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 20-35740, Docket No. 562] (the "**Seadrill Partners' Plan**").

8.      On May 24, 2021, the effective date of the Seadrill Partners' Plan occurred and the Seadrill Partners Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*.  [Case No. 20-35740, Docket No. 586].

9.      On July 8, 2021, JW filed its *First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from December 1, 2020 through May 14, 2021* (the "**Seadrill Partners Fee Application**") [Case No. 20-35740, Docket No. 643].  JW's Seadrill Partners Fee Application was approved without objection by order entered by former Judge Jones on August 10, 2021, awarding final allowance of compensation and reimbursement of expenses in the total amount of $288,502.25.  [Case No. 20-35740, Docket No. 690].

USTP (Seadrill) Ex. 20
Page 126 of 212

-3-

Seadrill003

10.     On or about November 3, 2023, Keven M. Epstein, the United States Trustee for Region 7 (the "***U.S. Trustee***"), filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Partners Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [Case No. 20-35740, Docket No. 835]. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Partners Bankruptcy Cases [Case No. 20-35740, Docket No. 877].

11.     On January 10, 2024, Seadrill Partners filed its *Notice in Connection with the Jackson Walker LLP Fee Dispute* [Case No. 20-35740, Docket No. 857], acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Partners] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Partners]. All such Claims or interests were addressed in the confirmed Plan[,]" and that "the Reorganized [Seadrill Partners] Debtors have a direct pecuniary interest in the Fee Dispute."

12.     For administrative purposes, on March 20, 2024, Seadrill Partners filed its *Emergency Motion for Entry of a Final Decree in the Seadrill Partners, LLC Case and to Reopen Seadrill Operating CP LLC Case for Administration of Fee Dispute* [Case No. 20-35740, Docket No. 881] ("***Administrative Motion***"). The Court granted the Administrative Motion on March 28, 2024, and entered a final decree in the Seadrill Partners' Bankruptcy Cases and opened the affiliate case for purposes of the JW fee dispute. [Case No. 20-35740, Docket No. 890].

13.     On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 20-35760, Docket No. 14].

14.     On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply. [Case No. 20-35760, Docket Nos. 16 & 18].

USTP (Seadrill) Ex. 20
Page 127 of 212

-4-

**The Seadrill Limited Bankruptcy Case**

15.     On February 10, 2021 (the "*Seadrill Limited Petition Date*"), the Seadrill Limited Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court thereby initiating the Seadrill Limited Bankruptcy Cases.  The Seadrill Limited Bankruptcy Cases were also assigned to former Judge Jones.

16.     On March 8, 2021, the Seadrill Limited Debtors filed their *Application for Entry of an Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel* [Case No. 21-30427, Docket No. 250].  JW's employment application was approved without objection by former Judge Jones on April 5, 2021.  [Case No. 21-30427, Docket No. 302].

17.     On October 26, 2021, the Bankruptcy Court entered the *Order Confirming the Second Amended Joint Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1158] (the "*Seadrill Limited Confirmation Order*"), confirming, as modified therein, the *Second Amended Joint Chapter 11 Plan of Reorganization of Seadrill Limited and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Case No. 21-30427, Docket No. 1109] (the "*Seadrill Limited Plan*").

18.     On February 22, 2022, the effective date of the Seadrill Limited Plan occurred and the Seadrill Limited Debtors filed their *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of the Effective Date, and (iii) Related Bar Dates*.  [Case No. 21-30427, Docket No. 1399].

19.     On July 8, 2021, JW filed its *Third Interim and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from February 10, 2021 through October 26, 2021* (the "*Seadrill Limited Fee Application*") [Case No.

21-30427, Docket No. 1281] seeking final allowance of compensation and reimbursement of expenses in the total amount of $503,365.05. JW's Seadrill Limited Fee Application was approved without objection by order entered by former Judge Jones on January 7, 2022. [Case No. 21-30427, Docket No. 1340].

20. On November 3, 2023, the U.S. Trustee filed a motion that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications in the Seadrill Limited Bankruptcy Cases pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure [Case No. 21-30427, Docket No. 1588]. On February 29, 2024, the U.S. Trustee filed an amended Rule 60(b)(6) motion in the Seadrill Limited Bankruptcy Cases [Case No. 21-30427, Docket No. 1621].

21. On April 15, 2024, Seadrill Limited filed its *Notice In Connection with the Jackson Walker LLP Fee Dispute* [Case No. 21-30427, Docket No. 1634], again acknowledging, among other things, that "there are no claimants or parties in interest in the [Seadrill Limited] Case with a right under the confirmed Plan to receive any returned fees, to the extent the fees are ordered to be disgorged [other than Seadrill Limited][,]" and that "the Reorganized [Seadrill Limited] Debtors have a direct pecuniary interest in the Fee Dispute" and "are the sole parties with an interest in the returned funds."

22. On May 22, 2024, JW filed its response in opposition to the Rule 60(b) Motion. [Case No. 21-30427, Docket No. 1649].

23. On July 1, 2024, the U.S. Trustee filed its reply, and on August 12, 2024, JW filed its sur-reply. [Case No. 21-30427, Docket Nos. 1659 & 1667].

24. JW disputes the merits of the U.S. Trustee's Rule 60 motions. JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Cases

USTP (Seadrill) Ex. 20
Page 129 of 212

-6-

or JW's acts or omissions in relation to the Bankruptcy Cases, and asserts, among other things, that the release and exculpation provisions of each of the confirmed Plans bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Cases.

25.     Seadrill has participated in the Misc. Proceeding since its inception, including its counsel attending in excess of 10 fact witness and expert depositions, as well as propounded written discovery to JW, reviewed thousands of documents produced, and attended numerous hearings. Seadrill, though counsel, has attended multiple meetings and participated in regular calls with the U.S. Trustee and other trustees, debtors, plan administrators and plan agents in other bankruptcy cases. The parties to Misc. Proceeding engaged in discovery from May 2024 through December 2024, and a trial on the issue of vacatur of JW's final fee applications as raised in the U.S. Trustee's Rule 60 motions was set before the Honorable Chief Judge Eduardo V. Rodriguez for May 2025.

26.     On April 9, 2025, the Honorable Chief United States District Judge Alia Moses entered a *Memorandum Opinion and Order* withdrawing the reference of these Bankruptcy Cases, among others. [*See* Civil Action No. 4:23-CV-4787-AM at Docket No. 31; *see also* Misc. Proc. No. 23-00645, at Docket No. 623].

27.     On March 6, 2025, JW and Seadrill participated in a mediation regarding the allegations in the U.S. Trustee motions with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

28.     While the mediation was unsuccessful, continued discussions between the parties in the months afterwards resulted in JW and Seadrill reaching a settlement that fully and completely settles and resolves the disputes between them on the terms and conditions set forth in the Settlement Agreement.

USTP (Seadrill) Ex. 20
Page 130 of 212

-7-

## Summary of Settlement Agreement

29.     The Settlement Agreement is straightforward.  Within five business days of entry of an Order granting this Motion and such Order becoming a Final Order (as defined therein), JW will pay to Seadrill $485,000.00, and such amount shall vest in Seadrill pursuant to the terms of the confirmed plans in the Bankruptcy Cases.  Within three business days of the Effective Date (as defined in the Settlement Agreement), Seadrill shall withdraw any related joinder, separate pleading or proceeding related to the JW matter, if any.

30.     In exchange for this settlement payment, JW and Seadrill are providing mutual releases.

## Argument and Authorities

31.     Rule 9019(a) states that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement . . . ." FED. R. BANKR. P. 9019(a).  "Bankruptcy Rule 9019, unique in that it does not have a parallel section in the Code, has a 'clear purpose…to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court.'" *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 461 (5th Cir. 2007)(quoting *In re Masters, Inc.*, 141 Bankr. E.D.N.Y. 1992)).

32.     "Courts have developed standards to evaluate if a settlement is fair and equitable, and, to that end, courts in [the Fifth] Circuit have set forth factors for approval of settlements based on the original framework announced in *TMT Trailer Ferry Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*…" *Id*. at 462.  Those factors are:

(i)     The balance between the litigation's possibility of success and the settlement's future benefits;

(ii)    The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment;

USTP (Seadrill) Ex. 20
Page 131 of 212

-8-

Seadrill008

  (iii) The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;

  (iv) Whether other parties in interest support the settlement;

  (v) The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement;

  (vi) The nature and breadth of releases to be obtained by [the settling party]; and

  (vii) The extent to which the settlement is the product of arm's length bargaining.

*See Iridium*, 478 F.3d at 462 (citing *TMT Trailer Ferry*, 390 U.S. at 424; *In re WorldCom, Inc.*, 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992)).

  33. Seadrill contends that the terms of the Settlement Agreement are fair and equitable pursuant to the requirements established by the Supreme Court in *Anderson* and the Fifth Circuit in *Iridium*. The Settlement Agreement gives Seadrill and the Seadrill bankruptcy estates the full benefit of the Settlement Amount without the time, expense and uncertainty of continued and protracted litigation.

  **A.** **The balance between the litigation's possibility of success and the settlement's future benefits**

  34. Seadrill contends that while the probability of success in the litigation against JW is high, there are a substantial questions remaining, including: (a) the amount of time it will take to litigate and/or recover against JW (including any applicable appeals); and (b) the amount of recovery Seadrill will realize through litigation when balanced against the cost of continuing that litigation. The Settlement Amount provides a significant recovery for Seadrill, eliminates the litigation risk associated with continuing to litigate the claims, and eliminates the need for

USTP (Seadrill) Ex. 20
Page 132 of 212

-9-

continued attorney fees and costs (including U.S. Trustee quarterly fees) associated with the litigation.

35.    Seadrill submits there is a significant likelihood that the orders approving JW's fee applications will be vacated, thus opening up the possibility that fees paid to JW will be clawed back to the Seadrill estates.  However, Seadrill acknowledges that case law does not necessarily mandate full disgorgement; thus, there is some litigation risk.  And in any event, appeals would likely follow further extending the litigation timeline and increasing costs, which is significant in the Bankruptcy Cases given the relatively small amount of fees and expenses paid to JW.

36.    The Settlement Agreement and Settlement Amount provides Seadrill with more than half of the fees awarded to JW.

**B.    The likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment**

37.    The litigation is complex, and it has been and will continue to be protracted (litigation commenced over twenty (20) months ago in November 2023).  Indeed, while trial was set to commence in May 2025, that trial date has now been abated in light of the withdrawal of the reference.  Now it appears that the trial will likely go forward in the District Court.  However, as of this filing no trial date has been set, thus requiring continued monitoring which comes with its own accruing costs.  Additionally, absent settlement, Seadrill will be forced to attend any future trial which would result in substantially more costs and fees being incurred by the Seadrill estates. More significantly, there are no other assets or matters to be dealt with in the Bankruptcy Cases, the only reason they have not been closed is the fee dispute litigation being settled herein, which is resulting in continued U.S. Trustee fees accruing.

USTP (Seadrill) Ex. 20
Page 133 of 212

Seadrill010

38.     A settlement now brings finality and eliminates any meaningful litigation and collection risk and attendant costs and expenses.  However, that risk could (and cost would) increase with the passage of time and continued litigation.

**C.      The paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement**

39.     This factor is not directly applicable to these Bankruptcy Cases.  The unsecured creditors in these Bankruptcy Cases were allocated specific reserve amounts for their respective distribution and have already received those distributions.  Pursuant to the terms of the respective Plans, the Settlement Amount will vest in Seadrill.  Seadrill believes the Settlement Agreement removes any uncertainty of litigation, stops Seadrill from incurring further attorney's fees and expenses in connection with these disputes, and provides a substantial recovery for Seadrill.  This is also a substantial step in bringing the administration of the Bankruptcy Cases to an end. Moreover, the settlement permits Seadrill to focus its time, energy and efforts on growing its core business and away from the Bankruptcy Cases.

**D.      Whether other parties in interest support the settlement**

40.      At this time, it is unclear whether other parties in interest support the settlement, but Seadrill will work with parties in interest to discuss the benefits of the settlement to parties in interests' concerns, if any.

**E.      The nature and breadth of releases to be obtained by JW and Seadrill**

41.     The Settlement Agreement contains customary broad mutual releases among JW and Seadrill.  This is to bring finality to the claims and disputes between Seadrill and JW.

USTP (Seadrill) Ex. 20
Page 134 of 212

Seadrill011

**F.**     **The competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy judge reviewing, the settlement; the Settlement Agreement was the result of arms-length negotiations**

42.     Counsel for Seadrill and JW are competent and experienced in the Bankruptcy Code, Bankruptcy Rules, bankruptcy related litigation and the administration of bankruptcy estates.  The Settlement Agreement was reached after twenty (20) months of litigation, over seven (7) months of discovery, after the parties exchanged settlement proposals both prior to, at and after mediation.  The settlement was reached following extensive arms-length negotiations conducted during mediation with two experienced mediators and retired Federal Judges and afterwards between two experienced bankruptcy counsel.

43.     Seadrill recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation.  Seadrill believes that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses.  Seadrill has attempted to achieve a resolution that maximizes value for Seadrill and its estates.  Consequently, Seadrill urges that the Settlement Agreement is fair, equitable, and in the best interest of the estates and all concerned parties.

WHEREFORE, Seadrill respectfully requests that the Court enter an order approving the Settlement Agreement and grant Seadrill other legal or equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/* Philip G. Eisenberg
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: peisenberg@troutman.com
        simon.mayer@troutman.com

*Attorneys for the Seadrill Partners, LLC*
*Reorganized Debtors and the*
*Seadrill Limited Reorganized Debtors*

## Certificate of Service

I certify that on July 25th, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service in this case.

*/s/* Philip G. Eisenberg
    Philip G. Eisenberg

USTP (Seadrill) Ex. 20
Page 136 of 212

-13-

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | § |
| **Professional Fee Matters Concerning the** | § |
| **Jackson Walker Law Firm.** | § Civil Action No. 4:23-cv-04787 |
| | § |
| | § |
| **Reorganized Debtors.** | § |

## ORDER GRANTING MOTION FOR ORDER APPROVING
## COMPROMISE AND SETTLEMENT PURSUANT TO
## <u>FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019</u>

Upon the hearing on the *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Rule 9019* (the "**Motion**")[1] filed by the Seadrill Partners, LLC reorganized debtors (the "**Seadrill Partners**") and the Seadrill Limited reorganized debtors (the "**Seadrill Limited**") (collectively with Seadrill Partners, "**Seadrill**"), the Court having considered the Motion, all responses or objections thereto, the evidence presented at the hearing, the arguments of counsel, and the law, the Court finds that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; that this is a core proceeding under 28 U.S.C. § 157; that notice of the Motion and the opportunity for hearing on the Motion was appropriate under the particular circumstances; that no other or further notice need be provided; that the terms of the Settlement Agreement are fair, equitable, and in the best interest of Seadrill, Seadrill's estates, the creditors, and all other parties-in-interests; and after due deliberation and sufficient cause appearing therefore, it is:

**ORDERED** that the Settlement as described in the Motion and Settlement Agreement (attached hereto as **Exhibit 1**) is approved. The Settlement Agreement and the terms and

---

[1] Capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

USTP (Seadrill) Ex. 20
Page 137 of 212

conditions thereof, including, without limitation, the mutual releases contained therein, are incorporated by reference herein and approved in their entirety as if set forth herein. It is further

**ORDERED** that all objections, statements, or reservations of rights regarding, or other responses to the Motion or the relief granted herein that have not been withdrawn with prejudice, waived, or settled, are overruled and denied on the merits with prejudice. It is further

**ORDERED** that Seadrill is authorized to enter into the Settlement Agreement, execute all other documents, and take any and all actions necessary to effectuate the Settlement Agreement. It is further

**ORDERED** that this Order is binding in all respects upon all parties in interest in this case, creditors of the Debtor or the estate, and the successors and assigns of each of the foregoing. It is further

**ORDERED** that this Order shall be effective immediately upon its entry. And it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

_____

Alia Moses,
Chief United States District Judge

USTP (Seadrill) Ex. 20
Page 138 of 212

Seadrill015

# EXHIBIT 1

USTP (Seadrill) Ex. 20
Page 139 of 212

Seadrill016

*(Execution Version)*

## SETTLEMENT AGREEMENT AND RELEASE

This settlement agreement (the "Agreement") dated July 1b, 2025 is made and entered into by and between Jackson Walker LLP ("JW") and the Seadrill Partners, LLC Reorganized Debtors ("Seadrill Partners"), and the Seadrill Limited Reorganized Debtors ("Seadrill Limited", and collectively with Seadrill Partners, the "Reorganized Debtors", and the Reorganized Debtors collectively with JW, the "Parties"), with respect to the bankruptcy case of Seadrill Partners, LLC, et al. (jointly administered under case number 20-35740), the bankruptcy case of Seadrill Limited, et al. (jointly administered under case number 21-30427) and the bankruptcy case of Seadrill New Finance Limited, et al. (jointly administered under case number 22-90001) (collectively, the "Bankruptcy Case"), filed in the United States Bankruptcy Court for the Southern District of Texas.

## RECITALS

A.     On or about November 2, 2023, Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), filed motions that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in various bankruptcy proceedings where (a) former Judge Jones served as the presiding judge or court-appointed mediator, and (b) JW served as estate-retained counsel. The U.S. Trustee also filed related motions seeking to withdraw the reference of the Rule 60(b) motions.

B.     On February 29, 2024 and March 29, 2024, the U.S. Trustee filed (a) amended Rule 60(b)(6) motions in certain of the above-referenced cases, (b) initial Rule 60(b)(6) motions in certain other cases, and (c) objections to JW's then pending final fee applications in the remaining cases (collectively, the "Relevant Cases"). All such motions and objections filed by the U.S. Trustee are collectively referred to herein as the "U.S. Trustee Filings".

C.     On May 22, 2024, JW filed its response in opposition to the U.S. Trustee Filings in each of the Relevant Cases.

D.     On July 1, 2024, the U.S. Trustee filed his reply in further support of the U.S. Trustee Filings and, and August 12, 2024, JW filed its sur-reply in further opposition to the U.S. Trustee Filings.

E.     The Parties dispute whether there is merit to the U.S. Trustee Filings or any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Case or JW's acts or omissions in relation to the Bankruptcy Case, including, without limitation, whether the release and exculpation provisions of the confirmed plan bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Case (collectively, the "Bankruptcy Disputes").

F.     The Parties engaged in discovery from May 2024 through December 2024.

G.     On March 6, 2025, the Parties participated in a mediation regarding the U.S. Trustee Filings with Judge Royal Ferguson (Ret.) and Judge Gary Feess (Ret.) serving as mediators.

USTP (Seadrill) Ex. 20
Page 140 of 212

*(Execution Version)*

H.      On April 9, 2025, the United States District Court for the Western District of Texas under case number 4:23-CV-4787-AM (the "District Court") withdrew the reference of the Bankruptcy Case to the District Court.

I.      As a result thereof, and in order to avoid the further time, substantial expense, and uncertainties of continued litigation and to avoid the substantial stress and distraction of continued litigation, the Parties desire to fully and completely settle the disputes between them on the terms and conditions set forth herein.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual terms and covenants set forth in this Agreement, the receipt and sufficiency of which is respectively hereby acknowledged, and intending to be legal bound hereby, the Parties, as applicable, hereby agree as follows:

1.      Recitals. The above recitals are incorporated herein by reference.

2.      Effective Date.

(a)      The effective date of this Agreement (the "Effective Date") is the first day as of which all of the following conditions have been satisfied or, to the extent permitted herein, are waived: (i) all Parties have executed and exchanged each Party's signature pages to this Agreement; (ii) the Bankruptcy Court or the District Court, as applicable, has entered an order (the "Approval Order") approving all terms of this Agreement and overruling any objections to approval of this Agreement and such order has become a Final Order (as hereafter defined); and (iii) the Settlement Payment (defined below) has been received pursuant to paragraph 3 below. For purposes of this Agreement, the Approval Order will become a "Final Order" when: (x) fourteen (14) days (as computed in accordance with Fed. R. Bankr. P. 9006) shall have passed from the date of the entry of the Approval Order, and (y) either (i) the time to file a timely appeal under Fed. R. Bankr. P. 8002 from the Approval Order passes and no such timely appeal is filed, or (ii) if a timely appeal is filed, then all timely filed appeals have been dismissed with prejudice or the Approval Order is affirmed on appeal and is not subject to further timely appellate review. If the Effective Date does not occur: (a) the Parties shall revert, without prejudice to or waiver of any right, to their respective positions immediately prior to the execution of this Agreement; and (b) neither this Agreement nor evidence of its terms shall be admissible for any purpose in the Bankruptcy Case or any other action or proceeding.

