UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 4:23-cv-4787 |
| Professional Fee Matters Concerning the | § | |
| Jackson Walker Law Firm | § | |

**THE SETTLING PARTIES' OBJECTIONS TO UNITED STATES TRUSTEE'S NOTICE OF DEPOSITION DESIGNATIONS AND <u>COUNTER-DESIGNATIONS</u>**

Old Copper Company Inc. f/k/a J. C. Penney Company Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc., as Wind Down Debtors in *In re J. C. Penney Direct Marketing Services LLC*, by and through its Plan Administrators Alan Carr and Steve Paganos (the "<u>J. C. Penney Wind-Down Debtors</u>") and Jackson Walker LLP ("<u>Jackson Walker</u>", and together with the J. C. Penney Wind-Down Debtors, the "<u>Settling Parties</u>") hereby provide (i) objections to the United States Trustee's (the "<u>UST</u>") Notice of Deposition Designations [Docket No. 199, the "<u>UST Deposition Designations</u>"] and (ii) counter deposition designations.

In addition to the specific objections noted in the charts below, the Settling Parties object to the UST's designation of the entire deposition transcripts of Alan Carr and Jackson Walker's 30(b)(6) witness as exhibits for the hearing currently scheduled for March 17, 2026 (the "<u>Hearing</u>") and any attempts to use at the Hearing, or offer into evidence, deposition excerpts not specifically included in the UST Deposition Designations.[1] Particularly where witnesses will be available for live testimony, the "court is afforded reasonable leeway to avoid 'useless encumbrance of the

---

[1] UST's counsel has represented to the Settling Parties' counsel their intent is to designate only the specific UST Deposition Designations as exhibits for the Hearing, and they do not intend to seek admission of the entire deposition transcripts as exhibits.

1

record,'"[2] and the Fifth Circuit has explained that a trial judge has discretion "to exclude repetitious matter and to require counsel to identify the relevant portions of a deposition in his offer."[3] The Settling Parties thus object to the use of the deposition transcripts in their entirety.

Jackson Walker further objects to the UST's designation of deposition excerpts of Jackson Walker's 30(b)(6) witness under Federal Rule of Civil Procedure 32(a)(3) as the UST has repeatedly stated its position in discovery that Jackson Walker is not a party to this contested matter (which Jackson Walker disputes) and under Federal Rule of Civil Procedure 32(a)(4) as Jackson Walker is not an unavailable witness.

The Settling Parties' objections and counter-designations in response to the UST Deposition Designations should not be interpreted in any way as a waiver of any other objections applicable to the Hearing.

---

[2] *Superior Diving Co. v. Watts*, No. CIV.A. 05-197, 2008 WL 533804, at *2 (E.D. La. Feb. 22, 2008).

[3] *Gauthier v. Crosby Marine Serv., Inc.*, 752 F.2d 1085, 1089 (5th Cir. 1985) (noting that the district court properly excluded the deposition from evidence as "repetitious testimony").

**Deposition of Alan Carr, Co-Plan Administrator of the J.C. Penny Wind-Down Debtors (February 9, 2026)**

| UST'S DESIGNATION NO. | UST'S PAGE:LINE DESIGNATIONS | OBJECTIONS | COUNTER DESIGNATIONS PAGE:LINE |
|---|---|---|---|
| 1 | 9:12 – 9:17 | Not witness testimony; Irrelevant (FRE 402) | |
| 2 | 14:19 – 14:23 | | |
| 3 | 16:2 – 16:21 | | 16:22 – 17:17 (FRE 106; Fed. R. Civ. P. 32(a)(6)) |
| 4 | 31:19 – 31:25 | | |
| 5 | 38:18 – 39:21 | Irrelevant (FRE 402); Constitutes testimony on a matter as to which the witness lacks personal knowledge (FRE 602); Assumes a fact not in evidence; Calls for speculation. | |
| 6 | 40:21 – 41:4 | Calls for legal conclusion; Calls for speculation; Irrelevant (FRE 402); Constitutes testimony on a matter as to which the witness lacks personal knowledge (FRE 602); Assumes a fact not in evidence. | 41:4 – 41:9 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 7 | 43:11 – 43:14 | | |
| 8 | 43:23 – 44:7 | Irrelevant (FRE 402); Constitutes testimony on a matter as to which the witness lacks personal knowledge (FRE 602); Assumes a fact not in evidence; Calls for speculation. | |
| 9 | 56:3 – 57:14 | | 57:15 – 58:7 (FRE 106; Fed. R. Civ. P. 32(a)(6)) |
| 10 | 58:9 – 58:12 | | |
| 11 | 59:12 – 60:3 | | |
| 12 | 62:2 – 62:7 | | |
| 13 | 74:1 – 74:4 | | |
| 14 | 78:8 – 78:14 | Calls for speculation; Incomplete hypothetical; Irrelevant (FRE 402); Assumes a fact not in evidence. | 77:22 – 78:6 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |

