**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 4:23-cv-4787** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

**OMNIBUS RESPONSE TO THE SETTLING PARTIES' OBJECTIONS TO UNITED STATES**
**TRUSTEE'S NOTICE OF DEPOSITION DESIGNATIONS AND COUNTER DESIGNATIONS**
(Relates to ECF No. 229)

TO THE HONORABLE EDUARDO V. RODRIGUEZ
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee"), files this omnibus response (the "Omnibus Response") to the objections and counter designations filed by Old Copper Company Inc. f/k/a J. C. Penney Company Inc. and Copper Sub Corporation, Inc. f/k/a J. C. Penney Corporation, Inc., as Wind Down Debtors in *In re J. C. Penney Direct Marketing Services LLC* ("J.C. Penney") and Jackson Walker LLP ("Jackson Walker") (ECF No. 229) and any anticipated objections (collectively, the "Settling Parties")[1] to the United States Trustee's Notice of Deposition Designations (the "Designations")[2] and states:

---

[1] Hereafter, all references to "section" are to provisions of the Bankruptcy Code, 11 U.S.C. § 101 et. seq., unless otherwise indicated; to "Fed. R. Bankr. P." are to the Federal Rules of Bankruptcy Procedure to "Fed. R. Evid." are to the Federal Rules of Evidence; to "Fed. R. Civ. P." or "Rule" are to the Federal Rules of Civil Procedure; and to "ECF No." are to the electronic case filings in case number 23-cv-4787.

The U.S. Trustee requests that the Court take judicial notice of the pleadings which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. To the extent that the Omnibus Response contains factual assertions predicated upon statements made by the Settling Parties, their agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

[2] The U.S. Trustee files this response on an omnibus and ongoing basis to the extent any additional Settling Parties object to the U.S. Trustee's Designations before trial.

## I.    SUMMARY

1.    The Designations involve depositions of officers, directors, managing agents, or Rule 30(b)(6) designees of the Settling Parties.

2.    The Objections have no merit and should be overruled because deposition transcripts of opposing parties and their "officer[s], director[s], managing agent[s], or designee[s] under Rule 30(b)(6)" can be used for "any purpose." Fed. R. Civ. P. 32(a)(3). The Settling Parties do not contest that the individuals were deposed in one or more of those capacities.

3.    Additionally, the Rules do not require that witnesses be unavailable for live testimony to admit the deposition transcripts of party opponents. *See* Fed. R. Civ. P. 801(d)(2) and Fed. R. Civ. P. 32(a)(3). Accordingly, the Designations are appropriate and will expedite these proceedings.

## II.    ARGUMENT

4.    Federal R. Civ. P. 32(a)(3) permits a party to use the deposition of an adverse party's officer, director, managing agent, or Rule 30(b)(6) designee "for any purpose" without requiring the deponent's unavailability at trial. The designated depositions taken in advance of these evidentiary hearings qualify under this Rule.

5.    In *Coughlin v. Capital Cement Co.*, the Fifth Circuit established that "the Federal Rules of Civil Procedure provide that "(t)he deposition of a party or . . . an officer . . . of a public or private corporation . . . which is a party may be used by an adverse party for any purpose." 571 F.2d 290, 308 (5th Cir. 1978). Courts within the Firth Circuit have reaffirmed this principle, finding that Fed R. Civ. P. 32(a)(3) "allows for introduction of the depositions of an adverse party's officer, director, managing agent, or Rule 30(b)(6) designee [and] does not require the deponent's availability at trial." *Imperial Trading Co., Inc. v. Travelers Property Cas. Co. of America*, 2009

WL 10679721, at *1 n.5 (E.D. La. Aug. 4, 2009) (citing *Aetna Ca. & Sur. Co. Guynes*, 713 F.2d 1187, 1194 (5th Cir. 1983).

6.      Here, the U.S. Trustee may seek to introduce for any purpose the depositions of officers, directors, managing agents, or Rule 30(b)(6) designees of the Settling Parties and the Settling Parties do not dispute that the deposed individuals provided testimony in those capacities. *See Bianco v. Globus Medical, Inc.*, 2014 WL 977686, at *2 (E.D. Tex. March 6, 2014) (videotaped deposition of a managing agent deemed admissible for trial).

7.      Additionally, not only does Fed. R. Civ. P. 32(a)(3) permit the use of party opponent depositions "for any purpose," it permits their use even when the witness is available to testify at trial. Courts have consistently held that depositions of adverse party officers, directors, managing agents, or Rule 30(b)(6) designees are admissible as substantive evidence regardless of the deponent's availability, eliminating any requirement to show unavailability that applies to non-party witnesses under Fed. R. Civ. P. 32(a)(4). *See e.g.*, *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (holding that Fed. R. Civ. P. 32 does not require a showing of unavailability for party-opponents under Fed. R. Evid. 801(d)); *Imperial Trading Co.*, 2009 WL 10679721, at *1 n.5 (finding that Fed. R. Civ. P. 32(a)(3) "does not require the deponent's availability at trial") (citing *Aetna Ca. & Sur. Co. Guynes*, 713 F.2d at 1194).

8.      Accordingly, the Designations are appropriate and would allow the Court to admit them into the record and expedite these proceedings.

### III.    INDIVIDUAL DESIGNATIONS

9.      As set forth in the attached *Schedule 1*, the U.S. Trustee further objects to certain of J.C. Penney's and Jackson Walker's objections and counter-designations in ECF No. 229

because they attempt to belatedly make previously unraised objections[3] and make counter-designations outside of the scope of the U.S. Trustee's original Designations.

10.     To the extent applicable and as also set forth in the attached *Schedule 1*, the U.S. Trustee makes additional designations to J.C. Penney's and Jackson Walker's counter-designations.

**WHEREFORE**, the U.S. Trustee respectfully requests that the Court enter an order overruling the Settling Parties' Objections and grant such other relief as is just and proper under the circumstances.

Date: March 10, 2026

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE, REGION 7

*/s/ Vianey Garza*
Millie Aponte Sall, Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
515 Rusk, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email:millie.sall@usdoj.gov
vianey.garza@usdoj.gov
-and-
Laura D. Steele, Trial Attorney
Wis. Bar No. 1065702/Fed. ID No. 3878215
517 E. Wisconsin Ave., Ste 430
Milwaukee, WI 53202
laura.steele@usdoj.gov
-and-
Brian Thill
Wis. Bar No. 1039088/Fed Id. No. 3885884
780 Regent St., Suite 304
Madison, WI 53715
Brian.P.Thill@usdoj.gov

---

[3] "An objection to an error or irregularity at an oral examination is waived if . . . it relates to . . . the form of a question or answer . . . or other matters that might have been corrected at that time . . . and it is not timely made during the deposition." Fed. R. Civ. P. 32(d)(3)(B).

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 16, 2026 a copy of the foregoing *Omnibus Response to the Settling Parties' Objections to United States Trustee's Notice of Deposition Designations and Counter Designations* was served by electronic means on all PACER participants.

*/s/ Vianey Garza*

Vianey Garza
