United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

IN RE: §
§　**CASE NO: 4:23-CV-4787**
**Professional Fee Matters Concerning the** §
**Jackson Walker Law Firm** §

## ORDER

In her January 5, 2026, Order,[1] the Honorable Chief District Judge Alia Moses tasked this court with issuing a report and recommendation as to (I) whether ten pending Settlement Motions should be approved before adjudicating the merits of the United States Trustee's Vacatur Motions; or, (II) whether an alternative to approval exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions. On March 17, 2026, the Court held a hearing on the following Settlement Motions:

1. **20-20184 & 25-2002 – Old Copper Co., Inc.:** "Motion for Order Approving Compromise and Settlement Pursuant to the Bankruptcy Rule 9019" filed on September 11, 2025, by Old Copper Company Inc. F/K/A J. C. Penney Company Inc. and Copper Sub Corporation, Inc. F/K/A J. C. Penney Corporation, Inc., As Wind Down Debtors In J. C. Penney Direct Marketing Services LLC, by and through its Plan Administrators.[2]

2. **21-90054 – Strike Liquidating Trust:** "Motion for Entry of Order Approving Compromise of Controversy under Bankruptcy Procedure 9019" filed on September 24, 2025, by Patrick Bartels, as Trustee for the Strike Liquidating Trust.[3]

3. **23-90055 – Auto Plus Auto Sales, LLC:** "Motion for Entry of Order Approving Compromise of Controversy under Bankruptcy Rule 9019" filed on September 24, 2025, by Patrick Bartels, as Plan Agent for the Wind-Down Debtor In re Auto Plus Auto Sales LLC (formerly In re IEH Auto Parts Holding, LLC, et al.).[4]

---

[1] Case No. 4:23-CV-4787, ECF No. 140, at 1.
[2] Case No. 4:23-CV-4787, ECF No. 96.
[3] Case No. 4:23-CV-4787, ECF No. 98.
[4] Case No. 4:23-CV-4787, ECF No. 97.

At the hearing, the Court questioned the parties regarding (1) whether the proposed settlements may be approved without impairing the United States Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief; (2) in the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, and the estates are wound down and closed, and at a final trial on the merits, Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates if so ordered and, if so, the anticipated procedures and associated costs; and (3) if the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed.

Accordingly, it is therefore:

**ORDERED**: that

1. Old Copper Company Inc. F/K/A J. C. Penney Company Inc. and Copper Sub Corporation, Inc. F/K/A J. C. Penney Corporation, Inc., As Wind Down Debtors In J. C. Penney Direct Marketing Services LLC, by and through its Plan Administrators; Patrick Bartels, as Trustee for the Strike Liquidating Trust; and Patrick Bartels, as Plan Agent for the Wind-Down Debtor In re Auto Plus Auto Sales LLC (collectively, the "*Estate Representatives*") must submit briefing addressing the Court's questions, as stated on the record, **no later than April 10, 2026,** which shall be limited to twenty (20) pages.

2. The United States Trustee must file a reply brief **no later than April 17, 2026,** which must be limited to twenty (20) pages.

3. Any sur-reply brief must be filed **no later than April 24, 2026,** and must be limited to seven (7) pages.

4. Jackson Walker LLP is not required to but is invited to file briefing as well.

5. The briefing shall specifically address the following issues:

   a. Whether the proposed settlements may be approved without impairing the United States Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief;

b. In the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, the estates are wound down and closed, and Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates and, if so, the anticipated procedures and associated costs; and

c. If the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed.

6. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED March 18, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**