United States District Court
Southern District of Texas

**ENTERED**

March 19, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 4:23-CV-4787 |
| Professional Fee Matters Concerning the | § | |
| Jackson Walker Law Firm | § | |

## <u>ORDER</u>

In her January 5, 2026, Order,[1] the Honorable Chief District Judge Alia Moses tasked this court with issuing a report and recommendation as to (I) whether ten pending Settlement Motions should be approved before adjudicating the merits of the United States Trustee's Vacatur Motions; or, (II) whether an alternative to approval exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions. On March 18, 2026, the Court held a hearing on the following Settlement Motions:

1. **20-35740 & 21-30427 – Seadrill**: "Motion for Order Approving Compromise and Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019" filed on July 25, 2025, by Seadrill Partners, LLC reorganized debtors and the Seadrill Limited Reorganized Debtors.[2]

2. **21-30936 – Brilliant Energy, LLC**: "Motion For Order Approving Compromise And Settlement Pursuant To Bankruptcy Rule 9019" filed on May 13, 2025, by Randy W. Williams, Chapter 7 trustee for Brilliant Energy, LLC.[3]

3. **20-32564 – Stage Stores, Inc**: "Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on November 10, 2025 by Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc.[4]

4. **22-90018 – Sungard AS New Holdings, LLC**: "Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on July 29, 2025, by

---

[1] Case No. 4:23-CV-4787, ECF No. 140, at 1.
[2] Case No. 4:23-CV-4787, ECF No. 90.
[3] Case No. 4:23-CV-4787, ECF No. 57.
[4] Case No. 4:23-CV-4787, ECF No. 108.

Sungard AS New Holdings, LLC, the wind-down debtor, by and through Drivetrain LLC, the Plan Administrator.[5]

At the hearing, the Court questioned the parties regarding (1) whether the proposed settlements may be approved without impairing the United States Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief; (2) in the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, and the estates are wound down and closed, and at a final trial on the merits, Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates if so ordered and, if so, the anticipated procedures and associated costs; and (3) if the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed. Additionally, counsel for Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc., noted the potential sale or assignment of any residual claims for disgorgement or additional sanctions to a third party as a means to facilitate an expeditious wind-down of the estates.

Accordingly, it is therefore:

**ORDERED**: that

1. Steven Balasiano, solely in his capacity as Plan Administrator for each of the wind-down debtors in the jointly administered cases of Stage Stores, Inc, and Sungard AS New Holdings, LLC, the wind-down debtor, by and through Drivetrain LLC, the Plan Administrator must submit briefing addressing the Court's questions, as stated on the record, no later than April 10, 2026, which shall be limited to twenty (20) pages.

---

[5] Case No. 4:23-CV-4787, ECF No. 91.

2.  The United States Trustee must file a reply brief no later than April 17, 2026, which must be limited to twenty (20) pages.

3.  Jackson Walker LLP is not required to but is invited to file briefing as well.

4.  The briefing shall specifically address the following issues:

    a.  Whether the proposed settlements may be approved without impairing the United States Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief;

    b.  In the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, the estates are wound down and closed, and Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates and, if so, the anticipated procedures and associated costs;

    c.  If the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed; and

    d.  The legal and practical feasibility of monetizing any residual claims for disgorgement or additional sanctions, including proposed procedures for the sale, assignment, or other transfer of such claims to a third party, and how such a transaction would be structured to maximize value for the estates.

5.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order

**SIGNED March 19, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**