United States District Court
Southern District of Texas

**ENTERED**
March 20, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:                                      §
                                            §       CASE NO: 4:23-CV-4787
Professional Fee Matters Concerning the     §
Jackson Walker Law Firm                     §

## ORDER

In her January 5, 2026, Order,[1] the Honorable Chief District Judge Alia Moses tasked this court with issuing a report and recommendation as to (I) whether ten pending Settlement Motions should be approved before adjudicating the merits of the United States Trustee's Vacatur Motions; or, (II) whether an alternative to approval exists that would best serve the interests of the affected parties while preserving the merits of the Vacatur Motions. On March 19, 2026, the Court held a hearing on the following Settlement Motions:

1. **22-50009 – 4E Brands Northamerica, LLC**: "Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on April 7, 2025 by David Dunn, Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC.[2]

2. **21-90002 – Basic Energy Liquidation Trust**: "Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019" filed on April 4, 2025 by David Dunn, Liquidation Trustee for the Basic Energy Liquidation Trust.[3]

At the hearing, the Court questioned the parties regarding (1) in the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, and the estates are wound down and closed, and at a final trial on the merits, Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates if so ordered and, if so, the anticipated procedures and associated costs; and (2) if the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed.

---

[1] Case No. 4:23-CV-4787, ECF No. 140, at 1.
[2] Bankr. 22-50009, ECF No. 715.
[3] Bankr. 21-90002, ECF No. 1884.

Accordingly, it is therefore:

**ORDERED**: that

1. David Dunn, Plan Agent and sole manager, sole director, sole officer and sole representative of 4E Brands Northamerica LLC, and , Liquidation Trustee for the Basic Energy Liquidation Trust, must submit briefing addressing the Court's questions, as stated on the record, no later than April 10, 2026, which shall be limited to twenty (20) pages.

2. The United States Trustee must file a reply brief no later than April 17, 2026, which must be limited to twenty (20) pages.

3. Jackson Walker LLP is not required to but is invited to file briefing as well.

4. The briefing shall specifically address the following issues:

    a. In the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, the estates are wound down and closed, and Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates and, if so, the anticipated procedures and associated costs; and

    b. If the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED March 20, 2026**

_____

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**