**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Professional Fee Matters Concerning** | § | **Case No. 4:23-04787** |
| **The Jackson Walker Law Firm** | § | |
| | § | |
| | § | |

**POST-HEARING BRIEF OF DAVID DUNN, LIQUIDATION TRUSTEE OF THE
BASIC ENERGY LIQUIDATION TRUST, ADDRESSING THE ISSUES SET FORTH IN
THE ORDER ENTERED MARCH 20, 2026**
**[Related to Docket No. 266]**

NOW COMES, David Dunn (the "Trustee"), Liquidation Trustee of the Basic Energy

Liquidation Trust, and files this Brief Addressing the Issues Set Forth in the Order Entered by the

Court on March 20, 2026.

**INTRODUCTION AND BACKGROUND**

1.     On March 19, 2026, the Court held a hearing (the "Hearing") on the Liquidation

Trustee's *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule

9019* [ECF No. 1884 in Case No. 21-90002] (the "Settlement Motion") whereby the Trustee sought

approval of his compromise and settlement with Jackson Walker LLP ("JW") for the settlement of

the Basic Energy Debtors' and their bankruptcy estates' claims and causes of action against JW

related to the undisclosed romantic relationship between former Bankruptcy Judge David R. Jones

and former JW partner Elizabeth Freeman.

2.     Initially, the United States Trustee ("UST") filed an objection to the Settlement

Motion.  The UST's objection was resolved by the stipulation filed at ECF No. 255, whereby the

UST and JW stipulated as follows:

    a.   Jackson Walker contends that the Vacatur Motions assert estate claims. The U.S.
         Trustee contends that the Vacatur Motions seek independent and distinct relief from
         claims the estates may hold.

b.  The Parties acknowledge and agree that the Settlement Agreements do not address or adjudicate the issues in the preceding paragraph.

c.  The Parties recognize that the Settlement Agreements do not limit, restrict, or affect any court's duties or authority to adjudicate the Vacatur Motions. If the court orders monetary relief in the Vacatur Motions in any of the settling cases over Jackson Walker's pending objections to the U.S. Trustee's standing or Jackson Walker's other pending objections, the post-confirmation entities and/or the chapter 7 estate of Brilliant Energy, LLC, as applicable, will not be precluded from accepting payment of funds from Jackson Walker.

d.  Jackson Walker may seek to introduce into evidence any Settlement Agreement at a trial on the Vacatur Motions, and the U.S. Trustee has the right to oppose such offer into evidence.

e.  Nothing obligates nor precludes a court from considering the Settlement Agreement in adjudicating any relief sought by the U.S. Trustee in its Vacatur Motions, and both Jackson Walker's and the U.S. Trustee's rights are preserved in all respects.

f.  The stipulations made resolve the U.S. Trustee's objections to the Settlement Agreements entered into between Jackson Walker and the Settling Parties.

3.  At the hearing, the Court questioned the parties whether the Trustee, in the event the settlement was approved and funded, the Basic Energy Bankruptcy Cases were wound down and closed, and JW is subject to additional sanctions or disgorgement, may reopen the Basic Energy Bankruptcy Cases to allow for the distribution of additional funds to the Basic Energy Liquidation Trust. Following the hearing, the Court entered the Order [ECF No. 266] which ordered the Liquidation Trustee to brief the following two issues:

a.  Issue No. 1: In the event the Settlements are approved and funds pursuant to the Settlements are paid to the estates, the estates are wound down and closed, and Jackson Walker LLP is subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates and, if so, the anticipated procedures and associated costs; and

b.  Issue No. 2: If the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed.

2

**BRIEFING AND SUPPORT**

A.  **Issue No. 1**

4.      Under the Amended Combined Disclosure Statement and Joint Plan of Liquidation of Basic Energy Services, Inc. and its Affiliated Debtors Pursuant to Chapter 11 of the Bankruptcy Code [ECF No. 1436 of Case No. 21-90002] (the "<u>Confirmed Plan</u>"), the Liquidation Trustee can accept additional sanctions or disgorgement for distributions to Holders of Allowed Claims whether the Basic Energy Bankruptcy Case remains open, is closed or is reopened.

5.      Under the Confirmed Plan, the Basic Energy Liquidation Trust was established on the Effective Date of the Confirmed Plan "for the purpose of liquidating the Liquidation Trust Assets, resolving all Disputed Claims, making all Distributions to Holders of Allowed Claims in accordance with the terms of this Plan and otherwise implementing this Plan." *See* Article V(C)(1) of the Confirmed Plan.  The Liquidation Trust Assets include all Assets of the Debtors, including all Causes of Action of the Debtors. *See* Articles I(a)(81) & (124) of the Confirmed Plan.

6.      David Dunn was appointed as the Liquidation Trustee, who administers the Basic Energy Liquidation Trust with a three-member Trust Oversight Committee that oversees the administration.  *See* Article V(C)(2) of the Confirmed Plan.

7.      The Liquidation Trust Agreement provides that the Basic Energy Liquidation Trust must be dissolved no later than five (5) years from the Effective Date of the Confirmed Plan unless the Bankruptcy Court, upon motion made by a party in interest, extends the term for a period not to exceed three (3) additional years.  *See* Liquidation Trust Agreement at ECF No. 1423 at Pg. 29 of 177.

