**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Professional Fee Matters Concerning** | § | **Case No. 4:23-cv-04787-AM** |
| **The Jackson Walker Law Firm** | § | |

**UNITED STATES TRUSTEE'S POST-HEARING REPLY BRIEF**

(Relates to ECF Nos. 248, 254, and 266)

Kevin M. Epstein, the United States Trustee for the Southern District of Texas (the

"**U.S. Trustee**"), files this *Post-Hearing Reply Brief* pursuant to the orders entered at ECF Nos.

248, 254, and 266 (the "**Orders**") and in support states:

**BACKGROUND**

1.    On January 5, 2026, the District Court referred two issues to the Bankruptcy Court

"for an evidentiary hearing and a report and further recommendations":

> I.   Whether the Settlement Motions should be approved before adjudicating the
>      merits of the U.S. Trustee's Vacatur Motions; or
>
> II.  Whether an alternative to approval exists that would best serve the interests of
>      the affected parties while preserving the merits of the Vacatur Motions.

[ECF No. 140 at 1.] Between March 17, 2026, and March 19, 2026, the Bankruptcy Court

conducted separate evidentiary hearings on the Settlement Motions.[1]

2.    The Orders require post-trial briefing for seven Settlement Motions on up to four

of the following issues:[2]

---

[1]    As defined by ECF No. 140 at 1 n.1 (incorporating by reference ECF No. 109 at 1).

[2]    *Issue 1:* Whether the proposed settlements may be approved without impairing the United
States Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur
or additional relief;

*Issue 2:* In the event the Settlements are approved and funds pursuant to the Settlements
are paid to the estates, the estates are wound down and closed, and Jackson Walker LLP is

1

| Hearing day | Movant | Issues to brief |
|---|---|---|
| March 17, 2026 (Day 1) | Old Copper Co., Inc. | 1-3 |
| | Strike Liquidating Trust | |
| | Auto Plus Sales, LLC | |
| March 18, 2026 (Day 2) | Stage Stores, Inc. | 1-4 |
| | Sungard AS New Holdings, LLC | |
| March 19, 2026 (Day 3) | 4E Brands Northamerica, LLC | 2-3 |
| | Basic Energy Liquidation Trust | |

[ECF Nos. 248, 254, 266.]

3.      The Orders further require the U.S. Trustee to file a reply.[3] [*See id.*]

4.      The movants' briefs all represent that if Jackson Walker is subject to "additional sanctions or disgorgement," such funds could be administered. [*See* ECF Nos. 275-281.]

**U.S. TRUSTEE'S REPLY**

Issue 1: Potential impairment of the U.S. Trustee or Court

5.      All movants ordered to brief the first issue assert that their settlements will not impair the U.S. Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief. [*See* ECF Nos. 277-281.]

---

subject to additional sanctions or disgorgement, whether the estates (or any trusts established thereunder) may be reopened to allow for the distribution of additional funds to the estates and, if so, the anticipated procedures and associated costs;

*Issue 3:* If the estates or trusts cannot be reopened to allow receipt of additional funds, if so ordered, the position and recommendation of the Estate Representatives to the disposition of funds upon wind-down and closure, including where such funds would be distributed; and

*Issue 4:* The legal and practical feasibility of monetizing any residual claims for disgorgement or additional sanctions, including proposed procedures for the sale, assignment, or other transfer of such claims to a third party, and how such a transaction would be structured to maximize value for the estates.

[3]      Statements in certain briefs are not responsive to issues posed in the Orders.  The U.S. Trustee's non-response to such statements should not be considered agreement with them.

6.      The U.S. Trustee agrees, and the *Joint Stipulation* [ECF No. 255] provides, that the settlements do not impair the U.S. Trustee's pending Vacatur Motions or the Court's inherent authority to order vacatur or additional relief.

