United States District Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 4:23-CV-4787** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

**ORDER**
**FOR NON-EVIDENTIARY SCHEDULING CONFERENCE**

Jackson Walker LLP ("*Jackson Walker*"), in its responses to the United States Trustee's ("*U.S. Trustee*") Vacatur Motions, ECF No. 286 at 24, nn. 31, 32, and objections to final fee applications, Bankr. 22-90032, *In re GWG Holdings, Inc*. ECF Nos. 2415, 2460; Bankr. 22-90035, *In re HONX, Inc.* ECF Nos. 1379, 1420, 1456, has stated that the U.S. Trustee lacks standing to assert estate claims and causes of action ("*Standing Arguments*"). *See e.g.*, Bankr. 20-30336, ECF No. 1159 at 47–52. In its Standing Argument, Jackson Walker contends that the U.S. Trustee not only lacks standing to pursue estate-owned claims, but also that the relief sought in the Vacatur Motions and objections to final fee applications, including disgorgement, is in fact an estate-owned claim. *See e.g.*, Bankr. 22-90129, ECF No. 150 at 12; ECF No. 255, ¶ 1.

Other parties have filed joinders to the Vacatur Motions or filed notices asserting standing to be heard in connection with the Vacatur Motions and related relief (the "*Parties in Interest*"). *See* Bankr. 19-34508, *Sanchez Energy Corporation* ECF Nos. 2960, 2961; Bankr. 20-20184, *J. C. Penney Direct Marketing Services LLC* ECF Nos. 1353, 1644; Bankr. 20-32564, *Stage Stores, Inc.* ECF No. 1253, 1280; Bankr. 20-34758, *Tug Robert J. Bouchard, Corporation* ECF No. 401, 414; Bankr. 20-35740, *Seadrill Partners LLC* ECF No. 857; Bankr. 21-30936, *Brilliant Energy, LLC* ECF No. 285; Bankr. 21-90054, *Strike LLC* ECF No. 1528; Bankr. 22-50009, *4E Brands Northamerica, LLC* ECF Nos. 601, 602, 607; Bankr. 22-90018, *Sungard AS New Holdings, LLC* ECF Nos. 1053,

1075; Bankr. 18-30155, *Exco Resources, Inc.* ECF No. 2383.

At the Non-Evidentiary Electronic Scheduling Conference, the Court intends to schedule an in person evidentiary hearing on Jackson Walker's Standing Arguments. Additionally, the Court intends to schedule a trial on the merits of the U.S. Trustee's Vacatur Motions and objections to final fee applications. Accordingly, it is therefore:

**ORDERED**: that

1. On **Tuesday, August 4, 2026 at 1:30 p.m. (CT),** a non-evidentiary scheduling conference will be conducted before the United States Bankruptcy Court, Bob Casey Federal Building, Courtroom No. 401, 515 Rusk Ave., Houston, Texas 77002.

2. Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties, **other than primary counsel for Jackson Walker and the United States Trustee,** may either appear electronically or in person unless otherwise ordered by this Court.

3. To participate electronically, parties must follow the instructions set forth on Chief Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Chief Judge Rodriguez at **832-917-1510,** conference room number 999276 **and** (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez. **Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.**

4. At this Scheduling Conference, the U.S. Trustee, Jackson Walker and Parties in Interest  must be prepared to discuss **(i)** the scheduling of an in-person evidentiary hearing regarding Jackson Walker's Standing Arguments in connection with the U.S. Trustee's Vacatur Motions and objections to final fee applications and **(ii)** the scheduling of an in-person trial on the merits of the U.S. Trustee's Vacatur Motions and objections to final fee applications.

5. Attendance by the U.S. Trustee, Jackson Walker and Parties in Interest is mandatory by an attorney who has authority to bind the party.

**FOR THE EVIDENTIARY HEARING
ON JACKSON WALKER'S STANDING ARGUMENTS**

6. **Witness & Exhibit Lists:** No later than **Tuesday, July 28, 2026,** Witness and Exhibit Lists must be exchanged and filed with the Clerk of Court.

    a. Copies of the exhibits must be attached to the Witness & Exhibit List and filed in compliance with General Order 2021-5 and filed with the Clerk of Court.

    b. Parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez

    c. Pursuant to Federal Rule of Evidence 107(c), any illustrative aid must be entered into the record.

7. **Briefing:** No later than **Tuesday, July 21, 2026** Jackson Walker and The United States Trustee must **(i)** specifically identify any briefing on Standing that has been filed in any of the Affected Bankruptcy Cases and identify the Bankruptcy Case Number and ECF No. where such briefing may be located; and (ii) file any supplemental briefing on Standing in the instant Civil Case No. 4:23-cv-4787.

8. **Joint Pre-Trial Order:** No later than **Friday, July 31, 2026,** the U.S. Trustee, Jackson Walker and Parties in Interest must meet and confer and jointly prepare and file a proposed form of pretrial order. The proposed form of order must be signed by counsel for all parties and must, at a minimum, provide the following:

    a. Stipulation of exhibits to be admitted without objection;
    b. Designation of witnesses to be presented by deposition;
    c. A list of depositions to be used at the hearing for purposes other than potential impeachment with identification of specific pages and lines proposed to be published to the trier of facts;
    d. Proposed Agenda that can be located on this Court's webpage at https://www.txs.uscourts.gov/sites/txs/files/Status_Conference_Agenda.docx.
    e. Certificate of conference along with signatures of all lead counsel.

9. **Attendance:** Any member of the public, including media, are permitted to attend in person or electronically and observe this proceeding pursuant to Bankruptcy Local Rule 9017-1(a)(6) but those in attendance either in person or electronically will be bound by this Order. Bankruptcy Local Rule 90174-1(a)(6) ("The Court may allow remote participation for individual hearings or trials. In hearings and trials for which the Court authorizes remote participation, the Court's audio and video connections may be utilized only by . . . (6) other persons as specifically authorized by the Court.").

10. **Audio and Video Recording is Strictly Prohibited:** Pursuant to District Local Rule 83.7, made applicable to this proceeding by Bankruptcy Local Rule 1001-1(b), no photo-or electro-mechanical means of recordation or transmission of court proceedings is permitted. Failure to adhere to this rule may result in additional orders of this Court including an order to show cause, potential sanctions, and a referral to the United States District Court's Chief Judge to consider criminal contempt pursuant to 18 U.S.C. §§ 401; 402.

11. **Service:** No later than **Wednesday, July 15, 2026**, Jackson Walker must serve the U.S. Trustee and all parties in interest with a copy of this Order and to file a certificate of service with the Clerk of Court.

12. Changes to this Scheduling Order may only be made by further order of the Court. A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond the control of the lawyers and/or Parties and only in very limited circumstances.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

      **SIGNED July 14, 2026**

                                    **Eduardo V. Rodriguez**
                              **Chief United States Bankruptcy Judge**