United States District Court
Southern District of Texas

**ENTERED**

July 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| US TRUSTEE, | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-04787 |
| | § | |
| JACKSON WALKER L.L.P., *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER
DENYING  EMERGENCY MOTION**
*Resolving ECF No. 289*

Before the Court is the Joint Emergency Motion of Jackson Walker LLP and the United States Trustee for Entry of an Order Extending Deadlines, ECF. No. 289, (the "*Emergency Motion*"), filed on July 17, 2026. Jackson Walker, LLP ("*Jackson Walker*") and the United States Trustee (collectively, the "*Movants*") seek a sixty-day extension of the deadlines set forth in the Court's July 14, 2026 Order for Non-Evidentiary Scheduling Conference, ECF. No. 287, to permit continued settlement discussions regarding the United States Trustee's ("*U.S. Trustee*") Vacatur Motions. Having considered the Motion, the relevant pleadings, and the status of this case, the Court DENIES the Motion for the reasons set forth *infra.*

The Movants represent that they have engaged in ongoing settlement discussions following the Court's March 17-19, 2026 settlement hearings, including an in-person two-day meeting in San Antonio on June 29-30, 2026, and subsequent weekly video conferences. ECF No. 289, ¶ 3. The Movants indicate that material progress has been made and express hope that, with additional time, they may reach a complete resolution that would avoid the need to litigate the merits of the U.S. Trustee's Vacatur Motions and related Standing Motions. ECF No. 289, ¶ 4. The Movants assert

that good cause exists for the requested extension based on their active, ongoing settlement discussions and contend that no party in interest will be prejudiced by the extension. ECF No. 289, ¶ 5. The Movants further represent that as of the filing of the Motion, no party in interest has opposed the relief requested. ECF No. 289, ¶ 4, at n.2.

The Court has broad discretion to manage its docket and control the pace of litigation. Federal Rule of Civil Procedure 16 ("*Rule*") authorizes the Court to enter scheduling orders and modify them "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Similarly, Rule 6(b)(1) permits the Court to extend time for good cause when a party acts before the original deadline expires.

However, the Court's discretion to grant extensions must be balanced against the interest in judicial efficiency and the timely resolution of disputes. The possibility of settlement, standing alone, does not constitute good cause to delay the progress of litigation indefinitely, particularly where a matter has been pending for an extended period. *Buckley v. Moore*, No. 21-2072, 2022 U.S. Dist. LEXIS 194677, at *2 (E.D. La. Oct. 24, 2022); *Rivera v. County of Willacy*, No. B-06-189, 2007 U.S. Dist. LEXIS 41401, at *3 (S.D. Tex. June 6, 2007); *Lewis v. Am. Bankers Life Ins. Co.*, No. B-05-282, 2007 U.S. Dist. LEXIS 106, at *3 (S.D. Tex. Jan. 3, 2007). When parties seek to delay litigation or obtain extensions solely to focus on settlement discussions or minimize legal costs during negotiations, Fifth Circuit courts reject these as insufficient explanations. *Rivera*, 2007 U.S. Dist. LEXIS 41401, at *3; *Lewis*, 2007 U.S. Dist. LEXIS 106, at *3; *McLeod v. Black Jack Servs.*, No. 5:16-cv-87-DCB-MTP, 2017 U.S. Dist. LEXIS 180473, at *2 (S.D. Miss. Oct. 31, 2017). Speculative settlement negotiations do not provide the procedural certainty required to disrupt court deadlines. *Lewis*, 2007 U.S. Dist. LEXIS 106, at *4. For example, in resolving motions to extend scheduling orders, district courts have ruled that the "mere possibility of

settlement" is not good cause, particularly when the moving parties fail to explain how their ongoing discussions actively prevent them from meeting the court's deadlines. *Buckley v. Moore*, 2022 U.S. Dist. LEXIS 194677, at *2–3; *Rivera*, 2007 U.S. Dist. LEXIS 41401, at *3. Furthermore, stipulations or agreements between parties to extend deadlines for settlement purposes do not bind the court, as allowing amendments on this basis would render the good cause standard useless. *Rivera*, 2007 U.S. Dist. LEXIS 41401, at *3.

While an extension may be granted when the parties have actually finalized a settlement and require time to draft and file the necessary closing documents, ongoing and uncertain negotiations do not satisfy this standard. *Lewis*, 2007 U.S. Dist. LEXIS 106, at *4. And while the Court appreciates the Movants' efforts to reach a negotiated resolution and recognizes the potential benefits of a global settlement, the Court finds that the circumstances presented do not warrant further delay of the deadlines established in the July 14, 2026 Order.

