## Exhibit A

### SETTLEMENT TERM SHEET

This settlement term sheet (the "Term Sheet") sets forth the principal settlement terms between (a) Jackson Walker LLP ("JW") and (b) Kevin M. Epstein, the United States Trustee for Region 7 (the "U.S. Trustee," each a "Party" and collectively, the "Parties"), to resolve Litigation[1] in certain cases affected by the undisclosed relationship between Elizabeth Freeman and former Judge David R. Jones, JW's retention, and the professional fees and expenses incurred in those cases as identified on Schedule 1 hereto (the "Affected Cases").

This Term Sheet will be filed in Case No. 4:23-cv-04787, styled *In Re: Professional Fee Matters Concerning the Jackson Walker Law Firm* (the "District Court Miscellaneous Proceeding"), and contemplates that the Parties will document the specifics of the principal terms discussed below, together with such other terms and conditions as agreed among the Parties as part of a mutually acceptable consent order (the "Consent Order"), which Consent Order will be subject to Bankruptcy Court or District Court approval, as applicable.

WHEREAS, on November 2-3, 2023, the U.S. Trustee filed motions that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in certain of the Affected Cases where (a) former Judge Jones served as the presiding judge or court-appointed mediator, and (b) JW served as estate or committee-retained counsel (collectively, the "Vacatur Motions");

WHEREAS on December 9, 2023, Chief Bankruptcy Judge Eduardo V. Rodriguez initiated a Miscellaneous Proceeding, *In re: Professional Fee Matters Concerning the Jackson Walker Law Firm*, Misc. No. 23-00645 and has presided over pretrial, discovery and certain other matters related to the Vacatur Motions;

WHEREAS, contemporaneously with the filing of the Vacatur Motions, and on December 22, 2023, the U.S. Trustee filed motions to withdraw the reference and refer the Affected Cases to the United States District Court for the Southern District of Texas;

WHEREAS, on February 29, 2024, and March 29, 2024, the U.S. Trustee filed (a) amended Rule 60(b)(6) motions, (b) initial Rule 60(b)(6) motions and (c) objections to JW's then pending final fee applications in certain of the Affected Cases (the Vacatur Motions, the amended motions, the additional Rule 60(b)(6) motions and fee objections are referred to collectively as the "U.S. Trustee Filings");

WHEREAS, on May 22, 2024, JW filed its response in opposition to the U.S. Trustee Filings;

WHEREAS, on July 1, 2024, and August 12, 2024, respectively, the U.S. Trustee filed his reply in further support of the U.S. Trustee Filings and JW filed its sur-reply in further opposition to the U.S. Trustee Filings;

---

[1] Capitalized terms shall have the meanings ascribed herein.

WHEREAS, from May 15, 2024, through December 2024, the Parties engaged in discovery which included, among other things, over 40 depositions and the production of voluminous documents related to the U.S. Trustee Filings;

WHEREAS, on April 9, 2025, Chief District Court Judge Alia Moses entered a *Memorandum Opinion and Order* that, among other things, granted the U.S. Trustee's motion to withdraw the reference of the various pending U.S. Trustee Filings to the United States District Court for the Southern District of Texas, Houston Division (the U.S. Trustee Filings, and withdrawn matters are referred to collectively herein as the "Litigation");

WHEREAS, certain proceedings have since been referred back to the Bankruptcy Court for a report and recommendation to the District Court, and no new trial date has been set;

WHEREAS, JW acknowledges that it never disclosed in its employment applications or any supplemental disclosures any relationship between Ms. Freeman and former Judge Jones in the Affected Cases;

WHEREAS, based on the factual record, including that revealed during discovery, JW acknowledges, while not admitting fault, that it could have approached this matter differently;

WHEREAS, the Parties have agreed to resolve the Litigation,[2] and the core terms of that resolution are set forth in this Term Sheet.

## 1. Settlement Amount

JW agrees to pay $15 million (the "Settlement Amount") in the Affected Cases to fully resolve and settle the Litigation. Additional details regarding the Settlement Amount will be included in the Consent Order.

## 2. JW Compliance and Operational Changes

JW represents that it will comply with all applicable bankruptcy disclosure requirements and ethical obligations.

JW has agreed to implement certain changes to its conflicts screening and disclosure practices, as will be set forth more fully in the Consent Order, to the extent not already implemented.

## 3. Report of JW's Compliance and Operational Changes

JW will retain at its expense an independent third party to review JW's compliance with the obligations set forth in Section 2 (the "Independent Review").

The Independent Review shall confirm that the changes to JW's practices and processes have been implemented and are acting as intended. The results of the Independent Review shall be filed in a report in the District Court Miscellaneous Proceeding.

---

[2] The U.S. Trustee has no objection to JW engaging in discussions with other parties to resolve any claims they may allege against JW.

**4. Releases**

JW and the U.S. Trustee will release claims arising out of or relating to the Litigation. The U.S. Trustee's release applies to the rights and claims of the U.S. Trustee only.

The Agreement will also include the U.S. Trustee's usual and customary language concerning the preservation of all other rights by the United States, the right to share information with other agencies of the United States subject to any applicable confidentiality and protective orders, and other provisions pertinent to the scope of the release.

Additionally, if there has been a material omission of fact, that if contained on the record in the Litigation would have made a material difference to this settlement, and that would have established that a member of JW's management committee had knowledge (other than constructive or imputed) relating to the Jones/Freeman relationship, the U.S. Trustee may pursue further appropriate relief notwithstanding the releases herein, and JW reserves all rights to object to such relief.

