United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 4:23-CV-4787** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

**ORDER**
**FOR AN IN PERSON EVIDENTIARY HEARING**

**1.** On Tuesday August 4, 2026 the Court held a final pre-trial conference on Jackson Walker, LLP's ("*Jackson Walker*"), Standing Argument. *See* Dkt. No. 287. As ordered, on July 31, 2026, Jackson Walker and the United States Trustee ("*U. S. Trustee*"), (collectively the "*Parties*") filed a "Proposed Final Pre-Trial Order for Evidentiary Hearing on Jackson Walker's Standing Arguments" ("*Proposed Final Pre-Trial Order*"). Dkt No. 300. The Parties entered into the following stipulation in the Proposed Final Pre-Trial Order:

> The Parties stipulate that Exhibits 1-221 are true and correct copies of the filings with or dockets maintained by the Bankruptcy Courts or the District Court of which the Court can take judicial notice under Fed. R. Evid. 201. The Parties reserve all other objections to Exhibits 1-221. The Parties have made no stipulations regarding the admissibility of Exhibits 222-228. To the extent the Parties rely on illustrative aids at the evidentiary hearing, any such aid will be entered into the record in accordance with the Order and Federal Rule of Evidence 107(c).[1]

**2.** Nevertheless, the Court declines to take judicial notice of facts that, while indisputable, have no bearing on the legal issues in this case. The following Exhibits are not relevant and **NOT ADMITTED:** 3-6, 12-15, 18-21, 24-27, 30-33, 37-40, 43-47, 50-54, 57-58 60-62, 65-66, 68-74, 77-80, 83-87, 90-94, 97-100, 103-106, 109-112, 115-118, 122-123, 125-127, 130-134, 137-141, 144, 146-149, 152-155, 158-161, 164, 166-169, 172-173, 175-177, 178-179, 181-183, 186-187, 189-191,193, 195-198, 200-205, 208-213, 216-217, 219-221. The remainder of the Exhibits will be considered for admission at the upcoming evidentiary hearing on Jackson Walker's Standing Argument.

**3.** On **Wednesday, September 9, 2026, at 9:30 a.m. (Central Standard Time)**, a hearing on Jackson Walker's Standing Arguments, *See* Dkt. No, 287, shall be held before the United States Bankruptcy Court, Bob Casey Federal Building, **COURTROOM NO. 401**, 515 Rusk, Houston Texas, 77002. Attendance by all parties is required. Each party must have a representative present with full settlement authority. Primary counsel for the Parties must appear in person.

**4.** No later than **Tuesday, August 18, 2026**, **12:00 p.m. Central Standard Time**, Jackson Walker must prepare and file with the Clerk of Court a pre-trial brief laying out each legal argument regarding Standing supported by evidence now in the record, citing appropriate case law and statutory authority as it pertains to each Vacatur Motion. Dkt. No. 286 at 24, nn.31, 32. No later than **Tuesday, September 1, 2026** the U. S. Trustee may file his responsive brief. The Court imposes no page limit to the briefing. However, each brief must adhere to the following requirements:

[1] Dkt. No. 300 at 2, (referring to the exhibits filed at Dkt. Nos. 293, 294, 295, 296, 297, and 298).

a. One (1) inch margins, double spaced utilizing Times New Roman, size 12 font;

b. Each fact must (i) specifically cite to the record, including witness testimony, if any, by citing to the official court transcript or Admitted Exhibit following the CM/ECF water mark page number, and cite to specific admitted exhibits by referring to the official CM/ECF record. For example, Exhibit 1 must be cited as Dkt. No. 102, Ex. No. 1, etc.;

c. Citations to cases, authorities and evidence must be contained within the body of the brief, not in footnotes or endnotes;

d. Each legal citation must (i) cite to legal authority, including pin cites, supporting the proposed conclusion of law; and (ii) apply the applicable facts to support the proposed conclusion of law;

e. Additionally, an as expressly set forth in Southern District of Texas General Order 2025-04;

> Rule 11 of the Federal Rules of Civil Procedure requires that an attorney or self-represented litigant certifies their claims, defenses, and other legal contentions are warranted by existing law and the factual contentions have evidentiary support. Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence (*e.g.*, ChatGPT, Harvey.AI, generative AI services) without checking the submission for accuracy as certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's independent legal judgment. Any attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing. *See* Fed. R. Civ. P. 11(c) (providing for imposition of an "appropriate sanction"—including nonmonetary directives, a penalty payable to the court, or payment to the opposing party of attorney's fees and expenses directly resulting from the violation—if, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated).[2]

**5.** Pursuant to Bankruptcy General Order 2021-05 and Bankruptcy Local Rule 9017-1, parties, **other than Primary Counsel for Jackson Walker and the U.S. Trustee** may either appear electronically or in person unless otherwise ordered by this Court.

**6.** To participate electronically, parties must follow the instructions set forth on Judge Rodriguez's web page located at: https://www.txs.uscourts.gov/content/united-states-bankruptcy-judge-eduardo-v-rodriguez. Parties are additionally instructed to: (i) call in utilizing the dial-in-number for hearings before Judge Rodriguez at 832-917-1510, conference room number 999276 and (ii) log on to GoToMeeting for video appearances and witness testimony, utilizing conference code: judgerodriguez.

[2] S. D. of Tex. General Order 2025-04, (May 7, 2025).

Parties MUST HAVE TWO SEPARATE DEVICES to appear by video and telephonically. One device will be used to log on to GoToMeeting and the other will be used to call the telephonic conference line.

7. Parties must comply with Bankruptcy Local Rule 9013-2 and Judge Rodriguez's Court Procedures Section VII(b) regarding the exchange and submission of electronic exhibits.

8. For any witness and exhibits, parties must utilize Form 1-100 Witness & Exhibit List which can be located on this Court's home page at https://www.txs.uscourts.gov/content/chief-united-states-bankruptcy-judgeeduardo-v-rodriguez

9. Any member of the public, including the media, are permitted to attend in person or electronically and observe this hearing, but those in attendance will be bound by this Order.

10. Pursuant to District Local Rule 83.7, made applicable to this proceeding by Bankruptcy Local Rule 1001-1(b), no photo or electronic mechanical means of recordation or transmission of court proceedings is permitted. Failure to adhere to this rule may result in additional orders of this Court including an order to show cause, potential sanctions, and a referral to the United States District Court's Chief Judge to consider criminal contempt pursuant to 18 U.S.C. §§ 401; 402.

11. Changes to this scheduling order may only be made by further orders of this Court. A motion to extend any deadline and/or alter any hearing date will only be granted for good cause shown beyond control of the lawyers and or Parties and only in very limited circumstances.

12. This Court retains exclusive jurisdiction to interpret and enforce this order.

13. No later than Wednesday, August 5, 2026, Jackson Walker must serve a copy of this Order on the U.S. Truste and file a certificate of service with the Clerk of Court.

**SIGNED August 4, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**