United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 4:23-CV-4787** |
| **Professional Fee Matters Concerning the** | § | |
| **Jackson Walker Law Firm** | § | |

**ORDER**
***Resolving ECF No. 313***

Kevin Epstein, the United States Trustee ("*U. S. Trustee*"), filed his Vacatur Motions, ECF No. 286 at 24, nn. 31, 32, in thirty-three (33) Affected Cases, *Id*. at 24, seeking vacatur of retention orders (the "*Retention Orders*"), and final fee orders (the "*Final Fee Orders*"), entered in favor of Jackson Walker, LLP. ("*Jackson Walker*") in each Affected Case. The U. S. Trustee also filed objections to final fee applications (the "*Fee Objections*"). Bankr. 22-90032, *In re GWG Holdings, Inc.* ECF Nos. 2415, 2460; Bankr. 22-90035, *In re HONX, Inc*. ECF Nos. 1379, 1456. The U. S. Trustee asserts that he has constitutional, prudential and statutory standing to seek vacatur of the Retention Orders and Final Fee Orders because he is not asserting rights of third parties but merely asserting his own powers and duties under his bankruptcy watchdog role. *In re Altera,* Bankr. 22-90129, ECF No. 142 at 22.

Jackson Walker has asserted its own Standing Arguments, *In re Altera,* Bankr. 22-90129, ECF No. 150, in its responses to the U. S. Trustee's Vacatur Motions and Fee Objections. In its Standing Arguments, Jackson Walker has asserted that the U. S. Trustee lacks standing to seek relief from judgment under Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 to impose sanctions requiring disgorgement of fees paid to the firm. Jackson Walker's primary argument is that the relief sought in the Vacatur Motions constitutes estate-owned claims that only the debtor-in-possession or plan administrator successor may

pursue, and that any such claims have been released under confirmed chapter 11 plans, which the U. S. Trustee did not object or appeal. *In re Altera*, Bankr. 22-90129, ECF No. 150 at 12, 17.

On July 14, 2026, this Court entered an "Order for Non-Evidentiary Scheduling Conference", ("*Status Conference*"), ECF No. 287, setting a non-evidentiary status conference to address the Standing Arguments and the scheduling of an in-person trial on the merits of the U. S. Trustee's Vacatur Motions and objections to Final Fee Orders. On July 17, 2026, Jackson Walker and the U. S. Trustee file a "Joint Emergency Motion For Entry of an Order Extending Deadlines", ("*Emergency Motion*"), ECF No. 289, seeking a sixty-day extension of the Status Conference in light of material progress in ongoing settlement discussions. On July 20, 2026, this Court denied the Emergency Motion, ECF No. 290, and noted that "[i]f Jackson Walker no longer wishes to prosecute its Standing Arguments, it may do so by filing an appropriate motion to do so." ECF No. 290 at 4.

On August 2, 2026, the U. S. Trustee filed a "Notice of Settlement Term Sheet Between Jackson Walker, LLP and the United States Trustee", ECF No. 301, disclosing the material terms of a proposed settlement between Jackson Walker and the U. S. Trustee. On August 4, 2026, the Court held the Status Conference and entered: (i) an "Order for an In-Person Evidentiary Hearing", ECF No. 303 (the "*Standing Argument Order*"), scheduling briefing deadlines and an evidentiary hearing on the Standing Arguments for September 9, 2026; and (ii) an "Order Scheduling an In-Person Trial," ECF No. 304, setting pre-trial and trial deadlines related to the U. S. Trustee's Vacatur Motions and Fee Objections. On August 18, 2026, Jackson Walker timely filed its "Brief In Opposition to the U. S. Trustee's Standing to Seek Disgorgement of Funds from Jackson Walker, LLP. ECF No. 312.

On August 25, 2026, Jackson Walker filed its "Unopposed Expedited Motion of Jackson Walker, LLP to Withdraw its Standing Arguments" (the "*Motion*"). ECF No. 313. In its Motion, Jackson Walker seeks to withdraw the standing arguments it previously advanced against the U. S. Trustee's standing to assert estate owned claims and causes of action against Jackson Walker. ECF No. 313. The U. S. Trustee does not oppose the relief requested. ECF No. 314. The Motion is properly before this Court on an expedited basis.

