**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **Professional Fee Matters Concerning the Jackson Walker Law Firm** | § | **CASE NO.: 4:23-cv-04787** |
| | § | |
| | § | |

**UNITED STATES TRUSTEE'S STATUS REPORT**

**To the Honorable Judge Alia Moses, Chief United States District Judge for the Western District of Texas:**

Kevin Epstein, United States Trustee for Region 7 ("U.S. Trustee"), respectfully files this status report to summarize developments since the Parties' last status conference with the District Court in May 2025. ECF No. 46.

## Procedural Posture

1. In November 2025, the District Court granted the U.S. Trustee's motion to withdraw the reference and to consolidate the U.S. Trustee's 33 underlying motions to vacate employment and compensation orders ("Vacatur Motions") and Jackson Walker LLP's ("Jackson Walker") objections and referred certain issues to the Bankruptcy Court for reports and recommendations, including following trial on the merits of the U.S. Trustee's motions. ECF Nos. 31, 109, 140.

2. In March 2026, the Bankruptcy Court held a three-day evidentiary hearing to consider the approval of settlements under Fed. R. Bankr. P. 9019 between Jackson Walker and the post-confirmation successors to the debtors-in-possession in nine of the cases subject to the U.S. Trustee's Vacatur Motions. In July 2026, the Bankruptcy Court issued its report and recommendation to approve the settlements, which is pending with the District Court. ECF No. 286.

3. On August 2, 2026, the U.S. Trustee and Jackson Walker (the "Parties") filed a *Notice of Settlement Term Sheet* setting forth the principal terms for a settlement between the Parties to resolve the Litigation (as defined therein), including Jackson Walker's payment of the Settlement Amount[1] in the affected cases. ECF No. 301. The Settlement Term Sheet contemplates that the Parties will document the specifics of the principal terms and other terms and conditions as agreed between the Parties as part of a mutually acceptable consent order (the "Consent Order"), subject to court approval. ECF No. 301-1.

4. Throughout this Litigation, Jackson Walker has challenged the U.S. Trustee's standing to seek *certain relief*—specifically, the remedy of disgorgement of fees paid from the bankruptcy estates. On August 4, 2026, the Bankruptcy Court issued two scheduling orders, one setting briefing deadlines and an evidentiary hearing on Jackson Walker's objection to the U.S. Trustee's standing and another setting deadlines for certain pretrial matters and for trial to commence on January 19, 2027. ECF Nos. 303, 304.

5. But Jackson Walker's objection was limited, and it never questioned, and in fact, conceded, that the U.S. Trustee has standing to seek vacatur of retention and fee orders, object to fee applications after vacatur, and seek sanctions.[2] On August 25, 2026, Jackson Walker sought to withdraw its standing challenge with prejudice to facilitate finalizing the settlement outlined in the Settlement Term Sheet, which withdrawal the Bankruptcy Court approved following a hearing on August 28, 2026.

[1] As defined in the Term Sheet. ECF No. 301-1.

[2] *See* Jackson Walker's Brief in Opposition, Case No. 4:23-cv-04787, ECF No. 312 (Aug. 18, 2026).

6. Nevertheless, Chief Bankruptcy Judge Eduardo V. Rodriguez ruled that the Court had an "independent obligation to confirm the existence of standing" because "constitutional and prudential" standing "implicates this Court's subject matter jurisdiction under Article III. . . [that] cannot be conferred by consent" and ordered that the scheduled hearing on standing would "proceed as scheduled." ECF No. 318. The U.S Trustee filed a Pre-Trial Brief on Standing on September 1, 2026. ECF No. 321.

7. On September 9, 2026, the Bankruptcy Court held an uncontested hearing to consider the U.S. Trustee's standing and took the matter under advisement. ECF Nos. 317, 318, 323.

8. The U.S. Trustee is confident that the District Court has subject matter jurisdiction to rule on the Vacatur Motions and fee objections and to enter appropriate relief and that the U.S. Trustee has constitutional and statutory standing to oppose and seek to unwind fees that were paid to Jackson Walker. ECF No. 321. Nevertheless, moving forward with settlement is inappropriate before the District Court determines that it has subject matter jurisdiction and that the U.S. Trustee has standing.

9. The Parties are thus in a dilemma. Although litigants can settle claims and defenses asserted by and against one another, finalizing a settlement for court approval—after the Bankruptcy Court *sua sponte* questioned the court's subject matter jurisdiction to entertain the very Litigation being settled and has that matter under advisement for recommendation to and later decision by the District Court—could be viewed as a bad-faith attempt to circumvent the Bankruptcy Court's recommendation and the District Court's ability to determine its subject matter jurisdiction. Moreover, even if the court determines that it has subject matter jurisdiction, it could

still determine that the U.S. Trustee lacks authority to seek the payment of the monetary relief under the settlement.

10. As a result, the U.S. Trustee has paused efforts to finalize the Consent Order.

11. Similarly, the scheduled trial is affected by awaiting the District Court's ruling on the Bankruptcy Court's impending report and recommendation on the jurisdictional and standing issues, the timing of which is beyond the Parties' control. Unless there is some abatement, the Parties must prepare for a January 2027 trial that may be unnecessary if the District Court were to determine that it could neither adjudicate the U.S. Trustee's motions at trial nor enter the relief in the Consent Order.

12. The U.S. Trustee submits this status report to assist in the efficient management of this proceeding by explaining the procedural impediments to the Parties' ability to finalize a settlement. The U.S. Trustee has met and conferred with Jackson Walker. Jackson Walker does not object to the filing of this status report.

[*Signature Page Follows*]

Date: October 2, 2026.

Respectfully Submitted,

KEVIN M. EPSTEIN
UNITED STATES TRUSTEE, REGION 7

By: */s/ Laura D. Steele*

Millie Aponte Sall, Assistant U.S. Trustee
Tex. Bar No. 01278050/Fed. ID No. 11271
Laura D. Steele, Assistant U.S. Trustee (Detail)
Wis. Bar No. 1065702/Fed. ID No. 3878215
Vianey Garza, Trial Attorney
Tex. Bar No. 24083057/Fed. ID No. 1812278
William J. Charboneau, Trial Attorney
VA Bar No. 68025/Fed. ID No. 3885907
515 Rusk Street, Suite 3516
Houston, Texas 77002
(713) 718-4650 – Telephone
(713) 718-4670 – Fax
Email: millie.sall@usdoj.gov
laura.steele@usdoj.gov
vianey.garza@usdoj.gov
joel.charboneau@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on October 2, 2026, a copy of the foregoing pleading was served on all parties entitled to electronic notice through the Court's CM/ECF system.

*/s/ Laura D. Steele*
Laura D. Steele