**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re:<br><br>Professional Fee Matters Concerning the Jackson Walker Law Firm | §<br>§<br>§<br>§<br>§<br>§ | Case No. 4:23-CV-4787 |

**JACKSON WALKER LLP'S RESPONSE TO ORDER TO SHOW CAUSE**

Jackson Walker LLP ("Jackson Walker") files this response to the *Court's Order to Show Cause* entered October 2, 2026 [Diebold Dkt. No. 429] (the "Show Cause Order") and respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Miscellaneous Proceeding[1] was initiated for the sole purpose of litigating the Office of the U.S. Trustee's (the "U.S. Trustee") Vacatur Motions[2] against Jackson Walker in a central forum. The initial referring orders in the Affected Cases[3] centralized only discovery and pre-trial matters related to the Vacatur Motions in the Miscellaneous Proceeding. Later, the referring orders in the Affected Cases referred a singular issue in the Vacatur Motions for trial on the merits: whether final orders approving Jackson Walker's fee applications should be vacated. Likewise, the U.S. Trustee's motions to withdraw the reference, which led to the creation of this Miscellaneous Proceeding, related solely to their Vacatur Motions and specified Affected Cases. According to the U.S. Trustee, each of the Affected Cases was specifically chosen out of a larger

[1] The "Miscellaneous Proceeding" refers to *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Bankr. Case No. 23-00645 and, following the withdrawal of the reference, District Court Case No. 23-cv-04787.

[2] The "Vacatur Motions" are defined in the Court's Report and Recommendation to the United States District Court ("Report and Recommendation"), Dkt. No. 286 at 24, nn.31, 32.

[3] The "Affected Cases" are defined in the Court's Report and Recommendation. Dkt. No. 286 at 24.

pool of cases, identified by criteria that the U.S. Trustee found appropriate to bring Vacatur Motions against Jackson Walker. *See* Dkt. No. 328. Until entry of the Show Cause Order in *Diebold*,[4] there has never been a request, order, or requirement that Jackson Walker itself identify cases in which it served as estate-retained counsel and former Judge Jones either presided or mediated.

2. Nonetheless, pursuant to this Court's Show Cause Order, Jackson Walker has filed a Notice and Supplement to Notice identifying such cases (collectively, the "Non-Affected Cases").[5] In each of the Non-Affected Cases, Ms. Freeman had separated from Jackson Walker prior to the case filings and was not retained or compensated by the estates post-petition or post-confirmation. Moreover, the Non-Affected Cases each have independent and impartial presiding judges who have either entered orders approving Jackson Walker's fee applications with full knowledge that the case was previously pending before former Judge Jones or abated Jackson Walker's fee applications to a later date, all while continuing to retain the case. Similarly, the U.S. Trustee has had every opportunity in each Non-Affected Case to object to Jackson Walker's fee applications, seek vacatur of fee applications or orders approving Jackson Walker's employment, or take other action as he deemed appropriate. The U.S. Trustee has affirmatively declined to take any such action in the Non-Affected Cases.

---

[4] Bankr. Case No. 23-90602, Dkt. No. 429, *Order to Show Cause* (the "Show Cause Order").

[5] As set forth in Jackson Walker's *Notice in Response to Court's Order to Show Cause* [Dkt. No. 327] and Supplement to Notice [Dkt. No. 330], the Non-Affected Cases include: *In re Nielsen & Bainbridge, LLC*, No. 23-90071; *In re Sorrento Therapeutics, Inc.*, No. 23-90085; *In re Avaya Inc.*, No. 23-90088; *In re Venator Materials PLC*, No. 23-90301; *In re Diebold Holding Company, Inc.*, No. 23-90602; *In re Genesis Care Pty Limited*, No. 23-90614; *In re Center for Autism and Related Disorders, LLC*, No. 23-90709; *In re AppHarvest Products, LLC*, No. 23-90745; and *In re MLCJR LLC*, Case No. 23-90324.

Out of an abundance of caution, the Notice also disclosed two chapter 15 cases over which former Judge Jones presided: *In re Technicolor S.A.*, No. 20-33113; and *In re Selecta Finance UK Limited*, No. 20-34947.

