**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | Civil Action No. 4:23-CV-4787 |
| Professional Fee Matters Concerning the Jackson Walker Law Firm | § | |
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| IEH Auto Parts Holding LLC, et al.,[1] | § | Case No. 23-90054 (CML) |
| | § | |
| Debtors. | § | (Jointly Administered) |

**UNOPPOSED EXPEDITED MOTION OF THE LAW OFFICE OF LIZ FREEMAN TO WITHDRAW ITS FEE APPLICATION WITH PREJUDICE AND FOR MODIFICATION OF THE TRIAL SCHEDULING ORDER**

**EXPEDITED RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND**

[1] The Debtor entities in these chapter 11 cases, with the last four digits of each entity's federal tax identification number, were IEH Auto Parts Holding LLC (6529); AP Acquisition Company Clark LLC (4531); AP Acquisition Company Gordon LLC (5666); AP Acquisition Company Massachusetts LLC (7581); AP Acquisition Company Missouri LLC (7840); AP Acquisition Company New York LLC (7361); AP Acquisition Company North Carolina LLC (N/A); AP Acquisition Company Washington LLC (2773); Auto Plus Auto Sales LLC (6921); IEH AIM LLC (2233); IEH Auto Parts LLC (2066); IEH Auto Parts Puerto Rico, Inc. (4539); and IEH BA LLC (1428). The Debtors' service address was 112 Townpark Drive NW, Suite 300, Kennesaw, GA 30144.

**SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED NOT LATER THAN NOVEMBER 16, 2026, SEVEN BUSINESS DAYS BEFORE THE NOVEMBER 25, 2026 DEADLINE FOR THE EXCHANGE OF WITNESS AND EXHIBIT LISTS UNDER THE COURT'S AUGUST 4, 2026 TRIAL SCHEDULING ORDER [ECF NO. 304].**

TO THE HONORABLE EDUARDO V. RODRIGUEZ,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The Law Office of Liz Freeman (the "Firm"), acting through its principal, Elizabeth C. Freeman ("Ms. Freeman"), withdraws with prejudice its fee application in the IEH Auto Parts cases and requests that the Court enter the proposed Agreed Order submitted with this motion (the "Agreed Order"), which approves the withdrawal and modifies the Court's August 4, 2026 trial scheduling order so that the United States Trustee's objection to the application is removed from the trial set to commence January 19, 2027. The United States Trustee does not oppose this motion and has approved the proposed Agreed Order filed with this motion as to form and substance.

## BACKGROUND

1. On November 11, 2023, the Firm filed its First and Final Fee Application for Allowance and Payment of Fees and Expenses as Co-Counsel and Conflicts Counsel to the Debtors for the Period from January 31, 2023 Through June 16, 2023

(the "Fee Application") in the IEH Cases.[2] On January 29, 2024, Kevin M. Epstein, United States Trustee for Region 7 (the "U.S. Trustee"), filed his objection to the Fee Application (the "Objection").[3] No other party in interest objected. The Firm has received no compensation for services rendered in the IEH Cases, no reimbursement of expenses incurred in the IEH Cases, and nothing on account of the Fee Application.[4]

2. The Fee Application and the Objection are pending in this proceeding. The Scheduling Order sets the Objection as the first matter to be tried at the in-person trial commencing January 19, 2027, requires the parties to exchange witness and exhibit lists by November 25, 2026 and to file a joint proposed pretrial order by December 2, 2026, sets a final pretrial conference for December 9, 2026, and requires counsel for Ms. Freeman to appear in person at trial.[5] The Scheduling Order provides that changes to it may be made only by further order of the Court.[6]

3. The Firm has elected not to pursue compensation in the IEH Cases. The U.S. Trustee does not oppose the withdrawal of the Fee Application with prejudice and has approved the Agreed Order filed with this motion.

## RELIEF REQUESTED

4. The Firm withdraws the Fee Application with prejudice and requests that the Court enter the Agreed Order. The Agreed Order grants this motion and provides that the Fee Application is withdrawn with prejudice, with no compensation or reimbursement of expenses to Ms. Freeman or the Firm; recites that the Firm has received no compensation for services rendered or reimbursement of expenses incurred

[2] *In re IEH Auto Parts Holding LLC*, Bankr. No. 23-90054 (Bankr. S.D. Tex.), ECF No. 991 (the "IEH Cases").

[3] Bankr. No. 23-90054, ECF No. 1049.

[4] *See* Bankr. No. 23-90054, ECF No. 991, at 1 (summary cover sheet reflecting that no interim compensation has previously been awarded).

[5] Order Scheduling an In-Person Trial on the U.S. Trustee's Vacatur Motions and Objections to Final Fee Applications, ECF No. 304, ¶¶ 1–4, 6–7 (Aug. 4, 2026) (the "Scheduling Order").

[6] Scheduling Order ¶ 12.

in the IEH Cases; declares the Objection resolved; removes the Objection from the January 19, 2027 trial setting; provides that the requirements of the Scheduling Order no longer apply to the Firm, Ms. Freeman, and the U.S. Trustee as they relate to the Objection; and provides that nothing in it is a finding on any matter raised in the Objection. The U.S. Trustee does not oppose the relief requested.

