**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Professional Fee Matters Concerning the Jackson Walker Law Firm | § | Case No. 4:23-CV-4787 |
| | § | |
| | § | |
| | § | |

# JACKSON WALKER LLP'S EMERGENCY MOTION TO MODIFY TO CLARIFY THE REPORT AND RECOMMENDATION REGARDING THE UNITED STATES TRUSTEE'S STANDING IN THIS PROCEEDING

[Relates to Dkt. No. 333]

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**RELIEF IS REQUESTED NOT LATER THAN 5:00 PM (PREVAILING CENTRAL TIME) ON NOVEMBER 2, 2026.**

Jackson Walker LLP ("Jackson Walker") files this emergency motion (the "Motion") to modify and clarify the *Report and Recommendation to the United States District Court Regarding the United States Trustee's Standing in This Proceeding*, entered October 20, 2026 [Dkt. No. 333] (the "Report & Recommendation"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. On August 25, 2026, Jackson Walker moved to withdraw its arguments regarding the United States Trustee's (the "U.S. Trustee") standing in this proceeding. This Court granted that request with prejudice. *See* Dkt. Nos. 313 & 318. Jackson Walker stands by that withdrawal, and nothing in this Motion seeks to revive, re-urge, or relitigate the U.S. Trustee's standing.

2. Nonetheless, Jackson Walker seeks modification of certain statements made in the Report & Recommendation that are unrelated to the ultimate issue of standing and that potentially bear on the merits of the Vacatur Relief,[1] currently set for trial in January 2027. Jackson Walker interprets the Report & Recommendation as ruling only on issues related to the U.S. Trustee's standing and not on any of the underlying merits; however, out of an abundance of caution, Jackson Walker seeks modification of the Report & Recommendation to remove or clarify certain statements so that Jackson Walker is not precluded from litigating issues that are unrelated to standing on the merits at trial.

## REQUEST FOR MODIFICATION

3. In analyzing the U.S. Trustee's standing, the Report & Recommendation recites various propositions of law, including the following:

*a.* ***Imputation of knowledge***. The Report & Recommendation states that "'Texas law imputes one attorney's knowledge to all attorneys in a firm.' *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 553 (Tex. 2006); *Unauthorized Prac. of L. Comm. v. Am. Home Assurance Co., Inc.,* 261 S.W.3d 24, 40 (Tex. 2008) ('Texas

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Report & Recommendation.

law imputes knowledge of confidential information to counsel's lawyer-associates so that in a private law firm, all of the lawyers are irrebuttably presumed to have knowledge of the confidential information.'). Likewise, '[p]artners at firms are . . . charged with knowing about the misdeeds . . . of the attorneys that they employ and supposedly supervise.' *In re Bradley*, 495 B.R. 747, 791 (Bankr. S.D. Tex. 2013)." *See* pp. 33–34.

b. ***Denial of all compensation for nondisclosure***. The Report & Recommendation states that "courts have consistently recognized that failure to disclose conflicts or connections warrants the denial of all compensation to bankruptcy professionals. *Waldron v. Adams & Reese, L.L.P.*, 676 F.3d 455, 465–66 (5th Cir. 2012) (affirming disgorgement of $135,000 as sanction for law firm's failure to disclose connections); *In re Steinmetz Plumbing, Inc.*, No. 25-37611, 2026 WL 1826349, at *7–14 (Bankr. S.D. Tex. June 24, 2026) (vacating the January 8, 2026, employment order, denying the employment application, and disqualifying the Lane Law Firm from representing the debtor) (Rodriguez, C. J.); *In re Palacios*, No. 14-70076, 2016 Bankr. LEXIS 249, at *45 (Bankr. S.D. Tex. Jan. 27, 2016) (Rodriguez, J.)." *See* p. 25.

c. ***Rule 60(b)(6)***. The Report & Recommendation states that "Rule 60(b)(6) provides that '[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief.' Relief under Rule 60(b)(6) applies to 'extraordinary circumstances.' *See Ackermann v. United States*, 340 U.S. 193, 199 (1950). Rule 60(b)(6) is 'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances.' *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604–05 (5th Cir. 1986)). The alleged undisclosed relationship between Former Judge Jones and Ms. Freeman, who appeared before Former Judge Jones, constitutes an unforeseen contingency and exceptional circumstance. Complaint No. 05-24-90002, at 1–3 (5th Cir. Oct. 13, 2023)." *See* pp. 44–45.

