**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | **Civil Action No. 4:23-cv-04787** |

# NOTICE OF DEMONSTRATIVE AID

PLEASE TAKE NOTICE that the Reorganized Debtors of EXCO Resources, Inc., et al. (collectively, "EXCO"), file the Declaration of William L. Boeing of Special Counsel and Secretary, of EXCO Resources, Inc., in Support of Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 Between Jackson Walker, LLP and Reorganized Debtors of EXCO Resources, Inc., et. al. ("Declaration"), attached hereto as Exhibit A.

Mr. Boeing will be in attendance at the November 12, 2026, hearing on the *Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 Between Jackson Walker, LLP and Reorganized Debtors of Exco Resources, Inc.*, et al., and can testify on direct examination and on cross examination. This Declaration will serve either as a Proffer of his direct testimony, or an outline of what his live testimony will cover.

The Declaration is being filed for the convenience of the Court and the parties.

Dated: November 12, 2026

Respectfully submitted,

**FOLEY & LARDNER LLP**

*/s/ John P. Melko*

John P. Melko
jmelko@foley.com
Texas State Bar No. 13919600
1000 Louisiana Street, Suite 2000
Houston, TX 77002
Telephone: 713.276.5500

**COUNSEL FOR EXCO RESOURCES, INC. AND AFFILIATE REORGANIZED DEBTORS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2026, I caused a copy of the foregoing to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas.

*/s/ John P. Melko*
John P. Melko

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **In re:**<br><br>**Professional Fee Matters Concerning the Jackson Walker Law Firm** | **Civil Action No. 4:23-cv-04787** |

**DECLARATION OF WILLIAM L. BOEING, SPECIAL COUNSEL AND SECRETARY, OF EXCO RESOURCES, INC., IN SUPPORT OF MOTION FOR ORDER APPROVING COMPROMISE AND SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 BETWEEN JACKSON WALKER, LLP AND REORGANIZED DEBTORS OF EXCO RESOURCES, INC., ET AL.**

I, William L. Boeing, here declare under penalty of perjury pursuant to 28 U.S.C.§ 1746 as follows:

1. I am Special Counsel and Secretary for EXCO Resources, Inc., and I am authorized to submit this declaration on behalf of EXCO and the other Reorganized Debtors of EXCO Resources, Inc. *et al.* (collectively, "EXCO"). I am a Texas attorney, and practiced law for over 46 years. I was a senior partner in Haynes & Boone's Corporate Group in the Dallas office and VP and General Counsel of EXCO. Over the course of my career, I counseled many clients, including EXCO, on the settlement of litigation claims, just as I have advised EXCO's CEO and Board of Directors with respect to EXCO's claims against Jackson Walker LLP ("JW").

2. I submit this declaration (the "Declaration") in Support of Motion for Order Approving Compromise and Settlement Pursuant to Bankruptcy Rule 9019 Between Jackson Walker, LLP and Reorganized Debtors of Exco Resources, Inc., et al. (the "Motion").[1] The Motion seeks approval of the Settlement Agreement and Release (the "Settlement Agreement"), dated

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Motion.

October 26, 2026, between Jackson Walker LLP and Reorganized Debtors of EXCO Resources, Inc. *et al.* ("Settlement Agreement").

3. I also submit this Declaration as evidentiary proffer for the November 12, 2026, hearing on the Motion. Capitalized terms not defined in this Declaration shall have the meaning ascribed to them in the Motion and Settlement Agreement.

4. Except as otherwise stated, the statements in this Declaration are based on my personal knowledge; my review of the docket in the Bankruptcy Cases and in above captioned proceeding (the "District Court Proceeding"). Nothing in this Declaration is intended to waive the attorney-client privilege, the work product protection, or any applicable mediation or settlement privilege. If called to testify, I could and would testify competently to the facts set forth in this Declaration.

## INTRODUCTION

5. EXCO and fourteen (14) of its affiliates each filed petitions in the United States Bankruptcy Court for the Southern District of Texas on January 18, 2018.

6. EXCO's joint plan of reorganization was confirmed on June 18, 2019 [Bankr. ECF No. 2128], and became effective later that month.