(b)      With respect to the forgoing paragraph, the Parties will in good faith exercise all reasonable efforts required of such Party to obtain the entry of the Approval Order, including executing and delivering any motions, declarations, testimony, or other items of support reasonably required in connection therewith, and attending any related hearings. Consistent with the preceding sentences, Reorganized Debtors will promptly prepare a motion to approve compromise of controversy pursuant to Federal Rule of Bankruptcy Procedure 9019 or such other

USTP (Seadrill) Ex. 20
Page 141 of 212

Seadrill018

*(Execution Version)*

applicable rule(s) as may be applicable (the "Settlement Motion"). Before the Settlement Motion is filed. JW will be given an opportunity to review and comment on the Settlement Motion. The Settlement Motion and related Approval Order shall be in form and substance acceptable to both Parties. For the avoidance of doubt, the Settlement Motion, Approval Order and any related arguments or testimony provided in support of the same shall make clear that this Agreement resolves all issues and claims between the Reorganized Debtors and JW, including all claims and causes of action related to the allegations contained in the U.S. Trustee Filings as to the Seadrill Partners, LLC, et al. bankruptcy case and the Seadrill Limited, et al. bankruptcy case, and that this Agreement adequately sanctions JW for any alleged violations of any law, rule, procedure, or statute. The Settlement Motion will be filed in the District Court under case number 4:23-CV-4787-AM.

3.　　Settlement Payment. Within five (5) business days after the Approval Order becoming a Final Order, JW shall pay or cause to be paid to Seadrill Limited (receipt of which shall be promptly confirmed by Seadrill Limited) the sum of \$485,000.00 USD (the "Settlement Payment"). Payment shall be made payable to Seadrill Limited's account by wire transfer using the following instructions:

> Account Name: Seadrill Limited
> Bank Name: DNB Bank ASA
> SWIFT: DNBANOKK
> IBAN: NO26 12510579 907
> Account Number: 12510579907

The Settlement Payment shall be paid to Seadrill Limited and shall vest in the Reorganized Debtors pursuant to the terms of the confirmed plans in the Bankruptcy Case.

4.　　Mutual Releases.

(a)　　*Release in Favor of JW.* On the Effective Date, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, Reorganized Debtors hereby releases, acquits, and forever discharges JW and its respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors, representatives, insurers, reinsurers, attorneys, partners, associates, staff members, and assigns from any and all actions, suits, debts, covenants, contracts, controversies, agreements, promises, duties, obligations, claims, sanctions, issues, demands, damages, injuries, losses, liabilities, expenses, attorneys' fees and causes of action of any kind, whether arising in contract, in tort, by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered, actual or potential, direct or indirect, material or immaterial, disputed or undisputed, arising out of, related to, based upon, by reason of, or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims and causes of action that

USTP (Seadrill) Ex. 20
Page 142 of 212

Seadrill019

*(Execution Version)*

relate to or arise from the Bankruptcy Case. the U.S. Trustee Filings, the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones, which for the avoidance of doubt includes all such claims, causes of action and allegations that may be held by the Reorganized Debtors against JW related to any breach of fiduciary duty, negligence, gross negligence. malpractice, fraud (or similar fraud based claims). and/or requests for sanctions.

(b) *Release in Favor of the Reorganized Debtors.* On the Effective Date, and for the consideration described herein, and except for those obligations created by or arising out of this Agreement, JW hereby releases. acquits, and forever discharges the Reorganized Debtors and their respective predecessors in interest, successors, affiliates, estates, directors, officers, employees, agents, heirs, executors. representatives. insurers, reinsurers. attorneys. partners. associates, staff members, and assigns from any and all actions, suits, debts. covenants, contracts, controversies, agreements, promises, duties. obligations, claims, sanctions, issues. demands, damages. injuries. losses, liabilities. expenses. attorneys' fees and causes of action of any kind, whether arising in contract, in tort. by statute, at law, in equity, or otherwise, and whether fixed or contingent, liquidated or unliquidated, known or unknown, concealed or revealed, discovered or undiscovered. actual or potential, direct or indirect, material or immaterial. disputed or undisputed, arising out of, related to, based upon, by reason of. or in any way involving any act, matter, transaction, occurrence, or event before the Effective Date, including but not limited to any and all claims, causes of action and allegations that relate to or arise from the Bankruptcy Case. the U.S. Trustee Filings. the Bankruptcy Disputes, or the relationship between Ms. Freeman and former Judge Jones.

5.  **Waiver of Future and Unknown Claims**. Each of the Parties acknowledges that he or it has been advised by his or its attorney(s) concerning, and is familiar with, the provisions of California Civil Code Section 1542. which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each of the Parties acknowledges that he or it may have sustained damages. losses, fees, costs or expenses that are presently unknown and unsuspected. and that such damages. losses, fees. costs or expenses as the Party may have sustained might give rise to additional damages. losses, fees, costs or expenses in the future. Nevertheless, each of the Parties who/which have provided releases herein acknowledges that the releases herein have been negotiated and agreed upon in light of such possible damages, losses, fees. costs or expenses. and each expressly waives any and all rights

USTP (Seadrill) Ex. 20
Page 143 of 212

Seadrill020

*(Execution Version)*

under California Civil Code Section 1542 and under any other federal or state statute or law of similar effect concerning any potential presently-unknown claims.

6.  <u>Bar</u>. The Parties agree that this Agreement may be pleaded as a complete bar to any action or suit before any court or administrative body, with respect to any claim or cause of action under federal, state or other law relating to any possible claim by the Reorganized Debtors against JW or any other released parties as well as any possible claim by JW against the Reorganized Debtors or any other released parties, except that this Agreement may not be pleaded as a bar to any claims or causes of action that arise in connection with performance, non-performance and/or breach of this Agreement.

7.  ***Express Waiver of Fraudulent Inducement Claims***.

**THE PARTIES EXPRESSLY WAIVE ANY FRAUDULENT INDUCEMENT CLAIMS RELATED TO THIS AGREEMENT. THE PARTIES EXPRESSLY DISCLAIM RELIANCE UPON ANY FACTS, PROMISES, UNDERTAKINGS, REPRESENTATIONS OR OMISSIONS OF ANY KIND MADE BY ANY OTHER PARTY OR ITS AGENTS, REPRESENTATIVES, OR ATTORNEYS PRIOR TO THE DATE OF EXECUTION OF THIS AGREEMENT WHICH ARE NOT EXPRESSLY SET FORTH OR REFERENCED HEREIN. THE PARTIES ARE RELYING EXCLUSIVELY ON THEIR OWN JUDGMENT IN ENTERING INTO THIS AGREEMENT.**

**MOREOVER, THE PARTIES ALL AGREE, REPRESENT, AND WARRANT THAT: (1) THE TERMS OF THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO THE PARTIES' WAIVER OF RELIANCE, WERE NEGOTIATED AND ARE NOT MERE BOILER PLATE; (2) THE PARTIES HAVE SPECIFICALLY DISCUSSED THE ISSUES WHICH ARE THE TOPIC OF THE LAWSUIT AND THIS AGREEMENT; (3) ALL PARTIES ARE REPRESENTED BY COMPETENT COUNSEL; (4) THIS AGREEMENT AND ANY AGREEMENTS RELATING TO THE UNDERLYING LAWSUIT AMOUNT TO AN ARM'S LENGTH TRANSACTION; AND (5) THE PARTIES ARE SOPHISTICATED AND KNOWLEDGEABLE IN BUSINESS MATTERS.**

8.  <u>No Admission / Liability Denied</u>. This settlement is made to avoid the uncertainties, annoyance, and expense of further litigation. The payment of the consideration by or on behalf of JW and/or the execution of the Settlement Agreement is not, and is not to be construed, as an admission of liability, which is expressly denied. This Agreement and/or its terms shall not be admissible in any proceeding against any Party, except in any proceeding to approve, construe, interpret or enforce the settlement or any of its terms.

9.  <u>Representations and Warranties</u>. The following representations and warranties in this Agreement shall survive its execution and performance.

USTP (Seadrill) Ex. 20
Page 144 of 212

Seadrill021

*(Execution Version)*

    (a)    *Representations and Warranties by the Reorganized Debtors.*

        (i)    The Reorganized Debtors have all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary corporate and/or partnership action on the part of the Reorganized Debtors;

        (ii)    The execution, delivery and performance by the Reorganized Debtors of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval, authorization, exemption or waiver, violate any provision of any law, rule, regulation or any order, judgment or decree to which the Reorganized Debtors may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which the Reorganized Debtors are a party to which the Reorganized Debtors may be bound;

        (iii)    The Reorganized Debtors are the only persons or entities who, to the Reorganized Debtors' knowledge, have any interest in any claims, causes of action, costs or demands herein released and none of such claims, causes of action, costs or demands, nor any part thereof, have been assigned, granted or transferred in any way to any person, persons, entity or entities; and

        (iv)    The Reorganized Debtors has freely and voluntarily entered into this Agreement and has been fully advised by the Reorganized Debtors' attorneys concerning the Reorganized Debtors' rights and have further been advised by the Reorganized Debtors' attorneys as to the terms and effects of this Agreement.

    (b)    *Representations and Warranties by JW.*

        (i)    JW has all requisite power and authority to execute, deliver and perform this Agreement and the transactions contemplated herein and the execution, delivery and performance by it of this Agreement and the consummation of the transactions contemplated herein have been duly authorized by all necessary corporate and/or partnership action on the part of JW;

        (ii)    The execution, delivery and performance by JW of this Agreement and the consummation of the transactions contemplated herein will not, with or without the giving of notice or the lapse of time, or both, require any consent, approval, authorization, exemption or waiver,

USTP (Seadrill) Ex. 20
Page 145 of 212

Seadrill022

violate any provision of any law, rule, regulation or any order, judgment or decree to which JW may be subject; or conflict with, or result in, a breach or default under any term or condition of any agreement or instrument to which JW is a party to which JW may be bound;

(iii) JW has freely and voluntarily entered into this Agreement and has been fully advised by its attorneys concerning JW's rights and have further been advised by its attorneys as to the terms and effects of this Agreement.

10. Cooperation and Dismissal or Withdrawal with Prejudice. The Parties will cooperate with each other to give effect to the Agreement, including, without limitation, and the Reorganized Debtors shall, within three (3) business days after the Effective Date, withdraw any related joinder or separate pleading or proceeding with prejudice, if any.

11. Retention of Jurisdiction. The District Court or the Bankruptcy Court, as applicable, shall retain exclusive jurisdiction over this Agreement and the Approval Order and any disputes or claims related to or arising from the foregoing.

12. Return of Documents / Prohibition on Further Disclosure of Discovery Materials. Within 30 days of the Effective Date, the Reorganized Debtors and its counsel, any testifying and consulting experts, any other third-party vendor or consultant engaged by the Reorganized Debtors or its counsel, and any employee of any of the foregoing persons or entities shall (a) destroy or return to JW all material in their possession produced by JW in this case designated as "Confidential Information" in accordance with the Protective Order in the Miscellaneous Proceeding or Bankruptcy Case, if any, including Confidential documents and data produced in discovery, deposition transcripts and exhibits, and designated trial exhibits and (b) be prohibited from sharing, producing, or displaying any materials produced by JW in discovery in connection with the Miscellaneous Proceeding or Bankruptcy Case to any third party.

13. Governing Law. This Agreement shall be governed and construed in accordance with the laws of the State of Texas, except that any conflict of law rule of that jurisdiction that requires reference to the laws of some other jurisdiction must be disregarded.

14. Dispute Resolution. Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the exclusive jurisdiction of the Bankruptcy Court or the District Court, as applicable.

15. Successors and Assigns. This Agreement accrues to the benefit of and is binding on the Parties and their respective successors, successors in interest, and assigns.

16. Headings and Construction. Headings in this Agreement are for convenience and are not to be used in construing this Agreement. This Agreement shall not be construed or interpreted against any Party, either by having drafted this Agreement or otherwise, but shall be construed and interpreted as to give the fullest effect to the releases and undertakings set forth herein.

Seadrill023

*(Execution Version)*

17.    Entire Agreement / No Oral Agreements.    The Parties acknowledge that this Agreement constitutes the entire agreement between the Parties in respect of settling the matters and claims as provided herein, and that there are no other oral or written representations not fully expressed in the Agreement in respect of such matters.    The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement.    No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.    No waiver, amendment or modification of this Agreement shall be binding unless made in writing and signed by all Parties.

18.    Expenses, Fees, and Costs.    The Parties shall pay their own costs, expenses, and attorneys' fees incurred in the prosecution, defense, and settlement of this matter, except to the extent such monies are included in amounts paid pursuant to this Agreement.

19.    Severability.    Should any clause, paragraph, or part of this Agreement be held or declared by a court of competent jurisdiction to be void or illegal for any reason, all other clauses, paragraphs, or parts of this Agreement which can be performed or effective without such illegal clause, paragraph, or part, shall nevertheless remain in full force and effect.

20.    Waiver.    The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.    No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

21.    Counterparts.    This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original.    All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

IN WITNESS WHEREOF, the Parties have entered into this Agreement intending to be bound by their obligations as set forth in this Agreement.

**EXECUTED** in multiple originals on the dates set forth below.

*[Signature blocks on next page]*

USTP (Seadrill) Ex. 20
Page 147 of 212

Seadrill024

*(Execution Version)*

TODD STRICKLER, as Authorized Signatory on behalf of the Seadrill Partners, LLC Reorganized Debtors and the Seadrill Limited Reorganized Debtors, and not in his individual capacity

DATED: July 22, 2025

Jackson Walker LLP

DATED: July 16, 2025

Name: William R. Jenkins, Jr.
Title: Partner + General Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **Professional Fee Matters Concerning the Jackson Walker Law Firm.** | § | Civil Action No. 4:23-cv-04787 |
| | § | |
| | § | |
| | § | |

**SEADRILL'S RESPONSE TO THE U.S. TRUSTEE'S OMNIBUS OBJECTION TO APPROVAL OF PRIVATE PARTY SETTLEMENT THAT PREEMPT ADJUDICATION OF THE U.S. TRUSTEE'S RULE 60(B) MOTIONS**
(Related to Docket Nos. 90 and 93)

To the Honorable Alia Moses,
Chief United States District Judge:

The Seadrill Partners, LLC reorganized debtors ("***Seadrill Partners***" and prior to their respective plan's effective date, the "***Seadrill Partners Debtors***") and the Seadrill Limited reorganized debtors ("***Seadrill Limited***" and prior to their respective plan's effective date, the "***Seadrill Limited Debtors***") (collectively with Seadrill Partners, "***Seadrill***") file this *Response to the U.S. Trustee's Omnibus Objection to Approval of Private Party Settlement that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions* (the "***Response***"), and in support thereof, respectfully show the Court as follows:

**<u>Objection</u>**

1.     The U.S. Trustee's objection to Seadrill's *Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "***9019 Motion***") and Seadrill's proposed settlement (the "***Settlement***") with Jackson Walker LLP ("***JW***") is misplaced and should be overruled for the following reasons:

(i)     The U.S. Trustee asserts that Seadrill's confirmed chapter 11 plan authorizes Seadrill to settle its claims with JW without either supervision or

USTP (Seadrill) Ex. 20
Page 149 of 212

Seadrill026

UST Exhibit 2

approval by the Court. If the U.S. Trustee is correct and the 9019 Motion is unnecessary, then the U.S. Trustee lacks standing to object to it.

(ii)     The 9019 Motion was filed with the Court to provide full transparency and to avoid further allegations of gamesmanship.

(iii)    Seadrill's Settlement with JW is limited to claims between Seadrill and JW and does not settle the U.S. Trustee's Rule 60(b) Motion claims.

**I.     The U.S. Trustee lacks standing to object to the Settlement**

2.      In its Response, the U.S. Trustee asserts that consideration of the Settlement by this Court is unnecessary because Seadrill's confirmed plan authorizes it to settle any claims or causes of action it may have "without supervision or approval by the Court . . . ." The U.S. Trustee acknowledges that Seadrill is settling its claims against JW. The U.S. Trustee lacks any interest in Seadrill's claims. If the U.S. Trustee is correct, then on what grounds may the U.S. Trustee object to such settlement? If the U.S. Trustee has no interest in Seadrill's claims or their settlement, then the U.S. Trustee lacks standing to object to them.

3.      Seadrill requested that the U.S. Trustee provide language to insert in the 9019 Motion's proposed order to preserve whatever claims and/or rights the U.S. Trustee may have related to its Rule 60 Motion. Such language should alleviate the U.S. Trustee's concern regarding the proposed Settlement. To date, the U.S. Trustee has not provided any such proposed language.

**II.    Full Transparency**

4.      The U.S. Trustee complains that the various settlement motions are unnecessary, but then argues the settlements are gamesmanship and should be denied. At the May 22, 2025 hearing, this Court expressly stated it was tired of what it viewed as gamesmanship. The Court also instructed the parties that there would be one hearing on all of the settlements. [Hr'g Tr. 102:21–103:19, May 22, 2025]. The 9019 Motion was filed to address these articulated concerns

USTP (Seadrill) Ex. 20
Page 150 of 212

2

Seadrill027

5.     First, it avoids any inference of gamesmanship by providing the Court, the U.S. Trustee and any other interested parties with transparency.  It was also filed for this Court's determination so as to avoid any suggestion that the Settlement attempts to avoid this Court's jurisdiction.

6.     Second, it complies with the Court's direction that all of the settlements be filed in this Court in order to provide a single forum for a single settlement hearing.  A single hearing on all of the settlements will provide an efficient use of the parties' time and the Court's resources. Additionally, approval of these settlement will narrow the issues in the ongoing litigation as the various private parties (trustees, plan agents and reorganized debtors) will no longer need to participate and argue their respective cases, thus saving significant ongoing costs associated with this litigation to the detriment of the ultimate stakeholders in the various settled matters.

## III.    The Settlement is limited to claims between Seadrill and JW

7.     The U.S. Trustee's objection to Seadrill's 9019 Motion fundamentally misstates Seadrill's Settlement with JW.  The Settlement does not seek to settle the U.S. Trustee's claims brought in the Rule 60(b) Motion.  The Settlement does not seek to circumvent or abrogate this Court's ability to review an estate professional's conduct.  The Settlement seeks to settle Seadrill's claims against JW.

8.     By its terms, the Settlement is limited to claims between Seadrill and JW.  As set forth in the Settlement and explained in the 9019 Motion, the Settlement seeks to resolve claims held by "Seadrill against JW arising out of or related to the bankruptcy cases of Seadrill Partners, LLC, *et al.* (jointly administered under case number 20-35740) (the "***Seadrill Partners Bankruptcy Cases***"), the bankruptcy cases of Seadrill Limited, *et al.* (jointly administered under case number 21-30427) (the "***Seadrill Limited Bankruptcy Case***") (collectively, the "***Bankruptcy***

USTP (Seadrill) Ex. 20
Page 151 of 212

3

*Cases*"), and the miscellaneous proceeding captioned *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, now pending under case number 4:23cv4787 before the United States District Court for the Southern District of Texas (the "***Misc. Proceeding***")."  [Docket No. 90, p1–2].  As noted at the May 22, 2025 hearing, Seadrill's claims against JW include prepetition claims, post-petition claims and claims incurred during the Bankruptcy Cases.  [Hr'g Tr. 79:25–80:7, May 22, 2025].

9.      Seadrill's claims are independent of the U.S. Trustee's Rule 60 Motion claims.  [*Id.*].  Seadrill's settlement of its claims does not settle the U.S. Trustee's claims.  It does not prohibit the U.S. Trustee from continuing to pursue its vacatur of either the order authorizing JW's employment or the order granting JW's final fee application.  Nor does it prohibit the U.S. Trustee from seeking to have sanctions (monetary or otherwise) imposed against JW.

10.      The Settlement resolves Seadrill's independent claims it has against JW.  If the U.S. Trustee wants to continue to prosecute its own claims, Seadrill does not seek to limit it.[1]

## Conclusion

11.      There is nothing in the Settlement prohibiting the U.S. Trustee from continuing to pursue its relief against JW.  The U.S. Trustee's efforts to assure integrity to the U.S. Bankruptcy Court may proceed and ultimately go to trial.  The fact that the U.S. Trustee continues to prosecute its claims against JW, does not and should not affect Seadrill's ability to settle its own independent claims with JW.  Seadrill, and the other settling parties, should be allowed to make their own decisions regarding resolution of their claims against JW.