## 30(b)(6) Deposition of Jackson Walker LLP
## (February 17, 2026)

| UST'S DESIGNATION NO. | UST'S PAGE: LINE DESIGNATIONS | OBJECTIONS | COUNTER DESIGNATIONS PAGE: LINE |
|---|---|---|---|
| 1 | 10:9-10:14 | Not witness testimony; Irrelevant (FRE 402) | 10:19 – 11:3 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 2 | 12:11-12:14 | Irrelevant (FRE 402) | |
| 3 | 15:24 -16:4 | Irrelevant (FRE 402) | |
| 4 | 22:8-22:19 | Irrelevant (FRE 402) | 23:1 – 23:3; 23:21 – 23:25 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 5 | 25:5-25:11 | Irrelevant (FRE 402) | 25:12 – 25:14 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 6 | 25:15-26:9 | Irrelevant (FRE 402); Confusing / Incomplete hypothetical (FRE 403); Speculation (FRE 602); Calls for legal conclusion (FRE 701) | 26:14 – 26:19; 27:2 – 27:5; 27:14 – 27:17 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 7 | 29:6 -29:17 | Irrelevant (FRE 702); Vague / Confusing (FRE 403); Calls for legal conclusion (FRE 704); Attorney-Client Privilege (FRE 502); Misleading (FRE 403) | 30:12 – 30:17 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 8 | 30:18-30:20 | Irrelevant (FRE 402); Assumes facts not in evidence / Lack of foundation (FRE 602) | 30:12 – 30:17; 31:1 – 31:5 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 9 | 31:6-31:8 | Irrelevant (FRE 402); Assumes facts not in evidence / Lack of foundation (FRE 602) | 31:1 – 31:5 [only to extent objections are overruled for optional completeness (FRE 106 Fed. R. Civ. P. 32(a)(6))] |
| 10 | 37:7-38:7 | Irrelevant (FRE 402); Calls for legal conclusion (FRE 704) | |

| UST'S DESIGNATION NO. | UST'S PAGE: LINE DESIGNATIONS | OBJECTIONS | COUNTER DESIGNATIONS PAGE: LINE |
|---|---|---|---|
| 11 | 38:13-40:18 | Irrelevant (FRE 402); Mischaracterization / Unfair Prejudice (FRE 403); Best evidence (FRE 1002); Calls for legal conclusion (FRE 704) | 41:12 – 41:16; 42:1 – 42:10 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 12 | 43:24-44:4 | Irrelevant (FRE 402) | |
| 13 | 46:9-46:20 | Irrelevant (FRE 402); Confusing / Incomplete hypothetical (FRE 403); Speculation (FRE 602); Assumes facts not in evidence / Lack of foundation (FRE 602); Vague (FRE 403) | |
| 14 | 47:9-48:10 | Irrelevant (FRE 402); Speculation (FRE 602); Vague / Confusing / Incomplete hypothetical (FRE 403); Assumes facts not in evidence / Lack of foundation (FRE 602); Harassing (FRE 403); Not witness testimony | 51:21 – 52:4; 52:8 – 52:21 [only to extent objections are overruled for optional completeness (FRE 106; Fed R. Civ. P. 32(a)(6))] |
| 15 | 52:23-53:7 | Irrelevant (FRE 402); Harassing (FRE 403); Vague (FRE 403) Speculation (FRE 602); Assumes facts not in evidence / Lack of foundation (FRE 602) | |
| 16 | 53:24-54:15 | Irrelevant (FRE 402); Vague (FRE 403); Speculation (FRE 602); Confusing / Incomplete hypothetical (FRE 403); Assumes facts not in evidence / Lack of foundation (FRE 602); | |

5

Dated: March 11, 2026                          Respectfully Submitted,

By: */s/ Eli O. Columbus*
Ian T. Peck, State Bar No. 24013306
Federal I.D. No. 26187
Eli O. Columbus, State Bar No. 24028062
Federal I.D. No. 26912
Jordan E. Chavez, State Bar No. 24109883
Federal I.D. No. 3520300
**HAYNES AND BOONE, LLP**
2801 N. Harwood Street, Suite 2300
Dallas, TX 75201
Telephone: 214.651.5000
Facsimile: 214.651.5940
Email: ian.peck@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: jordan.chavez@haynesboone.com

**COUNSEL FOR THE J. C. PENNEY WIND-DOWN DEBTORS**

- and –

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
*Attorney-in-Charge*
Federal I.D. No. 37238
William Greendyke (SBT 08390450)
Federal I.D. No. 576573
Julie Harrison (SBT 24092434)
Federal I.D. No. 3017799
Maria Mokrzycka (SBT 24119994)
Federal I.D. No. 3610759
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
jason.boland@nortonrosefulbright.com
william.greendyke@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

>Paul Trahan (SBT 24003075)
>Federal I.D. No. 563869
>Emily Wolf (SBT 24106595)
>Federal I.D. No. 3892373
>98 San Jacinto Blvd., Suite 1100
>Austin, Texas 78701
>Telephone: (512) 474-5201
>paul.trahan@nortonrosefulbright.com
>emily.wolf@nortonrosefulbright.com
>
>*Counsel for Jackson Walker LLP*
>
>**RUSTY HARDIN & ASSOCIATES, LLP**
>
>Russell Hardin, Jr. (SBT 08972800)
>*Attorney-in-Charge*
>Federal I.D. No. 19424
>Leah M. Graham (SBT 24073454)
>Federal I.D. No. 2192848
>Jennifer E. Brevorka (SBT 24082727)
>Federal I.D. No. 1725400
>Emily Smith (SBT 24083876)
>Federal I.D. No. 1890677
>5 Houston Center
>1401 McKinney, Suite 2250
>Houston, Texas 77010
>Telephone: (713) 652-9000
>rhardin@rustyhardin.com
>lgraham@rustyhardin.com
>jbrevorka@rustyhardin.com
>esmith@rustyhardin.com
>
>*Co-Counsel for Jackson Walker LLP*