3

8.      The Confirmed Plan became effective on August 26, 2022.  As such, the current term of the Basic Energy Liquidation Trust extends until August 26, 2027 and the Bankruptcy Court may extend this term for an additional three years to August 26, 2030.

9.      Under the Bankruptcy Code, "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a). Bankruptcy Rule 3022 states, "[a]fter the estate is fully administered in a Chapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  Fed. R. Bankr. P. 3022. The Advisory Committee's Notes provide the following factors should be considered in determining whether an estate has been fully administered: "(1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether the payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved."

10.      At the hearing, the Liquidation Trustee provided testimony about the remaining assets and priority tax reconciliation matters that still need to be completed before the Basic Energy Liquidation Trust will move to close the Basic Energy Bankruptcy Cases. *See* Transcript of Evidentiary Hearing on March 19, 2026 at Pg. 81, ln. 19 – Pg. 84, ln. 1.  As such, the Liquidation Trustee does not anticipate closing the Basic Energy Bankruptcy Cases in the near term. Under the circumstances, it is questionable whether the Basic Energy Bankruptcy Cases could be considered "fully administered" when the Vacatur Motion concerning Basic Energy is still pending and contested and, if the Basic Energy Bankruptcy Cases are not "fully administered", neither the

4

Liquidation Trustee nor any party in interest could meet the requirements of 11 U.S.C. § 350(a) and Bankruptcy Rule 3022 to close the Basic Energy Bankruptcy Case.

11.    In the event the Basic Energy Bankruptcy Cases are closed[1], the Stipulation at ECF No. 255 permits the Liquidation Trustee to receive monetary relief awarded by a court's orders on the Vacatur Motions. Further, nothing in the Confirmed Plan prevents the Basic Energy Liquidation Trust from either accepting or distributing additional funds from JW to Holders of Allowed Claims. Further, in the unlikely event that the Liquidation Trustee, court, or a party in interest moves to close the Basic Energy Bankruptcy Cases, the Liquidation Trustee will request provisions be included in the final decree that preserves the Liquidation Trustee's rights to receive additional funds from JW to distribute to Holders of Allowed Claims. *See Vanguard Operating, LLC v. Sublette Ct. Treasurer (In re Vanguard Nat. Res., LLC)*, 2020 Bankr. LEXIS 83, *58 – 66 (Bankr. S.D. Tex. January 14, 2020) (J. Isgur).

12.    The costs and expenses related to an additional distribution and preparing and filing the certificate are estimated to be between less than $8,000.  In the event the Liquidation Trustee was required to reopen the Basic Energy Bankruptcy Cases for the Basic Energy Liquidation Trust to receive and make the distribution, the Liquidation Trustee would file and have heard a Motion to Reopen the Basic Energy Bankruptcy Cases and then move for a final decree to close the Basic Energy Bankruptcy Cases and estimates the additional costs and expenses to be between $7,500.00 - $15,000.00.

**B.  Issue No. 2**

---

[1] Due to the pending Vacatur Motion and the Liquidation Trustee's other pending litigation, the Liquidation Trustee does not intend to request the Basic Energy Bankruptcy Cases to be closed until, at least, the Vacatur Motion is settled and/or litigated to final order and the other pending litigation is settled and/or litigated to final judgment.

13.     As discussed above, nothing in the Confirmed Plan requires the Basic Energy Bankruptcy Cases to remain open for the Basic Energy Liquidation Trust to receive and distribute additional funds from JW.  As represented by the Liquidation Trustee, the Liquidation Trustee has no plans to move to close the Basic Energy Bankruptcy Cases in the near term and the Basic Energy Liquidation Trust can receive any additional funds from JW to distribute in accordance with the Confirmed Plan.  The additional funds could be paid directly to the Basic Energy Liquidation Trust who would in turn make distributions to Holders of Allowed Claims pursuant to the Confirmed Plan.

DATED:  April 10, 2026                          Respectfully submitted,

                                                **BONDS ELLIS EPPICH SCHAFER JONES LLP**

                                                */s/ Aaron M. Guerrero*
                                                Ken Green (Texas State Bar No. 24036677)
                                                Aaron Guerrero (Texas State Bar No. 24050698)
                                                Bryan Prentice (Texas State Bar No. 24099787)
                                                402 Heights Boulevard
                                                Houston, Texas 77007
                                                (713) 335-4990 telephone
                                                (832) 740-1411 facsimile
                                                ken.green@bondsellis.com
                                                aaron.guerrero@bondsellis.com
                                                bryan.prentice@bondsellis.com

                                                **COUNSEL FOR DAVID DUNN,**
                                                **LIQUIDATION TRUSTEE**

**CERTIFICATE OF SERVICE**

        I hereby certify that on April 10, 2026 a true and correct copy of the foregoing and exhibits listed above were served via the Court's CM/ECF notification system upon all parties registered to receive such electronic notices in this case.

                                                */s/ Aaron M. Guerrero*
                                                Aaron M. Guerrero