Issue 2: Whether estates or trusts may be reopened, the procedure, and any associated expense

7.      All the cases at issue are currently open. Each movant represents that if closed, its case could be reopened.[4] Reopening, if necessary, could be sought with a motion to reopen.  11 U.S.C. § 350; Fed. R. Bankr. P. 5010.

8.      The U.S. Trustee does not have sufficient information to respond to potential reopening cost estimates should the reopening of a case be necessary.

9.      The Strike Liquidation Trustee represented that the Strike Liquidation Trust does not contain a provision allowing it to extend past June 9, 2029. [ECF No. 277 at 8, ¶ 30.]

Issue 3: Disposition of additional funds if unable to reopen

10.     Even if the Strike Liquidation Trust terminates, its Trustee outlined at least three possible alternatives to "achieve the goal of allowing for distribution of additional funds to the estates if so ordered." [*Id*. at 8, ¶ 30.]

11.     Accordingly, none of the cases present circumstances where, if the Court orders Jackson Walker to pay additional money beyond any settlement amount, the payment of that additional money cannot flow to intended recipients.[5]

---

[4]     [*See* ECF No. 277 at 7-8, ¶ 29, ECF No. 278 at 8, ¶¶ 29-30, ECF No. 280 at 4, ECF No. 281 at 2-3 (all citing 11 U.S.C. § 350(b)); ECF No. 275 at 4-5, ¶ 10, ECF No. 276 at  6, ¶ 11 (both representing inability to meet closing requirements of 11 U.S.C. § 350(a)); ECF No. 279 at 3, ¶ 3.]

[5]     Certain entities raised the possibility of making charitable donations—seemingly analogous to *cy pres* authority for the modification of charitable trust distributions consistent with the settlor's intentions—and at least one represented that it would do so in consultation with the U.S. Trustee. Although the consultation was likely intended as a courtesy, the U.S. Trustee has no statutory authority over the governance of post-confirmation entities, but even if he did, it would be inappropriate for him to influence post-confirmation trust administration.

Issue 4: Proposed monetization of additional funds

12.    The two movants ordered to brief this issue, the Plan Administrators for the Stage Stores wind-down debtors and the Sungard AS New Holdings, LLC wind-down debtors, stated that they do not intend to monetize any additional money ordered to be paid by the District Court by sale, assignment, or other transfer. [*See* ECF No. 279 at 5, ¶ 7; ECF No. 280 at 5, pt. d.]

13.    The U.S. Trustee has insufficient information to respond to the feasibility of monetizing any residual money ordered paid by Jackson Walker beyond settlement amounts.[6]

WHEREFORE, the U.S. Trustee respectfully replies to the briefs filed as ECF No. 275 through ECF No. 281.

Date: April 17, 2026

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE, REGION 7


By: */s/ W. Joel Charboneau*
    Millie Aponte Sall, Assistant U.S. Trustee
    Tex. Bar No. 01278050/Fed. ID No. 11271
    Laura D. Steele, Trial Attorney
    Wis. Bar No. 1065702/Fed. ID No. 3878215
    William J. Charboneau, Trial Attorney
    VA Bar No. 68025/Fed. ID No. 3885907
    515 Rusk Street, Suite 3516
    Houston, Texas 77002
    (713) 718-4650 – Telephone
    (713) 718-4670 – Fax
    Email: millie.sall@usdoj.gov
           laura.steele@usdoj.gov
           joel.charboneau@usdoj.gov

---

[6]    For example, the Stage Stores wind-down debtors' Plan Administrator does not indicate what market research or information forms the basis for the assertion that "the cost of effectuating a sale would likely outweigh any benefit to the creditors." [ECF No. 279 at ¶ 7.]

4

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 17, 2026, I caused the *United States Trustee's Post-Hearing Reply Brief* to be electronically filed in the United States District Court for the Southern District of Texas which should have caused electronic notifications of filing to be sent to all registered users of the CM/ECF system that have appeared in this proceeding.

*/s/ W. Joel Charboneau*
William J. Charboneau, Trial Attorney