First, this matter has been pending since December 2023—a period of approximately thirty-one months. The parties have had ample opportunity to conduct discovery, engage in settlement discussions, and prepare their respective positions. The Court conducted settlement hearings in March 2026, which resulted in the resolution of certain bankruptcy estates through a Joint Stipulation. ECF No. 255. However, the U.S. Trustee's Vacatur Motions, ECF No. 286, at 24, nn.31–32, and objections to final fee applications, Bankr. 22-90032, *In re GWG Holdings, Inc.*, ECF Nos. 2415, 2460; Bankr. 22-90035, *In re HONX, Inc.*, ECF Nos. 1379, 1420, 1456, must now proceed to resolution.

Second, the interests of judicial economy and the efficient administration of justice require that this matter move forward to trial. Continued extensions based on the possibility of settlement risk indefinite postponement of the resolution of significant issues affecting multiple parties and

estates. The Court acknowledges that settlement discussions may continue even as the case proceeds on the litigation track, but further delay of court-ordered deadlines is not justified.

Third, the Motion references concerns about litigating "related issues like the Standing Motions." ECF No. 289, ¶ 4. The Court notes that Jackson Walker, in its responses to the U.S. Trustee's Vacatur Motions, ECF No. 286, at 24, nn.31–32, and objections to final fee applications, Bankr. 22-90032, *In re GWG Holdings, Inc.*, ECF Nos. 2415, 2460; Bankr. 22-90035, *In re HONX, Inc.*, ECF Nos. 1379, 1420, 1456, has stated that the U.S. Trustee lacks standing to assert estate claims and causes of action ("*Standing Arguments*"). *See e.g.*, Bankr. 20-30336, ECF No. 1159, at 47–52. In its Standing Argument, Jackson Walker contends that the U.S. Trustee not only lacks standing to pursue estate-owned claims, but also that the relief sought in the Vacatur Motions and objections to final fee applications, including disgorgement, is in fact an estate-owned claim. *See e.g.*, Bankr. 22-90129, ECF No. 150, at 12. If Jackson Walker no longer wishes to prosecute its Standing Arguments, it may do so by filing an appropriate motion to do so. The existence of an issue that a party itself raised does not constitute good cause to extend deadlines for the entire case. *Robinson v. Sutton Nat'l Ins. Co.*, No. 23-3404, 2024 U.S. Dist. LEXIS 137085, at *5 (E.D. La. Aug. 1, 2024); *Likens v. S. Towing Co., LLC*, No. 23-2491, 2024 U.S. Dist. LEXIS 166025, at *3 (E.D. La. Sep. 6, 2024).

Finally, while the Movants represent that no party in interest has opposed the Motion as of its filing, the absence of opposition does not, by itself, establish good cause for an extension. *See Robinson*, 2024 U.S. Dist. LEXIS 137085, at *7. The Court must independently assess whether the requested relief serves the interests of justice and the efficient resolution of the case. *See id.* The Court is mindful of the value of settlement and encourages the parties to continue their discussions. However, such discussions can and should proceed simultaneously with trial

preparation. The parties are sophisticated litigants represented by experienced counsel and are fully capable of pursuing both tracks concurrently.

For the foregoing reasons, the Court concludes that the Movants have failed to demonstrate good cause for a sixty-day extension of the deadlines established in the Court's July 14, 2026 Order. ECF. No. 287. This matter has been pending since December 2023. After more than two and a half years of litigation, the Court is not persuaded that further delay is warranted. The interests of justice, the efficient administration of the Court's docket, and the parties' interest in the timely resolution of this matter all weigh in favor of proceeding as scheduled.

Accordingly, it is therefore

**ORDERED**: that

1. The Joint Emergency Motion of Jackson Walker LLP and the United States Trustee for Entry of an Order Extending Deadlines, ECF. No. 289, filed on July 17, 2026 is DENIED;

2. The deadlines set forth in the Court's July 14, 2026 Order for Non-Evidentiary Scheduling Conference, ECF No. 287, remain in full force and effect, and the parties must comply with all previously established deadlines.

3. Absent truly extraordinary circumstances, no further extensions of the current schedule will be granted.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Monday, July 20, 2026**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**