**5. U.S. Trustee's Investigation**

Notwithstanding this Term Sheet or any Consent Order, the U.S. Trustee will file a document detailing the facts of his investigation in connection with the Litigation in the District Court Miscellaneous Proceeding.

**6. Other Terms**

This Term Sheet is only between the Parties and does not restrict or prejudice the rights or claims of any other person or entity.

This Term Sheet will be incorporated into a proposed Consent Order filed in, and subject to the approval of the District Court or Bankruptcy Court, as applicable. The motion to approve the Consent Order shall be noticed appropriately to parties in interest with an opportunity to object. If the Consent Order is approved, it shall be binding on the Parties.

## SCHEDULE 1

1. *In re EXCO Resources, Inc., et al.*, jointly administered under Lead Case No. 18-30155.

2. *In re Westmoreland Coal Company, et al.*, formerly jointly administered under Lead Case No. 18-35672; remaining open case styled *In re Westmoreland Coal Company Asset Corp., et al.*, Case No. 18-35689.

3. *In re Jones Energy, Inc., et al.*, jointly administered under Lead Case No. 19-32112.

4. *In re Sanchez Energy Corporation, et al.*, jointly administered under Lead Case No. 19-34508.

5. *In re McDermott International, Inc., et al.*, jointly administered under Lead Case No. 20-30336.

6. *In re Sheridan Holding Company I, LLC, et al.*, formerly jointly administered under Lead Case No.20-31884; remaining open case styled *In re Sheridan Production Partners I-A, L.P., et al.*, Case No. 20-31886.

7. *In re Whiting Petroleum Corporation, et al.*, jointly administered under Lead Case No. 20-32021.

8. *In re Neiman Marcus Group LTD LLC, et al.*, jointly administered under Lead Case No. 20-32519.

9. *In re Stage Stores, Inc., et al.*, jointly administered under Lead Case No. 20-32564.

10. *In re J.C. Penney Company, Inc., et al.*, formerly jointly administered under Lead Case No. 20-20182; remaining open case styled *In re J.C. Penney Marketing Services, LLC*, Case No. 20-20184.

11. *In re Seadrill Partners LLC, et al.*, formerly jointly administered under Lead Case No. 20-35740; remaining open case styled *In re Seadrill Operating GP, LLC*, Case No. 20-35760.

12. *In re Hornbeck Offshore Services, Inc.*, formerly jointly administered under Lead Case No. 20-32679; remaining open case styled *In re Energy Services Puerto Rico, LLC, et al.*, Case No. 20-32680.

13. *In re Chesapeake Energy Corporation, et al.*, formerly jointly administered under Lead Case No. 20-33233; remaining open case styled *In re Chesapeake Exploration, LLC*, Case No. 20-33239.

14. *In re Covia Holdings Corporation, et al.*, formerly jointly administered under Lead Case No. 20-33295; remaining open case styled *In re Covia Finance Company LLC, et al.*, Case No. 20-33302.

15. *In re Volusion, LLC*, Case No. 20-50082.

16. *In re Denbury Resources Inc., et al.*, formerly jointly administered under Lead Case No. 20-33801; remaining open case styled *In re Denbury Holdings, Inc., et al.*, Case No. 20-33812.

17. *In re Tailored Brands, Inc., et al.,* formerly jointly administered under Lead Case No. 20-33900; remaining open case styled *In re TMW Merchants LLC, et al.*, Case No. 20-33916.

18. *In re iQor Holdings Inc., et al.*, jointly administered under Lead Case No. 20-34500.

19. *In re Bouchard Transportation Co., Inc.*, formerly jointly administered under Lead Case No. 20-34682; remaining open case styled *In re Tug Robert J. Bouchard, Corporation, et al.*, Case No. 20-34758.

20. *In re Gulfport Energy Corporation, et al.*, formerly jointly administered under Lead Case No. 20-35562; remaining open case styled *In re Mule Sky LLC, et al.*, Case No. 20-35561.

21. *In re Katerra, Inc., et al.*, jointly administered under Lead Case No. 21-31861.

22. *In re Strike, LLC, et al.*, jointly administered under Lead Case No. 21-90054.

23. *In re Seadrill Limited, et al.*, jointly administered under Lead Case No. 21-30427.

24. *In re Brilliant Energy, LLC*, Case No. 21-30936.

25. *In re Basic Energy Services, Inc., et al.*, jointly administered under Lead Case No. 21-90002.

26. *In re Seadrill New Finance Limited, et al.*, formerly jointly administered under Lead Case No. 22-90001; remaining open case styled *In re Seadrill Member LLC, et al.*, Case No. 22-90002.

27. *In re Sungard AS New Holdings, LLC, et al.*, jointly administered under Lead Case No. 22-90018.

28. *In re 4E Brands Northamerica LLC*, Case No. 22-50009.

29. *In re LaForta - Gestao e Investmentos*, Case No. 22-90126.

30. *In re Altera Infrastructure L.P., et al.*, formerly jointly administered Under Lead Case No. 22-90130; remaining open case styled *In re Altera Infrastructure Project Services LLC, et al.*, Case No. 22-90129.

31. *In re HONX, Inc., et al.*, jointly administered under Lead Case No. 22-90035.

32. *In re GWG Holdings, Inc., et al.*, jointly administered under Lead Case No. 22-90032.

33. *In re IEH Auto Parts Holding LLC*, formerly jointly administered under Lead Case No. 23-90054; remaining open case styled *In re Auto Plus Auto Sales, LLC,* , Case No. 23-90055.

306337085.2 — - 2 -