This Court's subject matter jurisdiction over the underlying bankruptcy matters is founded upon 28 U. S. C. § 1334(b), which confers upon the district courts original jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. The instant proceeding is a civil action within the Southern District of Texas concerning professional fee matters (retention and fee orders), arising in or related to a case under title 11 of the United States Code. Additionally, pursuant to 28 U.S.C. § 157(a), the district court may refer to the bankruptcy judges for the district any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11. On November 10, 2025, the Hon. Alia Moses, Chief United States District Judge for the Western District of Texas, issued her order of referral of the instant proceeding to this Court for reports and recommendations. ECF No. 109. Venue is also appropriate pursuant to 28 U.S. C. § 1409(a).

On August 28, 2026 the Court held a hearing on the Motion and now issues the instant Order. On the record, the Court accepted Jackson Walker's statement that the withdrawal of its Standing Arguments would be with prejudice. The withdrawal of a legal argument with prejudice is analogous to a voluntary dismissal with prejudice under Federal Rule of Civil Procedure 41(a), made applicable to adversary proceedings and contested matters by Federal Rules of Bankruptcy Procedure 7041 and 9014(c). Withdrawal with prejudice operates as a final relinquishment of the

argument such that Jackson Walker may not reassert the Standing Arguments in this proceedings or object to any Report issued by this Court on the U. S. Trustee's standing. The Court finds that the withdrawal of the Standing Arguments by Jackson Walker is voluntary, knowing, and unopposed and that no party will suffer any prejudice from the granting of this relief.

Nevertheless, the withdrawal of a standing argument by a party does not relieve this Court if its independent obligation to confirm the existence of standing. Because standing implicates this Court's subject matter jurisdiction under Article III, it cannot be conferred by consent, stipulation, or waiver. *Lujan v Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). "[N]o action by the parties can confer subject-matter jurisdiction upon a federal court. *Ins. Corp. of Ir., Ltd. V Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). The Court may—and where the record so warrants, must—raise and resolve standing questions on its own initiative. The Fifth Circuit Court of Appeals has held that "[s]ubject matter jurisdiction "cannot be conferred by consent, agreement, or other conduct of the parties, and is non-waivable." *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 284 (5th Cir. 2007) (quoting *In re Tex. Consumer Fin. Corp*. 480, F2d 1261, 1266 (5th Cir. 1973)). "Even if the parties agree, the Court has an independent duty to determine jurisdiction *sua sponte*." *Riddley v. CooperSurgical, Inc*. 808 F. Supp. 3d 725, 729 (N. D. Tex. 2025).

Accordingly, while the Court grants Jackson Walker's Motion and deems the Standing Arguments withdrawn with prejudice, the Court retains full authority and an independent obligation to examine the standing of all parties to the extent required by Article III (constitutional and prudential) and applicable statutory provisions, including 11 U.S.C. §§ 307, 1109 in connection with the remaining proceedings in this matter. It is therefore

**ORDERED**: that

1. The "Unopposed Expedited Motion of Jackson Walker, LLP to Withdraw its Standing Arguments," filed by Jackson Walker, LLP on August 25, 2026, ECF No. 313, is GRANTED. Jackson Walker, LLP's Standing Arguments are hereby deemed WITHDRAWN WITH PREJUDICE. Jackson Walker, LLP is precluded from raising any arguments it has or could have had as it pertains to the U. S. Trustee's standing to prosecute his Vacatur Motions and Objections to Final Fee Applications and any Report this Court issues on Standing in this proceeding.

2. The granting of the withdrawal of Jackson Walker, LLP's Standing Arguments with Prejudice will not affect any dates or deadlines established in the Court's Trial Scheduling Order, ECF No. 304.

3. The evidentiary hearing on the U. S. Trustee's standing previously scheduled for September 9, 2026, ECF No. 303, in Houston Texas will proceed as scheduled.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**SIGNED August 28, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**