3. Jackson Walker therefore requests that the Court (i) decline to consolidate any of the Non-Affected Cases with the Miscellaneous Proceeding; (ii) decline to schedule any further show cause hearings on sanctions; and (iii) decline to appoint or recommend appointment of a special master for the following reasons:

- *First*, the Non-Affected Cases, including *Diebold*, should not be consolidated into the Miscellaneous Proceeding because they bear facts entirely distinguishable from the Affected Cases, as recognized by the U.S. Trustee, who indicated that he reviewed each Non-Affected Case and identified none "warranting an enforcement action." *See* Dkt. No. 328-2, ¶ 14.
- *Second*, there is no basis for sanctions against Jackson Walker. No order ever required Jackson Walker to identify other cases which the U.S. Trustee never challenged following its full and extensive investigation, and each Non-Affected Case has proceeded openly before the respective presiding judge, none of whom ever referred such Non-Affected Cases to the Miscellaneous Proceeding, while the U.S. Trustee was afforded months to investigate.
- *Third*, a special master is unnecessary in light of the U.S. Trustee's extensive investigation and completed review and, in any event, is barred by Bankruptcy Rule 9031.

## BACKGROUND

4. The Court[6] has great familiarity with the procedural background of the Miscellaneous Proceeding. Jackson Walker will not repeat this background in detail. However, given the Court's concerns that "other cases . . . may be lurking on the dockets of the Southern District of Texas Bankruptcy Courts," Jackson Walker provides the following history to ease the Court's concerns. Case No. 23-90602, Dkt. No. 429 at p. 8.

[6] For purposes of this response, Jackson Walker refers to the United States Bankruptcy Court for the Southern District of Texas, Chief Bankruptcy Judge Rodriguez presiding, as "the Court" and to the United States District Court for the Southern District of Texas, Chief District Judge Moses presiding by designation, as "the District Court."

**A. The Miscellaneous Proceeding was created as a central forum over the U.S. Trustee's Vacatur Motions in the Affected Cases.**

5. The U.S. Trustee filed his initial Vacatur Motions on November 2 and 3, 2023. Simultaneously, the U.S. Trustee sought to withdraw the reference of the Vacatur Motions.

6. In December 2023, the Court presided over the U.S. Trustee's motion to withdraw the reference in the *Brilliant Energy* case, where the U.S. Trustee argued that "economy for the parties . . . would be best served with a single judge presiding over all the cases."[7] Shortly thereafter, the Court commenced the Miscellaneous Proceeding. Bankr. Misc. Proc. Dkt. No. 1. In doing so, the Court referenced the U.S. Trustee's Vacatur Motions and motions to withdraw the reference filed in seventeen (17) cases, which the Court called the "Affected Cases," and ordered that "[a]ll future documents and pleadings concerning discovery and pretrial matters regarding the Motion for Withdrawal of the Reference and the Motion for Relief from Final Judgment in any of the Affected Cases must be filed in Miscellaneous Proceeding 23-00645." Bankr. Misc. Proc. Dkt. No. 1. The Order further stated that "***[a]dditional cases may be added as Affected Cases by order of the Presiding Judge***." *Id.* (emphasis added).

7. Following creation of the Miscellaneous Proceeding, each of the presiding judges (Judge Lopez, Judge Isgur, and Chief Judge Rodriguez), entered independent case management orders referring each of the seventeen (17) Affected Cases to the Miscellaneous Proceeding, again referencing the U.S. Trustee's Vacatur Motions and motions to withdraw the reference. *See* Bankr. Misc. Proc. Dkt. Nos. 2, 4-19.

8. Shortly thereafter, the Court recommended to the District Court that the U.S. Trustee's motions to withdraw the reference be denied, describing the Miscellaneous Proceeding

[7] Brilliant Energy Dec. 22, 2023 Hr'g Tr. 4:13-14, 4:20-22, 4:24-5:6.

as being "created for the purpose of consolidating certain pre-trial matters with respect to the Motions for Relief from Final Judgment," "with all other matters remaining with each of the presiding bankruptcy judges." Bankr. Misc. Proc. Dkt. No. 44, at 2.[8] The Court's recommendation also noted that additional Vacatur Motions filed against Jackson Walker, if added as Affected Cases by the presiding judge, would be bound by the District Court's withdrawal ruling. *Id.* at 3, 15.