## **BASIS FOR RELIEF**

5. Federal Rule of Civil Procedure 41(a)(2), which applies to this contested matter through Federal Rules of Bankruptcy Procedure 7041 and 9014(c)(1), permits a matter to be dismissed at the request of the party that brought it by court order, on terms the Court considers proper, and provides that the dismissal is with prejudice where the order so states. The Court applied Rule 41(a) through those Bankruptcy Rules in resolving Jackson Walker's withdrawal of its standing arguments.[7] In the Fifth Circuit, a motion for voluntary dismissal "should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit."[8] The U.S. Trustee is the only party that has appeared in opposition to the Fee Application, and he does not oppose the withdrawal. Because the withdrawal is with prejudice, there is no prospect of a renewed request, and no term or condition is needed to protect any party. The Firm has received no compensation for services rendered or reimbursement of expenses incurred in the IEH Cases and will seek none.

6. The Firm presents the withdrawal and the requested modification of the Scheduling Order together in this motion for two reasons. First, Rule 41(a)(2)

---

[7] Fed. R. Civ. P. 41(a)(2) ("Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."); Fed. R. Bankr. P. 7041, 9014(c)(1); *see* Order Resolving ECF No. 313, ECF No. 318, at 3 (Aug. 28, 2026) (applying Rule 41(a) to a withdrawal with prejudice in this proceeding through Rules 7041 and 9014(c)).

[8] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) ("[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit.").

contemplates a court order. Second, the Objection remains on the Court's trial docket, and the Scheduling Order provides that changes to it may be made only by further order of the Court. The Agreed Order accomplishes both in one order.

7. The Objection is resolved. The only relief the Objection sought was denial of the Fee Application. With the Fee Application withdrawn with prejudice, there is no application to deny and no possibility that the request will be renewed. No party is prejudiced by an order so recognizing, and the U.S. Trustee agrees that the Objection is resolved.

## REQUEST FOR EXPEDITED CONSIDERATION

8. The Firm requests that the Court consider this motion on an expedited basis and approve the Agreed Order not later than November 16, 2026, seven business days before the November 25, 2026 deadline under the Scheduling Order for the exchange of witness and exhibit lists. Expedited consideration is appropriate because, absent an order before that deadline, the Firm, Ms. Freeman, and the U.S. Trustee must prepare and exchange witness and exhibit lists, prepare the joint proposed pretrial order due December 2, 2026, and prepare for the December 9, 2026 final pretrial conference, all for the trial of an objection to an application that has been withdrawn. The Court approved Jackson Walker's recent unopposed expedited motion to withdraw its standing arguments three days after it was filed.[9] The Firm submits that this motion may be decided without a hearing. If the Court prefers to hear the motion, the Firm requests that the hearing be set on or before November 16, 2026, and counsel for the Firm will appear.

[9] Unopposed Expedited Motion of Jackson Walker, LLP to Withdraw its Standing Arguments, ECF No. 313 (Aug. 25, 2026); Order Resolving ECF No. 313, ECF No. 318 (Aug. 28, 2026).

## CONCLUSION

9. The Firm requests that the Court enter the Agreed Order providing that the Fee Application is withdrawn with prejudice, removing the Objection from the January 19, 2027 trial setting, and relieving the Firm, Ms. Freeman, and the U.S. Trustee of the requirements of the Scheduling Order as they relate to the Objection, and grant such other relief as is just.

Respectfully submitted,

/s/ Tom Kirkendall
Tom Kirkendall
Texas Bar No. 11517300/SDTX Bar No. 02287
LAW OFFICE OF TOM KIRKENDALL
2 Violetta Ct
The Woodlands, TX 77381
713.703.3536 (mobile & text)
bigtkirk@gmail.com

COUNSEL FOR THE LAW OFFICE OF LIZ FREEMAN AND ELIZABETH C. FREEMAN

## CERTIFICATE OF CONFERENCE

Under Local Rule 7.1 of the Southern District of Texas, I certify that on October 19 and 22, 2026, I conferred with Millie Aponte Sall and Laura D. Steele, counsel for the United States Trustee, about the relief requested in this motion. The United States Trustee does not oppose the motion.

/s/ Tom Kirkendall
Tom Kirkendall

**CERTIFICATE OF SERVICE**

The foregoing pleading was transmitted via electronic transmission on October 23, 2026 to respective counsel for the parties in this civil action:

Millie Aponte Sall
Laura D. Steele
Vianey Garza
William J. Charboneau
Office of the United States Trustee
515 Rusk Street, Suite 3516
Houston, TX 77002
millie.sall@usdoj.gov
laura.steele@usdoj.gov
vianey.garza@usdoj.gov
joel.charboneau@usdoj.gov

COUNSEL FOR THE UNITED STATES TRUSTEE

Jason L. Boland
Julie G. Harrison
Maria Mokrzycka
Norton Rose Fulbright US LLP
1550 Lamar Street, Suite 2000
Houston, TX 77010
jason.boland@nortonrosefulbright.com
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com

Rusty Hardin
Emily M. Smith
Rusty Hardin & Associates LLP
1401 McKinney Street, Suite 2250
Houston, TX 77010
rhardin@rustyhardin.com
esmith@rustyhardin.com

CO-COUNSEL FOR JACKSON WALKER L.L.P.

/s/ Tom Kirkendall
Tom Kirkendall