4. As the Court is aware, Jackson Walker and the U.S. Trustee hold differing views on whether and how these legal principles apply to the facts of this proceeding, including whether any exceptions or limitations apply, and each party expects to present those arguments at trial. Indeed, Jackson Walker and the U.S. Trustee have previously briefed the application of these principles to the facts of this case; but no such issue was presented to this Court in the context of the U.S. Trustee's standing. As such, no evidence was admitted or considered, and no arguments

were made, during the September 9, 2026 hearing regarding those principles. Nor was Jackson Walker's withdrawal of its standing arguments a concession on any ultimate merits issue.

5. Just by way of example, the Report & Recommendation cites *Tesco Am., Inc. v. Strong Indus., Inc.*, 221 S.W.3d 550, 553 (Tex. 2006) and *Unauthorized Prac. of L. Comm. v. Am. Home Assurance Co., Inc.*, 261 S.W.3d 24, 40 (Tex. 2008) for the proposition that "Texas law imputes one attorney's knowledge to all attorneys in a firm." *See* pp. 33–34. Jackson Walker interprets the Report & Recommendation as citing to these authorities for the limited purpose of the standing analysis and seeks clarification that the Report & Recommendation does not determine whether these authorities apply to the facts of this proceeding or whether Ms. Freeman's knowledge of her personal relationship is imputed to Jackson Walker. In particular, the *Tesco* and *Bradley* cases cited in the Report & Recommendation were specifically addressed and distinguished by Jackson Walker in its substantive merits pleadings.[2] Similarly, the U.S. Trustee made arguments regarding imputation in its substantive merits pleadings.[3] Both the U.S. Trustee and Jackson Walker additionally raised issues in their substantive merits pleadings regarding

[2] *See, e.g.*, *In re 4E Brands Northamerica, LLC*, No. 22-50009, *Jackson Walker LLP's Response in Opposition to the United States Trustee's Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief*, Dkt. No. 692, ¶¶ 119–29 (Bankr. S.D. Tex. May 22, 2024); *see also Jackson Walker LLP's Sur-Reply in Support of Its Opposition to the U.S. Trustee's Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief*, Dkt. No. 705, ¶¶ 17–38 (Bankr. S.D. Tex. Aug. 12, 2024).

[3] *See, e.g.*, *In re 4E Brands Northamerica, LLC*, No. 22-50009, *United States Trustee's Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief,* Dkt. No. 645, ¶¶ 79–80 (Bankr. S.D. Tex. Feb. 29, 2024); *United States Trustee's Reply to Jackson Walker LLP's Response in Opposition to Amended and Supplemental Motion for (1) Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) and Federal Rule of Bankruptcy Procedure 9024 Approving the Retention and Compensation Applications of Jackson Walker LLP, (2) Sanctions, and (3) Related Relief,* Dkt. No. 699, ¶¶ 47– 54 (Bankr. S.D. Tex. July 1, 2024).

denial of compensation for nondisclosure and the presence or absence of extraordinary circumstances in the underlying cases.

6. Citing to Federal Rule 54(b), which is incorporated herein through Bankruptcy Rules 9014 and 7054, the Fifth Circuit recognizes that a court may "reconsider and reverse its decision for any reason it deems sufficient . . . ." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citing *Lavespere v. Niagra Mach. & Toll Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*); *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). That flexible standard, rather than the more restrictive standard governing reconsideration of a final judgment, supports the limited modification / clarification requested here.

7. Accordingly, Jackson Walker seeks modification of the Report & Recommendation simply to ensure that no party will be precluded from making argument or presenting evidence at trial regarding issues related to (i) imputation of knowledge; (ii) denial of all compensation for nondisclosure; and (iii) Rule 60(b)(6) extraordinary circumstances.

## BASIS FOR EMERGENCY RELIEF

8. Jackson Walker respectfully requests that the Court issue a ruling on this Motion on an emergency basis in advance of any proscribed deadline under Bankruptcy Rule 9033, to the extent applicable.

## CONCLUSION

For these reasons, Jackson Walker respectfully requests that, on or before November 2, 2026, the Court enter an order modifying the Report & Recommendation to ensure that no party is precluded from raising the legal principles above at trial and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ *Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com
Email: maria.mokrzycka@nortonrosefulbright.com

*Counsel for Jackson Walker LLP*

**RUSTY HARDIN & ASSOCIATES, LLP**

Russell Hardin, Jr. (SBT 08972800)
Emily Smith (SBT 24083876)
Jennifer E. Brevorka (SBT 24082727)
5 Houston Center
1401 McKinney, Suite 2250
Houston, Texas 77010
Telephone: (713) 652-9000
Email: rhardin@rustyhardin.com
Email: esmith@rustyhardin.com
Email: jbrevorka@rustyhardin.com

*Co-Counsel for Jackson Walker LLP*

**CERTIFICATE OF ACCURACY**

I hereby certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

/s/ *Jason L. Boland*
Jason L. Boland

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Jason L. Boland*
Jason L. Boland