7. The Plan provided for a trust for unsecured creditors, and that the remaining secured lenders would be issued stock in the reorganized company. Old shares were cancelled, and all assets revested in the Reorganized EXCO. The bankruptcy cases were closed in 2021.

8. The bankruptcy cases were in front of Judge Isgur, but former Judge David Jones was appointed mediator on July 19, 2018. JW was local counsel to the Official Committee of Unsecured Creditors (the "Committee"). JW did not disclose secret relationship between former Judge Jones and Elizabeth Freeman at the time of his appointment as mediator, nor did JW do so at any time prior to the time the bankruptcy cases were closed.

9. It is my understanding that at the time of former Judge Jones' appointment as mediator, Ms. Freeman was a partner at JW, was working on the EXCO bankruptcy cases. and even traveled from Houston to New York and participated in the mediation. EXCO's management had no knowledge of the relationship between former Judge Jones and Ms. Freeman.

10. EXCO's management and board became aware of Judge Jones' relationship with Ms. Freeman from the press articles in October 2023.

11. We also became aware of the 5th Circuit's investigation of Judge Jones' conduct, his resignation, and the Fifth Circuit's dismissal of its investigation because it had no disciplinary control after Judge Jones' resignation from the bench.

12. The following month, November 2023, EXCO's management and I learned that the U.S. Trustee had filed a motion in some cases to recover fees paid to JW because of the improper, undisclosed relationship.

13. I directed our outside counsel to look into whether EXCO was included, or would be included, in an expanded motion of the U.S. Trustee.

14. I learned that the U.S. Trustee had not included EXCO, and was focused on still pending cases, and next would consider closed cases where JW had been counsel or local counsel to the debtor.

15. It was not clear when or whether the U.S. Trustee would ever consider EXCO's case because the case was closed, former Judge Jones was not the case judge, only the mediator, and JW had been Committee counsel.

16. I then directed our counsel to look into whether EXCO had a remedy for the failure to disclose. Ultimately, I authorized and directed counsel to pursue those remedies.

17. On January 12, 2024, EXCO, through counsel, filed its *Motion for Orders (I) Reopening the Lead Chapter 11 Case; (II) Vacating Certain Orders Approving Jackson Walker Applications for Compensation and Reimbursement of Expenses Pursuant to Federal Rule 60(b); (III) Disgorging Compensation and Expenses Awarded to Jackson Walker Relating Back to July 18, 2018; and (IV) Granting Other Appropriate Relief* (the "EXCO Rule 60 Motion"). [Bankr. ECF No. 2334].

18. Through the EXCO Rule 60(b) Motion, EXCO did not seek disgorgement for fees or expenses prior to Judge Jones' appointment as mediator.

## BACKGROUND

### A. The EXCO Bankruptcy Case.

19. On January 18, 2018, EXCO and fourteen (14) of its affiliates each filed petitions in the United States Bankruptcy Court for the Southern District of Texas.

20. On March 23, 2023, the *Order Granting the Application for Order Authorizing Employment of Jackson Walker LLP as Co-Counsel to the Unsecured Creditors' Committee* was entered by Judge Marvin Isgur [Bankr. ECF No. 526].

21. On July 18, 2018, the *Order Appointing United States Bankruptcy Judge as Mediator* was entered by Judge Marvin Isgur [Bankr. ECF No. 894] appointing Judge David R. Jones as mediator for the resolution of confirmation issues. At this time, EXCO's management was not aware of the relationship between former Judge Jones, Elizabeth Freeman, or JW.

22. In June of 2019, the Bankruptcy Court confirmed the Plan and entered the *Order Confirming Third Amended Settlement Joint Chapter 11 Plan of Reorganization of EXCO Resources, Inc., and its Debtor Affiliates* (the "Confirmation Order"). [Bankr. ECF No. 2128]. The Plan provided for a trust for unsecured creditors, and that the remaining secured lenders would be

issued stock in the reorganized company. Old shares were cancelled, and all assets revested in the Reorganized EXCO. The Plan became effective later that month.