---

[1] From discussions with the U.S. Trustee's counsel, counsel for Seadrill understands that to the extent any portion of the Seadrill Settlement is allocable to reduce fee disgorgement sought by the U.S. Trustee, the U.S. Trustee does not seek to have JW disgorge the same fees twice.  Whether any portion of the Seadrill Settlement should be allocated to reduce any fee disgorgement that JW may be called to do, is simply not an issue for the 9019 Motion as no such allocation has been made.

USTP (Seadrill) Ex. 20
Page 152 of 212

4

12.     Moreover, one of the very reasons to settle is to avoid the risk, costs and fees associated with a trial and any future appeals.

13.     The U.S. Trustee may go to trial and seek whatever relief it asserts is appropriate. Seadrill made a business judgment regarding the resolution of its claims against JW.  That Settlement does not prohibit the U.S. Trustee from continuing to pursue its claims against JW.  For the above reasons, the U.S. Trustee's objection to the Motion should be overruled and the 9019 Motion should be granted.

Seadrill respectfully requests that the Court enter an order approving the Settlement and grant Seadrill any other legal or equitable relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg
Texas Bar Number 24033923
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone: 713-226-1200
Facsimile: 713-226-3717
Email: phil.eisenberg@troutman.com
            simon.mayer@troutman.com

*Attorneys for the Seadrill Partners, LLC*
*Reorganized Debtors and the*
*Seadrill Limited Reorganized Debtors*

USTP (Seadrill) Ex. 20
Page 153 of 212

5

<u>**Certificate of Service**</u>

I certify that on September 5, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service in this case.

*/s/ Philip G. Eisenberg*
Philip G. Eisenberg

USTP (Seadrill) Ex. 20
Page 154 of 212

6

Seadrill031

```
               UNITED STATES BANKRUPTCY COURT
            SOUTHERN DISTRICT OF TEXAS (HOUSTON)

                                .
IN RE:                          .  Case No. 23-00645
                                .
PROFESSIONAL FEE MATTERS        .  515 Rusk Avenue
CONCERNING THE JACKSON WALKER   .  Houston, TX 77002
LAW FIRM                        .
                                .  Tuesday, December 9, 2025
. . . . . . . . . . . . . . .   .  8:40 a.m.


                TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE EDUARDO V. RODRIGUEZ
            CHIEF UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:


For the United States      Department of Justice - U.S. Trustee
Trustee:                   By:  VIANEY GARZA, ESQ.
                                MILLI APONTE SALL, ESQ.
                                KEVIN EPSTEIN, ESQ.
                           515 Rusk, Suite 3516
                           Houston, TX 77002
                           (713) 718-4661

                           Department of Justice - U.S. Trustee
                           By:  LAURA STEELE, ESQ.
                           517 East Wisconsin Avenue, Suite 430
                           Milwaukee, WI 53202
                           (414) 297-4499


Audio Operator:            Ana Castro, ECR


Transcription Company:     Access Transcripts, LLC
                           10110 Youngwood Lane
                           Fishers, IN 46048
                           (855) 873-2223
                           www.accesstranscripts.com


     Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

USTP (Seadrill) Ex. 20
Page 155 of 212

UST
Exhibit

3

4

APPEARANCES (Continued):

| | |
|---|---|
| Chapter 7 Trustee in Brilliant Energy: | RANDY W. WILLIAMS, ESQ. 7924 Broadway, Suite 1044 Pearland, TX 77581 |
| For Michael Goldberg, Litigation Trustee of the GWG Litigation Trust: | Reid Collins & Tsai LLP By:  NATHANIEL JOHN PALMER, ESQ. BILL REID, ESQ. 1301 South Capital of Texas Highway Suite C-300 Austin, TX 78746 (512) 647-6107 |
| For Patrick Bartels, as liquidating trustee of Strike, LLC and Auto Plus: | Law Firm By:  THOMAS ANDREW WOOLLEY III, ESQ. 190 T.C. Jester, Suite 400 Houston, TX 77007 (713) 337-3900 |
| For Matthew Ray, liquidating trustee of Strike, LLC and Auto Plus: | White & Case LLP By:  SEAN GORMAN, ESQ. 609 Main Street, Suite 2900 Houston, TX 77002 (713) 496-9700 |
| For EXCO Resources, Inc.: | Foley & Lardner LLP By:  JOHN MELKO, ESQ. 1000 Louisiana Street, Suite 2000 Houston, TX 77002-2099 (7130 276-5727 |
| For Dan Williams, the plan administrator for Katerra, Inc.: | Fox Rothschild LLP By:  TREY MONSOUR, ESQ. Saint Ann Court 2501 N. Harwood Street, Suite 1800 Dallas, TX 75201 (214) 231-5796 |
| For David R. Jones: | Quinn Emanuel Urquhart & Sullivan LLP By:  BEN FINESTONE, ESQ. 295 Fifth Avenue, 9th Floor New York, NY 10016 (212) 849-7000 |
| Also Present: | WILLIAM JENKINS, ESQ. W. ROSS FORBES, ESQ. |

USTP (Seadrill) Ex. 20
Page 156 of 212

1          MR. BOLAND:  Your Honor, I might have a slightly

2    different take, just because we have not ever -- allocations

3    never come up in the conversations.  But from our perspective,

4    Your Honor, we've settled with the estates.  If we offer to pay

5    $50 back, that's the amount that would -- they would be owed,

6    and they would release the ability to recover $51 back.  The

7    U.S. Trustee, Your Honor, if they're seeking non-monetary

8    sanctions, we have an argument about whether that's

9    appropriately teed up or not.

10         That's -- they could pursue non-monetary relief, but

11   from a monetary standpoint, Your Honor, we believe we've

12   settled with the party in interest that has standing, that owns

13   the client, that owns the right to receive the monies.  And so

14   from our -- from Jackson Walker's perspective, that issue would

15   be settled on the monetary perspective.

16         THE COURT:  So then the U.S. Trustee's Real 60

17   disgorgement would go away in your -- at least from your

18   position, your client's position?

19         MR. BOLAND:  Your Honor, our position would be that

20   their disgorgement action, which we don't think they have

21   standing to even seek anyway, would be settled by these

22   settlement agreements.  That's our position, Judge.

23         THE COURT:  And is that clear in the settlement

24   agreement?

USTP (Seadrill) Ex. 20
Page 157 of 212          MR. BOLAND:  It's clear --

1            THE COURT:  That's agreements, there's ten of them,

2    right?

3            MR. BOLAND:  Yeah, it's fair, Judge.  It's clear that

4    the estates are providing a release, and they're releasing the

5    ability to recover additional monies.  And so to the extent,

6    you know, an extra dollar was awarded, but I have a release

7    saying they're not going to take that dollar, that's the

8    perspective we have, Judge.

9            THE COURT:  Well, okay.  I've read a couple of these

10   settlement agreements.  I don't read that in the settlement

11   agreements.  But if that's what the parties are asserting, I

12   mean -- and again, we're not hearing the merits.

13           MR. BOLAND:  Sure.

14           THE COURT:  I'm just asking these questions because I

15   need to understand how this could or should be structured if it

16   does go forward.  And so the -- Jackson Walker's position is

17   that should I approve a settlement agreement, the monies

18   disgorged would end essentially the U.S. Trustee's Rule 60

19   disgorgement.

20           MR. BOLAND:  We believe --

21           THE COURT:  And how does that affect the vacatur of

22   the retention order?

23           MR. BOLAND:  Well, Your Honor, I think, you know,

24   if -- one, I do -- I think it resolves the monetary relief

USTP (Seadrill) Ex. 20
Page 158 of 212
e seeking, which, again, we don't think they have

1    standing to seek.  And I know that's an issue we'll talk about

2    as far as teeing that up with Your Honor as well.

3         But it also goes to mitigation factors.  If Your

4    Honor ends up vacating and/or having a sanctions proceeding,

5    that's the purpose of sanctions, right, to deter future

6    inappropriate conduct by the least coercive means.  Those are

7    facts and evidence that Your Honor would consider in connection

8    with that sort of proceeding that the U.S. Trustee could

9    continue to pursue as far as a nominal.

10        THE COURT:  Okay.  But why should I approve a

11   settlement agreement if we don't allow the U.S. Trustee to

12   bring to trial the vacatur of the retention order to begin with

13   because the vacatur of the retention order would disgorge the

14   entirety of the fees.

15        MR. BOLAND:  I --

16        THE COURT:  And so why should I award a portion of

17   that up front and terminate that proceeding essentially?

18        MR. BOLAND:  I --

19        THE COURT:  One moment.  Does the ERO need a break?

20   Are you okay?  Okay.  Thank you.

21        Go ahead.

22        MR. BOLAND:  Your Honor, I actually disagree, Your

23   Honor, respectfully, with your premise that the vacatur of an

24   employment order is a de facto 100 percent disgorgement of

USTP (Seadrill) Ex. 20
Page 159 of 212 We're happy to brief that, Your Honor, if that becomes

1  an issue.

2          THE COURT:  We're not going to get into the merits of

3  that.

4          MR. BOLAND:  I understand.

5          THE COURT:  I'm just -- we're --

6          MR. BOLAND:  Understood, Judge.

7          THE COURT:  I need to understand the structure here

8  and how we're going to proceed.

9          MR. BOLAND:  Understood.  I just wanted to state on

10  the -- I disagree with that.  But I understand Your Honor's

11  position.  You have to remind me of the question of the Court.

12          THE COURT:  Okay.  So if -- why should I allow a

13  partial disgorgement of the employment or the fee order?

14  Essentially, given your client's position, it terminates the

15  merits of the U.S. Trustee's Rule 60 vacatur of the retention

16  order to begin with.  And if vacatur of that is granted, then

17  the entirety of the fees, and at least in the U.S. Trustee's

18  position, should be disgorged, not a portion of it.

19          So if I grant a settlement essentially awarding a

20  partial disgorgement without vacatur of the retention order,

21  then essentially the trustee's case is over, at least that

22  portion of it.

23          MR. BOLAND:  I don't --

24          THE COURT:  Now, I mean, I think that's the U.S.

USTP (Seadrill) Ex. 20
Page 160 of 212 e's position.  We can clarify --