9. The creation of the Miscellaneous Proceeding and the Court's recommendation to the District Court did not address matters other than those brought by the U.S. Trustee through its Vacatur Motions. More specifically, when asked whether joinders and other parties' motions would come into the Miscellaneous Proceeding, the Court responded that "***it's up to the presiding judge to make that determination***" and that ***parties "would need to file motions in that particular proceeding to argue whether or not . . . that case should be added to the Miscellaneous Proceeding.***" Bankr. Misc. Proc. Dec. 21, 2023 Hr'g Tr. 25:9-13 (emphasis added).

10. The Court set a series of deadlines in the Miscellaneous Proceeding, including setting March 29, 2024, as the final date for the U.S. Trustee to file a Vacatur Motion "in any case" in which he believed relief should be sought against Jackson Walker. Bankr. Misc. Proc. Dkt. No. 76.

11. Thus, as originally formed, the Miscellaneous Proceeding included a specific set of cases—those where the U.S. Trustee filed Vacatur Motions and the respective presiding judge entered an order referring such case to the Miscellaneous Proceeding. Ultimately, the total number

[8] On the same day, the U.S. Trustee expressed his understanding that the Miscellaneous Proceeding "was open because the US Trustee filed a 60(b) motion and motions to withdraw the reference." Bankr. Misc. Proc. Dec. 21, 2023 Hr'g Tr. 24:16-19. The U.S. Trustee also informed the Court that more Vacatur Motions were forthcoming. *Id.* at 14:9-17, 16:20-24, 17:2-7, 35:16-21, 38:12-17.

of Affected Cases, meeting this criteria, reached to thirty-three specifically identified cases.[9] *See* Bankr. Misc. Proc. Dkt. Nos. 2, 4-19, 89-101, 131-135.

12. The U.S. Trustee led discovery in the Miscellaneous Proceeding from May 2024 to December 2024. Bankr. Misc. Proc. Dkt. No. 76. In total, Jackson Walker produced nearly 100,000 pages of documents and more than forty (40) depositions were taken in the Miscellaneous Proceeding.

13. As the Affected Cases proceeded before the presiding judges on non-discovery and trial matters, ultimately, on September 20, 2024, Judge Isgur entered an order in each Affected Case over which he was the presiding judge stating, "***I recuse from further consideration of disputes between the United States Trustee and Jackson Walker LLP that relate to alleged non-disclosure issues by Jackson Walker LLP.*** I do not recuse generally in any case."[10] (emphasis added). Judges Perez and Lopez were then assigned to preside over the Vacatur Motions over which Judge Isgur recused.

14. Later in 2024, the remaining presiding judges (Judge Perez and Judge Lopez) transferred a single issue in the Vacatur Motions to the Miscellaneous Proceeding for "a final trial on the merits": "[w]hether the Final Order Allowing Compensation and Reimbursement of

[9] Only one matter was brought into the Miscellaneous Proceeding by a party other than the U.S. Trustee: Timothy Culberson's Rule 60(b)(6) motion filed in *Sorrento Therapeutics*, which Judge Lopez transferred by a separate case management order. Bankr. Misc. Proc. Dkt. No. 65. In referring Mr. Culberson's motion, Judge Lopez explained that the judges had moved "related Jackson Walker fee disputes in other cases to the miscellaneous proceeding" to coordinate the discovery being sought, "primarily [by] the United States Trustee at this point." Bankr. Case No. 23-90085, Dkt. No. 1899, Feb. 15, 2024 Hr'g Tr. 5:21-7:12. After Judge Lopez's announcement of his intention to refer Mr. Culberson's motion, the U.S. Trustee expressed concern that "the Scheduling Order that was entered by Judge Rodriguez [in the Miscellaneous Proceeding] as it relates to the US Trustee's relief under [his] currently filed Rule 60(b)(6) motions, that Scheduling Order would not include Mr. Culberson's discovery on his motion, but the Court contemplates that a separate Scheduling Order would be filed." *Id.* 17:9-16.