23. On August 27, 2019, JW filed its final fee application, requesting final approval and allowance of attorneys' fees in the amount of $1,820,436.59 and reimbursement of actual and necessary expenses in the amount of $68,949.98. [Bankr. ECF No. 2304]. On September 20, 2019, the Bankruptcy Court approved the final fee application. [Bankr. ECF No. 122 (entered in Case No. 18-30167)]. Based on its fee application, we calculated that JW had been awarded approximately $1,015,215.79 for fees and expenses incurred from the date former Judge Jones was appointed as mediator in the Chapter 11 Cases. It was only those fees and expenses that EXCO sought to recover.

24. All Bankruptcy Cases were officially closed as of September 29, 2021.[2]

**B. EXCO's Rule 60(b) Motion and Withdrawal Motion.**

25. On or about November 3, 2023, Kevin M. Epstein, the U.S. Trustee, filed motions that sought, among other relief, the vacatur of orders approving JW's retention as counsel and/or JW's fee applications pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, in various bankruptcy proceedings where (a) former Judge Jones served as the presiding judge or court-appointed mediator, and (b) JW served as estate-retained counsel.[3]

---

[2] On August 13, 2019, the Court entered a final decree in EXCO Resources and ordered the closing of certain bankruptcy cases. [Bankr. ECF No. 2285]. Further docketing, regardless of which Reorganized Debtor, was to be done in the instant case, *In re EXCO Services, Inc*., Case No. 18-30617, until that final decree was entered on September 21.

[3] On February 29, 2024 and March 29, 2024, the U.S. Trustee filed (a) amended Rule 60(b)(6) motions in certain of the above-referenced cases, (b) initial Rule 60(b)(6) motions in certain other cases, and (c) objections to JW's then pending final fee applications in the remaining cases (collectively, the "Relevant Cases"). All such motions (collectively, the "Vacatur Motions") and objections filed by the U.S. Trustee are collectively referred to herein as the "U.S. Trustee Filings."

26. EXCO was originally not included in the U.S. Trustee's initial Vacatur Motions. As such, on January 12, 2024, EXCO filed its EXCO Rule 60(b) Motion. [Bankr. ECF No. 2334].

27. On January 30, 2024, EXCO filed a *Motion for Withdrawal of the Reference and Referral of Reorganized Debtors' Request for Orders (I) Vacating Certain Orders Pursuant to Federal Rule 60(b); (II) Disgorging Compensation and Expenses Awarded to Jackson Walker; and (III) Granting Other Appropriate Relief* (the "EXCO Withdrawal Motion"), requesting the Court to refer the Reopen/Rule 60(b) Motion to Chief District Judge Moses of the Western District of Texas. [Bankr. ECF No. 2336].

28. On February 2, 2024, the U.S. Trustee filed the *United States Trustee's Limited Objection to Reorganized Debtors' Motion to Reopen* [Bankr. ECF No. 2337], objecting to EXCO's request to waive UST quarterly fees.

29. On February 16 and 20, 2024, JW filed its response to the EXCO Rule 60 Motion and Motion to Withdraw the Reference, respectively. [Bankr. ECF Nos. 2338 & 2339].

30. On February 28, 2024, the U.S. Trustee filed its separate *Motion to Reopen Chapter 11 Case to Allow Action by the United States Trustee* [Bankr. ECF No. 2342].

31. On March 24, 2024, during a status conference held before the Bankruptcy Court, EXCO, with consent from JW and the U.S. Trustee, withdrew the EXCO Rule 60 Motion without prejudice, abated consideration of the EXCO Withdrawal Motion, and then joined the U.S. Trustee's amended Vacatur Motions.[4]

32. On October 7, 2024, the UST filed its *Motion for Withdrawal of the Reference and Referral of Motion for Relief Under Rule 60(b)(6) and Related Matters* (the "UST Withdrawal Motion") [Bankr. ECF No. 2377].

---

[4] EXCO's joinder to the U.S. Trustee's Vacatur Motions was filed in the Bankruptcy Cases at Bankr. ECF No. 2383 and the Miscellaneous Proceeding at ECF No. 566.