```
1            MR. BOLAND:  That portion of it, I think, Your Honor,
2    from a monetary standpoint, our argument would be it would be
3    over.  There would be other non-monetary components.  And Your
4    Honor, I direct -- don't know if you'll recall, but almost two
5    years ago, the very first hearing we had was I think in the
6    connection with the Brilliant Energy case.  And Ms. Eitel stood
7    before you and said, you know, we're not here to advocate on
8    behalf of private parties.  We're here to bring transparency to
9    the process, and we're here to bring parties to the table.
10           And that's the whole purpose of this indispensable
11   party standing motions that we did, was to bring people to the
12   table who have the standing, who have the stake in this case,
13   who have the monetary relief and the ability to seek monetary
14   relief.  That was the entire purpose of us doing that, Your
15   Honor.  So we did that process.  We went through the settlement
16   process.  We went through the mediation process.  And we
17   reached monetary settlements with these folks.  And so we've
18   complied by the book.
19           THE COURT:  Well, that's a portion of it.  I think
20   the basis of the U.S. Trustee's Rule 60 motion is to get down
21   to the point of whether or not Jackson Walker should have
22   amended his disclosure statement or should have been not
23   allowed to proceed in that proceeding in early in the case, or
24   maybe shouldn't have even been allowed to be retained to begin
```

USTP (Seadrill) Ex. 20
Page 161 of 212

193

1    how am I going to deal with this particular one --

2            MR. BOLAND:  Understood.  We appreciate you.

3            THE COURT:  -- without prejudicing anybody's rights?

4    Okay.  And I believe that's it.  Is there anything else that

5    you think we need to deal with?

6            MS. STEELE:  No.  Thank you very much, Your Honor.

7            THE COURT:  Mr. Boland?

8            MR. BOLAND:  Nothing further, Judge.  We appreciate

9    Your Honor's time.

10            THE COURT:  Anybody else in the courtroom?  All

11    right.  Thank you.  And we're adjourned.

12        (Proceedings concluded at 1:03 p.m.)

13                        * * * * *

14

15                C E R T I F I C A T I O N

16

17        I, Heidi Jolliff, court-approved transcriber, hereby

18    certify that the foregoing is a correct transcript from the

19    official electronic sound recording of the proceedings in the

20    above-entitled matter.

21

22

23    _____

24    HEIDI JOLLIFF, AAERT NO. 2850    DATE: December 11, 2025

USTP (Seadrill) Ex. 20
Page 162 of 212    TRANSCRIPTS, LLC

Seadrill339

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Professional Fee Matters Concerning the | § | Civil Action No. 4:23-CV-4787-AM |
| Jackson Walker Law Firm | § | |
| | § | |
| | § | |

**JACKSON WALKER, LLP'S STATEMENT IN RESPONSE
TO DECEMBER 9, 2025 STATUS CONFERENCE**

TO CHIEF UNITED STATES BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:

While Jackson Walker LLP ("Jackson Walker") recognizes that the settlement motions are currently abated pursuant to the November 12, 2025 *Order* [Dkt. No. 109] entered by Chief District Judge Moses, Jackson Walker files this Statement at the Court's request and in response to the Court's inquiries at the December 9, 2025 status conference (the "Status Conference").

The first section below addresses all of the pending settlement motions other than GWG, and the second section below addresses the pending GWG settlement motion. In support of this Statement, Jackson Walker respectfully states as follows:

**All of the Settlement Motions (Other than GWG)
Should be Considered in Advance of Trial**

1.     At the Status Conference, the Court welcomed a further statement on the 10 pending settlement motions, which Jackson Walker provides below. *See* Hr'g Tr. 135:12-136:8.

2.     Jackson Walker's settlements to date are with the entities that have standing to seek disgorgement of the award of fees to Jackson Walker in their respective cases. In those settlements,

USTP (Seadrill) Ex. 20
Page 163 of 212

Seadrill370

UST
Exhibit

4

the parties agreed that the respective settlement amounts would be the most the estate representatives would receive from Jackson Walker.

3.     The bankruptcy plans[1] do not require the settlements to be approved by the Court as the U.S. Trustee has acknowledged,[2] but the settling parties insisted on it to promote transparency.[3]

4.     It is in the best interest of the bankruptcy estates and ultimate beneficiaries for this Court to recommend to Chief Judge Moses that this Court should hear the settlement motions as soon as possible and in advance of trial.

5.     This Court's consideration of the pending settlement motions in advance of trial on the merits would:

- not impact the U.S. Trustee's ability to present evidence or witnesses on any particular case at trial with respect to its pending Rule 60 motions and fee application objections;

- not impact the U.S. Trustee's ability to seek non-monetary relief, subject to Jackson Walker's rights and objections thereto;

- not impact the U.S. Trustee's ability to argue that a monetary sanction equal to the disgorgement of fees beyond the amounts settled is appropriate, subject to Jackson Walker's rights and objections thereto (including Jackson Walker's objections based on standing and settlement releases);

- not impact the Court's inherent ability to impose sanctions (if it determined any sanctions were indeed appropriate);[4]

---

[1] The *Brilliant Energy* case is a chapter 7 case without a confirmed plan.

[2] *See e.g.*, *The U.S. Trustee's Omnibus Objection to Approval of Private Party Settlements that Preempt Adjudication of the U.S. Trustee's Rule 60(b) Motions* [Dkt. No. 93].

[3] *See* Hr'g Tr. 58:1-10 ("The Court: Given the complexity and uniqueness of this case, I can understand why that has to be done. I agree. I think there has to be complete transparency. . . . But given where we are and the kind of case we have, . . . they have to be reviewed and approved.")

[4] Jackson Walker reserves all rights to argue that the settlement motions (if approved) would impact a settling estate's ability to receive amounts in excess of the settled amount in light of the release provisions set forth in each settlement

USTP (Seadrill) Ex. 20
Page 164 of 212

2

- prevent the unnecessary incurrence of fees and expenses by various estate representatives who would otherwise be forced to attend a multi-week trial;

- allow some of the cases to close,[5] thereby eliminating U.S. Trustee fees and related administrative burdens and costs; and

- allow for the expeditious payment to various estate beneficiaries under the pending settlement motions.

For the foregoing reasons, Jackson Walker respectfully requests that the Court recommend that the settlement motions be heard prior to any trial on the merits.

### The GWG Settlement Motion Can and Should be Considered Concurrently at Trial

6.      At the Status Conference, the Court also requested that Jackson Walker and the U.S. Trustee file a statement addressing these issues:  if the Court determines to go forward and hear the above-referenced settlement motions, how should the settlement motion filed in *In re GWG Holdings, Inc.*, Case No. 22-90032 ("GWG") be treated?  Can this Court hold a hearing on that settlement motion in conjunction with the other settlement motions? *See* Dec. 9 Hr'g Tr. at 136:12-137:15; 182-185, 191-192.

7.      Jackson Walker agrees with the Court that the pending GWG settlement motion is different from the other pending settlement motions because of its unique procedural posture (*i.e.*, a pending objection to a final fee application as opposed to a Rule 60 motion seeking to vacate orders).  Given this distinction, Jackson Walker requests that the Court consider the *Litigation Trustee's Motion for Entry of an Order Approving Settlement Agreement with Jackson Walker LLP* [Dkt. No. 100] (the "GWG Settlement Motion") concurrently with the consolidated trial on the U.S. Trustee's Rule 60 Motions in the affected cases, which includes (i) *Jackson Walker's Fourth and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-*

---

[5] *See* Hr'g Tr. 19:3-7 (*J.C. Penney* settlement is the last asset to administer before closing the case); 56:11-14 (*4E Brands* is ready to close); 56:15-23 (*Basic Energy* is very close to the end of the case); 41:18-23 (*Brilliant Energy* ... the only item pending before closing the case).

USTP (Seadrill) Ex. 20
Page 165 of 212

Seadrill372

Counsel to the Debtors for the Period from April 20, 2022 through June 20, 2023 [Case No. 22-90032, Dkt. No. 2158] (the "GWG Fee Application") and (ii) *United States Trustee's Opposition to Jackson Walker's Final Fee Application as Co-Counsel to the Debtors and Motion for Sanctions and Related Relief* [Case No. 22-90032, Dkt. No. 2415] (the "GWG Fee Objection").

8.     The GWG Fee Objection requests two forms of relief: (1) denial of the GWG Fee Application and return of amounts previously paid; and (2) sanctions against Jackson Walker.

9.     Jackson Walker acknowledges that the U.S. Trustee has standing to object to the GWG Fee Application and that the GWG Fee Objection cannot be fully settled in light of the U.S. Trustee's pending objection which remains the only outstanding objection.

10.     By taking up the GWG Settlement Motion in conjunction with the trial, the Court can (and Jackson Walker argues that it should) consider the GWG Settlement Motion and related settlement agreement in determining the appropriateness of the U.S. Trustee's requested relief in the GWG case.  In doing so, Jackson Walker submits that the Court could set aside a specific time for the GWG Litigation Trustee to appear and be heard on (i) the GWG Settlement Motion and the reasonableness of the settlement agreement, rather than requiring the GWG Litigation Trustee's attendance at the full trial, and (ii) any remaining factual issues regarding section 330 and the *Johnson*[6] factors, which are unique to the GWG Fee Application.

11.     Jackson Walker submits that this procedure would alleviate both the U.S. Trustee's concerns about its pending GWG Fee Objection and this Court's concerns about the unique procedural posture of the GWG cases as compared to the other cases with pending settlement motions.

USTP (Seadrill) Ex. 20
Page 166 of 212

_____

*rgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

4

Seadrill373

Dated: December 16, 2025

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
*Attorney-in-Charge*
Federal I.D. No. 37238
William Greendyke (SBT 08390450)
Federal I.D. No. 576573
Julie Harrison (SBT 24092434)
Federal I.D. No. 3017799
Maria Mokrzycka (SBT 24119994)
Federal I.D. No. 3610759
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Paul Trahan (SBT 24003075)
Federal I.D. No. 563869
Emily Wolf (SBT 24106595)
Federal I.D. No. 3892373
98 San Jacinto Blvd., Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201
paul.trahan@nortonrosefulbright.com
emily.wolf@nortonrosefulbright.com

- and -

**RUSTY HARDIN & ASSOCIATES, LLP**
Russell Hardin, Jr. (SBT 08972800)
*Attorney-in-Charge*
Federal I.D. No. 19424
Leah M. Graham (SBT 24073454)
Federal I.D. No. 2192848
Jennifer E. Brevorka (SBT 24082727)
Federal I.D. No. 1725400
Emily Smith (SBT 24083876)
Federal I.D. No. 1890677
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010

USTP (Seadrill) Ex. 20
Page 167 of 212

Seadrill374

Telephone: (713) 652-9000
rhardin@rustyhardin.com
lgraham@rustyhardin.com
jbrevorka@rustyhardin.com
esmith@rustyhardin.com

*Counsel for Jackson Walker LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I caused a copy of this Statement to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ Jason L. Boland*
Jason L. Boland

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 15, 2025, counsel for Jackson Walker and the U.S. Trustee conferred via telephone with respect to this Court's request for a submission from the parties following the Status Conference. Counsel for Jackson Walker and the U.S. Trustee agreed that a joint submission would be impractical given their respective positions, and that they would each submit a separate statement in response to this Court's request.

*/s/ Jason L. Boland*
Jason L. Boland

USTP (Seadrill) Ex. 20
Page 168 of 212

Seadrill375

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Professional Fee Matters Concerning the | § | Civil Action No. 4:23-CV-4787-AM |
| Jackson Walker Law Firm | § | |
| | § | |
| | § | |

## U.S. TRUSTEE'S NOTICE OF PROPOSED AGENDA

TO CHIEF UNITED STATES BANKRUPTCY JUDGE EDUARDO V. RODRIGUEZ:

The U.S. Trustee's meet and confers with the Settling Parties[1] and Jackson Walker LLP ("Jackson Walker") held January 7 and 9, 2026, revealed that the parties disagree about the scope of the Court's *Order for Non-Evidentiary Electronic Status Conference* [ECF No. 141] (the "Order"). Although the Settlement Motions "remain abated" by the District Court, Order at 1; *see also* ECF No. 140, "Chief Judge Moses referred two related issues to the instant [Bankruptcy] Court for an evidentiary hearing and a report and further recommendations to the United States District Court." [ECF No. 141]. The two issues are as follows:

---

[1] The Settling Parties include: (1) Old Copper Company Inc. F/K/A J. C. Penney Company Inc. and Copper Sub Corporation, Inc. F/K/A J. C. Penney Corporation, Inc., As Wind Down Debtors In J. C. Penney Direct Marketing Services LLC, by and through its Plan Administrators; (2) Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc.; (3) Seadrill Partners, LLC Reorganized Debtors and the Seadrill Limited Reorganized Debtors; (4) Randy W. Williams, Chapter 7 trustee for Brilliant Energy, LLC; (5) David Dunn, Liquidation Trustee for the Basic Energy Liquidation Trust; (6) David Dunn, Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC; (7) Patrick Bartels, as Trustee for the Strike Liquidating Trust; (8) Patrick Bartels, as Plan Agent for the Wind-Down Debtor In re Auto Plus Auto Sales LLC (formerly In re IEH Auto Parts Holding, LLC, et al.); (9) Sungard AS New Holdings, LLC, the wind-down debtor, by and through Drivetrain LLC, the Plan Administrator; I. Goldberg, in his capacity as the Trustee of the GWG Litigation.

USTP (Seadrill) Ex. 20
Page 169 of 212

Seadrill376

UST Exhibit 5

(i)     whether the Settlement Motions should be approved before adjudicating the merits of the U.S. Trustee's Vacatur Motions; or

(ii)    whether an alternative exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions.

[ECF No. 140].

The District Court further ordered that the "*limited issues*…on whether the Settlement Motions should be approved or an alternative to approval exists are **REFERRED** to Chief Judge Rodriguez for an evidentiary hearing." [ECF No. 140] (emphasis supplied).

As a result, the U.S. Trustee submits the following proposed agenda in accordance with paragraph 2 of the Order.

## Agenda Item 1

### *Judge Moses Issue (ii)*

The District Court requested an evidentiary hearing and report and recommendation from the Bankruptcy Court on "whether an alternative exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions." [ECF No. 140 at 2]. The U.S. Trustee requests that the Bankruptcy Court allow the U.S. Trustee, without waiving his objections to the Settlement Motions,[2] to submit evidence regarding proposed alternatives. The U.S. Trustee estimates that the time required for an evidentiary hearing on this matter is two hours. Simply put, the Settlement Motions could easily be approved without a U.S. Trustee objection if the orders approving the settlement provided the following terms:

---

[2] Due to the District Court's abatement of the Settlement Motions the U.S. Trustee has not filed ⟨...⟩ he pending Settlement Motions including *Auto Plus* (*fka IEH*) [ECF No. 97], ⟨...⟩8], *GWG* [ECF No. 100], and *Stage Stores* [ECF No. 108].

USTP (Seadrill) Ex. 20
Page 170 of 212

Seadrill377

Notwithstanding any contrary provision in this Order or the Settlement Agreement:

(1) The Settlement Agreement's approval shall not in any way affect any Vacatur Motion[3] or the [Settling Party's] ability to accept or distribute funds the Court may order Jackson Walker LLP to pay as a result of a Vacatur Motion; and

(2) No final fee order shall be entered until the Vacatur Motion is resolved.[4]

## Agenda Item 2

*Judge Moses Issue (i)*

The Bankruptcy Court should only take limited evidence and draft a report and recommendation on whether the Settlement Motions may be approved without prejudicing the relief sought by U.S. Trustee's Vacatur Motions. The U.S. Trustee estimates that an evidentiary hearing can be completed within a half day on all matters except for GWG Holdings, which the GWG Litigation Trustee, Jackson Walker, and the U.S. Trustee agree should be heard concurrently with the trial on the U.S. Trustee's Rule 60 Motions.

## Additional Issues

The U.S. Trustee reserves the right to discovery on any contested matter, including the Settlement Motions, prior to any evidentiary hearing that may be noticed. Fed. R. Bankr. P. 9014.

*[Signature page follows]*

---

[3] As defined in ECF No. 109.

USTP (Seadrill) Ex. 20
Page 171 of 212
[4] ... f the Settlement Agreements do not provide for a final fee order, this language may not apply to all Settlement Agreements.

3

Dated: January 12, 2026

Respectfully submitted,

**KEVIN M. EPSTEIN**
**UNITED STATES TRUSTEE**
**REGION 7, SOUTHERN AND WESTERN**
**DISTRICTS OF TEXAS**

By: */s/ Laura D. Steele*
MILLIE APONTE SALL
Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
VIANEY GARZA
Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
LAURA D. STEELE
Trial Attorney
Wis. Bar No. 1065702/Fed. ID No. 3878215
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
        vianey.garza@usdoj.gov
        laura.steele@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I caused a copy of this Agenda to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ Laura D. Steele*
U.S. Trustee Trial Attorney

USTP (Seadrill) Ex. 20
Page 172 of 212

Seadrill379

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 07, 2021

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 21-30427 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No.** 1049 |

**ORDER GRANTING JACKSON WALKER LLP'S
FIRST INTERIM FEE APPLICATION FOR ALLOWANCE AND
PAYMENT OF FEES AND EXPENSES AS CO-COUNSEL TO THE DEBTORS
FOR THE PERIOD FROM FEBRUARY 10, 2021 THROUGH MAY 31, 2021**

The Court has considered the First Interim Application for Compensation and Reimbursement of Expenses filed by Jackson Walker LLP (the "Applicant"). The Court orders:

1.     The Applicant is allowed interim compensation and reimbursement of expenses in the amount of $294,891.60 for the period set forth in the application.

2.     The Debtors are authorized to disburse any unpaid amounts allowed by paragraph 1 of this Order.

Signed:  December 07, 2021.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited. The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

USTP (Seadrill) Ex. 20
Page 173 of 212

UST
Exhibit
6

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

December 07, 2021

Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 21-30427 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No.** <u>1051</u> |

**ORDER GRANTING JACKSON WALKER LLP'S
SECOND INTERIM FEE APPLICATION FOR ALLOWANCE AND
PAYMENT OF FEES AND EXPENSES AS CO-COUNSEL TO THE DEBTORS
<u>FOR THE PERIOD FROM JUNE 1, 2021 THROUGH AUGUST 31, 2021</u>**

The Court has considered the Second Interim Application for Compensation and

Reimbursement of Expenses filed by Jackson Walker LLP (the "<u>Applicant</u>").  The Court orders:

1.     The Applicant is allowed interim compensation and reimbursement of expenses in

the amount of $103,241.50 for the period set forth in the application.

2.     The Debtors are authorized to disburse any unpaid amounts allowed by paragraph 1

of this Order.

**Signed:  December 07, 2021.**

**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited.  The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity ~~Drive~~ Houston, Texas 77041.

USTP (Seadrill) Ex. 20
Page 174 of 212

UST
Exhibit

7

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 07, 2022
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEADRILL LIMITED, *et al.*,[1] | ) Case No. 21-30427 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

### FINAL ORDER ALLOWING COMPENSATION
### AND REIMBURSEMENT OF EXPENSES
### (DOCKET NO. <u>1281</u>)

The Court has considered the Final Application for Compensation and Reimbursement of Expenses filed by Jackson Walker LLP (the "<u>Applicant</u>").  The Court orders:

1.      Applicant is allowed compensation and reimbursement of expenses in the amount of $105,231.95 for the period set forth in the application.

2.      The compensation and reimbursement of expenses allowed in this order and all previous interim allowances or compensation and reimbursement of expenses are approved on a final basis.

3.      The Debtors are authorized to disburse any unpaid amounts allowed by paragraphs 1 or 2 of this Order.

**Signed:  January 07, 2022.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited.  The location of Debtor Seadrill Americas, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity  Houston, Texas 77041.

USTP (Seadrill) Ex. 20
Page 175 of 212

UST
Exhibit
**8**

**U.S. Bankruptcy Court**
**Southern District of Texas (Houston)**
**Bankruptcy Petition #: 20-35740**

*Date filed:* 12/01/2020
*Date terminated:* 03/28/2024
*Plan confirmed:* 05/14/2021
*341 meeting:* 03/15/2021
*Deadline for filing claims:* 04/05/2021
*Deadline for filing claims (govt.):* 06/04/2021

*Assigned to:* Bankruptcy Judge Marvin Isgur
Chapter 11