[10] Judge Isgur entered identical recusal orders in the following cases: *In re Altera Infrastructure Project Services, LLC et al*., Case No. 22-90129, Dkt. No. 135; *In re LaForta – Gestao E Investmentos*, Case No. 22-90126, Dkt. No. 347; *In re Strike, LLC, et al*., Case No. 21-90054, Dkt. No. 1761; *In re 4E Brands NorthAmerica LLC*, Case No. 22-50009, Dkt. No. 706; *In re Neiman Marcus Group LTD, LLC*, Case No. 20-32519, Dkt. No. 3247; *In re TMW Merchants LLC*, Case No. 20-33916, Dkt. No. 270.

Expenses for Jackson Walker LLP should be vacated."[11] This Court's October 11, 2024, Third Case Management Order recognized the transfer of this issue for trial. *See* Bankr. Misc. Proc. Dkt. No. 465.

15. None of the Non-Affected Cases were ever referred to the Miscellaneous Proceeding for any purpose.

### B. The District Court withdrew the reference of the U.S. Trustee' Vacatur Motions and consolidated certain matters in the Miscellaneous Proceeding.

16. On April 9, 2025, the District Court entered an order granting the U.S. Trustee's motions to withdraw the reference. Dkt. No. 31. Several months later, the District Court consolidated the U.S. Trustee's Vacatur Motions together with certain "Miscellaneous Motions",[12] and referred the merits to this Court for a report and recommendation. Dkt. No. 109, at 1-2, 8. This Court then directed that all further filings in the Miscellaneous Proceeding under the Bankruptcy Court caption be made in this Miscellaneous Proceeding with the District Court caption. Bankr. Misc. Proc. Dkt. No. 640.

17. None of the District Court, this Court, or the presiding judges ever referred one of the Non-Affected Cases to the Miscellaneous Proceeding, and no motions to withdraw the reference were filed in the Non-Affected Cases. Thus, each Non-Affected Case (except for the recent referral of the Jackson Walker final fee application in *Diebold*, as discussed below), remains with its presiding judge.

---

[11] *See*. Misc. Proc. Dkt. Nos. 388-417, 418, 429, 430.

[12] The District Court referred to the Miscellaneous Motions as "motions for joinder; motions of the U.S. Trustee to reopen; motions on the U.S. Trustee's standing to seek vacatur; motions on parties-in-interest and indispensable parties; and all associated briefing." Dkt. No. 109, at 1, n.2. The consolidation also included the U.S. Trustee's objection to the final compensation application of the Law Office of Liz Freeman in *IEH Auto Parts Holding, LLC*, No. 23-900554 (Bankr. S.D. Tex.) (Dkt. No. 1049), which was not previously a part of the Miscellaneous Proceeding. *Id.* at 4-5 n.4.

**C. The Non-Affected Cases were vetted by the U.S. Trustee and openly addressed by the presiding judges.**

18. As noted in its *Recommendation to the Court on Order for Jackson Walker LLP to Show Cause*, Dkt. No. 328-2, the U.S. Trustee did not recommend to this Court that any Non-Affected Case be added to this Miscellaneous Proceeding. The U.S. Trustee reported that it investigated over ninety (90) cases, including the Non-Affected Cases, and affirmatively declined to seek relief in the Non-Affected Cases.

19. While Jackson Walker disputes the merits of the Vacatur Motions filed in the Affected Cases, Jackson Walker agrees with the U.S. Trustee that any request to vacate employment or fee orders in the Non-Affected Cases would be unfounded. Since reassignment following former Judge Jones's resignation, each Non-Affected Case has proceeded openly before impartial judges.

20. In each of the Non-Affected Cases, Ms. Freeman had separated from Jackson Walker and was the principal of her own law firm: the Law Office of Liz Freeman. Ms. Freeman was not retained by any of the estates in the Non-Affected Cases post-petition, nor was she paid or otherwise compensated post-petition. Only two of the Non-Affected Cases involves a final feeorder entered by former Judge Jones: *Nielsen & Bainbridge, LLC* and *Avaya Inc*. Neither of these cases involved post-petition or post-confirmation retention or payment of compensation to Ms. Freeman. In all of the other Non-Affected Cases, independent judges made determinations

over Jackson Walker's fee applications and either (i) entered orders approving them[13] or (ii) abated hearings and rulings on the fee applications.[14]

21. As such, none of the Non-Affected Cases were referred to this Miscellaneous Proceeding, with the exception of Mr. Culberson's Rule 60 motion in Sorrento, which was referred to the Miscellaneous Proceeding for discovery purposes only. *See* supra n.9. Each Non-Affected Case is discussed briefly below:

**Nielson & Bainbridge, LLC, et al., Case No. 23-90071**

- Ms. Freeman departed the Jackson Walker firm effective December 1, 2022. These cases were filed on February 8, 2023.
- No amounts, pre-petition, post-petition, or post-confirmation, were paid to Ms. Freeman, and Ms. Freeman was not retained during these periods.
- Former Judge Jones entered an order approving Jackson Walker's fee application on October 4, 2023. *See* Case No. 23-90071, Dkt. No. 753.
- The Remaining Case is currently pending before Judge Lopez.

**Sorrento Therapeutics, Inc., et al., Case No. 23-90085**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on February 13, 2023.
- $3,750.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation, and Ms. Freeman was not retained during these periods.
- Jackson Walker's final fee application remains pending, subject to an objection and Rule 60 motion filed by Timothy Culberson. *See* Dkt. Nos. 1877 and 1899. No trial scheduling order has been entered by Judge Lopez.
- At the September 16, 2024 hearing on nine final fee applications, with the U.S. Trustee present, Judge Lopez approved the other applications but deliberately set Jackson Walker's aside: "I did not take that one up, and I did so intentionally. . . . Cases led by the Office of the United States Trustee, there's discovery ongoing there. I thought it best to allow that process to play out . . . . [S]o that application remains pending." Case No. 23-90085, Dkt. No. 2456, Sept. 16, 2024 Hr'g Tr. 92:2-8, 95:12-96:1.
- Other issues related to Jackson Walker's and other professionals' fees were brought in the main case, for which Judge Lopez recused and Judge Perez presided and issued a Memorandum Opinion. Case No. 23-90085, Dkt. No. 2711.

[13] *See Venator Materials*, Case No. 23-90301, Dkt. No. 529; *Genesis Care Pty Limited*, Case No. 23-90614, Dkt. No. 1812; *Center for Autism and Related Disorders, LLC*, Case No. 23-90709, Dkt. No. 384; *AppHarvest Products, LLC*, Case No. 23-90745, Dkt. No. 703. No fee application was filed in *Condor Inversiones SpA*, as it was dismissed by Judge Isgur on November 1, 2023. Case No. 23-90761, Dkt. No. 207.

[14] *See Sorrento Therapeutics*, Case No. 23-90085, Dkt. Nos. 1877 and 1899; *Diebold Holding Co.*, Case No. 23-90602, Dkt. Nos. 422 and 429.

**Avaya Inc., et al., Case No. 23-90088**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on February 14, 2023.
- $20,250.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation, and Ms. Freeman was not retained during these periods.
- Former Judge Jones entered an order approving Jackson Walker's fee application on July 5, 2023. *See* Case No. 23-90088, Dkt. No. 454.
- The cases were closed on November 28, 2023 by Judge Isgur.

**Venator Materials PLC, et al., Case No. 23-90301**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on May 14, 2023.
- No amounts, pre-petition, post-petition, or post-confirmation, were paid to Ms. Freeman, and Ms. Freeman was not retained during these periods.
- Judge Lopez entered an order approving Jackson Walker's fee application on October 30, 2023. *See* Case No. 23-90301, Dkt. No. 529.
- The cases were closed on December 14, 2023 by Judge Lopez.

**Diebold Holding Company, Inc., et al., Case No. 23-90602**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on June 1, 2023.
- $27,000.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation, and Ms. Freeman was not retained during these periods.
- On November 1, 2023, prior to the filing of the U.S. Trustee's initial round of Vacatur Motions and pursuant to an order from Judge Isgur, Jackson Walker filed a supplement to its fee application. *See* Case No. 23-90602, Dkt. Nos. 334, 349. Jackson Walker disclosed that the Law Office of Liz Freeman was consulted prepetition and was paid $27,000.00 for those services, and that Ms. Freeman was not retained in these cases, did not receive any post-petition payments, did not bill any post-petition time, but had certain post-petition email exchanges and a phone call concerning local standards and processes for chapter 11 plan matters.
- On November 5, 2023, just after the U.S. Trustee filed his initial round of Vacatur Motions, Jackson Walker filed an emergency motion to continue the hearing on its final fee application to afford the U.S. Trustee time to review the *Diebold* cases. *See* Case No. 23-90602, Dkt. No. 351 ¶ 7; Dkt. No. 352.
- On August 27, 2026, the Remaining Reorganized Debtor filed a motion to close the remaining open case and also sought final approval of Jackson Walker's fee application given that such application was the sole remaining issue. *See* Case No. 23-90602, Dkt. No. 412. The motion indicated that Jackson Walker voluntarily agreed to reduce the amount requested to $100,000.00, and that the U.S. Trustee takes no position on the proposed fee reduction given that it did not object to Jackson Walker's fee application. Judge Isgur held a hearing on the motion on September 24, 2026, following which on October 1, 2026,