33. On October 11, 2024, the Bankruptcy Court entered the *Third Case Management Order*, referring all matters related to the U.S. Trustee's Vacatur Motions and Withdrawal Motions to Chief Bankruptcy Judge Eduardo V. Rodriguez in the Miscellaneous Proceeding, No. 23-00645, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm* and directing all related pleadings to be filed therein, as described in paragraph 21 below. [*See* Bankr. ECF No. 2380].

34. On December 3, 2024, EXCO filed a notice of standing in the Bankruptcy Cases regarding the UST Filings.

**C. The Miscellaneous Proceeding**

35. On December 9, 2023, the Miscellaneous Proceeding, *In re Professional Fee Matters Concerning the Jackson Walker Law Firm*, Case No. 23-645 (EVR) (Bankr. S.D. Tex.), was established to consolidate certain pretrial and discovery issues related to the U.S. Trustee's Vacatur Motions. Chief Bankruptcy Judge Rodriguez was appointed to preside over the Miscellaneous Proceeding.

36. It is my understanding that JW disputes the merits of the Vacatur Motions. It is also my understanding that JW also disputes any other basis to challenge JW's employment and/or fee orders entered in the Bankruptcy Cases or JW's alleged acts or omissions in relation to the Bankruptcy Cases, and asserts that the release and exculpation provisions of the confirmed Plan bar any potential claims against JW and relieve JW from any and all potential liability in relation to the Bankruptcy Cases. EXCO disagrees with JW's alleged defenses and believes that the release and exculpation provisions of the Plan will provide no defense for JW.

37. I believe that EXCO has been involved in these issues since its inception. EXCO filed its Rule 60(b) Motion before the U.S. Trustee took any action in its Bankruptcy Cases. EXCO participated in the Miscellaneous Proceeding but was not directly involved in any discovery or related motion practice. These reasons were twofold: (i) satisfaction with the work the UST and

its colleagues at the Justice Department were doing independently with respect to the UST's Rule 60(b) Motion; and (ii) a desire to avoid the duplicative and expensive discovery in the Miscellaneous Proceeding. However, EXCO continued to remain engaged and filed joinders to certain U.S. Trustee motions when appropriate.

38. On April 9, 2025, Chief District Judge Alia Moses entered a *Memorandum Opinion and Order*, withdrawing the Vacatur Motions to the District Court under Civil Action No. 4:23-CV-4787-AM (the "District Court").

39. On November 12, 2025, Chief District Judge Alia Moses entered an Order that, among other things, referred the Vacatur Motions back to Chief Bankruptcy Judge Eduardo Rodriguez for a report and recommendation.

40. On July 10, 2026, Chief Bankruptcy Judge Eduardo Rodriguez entered his Report and Recommendation to the United States District Court, recommending approval of various pending settlement motions with other estate representatives. That Report and Recommendation remains pending before Chief District Judge Alia Moses.

41. On August 2, 2026, JW and the U.S. Trustee filed a *Notice of Settlement Term Sheet Between JW and U.S. Trustee,* [ECF No. 301] which set forth the principal settlement terms between the U.S. Trustee and JW to resolve the Vacatur Motions, including JW's agreement to pay $15 million in the Relevant Cases to fully resolve and settle the Vacatur Motions.

42. On August 4, 2026, Chief Bankruptcy Judge Eduardo Rodriguez entered an *Order Setting an In-Person Trial on the U.S. Trustee's Vacatur Motions and Objections to Final Fee Application* [ECF No. 204], setting a trial on the Vacatur Motions to commence on January 17, 2027.

43. On September 9, 2026, Chief Bankruptcy Judge Eduardo Rodriguez conducted a hearing relating to the U.S. Trustee's standing with respect to the Vacatur Motions. On October 20, 2026, Chief Bankruptcy Judge Eduardo Rodriguez entered his Report and Recommendation to the United States District Court, recommending that that U.S. Trustee has standing to pursue the Vacatur Motions [ECF No. 333].

**THE ESTATES' CLAIMS AGAINST JACKSON WALKER AND THE DISTRICT COURT PROCEEDING**

44. EXCO may hold claims against JW arising from its engagement in the Bankruptcy Cases and the Jones-Freeman relationship. These include claims for disgorgement of fees, breach of fiduciary duty, negligence, malpractice, and sanctions (collectively the "Claims").