Voluntary
Asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor*** | represented by **Justin Bernbrock** |
| **Seadrill Partners LLC** | Sheppard Mullin et al |
| 566 Chiswick High Road | 70 West Madison Street |
| Chiswick Business Park | Chicago, IL 60602 |
| London W4 5YS | 312-499-6321 |
| OUTSIDE U. S. | Email: jbernbrock@sheppardmullin.com |
| United Kingdom | |
| Tax ID / EIN: 66-0789360 | **Eric Wade Boylan** |
| | Locke Lord LLP |
| | 2800 Travis St |
| | Ste 2800 |
| | Houston, TX 77002 |
| | 713-226-1498 |
| | Email: eric.boylan@lockelord.com |
| | |
| | **Matthew D Cavenaugh** |
| | Jackson Walker LLP |
| | 1401 McKinney Street |
| | Ste 1900 |
| | Houston, TX 77010 |
| | 713-752-4200 |
| | Email: mcavenaugh@jw.com |
| | |
| | **Amanda L Cottrell** |
| | Sheppard Mullin Richter Hampton LLP |
| | 2200 Ross Avenue |
| | 24th Floor |
| | Dallas, TX 75201 |
| | 469-391-7432 |
| | Email: acottrell@sheppardmullin.com |
| | |
| | **Genevieve Marie Graham** |
| | Jackson Walker LLP |
| | 1401 McKinney Street |
| | Suite 1900 |
| | Houston, TX 77010 |
| | (713) 752-4231 |

USTP (Seadrill) Ex. 20
Page 176 of 212

UST
Exhibit
**9**

Fax : (713) 308-4131
Email: ggraham@jw.com

**Elizabeth A Green**
Baker & Hostetler LLP
200 S. Orange Ave.
SunTrust Center, Suite 2300
Orlando, FL 32801
407-649-4000
Fax : 407-841-0168
Email: egreen@bakerlaw.com

**Simon Richard Mayer**
Locke Lord LLP
600 Travis, Suite 2800
Houston, TX 77002
713 226 1507
Fax : 713 223 3717
Email: simon.mayer@lockelord.com

**Veronica Ann Polnick**
Jackson Walker, LLP
1401 McKinney St.
Suite 1900
Houston, TX 77010
713-752-4200
Fax : 713-754-6716
Email: vpolnick@jw.com

**Brian E Schartz**
Kirkland and Ellis LLP
609 Main Street
Houston, TX 77002
713-836-3600
Email: brian.schartz@kirkland.com

**John Machir Stull**
Jackson Walker, LLP
2323 Ross Avenue, Suite 600
Dallas, TX 75201
214-953-6039
Email: mstull@jw.com

**Coleman Torrans**
Lugenbuhl Wheaton, et al
601 Poydras St., Suite 2775
New Orleans, LA 70130
504-568-1990
Email: ctorrans@lawla.com

**US Trustee**
Office of the US Trustee
515 Rusk Ave

represented by **Alicia Lenae Barcomb**
DOJ-Ust
515 Rusk Ave.
Suite 3516

Seadrill381

601 Poydras Street
Ste 2660
New Orleans, LA 70130-6036
504-558-5155
Fax : 504-681-5255
Email: rkuebel@lockelord.com

**Simon Richard Mayer**
(See above for address)

| Filing Date | # | Docket Text |
|---|---|---|
| 12/01/2020 | 1<br>(25 pgs) | Chapter 11 Voluntary Petition Non-Individual Fee Amount $1738 Filed by Seadrill Partners LLC. (Cavenaugh, Matthew) (Entered: 12/01/2020) |
| 12/01/2020 | | Receipt of Voluntary Petition (Chapter 11)(20-35740) [misc,volp11] (1738.00) Filing Fee. Receipt number 22634770. Fee amount $1738.00. (U.S. Treasury) (Entered: 12/01/2020) |
| 12/01/2020 | 2<br>(1 pg) | Notice and Order regarding exchanging of exhibits and witness lists in all contested matters and adversary proceedings. (Entered: 12/01/2020) |
| 12/01/2020 | | Notice of Appearance and Request for Notice Filed by Stephen Douglas Statham (Statham, Stephen) (Entered: 12/01/2020) |
| 12/01/2020 | | Notice of Appearance and Request for Notice Filed by Hector Duran Jr (Duran, Hector) (Entered: 12/01/2020) |
| 12/01/2020 | 3<br>(5 pgs) | Notice of Appearance and Request for Notice Filed by Christopher M Odell Filed by on behalf of Alter Domus (US) LLC (Odell, Christopher) (Entered: 12/01/2020) |
| 12/01/2020 | 4<br>(1 pg) | Motion to Appear pro hac vice *Maja Zerjal Fink*. Filed by Interested Party Alter Domus (US) LLC (Odell, Christopher) (Entered: 12/01/2020) |
| 12/01/2020 | 5<br>(6 pgs) | Stipulation By Seadrill Partners LLC and TLB Agent on behalf of the Secured Parties and at the direction of the Required Lenders. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 12/01/2020) |
| 12/01/2020 | 6<br>(5 pgs) | Stipulation and Order Authorizing Use of Cash Collateral Signed on 12/1/2020 (Related document(s):5 Stipulation) (aalo) (Entered: 12/01/2020) |
| 12/02/2020 | 7 | No Creditor Mailing List (JacquelineMataadi) (Entered: 12/02/2020) |
| 12/02/2020 | 8<br>(24 pgs; 2 docs) | Emergency Motion *Seeking Entry of an Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* Filed by Debtor Seadrill Partners LLC (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 12/02/2020) |
| 12/02/2020 | 9<br>(6 pgs; 2 docs) | Designation of Complex Chapter 11 Bankruptcy Case (Filed By Seadrill Partners LLC ). (Attachments: # 1 Proposed Order) (Cavenaugh, |

USTP (Seadrill) Ex. 20
Page 178 of 212

| | | |
|---|---|---|
| | | *Related Relief* (Filed By Seadrill Partners LLC ). (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 05/14/2021) |
| 05/14/2021 | 564 (8 pgs) | Agenda for Hearing on 5/14/2021 (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 05/14/2021) |
| 05/14/2021 | 565 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Daily (24 hours)) by Matthew Cavenaugh. This is to order a transcript of 5/14/2021 before Judge David R. Jones. Court Reporter/Transcriber: Access Transcripts (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) Electronically forwarded to Access Transcripts, LLC on 5/17/2021. Estimated Transcript Completion Date: 5/18/2021. Modified on 5/17/2021 (JacquelineMata). (Entered: 05/14/2021) |
| 05/14/2021 | 566 (1 pg) | AO 435 TRANSCRIPT ORDER FORM (Ordinary (30 days)) by Official Committee of Unsecured Creditors/Bradley Knapp. This is to order a transcript of Hearing on 5/14/2021 before Judge David R. Jones. Court Reporter/Transcriber: Access Transcripts (Filed By Official Committee of Unsecured Creditors ). (Knapp, Bradley) Copy order forwarded to Access Transcripts, LLC on 5/17/2021. Estimated Completion Date: 06/16/2021. Modified on 5/17/2021 (JacquelineMata). (Entered: 05/14/2021) |
| 05/14/2021 | 567 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 5/14/2021 1:00:00 PM ]. File Size [ 27478 KB ]. Run Time [ 00:57:15 ]. (In ref to Confirmation and docket no. 551. Hearing held May 14, 2021.). (admin). (Entered: 05/14/2021) |
| 05/14/2021 | 568 (2 pgs) | Courtroom Minutes. Time Hearing Held: 1:00 PM. Appearances: SEE ATTACHED. (Related document(s):551 Emergency Motion, 562 Amended Chapter 11 Plan) The declarations submitted at docket nos. 556, 558, and 559 were admitted. For the reasons stated on the record, the Court approved the disclosure statement on a final basis and confirmed the Debtors' fourth amended plan submitted at docket no. 562. Additionally, the Court approved the Emergency Motion for Entry of an Order (I) Authorizing and Approving the Settlement By and Among the Debtors and National Oilwell Varco, L.P. 551. Order to be entered. (VrianaPortillo) (Entered: 05/14/2021) |
| 05/14/2021 | 569 (3 pgs) | Order (I) Authorizing and Approving the Settlement by and Among the Debtors and Nov and (II) Granting Related Relief (Related Doc # 551) Signed on 5/14/2021. (VrianaPortillo) (Entered: 05/14/2021) |
| 05/14/2021 | 570 (118 pgs) | Order (I) Approving the Disclosure Statement, (II) Confirming the Fourth Amended Joint Chapter 11 Plan of Reorganization of Seadrill Partners LLC and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, and (III) Granting Related Relief Signed on 5/14/2021 (Related document(s):434 Courtroom Minutes, 562 Amended Chapter 11 Plan) (VrianaPortillo) (Entered: 05/14/2021) |
| 05/17/2021 | 571 (33 pgs) | Notice *of Third Monthly Fee Statement of Locke Lord LLP as Counsel to the Official Committee of Unsecured Creditors for Services Rendered and Reimbursement of Expenses Incurred April 1, 2021 Through April 30, 2021.* Filed by Official Committee Of Unsecured Creditors (Mayer, Simon) (Entered: 05/17/2021) |

USTP (Seadrill) Ex. 20
Page 179 of 212

Seadrill383

| | | |
|---|---|---|
| 05/17/2021 | 572 (5 pgs) | Notice *of Filing of Combined Monthly Staffing Report and Third Monthly Fee Statement of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of February 1, 2021, through February 28, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/17/2021) |
| 05/17/2021 | 573 (96 pgs) | Notice *of Filing of Combined Monthly Staffing Report and Fourth Monthly Fee Statement of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of March 1, 2021 through March 31, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/17/2021) |
| 05/18/2021 | 574 (13 pgs) | Operating Report for Filing Period March 2021, $(19.7) disbursed (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 05/18/2021) |
| 05/18/2021 | 575 (44 pgs) | Transcript RE: Emergency Motion for Entry of an Order (I) Authorizing and Approving the Settlement By And Among the Debtors and National Oilwell Varco, L.P. and (II) Granting Related Relief; Fourth Amended Chapter 11 Plan held on 5/14/21 before Judge David R. Jones. Transcript is available for viewing in the Clerk's Office. Filed by Transcript access will be restricted through 08/16/2021. (AccessTranscripts) (Entered: 05/18/2021) |
| 05/19/2021 | 576 (1 pg) | Order Granting Motion To Appear pro hac vice - Ravi Subramanian Shankar (Related Doc # 542) Signed on 5/19/2021. (aalo) (Entered: 05/19/2021) |
| 05/20/2021 | 577 (78 pgs; 7 docs) | Affidavit Re: *Mailings for the Period from May 9, 2021 through May 15, 2021.* (related document(s):543 Declaration, 545 Notice, 551 Emergency Motion, 552 Amended Chapter 11 Plan, 554 Notice, 556 Declaration, 557 Brief, 558 Declaration, 559 Declaration, 560 Notice, 562 Amended Chapter 11 Plan, 564 Agenda, 569 Order on Emergency Motion, 570 Order Confirming Chapter 11 Plan). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of May 11 # 2 Affidavit of May 12 # 3 Affidavit of May 12 # 4 Affidavit of May 13 # 5 Affidavit of May 13 # 6 Affidavit of May 14)(Steele, Benjamin) (Entered: 05/20/2021) |
| 05/20/2021 | 578 (97 pgs) | Notice *of Fourth Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Compensation for Services and Reimbursement of Expenses as Attorneys to the Debtors and Debtors in Possession for the Period from March 1, 2021, Through March 31, 2021.* Filed by Seadrill Partners LLC (Schartz, Brian) (Entered: 05/20/2021) |
| 05/20/2021 | 579 (97 pgs; 2 docs) | Application for Compensation *First Interim Fee Application of Evercore Group LLC and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from December 1, 2020 through and including February 28, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 05/20/2021) |

USTP (Seadrill) Ex. 20
Page 180 of 212

| | | |
|---|---|---|
| 05/20/2021 | 580<br>(27 pgs) | Notice *of Third Monthly Fee Statement of Evercore Group LLC and Evercore Partners International LLP as Investment Banker to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period from March 1, 2021 through March 31, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/20/2021) |
| 05/21/2021 | 581<br>(56 pgs) | Notice *of Fifth Monthly Fee Statement of Sheppard, Mullin, Richter & Hampton LLP for Services Rendered and Reimbursement of Expenses Incurred From April 1, 2021 Through April 30, 2021.* (Related document(s):125 Generic Order) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/21/2021) |
| 05/21/2021 | 582<br>(47 pgs) | Notice *of Filing of Second Amended Plan Supplement.* (Related document(s):552 Amended Chapter 11 Plan) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/21/2021) |
| 05/21/2021 | 583<br>(8 pgs) | Notice *of Extension of (I) the Outside Date, (II) Certain Milestones and (III) the Committee's Challenge Period Under the Amended Interim Cash Collateral Order and Plan Support Agreement.* (Related document(s):77 Order Setting Hearing) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/21/2021) |
| 05/22/2021 | 584<br>(13 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 4/30/2021, $38.7 disbursed (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 05/22/2021) |
| 05/25/2021 | 585<br>(4 pgs; 2 docs) | Certificate of No Objection *with Respect to Amended First Interim Fee Application of Baker & Hostetler LLP as Special Counsel for the Debtors and Debtors in Possession for the Period from December 1, 2020 Through and Including February 28, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):521 Application for Compensation) (Attachments: # 1 Proposed Order) (Green, Elizabeth) (Entered: 05/25/2021) |
| 05/25/2021 | 586<br>(6 pgs) | Notice *of (I) Entry of Confirmation Order, (II) Ocurrence of Effective Date, and (III) Related Bar Dates.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 05/25/2021) |
| 05/26/2021 | 587<br>(6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors In Possession, for the Interim Fee Period from December 1, 2020 Through and Including February 28, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):533 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 05/26/2021) |
| 05/26/2021 | 588<br>(84 pgs) | Additional Attachments Re: *Exhibits A through F to the Notice of Filing of Combined Monthly Staffing Report and Third Monthly Fee Statement of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of February 1, 2021, through February 28, 2021* (related document(s):572 Notice) (Filed By Seadrill Partners LLC ). (Related document(s):572 Notice) (Cavenaugh, Matthew) (Entered: 05/26/2021) |

USTP (Seadrill) Ex. 20
Page 181 of 212

| | | |
|---|---|---|
| 05/27/2021 | 589<br>(37 pgs; 4 docs) | Affidavit Re: *Mailings for the Period from May 16, 2021 through May 22, 2021.* (related document(s):572 Notice, 573 Notice, 578 Notice, 579 Application for Compensation, 580 Notice, 581 Notice, 582 Notice, 583 Notice). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of May 17 # 2 Affidavit of May 20 # 3 Affidavit of May 21)(Steele, Benjamin) (Entered: 05/27/2021) |
| 05/27/2021 | 590<br>(2 pgs) | Order Approving Amended First Interim Fee Application of Baker & Hostetler LLP as Special Counsel for the Debtors and Debtors in Possession for the Period from December 1, 2020 through and Including February 28, 2021 (Related Doc # 521). Signed on 5/27/2021. (VrianaPortillo) (Entered: 05/27/2021) |
| 06/02/2021 | 591<br>(45 pgs) | Notice *of Third Monthly Fee Statement of PricewaterhouseCoopers LLP for Compensation for Services and Reimbursement of Expenses as Auditors to the Debtors and Debtors In Possession for the Period from April 1, 2021 Through April 30, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/02/2021) |
| 06/02/2021 | 592<br>(17 pgs; 2 docs) | Emergency Motion *for Entry of a Final Decree Closing Certain of the Chapter 11 Cases* Filed by Debtor Seadrill Partners LLC (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/02/2021) |
| 06/02/2021 | 593<br>(11 pgs) | Notice *of Third Monthly Fee Statement of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard for Services Rendered and Reimbursement of Expenses Incurred from April 1, 2021, through April 30, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/02/2021) |
| 06/03/2021 | 594<br>(15 pgs) | Notice *of Excess Fees for Watson, Farley & Williams LLP.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/03/2021) |
| 06/03/2021 | 595<br>(83 pgs) | Affidavit Re: *of Muhammad Azeem Regarding Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates.* (related document(s):586 Notice). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 06/03/2021) |
| 06/04/2021 | 596<br>(2 pgs) | Order Granting First Interim Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Interim Fee Period From December 1, 2020 through and including February 28, 2021 (Related Doc # 533) Signed on 6/4/2021. (emiller) (Entered: 06/06/2021) |
| 06/07/2021 | 597<br>(24 pgs) | Notice *of Fourth Monthly Fee Statement of Evercore Group L.L.C. and Evercore Partners International LLP as Investment Banker to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period From April 1, 2021 Through May 24, 2021.* (Related document(s):125 Generic Order) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/07/2021) |
| 06/08/2021 | 598<br>(11 pgs) | Notice *of Final Monthly Fee Statement of PricewaterhouseCoopers LLP for Compensation for Services and Reimbursement of Expenses as Auditors to the Debtors and Debtors In Possession for the Period from May 1, 2021 Through May 31, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/08/2021) |

USTP (Seadrill) Ex. 20
Page 182 of 212

| | | |
|---|---|---|
| 06/08/2021 | 599<br>(17 pgs) | Notice of *Jackson Walker LLP's Third Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period From February 1, 2021 Through February 28, 2021.* (Related document(s):125 Generic Order) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/08/2021) |
| 06/08/2021 | 603<br>(5 pgs) | Final Decree Closing Certain Chapter 11 Cases Signed on 6/8/2021 (Related document(s):592 Emergency Motion) (aalo) (Entered: 06/10/2021) |
| 06/09/2021 | 600<br>(43 pgs; 2 docs) | Application for Compensation *First Interim Fee Application of KPMG LLP for Entry of an Order Granting Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from December 1, 2020 Through February 28, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/09/2021) |
| 06/09/2021 | 601<br>(4 pgs) | BNC Certificate of Mailing. (Related document(s):596 Order on Application for Compensation) No. of Notices: 10. Notice Date 06/09/2021. (Admin.) (Entered: 06/09/2021) |
| 06/10/2021 | 602<br>(20 pgs; 3 docs) | Affidavit Re: *Mailings for the Period from May 30, 2021 through June 5, 2021.* (related document(s):591 Notice, 592 Emergency Motion, 593 Notice, 594 Notice). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of June 2 # 2 Affidavit of June 3)(Steele, Benjamin) (Entered: 06/10/2021) |
| 06/10/2021 | 604<br>(51 pgs; 2 docs) | Application for Compensation *First Interim Application of Ernst & Young LLP for Compensation and Reimbursement of Expenses for the Period From December 15, 2020 Through February 28, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/10/2021) |
| 06/15/2021 | 605<br>(21 pgs) | Notice of *Fee Statement of KPMG LLP for Allowance of Compensation and Reimbursement of Expenses to Provide Tax Provision and Consulting Services for the Period from March 1, 2021 Through May 14, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/15/2021) |
| 06/17/2021 | 606<br>(6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim Fee Application of Evercore Group LLC and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from December 1, 2020 through and including February 28, 2021* (Filed By Seadrill Partners LLC ). (Related document(s):579 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/17/2021) |
| USTP (Seadrill) Ex. 20<br>Page 183 of 212 | 607<br>(33 pgs; 6 docs) | Affidavit Re: *Mailings for the Period from June 6, 2021 through June 12, 2021.* (related document(s):597 Notice, 598 Notice, 599 Notice, 600 Application for Compensation, 603 Generic Order, 604 Application for Compensation). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of |

| | | |
|---|---|---|
| | | June 7 # 2 Affidavit of June 8 # 3 Affidavit of June 8 # 4 Affidavit of June 9 # 5 Affidavit of June 10)(Steele, Benjamin) (Entered: 06/17/2021) |
| 06/21/2021 | 608 (41 pgs; 2 docs) | Application for Compensation *Second Interim Fee Application of KPMG LLP for Entry of an Order Granting Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from March 1, 2021 Through May 14, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/21/2021) |
| 06/21/2021 | 609 (92 pgs) | Notice / *Fifth Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Compensation for Services and Reimbursement of Expenses as Attorneys to the Debtors and Debtors in Possession for the Period from April 1, 2021, Through April 30, 2021.* Filed by Seadrill Partners LLC (Schartz, Brian) (Entered: 06/21/2021) |
| 06/22/2021 | 610 (17 pgs) | Statement *Sixth Monthly Fee Statement of Baker & Hostetler LLP for Services Rendered and Reimbursement of Expenses Incurred from May 1, 2021 thorugh May 24, 2021* (Filed By Seadrill Partners LLC ). (Green, Elizabeth) (Entered: 06/22/2021) |
| 06/22/2021 | 611 (8 pgs; 2 docs) | Application for Administrative Expenses *Sodexo's Motion for Allowance and Payment of Administrative Expenses*. Objections/Request for Hearing Due in 21 days. Filed by Creditor Sodexo (Attachments: # 1 Proposed Order) (Guffy, Philip) (Entered: 06/22/2021) |
| 06/22/2021 | 612 (14 pgs; 5 docs) | Application for Administrative Expenses *Sodexo's Motion for Allowance and Payment of Administrative Expenses*. Objections/Request for Hearing Due in 21 days. Filed by Creditor Sodexo (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Proposed Order) (Guffy, Philip) (Entered: 06/22/2021) |
| 06/22/2021 | 613 (1 pg) | Withdraw Document (Filed By Sodexo ).(Related document(s):611 Application for Administrative Expenses) (Guffy, Philip) (Entered: 06/22/2021) |
| 06/22/2021 | 614 (14 pgs; 2 docs) | Application for Administrative Expenses *Pursuant to 11 U.S.C. § 503(b) (1)(A)*. Objections/Request for Hearing Due in 21 days. Filed by Creditor National Oilwell Varco, L.P. (Attachments: # 1 Exhibit A) (Baker, Brian) (Entered: 06/22/2021) |
| 06/23/2021 | 615 (2 pgs) | Order Granting First Interim Fee Application of Evercore Group L.L.C. and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from December 1, 2020 through and including February 28, 2021 (Related Doc # 579) Signed on 6/23/2021. (emiller) (Entered: 06/23/2021) |
| USTP (Seadrill) Ex. 20 Page 184 of 212  06/23/2021 | 616 (14 pgs; 3 docs) | Application for Administrative Expenses *of $163,616.60.* Objections/Request for Hearing Due in 21 days. Filed by Creditor Speedcast (Attachments: # 1 Exhibit 1 # 2 Proposed Order) (Spence, William) (Entered: 06/23/2021) |

| | | |
|---|---|---|
| 06/23/2021 | 617<br>(13 pgs; 3 docs) | Application for Administrative Expenses . Objections/Request for Hearing Due in 21 days. Filed by Interested Party Squire Patton Boggs (US) LLP (Attachments: # 1 Exhibit A # 2 Proposed Order) (McRoberts, Travis) (Entered: 06/23/2021) |
| 06/24/2021 | 618<br>(511 pgs; 2 docs) | Application for Compensation *Second Interim and Final Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement for Expenses Incurred for the Periods From (I) March 1, 2021 Through May 24, 2021 and (II) December 15, 2020 Through May 24, 2021*. Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/24/2021) |