Jackson Walker's fee application was reassigned to Chief Judge Rodriguez. *See* Case No. 23-90602, Dkt. Nos. 422 and 428.

- Prior to the September 24, 2026 hearing, Judge Isgur had not entered a recusal order or referral order in the case, as there was no pending dispute with the U.S. Trustee regarding Jackson Walker's fees. Nonetheless, upon deciding to refer Jackson Walker's final fee application over to this Court at the September 24, 2026 hearing, Judge Isgur remarked, "I don't think anyone has done anything questionable by bringing this to me to rule on." *See* Case No. 23-90602, Dkt. No. 424 (hearing audio).

**Genesis Care Pty Limited, et al., Case No. 23-90614**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on June 1, 2023.
- $7,500.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation, and Ms. Freeman was not retained during these periods.
- Judge Isgur entered an order approving Jackson Walker's fee application on June 10, 2024. *See* Case No. 23-90614, Dkt. No. 1812.
- The case remains pending before Judge Isgur.

**Center for Autism and Related Disorders, LLC, et al., Case No. 23-90709**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on June 11, 2023.
- $6,000.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation.
- Judge Lopez entered an order approving Jackson Walker's fee application on October 30, 2023. *See* Case No. 23-90709, Dkt. No. 384.
- The cases remain pending before Judge Lopez.

**AppHarvest Products, LLC, et al., Case No. 23-90745**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on July 23, 2023.
- $9,000.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-confirmation, and Ms. Freeman was not retained during these periods.
- Judge Lopez entered an order approving Jackson Walker's fee application on January 24, 2024. *See* Case No. 23-90745, Dkt. No. 703. This order reflected informal comments and questions from the U.S. Trustee, and an agreed reduction by Jackson Walker of $1,808.75, which reduction resolved the U.S. Trustee's informal objection. *See* Case No. 23-90745, Dkt. No. 702.
- The Lead Case remains pending before Judge Lopez.

**Condor Inversiones SpA, et al., Case No. 23-90761**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on August 11, 2023.

- $7,500.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-dismissal, and Ms. Freeman was not retained during these periods.
- The case was dismissed by Judge Isgur on November 1, 2023. Case No. 23-90761, Dkt. No. 207. No fee applications were filed.

**MLCJR LLC, Case No. 23-90324**

- Ms. Freeman departed Jackson Walker effective December 1, 2022. These cases were filed on May 14, 2023.
- $11,250.00 was paid to Ms. Freeman pre-petition, prior to former Judge Jones being randomly assigned to preside over the case. No amounts were paid to Ms. Freeman post-petition or post-conversion, and Ms. Freeman was not retained during these periods.
- On April 18, 2024, Crosby Energy Services, Inc., Danos, LLC, and Westwind Helicopters, Inc. objected to the final fee applications of Jackson Walker and other professionals on grounds unrelated to Ms. Freeman or former Judge Jones. *See* Case No. 23-90324, Dkt. No. 1827. Following an August 19, 2024 evidentiary hearing, Judge Lopez deferred ruling on Jackson Walker's final fee application "after the conclusion of litigation held by the Office of the United States Trustee." *See* Case No. 23-90324, Dkt. No. 2259, Sept. 25, 2024 Hr'g Tr. 4:12-15.
- Jackson Walker's final fee application remains pending before Judge Lopez.

## <u>RESPONSE</u>

22. Jackson Walker complied with the Court's Show Cause Order by filing its Notice on October 15, 2026, and Supplement to Notice on October 19, 2026.