45. I on behalf of EXCO have participated in the District Court Proceeding since its inception. To avoid unnecessary costs to the EXCO, I made the deliberate decision not to attend the depositions taken in the District Court Proceeding and to rely on the United States Trustee's office to lead the litigation. My counsel has access to all substantive pleadings and to the discovery produced from May 2024 through December 2024. Counsel kept me informed of the claims, defenses, and significant developments and I considered that information in the evaluation of the settlement.

**THE PROPOSED SETTLEMENT**

46. The Settlement Agreement is straightforward. On the Effective Date of the Settlement Agreement, JW will pay to EXCO $500,000.00, representing approximately 49% of the fees previously awarded JW in the Bankruptcy Cases after former Judge Jones became the court-appointed mediator. Prior to reaching the Settlement Agreement, I personally attended a settlement meeting directly with JW in 2024 which did result in an agreement. Thereafter, I

authorized counsel to communicate directly with retired United District Court Judge W. Royal Furgeson, Jr., one of the appointed mediators.

47. The United States Trustee is not a party to, and did not sign the Settlement Agreement. The United States Trustee, JW, and EXCO have entered into Joint Stipulation Regarding Exco Resources, Inc.'s Settlement Agreement with Jackson Walker LLP [Dkt 353] which resolves the objections the United States Trustee would have filed regarding the Settlement Agreement.

## THE SETTLEMENT IS FAIR, EQUITABLE, AND IN THE BEST INTEREST OF THE REORGANIZED DEBTORS

48. In my business judgment on behalf of EXCO, I believe the Settlement Agreement presents a favorable recovery in the Bankruptcy Cases given the costs and uncertainty of continued litigation, along with the added benefit of the potential to recover under the Trustee Settlement. In exchange for the Settlement Amount, JW and EXCO are providing mutual releases. Additionally, EXCO's Chief Executive Officer has worked closely with me throughout the entire process and has also signed the Settlement Agreement

49. In order to avoid the further time, substantial expense, and uncertainties of continued litigation and to avoid the substantial stress and distraction of continued litigation, it is my understanding that the Parties desire to fully and completely settle the disputes between them on the terms and conditions set forth herein.

### A. The Expected Recovery is Fair and Reasonable.

50. I believe that recovery of 49% is consistent with the outcomes in other cases previously found to be fair and reasonable. I understand that the Bankruptcy Court recommended approval of ten comparable JW fee settlements arising from the same underlying conduct. I believe that the $500,000.00 recovery here falls squarely within this established range, supporting the

reasonableness of the proposed settlement terms. I believe that resolving this dispute avoids the expense, delay, and uncertainty of protracted litigation.

51. I believe that the terms of the Settlement Agreement are fair and equitable. I further believe that the Settlement Agreement gives EXCO the full benefit of the Settlement Amount without the time, expense already incurred and to be incurred in a substantive trial and the uncertainty of continued and protracted litigation.

**B. The Nature and Breadth of Releases to be Obtained by EXCO and JW.**

52. I believe that the Settlement Agreement contains customary mutual releases between JW and EXCO. I understand that the mutual releases carve out the Trustee Settlement so that EXCO and its estates can evaluate and take a position on the allocation of any such proceeds. It is my opinion that the Settlement Agreement brings finality to the direct claims and disputes between EXCO and JW.

**C. The Settlement Agreement was the Result of Arms-Length Negotiations.**

53. Counsel for EXCO and JW are competent and experienced. The Settlement Agreement was reached after extensive litigation and discovery in the Bankruptcy Cases and the Miscellaneous Proceeding and after the parties exchanged multiple settlement proposals. The settlement was reached following extensive arms-length negotiations.

54. EXCO recognizes that a degree of uncertainty and litigation risk exists with respect to continued litigation. I, on behalf of EXCO, believe that the Settlement Agreement fairly accounts for such risk and provides for the resolution of disputes without the need for continued litigation and its attendant costs and expenses.

55. Consequently, I request that the Settlement Agreement is fair, equitable, and in the best interest of the Reorganized Debtors and all concerned parties.

Signed on November 12, 2026.

William L. Boeing,
Special Counsel and Secretary for EXCO Resources, Inc.