| 06/24/2021 | 619<br>(2 pgs) | Notice *of Withdrawal of Proof of Claim*. Filed by 3C Metal Asia Sdn Bhd (Flores, Henry) (Entered: 06/24/2021) |
| 06/24/2021 | 620<br>(2 pgs) | Notice *of Withdrawal of Proof of Claim*. Filed by 3C Metal Asia Sdn Bhd (Flores, Henry) (Entered: 06/24/2021) |
| 06/25/2021 | 621<br>(110 pgs; 2 docs) | Application for Compensation *Final Fee Application of KPMG LLP for Entry of an Order Granting Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from December 1, 2020 through May 14, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees*. Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/25/2021) |
| 06/25/2021 | 622<br>(8 pgs; 3 docs) | Affidavit Re: *Mailings for the Period from June 13, 2021 through June 19, 2021*. (related document(s):586 Notice, 605 Notice. Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of June 15 # 2 Affidavit of June 17)(Steele, Benjamin) (Entered: 06/25/2021) |
| 06/28/2021 | 623<br>(511 pgs; 2 docs) | Application for Compensation *Amended Second Interim and Final Fee Application of Ernst & Young, LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Periods from (I) March 1, 2021 through May 24, 2021 and (II) December 15, 2020 Through May 24, 2021*. Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/28/2021) |
| 06/29/2021 | 624<br>(19 pgs; 5 docs) | Final Application for Compensation *of Baker & Hostetler LLP* for Elizabeth A Green, Debtor's Attorney, Period: 12/1/2020 to 5/24/2021, Fee: $1,913,877.50, Expenses: $386,769.73. Objections/Request for Hearing Due in 21 days. Filed by Attorney Elizabeth A Green (Attachments: # 1 Exhibit A - Customary and Comparable Compensation Disclosures # 2 Exhibit B - Summary of Timekeepers # 3 Exhibit C - Summary of Expenses # 4 Exhibit D - Proposed Order) (Green, Elizabeth) (Entered: 06/29/2021) |
| USTP (Seadrill) Ex. 20<br>Page 185 of 212<br><br>06/29/2021 | 625<br>(82 pgs) | Notice *of Filing of Combined Monthly Staffing Report and Fifth Monthly Fee Statement of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of March 30, 2021 Through April 30, 2021*. Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 06/29/2021) |

| | | |
|---|---|---|
| 06/30/2021 | 626<br>(22 pgs; 2 docs) | Application for Compensation *First Interim Application of M3 Advisory Partners, LP, Financial Advisor for the Debtors, for Compensation Earned and Expenses Incurred for the Period from December 1, 2020 Through March 31, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 06/30/2021) |
| 06/30/2021 | 627<br>(14 pgs) | Debtor-In-Possession Monthly Operating Report for Filing Period ending 5/31/2021, $9.6 disbursed (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 06/30/2021) |
| 07/01/2021 | 628<br>(28 pgs; 5 docs) | Affidavit Re: *Mailings for the Period from June 20, 2021 through June 26, 2021.* (related document(s):608 Application for Compensation, 609 Notice, 610 Statement, 618 Application for Compensation, 621 Application for Compensation). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of June 21 # 2 Affidavit of June 22 # 3 Affidavit of June 24 # 4 Affidavit of June 25)(Steele, Benjamin) (Entered: 07/01/2021) |
| 07/01/2021 | 629<br>(86 pgs) | Notice / *Sixth Monthly Fee Statement of Kirkland & Ellis LLP and Kirkland & Ellis International LLP for Compensation for Services and Reimbursement of Expenses as Attorneys to the Debtors and Debtors in Possession for the Period from May 1, 2021, Through May 14, 2021.* Filed by Seadrill Partners LLC (Schartz, Brian) (Entered: 07/01/2021) |
| 07/02/2021 | 630<br>(6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim Application of Ernst & Young LLP for Compensation and Reimbursement of Expenses for the Period From December 15, 2020 Through February 28, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):604 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/02/2021) |
| 07/02/2021 | 631<br>(45 pgs) | Notice *of Filing of Combined Monthly Staffing Report and Sixth Monthly Fee Statement of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of May 1, 2021 through May 14, 2021.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 07/02/2021) |
| 07/06/2021 | 632<br>(2 pgs) | Order Granting First Interim Application of Ernst & Young LLP for Compensation and Reimbursement of Expenses for the Period from December 15, 2020 through February 28, 2021 (Related Doc # 604). Signed on 7/6/2021. (VrianaPortillo) (Entered: 07/06/2021) |
| 07/06/2021 | 633<br>(82 pgs; 2 docs) | Application for Compensation *First and Final Fee Application of Lugenbahl, Wheaton, Peck, Rankin & Hubbard, Special Counsel for the Reorganized Debtors for the Period From February 10, 2021 Through and Including May 14, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/06/2021) |
| 07/06/2021 | 634<br>(460 pgs; 2 docs) | Application for Compensation *First and Final Fee Application of Sheppard Mullin Richter & Hampton LLP Conflicts Counsel for the Reorganized Debtors for the Period From December 1, 2020 Through and Including May 14, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/06/2021) |

USTP (Seadrill) Ex. 20
Page 186 of 212

| | | |
|---|---|---|
| 07/07/2021 | 635<br>(606 pgs; 2 docs) | Application for Compensation / Second Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2021 Through and Including May 14, 2021, and the (II) Final Fee Period from December 1, 2020 Through and Including May 14, 2021. Objections/Request for Hearing Due in 21 days. Filed by Attorney Brian E Schartz (Attachments: # 1 Proposed Order) (Schartz, Brian) (Entered: 07/07/2021) |
| 07/07/2021 | 636<br>(2 pgs) | Stipulation By Sodexo and Seadrill Partners, LLC. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Sodexo ). (Guffy, Philip) (Entered: 07/07/2021) |
| 07/07/2021 | 637<br>(18 pgs) | Notice of Jackson Walker LLP's Fourth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period From March 1, 2021 Through March 31, 2021. (Related document(s):125 Generic Order) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 07/07/2021) |
| 07/07/2021 | 638<br>(118 pgs; 2 docs) | Application for Compensation Final Fee Application of Evercore Group L.L.C. and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of an Administrative Expense Claim for Compensation for the Period From December 1, 2020 Through and Including May 24, 2021 and Related Expense Reimbursement. Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/07/2021) |
| 07/07/2021 | 639<br>(18 pgs) | Notice of Jackson Walker LLP's Fifth Monthly Fee Statement for Compensation of Services Rendered and Reimbursement of Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period From April 1, 2021 Through May 14, 2021. (Related document(s):125 Generic Order) Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 07/07/2021) |
| 07/08/2021 | 640<br>(521 pgs; 2 docs) | Application for Compensation Second Interim and Final Fee Application of M3 Advisory Partners, LP, Financial Advisor for the Debtors, for Compensation Earned and Expenses Incurred for the Period From December 1, 2020 Through May 14, 2021. Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/08/2021) |
| 07/08/2021 | 641<br>(137 pgs; 3 docs) | Application for Compensation First and Final Application of Locke Lord LLP as Counsel to the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses for the Period from February 10, 2021 through May 24, 2021. Objections/Request for Hearing Due in 21 days. Filed by Attorney Simon Richard Mayer (Attachments: # 1 Exhibit 1 through 7 # 2 Proposed Order) (Mayer, Simon) (Entered: 07/08/2021) |
| USTP (Seadrill) Ex. 20<br>Page 187 of 212<br><br>07/08/2021 | 642<br>(2 pgs) | Stipulation and Agreed Order Between the Reorganized Debtors and Sodexo Regarding Deadline to File Setoff Motion Signed on 7/8/2021 (Related document(s):636 Stipulation) (VrianaPortillo) (Entered: 07/08/2021) |

| | | |
|---|---|---|
| 07/08/2021 | [643](#)<br>(124 pgs; 2 docs) | Application for Compensation *Jackson Walker LLP's First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 1, 2020 Through May 14, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # [1](#) Proposed Order) (Cavenaugh, Matthew) (Entered: 07/08/2021) |
| 07/08/2021 | [644](#)<br>(144 pgs; 2 docs) | Application for Compensation *First Interim and Final Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered, and Reimbursement for Expenses Incurred, for the Period From December 1, 2020 Through May 24, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Matthew D Cavenaugh (Attachments: # [1](#) Proposed Order) (Cavenaugh, Matthew) (Entered: 07/08/2021) |
| 07/08/2021 | [645](#)<br>(81 pgs; 2 docs) | Application for Compensation - *First and Final Fee Application of Berkeley Research Group, LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from February 25, 2021 through May 14, 2021.* Objections/Request for Hearing Due in 21 days. Filed by Attorney Simon Richard Mayer (Attachments: # [1](#) Proposed Order) (Mayer, Simon) (Entered: 07/08/2021) |
| 07/08/2021 | [646](#)<br>(18 pgs; 5 docs) | Affidavit Re: *Mailings for the Period from June 27, 2021 through July 3, 2021.* (related document(s):[395](#) Emergency Motion (with hearing date), [625](#) Notice, [626](#) Application for Compensation, [631](#) Notice). Filed by Prime Clerk LLC (Attachments: # [1](#) Affidavit of June 28 # [2](#) Affidavit of June 29 # [3](#) Affidavit of June 30 # [4](#) Affidavit of July 2)(Steele, Benjamin) (Entered: 07/08/2021) |
| 07/12/2021 | [647](#)<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Sodexo. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):[612](#) Application for Administrative Expenses) (Mayer, Simon) (Entered: 07/12/2021) |
| 07/12/2021 | [648](#)<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Speedcast. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):[616](#) Application for Administrative Expenses) (Mayer, Simon) (Entered: 07/12/2021) |
| 07/13/2021 | [649](#)<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Squire Patton Boggs (US) LLP. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ). (Mayer, Simon) (Entered: 07/13/2021) |
| 07/13/2021 | [650](#)<br>(3 pgs) | Stipulation By Seadrill Partners LLC and National Oilwell Varco, L.P.. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):[614](#) Application for Administrative Expenses) (Mayer, Simon) (Entered: 07/13/2021) |
| 07/15/2021 | [651](#)<br>(3 pgs) | Stipulation and Agreed Order Signed on 7/15/2021 (Related document(s):[649](#) Stipulation) (VrianaPortillo) (Entered: 07/15/2021) |

| 07/15/2021 | 652<br>(32 pgs; 5 docs) | Affidavit Re: *Mailings for the Period from July 4, 2021 through July 10, 2021.* (related document(s):586 Notice, 633 Application for Compensation, 634 Application for Compensation, 635 Application for Compensation, 637 Notice, 638 Application for Compensation, 639 Notice, 640 Application for Compensation, 643 Application for Compensation, 644 Application for Compensation). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of July 6 # 2 Affidavit of July 7 # 3 Affidavit of July 8 # 4 Affidavit of July 8)(Steele, Benjamin) (Entered: 07/15/2021) |
| 07/21/2021 | 653<br>(6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim Fee Application of KPMG LLP for Entry of an Order Granting Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from December 1, 2020 Through February 28, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees* (Filed By Seadrill Partners LLC ).(Related document(s):600 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/21/2021) |
| 07/21/2021 | 654<br>(6 pgs; 2 docs) | Certificate of No Objection *with Respect to the Second Interim Fee Application of KPMG LLP for Entry of an Order Granting Interim Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from March 1, 2021 Through May 14, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees* (Filed By Seadrill Partners LLC ).(Related document(s):608 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/21/2021) |
| 07/21/2021 | 655<br>(7 pgs; 2 docs) | Certificate of No Objection *with Respect to the Amended Second Interim and Final Fee Application of Ernst & Young, LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Periods from (I) March 1, 2021 through May 24, 2021 and (II) December 15, 2020 Through May 24, 2021* (Filed By Seadrill Partners LLC ). (Related document(s):623 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/21/2021) |
| 07/21/2021 | 656<br>(6 pgs) | Chapter 11 Post-Confirmation Report for Quarter Ended 6/30/2021 (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 07/21/2021) |
| 07/22/2021 | 657<br>(1 pg) | Order Granting First Interim Fee Application of KPMG LLP, Providing Tax Consulting and Provision Services to the Debtors and Debtors in Possession for the Interim Period from December 1, 2020 through February 28, 2021 (Related Doc # 600) Signed on 7/22/2021. (emiller) (Entered: 07/22/2021) |
| 07/22/2021 | 658<br>(1 pg) | Order Granting Second Interim Fee Application of KPMG LLP, Providing Tax Consulting and Provision Services to the Debtors and Debtors in Possession for the Interim Period from March 1, 2021 through May 14, 2021 (Related Doc # 608) Signed on 7/22/2021. (emiller) (Entered: 07/22/2021) |
| 07/22/2021 | 659<br>(3 pgs) | Order Approving Amended Second Interim and Final Fee Application of Ernst & Young LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Periods from (I) March 1, 2021 through May 24, 2021 and (II) December 15, 2020 through May 24, |

Seadrill393

| | | |
|---|---|---|
| | | 2021 (Related Doc # 623) Signed on 7/22/2021. (emiller) (Entered: 07/22/2021) |
| 07/22/2021 | 662 (3 pgs) | Stipulation and Agreed Order Signed on 7/22/2021 (Related document(s):612 Application for Administrative Expenses, 647 Stipulation) (emiller) (Entered: 07/23/2021) |
| 07/22/2021 | 663 (3 pgs) | Stipulation and Agreed Order Signed on 7/22/2021 (Related document(s):616 Application for Administrative Expenses, 648 Stipulation) (emiller) (Entered: 07/23/2021) |
| 07/22/2021 | 664 (3 pgs) | Stipulation and Agreed Order Signed on 7/22/2021 (Related document(s):614 Application for Administrative Expenses, 650 Stipulation) (emiller) (Entered: 07/23/2021) |
| 07/23/2021 | 660 (5 pgs; 2 docs) | Certificate of No Objection *to the Final Fee Application of Baker & Hostetler LLP as Special Counsel to the Debtors for the period December 1, 2020 through May 24, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):624 Application for Compensation) (Attachments: # 1 Exhibit A - Proposed Order) (Green, Elizabeth) (Entered: 07/23/2021) |
| 07/23/2021 | 661 (6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim Application of M3 Advisory Partners, LP, Financial Advisor for the Debtors, for Compensation Earned and Expenses Incurred for the Period from December 1, 2020 Through March 31, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):626 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/23/2021) |
| 07/23/2021 | 665 (2 pgs) | Order Approving Final Fee Application of Baker & Hostetler LLP as Special Counsel for the Debtors and Debtors in Possession for the Period from December 1, 2020 through and Including May 24, 2021 (Related Doc # 624). Signed on 7/23/2021. (VrianaPortillo) (Entered: 07/23/2021) |
| 07/23/2021 | 666 (2 pgs) | Order Granting Interim Fee Application of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of December 1, 2020 through March 31, 2021 (Related Doc # 626). Signed on 7/23/2021. (VrianaPortillo) (Entered: 07/23/2021) |
| 07/29/2021 | 667 (6 pgs; 2 docs) | Certificate of No Objection *with Respect to the First and Final Fee Application of Sheppard Mullin Richter & Hampton LLP Conflicts Counsel for the Reorganized Debtors for the Period From December 1, 2020 Through and Including May 14, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):634 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/29/2021) |
| 07/29/2021 | 668 (11 pgs; 3 docs) | Affidavit Re: *Mailings for the Period from July 18, 2021 through July 24, 2021.* (related document(s):656 Chapter 11 Post-Confirmation Report). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of July 19 # 2 Affidavit of July 22)(Steele, Benjamin) (Entered: 07/29/2021) |
| 07/29/2021 | 669 (5 pgs; 2 docs) | Certificate of No Objection *with Respect to the Second Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2021 Through and Including* |

USTP (Seadrill) Ex. 20
Page 190 of 212

Seadrill394

| | | |
|---|---|---|
| | | *May 14, 2021, and the (II) Final Fee Period from December 1, 2020 Through and Including May 14, 2021* (Filed By Seadrill Partners LLC ). (Related document(s):635 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/30/2021) |
| 07/30/2021 | 670 (5 pgs; 2 docs) | Certificate of No Objection *to the Final Fee Application of Evercore Group L.L.C. and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of an Administrative Expense Claim for Compensation for the Period From December 1, 2020 Through and Including May 24, 2021 and Related Expense Reimbursement* (Filed By Seadrill Partners LLC ).(Related document(s):638 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/30/2021) |
| 07/30/2021 | 671 (4 pgs; 2 docs) | Certificate of No Objection *with Respect to the First and Final Fee Application of Lugenbahl, Wheaton, Peck, Rankin & Hubbard, Special Counsel for the Reorganized Debtors for the Period From February 10, 2021 Through and Including May 14, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):633 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 07/30/2021) |
| 08/02/2021 | 672 (5 pgs; 2 docs) | Certificate of No Objection *with Respect to the Final Fee Application of KPMG LLP for Entry of an Order Granting Final Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred Providing Tax Provision and Consulting Services to the Debtors for the Period from December 1, 2020 through May 14, 2021 and Authorizing and Directing the Debtors to Pay Any and All Unpaid Fees* (Filed By Seadrill Partners LLC ).(Related document(s):621 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 08/02/2021) |
| 08/02/2021 | 673 (5 pgs; 2 docs) | Certificate of No Objection *with Respect to the Second Interim and Final Fee Application of M3 Advisory Partners, LP, Financial Advisor for the Debtors, for Compensation Earned and Expenses Incurred for the Period From December 1, 2020 Through May 14, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):640 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 08/02/2021) |
| 08/03/2021 | 674 (2 pgs) | Order Granting Second Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2021 through and Including May 14, 2021, and the (II) Final Fee Period from December 1, 2020 through and Including May 14, 2021 (Related Doc # 635). Signed on 8/3/2021. (VrianaPortillo) (Entered: 08/03/2021) |
| 08/03/2021 | 675 (2 pgs) | Order Granting Final Fee Application of Evercore Group, L.L.C. and Evercore Partners International LLP, Investment Banker to the Debtors, for Allowance and Payment of an Administrative Expense Claim for Compensation for the Period from December 1, 2020 through and Including May 24, 2021 and Related Expense Reimbursement (Related Doc # 638). Signed on 8/3/2021. (VrianaPortillo) (Entered: 08/03/2021) |
| 08/03/2021 | 676 (2 pgs) | Order Granting First and Final Fee Application of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, Special Counsel for the Reorganized Debtors, for the Period from February 10, 2021 through and Including May 14, |

| | | |
|---|---|---|
| | | 2021 (Related Doc # 633). Signed on 8/3/2021. (VrianaPortillo) (Entered: 08/03/2021) |
| 08/03/2021 | 677 (2 pgs) | Order Granting Final Fee Application of KPMG LLP, Providing Tax Consulting and Provision Services to the Debtors and Debtors in Possession for the Final Period from December 1, 2020 through May 14, 2021 (Related Doc # 621). Signed on 8/3/2021. (VrianaPortillo) (Entered: 08/03/2021) |
| 08/03/2021 | 678 (2 pgs) | Order Granting Second and Final Fee Application of M3 Advisory Partners, LP for Compensation Earned and Expenses Incurred for the Period of December 1, 2020 through May 14, 2021 (Related Doc # 640). Signed on 8/3/2021. (VrianaPortillo) (Entered: 08/03/2021) |
| 08/04/2021 | 679 (5 pgs; 2 docs) | Certificate of No Objection *with Respect to the Jackson Walker LLP's First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period From December 1, 2020 Through May 14, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):643 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 08/04/2021) |
| 08/05/2021 | 680 (5 pgs; 2 docs) | Certificate of No Objection *with Respect to the First Interim and Final Fee Application of PricewaterhouseCoopers LLP for Compensation for Services Rendered, and Reimbursement for Expenses Incurred, for the Period From December 1, 2020 Through May 24, 2021* (Filed By Seadrill Partners LLC ).(Related document(s):644 Application for Compensation) (Attachments: # 1 Proposed Order) (Cavenaugh, Matthew) (Entered: 08/05/2021) |
| 08/05/2021 | 681 (4 pgs) | BNC Certificate of Mailing. (Related document(s):674 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |
| 08/05/2021 | 682 (4 pgs) | BNC Certificate of Mailing. (Related document(s):675 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |
| 08/05/2021 | 683 (4 pgs) | BNC Certificate of Mailing. (Related document(s):676 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |
| 08/05/2021 | 684 (7 pgs) | BNC Certificate of Mailing. (Related document(s):677 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |
| 08/05/2021 | 685 (7 pgs) | BNC Certificate of Mailing. (Related document(s):678 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/05/2021. (Admin.) (Entered: 08/05/2021) |