23. Jackson Walker files this response to specifically address the Court's questions:

i) why the *Diebold* matter should not be consolidated with Civil Case No. 4:23-cv-4787 for a final disposition by this Court and why Jackson Walker has not brought this matter, and potentially others similar to it, to this Court's attention earlier in the Civil Case proceeding;

ii) why the Court should not issue a separate order setting a hearing in which Jackson Walker would need to show cause as to why it should not be sanctioned for its failure to bring this and potentially other similar matters to this Court's attention earlier in the Civil Case proceeding; and

iii) why a special master, pursuant to Fed. R. Civ. P. 53(a) should not be appointed to assist the Court in the prosecution of this matter and to investigate and make recommendations to this Court about whether other cases exist that should be consolidated into Civil Case No. 4:23-cv-4787 should the United States Trustee choose not to fulfill his statutory obligations by declining to review the Retention Application, Bankruptcy Rule 2014(a) Disclosure at Dkt. 208 and Retention Order at Dkt. 279 in the

> instant case, and possibly other cases to ensure that no violations of Bankruptcy Rule 2014 or § 327 have occurred in the instant case and possibly others and issue a recommendation to this Court as to whether the instant matter and possibly others should be consolidated with Civil Case No. 4:23-cv-4787 for disposition by this Court.

24. In addressing the first question, Jackson Walker incorporates its statements above, including that the Non-Affected Cases are procedurally and factually distinct from the Affected Cases. In each Non-Affected Case, Ms. Freeman was not employed by or affiliated with Jackson Walker; she separated from Jackson Walker effective December 1, 2022, and each Non-Affected Case was filed in 2023. Additionally, Ms. Freeman was not retained or compensated by the estates or by Jackson Walker in any of the Non-Affected Cases for post-petition or post-confirmation work.

25. Specifically with respect to *Diebold*, Ms. Freeman left Jackson Walker seven (7) months before the cases were filed. She was paid $27,000 for pre-petition services, which were incurred before former Judge Jones was randomly assigned to preside over the *Diebold* cases. Jackson Walker's engagement letter, dated May 22, 2023, did indicate that it may engage Ms. Freeman as conflicts counsel, but only "subject to clearance of requisite conflicts checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules." *See* Dkt. No. 208. At that time, May 22, 2023, there was only a 50% chance that former Judge Jones would be assigned to preside over the Debtors' cases, once filed in June 2023. Upon the filing and cases being assigned to former Judge Jones, the Debtors never sought to employ Ms. Freeman, nor did Ms. Freeman receive any compensation post-petition or post-confirmation from either the estates or from Jackson Walker.

26. Throughout the entirety of the Miscellaneous Proceeding, including the extensive discovery that took place over the course of 7 months, the U.S. Trustee continued to evaluate whether any other case warranted action, and in *Diebold*, he took "no position" on Diebold's

motion to close its remaining case, which motion also sought to approve Jackson Walker's final fee application. This was a deliberate, informed decision: *Diebold* and each of the other Non-Affected Cases were among the approximately ninety (90) cases the U.S. Trustee actively investigated before filing its Vacatur Motions and fee objections in the 33 Affected Cases. *See* Dkt. No. 328-2. The U.S. Trustee determined *Diebold* was "not akin" to those cases; and, "after initially analyzing over 90 cases . . . followed by extensive litigation and discovery," he "has identified no other cases warranting an enforcement action." *Id.* Jackson Walker agrees, and submits that none of the Non-Affected Cases should be consolidated into this Miscellaneous Proceeding.

27. Jackson Walker thus requests that the Court resolve its fee application in the *Diebold* case in accordance with its normal procedures regarding fee applications, outside of this Miscellaneous Proceeding.

28. As to the Court's second question, Jackson Walker submits that no specific finding of bad faith can be found here, thus sanctions are not warranted. *See Chambers v. NASCO*, Inc., 501 U.S. 32, 44-46, 50 (1991); *In re Moore*, 739 F.3d 724, 730 (5th Cir. 2014) ("A decision to invoke the inherent power to sanction requires a finding of bad faith or willful abuse of the judicial process") (internal quotations and citations omitted); *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998); *Elliott v. Tilton*, 64 F.3d 213, 217 (5th Cir. 1995).