| 08/08/2021 | 686 (2 pgs) | Order Approving First Interim and Final Fee Application of Pricewaterhousecooers LLP for Compensation for Services Rendered and Reimbursement for Expenses Incurred for the Period from December 1, 2020 to May 24, 2021 (Related Doc # 644). Signed on 8/8/2021. (VrianaPortillo) Additional attachment(s) added on 8/10/2021 (VrianaPortillo). (Entered: 08/09/2021) |

USTP (Seadrill) Ex. 20
Page 192 of 212

| | | |
|---|---|---|
| 08/09/2021 | 687<br>(6 pgs; 2 docs) | Certificate of No Objection (Filed By Official Committee of Unsecured Creditors ).(Related document(s):641 Application for Compensation) (Attachments: # 1 Proposed Order) (Mayer, Simon) (Entered: 08/09/2021) |
| 08/09/2021 | 688<br>(5 pgs; 2 docs) | Certificate of No Objection (Filed By Official Committee of Unsecured Creditors ).(Related document(s):645 Application for Compensation) (Attachments: # 1 Proposed Order) (Mayer, Simon) (Entered: 08/09/2021) |
| 08/09/2021 | 689<br>(1 pg) | Order Granting First and Final Fee Application of Sheppard, Mullin, Richter & Hampton LLP, Conflicts Counsel for the Reorganized Debtors, for the Period from December 1, 2020 through and Including May 14, 2021 (Related Doc # 634). Signed on 8/9/2021. (VrianaPortillo) (Entered: 08/10/2021) |
| 08/10/2021 | 690<br>(2 pgs) | Order Granting Jackson Walker LLP's First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel to the Debtors for the Period from December 1, 2020 through May 14, 2021 (Related Doc # 643). Signed on 8/10/2021. (VrianaPortillo) (Entered: 08/10/2021) |
| 08/12/2021 | 691<br>(3 pgs) | BNC Certificate of Mailing. (Related document(s):689 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/12/2021. (Admin.) (Entered: 08/12/2021) |
| 08/12/2021 | 692<br>(7 pgs) | BNC Certificate of Mailing. (Related document(s):690 Order on Application for Compensation) No. of Notices: 10. Notice Date 08/12/2021. (Admin.) (Entered: 08/12/2021) |
| 08/25/2021 | 694<br>(3 pgs) | Order Granting First and Final Application of Locke Lord LLP as Counsel the the Official Committee of Unsecured Creditors for Allowance of Compensation and Reimbursement of Expenses (Related Doc # 641) Signed on 8/25/2021. (emiller) (Entered: 08/26/2021) |
| 08/25/2021 | 695<br>(2 pgs) | Order Granting First and Final Fee Application of Berkeley Research Group LLC for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Financial Advisor to the Official Committee of Unsecured Creditors for the Period from February 25, 2021 through March 14, 2021 (Related Doc # 645) Signed on 8/25/2021. (emiller) (Entered: 08/26/2021) |
| 08/26/2021 | 693<br>(9 pgs) | Affidavit Re: *(Supplemental) of Nuno Cardoso Regarding Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in Connection Therewith, customized to include Name of Debtor, Name of Counterparty, Description of Contract, and Cure Amount..* Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 08/26/2021) |
| 09/03/2021 | 696<br>(4 pgs) | Notice *of Withdrawal as Counsel of Christopher M. Hayes.* Filed by Seadrill Partners LLC (Cavenaugh, Matthew) (Entered: 09/03/2021) |
| 10/01/2021 | 697<br>(3 pgs) | Stipulation By Sodexo and Seadrill Partners, LLC. Does this document include an agreed order or otherwise request that the judge sign a |

| | | |
|---|---|---|
| | | document? Yes. (Filed By Sodexo ).(Related document(s):642 Generic Order) (Guffy, Philip) (Entered: 10/01/2021) |
| 10/05/2021 | 698 (3 pgs) | Second Stipulation and Agreed Order Between the Reorganized Debtors and Sodexo Regarding Deadline to File Setoff Motion Signed on 10/5/2021 (VrianaPortillo) (Entered: 10/05/2021) |
| 10/21/2021 | 699 (1 pg) | Affidavit Re: *(Supplemental) of Nuno Cardoso Regarding Second Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2021 through and including May 14, 2021, and the (II) Final Fee Period from December 1, 2020 through and including May 14, 2021.* (related document(s):635 Application for Compensation). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 10/21/2021) |
| 11/11/2021 | 700 (10 pgs) | Affidavit Re: *(Supplemental) of Nuno Cardoso Regarding Second Interim and Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the (I) Interim Fee Period from March 1, 2021 through and including May 14, 2021, and the (II) Final Fee Period from December 1, 2020 through and including May 14, 2021, and Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in connection Therewith, customized to include Name of Debtor, Name of Counterparty, Description of Contract, and Cure Amount.* (related document(s):635 Application for Compensation). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 11/11/2021) |
| 11/16/2021 | 701 (15 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors First Omnibus Objection to Certain Proofs of Claim (Duplicate Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 12/20/2021 at 09:30 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Declaration # 2 Proposed Order) (Mayer, Simon) (Entered: 11/16/2021) |
| 11/16/2021 | 702 (16 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Second Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 12/20/2021 at 09:30 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Declaration # 2 Proposed Order) (Mayer, Simon) (Entered: 11/16/2021) |
| 11/16/2021 | 703 (16 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Third Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 12/20/2021 at 09:30 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Declaration # 2 Proposed Order) (Mayer, Simon) (Entered: 11/16/2021) |
| 11/16/2021 | 704 (15 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Fourth Omnibus Objection to Certain Proofs of Claim (Equity Interests)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 12/20/2021 at 09:30 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Declaration # 2 Proposed Order) (Mayer, Simon) (Entered: 11/16/2021) |

Seadrill398

| | | |
|---|---|---|
| 11/18/2021 | 705<br>(10 pgs; 2 docs) | Motion to Extend Time - *The Reorganized Debtors' Motion for an Order Extending the Deadline to Object to Claims* Filed by Debtor Seadrill Partners LLC (Attachments: # 1 Exhibit A - Proposed Order) (Mayer, Simon) (Entered: 11/18/2021) |
| 11/22/2021 | 708<br>(89 pgs) | Reply *to Claim Objection*. Filed by People Haulers, Inc. (ShoshanaArnow) (Entered: 12/02/2021) |
| 11/30/2021 | 706<br>(37 pgs; 4 docs) | Affidavit Re: *Mailings for the Period from November 14, 2021 through November 27, 2021*. (related document(s):701 Generic Motion, 702 Generic Motion, 703 Generic Motion, 704 Generic Motion, 705 Motion to Extend Time). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of November 16 # 2 Affidavit of November 17 # 3 Affidavit of November 18)(Steele, Benjamin) (Entered: 11/30/2021) |
| 12/02/2021 | 707<br>(4 pgs) | Stipulation By Sodexo and the Reorganized Debtors. Does this document include an agreed order or otherwise request that the judge sign a document? No. (Filed By Sodexo ). (Guffy, Philip) (Entered: 12/02/2021) |
| 12/07/2021 | 709<br>(5 pgs) | Stipulation By Seadrill Partners LLC and People Haulers. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):703 Generic Motion, 708 Reply) (Boylan, Eric) (Entered: 12/07/2021) |
| 12/09/2021 | 710<br>(9 pgs) | Affidavit Re: *(Supplemental) of Nuno Cardoso Regarding Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, if any, and (C) Related Procedures in connection Therewith, customized to include Name of Debtor, Name of Counterparty, Description of Contract, and Cure Amount.*. Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 12/09/2021) |
| 12/09/2021 | 711<br>(56 pgs; 6 docs) | Opposition Response (related document(s):703 Generic Motion). (Attachments: # 1 Appendix Original proof of claim 318 dated 1-25-21 # 2 Appendix Original proof of claim 319 dated 1-25-21 # 3 Appendix Prime Clerk notification of filing error on claims 318 and 319 # 4 Appendix Final filing proof of claim 318 dated 2-24-21 # 5 Appendix Final filing proof of claim 319 dated 2-24-21)(LaFon, Kimberly) (Entered: 12/09/2021) |
| 12/10/2021 | 712<br>(5 pgs) | Opposition Response (related document(s):702 Generic Motion). (Hulin, Donn) (Entered: 12/10/2021) |
| 12/13/2021 | 713<br>(3 pgs) | Stipulation By Seadrill Partners LLC and BNP Paribas. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion) (Mayer, Simon) (Entered: 12/13/2021) |
| 12/13/2021 | 744<br>(10 pgs) | Response *to Fourth Omnibus Objection* (related document(s):704 Generic Motion). Filed by Larry Walthall (JosephWells) (Entered: 12/22/2021) |

USTP (Seadrill) Ex. 20<br>Page 195 of 212

| | | |
|---|---|---|
| 12/13/2021 | 754<br>(17 pgs) | Objection *to Relief Requested by Bosco Santiago*. Filed by (ShoshanaArnow) (Entered: 01/26/2022) |
| 12/15/2021 | 714<br>(2 pgs) | Notice *Notice of Withdrawal of Objection to Proof of Claim Numbers 288 and 292 filed by Well Service & Supply Co. Inc.*. (Related document(s):702 Generic Motion, 712 Response) Filed by Seadrill Partners LLC (Boylan, Eric) (Entered: 12/15/2021) |
| 12/16/2021 | 715<br>(3 pgs) | Stipulation and Agreed Order Signed on 12/16/2021 (Related document(s):713 Stipulation) (VrianaPortillo) (Entered: 12/16/2021) |
| 12/16/2021 | 716<br>(6 pgs) | Response *Speedcast's Response to Debtors' First Omnibus Objection to Claims* (related document(s):701 Generic Motion). Filed by Speedcast (Spence, William) (Entered: 12/16/2021) |
| 12/16/2021 | 717<br>(7 pgs) | Response *Speedcast's Response to Debtors' Second Omnibus Objection to Claims* (related document(s):702 Generic Motion). Filed by Speedcast (Spence, William) (Entered: 12/16/2021) |
| 12/16/2021 | 718<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Baker & Hostetler LLP. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion) (Boylan, Eric) (Entered: 12/16/2021) |
| 12/16/2021 | 719<br>(4 pgs) | Stipulation By Wartsila Ships Repairing & Maintenance, LLC, Wartsila L.L.C. and Seadrill Partners, LLC, et al. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Wartsila Ships Repairing & Maintenance, LLC, Wartsila L.L.C. ).(Related document(s):703 Generic Motion) (Altazan, A Brooke) (Entered: 12/16/2021) |
| 12/16/2021 | 720<br>(4 pgs) | Notice of Appearance and Request for Notice Filed by A Brooke Watford Altazan Filed by on behalf of Wartsila L.L.C., Wartsila Ships Repairing & Maintenance, LLC (Altazan, A Brooke) (Entered: 12/16/2021) |
| 12/16/2021 | 721<br>(1 pg) | Certificate *of Service* (Filed By Wartsila L.L.C., Wartsila Ships Repairing & Maintenance, LLC ).(Related document(s):720 Notice of Appearance) (Altazan, A Brooke) (Entered: 12/16/2021) |
| 12/16/2021 | 722<br>(1 pg) | Affidavit Re: *(Supplemental) of Nuno Cardoso Regarding he Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims)*. (related document(s):702 Generic Motion). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 12/16/2021) |
| 12/16/2021 | 723<br>(57 pgs; 4 docs) | Response (related document(s):711 Response, 712 Response). (Attachments: # 1 Exhibit 1 - Affidavit # 2 Exhibit 2 - Invoices # 3 Proposed Order Denying Objection)(Parker, H.) (Entered: 12/16/2021) |
| 12/16/2021 | 724<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Logan Industries. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):703 Generic Motion) (Boylan, Eric) (Entered: 12/17/2021) |

USTP (Seadrill) Ex. 20
Page 196 of 212

Seadrill400

| 12/17/2021 | 725 (4 pgs) | Notice of Appearance and Request for Notice Filed by Paul Douglas Stewart Jr Filed by on behalf of Wartsila L.L.C., Wartsila Ships Repairing & Maintenance, LLC (Stewart, Paul) (Entered: 12/17/2021) |
|---|---|---|
| 12/19/2021 | 726 (2 pgs) | Order Extending the Deadline to Object to Claims (Related Doc # 705) Signed on 12/19/2021. (emiller) (Entered: 12/19/2021) |
| 12/19/2021 | 727 (5 pgs) | Stipulation and Agreed Order Signed on 12/19/2021 (Related document(s):709 Stipulation) (emiller) (Entered: 12/19/2021) |
| 12/19/2021 | 728 (3 pgs) | Stipulation and Agreed Order Signed on 12/19/2021 (Related document(s):718 Stipulation) (emiller) (Entered: 12/19/2021) |
| 12/19/2021 | 729 (4 pgs) | Stipulation and Agreed Order Signed on 12/19/2021 (Related document(s):719 Stipulation) (emiller) (Entered: 12/19/2021) |
| 12/19/2021 | 730 (3 pgs) | Stipulation and Agreed Order Signed on 12/19/2021 (Related document(s):724 Stipulation) (emiller) (Entered: 12/19/2021) |
| 12/19/2021 | 731 (5 pgs) | Notice *of Withdrawal of Objection to Certain Proofs of Claim*. (Related document(s):702 Generic Motion) Filed by Seadrill Partners LLC (Mayer, Simon) (Entered: 12/19/2021) |
| 12/19/2021 | 732 (4 pgs) | Notice *of Withdrawal of Objection to Certain Proofs of Claim*. (Related document(s):703 Generic Motion) Filed by Seadrill Partners LLC (Mayer, Simon) (Entered: 12/19/2021) |
| 12/19/2021 | 733 (5 pgs) | Proposed Order RE: (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion) (Mayer, Simon) (Entered: 12/19/2021) |
| 12/19/2021 | 734 (5 pgs) | Proposed Order RE: (Filed By Seadrill Partners LLC ).(Related document(s):702 Generic Motion) (Mayer, Simon) (Entered: 12/19/2021) |
| 12/19/2021 | 735 (5 pgs) | Proposed Order RE: (Filed By Seadrill Partners LLC ).(Related document(s):703 Generic Motion) (Mayer, Simon) (Entered: 12/19/2021) |
| 12/19/2021 | 736 (3 pgs) | Agenda for Hearing on 12/20/2021 (Filed By Seadrill Partners LLC ). (Mayer, Simon) (Entered: 12/19/2021) |
| 12/20/2021 | 737 (4 pgs) | Order Granting the Reorganized Debtors' Fourth Omnibus Objection to Certain Proofs of Claim (Equity Interest Claims) Signed on 12/20/2021 (Related document(s):704 Generic Motion) (emiller) (Entered: 12/20/2021) |
| 12/20/2021 | 738 (5 pgs) | Order Granting the Reorganized Debtors' Second Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims) Signed on 12/20/2021 (Related document(s):702 Generic Motion) (emiller) (Entered: 12/20/2021) |
| 12/20/2021 | 739 (5 pgs) | Order Granting the Reorganized Debtors' Third Omnibus Objection to Certain Proofs of Claim (Late-Filed Claims) Signed on 12/20/2021 (Related document(s): Certificate of Notice, Certificate of Notice, 703 |

| | | |
|---|---|---|
| | | Generic Motion) **Hearing regarding Claim No. 444 filed by Cleanblast is scheduled for 1/20/2022 at 02:00 PM at Houston, Courtroom 400 (DRJ).** (emiller) (Entered: 12/20/2021) |
| 12/20/2021 | 740 | Courtroom Minutes. Time Hearing Held: 9:00 AM. Appearances: Simon Mayer, Brad Parker, Kight. (Related document(s):702 Generic Motion, 703 Generic Motion, 704 Generic Motion). The Court has sustained the objection to the first, second and third omnibus objections, Order signed and to be entered. **A Scheduling Hearing has been set as to certain claims for 1/20/2022 at 02:00 PM and 1/19/2022 at 9:00 AM. Orders to be entered separately.** (aalo) (Entered: 12/20/2021) |
| 12/20/2021 | 741 (1 pg) | ꙮ) PDF with attached Audio File. Court Date & Time [ 12/20/2021 9:29:42 AM ]. File Size [ 8640 KB ]. Run Time [ 00:18:00 ]. (admin). (Entered: 12/20/2021) |
| 12/20/2021 | 742 (3 pgs) | Stipulation By Seadrill Partners LLC and Danske Bank. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion) (Mayer, Simon) (Entered: 12/20/2021) |
| 12/20/2021 | 743 (5 pgs) | Proposed Order Submission After Hearing (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion) (Mayer, Simon) (Entered: 12/20/2021) |
| 12/21/2021 | 745 (3 pgs) | Stipulation and Agreed Order Signed on 12/21/2021 (Related document(s):742 Stipulation) (aalo) (Entered: 12/22/2021) |
| 12/21/2021 | 746 (5 pgs) | Order Signed on 12/21/2021 (Related document(s):701 Generic Motion) (aalo) (Entered: 12/22/2021) |
| 12/23/2021 | 747 (14 pgs) | Affidavit Re: *of Kenny Crespin Regarding Stipulation and Agreed Order*. (related document(s):715 Generic Order). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 12/23/2021) |
| 01/05/2022 | 748 (62 pgs; 4 docs) | Affidavit Re: *Mailings for the Period from December 19, 2021 through December 25, 2021.* (related document(s):726 Order on Motion to Extend Time, 727 Generic Order, 728 Generic Order, 729 Generic Order, 730 Generic Order, 731 Notice, 732 Notice, 736 Agenda, 737 Generic Order, 738 Generic Order, 739 Order Setting Hearing, 745 Generic Order, 746 Generic Order). Filed by Prime Clerk LLC (Attachments: # 1 Affidavit of December 20 # 2 Affidavit of December 20 # 3 Affidavit of December 22)(Steele, Benjamin) (Entered: 01/05/2022) |
| 01/10/2022 | 749 (4 pgs) | Stipulation By Wartsila L.L.C., Wartsila Ships Repairing & Maintenance, LLC and Seadrill Partners, LLC, et al. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Wartsila L.L.C., Wartsila Ships Repairing & Maintenance, LLC ).(Related document(s):703 Generic Motion) (Altazan, A Brooke) (Entered: 01/10/2022) |
| 01/18/2022 | 750 (4 pgs) | Second Stipulation and Agreed Order Signed on 1/18/2022 (Related document(s):749 Stipulation) (VrianaPortillo) (Entered: 01/18/2022) |

USTP (Seadrill) Ex. 20
Page 198 of 212

| | | |
|---|---|---|
| 01/19/2022 | | Courtroom Minutes. Time Hearing Held: 9:00 AM. Appearances: Simon Mayer and Henry Knight (Related document(s): 740 Courtroom Minutes) A tentative agreement has been reached. The parties to upload a proposed stipulation or agreed order. (VrianaPortillo) (Entered: 01/19/2022) |
| 01/19/2022 | 751 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/19/2022 9:00:23 AM ]. File Size [ 2200 KB ]. Run Time [ 00:04:35 ]. (admin). (Entered: 01/19/2022) |
| 01/20/2022 | 752 | Courtroom Minutes. Time Hearing Held: 2:00 PM. Appearances: Brad Parker; Simon Mayer. (Related document(s): 740 Courtroom Minutes) Scheduling conference held. The Court set the following deadlines: a request of payment of an administrative claim to be submitted by 02/18/22, response due by 03/11/22; witness and exhibit list to be submitted by 03/18/22. **A Hearing is scheduled for 3/21/2022 at 09:00 AM at Houston, Courtroom 400 (DRJ).** (VrianaPortillo) (Entered: 01/20/2022) |
| 01/20/2022 | 753 (1 pg) | 🔊 PDF with attached Audio File. Court Date & Time [ 1/20/2022 2:01:08 PM ]. File Size [ 2712 KB ]. Run Time [ 00:05:39 ]. (admin). (Entered: 01/20/2022) |
| 01/27/2022 | 755 (5 pgs) | Stipulation By Seadrill Partners LLC and Speedcast Communications, Inc., Speedcast Communications (India) PVT, Ltd., Speedcast Canada Limited, Speedcast Norway AS and CapRock UK Limited. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):701 Generic Motion, 716 Response) (Mayer, Simon) (Entered: 01/27/2022) |
| 02/03/2022 | 756 (5 pgs; 2 docs) | Chapter 11 Post-Confirmation Report for Quarter Ended 9/30/2021 (Filed By Seadrill Partners LLC ). (Attachments: # 1 Global Notes) (Cavenaugh, Matthew) (Entered: 02/03/2022) |
| 02/18/2022 | 757 (92 pgs; 8 docs) | Application for Administrative Expenses . Objections/Request for Hearing Due in 21 days. Filed by Creditor CleanBlast, LLC Hearing scheduled for 3/21/2022 at 09:00 AM at Houston Courthouse. (Attachments: # 1 Exhibit affidavit # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Parker, H.) (Entered: 02/18/2022) |
| 02/19/2022 | 758 (97 pgs; 9 docs) | Amended Application for Administrative Expenses . Objections/Request for Hearing Due in 21 days. Filed by Creditor CleanBlast, LLC Hearing scheduled for 3/21/2022 at 09:00 AM at Houston Courthouse. (Attachments: # 1 Exhibit 1 - Master Service Agreement # 2 Exhibit 2 - CleanBlast Invoices # 3 Exhibit 3 - PPG Paint Order Sheet # 4 Exhibit 4 - D&R Supply Invoice # 5 Exhibit CleanBlast Invoice #42128-R2 # 6 Exhibit 6 - CleanBlast Payment History # 7 Exhibit 7 - Summary of Invoices # 8 Proposed Order Granting Motion for Allowance of Administrative Expense Claim) (Parker, H.) (Entered: 02/19/2022) |
| 02/25/2022 | 759 (4 pgs) | Stipulation and Agreed Order Signed on 2/25/2022 (Related document(s):755 Stipulation) (VrianaPortillo) (Entered: 02/25/2022) |

USTP (Seadrill) Ex. 20
Page 199 of 212

| 02/27/2022 | 760<br>(9 pgs) | BNC Certificate of Mailing. (Related document(s):759 Generic Order) No. of Notices: 12. Notice Date 02/27/2022. (Admin.) (Entered: 02/27/2022) |
|---|---|---|
| 03/03/2022 | 761<br>(16 pgs) | Affidavit Re: *of Kenny Crespin Regarding Stipulation and Agreed Order*. (related document(s):759 Generic Order). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 03/03/2022) |
| 03/12/2022 | 762<br>(63 pgs; 3 docs) | Response/Objection Filed by Seadrill Partners LLC. (Related document(s):758 Application for Administrative Expenses) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2)(Mayer, Simon) (Entered: 03/12/2022) |
| 03/18/2022 | 763<br>(300 pgs; 7 docs) | Declaration re: *Declaration of Emma Li Yan Hui in Support of Reorganized Debtors Objection to CleanBlast, LLCs First Amended Motion for Allowance of Administrative Expense Claim Pursuant to 11 U.S.C. §§ 503(b)(1)(A), 503(b)(9) and 507(a)(2)* (Filed By Seadrill Partners LLC ).(Related document(s):762 Response/Objection) (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F) (Mayer, Simon) (Entered: 03/18/2022) |
| 03/18/2022 | 764<br>(312 pgs; 9 docs) | Witness List, Exhibit List (Filed By Seadrill Partners LLC ).(Related document(s):758 Application for Administrative Expenses, 762 Response/Objection) (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Mayer, Simon) (Entered: 03/18/2022) |
| 03/18/2022 | 765<br>(2 pgs) | Witness List (Filed By CleanBlast, LLC ).(Related document(s):758 Application for Administrative Expenses) (Parker, H.) (Entered: 03/18/2022) |