29. As explained above, no order of this Court, the District Court, or any presiding judge required Jackson Walker to identify Non-Affected Cases or to bring them into the Miscellaneous Proceeding. That task belonged to the U.S. Trustee, and the ability to refer cases to the Miscellaneous Proceeding was left to the presiding judges. Misc. Proc. Dkt. No. 1 ¶ 4; Misc. Proc. Dec. 21, 2023 Hr'g Tr. 25:9-13, 38:12-17. Jackson Walker appreciates this Court's concern

that no related case go unexamined, and it shares the Court's interest in a complete record. Each Non-Affected Case, however, was administered on a public docket before its presiding judge and with the U.S. Trustee fully participating, and each Non-Affected Case was fully reviewed and investigated by the U.S. Trustee who ultimately "identified no other cases warranting an enforcement action." Under these circumstances, Jackson Walker respectfully submits that the record does not support a finding of bad faith necessary to impose sanctions.

30. Furthermore, as mentioned, Jackson Walker met and conferred with the U.S. Trustee prior to the Diebold Reorganized Debtor filing its motion to close and to approve Jackson Walker's final fee application, and the U.S. Trustee took "no position" on that motion given that he affirmatively decided, after investigation, to not object. Indeed, per the U.S. Trustee's recommendation to this Court, the U.S. Trustee has acknowledged that "after thorough consideration, [he] exercised his prosecutorial discretion not to seek vacatur or to object to Jackson Walker's fee application" in the Non-Affected Cases. Similarly, Judge Isgur, who presided over *Diebold* for nearly three years after former Judge Jones's resignation, likewise directed Freeman-specific disclosures, continued the fee hearing pending the U.S. Trustee's review, and did not refer the matter to the Miscellaneous Proceeding for discovery, pre-trial, trial, or any purpose. Where both the presiding judge and the U.S. Trustee reviewed *Diebold* and neither brought it into this Miscellaneous Proceeding, there is no basis to sanction Jackson Walker for not bringing *Diebold* to the Court's attention earlier.

31. Lastly, with respect to the third question, Jackson Walker submits that the U.S. Trustee has "fulfill[ed] his statutory obligations"[15] through his review of the *Diebold* case, the

---

[15] Jackson Walker reserves all rights as to the merits of the U.S. Trustee's Vacatur Motions and related fee objections filed in the Affected Cases.

Non-Affected Cases, and the other numerous cases mentioned by the U.S. Trustee in its recommendation to the Court. Dkt. No. 328-2. Thus, quite simply, the Court need not appoint a special master because the U.S. Trustee has not declined to review any case, but rather has affirmatively reviewed the Non-Affected Cases, "exercised his prosecutorial discretion not to seek vacatur or to object to Jackson Walker's fee application" in *Diebold*, "identified no other cases warranting an enforcement action," and "does not recommend that *Diebold* or other cases be added to the Miscellaneous Proceeding." *Id.*

32. Jackson Walker further notes that Bankruptcy Rule 9031 prohibits a special master from applying in the Non-Affected Cases, which are purely bankruptcy court cases and have never had the reference withdrawn. Courts consistently apply Bankruptcy Rule 9031's prohibition. *See In re Renaissance Radio, Inc.*, No. 03-33479-BJH, 2019 WL 1503787, at *10 (Bankr. N.D. Tex. Apr. 4, 2019) ("This court has no power to appoint a special master" under Federal Rule of Civil Procedure 53.); *see also Matter of Delta Produce, L.P.*, 845 F.3d 609, 622 (5th Cir. 2016) (recognizing that Rule 53 may be invoked by the district court but it does not apply in bankruptcy cases). Even were it permitted, the appointment of a special master here would only duplicate efforts of the U.S. Trustee and lead to additional and unnecessary expense and delay.

## CONCLUSION

For the reasons set forth above, Jackson Walker respectfully requests that the Court (i) decline to consolidate the Non-Affected Cases with the Miscellaneous Proceeding; (ii) decline to set a further show cause hearing regarding sanctions; and (iii) decline to appoint or recommend appointment of a special master.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Emily Smith (SBT 24083876)
Jennifer E. Brevorka (SBT 24082727)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: esmith@rustyhardin.com
Email: jbrevorka@rustyhardin.com

*Co-Counsel for Jackson Walker LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ Jason L. Boland*
Jason L. Boland