| 03/18/2022 | 766<br>(152 pgs; 19 docs) | Exhibit List (Filed By CleanBlast, LLC ).(Related document(s):758 Application for Administrative Expenses) (Attachments: # 1 Exhibit 1 - Master Service Agreement with Seadrill. # 2 Exhibit 2 - CleanBlast Tickets/Work Orders from 11.4.2020 to 12.16.2020 for Job #113. # 3 Exhibit 3 - PPG Protective and Marine Coatings Invoice dated 11.11.20 in the amount of $20,177.71. # 4 Exhibit 4 - D & R Supply Invoice #696636 for Job #113 dated 12.1.20, and CleanBlast Backcharge Ticket #59318 dated 12.21.20 for $156.20. # 5 Exhibit 5 - CleanBlast Invoice #42128-R2 for Job 000113 dated 12.21.20 for $105,106.88. # 6 Exhibit 6 - ClearBlast Payment History. # 7 Exhibit 7 - Summary of Tickets/Work Orders related to Job #113 and CleanBlast Invoice 42128. # 8 Exhibit 8 - Email dated 12.15.20 @ 11:53 am from Bret Patton with Seadrill to Linus Vallery, re: Thanks for the support during this project. Consumables. Bringing balance to zero. # 9 Exhibit 9 - Email dated 12.22.20 @ 3:03 pm from Rudy Fogelman to Bret Patton and John Robb with Seadrill, re: $5,669.00 credit for down pumps but dirty water is issue. # 10 Exhibit 10 - Email dated 1.26.21 @ 4:32 pm - from Rudy Fogelman to Matt Thibodeaux re: non-payment for two months and need to send ClearBlast account to attorney for collection. # 11 Exhibit 11 - Payment Remittance Advice for Wire Transfer payment dated 1.28.21 from Seadrill Gulf Operations Auriga, LLC for $44,528.86 for payment on GleanBlast Invoice #42128-R2. # 12 Exhibit 12 - Email dated 1.28.21 @ 1:25 p.m. from Rudy Fogelman to Matt Thibodeaux and Keith Kennedy, re: payment updates. CleanBlast was paid $44,528.86. # 13 Exhibit 13 - Email dated 1.28.21 @ 4:05 p.m. from Matt Thibodeaux to Rudy F. explaining why certain invoices were paid and some were not. # 14 Exhibit 14 - Email dated 2.10.21 @ 9:40 a.m. - |

USTP (Seadrill) Ex. 20
Page 200 of 212

Seadrill404

| | | |
|---|---|---|
| | | From Ben Watson to Rudy F..re: Seadrill guarantee of payment of invoices. # 15 Exhibit 15 - Email dated 3.2.21 @ 3:07 p.m. from Bret Patton of Seadrill to Linus Valley I want to make sure Clean Blast got paid. # 16 Exhibit 16 - Email dated 3.18.21 @ 2:56 p.m. from Ben Watson to Bret Patton of Seadrill on who to talk to about getting paid. # 17 Exhibit 17 - Email dated 5.27.21 @ 9:59 from Greg McGavin with Seadrill Supply Chain.re: invoices being managed by Seadrill Limited for extended period of time. # 18 Exhibit 18 - ECF#199 - Schedule of Assets and Liabilities for Seadrill Gulf Operations Auriga Llc (Case No. 20-35748).) (Parker, H.) (Entered: 03/18/2022) |
| 03/20/2022 | 767 (4 pgs) | Stipulation By Seadrill Partners LLC and CleanBlast LLC. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):703 Generic Motion, 757 Application for Administrative Expenses, 758 Application for Administrative Expenses, 762 Response/Objection) (Mayer, Simon) (Entered: 03/20/2022) |
| 03/20/2022 | | Certificate of Notice. The parties have notified the Court that based on the Stipulation filed at docket 767, the pending matters have been resolved. The hearing scheduled for 3/21/22 at 9:00 am is cancelled. (Related document(s):757 Application for Administrative Expenses, 758 Application for Administrative Expenses, 767 Stipulation) (emiller) (Entered: 03/20/2022) |
| 03/21/2022 | 768 (3 pgs) | Stipulation and Agreed Order Signed on 3/21/2022 (Related document(s):703 Generic Motion, 758 Application for Administrative Expenses, 762 Response/Objection) (aalo) (Entered: 03/21/2022) |
| 03/21/2022 | 769 (10 pgs; 2 docs) | Motion to Extend Time Filed by Debtor Seadrill Partners LLC (Attachments: # 1 Exhibit A - Proposed Order) (Mayer, Simon) (Entered: 03/21/2022) |
| 03/24/2022 | 770 (16 pgs) | Affidavit Re: *of Frank ODowd Regarding Reorganized Debtors Objection to CleanBlast, LLCs First Amended Motion for Allowance of Administrative Expense Claim.* (related document(s):762 Response/Objection). Filed by Prime Clerk LLC (Steele, Benjamin) (Entered: 03/24/2022) |
| 03/29/2022 | 771 (5 pgs) | Chapter 11 Post-Confirmation Report for Quarter Ended 12/31/2021 (Filed By Seadrill Partners LLC ). (Cavenaugh, Matthew) (Entered: 03/29/2022) |
| 03/31/2022 | 772 (38 pgs; 4 docs) | Affidavit Re: *Mailings for the Period from March 20, 2022 through March 26, 2022.* (related document(s):763 Declaration, 764 Witness List, Exhibit List, 768 Generic Order, 769 Motion to Extend Time). Filed by Kroll Restructuring Administration LLC (Attachments: # 1 Affidavit of March 21 # 2 Affidavit of March 22 # 3 Affidavit of March 18 and 22)(Steele, Benjamin) (Entered: 03/31/2022) |
| 04/01/2022 | 773 (16 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Fifth Omnibus Objection to Certain Proofs of Claim (503(b)(9) Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 5/16/2022 at 10:00 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 - Proposed Order # 2 Exhibit 2 - Declaration) (Mayer, Simon) (Entered: 04/01/2022) |

| | | |
|---|---|---|
| 04/01/2022 | 774<br>(14 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Sixth Omnibus Objection to Certain Proofs of Claim (Satisfied Claims).* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 5/16/2022 at 10:00 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 - Proposed Order # 2 Exhibit 2 - Declaration) (Mayer, Simon) (Entered: 04/01/2022) |
| 04/01/2022 | 775<br>(17 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Seventh Omnibus Objection to Certain Proofs of Claim (Misclassified Claims).* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 5/16/2022 at 10:00 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 - Proposed Order # 2 Exhibit 2 - Declaration) (Mayer, Simon) (Entered: 04/01/2022) |
| 04/01/2022 | 776<br>(57 pgs; 4 docs) | Objection to Claim Number by Claimant Shaikh Sarfaraz Ahmed (Claim No. 226). Shaikh Sarfaraz Ahmed (Claim No. 226). Hearing scheduled for 5/16/2022 at 10:00 AM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 - Proposed Order # 2 Exhibit 2 - Proof of Claim 226 # 3 Exhibit 3 - Declaration)(Mayer, Simon) (Entered: 04/01/2022) |
| 04/01/2022 | 777<br>(3 pgs) | Amended Notice *of Hearing on Claim Objections.* (Related document(s):773 Generic Motion, 774 Generic Motion, 775 Generic Motion, 776 Objection to Claim) Filed by Seadrill Partners LLC (Mayer, Simon) (Entered: 04/01/2022) |
| 04/07/2022 | 778<br>(24 pgs) | Affidavit Re: *of Frank ODowd Regarding Fifth Omnibus Objection, Sixth Omnibus Objection, Seventh Omnibus Objection, Objection to Claim Number 226, and Amended Notice of Hearing.* (related document(s):773 Generic Motion, 774 Generic Motion, 775 Generic Motion, 776 Objection to Claim, 777 Notice). Filed by Kroll Restructuring Administration LLC (Steele, Benjamin) (Entered: 04/07/2022) |
| 04/13/2022 | 779<br>(2 pgs) | Response filed by W. Canning Ltd (related document(s):773 Generic Motion). (SpencerSavarese) (Entered: 04/13/2022) |
| 04/13/2022 | 780<br>(6 pgs) | Exhibits to Response filed by W. Canning Ltd: (Related document(s):779 Response). (RachelWillborg) (Entered: 04/13/2022) |
| 04/26/2022 | 781<br>(3 pgs) | Stipulation By Seadrill Partners LLC and Pentagon Freight Services Inc.. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ). (Related document(s):774 Generic Motion) (Mayer, Simon) (Entered: 04/26/2022) |
| 04/26/2022 | 782<br>(5 pgs; 2 docs) | Certificate of No Objection (Filed By Seadrill Partners LLC ).(Related document(s):769 Motion to Extend Time) (Attachments: # 1 Exhibit 1 - Proposed Order) (Mayer, Simon) (Entered: 04/26/2022) |
| 05/04/2022 | 783<br>(3 pgs) | Stipulation and Agreed Order Signed on 5/4/2022 (Related document(s):781 Stipulation) (VrianaPortillo) (Entered: 05/04/2022) |
| 05/04/2022 | 784<br>(2 pgs) | Order Extending the Deadline to Object to Claims (Related Doc # 769) Signed on 5/4/2022. (VrianaPortillo) (Entered: 05/04/2022) |

USTP (Seadrill) Ex. 20<br>Page 202 of 212

| | | |
|---|---|---|
| 05/10/2022 | [785](#)<br>(4 pgs) | Stipulation By Seadrill Partners LLC and W. Canning Ltd., d/b/a MacDermid Offshore Solutions and MacDermid OS. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ).(Related document(s):[773](#) Generic Motion) (Mayer, Simon) (Entered: 05/10/2022) |
| 05/12/2022 | [786](#)<br>(64 pgs; 11 docs) | Witness List, Exhibit List (Filed By Seadrill Partners LLC ).(Related document(s):[773](#) Generic Motion, [774](#) Generic Motion, [775](#) Generic Motion, [776](#) Objection to Claim, [777](#) Notice) (Attachments: # [1](#) Exhibit 1 # [2](#) Exhibit 2 # [3](#) Exhibit 3 # [4](#) Exhibit 4 # [5](#) Exhibit 5 # [6](#) Exhibit 6 # [7](#) Exhibit 7 # [8](#) Exhibit 8 # [9](#) Exhibit 9 # [10](#) Exhibit 10) (Mayer, Simon) (Entered: 05/12/2022) |
| 05/12/2022 | [787](#)<br>(15 pgs) | Affidavit Re: *of Frank ODowd Regarding Stipulation and Order, and Order Extending the Deadline to Object to Claims*. (related document(s):[783](#) Generic Order, [784](#) Order on Motion to Extend Time). Filed by Kroll Restructuring Administration LLC (Steele, Benjamin) (Entered: 05/12/2022) |
| 05/13/2022 | [788](#)<br>(22 pgs; 5 docs) | Certificate of No Objection (Filed By Seadrill Partners LLC ).(Related document(s):[773](#) Generic Motion, [774](#) Generic Motion, [775](#) Generic Motion, [776](#) Objection to Claim, [777](#) Notice) (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B # [3](#) Exhibit C # [4](#) Exhibit D) (Mayer, Simon) (Entered: 05/13/2022) |
| 05/13/2022 | [789](#)<br>(4 pgs) | Stipulation and Agreed Order Signed on 5/13/2022 (Related document(s):[785](#) Stipulation) (VrianaPortillo) (Entered: 05/13/2022) |
| 05/16/2022 | [790](#)<br>(4 pgs) | Order Granting the Reorganized Debtors' Fifth Omnibus Objection to Certain Proofs of Claim (53(B)(9) Claims) Signed on 5/16/2022 (Related document(s):[773](#) Generic Motion) (VrianaPortillo) (Entered: 05/16/2022) |
| 05/16/2022 | [791](#)<br>(4 pgs) | Order Granting the Reorganized Debtors' Sixth Omnibus Objection to Certain Proofs of Claim (Satisfied Claims) Signed on 5/16/2022 (Related document(s):[774](#) Generic Motion) (VrianaPortillo) (Entered: 05/16/2022) |
| 05/16/2022 | [792](#)<br>(4 pgs) | Order Granting the Reorganized Debtors' Seventh Omnibus Objection to Certain Proofs of Claim (Misclassified Claims) Signed on 5/16/2022 (Related document(s):[775](#) Generic Motion) (VrianaPortillo) (Entered: 05/16/2022) |
| 05/16/2022 | [793](#)<br>(3 pgs) | Order Granting the Reorganized Debtors' Objection to Claim Number 226 Filed by Shaikh Sarfaraz Ahmed Signed on 5/16/2022 (Related document(s):[776](#) Objection to Claim) (VrianaPortillo) (Entered: 05/16/2022) |
| 05/26/2022 | [794](#)<br>(23 pgs; 3 docs) | Affidavit Re: *Mailings for the Period from May 15, 2022 through May 21, 2022*. (related document(s):[763](#) Declaration, [764](#) Witness List, Exhibit List, [789](#) Generic Order, [790](#) Generic Order, [791](#) Generic Order, [792](#) Generic Order, [793](#) Generic Order). Filed by Kroll Restructuring Administration LLC (Attachments: # [1](#) Affidavit of May 16 # [2](#) Affidavit of May 16)(Steele, Benjamin) (Entered: 05/26/2022) |

USTP (Seadrill) Ex. 20
Page 203 of 212

Seadrill407

| 06/01/2022 | 795<br>(7 pgs; 2 docs) | Emergency Motion *to Withdraw as Counsel of Record for Wartsila, L.L.C. and Wartsila Ships Repairing & Maintenance, LLC* Filed by Attorneys Paul Douglas Stewart, Jr., Brooke W. Altazan, Stewart Robbins Brown & Altazan, LLC (Attachments: # 1 Proposed Order) (Altazan, A Brooke) (Entered: 06/01/2022) |
| 06/16/2022 | 796<br>(2 pgs) | Affidavit Re: *(Supplemental) of Jose Zambrano Regarding Order Granting the Reorganized Debtors Fifth Omnibus Objection to Certain Proofs of Claim (503)(b)(9) Claims).* (related document(s):790 Generic Order). Filed by Kroll Restructuring Administration LLC (Steele, Benjamin) (Entered: 06/16/2022) |
| 06/17/2022 | 797<br>(2 pgs) | Order Granting Motion to Withdraw as Counsel of Record for Wartsila, L.L.C. and Wartsila Ships Repairing & Maintenance LLC (Related Doc # 795) Signed on 6/17/2022. (VrianaPortillo) (Entered: 06/17/2022) |
| 06/20/2022 | 798<br>(4 pgs) | Stipulation By Seadrill Partners LLC and Baker & Hostetler LLP. Does this document include an agreed order or otherwise request that the judge sign a document? Yes. (Filed By Seadrill Partners LLC ). (Mayer, Simon) (Entered: 06/20/2022) |
| 06/20/2022 | 799<br>(18 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Eighth Omnibus Objection to Certain Proofs of Claim (Books and Records Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 8/9/2022 at 02:00 PM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Mayer, Simon) (Entered: 06/20/2022) |
| 06/20/2022 | 800<br>(14 pgs; 3 docs) | Omnibus Motion - *The Reorganized Debtors Ninth Omnibus Objection to Certain Proofs of Claim (Duplicate Claims)* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 8/9/2022 at 02:00 PM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) (Mayer, Simon) (Entered: 06/20/2022) |
| 06/20/2022 | 801<br>(72 pgs; 6 docs) | Omnibus Motion - *The Reorganized Debtors Tenth Omnibus Objection to Certain Proofs of Claim Filed by CapRock UK Limited* Filed by Debtor Seadrill Partners LLC Hearing scheduled for 8/9/2022 at 02:00 PM at Houston, Courtroom 400 (DRJ). (Attachments: # 1 Proposed Order # 2 Exhibit 1 # 3 Exhibit 2 # 4 Exhibit 3 # 5 Exhibit 4) (Mayer, Simon) (Entered: 06/20/2022) |
| 06/20/2022 | 802<br>(12 pgs; 2 docs) | Motion to Extend Time Filed by Debtor Seadrill Partners LLC (Attachments: # 1 Proposed Order) (Mayer, Simon) (Entered: 06/20/2022) |
| 06/21/2022 | 803<br>(2 pgs) | Additional Attachments Re: *Declaration* (related document(s):801 Generic Motion) (Filed By Seadrill Partners LLC ).(Related document(s):801 Generic Motion) (Mayer, Simon) (Entered: 06/21/2022) |
| 06/21/2022 | 804<br>(5 pgs) | Chapter 11 Post-Confirmation Report for Quarter Ended 3/31/2022 (Filed By Seadrill Partners LLC ). (Polnick, Veronica) (Entered: 06/21/2022) |
| 06/23/2022 | 805<br>(2 pgs) | Order Extending the Deadline to Object to Claims (Related Doc # 802) Signed on 6/23/2022. (VrianaPortillo) (Entered: 06/27/2022) |

Seadrill408

ENTERED
04/06/2021

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| SEADRILL LIMITED, *et al.*,[1] | ) Case No. 21-30427 (DRJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) Re: Docket No: _250_ |

## ORDER GRANTING THE DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JACKSON WALKER LLP AS CO-COUNSEL AND CONFLICTS COUNSEL

CAME ON FOR CONSIDERATION the Application for Entry of an Order Authorizing the Retention and Employment of Jackson Walker LLP as Co-Counsel and Conflicts Counsel (the "Application") filed by Seadrill Limited, *et al.* (collectively, the "Debtors"). The Court, having reviewed the Application, and the supporting documents thereto, and finding that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, that the Application was properly filed and served, that this is a core proceeding pursuant to 28 U.SC. § 157(b); and that venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, and based upon good and sufficient cause appearing therefor; it is hereby:

ORDERED that the Debtors shall be, and are hereby, authorized to retain Jackson Walker LLP as co-counsel and conflicts counsel upon the terms and conditions set forth in the Application as modified herein; it is further

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/SeadrillLimited. The location of Debtor Seadrill's principal place of business and the Debtors' service address in these chapter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

USTP (Seadrill) Ex. 20
Page 205 of 212

1

10121218/00003

UST
Exhibit

10

ORDERED that Jackson Walker LLP shall apply for compensation for professional services rendered and reimbursement of expenses in accordance with the procedures set forth in §§ 330 and 331 of the Bankruptcy Code, applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any fee and expense guidelines or orders of this Court.  For billing purposes, Jackson Walker LLP shall keep its time in one tenth (1/10) hour increments.  Jackson Walker LLP will use its best effort to avoid any duplication of services provided by any of the Debtors' other chapter 11 professionals in these chapter 11 cases; it is further

ORDERED that Jackson Walker LLP will review its files periodically during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Jackson Walker LLP will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a); it is further

ORDERED that Jackson Walker, LLP shall not charge a markup to the Debtors with respect to fees billed by contract attorneys ("Contractors") who are hired by Jackson Walker LLP to provide services to the Debtors, and shall ensure that any such Contractors that are attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules; it is further

ORDERED that to the extent the Application or the Cavenaugh Declaration is inconsistent with this Order, the terms of this Order shall govern; it is further

~~ORDERED that all requests of Jackson Walker LLP for payment of indemnity pursuant to the Application and the Cavenaugh Declaration shall be made by means of an interim or final fee application and shall be subject to the approval of and review by the Court pursuant to section 330 of the Bankruptcy Code without regard to whether such indemnification is included in the Application; it is further~~

USTP (Seadrill) Ex. 20
Page 206 of 212

2

ORDERED that notwithstanding anything to the contrary in the Application, Jackson Walker LLP shall not be entitled to reimbursement for fees and expenses incurred in connection with any objection to its fees absent further order of this Court; it is further

ORDERED that Jackson Walker LLP shall file a supplemental declaration with this Court and give not less than ten (10) business days' notice to the Debtors, U.S. Trustee, and the Official Committee of Unsecured Creditors prior to any increases in the rates set forth in the Application. The supplemental declaration shall explain the basis for the requested rate increases in accordance with 11 U.S.C. § 330(a)(3)(F) and state whether the Debtors have consented to the rate increase. The U.S. Trustee retains all rights to object to any hourly rate increases on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**Signed: April 05, 2021.**

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

USTP (Seadrill) Ex. 20
Page 207 of 212

Seadrill 091218/00003

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*,[1] | ) | Case No. 21-30427 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | |

## MOTION TO SUBSTITUTE COUNSEL AND TO WITHDRAW

Jackson Walker LLP files this *Motion to Substitute Counsel and to Withdraw* and would respectfully show as follows:

1.       Jackson Walker LLP seeks to withdraw as counsel for the Reorganized Debtors in this case.  The Reorganized Debtors have engaged Paul Hastings LLP to represent them going forward and wish to substitute Paul Hastings LLP for Jackson Walker LLP.

2.       Paul Hastings LLP's office address and contact information are as follows:

James T. Grogan III (jamesgrogan@paulhastings.com)
Schlea M. Thomas (schleathomas@paulhastings.com)
William E. Mahoney (williammahoney@paulhastings.com)
600 Travis Street, 58th Floor
Houston, Texas 77002
Telephone: (713) 860-7300
Facsimile: (713) 353-3100

Sam Lawand (samlawand@paulhastings.com)
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

---

[1]       A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/SeadrillLimited.  The location of Reorganized Debtor Seadrill Americas, Inc.'s principal place of business and the Reorganized Debtors' service [...]ter 11 cases is 11025 Equity Drive, Suite 150, Houston, Texas 77041.

USTP (Seadrill) Ex. 20
Page 208 of 212

UST
Exhibit

**11**

3.        Jackson Walker LLP requests that the Court permit Paul Hastings LLP to substitute in as counsel to the Reorganized Debtors and permit Jackson Walker LLP to withdraw, by entering the attached proposed order.  Jackson Walker LLP further requests that service of all future service and notices and pleadings, electronically or otherwise, be discontinued as of the date hereof.  The Reorganized Debtors and Paul Hastings LLP consent to the relief requested in this Motion.

        WHEREFORE, Jackson Walker LLP asks that the Court grant this Motion and such other or further relief as is just.


March 1, 2024
Houston, Texas

/s/ *Matthew D. Cavenaugh*
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Jennifer F. Wertz (TX Bar No. 24072822)
Vienna F. Anaya (TX Bar No. 24091225)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:    (713) 752-4221
Email:        mcavenaugh@jw.com
              jwertz@jw.com
              vanaya@jw.com
              vargeroplos@jw.com


*Co-Counsel to the Debtors*

USTP (Seadrill) Ex. 20
Page 209 of 212

-2-

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 1, 2024, I caused a copy of the foregoing to be served via the Court's CM/ECF system, which will electronically mail notification of the filing to all counsel of record who are registered ECF users.

*/s/ Matthew D. Cavenaugh*
Matthew D. Cavenaugh

USTP (Seadrill) Ex. 20
Page 210 of 212

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*, | ) | Case No. 21-30427 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | **Re: Docket No. _____** |

## ORDER

The *Motion to Substitute Counsel and to Withdraw* is hereby granted.

IT IS ORDERED that Jackson Walker LLP is withdrawn as counsel for the Reorganized Debtors, and Paul Hastings LLP is substituted as the Reorganized Debtors' counsel. The Clerk of Court may discontinue service upon Jackson Walker LLP of all future service and notices of pleadings, electronically or otherwise, as of the date hereof.

SO ORDERED.

Signed: _____, 2024.

_____
CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE

USTP (Seadrill) Ex. 20
Page 211 of 212

United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 05, 2024

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SEADRILL LIMITED, *et al.*, | ) | Case No. 21-30427 (CML) |
| | ) | |
| | ) | (Jointly Administered) |
| Reorganized Debtors. | ) | **Re: Docket No.  1622** |

### ORDER

The *Motion to Substitute Counsel and to Withdraw* is hereby granted.

IT IS ORDERED that Jackson Walker LLP is withdrawn as counsel for the Reorganized Debtors, and Paul Hastings LLP is substituted as the Reorganized Debtors' counsel.  The Clerk of Court may discontinue service upon Jackson Walker LLP of all future service and notices of pleadings, electronically or otherwise, as of the date hereof.

SO ORDERED.

Signed:  March 05, 2024

Christopher Lopez
United States Bankruptcy Judge

USTP (Seadrill) Ex. 20
Page 212 of 212

Seadrill299

UST
Exhibit
**12**